IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DILIP JANA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:24-cv-698-SDJ-KPJ |
| WALMART, INC., | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Walmart, Inc.'s ("Defendant") Motion to Extend Time to Answer or Otherwise Respond to Complaint (the "Motion") (Dkt. 7), to which Plaintiff Dilip Jana ("Plaintiff") filed a response in opposition (the "Response") (Dkt. 8). For the reasons that follow, the Motion (Dkt. 7) is **GRANTED**.

On August 5, 2024, Plaintiff, proceeding *pro se*, filed the Complaint (Dkt. 1). On August 19, 2024, Defendant filed the Motion (Dkt. 7), wherein it represents that "[i]f Plaintiff's service of process was properly made on August 9, Defendant's responsive pleading is due on or before August 29, 2024." Dkt. 7 at 1. Defendant represents that the Complaint (Dkt. 1) is 54 pages and alleges wrongful termination under the whistleblower anti-retaliation provisions of the Criminal Antitrust Anti-Retaliation Act and the Sarbanes Oxley Act. *Id.* Defendant represents that "[g]iven the voluminous Complaint, Defendant needs additional time to assess its options to respond." *Id.* Accordingly, Defendant requests an additional 60 days, until October 28, 2024, to file its response. *Id.* at 2.

On August 20, 2024, Plaintiff filed the Response (Dkt. 8), wherein Plaintiff represents he is opposed to Defendant's request. Dkt. 7 at 1. Plaintiff recognizes that the Complaint (Dkt. 1) is

1

lengthy but argues that Defendant has been "fully aware" of his claims since he filed a claim with the Department of Labor on January 3, 2024. *See id.* at 1–2. Accordingly, Plaintiff argues that Defendant should not need additional time to respond. *Id.* Plaintiff further argues that Defendant's request is for the "sole purpose of . . . delay[ing] justice." *Id.* at 3. Thus, Plaintiff requests that the Court deny the Motion (Dkt. 7). *Id.* at 4.

Under Rule 12 of the Federal Rules of Civil Procedure, a defendant must serve a responsive pleading "within 21 days after being served with the summons and complaint." FED. R. CIV. P. 12(a)(1)(A)(i). However, "the court may, for good cause, extend the time." FED. R. CIV. P. 6(b)(1). Despite the "good cause" language, this standard is "lenient." *See, e.g.*, *Devillier v. Texas*, No. 20-cv-223, 2023 WL 2744398, at *1 (S.D. Tex. Mar. 31, 2023). Provided the request for an extension is made prior to the expiration of the time limit at issue, the court "may extend the period for any reason." *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021) (citing FED. R. CIV. P. 6(b)(1)(A)). "An application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Reed Migraine Ctrs. of Tex., PLLC v. Chapman*, No. 14-cv-1204, 2020 WL 869888, at *1 (N.D. Tex. Feb. 21, 2020) (quoting 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (4th ed. 2023)).

Here, Defendant seeks an extension of the time to file its responsive pleading by 60 days to October 28, 2024. Dkt. 7 at 2. The Court finds that the circumstances set forth in the Motion (Dkt. 7) constitute good cause to extend Defendant's deadline because Defendant needs "additional time to assess its options to respond" and "to complete its investigation into Plaintiff's allegations." *Id.* at 1–2. Defendant also affirmatively states that the extension is "filed for good cause, and is requested not for delay or any other improper purpose." *Id.* at 2. The Court further

notes Defendant's request of 60 days is only 15 days more than the 45 days allowed by application under our Local Rules. *See* Loc. R. CV-12. Given the length of the Complaint (Dkt. 1) and the allegations raised therein, the Court finds that the additional time requested is reasonable.

Upon consideration, the Motion (Dkt. 7) is **GRANTED**.

**IT IS ORDERED** that Defendant shall have until **October 28, 2024**, to answer the Complaint (Dkt. 1).

**So ORDERED and SIGNED this 27th day of August, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE