# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

*In the Matter of:*

DILIP JANA,
   *Plaintiff*

v.

WALMART, INC,
   *Defendant*

Civil Action No. **4:24-cv-00698-SDJ-KPJ**

**FILED**

SEP 0 6 2024

Clerk, U.S. District Court
Eastern District of Texas

### Plaintiff's Motion to Reconsider
### to Deny Defendant's Motion to Extend Time to Answer

## TO THE HONORABLE JUDGE OF THE SAID COURT:

Plaintiff, Dr. Dilip Jana, ("Dr. Jana", "Plaintiff"), respectfully moves for an order to reconsider his Motion to Deny Defendant's Motion to Extend Time to answer; to alter Court's order dated 08/27/2024 ("MEMORANDUM OPINION AND ORDER") granting Defendant additional 60 days to respond to Complaint for the following reasons:

1.     Plaintiff filed this Complaint on August 5, 2024 and the Summon was served on August 8, 2024. The Court GRANTED Defendant to respond to the Complaint by October 28, 2024; Defendant got 81 days to respond. On August 20, 2024 Plaintiff filed an opposed Motion requesting the Court to DENY Defendant's Motion to Extend Time to Answer.

2.      The Court cited: "The Court further notes Defendant's request of 60 days is only 15 days more than 45 days allowed by application under our Local Rules. See Loc. R. CV-12)"

3. Here is the Local Rule CV-12:

> "Unless otherwise ordered by the court, where the requested extension:
>
> (1) is **not opposed**; and
>
> (2) does not result in an overall extension of the defendant's deadline exceeding forty-five days,
>
> the request shall be by application to the clerk, not motion. The application shall be acted upon with dispatch by the clerk on the court's behalf, and the deadline to answer or otherwise respond is stayed pending action by the clerk."

4.      Here is the Standing "ORDER REGARDING MOTIONS FOR EXTENSIONS OF TIME TO ANSWER" by Honorable John D. Love[1] at the Eastern District of Texas:

> "The Court seeks to efficiently resolve cases and get cases to trial as soon as possible. To further this goal, the Court hereby **ORDERS** that ***Defendants in every case shall first use the procedure set in place by Local Rule CV-12 regarding filing an Application for Extension of Time to Answer with the Clerk's office rather than filing a Motion for Extension of Time***….The Court further **ORDERS** that no additional

---

[1]https://www.txed.uscourts.gov/sites/default/files/judgeFiles/JDL_S
tanding_Order_re_Mtn_to_Extd_Time_to_Answer_2.13.13_AGP.p
df

extensions of time will be granted after a party exhausts the forty-five day deadline

absent a showing of good cause"

5.     The Defendant in this case made no efforts to follow Local Rule CV-12 and the Standing Order

to Contact first "Clerk's office rather than filing a Motion for Extension of Time"; the Defendant filed

a Motion to extend for 60 additional days. Defendant contacted the Plaintiff and wrote:

"Please let us know if you will agree to stipulate that our response, if any, to your recent

Complaint will not be due until October 29, 2024."


6.     Plaintiff respectfully declined after reading the language and time lines.

7.      The Court cited

"However, "the court may, for good cause, extend the time." FED. R. CIV. P. 6(b)(1).

Despite the "good cause" language, this standard is "lenient." *See, e.g.*, *Devillier v. Texas*, No.

20-cv-223, 2023 WL 2744398, at *1 (S.D. Tex. Mar. 31, 2023) …."An application for extension

of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part

of the party seeking relief or prejudice to the adverse party.""


8.     For *Devillier v. Texas*, case, Defendant State of Texas requested **two-weeks** extension for

responding to "Plaintiffs' Motion for Partial Summary Judgment". This is what Honorable Andrew

Edison commented, "The State's reasons for needing an extension to its response deadline—that its

lead counsel is still getting up to speed, has been busy prepping for three recent depositions, and only

received the last of those deposition transcripts *while the instant motion has been pending*—are

understandable. Frankly, I am disappointed that I have to spill any ink addressing this request, which

should have been readily agreed to by Plaintiffs as a common courtesy."

9.      *The Court Cited L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021) which
states,  "..the determination is at bottom an equitable one, taking account of all relevant circumstances
surrounding the party's omission." *Id.* at 395. These include but are not limited to "the danger of
prejudice to the [opposing party], the length of the delay and its potential impact on judicial
proceedings, the reason for the delay, including whether it was within the reasonable control of the
movant, and whether the movant acted in good faith.""

10.     The question is what is a good-faith standard. This Court indeed stated, "The Court finds that
the circumstances set forth in the Motion (Dkt. 7) constitute good cause to extend Defendant's deadline
because Defendant needs "additional time to assess its options to respond" and "to complete its
investigation into Plaintiff's allegations." *Id.* at 1–2. Defendant also affirmatively states that the
extension is "filed for good cause, and is requested not for delay or any other improper purpose."".
Defendant did not substantiate "good cause".

11.     Here is the Summary of arguments Plaintiff made in his Opposed Motion:

   a.  Though the case is new at the Federal court as Dr. Jana had to wait until Administrative
       Remedies were exhausted at the US Department of Labor. It's been a while since the case is
       pending. "This case has been with the Department of Labor ("DOL") since **January 3, 2024**;
       Respondent has been involved with the case since then…While the case here is de novo, the
       Defendant was fully aware of Dr. Jana's Compliant at OALJ and Dr. Jana's Complaint in this
       Court is a compact version of the Compliant at OALJ". Defendant Walmart had three attorneys

to deal with the case with a pro Se who does not have any law degree and who can not afford an attorney.

b.  Dr. Jana explained: "Out of 55 pages, 24 pages (Page 23-47 of the Complaint) were for Walmart's own retaliation, which included hearsay statements that were utilized as a cause of termination, Corrupted Walmart Ethics/Management/HR's role in retaliation and to address Walmart's **lies and falsifying information** in an effort to improve judicial efficiency. Dr. Jana used only 5 pages (Page 16-21 of the Complaint) for protected whistleblowing activities. Majority of the fraud/corruption/embezzlement, whistleblowing activity and retaliation related audio/video/text/email files were shared with Walmart in September 2023 (before termination), November 2023 (after the termination in a meeting with Walmart Legal) and in May 2023 during Initial Disclosure at OALJ." . In fact Plaintiff forgot to mention that Plaintiff shared files with OSHA in January 2024 and OSHA shared those files with the Defendant. None of these are new to Walmart.

c.  "This Whistleblower Retaliation Complaint involves two statutes: CAARA and SOX; both of which qualify expedited judicial trials as defined by the DOL." which is consistent with Honorable John D. Love's Order (paragraph 4) "The Court seeks to efficiently resolve cases and get cases to trial as soon as possible"

d.  "Defendant's sole purpose of requesting additional 60 days is to delay justice. Defendant did not want to participate in the Discovery process at DOL which Defendant stated at OALJ,

"Limitations on discovery. Respondent's position is that no discovery should take place until the completion of court-sponsored alternative dispute resolution.."; Administrative Law Judge Christine Hilleren-Wilkins had to issue "MINUTE ORDER" (EXHIBIT 1) reiterating her

previous order,"...discovery has commenced, and any stay thereof is premature at this juncture... an open-ended stay absent a scheduled mediation would not maximize judicial efficiency."

11. Defendant wrote, "This motion is filed for good cause, and is requested not for delay or any other improper purpose, but because it is necessary for Defendant to complete its investigation into Plaintiff's allegations prior to responding to Plaintiff's Complaint", the Court granted additional 60 days. As previously mentioned, Defendant is fully aware of the case for more than 8 months already, and Defendant acted in bad faith to manipulate the Court at the very early stage in this Court.

## Legal Analysis

12.     The Court ignored Plaintiff's argument completely and sided with the Defendant despite Defendant for additional time. Plaintiff believes the circumstances in Devillier v. Texas case is completely different from this case for the purpose of using "lenient". In case Devillier v. Texas, the State of Texas requested just additional **two-weeks** for such an important Partial Summary Judgment given the fact that the State of Texas had a new lead attorney (16 days after the State changed its lead counsel Plaintiff files for Partial Summary Judgment) , much important than just answering the complaint in this case. This is not the first time Walmart is going to answer the Complaint, this is the third time they are going to answer. First Walmart provided answers to the Occupational Safety and Health Administration ("OSHA") within the Department of Labor ("DOL") on February 21, 2024 and then to the Office of Administrative Law Judges ("OALJ") on June 14, 2024. Two statues for the Whistleblowing case CAARA and SOX remain the same since January 3, 2024. Three Walmart attorneys are fully aware of the case for the last few months, there is nothing new. Paragraph 11(b) of

this document clearly states that Plaintiff had to use almost half of the pages in the Complaint to address Defendant's lies and falsifying information that Defendant provided to OSHA and OALJ; Defendant does not need to investigate that, they already know, they are the one who falsified and manipulated answers to OSHA and OALJ. Therefore, Court's citation of Devillier v. Texas is not relevant in this case upon considering circumstances; extending for another 60 days was done unfairly.

13.     Defendant not only lied to OSHA and OALJ (both are Federal Agencies), but Plaintiff believes and has evidence to show that to cover up Walmart's retaliation due to Dr. Jana's protected Whistleblower activities, Walmart and it's attorney's knowingly and willfully ("means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law") made materially false, fraudulent statements /representation and **altered a document** for the purpose of committing fraud against OSHA (a Federal Agency) and the Office of the Administrative Law Judges (OALJ) at the US DOL, a Federal Agency; committing further crimes (under 18 U.S.C. § 1001, 18 U.S.C. § 471 and 18 U.S. Code § 1324c).  As a result, Plaintiff added another section in the Original Complaint (First Amended Complaint) to expose the crimes committed by the Defendant (Dkt 11, Page 54-59, EXHIBIT 1 & 2). Defendant is acting in bad-faith in this Court.

14. Defendant acted in bad faith. What Defendant did not tell the Court is Defendant fired Ridhi Mehra, Adrian Milbourne (Dr. Jana's supervisor) and Kamil Bay (most important witness who was aiding the crime) the three most important witnesses in this case in the month of August 2024 during the pendency of this case to suppress/destroy the evidence (Plaintiff came to know from reliable source). The complaint of the violation of Antitrust laws and fraud against the shareholder against Ridhi Mehra to

the US Department of justice was made by Dr. Jana. Ridhi Mehra's more than 12 years of Walmart career, Adrian Milbourne's more than 18 years of Walmart career and Kamil Bay's more than decade long career ended in August 2024 during the pendency of this case; despite Walmart's record profit. Extending more time will only help Defendants to manipulate/destroy evidence. Discovery needs to start as soon as possible. Defendant is acting in bad faith. As Fifth Circuit correctly mentioned, "These include but are not limited to "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."" As explained, Defendant is not acting in good faith and the danger of prejudice to Plaintiff is enormous. Despite Plaintiff's warning of "delaying justice", this Court ignored Plaintiff.

> "Walmart would have been a convicted criminal if Department of Justice prosecuted for the 2019 FCPA violations[2] and this whistleblower case is related to possible Antitrust violation, fraud to shareholders and FCPA violations. To respect President Trump's effort to protect whistleblowers, this case deserves exemplary treatment to bring the truth to light by setting a fast track trial date instead of delaying justice. Extending for 60 days will undermine judicial efficiency."

15. As a common courtesy, Plaintiffs had no issue of agreeing to extend reasonable time. Plaintiff was fully aware of Local Rules and Honorable John D. Love's (paragraph 3 and 4 in this document), after

---

[2]https://corporate.walmart.com/news/2019/06/20/walmart-reaches-agreements-with-the-doj-and-the-sec-to-resolve-their-fcpa-investigations

receiving an email from Defendant: "if you will agree to stipulate that our response, if any, to your recent Complaint will not be due until October 29, 2024."; Plaintiff had no other option except to Oppose since Defendant was asking to agree a total of 81 days to respond. Moreover, Defendant did not even try to contact the Clerk's office, Defendant just filed the Motion contradicting Court Standing Order and got it approved for additional 60 days. Plaintiff wants to reiterate that Plaintiff was opposed. Court mentioned,"..45 days allowed by application under our Local Rules". As explained in paragraph 3, in order to get 45 days extension, Local Rule CV-12 clearly states two conditions; none of those conditions are satisfied in this case; therefore, approving "60 days is only 15 days more than the 45 days allowed by application under our Local Rules" suffered bias.

Dr. Jana respectfully requests that the Court reconsider Dr. Jana's Motion to deny Defendant's motion for the reasons set forth above.

Dated: September 6, 2024

Respectfully Submitted,

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

# CERTIFICATE OF SERVICE

On September 6, 2024, a true and correct copy of the foregoing was caused to be served upon to the following through the Court's CM/ECF system:

Michael C. Elliott
Texas Bar No. 24086913
melliott@mcguirewoods.com

Cory R. Ford
Texas Bar No. 24121098
cford@mcguirewoods.com

McGuireWoods LLP
2601 Olive Street Suite 2100 Dallas, Texas 75201
Telephone: 214.932.6400
Facsimile: 214.932.6499

ATTORNEYS FOR DEFENDANT WALMART INC.

Respectfully Submitted,

Dilip Kum Jana

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002