## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **DILIP JANA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:24-cv-00698-SDJ-KPJ** |
| | § | |
| **WALMART INC.,** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER TO DENY DEFENDANT'S MOTION TO EXTEND TIME TO ANSWER

Defendant Walmart Inc. ("Defendant"), files its Response to Plaintiff's Motion to Reconsider to Deny Defendant's Motion to Extend Time to Answer, (Doc. 11), as follows:

1.    Defendant opposes Plaintiff's Motion to Reconsider, (Doc. 11), and respectfully requests that the Court confirm the previously ordered October 28, 2024 deadline to respond to Plaintiff's lawsuit, (*See* Doc. 9), shall remain in place, regardless of Plaintiff's subsequent Amended Complaint (Doc. 10), and Second Amended Complaint (Doc. 12).[1] No grounds exist to disturb the Court's exercise of discretion in extending deadlines here. *Palmer v. Kirkwood*, 2020 WL 13905123 at *1 (E.D. Tex. Dec. 23, 2020)(explaining extensions are a matter of the court's discretion).

2.    For background, Plaintiff's Motion is further to the pattern of vexatious filings, discovery, and motion practice which resulted in extraordinary burden to the Defendant (and presumably the ALJ) during the administrative proceeding—culminating with the ALJ imposing

---

[1]Defendant does not concede that service of any pleading has been properly made at this time, nor does it concede any objections based on any defect in service of process that Defendant may raise via motion to dismiss. Furthermore, Defendant does not concede that any amended pleading has been properly filed in accordance with the Rules. *See, e.g.*, Rule 15(a) (permitting one amendment without leave of court).

discovery restrictions and a protective order.[2] When the ALJ finally placed restrictions on Plaintiff's wasteful conduct, Plaintiff opted to kick-out to this Court and resume his pattern of dilatory motions, pleadings, and fighting over every basic request and routine courtesy. (*e.g.*, Doc. Nos. 7, 8, 10, 11, 13) (amendments and motion practice resulting from opposition to basic extension request). Accordingly, the Court would be justified in limiting future motions. *Kaminetzky v. Frost Nat. Bank. of Houston*, 881 F. Supp. 276 (S.D. Tex. 1995) (explaining courts are authorized to enjoin further *pro se* filings, including motions and amended pleadings as necessary to deter vexatious filings that are flagrant abuse of judicial process).

**A. Plaintiff's Motion is procedurally improper.**

3.    Mere disagreement with the Court is not proper grounds for reconsideration. *Dempster v. Lamorak Ins. Co.*, 457 F. Supp. 3d 547, 555 (E.D. La 2020)("When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted"). Plaintiff's Motion consists solely of disagreement with the Court's exercise of discretion in setting a deadline.

4.    Moreover, Plaintiff provides no authority permitting a motion to reconsider an order extending pleading deadlines, and Defendant cannot locate any such authority. *Id.* (collecting Fifth Circuit case law explaining the FRCP only recognize motions for reconsideration in certain circumstances not including orders extending deadlines). Accordingly, the Court should reject Plaintiff's Motion off the bat.

5.    Plaintiff's Motion also consists largely of new arguments that he failed to raise in

---

[2]Such filings included, for example, premature motions to compel, motions for sanctions, pleadings, opposing entry of a protective order, and demanding mediation only to back out of mediation after the Defendant and court-appointed mediator wasted time and resources preparing for and attending an initial mediation scheduling conference. *See generally*, *Jana v. Walmart, Inc.*, ALJ No. 2024-CAR-00004 (ALJ) (summarizing docket); *see also*, *Jana v. Walmart, Inc.*, ALJ No. 2024-CAR-00004 (ALJ), Ruling on Motion for Protective Order etc., entered 7/23/24 (denying Pl.'s Motions for Sanctions and to Compel and granting Walmart's Mot. for Prot. Order), and Pre-Hearing Order, entered 7/23/24 at *1-2 (restricting discovery requests and depositions).

opposition to Defendant's Motion for Extension. The Court should disregard any such arguments entirely. *Id.* (explaining "[a] motion for reconsideration is not the proper vehicle for rehashing evidence, legal theories, or arguments")(internal citations omitted).

**B. The extension is even more necessary now due to Plaintiff's dilatory Motion to Reconsider and Amended Complaints.**

6.      Plaintiff's additional filings have forced Defendant to divert time and resources away from responding to Plaintiff's lawsuit. Plaintiff's initial 199 paragraph Complaint necessitated substantial time researching, analyzing, and drafting motions to dismiss or responsive pleadings.

7.      Now, the extended time is even more necessary to allow time to evaluate and respond to Plaintiff's Motion to Reconsider and two subsequent pleading amendments. (*See* Doc. Nos. 10, 11, 13.) The new filings require extensive unanticipated factual and strategic consideration.

8.      For example, based on a cursory review, Plaintiff's amended pleadings largely consist of personal attacks on Defendant's litigation counsel that have no bearing on the claims or defenses in this matter. (Def's Amed. Compl. at ¶¶ 189-191; Second Amend. Compl. at ¶¶ 189-191.)[3] Accordingly, Defendant must now assess options for moving to strike under Rule 12(f), or otherwise address the new inappropriate material.[4]

---

[3]For example, Plaintiff accuses one of Defendant's litigation counsels of "wrongfully imprison[ing] an American citizen" while prosecuting a bank fraud matter as an AUSA in 2016. (Amend. Compl. at ¶190)(referencing *United States v. Dvorin*, No. 15-10142, Doc. 00513429336 (5th Cir., Filed 03/18/2016)). Not only is *Dvorin* irrelevant here, Plaintiff also misconstrues the matter: in actuality, the Court of Appeals in *Dvorin* reviewed a technical *Brady/Giglio* violation involving timeliness of the prosecution's disclosure of a witness's plea agreement—the court did not find any prosecutorial conduct deserving of sanctions, and the defendant was ultimately re-tried and sentenced to prison. Plaintiff's reference to *Dvorin* has no ostensible relevance other than to harass or embarrass an officer of the Court.

[4]Of note, Rule 12(f)(1) expressly authorizes the Court to act on its own to strike any redundant, immaterial, impertinent, or scandalous matter from the Complaint without awaiting a motion.

**C.  Plaintiff's Accusation against Defense Counsel for acting in "bad faith to manipulate the Court" is unwarranted.**

9.      Plaintiff's Motion also includes several representations that do not appear to be based on "inquiry reasonable" as required under Rule 11 and require clarification for the Court. *See* R. 11(b). In particular, Plaintiff makes several accusations against Defense counsel for acting "in bad faith to manipulate the Court." (Doc. 11, Mot. to Recons. at ¶11.)

10.      First, Plaintiff implies that Defendant did not confer in good faith when requesting an extension, and that Plaintiff would have been amenable to a shorter extension than Defendant requested. (*See id*.) But that is not true. When Defendant requested an extension, he decisively stated that he is "opposed to any extension," period.[5]

11.      In addition, Plaintiff asserts that Defendant "terminated key witnesses" since Plaintiff filed suit, which he claims jeopardizes "preservation of documents related to this case[.]" (Amend. Compl. at Page 68.) In reality, two of the three employees Plaintiff referenced in his motion are still employed by Walmart. Plaintiff also provides no basis for why he believes terminating employees jeopardizes document preservation. In any case, document preservation issues are not relevant to Plaintiff's opposition to extending deadlines.

12.      Plaintiff's Motion also accuses Defendant and Defense counsel of committing fraud and other felonies during the ALJ proceeding, which he also included in his amended pleadings. Plaintiff's accusation appears based in-part on allegations that Defense counsel fabricated a document during discovery in the ALJ proceeding. Specifically, Plaintiff points to an email that Defendant initially produced in redacted form before subsequently producing an unredacted version, which Plaintiff claims is evidence that Defense counsel "altered a document."  (Doc. 11, at ¶13)(comparing exhibits to Amend. Compl. Doc. Nos. 10-1 and 10-2). Plaintiff provides no

---

[5]A copy of Plaintiff's correspondence is attached as **Exhibit A**.

indication why he believes the un-redaction indicates foul play, or any other basis for such serious accusations—which are also irrelevant here to begin with.

WHEREFORE, the Defendant respectfully request that the Court enter an Order denying Plaintiff's Motion to Reconsider, and confirming that Defendant's deadline to answer or otherwise respond to Plaintiff's lawsuit shall be October 28, 2024.

Dated: September 20, 2024                    Respectfully submitted,

                                             /s/Cory R. Ford
                                             Michael C. Elliott
                                             Texas Bar No. 24086913
                                             melliott@mcguirewoods.com
                                             Cory R. Ford
                                             Texas Bar No.  24121098
                                             cford@mcguirewoods.com
                                             **McGuireWoods LLP**
                                             2601 Olive Street
                                             Suite 2100
                                             Dallas, Texas 75201
                                             Telephone: 214.932.6400
                                             Facsimile:  214.932.6499

                                             **ATTORNEYS FOR DEFENDANT
                                             WALMART INC.**

## CERTIFICATE OF SERVICE

On September 20, 2024, a true and correct copy of the foregoing was caused to be served upon to the following through the Court's CM/ECF system:

Dilip Jana, *Pro Se*
800 Fairlawn Street
Allen, Texas 75002
janadilip@gmail.com

                                             /s/Cory R. Ford

5