# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

*In the Matter of:*

DILIP JANA,
*Plaintiff*

v.

WALMART, INC,
*Defendant*

Civil Action No. **4:24-cv-698-SDJ-BD**

FILED
SEP 2 6 2024
Clerk, U.S. District Court
Eastern District of Texas

---

**Plaintiff's Response to DEFENDANT'S RESPONSE (Dkt 14) IN SUPPORT FOR PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt 11))**

---

**TO THE HONORABLE JUDGE OF THE SAID COURT:**

Plaintiff, Dr. Dilip Jana, ("Dr. Jana", "Plaintiff"), files its response to "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER TO DENY DEFENDANT'S MOTION TO EXTEND TIME TO ANSWER" (Dkt. 14), because of Respondent's frivolous arguments as well as Defendant's effort to restrict **pro se** Plaintiff's filing for improper purpose at this Court as follows:

1.  Plaintiff served (Dkt 15) the Summons and Second Amended Complaint (Dkt 13)[1]

    to the Defendant on Friday, September 20, 2024. Defendant's Answer should be due 21

    days from September 20, 2024 which would be October 11, 2024. However, because of

---

[1] Only Second Amended Complaint was served to Defendant prior to Defendant's Answer, First Amended Complaint was not served due to an unintended file error

Court's order, Defendant can submit responsive defense on or before October 28, 2024. Plaintiff respectfully requests the Court to change the previous order and set October 11, 2024 as Defendant's Response which is still 63 days from the day the summon was served or additional 42 days extension which is more than any of the citations given by the Court.

2. The clean hand doctrine (Franklin v. Franklin, 283 S. W. 2nd 483, 486 (1955)) says:

> "whenever a party, who, as actor, seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut down against him***, the court will refuse *** to award him any remedy"

In subsequent paragraphs Plaintiff demonstrated a clear and convincing way that Defendant acted in bad faith. Plaintiff requests the Court that

> "the doors of the court will be shut down against" Defendant and the Court will refuse *** to award..any remedy"

3. Plaintiff objects Defendant's statement in its filing, (Dkt. 14, paragraph 1)"No grounds exist to disturb the Court's exercise of discretion in extending deadlines..Palmer v Kirkwood, 2020 WL 13905123 at *1(E.D. Tex. Dec. 23, 2020)" which states "An application for extension of time under Rule 6(b)(1)(A) normally will be granted **in the absence of bad faith** on the part of the party seeking relief or prejudice to the adverse party." and got a 30 day extension. In this case, the Defendant got a 60 day extension, in total the Defendant got 81 days from the date the summon was served which could lead one to reasonably believe the Court was favorably biased towards the Defendant. Plaintiff reasonably believes the Court was biased in granting the Defendant a generous additional 60 days due to one of the Defendant's attorney's (Mindy Sauter) professional relationship with the previous

       Magistrate Judge Honorable Kimberley Johnson.

    a. Both of them are/were alumni & adjunct professor at SMU, Dallas

        i. "Mindy served as an adjunct Professor of Law at SMU Dedman School of Law."[2]

        ii. Honorable Kimberley Johnson is an adjunct faculty at SMU[3]

    b. Both of them were prosecutors at Northern Districts of Texas

    c. Interestingly Mindy Sauter did not represent at this Federal Court, possibly because of Conflict of Interest. Mindy Sauter was the only attorney who represented Defendant at OSHA, she is the one who provided Defendant's Position Statement to OSHA. Mindy Sauter, together with two other attorneys, represented the Defendant at OALJ. Mindy Sauter is the most experienced in this case but she did not represent Defendant at this Court; however, she works with the same two attorneys who are representing Defendant at the same office[4,5].

4.   While Plaintiff acknowledges the Complaint is voluminous, but reiterates (Dkt 11) that the Amended Complaint includes materials that the Defendant falsified, made materially false and fraudulent statements and altered documents fraudulently over last 7 months at OSHA and OALJ ; Defendant should not be awarded additional time for their bad faith and fraud.

---

[2] https://www.mcguirewoods.com/people/s/mindy-m-sauter/
[3] https://www.smu.edu/law/faculty/profiles/johnson-kimberly-c-priest
[4] https://elliottsauter.com/
[5] https://news.bloomberglaw.com/business-and-practice/mcguirewoods-recruits-two-former-federal-prosecutors-in-dallas

### A. Defendant's effort to limit Plaintiff's filings substantiates Defendant's "improper purpose" which further supports denial of extension of time and warrant to impose sanction on the Defendant

5. Defendant's effort to limit Plaintiff's *pro se* filing (Dkt 14, paragraph 2)

> "...resume his pattern of dilatory motions..(e.g., Doc. Nos. 7, 8, 10, 11, 13)..fighting over every basic request and routine courtesy..the Court would be justified in limiting future motions....**courts are authorized to enjoin further *pro se* filings**.." (emphasis added)

is nothing but substantiates Defendant's "improper purpose" to suppress the opposite party who is a *pro se* who has no knowledge of the law and who has done nothing wrong at this Court.

6. This is not "fighting over every basic request", this is Plaintiff's right for fair justice as he has been terminated illegally and the Defendant is making a mockery of the Court system. The Court provided multiple authorities and cases in it's order (Dkt 9) where the Defendant was approved for 14 days, or 30 days as opposed to this Defendant who got a 60 day extension. To avoid confusion and for the records, Plaintiff is writing it here Plaintiff's filings at this Court that Defendant is asking the Court restrict Plaintiff for future filings:

- Dkt 7: OPPOSED MOTION for Extension of Time to File Answer by Walmart, Inc.. filed by Cory Ford, **Dkt 7 was filed by Defendant but Defendant is claiming Plaintiff filed this** (emphasis added)
- Dkt 8: Plaintiff's Motion to Oppose Defendant's Motion to Extend Time to Answer *filed by Dilip Jana.*, Plaintiff has absolute right to oppose.
- Dkt 10: FIRST AMENDED COMPLAINT against Walmart, Inc., filed by Dilip Jana.

> Plaintiff has absolute right to Amend Complaint. Plaintiff did not serve Summons to Defendant for First Amended Complaint due to error in the file.

- Dkt 11: MOTION to Reconsider to Deny Defendant's Motion to Extend Time to Answer by Dilip Jana. (F.R.C.P 59 (e) Motion to Alter or Amend a Judgment, must be filed no later than 10 days after entry of the judgment. Judgment was issued on August 27, 2024 and MOTION to Reconsider was filed on September 6, 2024.

- Dkt 13: SECOND AMENDED COMPLAINT against Walmart, Inc., filed by Dilip Jana. Plaintiff has absolute right to Amend a Complaint. Plaintiff served Summons to Defendant for the Second Amended Complaint.

7. None of those above filings are "frivolous and the vexatious nature". Defendant cited authorities Kaminetzky v Frost Nat. Bank. of Houston, 881 F. Supp. 276 (S.D. Tex. 1995) in support for Defendant's efforts for Plaintiff's "in limiting future motions". Plaintiff is writing here for the record a few paragraphs from that case:

> "..Plaintiff..filed..against approximately **29 defendants** alleging a multitude of claims pursuant to federal statutes..Kaminetzky filed cause number H-94-4207 alleging similar causes of action on December 13, 1994, against approximately **45 individuals** and entities seeking to recover..."[6]

> "This Court had **concerns** about Kaminetzky, Weiss and Whalen's **good faith**,...A case may not be removed on the basis of a counterclaim by the defendant, even if it raises a federal question and both parties admit it is the only question truly at issue. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. at 9-12, 103 S. Ct. at 2846-48.[7]

8. The court stated,

> "The Court determines that although these causes have been dismissed, the frivolous and the vexatious nature of these complaints and the manner in which the claims were subsequently

---

[6] https://law.justia.com/cases/federal/district-courts/FSupp/881/276/1960878/
[7] https://law.justia.com/cases/federal/district-courts/FSupp/976/571/1582302/

prosecuted, warrants further action by the Court to prevent Kaminetzky from further filings of meritless actions related to the claims alleged in the aforementioned cases. **These measures are necessary to prevent further unnecessary and costly expenditure incurred by the judicial system** and the defendants in adjudication of and defending against these type of actions. **Although the judicial system is generally accessible and open to all individuals, abuse of the process may result in actions to protect the courts' ability to effectively control the numerous matters filed therein**."(emphasis added)

9. As explained above, the circumstances in Kaminetzky v Frost Nat. Bank. of Houston case and this Whistleblower retaliation case are completely different. Plaintiff is writing it here for emphasis:

> "The Court determines that **although these causes have been dismissed, the frivolous and the vexatious nature of these complaints and the manner in which the claims were subsequently prosecuted**, warrants further action by the Court to prevent..from further filings of meritless actions related to the claims" (emphasis added)

10. This Whistleblower case was never dismissed anywhere (OSHA or OALJ) until Plaintiff took the case away from those agencies. Plaintiff, a whistleblower, had to go through the Administrative process (OSHA→ OALJ). Plaintiff was moving the case from OSHA to ALJ, and asked OSHA to terminate its investigation (Dkt 6, EXHIBIT 5, EXHIBIT 4) when OSHA Investigator was unable to get documents from Defendant. OALJ judge Honorable Christine Hilleren-Wilkins did not dismiss the case, she set up the trial date in February 2025, however, Plaintiff decided to take the case from OALJ to this Federal Court (Dkt 6, EXHIBIT 1). Therefore, there is no common ground for this case to be compared with the authorities mentioned by Defendant, mere quoting text from authorities does not apply everywhere.

11. Defendant quoting lines out of context and frivolously trying to impose on **pro se** litigants filing restrictions. Moreover, law does not discriminate against **pro se** or attorneys, as the court says, "**the**

**judicial system is generally accessible and open to all individuals"** (emphasis added), however, the question of restrictions arises for the abuse of the judicial system irrespective of **pro se** or attorneys.

12. The saying goes, "one who is his own lawyer has a fool for a client"[8]. In Powell v Alabama[9], the Supreme Court wrote,

> "Even the intelligent and educated layman has small and sometimes no skill in the science of law. . . . He lacks both the skill and knowledge adequately to pre-pare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceeding against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence. If that be true of men of intelligence, how much more true is it of the ignorant and illiterate, or those of feeble intellect."

13. So why would anyone choose to appear pro se? It's because Plaintiff was terminated illegally and still unemployed and could not afford retaining an attorney, it's simple. Plaintiff has no other option except representing himself despite having no law knowledge. Some courts accord pro se litigants a certain degree of leniency, particularly with respect to procedural rules.[10]

14. Paragraphs 5-13 substantiates Defendant's accusation that Plaintiff's "pattern of dilatory motions, pleadings, and fighting over every basic request.." are not only false but frivolous arguments and have no legal ground. However, this Defendant is trying to take advantage of vulnerable Plaintiff who is a **pro se** to limit filings for improper purposes so that Defendant can continue making materially false and fraudulent statements, alter more documents without any opposition as they did for last seven

---

[8] Faretta v. California, 422 U.S. 806, 852 (1975)
[9] Powell v. Alabama 287 U.S. 45 (1932)
[10] See, e.g., FED. R. CIV. P. 36(a)(3) (stating that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney").

months at OSHA and OALJ (Dkt 13). Defendant's desperation to limit Plaintiff's filings is worth noticing.

15.     Plaintiff respectfully requests this Court to DENY Defendant's effort in "limiting future motions" as MOOT. Accordingly, the Court would be justified to impose sanctions on Defendant under F.R.C.P 11 for an improper purpose or that contain frivolous arguments or arguments that have no evidentiary support and impose restrictions on Defendant's future filings.

### B. Defendant's frivolous arguments or arguments that have no evidentiary support for Plaintiff's kick-out to Federal Court

16.     Defendant stated (Dkt 14) paragraph 2

> "..Plaintiff's Motion is further to the pattern of vexatious filings…culminating with the ALJ imposing discovery restrictions and a protective order..When the ALJ finally placed restrictions…Plaintiff opted to kick-out to this Court.."

17.     Defendant's frivolous argument of "Plaintiff opted to kick-out to this Court" because "ALJ imposing discovery restrictions and a protective order" is contrary to Honorable ALJ Judges' order (Dkt 6) and well as OSHA's guidance:

> "This proceeding arises under the employee protection provisions of the Criminal Antitrust Anti-Retaliation Act ("CAARA"), 15 U.S.C. § 7a-3, and its implementing regulations at 29 C.F.R. Part 1991, and the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A, and its implementing regulations at 29 C.F.R. Part 1980. The CAARA and SOX permit Complainant to file an action in United States District Court if the **Department of Labor has not issued a final decision within 180 days of the filing of the Complaint, and if the delay is not due to the bad faith of Complainant**.
> On August 12, 2024, Complainant notified the undersigned of his decision to pursue the above-captioned claim in Federal Court, attaching a copy of his Complaint in Case No. 4:24-cv-698 filed in the United States District Court, Eastern District of Texas, Sherman Division. **The requirements of 29 C.F.R. § 1991.114(a) and 29 C.F.R. § 1980.114(a) are satisfied**."(emphasis added)

and OSHA's guidance[11] to kick-out to Federal Court.

> "SOX permits a complainant to bring a de novo SOX action in federal district court if the Department of Labor has not reached a final decision on the complainant's SOX claim within 180 days of the filing of the complaint with OSHA and the delay is not due to the bad faith of the complainant."

18. This whistleblower case was with the Department of Labor's OSHA since January 3, 2024 and kick-out to federal court occurred on or around July 3, 2024 when the case was pending at OALJ. Following the death of fellow Boeing Whistleblower John Barnett on March 9, 2024 who wasted four-year long investigation at OSHA (Department of Labor),[12] Plaintiff decided to kick-out the case to Federal Court when Plaintiff decisively understood that DOL will not be able to provide result within 180 days from January 3, 2024.

19. Accordingly, the Court would be justified to impose sanctions on Defendant under F.R.C.P 11 where a District Court may sanction attorneys or parties who submit pleadings for an improper purpose or that contain frivolous arguments or arguments that have no evidentiary support.

### C. Defendant's request to strike should be denied

20. Defendant says Plaintiff engaged in personal attacks to Defendant's Counsel and

"Plaintiff's reference to Dvorin has no ostensible relevance other than to harass or embarrass an officer of the Court".

Here is the exact language in Plaintiff's Second Amended Complaint (Dkt 13),

---

[11] https://www.osha.gov/sites/default/files/SOXDeskAid.pdf
[12] Unfortunate death of a Boeing Whistleblower John Barnett on March 9, 2024 taught us a lesson. After a four-years-long investigation, OSHA closed the whistleblower complaint in 2021 (the complaint was filed in 2017). Mr. Barnett's attorney, Robert Turkewitz, criticized the effectiveness of whistleblower court systems

> "Walmart attorney, Mindy Sauter, who represented Walmart at OSHA and OALJ, who provided Walmart's Position Statement to OSHA and "RESPONDENT'S ANSWER" to OALJ was a federal and State of Texas prosecutor and she wrongfully imprisoned an American citizen by concealing material evidence in "..a reckless disregard for her duties and conducted the proceedings in an irresponsible manner",committed "Prosecutorial Misconduct" violating Giglio, Brady, and Napue[13]… With Walmart's own history of violations of numerous federal laws, one can easily expect Walmart and its attorneys will knowingly and willfully make materially false, fraudulent statements /representation and alter documents to cover up their crimes and true reason for the termination. **This is a history of pattern of attorney's "a reckless disregard for her duties"**

21. The Fifth Circuit Court of Appeals vacated an asset forfeiture ruling after finding that the prosecutor in the federal case, Mindy Sauter, had concealed the fact that an alleged accomplice was promised a favorable deal in exchange for testimony[14]

22. This absolutely relevant to this case, as Plaintiff substantiated extensively by providing EXHIBITS in the Complaint (Dkt 13, Page Number 54 - 60, Paragraph Number 189 - 196) showing how these attorneys are doing malpractice. As Plaintiff accused for attorney's committing crimes, Defendant did not deny. This is not personal attack; this is purely professional; nothing to do with harassing or embarrassing the attorney.

23.   Attorneys are officers at the Court; they should respect Integrity of our Judicial system and uphold ethical standards. Plaintiff is making an effort to tell this Court how these officers (attorneys) malpractices decades ago, and continually doing malpractice without punishment, undermining the Court's ethical standards of an officer of the Court. However, these attorneys choose to make materially false and fraudulent statements and altered documents to deceit the pro se Plaintiff.

---

[13] *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963); *Napue v. Illinois*, 360 U.S. 264 (1959)
[14] https://www.ca5.uscourts.gov/opinions/pub/15/15-10142-CR0.pdf

24. Defendant's request for strike should be denied.

    **D. Defendant's claim of Plaintiff's accusation of "Defense Counsel of committing fraud and other felonies during the ALJ proceedings. are also irrelevant here to begin with" substantiates Defendant's improper purpose, substantiates Defendant's bad faith**

25. In Defendant's recent response (Dkt 14) **Defendant did not deny** Plaintiff's allegation of altered documents, and "Defense counsel of committing fraud and other felonies".

26. These Defense attorneys are officers at the Court, Michael Elliott and Mindy Sauter were Federal Prosecutors; they are experts on white-collar crimes as they have prosecuted many people.

27. Defendant stated in paragraph 12 (Dkt 14), "Plaintiff's Motion also accuses Defendant and Defense Counsel of committing fraud and other felonies during the ALJ proceedings…Plaintiff provides no indication why he believes the un-reduction indicates foul play, or any other basis for **such serious accusations - which are also irrelevant here to begin with**." (emphasis added)

28. Plaintiff respectfully shows this Court that the redacted document (EXHIBIT 1, Dkt 13) is the most relevant document that Defendant submitted to OSHA on February 21, 2024 to support their defense and un-redacted ALTERED version of that document (Dkt 13, EXHIBIT 2) the only additional document Defendant submitted at OALJ during March 5, 2024 to August 5, 2024.

29. EXHIBIT 1, Dkt 13 was one of them which included Walmart HR, Walmart Ethics Department

and Walmart's management's internal communication which included the reasons for the termination. This is the most relevant document Walmart submitted so far, this lawsuit is about the wrongful termination due to Plaintiff's whistleblowing activities, the employer can prevail only if it

> "demonstrates by clear and convincing evidence that the employer would have taken the same unfavorable personnel action in the absence of that behavior" See Murray v UBS Securities, et al[15].

This is the document Defendant altered and modified and submitted to OALJ which Defendant stated, "which are irrelevant here to begin with" which is not only misleading but also frivolous.

30.  This case was docketed at OALJ on March 5, 2024 and Initial Disclosure was due to April 16, 2024. On June 14, 2024 when Plaintiff's Motion for Compel and Sanction were pending at OALJ, Defendant submitted its answer to OALJ to Plaintiff's Complaint which included both redacted and un-redacted email (EXHIBIT 2, Dkt 13) and it had a footnote,

> *"This document was marked "Attorney/Client Privilege" by the original author, and Walmart provided a redacted version in its original response out of an abundance of caution. We have reassessed the document and determined that it was originally marked for privilege in good faith error. We are attaching the unredacted version herein as an Exhibit and **intend on providing the attachments subject to a protective order** that will be submitted after conferring with Dr. Jana. To be clear, Walmart is not waiving privilege in any context with the inclusion of Exhibit 4 or any of its submissions." (emphasis added)*

31.  One can clearly see that the Defendant modified and altered EXHIBIT 1 (DOC 13) and presented as EXHIBIT 2 (DOC 13) at OALJ and asserted OALJ that if there is protective order, Defendant will be happy to provide an un-redacted version of the email with attachments, ***"intend on providing the attachments subject to a protective order"***. OALJ fell into Defendant's trap, Defendant tainted OALJ and was successfully able to get the protective order without participating in a single discovery in more

---

[15] https://www.supremecourt.gov/opinions/23pdf/22-660_7648.pdf

than 150 days at OALJ.

**No attorney-client privileged materials in EXHIBIT 1, EXHIBIT 2 (Dkt 13), Defendant manipulated OSHA and OALJ** wasted judicial resources

32. Defendant redacted to obstruct justice and delaying tactic at OSHA (submitted on February 21, 2024) and OALJ (submitted on June 14, 2024); therefore, defendant acted in bad faith at OSHA and OALJ. Here are some of the **unredacted sentences** from EXHIBIT 2(Dkt 13) (emphasis added)

   (i) We would like to discuss

   (ii) Wondering if these accusations should be added to the existing ethics case, or a separate case opened as well? Would also like to discuss

   (iii) Adrian Milbourne, his supervisor, would like to be included in the conversation, unless not recommended.

   (iv) Discuss:

- Outbursts and disrespect at team meetings
- Emails attached with many allegations
- Recap of conversation with one of his Direct Reports from his Manager
- Recommendation and justification for accountability level

33.   None of these qualify for confidential/trade secret/privilege materials. In fact, "Recap of conversation with one of his Direct Reports from his Manager" was a **hearsay statement and it was utilized to terminate Plaintiff** (emphasis added). Still Defendant redacted those materials for about 6 months. EXHIBIT 1 has an attachment, which Defendant did not disclose, which says, **"Termination recommend…msg"** (visible at the top of EXHIBIT 1); disclosing this attachment will only help Defendant to avoid liability if Defendant did not retaliate because of Plaintiff's protected

whistleblowing activities.

34. To add to the puzzle, Defendant modified and altered that email attachment and renamed it, **"Recommendation.docx"** (EXHIBIT 2). EXHIBIT 1 EXHIBIT 2 have ***different Sent dates*** even if they are the same email ("*Walmart provided a redacted version in its original response out of an abundance of caution…We are attaching the unredacted version herein*") and deceit OALJ "***intend on providing the attachments subject to a protective order***" to make sure nobody will ever know Defendant's manipulation and crimes (Dkt 13). At the bottom of the altered document EXHIBIT 2 has a page number 1 which indicates an editor was utilized to alter. Also, there are many inconsistencies in the body of the email. There may be more alternation which Plaintiff does not know, since the case related to document fraud is beyond the scope of this lawsuit, appropriate state and federal agencies have been notified.

35. Attorney client privilege materials do not supersede federal whistleblower protections under the Sarbanes Oxley (SOX). As demonstrated in paragraph 32, redacted documents were not privileged in the first place. Even if it was an attorney-client privileged material, The Wadler v. Bio–Rad Laboratories[16], Inc. case ruled that federal whistleblower protections can take precedence over attorney-client privilege under the Sarbanes Oxley (SOX). The Defendant clearly manipulated OALJ.

36. Defendant did not include the redacted document (EXHIBIT 1, Dkt 13) during initial Disclosure at OALJ, without disclosing this document during Initial Disclosure, defendant cannot use this document at a later stage, defendant waived its privilege (Nieves v Baptist Memorial Medical Group, No. 18-2748-JTF (W.D. Tenn. June 23, 2020), The Defendant clearly manipulated OALJ as OALJ was not aware of this since Initial Disclosure was shared with only opposite party, not with the Court.

---

[16] https://cdn.ca9.uscourts.gov/datastore/opinions/2019/02/26/17-16193.pdf

37.     Defendant acted in a bad faith at OALJ and made statement utilizing protective order in this Court "that contain frivolous arguments or arguments that have no evidentiary support"; Plaintiff requests this Court to impose Sanctions on Defendant pursuant to Rules 11 of the Federal Rules of Civil Procedure as well as the court's inherent power to impose sanctions.

38. For the cause set forth above, Plaintiff opposes Defendant's statement of "extended time is even more necessary to allow time to evaluate and respond …two subsequent pleading amendments… The new filings require extensive unanticipated factual and strategic consideration" because of Defendant's fraud and bad faith. The Defendant did not deny Plaintiff's serious allegation of "committing fraud and other felonies" by Defense Counsel and Plaintiff provided 12 EXHIBITS (Dkt 13) to substantiate his allegations to help this Court to reduce wasteful time and set a speedy trial date. Defendant's statement of "extensive unanticipated factual and strategic consideration" demonstrates that Defendant did not expect a **pro se** Plaintiff (who has no knowledge of laws and has no law degree) will catch their delaying tactic, bad faith and fraud; they thought they will continue same malpractice they used at OSHA and OALJ for 7 months (January 3, 2024 to August 5, 2024) here at the Federal Court. The Court should reconsider Plaintiff's Motion to deny Defendant any additional time.

Plaintiff respectfully requests this Court to reconsider its order and order Defendant October 11, 2024 to answer to the Complaint.

Dated: September 26, 2024

Respectfully Submitted,

*Dilip Kum Jana*
DILIP JANA, Plaintiff
Pro Se
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On September 24, 2024, a true and correct copy of the foregoing was caused to be served upon to the following through the Court's CM/ECF system:

Michael C. Elliott
Texas Bar No. 24086913
melliott@mcguirewoods.com

Cory R. Ford
Texas Bar No. 24121098
cford@mcguirewoods.com

McGuireWoods LLP
2601 Olive Street Suite 2100 Dallas, Texas 75201
Telephone: 214.932.6400
Facsimile: 214.932.6499

ATTORNEYS FOR DEFENDANT WALMART INC.

Respectfully Submitted,

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002