IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DILIP JANA § <br> § <br> v. § <br> §     NO. 4:24-CV-00698-SDJ-BD <br> WALMART, INC. § <br> § <br> § | |

**ORDER**

Proceeding *pro se*, plaintiff Dilip Jana has filed a motion for reconsideration, Dkt. 11, of an order, Dkt. 9, granting defendant Walmart, Inc. a 60-day extension of time to answer his original complaint, Dkt. 1. Since the court's order, Jana has amended his complaint once as a matter of course, *see* Fed. R. Civ. P. 15(a)(1)(B), and once without leave of court in violation of Rule 15(a)(2). Dkts. 10, 13. Walmart has not moved to strike the second amended complaint but has instead requested that the court maintain its 60-day extension so that Walmart may answer or otherwise respond to the second amended complaint by October 28, 2024. Dkt. 14 at 5.

"While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). "If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." *Milazzo v. Young*, No. 6:11CV350, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012). Because Jana filed his motion within 28 days of this court's order granting the extension, it is considered a Rule 59(e) motion.

"Rule 59(e) serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567–68 (5th Cir. 2003). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

The court reviewed Jana's motion and the first five pages of his reply. *See* Loc. R. CV-7(a)(2) (limiting a reply to five pages). Jana does not identify manifest errors of law or fact, present newly discovered evidence, or argue a change in controlling law. He just repeats the arguments he made in opposition to Walmart's motion for the 60-day extension, *see* Dkts. 8 at 1–2, 11 at 6–7, and raises arguments that he could have made in his opposition, *see* Dkts. 11 at 7–8, Dkt. 16 at 2–3. A motion for reconsideration "is not the proper vehicle for rehashing . . . arguments that could have been offered or raised" earlier. *Templet*, 367 F.3d at 478–79.

It is **ORDERED** that Jana's motion, Dkt. 11, is **DENIED**. Walmart must answer or otherwise respond to Jana's second amended complaint by October 28, 2024.

So ORDERED and SIGNED this 19th day of October, 2024.

_____
Bill Davis
United States Magistrate Judge