# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

*In the Matter of:*

DILIP JANA,
  *Plaintiff*

v.

WALMART, INC,
  *Defendant*

**FILED**
OCT 21 2024
Clerk, U.S. District Court
Eastern District of Texas

Civil Action No. **4:24-cv-00698-SDJ-BD**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY PENDING DISPOSITION OF DEFENDANT'S FORTHCOMING MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

### I.   SUMMARY OF MOTION

1. The Court should deny Defendant's Motion to Stay Discovery Pending Disposition of Defendant's Forthcoming Motion to Dismiss Amended Complaint and enlarge time to enter a scheduling order [Dkt. 18] (the "Motion") because Defendant has not presented good cause to stay discovery. The presumption under Local Rule CV-26 (a)[1] is that discovery shall proceed notwithstanding the filing of a motion to dismiss. Defendant's conclusory statement that a stay of discovery would save time and expense for

---

[1] **LOCAL RULE CV-26 (a) No Excuses.** Absent a court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit discovery to those **materials necessary to decide the issue of qualified immunity**. (emphasis added)

the Court and parties does not overcome this presumption. Moreover, Defendant has failed to establish a "particular and specific demonstration of fact" to justify a stay of discovery under Federal Rules of Civil Procedure 26. In fact, evidence shows this is dilatory tactics the defendant utilized in the past at Office of the Administrative Law Judges ("OALJ") at the US Department of Labor ("DOL") and now utilizing same dilatory tactic to avoid participating in the discovery process. As such, Defendant has failed to present a good cause or a meritorious basis under the Federal or Local Rules to stay discovery.

2. As the Original Second Amended Complaint (Dkt #13, ¶18-19) states Defendant made efforts to dismiss the Complaint at the OALJ but Honorable OALJ judge declined Defendant's Dismissal effort. This is what Defendant wrote at OALJ:

> " REQUEST FOR MORE DEFINITE STATEMENT…This has gone on long enough, and Respondent respectfully asks the Court in the interests of justice and the parties, to dismiss the Complaint… Jana has only himself to blame for his failures in his job and is now wasting not only Walmart's and the Court's time in this frivolous, vexatious, and pointless litigation, but also his own…dismiss the Complaint for failure to state a claim and for avoidance of further waste of judicial resources".(Dkt #13, ¶ 18)

Honorable OALJ Judge Christine Hilleren-Wilkins, instead of dismissing the Complaint, ordered a trial date in February 2025,

> "In the event that Complainant does not exercise the foregoing right to proceed in federal district court, the Formal Hearing in this matter will be conducted on February 5-7, 2025 at 9:30 a.m.."

While this is *de novo* review, Defendant's Dismissal claim which they intend to submit to this Court is meritless and Defendant's motion for stay pending Defendant's forthcoming Motion to Dismiss should be denied.

3. Plaintiff's Second Amended Complaint (Dkt #13, ¶ 189- ¶ 196 ) accused Defendant that to cover up Defendant's retaliation due to Plaintiff's protected Whistleblower activities, Walmart and it's

attorney's knowingly and willfully made materially false, fraudulent statements/representation and altered a document for the purpose of committing fraud against OSHA (a Federal Agency) and the Office of the Administrative Law Judges (OALJ) at the US DOE, a Federal Agency; possibly committing further crimes. Plaintiff is reiterating: the clean hand doctrine (Franklin v. Franklin, 283 S. W. 2nd 483, 486 (1955)):

> "..whenever a party, who, as actor, seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut down against him , the court will refuse to award him any remedy"

Plaintiff demonstrated (Dkt #16) a clear and convincing way that Defendant acted in bad faith at OSHA and OALJ, Defendant utilized dilatory tactics and committing fraud to obstruct the justice. Plaintiff requests this Court that

> "the doors of the court will be shut down against Defendant and the Court will refuse*** to award..any remedy"

Defendant's motion for stay pending Defendant's forthcoming Motion to Dismiss should be denied and the Court shall restrict Defendant for filing future Motions including but not limited to forthcoming Motion to Dismiss.

4.      For these reasons above and those further provided herein, Defendant's Motion should be denied.

## II. ARGUMENTS AND AUTHORITIES

5. In 2021, this Court issued an Order Governing Proceedings which, among other things, advised the parties that they are not excused from the requirements of the Federal and Local Rules

> "A party is not excused from the requirements of a Rule or scheduling order **by virtue of the fact that dispositive motions are pending...**" see 4:21-cv-00470-SDJ.

6. On October 11, 2024 Defendant filed this Motion to Stay (Dkt #18) along with withdrawal of their previous attorneys, neither Plaintiff nor Defendant did not even initiate any Discovery request and Defendant did not even file a Motion to Dismiss yet! On October 14, 2024 Plaintiff conferred with Defendant for Rule 26f conference, but defendant declined to do so until the outcome of Defendant's Motion (Dkt #18). As *Id. 3* states, on September 26, 2024 Plaintiff explained in details "Defendant modified and altered that email attachment...since the case related to document fraud is beyond the scope of this lawsuit, appropriate state and federal agencies have been notified" (Dkt 16, ¶ 34) including but not limited to FBI, those Walmart attorneys who were previously worked as Federal prosecutors and who were representing Walmart at OALJ since March 2024 maliciously left! EXHIBIT 2 Dkt#13 is the only document which Walmart produced since March 2024 and this document is a white-collar crime/document fraud that Plaintiff substantiated on September 26, 2024 (Dkt #16, ¶ 31-34) and Defendant never challenged, Defendant needs a stay very badly as a dilatory tactic. As Defendant states, "his Second Amended Complaint includes novel claims", it is indeed novel: this whistleblower case involves Defendant's fraud against shareholder and violation of antitrust laws; both are criminal in nature in the first place; then in order to suppress this *pro-se* whistleblower, Defendant's experienced attorneys who were Federal prosecutors in the State of Texas, falsified and altered documents (EXHIBIT 2 Dkt#13) to take advantage in this case at the US DOL possibly committing further crimes.

What's more, Defendant incorrectly stated that the Initial Disclosure² was due on October 11, 2024 and Scheduling order by October 18, 2024.

7.  While in some circumstances a motion to stay discovery pending the outcome of a motion to dismiss is appropriate, a **stay "is the exception rather than the rule**." Butowsky, 2019 WL6701629, *3 (citing Griffin v. Am. Zurich Ins. Co., No 3:14-cv-2470-P, 2015 WL 11019132, at *2(N.D. Tex. Mar. 18, 2015)) (emphasis added). A stay of discovery is not permitted "merely because defendant believes it will prevail on its motion to dismiss." *Id*. "[H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." Id. (citing Valenzuela v. Crest-Mex Corp., No. 3:16-cv-1129, 2017 WL2778104, at *5 (N.D. Tex. June 26, 2017)). Local Rule CV-26(a) made it clear "**No Excuses**," (page 1, footnote 1) provides that a party is not excused from responding to discovery simply because there is a pending motion to dismiss. There is no pending Motion to Dismiss in the first place! An order staying discovery should only be issued upon a showing of "good cause" by the movant. *Id*.

8.  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order to stay discovery. Fed. R. Civ. P. 26(c).
"Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of the issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" In re Terra Int'l, Inc., 134 F.3d 302,306 (5th Cir. 1998) (quoting United States v. Garrett, 571 F.2d 1323, 1326, n.3 (5th Cir. 1978)).

9.  Good cause may be "found when resolving a motion to dismiss might reduce or preclude the need for discovery or when further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions."

---

²Rule 26 (a)(1) (C) "*Time for Initial Disclosures—In General.* A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party.."

James J. Flanagan Shipping Corp., v.Port of Beaumont of Jefferson County, Texas, No. 1:20-CV-191, 2020 WL 4365595, at *1 (E.D.Tex. July 29, 2020) (citing Fujita v. United States, 416 F. App'x 400, 402 (5th Cir. 2011)).

When one issue, such as immunity, may be determinative of a case, the court has discretion to stay or limit discovery on other issues until the critical issue has been decided. Id. (citations omitted); see Local Rule CV-26(a) ("Parties asserting the defense of qualified immunity may submit a motion to limit discovery to those materials necessary to decide the issue of qualified immunity."); see also Academy of Allergy & Asthma v. American Academy of Allergy, Asthma, & Immunology, No., SA-14-CV-35-OLG, 2014 WL 12637936, at *1 (W. D. Tex. April 14, 2014) (citing Solomon Realty Co. v. Tim Donut U.S. Ltd., Inc., No. 2:08-cv-561, 2009 WL 2485992, at *2 (S.D. Ohio Aug. 11, 2009) (noting that a discovery stay should not ordinarily be granted unless the pending motion to dismiss raises immunity issues or it is apparent that the case lacks merit)).

10. Other factors considered include: (1) the breadth of the discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the motion seeking a stay. James J. Flanagan Shipping Corp., 2020 WL 4365595, at *1 (citations and quotations omitted). Courts have also considered whether a special circumstance, such as a request for preliminary injunction, exists supporting a need for prompt discovery. See Academy of Allergy & Asthma, 2014 WL 12637936, at *1 (citing DSM Desotech Inc. v. 3D Sys. Corp., No. 08-CV-1531, 2008 WL 4812440, at *3 (N.D. Ill. Oct. 28, 2008)).

11. Defendant has not and cannot establish good cause to stay discovery at this stage of litigation. Defendant's argument in favor of a discovery stay (e.g., that "will file a Motion to Dismiss by it's October 28, 2024, deadline..") has already been found not to constitute good cause to justify a stay. See James J.Flanagan Shipping Corp., 2020 WL 4365595, at *2 (

"Defendants contend that their pending motion sets forth compelling legal arguments to dismiss all of Plaintiffs' claims as a matter of law and no discovery is necessary to dispose of the motion. According to Defendants, proceeding with discovery on all of the claims alleged in the complaint would impose a significant burden on the Port of Beaumont, which receives funding from property taxes and federal grants, and, ultimately, taxpayers, and would interfere with the Port of Beaumont's operations. Defendants also maintain that Plaintiffs would not suffer any harm if discovery is stayed. As noted by Plaintiffs, unless the court dismisses all of their claims, a stay of discovery is unlikely to improve efficiency with respect to the volume or focus of discovery. Under the circumstances, the court is not persuaded that there is good cause to stay discovery in this case.").

12. In any event, Defendant's Motion to Dismiss is unlikely to be granted, as OALJ correctly did not grant Defendant's Dismissal request. A motion to dismiss for failure to state a claim under Rule 12(b)(6) is disfavored in the law and rarely granted. Rainwater v. Ragozzino Foods, Inc., No. 4:15-CV-746, 2016 WL 8787143, at *3 (E.D. Tex. Mar. 10, 2016) (citing Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997)).

13. Finally, Plaintiff seeks a preliminary injunction, presenting a compelling need for prompt discovery. See Academy of Allergy & Asthma, 2014 WL 12637936, at *1 (citing DSM Desotech Inc, 2008 WL 4812440, at *3). If Defendant believes the discovery sought is inappropriate, there are remedies that Defendant can seek short of a full stay on discovery, such as scheduling a telephone conference with the Court pursuant to the Local Rule 26 (e)[3].

---

[3] **LOCAL RULE CV-26** (e) **Discovery Hotline (903) 590-1198**. The court **shall** provide a judge on call during business hours to rule on discovery disputes and to enforce provisions of these rules. Counsel may contact the duty judge for that month by dialing the hotline number listed above for any case in the district and get a hearing on the record and ruling on the discovery dispute, including whether a particular discovery request falls within the applicable scope of discovery, or request to enforce or modify provisions of the rules as they relate to a particular case (emphasis added)

14. For the foregoing reasons, discovery in this case should not be stayed while the Court will consider Defendant's Motion to Dismiss possibly after October 28, 2024.

### A. Filing a Motion to Dismiss Does Not Establish Immunity "Good Cause"

15. Contrary to Defendant's claim, the cases cited by Plaintiff and the Local Rules do not support Defendant's Motion. Such authority acknowledges that when one issue, such as immunity, may be determinative of an entire case, good cause may exist and a stay or limit on discovery may be appropriate. However, a stay of discovery is not permitted merely because a defendant files a motion to dismiss. Something more than simply believing that the motion to dismiss will be granted, and the corresponding savings to the parties by not having to respond to discovery, is required to constitute good cause. See James J. Flanagan Shipping Corp., v. Port of Beaumont of Jefferson County, Texas, No. 1:20-CV-191, 2020 WL 4365595, at *2 (E.D. Tex. July 29, 2020).

16. In almost every case, dismissing some or all claims will reduce the scope of discovery and correspondingly save the parties' time and expense. If this fact alone were sufficient to justify a wholesale stay on discovery, the Local Rules and Federal Rules of Civil Procedure would contemplate a discovery stay upon the filing of a motion to dismiss under Rule 12(b)(6).See Valenzuela v. Crest-Mex Corp., No. 3:16-cv-1129, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017)). But the Local Rules and Federal Rules do not contemplate such automatic wholesale stay, barring a showing of good cause by the mere "will file a Motion to Dismiss"

17. Authority cited by Plaintiff in this document also makes clear that the burden is upon Defendant to show a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, to establish good cause for a discovery stay. Defendant has not presented any

evidence that one issue, such as immunity, will be determinative of the entire case. In fact, Defendant's assertion that Defendant's "Motion to Dismiss is potentially determinative of this entire case..because..the Second Amended Complaint includes only two causes of action, each requiring multiple overlapping elements that Plaintiff must adequately plead" has no merit. This case has two whistleblower statues: CAARA and SOX; two causes of action. Plaintiff needs just one cause of action to win the case. For any whistleblower cases, prima facie element is: (a) Plaintiff engaged in protected activity or conduct under the statue (b) Defendant had actual or constructive knowledge of this protected activity; (c) Plaintiff suffered an adverse personnel action; (d) Plaintiffs protected activity was a contributing factor in the defendant's decision to take an adverse personnel action against him. Since this case has two statues, we expect similar prima facie conditions for two statues; prima facie conditions are not changing because statues are changing. Defendant failed to dismiss Plaintiff's claim at OALJ, now wasting time at this Court as well; this frivolous Motion should be denied.

18. Defendant's Motion attacks many different elements of Plaintiff's claims based on many different arguments and authorities spanning approximately 7-pages in length, none of which would be solely determinative of the entire case. Nor has Defendant presented any other particular and specific demonstration of fact establishing good cause for a discovery stay.

      **B.**    **Defendant's Reliance on Plaintiff's Discovery Requests is Improper**

19. Defendant improperly relies on Plaintiff's discovery requests to establish good cause, making conclusory arguments that the discovery sought is "unnecessary burden and expense,", "novel claims", "complicate,", "undue burden or expense","unnecessary expense", "burdensome," "face tremendous burden and expense". Plaintiff did not even start the discovery requests. Thus, it is improper for

Defendant to rely on such discovery requests (Local Rule CV-7(f)).

20. Moreover, Plaintiff's discovery requests do not constitute good cause to stay. Aside from bare conclusory statements that such discovery requests constitute good cause, Defendant fails to explain how such requests are"unnecessary burden and expense,", "novel claims", "complicate,", "undue burden or expense","unnecessary expense", "burdensome," "face tremendous burden and expense" to the claims at issue in this lawsuit. Defendant's bare conclusory statements do not support a finding of good cause for a wholesale stay on discovery. In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998) ("Rule 26(b)'s requirement of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of the issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'") (quoting United States v. Garrett, 571 F.2d 1323, 1326, n.3 (5th Cir. 1978)). Simply because Defendant believes "Walmart and the Court will likely face tremendous burden and expense in navigating Plaintiff's discovery requests" does not create good cause for a wholesale stay on discovery.

### D) No Waiver Local Rule/Court Order Regarding Discovery Dispute

21. Defendant was obligated to follow Local Rule 26 (e) to seek resolution of the dispute prior to filing any motion. The motion practice on this dispute is a prime example of why parties and the Court benefit from compliance with these obligations. Defendants' failure to comply with these obligations is itself sufficient reason to deny Defendant's Motion.

22. Plaintiff did not instruct Defendant to bypass the Local Rules and Federal Rules for Civil

Procedure to file this Motion to stay discovery. Defendant never discussed any discovery issues with Plaintiff, Defendant never notified Plaintiff of its opposition to a stay of discovery and Defendant never informed Plaintiff of Defendant's Motion to stay discovery prior to filing at this court. Plaintiff did not and could not have anticipated that Defendant would see it fit to not comply with the Local Rules or order of the Court regarding the discovery dispute. There is no discovery dispute in the first place, neither Plaintiff nor Defendant asked any discovery requests to the other party! Thus, Defendant's Motion should be denied.

**E. Defendant's non-cooperation in Discovery and desperate effort to stay on discovery is nothing but a dilatory tactics and fraudulent activity substantiate Defendant's bad faith and unclean hand**

23.   This Whistleblower case started with OSHA on 3rd January, 2024, was with Office of the Administrative Law Judges (OALJ) from March 5-August 5, 2024 and now the case is with this Court since August 5, 2024. Plaintiff respectfully shows that Defendant is constantly utilizing delaying tactics, not participating in any discovery process and Defendant is making mockery of the Court system. While the case here is *de novo*, Plaintiff is submitting evidence from OSHA and OALJ to substantiate Defendant's dilatory tactics.

24.   Defendant, Walmart Inc, submitted their position Statement on February 21, 2024. OSHA investigator requested for documents, but Defendant declined to provide those documents.

1) At OSHA (February 2024): Defendant declined to provide documents relevant to this case to the OSHA investigator claiming the document (EXHIBIT 1, Dkt# 13) was attorney-client privilege materials(Dkt #13, ¶ 13). This lawsuit is about the wrongful termination due to

Plaintiff's whistleblowing activities, the employer can prevail only if it

> "demonstrates by clear and convincing evidence that the employer would have taken the same unfavorable personnel action in the absence of that behavior"

See Murray v UBS Securities, et al[4]. In order to demonstrate that Defendant would have terminated Plaintiff without Plaintiff's whistleblowing activities, Defendant submitted a redacted email (EXHIBIT 1, Dkt# 13) among Walmart HR, Walmart Ethics Department and Walmart's management which included the reasons for the termination. This is the most relevant document Walmart submitted so far. This is the document Defendant altered and modified and submitted to OALJ on June 14, 2024 possibly to commit fraud upon the Court to deceit plaintiff.

2) At OALJ (March 5 - August 5, 2024):

   a) April 15, 2024: OALJ issued

   > "NOTICE OF ASSIGNMENT AND INITIAL ORDER" and ordered, "The Parties shall immediately commence discovery exchange. Pursuant to 29 C.F.R. §18.50(c)(1), within twenty-one days from the date of this Order and without awaiting a formal discovery request, the Parties shall exchange all documents and information required by the foregoing rule that they have not previously provided to each other. All initial disclosures must be made in writing, signed, and served on the opposing Party, and the Parties must supplement their initial disclosures when required by 29 C.F.R. 18.53(a). Initial disclosures are not to be filed in the record."

   b) On or around May 22, 2024. The court appointed a mediation judge through Alternative Dispute Resolution (ADR).

   c) May 7, 2024: Even before the Court appointed a mediation Judge and even after the discovery started on April 15, 2024, Defendant did not participate in the Discovery process. On May 7, 2024 the Defendant wrote to OALJ:

---

[4] https://www.supremecourt.gov/opinions/23pdf/22-660_7648.pdf

"Respondent's position is that ADR would not be appropriate without a stay of proceedings pending the outcome of ADR…Respondent's position is that **no discovery should take place until the completion of court-sponsored alternative dispute resolution, and until Complainant has served his detailed Complaint** pursuant to this Court's Initial Order. Accordingly, pursuant to 29 CFR § 18.50(a)(i), Respondent respectfully requests the Court enter a discovery plan including the following limitations and orders..Moreover, Complainant's detailed Complaint is not due until May 15, 2024. Until then, Respondent is unable to determine the appropriate scope of Complainant's contentions for purposes of responding to Complainant's discovery requests. **Time to respond to discovery**. In the event the Court orders the parties to initiate written discovery, Respondent requests that the Court defer to the response times set forth in 29 C.F.R. §§18.61-18.65." (emphasis added)

d) May 10, 2024: OALJ had to issue "MINUTE ORDER" and the Court stated,

"On April 15, 2024, the Court issued a Notice of Assignment and Initial Order ("NOA") addressing various procedural matters. The NOA indicated in part that discovery had commenced…The NOA dictates that discovery has commenced, and any stay thereof is premature at this juncture. While the Court may consider a defined stay in short duration once mediation is scheduled, an open-ended stay absent a scheduled mediation would not maximize judicial efficiency. Accordingly, all deadlines and directives within the NOA remain intact until further notice, including all applicable discovery provisions.."

e) June 6, 2024: Plaintiff made a good faith effort with Defendant for Plaintiff's discovery request when Defendant did not produce any documents after 36 days of Plaintiff's Initial Discovery request

f) June 7, 2024: Plaintiff filed Motion to Compel and Respondent filed a Motion for Protective Order and Pre-hearing Conference

g) June 14, 2024: Defendant submitted its answer to OALJ when Plaintiff's Motion to Compel was pending. Defendant modified and altered EXHIBIT 1 (Dkt# 13) and presented as EXHIBIT 2 (Dkt #13) at OALJ and asserted OALJ that if there is a protective order, Defendant will be happy to provide an un-redacted version of the email

with attachments, intended on providing the attachments subject to a protective order . OALJ fell into Defendant's trap, Defendant tainted OALJ and was successfully able to get the protective order without participating in a single discovery in more than 150 days at OALJ. Please see Dkt #16  (¶ 24 - ¶ 36) for more details.

h) Defendant substantiated its own dilatory behavior when Defendant submitted unredacted email (EXHIBIT 2, Dkt #13) at OALJ on June 14, 2024 *after holding in captivity for 114 days,* Redacted version of this email (EXHIBIT 1, Dkt #13) at OALJ) was given to OSHA on February 21, 2024 and Defendant asserted OSHA that

> "We understand and appreciate your request for an unredacted copy of Exhibit One.  However, that email is potentially protected by the attorney client privilege, and we are not able to disclose privileged portions.".

Plaintiff has substantiated in Dkt #16  (¶ 32 - ¶ 33) that none of those redacted materials were attorney-client privileged materials as defined by Federal Rules for Civil procedure but Defendant withheld it for about 4 months! This is a classic dilatory behavior and Plaintiff has reasons to believe that Defendant is obstructing justice by not only utilizing dilatory tactics but also altering/modifying that document (Dkt #13, EXHIBIT 2).

25. Defendant's dilatory tactic to stay discovery should be denied.

### III.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant's Motion [Dkt. 18] to Stay Discovery Pending Disposition of Defendant's forthcoming Motion to Dismiss Plaintiff's Second Amended Complaint be DENIED and another extension of time (January 27, 2025) for the reasons set forth above be DENIED in its entirety so as to prevent any further delays. Plaintiff

further requests for such other and further relief to which it may be justly entitled. Plaintiff respectfully request this Court to enter an ORDER GOVERNING PROCEEDINGS including but not limited to rule 26f Conference, Discovery schedule consistent with Federal Rules of Civil Procedure and Local Rules.

Dated: October 21, 2024

       Respectfully Submitted,

       *[signature]*
       DILIP JANA, Plaintiff
       *Pro Se*
       Telephone : 318-243-9743
       Email: janadilip@gmail.com
       800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On October 21, 2024, a true and correct copy of the foregoing was caused to be served upon to the following through the Court's CM/ECF system:

Peter S. Wahby
Texas Bar No. 24011171
Peter.wahby@gtlaw.com

Morgan E. Jones
Texas Bar No. 24132301
Morgan.jones@gtlaw.com

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601

ATTORNEYS FOR DEFENDANT WALMART INC.

Respectfully Submitted,

_____
DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002