IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DILIP JANA, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> WALMART INC., § <br> § <br> Defendant. § | § <br> § <br> § <br> § <br> Civil Action No. 4:24-cv-00698-SDJ-KPJ <br> § <br> § <br> § <br> § |

**DEFENDANT WALMART INC.'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY OR, IN THE ALTERNATIVE, TO ENLARGE TIME TO ENTER A SCHEDULING ORDER**

Defendant Walmart Inc. ("Walmart") hereby files this Reply in support of its Motion to Stay Discovery or, in the Alternative, to Enlarge Time to Enter a Scheduling Order (Dkt. No. 18 (the "Motion")) and would show the Court as follows:

1. As stated in the Motion, this Court is empowered to stay discovery in this case for "good cause." (Dkt. No. 18 at 3–4.) Here, there is good cause to stay discovery because Walmart's Motion to Dismiss, (Dkt. No. 22, filed concurrently herewith), may preclude the need for discovery altogether. (Dkt. 18 at 4–5.) Walmart's Motion to Dismiss presents grounds for dismissal of this entire case because both of Plaintiff's claims require a showing of overlapping elements. (*See* Dkt. No. 22; Dkt. No. 18 at 4–5.) Further, discovery will not address any issue necessary to the Court's resolution of Walmart's Motion to Dismiss. (Dkt. No. 18 at 5.) Accordingly, the Court should enter a stay to avoid unnecessary burden and expense to the Court and the parties. (*Id.* at 5–6.)

2. In the alternative, the Court should extend the deadline for the Court to enter a scheduling order in this case. The Court, upon a finding of good cause, has the power to do so under Federal Rule of Civil Procedure 16(b)(2). An extension of the Court's deadline to enter a

scheduling order is necessary to avoid premature expiration of initial discovery deadlines under Rule 26, which requires the parties to confer on a discovery plan, submit a discovery report to the Court, and exchange initial disclosures. (*See* Dkt. 18 at 6.)

3.  Here, there is good cause to enlarge the time for the parties to satisfy their Rule 26 obligations. Walmart has moved to substitute counsel, was only recently properly served, and has been forced react to Plaintiff's filing of two amended complaints, the second being improperly filed without leave of Court. (*See id.* at 6–7.) The Motion's requested extension of time for the Court to enter a scheduling order is necessary to enable Walmart to meaningfully participate in the valuable Rule 26 process. (*See id.*) Plaintiff's Response in Opposition to Defendant's Motion to Stay Discovery Pending Disposition of Defendant's Forthcoming Motion to Dismiss Plaintiff's Second Amended Complaint ("Response"), (Dkt. No. 21), is bloated with unsubstantiated allegations of criminal conduct and is ultimately non-responsive.

4.  As an initial matter, the Response reiterates Plaintiff's misapprehension that "Walmart and it's attorney's [sic] knowingly and willfully made materially false, fraudulent statements/representation and altered a document for the purpose of committing fraud against" the Department of Labor. (Dkt. No. 21 ¶ 3; *see id.* ¶¶ 6, 23–25.) Plaintiff does not explain what allegedly fraudulent statements he thinks Walmart's prior counsel made. (*See generally id.*) And by "altered a document," Plaintiff actually means that Walmart's prior counsel redacted a portion of an email produced in the administrative proceedings below. (*See id.* ¶ 24.) Walmart later determined that the redacted portion of the email was not privileged and produced the unredacted email. (*See id.*) This is routine discovery practice—not "white-collar crime" or "document fraud," as Plaintiff asserts. Plaintiff's supposed criminal accusations are undeserving of this Court's time and are entirely unrelated to the Court's consideration of the Motion.

5.  In addressing the substance of the Motion, Plaintiff first relies on this Court's Local Civil Rules, which state that "[e]xcept in cases involving . . . a court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss." E.D. TEX. LOC. R. CV-12.  This reliance is misplaced.  Local Rule 12 prohibits a party from refusing to answer a discovery request merely because a motion to dismiss is filed.  That is not the case here: Plaintiff—by his own admission—has not served any discovery requests on Walmart in this action, and the Motion does not seek to stay or extend Walmart's hypothetical deadline to respond to nonexistent pending discovery requests.  Additionally, Local Rule 12 expressly excepts from its scope cases involving "a court order to the contrary," which is precisely what the Motion seeks. *Id.*  Local Rule 12 is thus inapplicable.

6.  The Response also notes that a stay of discovery pending resolution of a motion to dismiss is "the exception rather than the rule." (Dkt. No. 21 ¶ 7.)  Specifically, the Response describes the "exception" as when "one issue [] may be determinative of a case." (*Id.* ¶ 10.)

7.  This case fits neatly within the Response's description of the "exception" because one issue may be determinative.  Plaintiff's operative Complaint includes two claims, which both require Plaintiff to prove he was engaged in "protected activity." (*Id.* ¶ 17.)  Additionally, both causes of action are subject to the same statutory affirmative defense: that Walmart would have terminated Plaintiff even in the absence of Plaintiff's purported protected activity. *See Allen v. Admin. Rev. Bd.*, 514 F.3d 468, 475–76 (5th Cir. 2008) (quoting 49 U.S.C. § 42121(b)(2)(B)(iv)); 29 C.F.R. § 1991.109(b).  Walmart's Motion to Dismiss argues that Plaintiff has not alleged facts to support that he was engaged in protected activity and argues that the statutory affirmative defense is determinable as a matter of law from Plaintiff's pleading. (*See* Dkt. No. 22.)  Thus, it is exceedingly unlikely that the Court could dismiss one—but not both—of Plaintiff's claims.

Accordingly, Walmart's Motion to Dismiss may be determinative of this entire case, and there is good cause to stay discovery until the Motion to Dismiss is resolved. *See Owens v. TransUnion, LLC*, No. 4:20-cv-665-SDJ-KPJ, 2022 WL 17732319, at *1 (E.D. Tex. May 17, 2022).

8.   The Response separately argues that Walmart's Motion to Dismiss is "unlikely to be granted." (*See* Dkt. No. 21 ¶ 12.)  Plaintiff filed the Response before Walmart filed its Motion to Dismiss, so it is unclear how Plaintiff can take a position on the merit of the motion.  In any event, Walmart's Motion to Dismiss highlights the crucial and commonsense deficiency of Plaintiff's Second Amended Complaint—that none of Plaintiff's allegations of wrongful conduct by Walmart implicate Sarbanes-Oxley or the antitrust laws. (*See* Dkt. No. 22.)  The Court should address this threshold question before the parties engage in costly discovery on ancillary issues.

9.   The Response also states that "Plaintiff seeks a preliminary injunction, [which] present[s] a compelling need for prompt discovery." (Dkt. No. 21 ¶ 13.)  But Plaintiff has neither moved for a preliminary injunction nor included such a claim in his operative pleading.[1] (*See* Dkt. No. 13.)  And even if Plaintiff had moved for a preliminary injunction, that does not itself explain why discovery must proceed prior to the resolution of Walmart's Motion to Dismiss.

10.  The Response also argues Walmart has not met its burden of "show[ing] a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, to establish good cause for a discovery stay." (Dkt. No. 21 ¶ 17.)  But the "particular and specific demonstration of fact" standard is the standard the Court applies in determining whether it should enter a protective order, not a stay.  *In re Terra Int'l., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).  Even

---

[1] To the extent that the vague statements at paragraphs 2 and 8 of Plaintiff's Prayer for Relief could be considered as requesting a "preliminary injunction," it is unclear what Plaintiff is actually seeking and mere statements in a Prayer for Relief are insufficient to state such a claim. *See Mitchell v. Sizemore*, No. 6:09cv348, 2010 WL 457145, at *3 (E.D. Tex. Feb. 5, 2010) (finding "vague and conclusory allegation[s] . . . insufficient to show entitlement to injunctive relief").  Further, this Court's Local Rules require that an "application for a temporary restraining order or for a preliminary injunction . . . be made on an instrument separate from the complaint." E.D. TEX. LOC. R. CV-65. No such application has been made in this case, and even if one was made, no basis exists for injunctive relief.

so, Walmart's Motion is not based on "conclusory arguments," as Plaintiff contends. Instead, Walmart requested this Court stay discovery because: (1) Walmart's Motion to Dismiss is potentially case-determinative due to Plaintiff's overlapping claims, (2) discovery is unnecessary for the Court to resolve the Motion to Dismiss, and (3) Plaintiff's conduct in the administrative proceedings below demonstrates that discovery will likely be time-consuming and expensive. These facts sufficiently demonstrate good cause to stay discovery, even if improperly viewed through the inapplicable standard Plaintiff utilizes in the Response.

11. Finally, the Response argues that the Court should deny the Motion because Walmart failed to follow this Court's conference requirement for non-dispositive motions. (Dkt. No. 21 ¶ 21–22.) However, pursuant to pursuant to Local Rule CR-47 and a discussion between Walmart's counsel and a representative of the Court regarding this rule, this Court does not enforce the pre-filing conference requirement in cases involving a pro se litigant.[2]

12. In sum, Plaintiff and Walmart agree the Court may, under exceptional circumstances, stay discovery pending resolution of a motion to dismiss. As set forth in Walmart's Motion, exceptional circumstances exist here. Walmart's Motion to Dismiss is potentially dispositive of this entire case, so allowing discovery to proceed risks needless and extensive burden and expense. And even if the Court finds no good cause for a discovery stay, the Court should enlarge the time required for it to enter a scheduling order. Doing so will properly align initial discovery conference requirements under Rule 26 with Walmart's deadline to answer the Complaint. (*See* Dkt. No. 18 at 6–7.) Walmart thus respectfully requests that the Court grant the Motion.

---

[2] Local Rule CR-47(a)(3) provides in pertinent part: "Certificates of conference are not required of *pro se* litigants (prisoner or non-prisoner)[.]" On October 8, 2024, Walmart's counsel sought clarification from the Court regarding Rule CR-47(a)(3) and whether conferring with Plaintiff before filing the Motion was required. The Court indicated that the pre-filing conference requirement did not apply because Plaintiff is a *pro se* litigant.

| | |
|---|---|
| Dated: October 28, 2024 | Respectfully submitted, |

                                          */s/ Peter S. Wahby*
**Peter S. Wahby**
Texas Bar No. 24011171
peter.wahby@gtlaw.com
**Morgan E. Jones**
Texas Bar No. 24132301
morgan.jones@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Ave., Suite 5200
Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile:  214.665.3601

**ATTORNEYS FOR DEFENDANT WALMART INC.**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document was served upon the following party via the Court's CM/ECF system on October 28, 2024:

    Dilip Jana
    800 Fairlawn Street
    Allen, Texas 75002
    janadilip@gmail.com

                                          */s/ Morgan E. Jones*
                                            Morgan E. Jones