# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

*In the Matter of:*

DILIP JANA,
*Plaintiff*

v.

WALMART, INC,
*Defendant*

Civil Action No. **4:24-cv-00698-SDJ-BD**

Honorable Bill Davis, Honorable Sean D Jordan

**FILED U.S. DISTRICT COURT NOV 04 2024 EASTERN DISTRICT OF TEXAS BY DEPUTY:** ____

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S RESPONSE (DKT 23) TO STAY DISCOVERY PENDING DISPOSITION OF DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Dr. Dilip Jana ("Plaintiff"), files this Sur-Reply in Opposition to Defendant's Response to Stay Discovery Pending Disposition of Defendant's Motion to Dismiss [Dkt. 23] (the "Motion") and respectfully states as follows:

### I. PLAINTIFF'S SUR-REPLY

**A. Defendant's "routine discovery practice" is a "white-collar crime" or "document fraud" and is a dilatory practice and warrants the start of immediate discovery**

1.      The United States Congress designated Occupational Safety and Health Administration ("OSHA") to investigate Whistleblower cases without giving OSHA any Compel/subpoena power. As a result, if the Defendant does not want to co-operate on Discovery with an OSHA investigator, OSHA cannot enforce and this leads to unnecessary delay in the OSHA's Federal Investigation. This is a

loophole in the Whistleblower justice system that employers abuse and as a result OSHA investigation takes a long time. The OSHA investigator requested (Dkt 13, ¶13) an unredacted version of EXHIBIT 1(Dkt 13) which on February 21, 2024 Defendant submitted to OSHA as an EXHIBIT for Defendant's Position Statement to support Defendant's claim of non-retaliatory termination, but Defendant declined to provide. **"Termination recommend...msg"** which is a message in EXHIBIT 1 (Dkt 13), disclosing this message will liberate the true reason for Plaintiff's termination and it will save litigation cost, it will save Court's time. This file is directly relevant to the case and the burden or expense of this discovery request does not outweigh its likely benefit. **About 250 days have passed**, Walmart is still holding it off successfully by utilizing loopholes in the legal system by simply applying dilatory tactics and fraud. Now asking this court for no discovery to take place till January 27, 2027.

2.      While Defendant made a conclusory statement to support stay on Discovery: "exceptional circumstances exist here", Plaintiff takes this opportunity to substantiate that giving the document out will be letting the cat out of the bag just by disclosing ***only one document***: EXHIBIT 1, Dkt 13 with its original form which is relevant in this case (emphasis added) and therefore, Defendant is requesting this Court to stay on Discovery. While this case is related to Antitrust law violation (CAARA) and violation of any provision of Federal law relating to fraud against shareholders (SOX), let's forget about any Discovery related to SOX and CARRA. Defendant forwarded that email (EXHIBIT 1, Dkt 13) to Defendant's attorney; during the forwarding process that email was modified and altered attachment and renamed it, **"Recommendation.docx"** (EXHIBIT 2, Dkt 13) and **"Termination recommend...msg" disappeared in the altered document** (EXHIBIT 2, Dkt 13), because a message cannot be modified while a docx file can be modified! EXHIBIT 1 and EXHIBIT 2 have ***different Sent dates*** even if they are the same email. At the bottom of the altered document EXHIBIT 2 has a page

number 1 which indicates an editor was utilized to alter. Also, there are many inconsistencies in the body of the email. Defendant submitted the altered document at OALJ court to manipulate the Court. There may be more alternation which Plaintiff does not know, since the case related to document fraud/white-collar crime is beyond the scope of this lawsuit.

3. Plaintiff explained in Dkt 21, ¶24 in great details how this Defendant utilized dilatory practice to avoid participating Discovery process at OALJ and circumstances how Defendant modified and altered documents, Defendant claims that is "**routine discovery practice**" to use as a bait to OALJ and was successfully tainted OALJ which was a white-collar crime. **The bigger picture: this case is in this Court docket from August 5, 2024 and Defendant does not want to participate in discovery until January 27, 2025 which is 175 days from the date this case was filed (emphasis added).** There is no good cause, it's plain dilatory tactics and bad faith by the Defendant. Defendant's Motion to stay on Discovery and enlarge time on Scheduling order should be denied.

4. Right after changing its attorney, on October 11, 2024 Defendant filed this Motion and quoted wrong discovery deadlines: "deadline to serve its initial disclosures to Plaintiff both remain as October 11, 2024."; filing a Motion means pause for discovery for a few weeks demonstrates a plain dilatory tactic. This Court did not Issue any ORDER GOVERNING PROCEEDINGS for this case and Plaintiff has no clue how Defendant came up with these deadlines. According to Defendant, Initial Disclosure was due on October 11, 2024. That means parties had a hypothetical 26f conference on or after 27th September, 2024. But in reality, parties never met for 26f conference; This is not a mistake; Defendant's attorneys are very experienced. What it demonstrates is Defendant is scrambling to avoid participating in the Discovery process because more crimes committed by the Defendant (Dkt #13, EXHIBIT 2, ¶1 of this document) and the true reason for the termination will be exposed by just releasing one email

Dkt #13, EXHIBIT 1). Exposing just one email (Dkt #13, EXHIBIT 1) has nothing to do with Defendant's "unnecessary burden and expense,", "novel claims", "complicate,", "undue burden or expense","unnecessary expense", "burdensome", "face tremendous burden and expense". Defendant's request for this Motion is in bad faith, there is no good cause exists for Defendant's Motion to extend time and entirely related to the Court's consideration of the Motion to DENY.

## B.   Motion to Dismiss Also Fails on the Merits

5.   Defendant tried to Dismiss the entire case and stay on Discovery at the Department of Labor but failed. Defendant wrote to OALJ (Dkt 13, ¶18) but OALJ declined Defendant's Dismissal request and instead OALJ set up a Trial date for February 2025 (Dkt 13, ¶19). Now Defendant is applying same dilatory tactic in this Court and submitted meritless Motion to Dismiss to buy more time.

6.   Defendant has not raised grounds sufficient to justify dismissal of the case. As an initial matter, although titled a motion to dismiss, the motion includes matters outside the pleadings, which normally are considered in a motion for summary judgment. See Fed. R. Civ. P.12(d). In light of the Court's duty to construe liberally pleadings and motions of *pro se* parties, the Plaintiff requests the Court to consider Defendant's Motion to Dismiss under the law regarding both dismissal and summary judgment. See Bernhardt v. Los Angeles Cnty., 339 F.3d 920, 925 (9th Cir. 2003).

7.   Rule 8(a) of the Federal Rules of Civil Procedure requires only "a short plain statement of the claim" showing the pleader is entitled to relief. While Plaintiff's complaint has detailed description of fraud and the complaint was specific enough that the Defendant investigated which warrants Plaintiff to be protected because of Plaintiff's protected whistleblowing activities; heightened Pleading Standard Rule 9(b) does not apply to SOX (and CAARA) Whistleblower Cases. see <u>Wiggins v. ING</u>, *Wiggins* follows the Fifth Circuit's holding in *Wallace,* of broadly construing SOX protected whistleblowers and

refusing to impose a heightened standard of objective reasonableness. This is important because it makes it much more difficult for an employer to seek dismissal of a SOX whistleblower case (and CAARA) at the pleading stage on a motion to dismiss. Moreover, "[a] complaint survives a motion to dismiss even '[i]f there are two alternative explanations, one advanced by [the] defendant and the other advanced by [the] plaintiff, both of which are plausible.'" Banneker Ventures, LLC v. Graham, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) (first bracket added)). Even if the defendant believes that its version will "prove to be the true one . . . that does not relieve defendant [ ] of [its] obligation to respond to a complaint that states a plausible claim for relief, and to participate in discovery." *Id*

## II.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant's Motion [Dkt. 18] to Stay Discovery Pending Disposition of Defendant's Motion to Dismiss be DENIED.

Dated: November 4, 2024

Respectfully Submitted,

*[signature]*

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: [redacted]
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On November 4, 2024, a true and correct copy of the foregoing was caused to be served upon to the following through the Court's CM/ECF system:

Peter S. Wahby
Texas Bar No. 24011171
Peter.wahby@gtlaw.com

Morgan E. Jones
Texas Bar No. 24132301
Morgan.jones@gtlaw.com

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601

ATTORNEYS FOR DEFENDANT WALMART INC.


Respectfully Submitted,

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002