IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DILIP JANA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00698-SDJ-KPJ |
| | § | |
| WALMART INC., | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S
### UNOPPOSED MOTION FOR EXTENSION OF TIME

Defendant Walmart Inc. ("Walmart") hereby files a brief Response to Plaintiff's Unopposed Motion for Extension of Time (the "Motion to Extend") to correct a misstatement by Plaintiff and clarify the application of pertinent local rules.

On October 28, 2024, Walmart filed its Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion to Dismiss"). *See* DKT 22. On October 30, 2024, Plaintiff Dilip Jana ("Plaintiff") contacted Walmart's counsel and requested a thirty-day extension of his default deadline to respond to the Motion to Dismiss. Walmart did not oppose Plaintiff's requested extension. On October 31, 2024, Plaintiff filed his Motion to Extend.[1] *See* DKT 25.

---

[1] Walmart notes the blatant inconsistency between Plaintiff's prior filings and his Motion to Extend. Plaintiff vehemently opposed the extension of Walmart's answer deadline and Walmart's Motion to Stay Discovery or Alternatively Enlarge Time to Enter a Scheduling Order (the "Motion to Stay"). *See* DKT 8, Plaintiff's Opposition to Defendant's Motion to Extend; DKT 11, Plaintiff's Motion to Reconsider to Deny Defendant's Motion to Extend; DKT 21, Plaintiff's Opposition to Motion to Stay. Plaintiff claims his requested extension "will not unreasonably delay or impact this case," yet he argued the Court should deny Walmart's requested extensions "so as to prevent any further delays." *Compare* DKT 25, ¶ 5 *with* DKT 8, p. 4; DKT 21, p. 14. Plaintiff also repeatedly characterized Walmart requesting an extension of its answer deadline and filing a Motion to Stay as "dilatory tactics," "fraudulent activity," and "[Walmart] acting in bad faith." *See* DKT 11, ¶¶ 13, 14; DKT 21, ¶ 1, 3, 6, 22–23, 25. Plaintiff clearly does not view *all* extension requests as "fraudulent activity"—only extensions requested by Walmart.

1

In the first paragraph of the Motion to Extend, Plaintiff erroneously claims that Walmart filed its Motion to Dismiss one day late. *See* DKT 25, ¶ 1 ("Honorable Bill Davis ordered, 'Walmart must answer or otherwise respond to Jana's second amended complaint by October 28, 2024.' On October 29, 2024, Defendant filed its Motion to Dismiss[.]"). Plaintiff cites Local Rule CV-5(a)(3)(C) to support his mistaken conclusion. *Id.*, p. 1 n. 1. This rule provides in pertinent part that "documents filed electronically after 5:00 p.m. Central Time shall be deemed *served* on the following day." *See* Rule CV-5(a)(3)(C) (emphasis added). Plaintiff clearly failed to read the entire rule he cited, because the same rule also provides that filings "completed before midnight Central Time [are] considered timely *filed* that day." *See* Rule CV-5(a)(3)(D) (emphasis added). As Plaintiff identified in his Motion to Extend, Walmart filed its Motion to Dismiss long before midnight. *See* DKT 25, p. 1 n. 1 ("Defendant submitted Dkt #22 on October 28, 2024 at 6:47 pm CDT at Court's CM/ECF system[.]"). Accordingly, Walmart timely filed its Motion to Dismiss. *See* Rule CV-5(a)(3)(D).

Dated: November 4, 2024                    Respectfully submitted,

*/s/ Peter S. Wahby*
**Peter S. Wahby**
Texas Bar No. 24011171
peter.wahby@gtlaw.com
**Morgan E. Jones**
Texas Bar No. 24132301
morgan.jones@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Ave., Suite 5200
Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile:  214.665.3601

**ATTORNEYS FOR
DEFENDANT WALMART INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served upon the following party via the Court's CM/ECF system on November 4, 2024:

Dilip Jana
800 Fairlawn Street
Allen, Texas 75002
janadilip@gmail.com

                                              */s/ Morgan E. Jones*
                                                Morgan E. Jones