# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **DILIP JANA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00698-SDJ-KPJ |
| | § | |
| **WALMART INC.,** | § | |
| | § | |
| Defendant. | § | |

## WALMART INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
## PLAINTIFF'S SECOND AMENDED COMPLAINT

## **TABLE OF CONTENTS**

I. SUMMARY OF REPLY ........................................................................................................ 3

II. ARGUMENT ........................................................................................................................ 3

   A. The Court Should Grant the Motion Because Plaintiff's Non-Conclusory Factual Allegations Do Not Plausibly Suggest that Plaintiff Engaged in Protected Activity. ........ 3

   B. Plaintiff Failed to Plead Facts Sufficient to Plausibly Suggest His Conduct Was Protected Under Either SOX or CAARA. ....................................................................................... 5

      1. The Complaint's factual allegations do not suggest Plaintiff's belief of a SOX violation was objectively reasonable. ....................................................................................... 7

      2. The Complaint's factual allegations do not suggest Plaintiff's belief of an antitrust violation was objectively reasonable. ..................................................................... 9

   C. The Complaint is Self-Defeating Because It Pleads Facts that Demonstrate a Meritorious Affirmative Defense. ....................................................................................................... 10

   D. A Third Amended Complaint Would Not Survive Dismissal. ........................................ 12

III. CONCLUSION .................................................................................................................. 12

I. **SUMMARY OF REPLY**

The Court should grant Defendant Walmart Inc.'s ("Walmart") Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint, Dkt. No. 22 (the "Motion"), because Plaintiff Dilip Jana's ("Plaintiff") Second Amended Complaint (the "Complaint") consists entirely of factual allegations from which no reasonable person could conclude that Walmart violated any law. Instead of arguing that he has alleged sufficient facts to state a claim, Plaintiff has filed a Response in Opposition to Defendant's Motion to Dismiss, Dkt. No. 29 (the "Response"), that is bloated with misguided attempts to lower Plaintiff's pleading burden and escape dismissal. As set forth below, the applicable Federal Rules and caselaw command that Plaintiff plead non-conclusory factual allegations that are tethered to the underlying elements of the improper conduct he accuses Walmart of. Plaintiff has not done so, and the Court should dismiss his Complaint.

II. **ARGUMENT**

   A. **The Court Should Grant the Motion Because Plaintiff's Non-Conclusory Factual Allegations Do Not Plausibly Suggest that Plaintiff Engaged in Protected Activity.**

As described in the Motion, the Court should dismiss the Complaint because it fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See* Motion at 15 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court should reject Plaintiff's various attempts to lower his pleading burden—none are grounded in law.

Plaintiff first emphasizes that, at the pleading stage, he need not "prove" or "establish" any of his claims. *See* Response ¶¶ 1, 5. True—but this oversimplifies the Court's process in evaluating a 12(b)(6) motion to dismiss, which includes identifying Plaintiff's non-conclusory factual allegations, accepting them as true, and determining whether they give rise to a plausible claim for relief. *See Iqbal*, 556 U.S. at 679. The Motion is not based on Plaintiff's failure to

establish his claims with evidence—it is based on Plaintiff's failure to allege facts which, if taken as true, would allow a reasonable juror to conclude Plaintiff is a protected whistleblower.

Plaintiff next suggests that *pro se* litigants are exempt from *Twombly* and *Iqbal*. *See* Response ¶ 9. Not so. The opinion Plaintiff cites indeed applied the *Twombly* standard in reviewing dismissal of a *pro se* litigant's complaint. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). And Plaintiff's citation to studies evaluating *Iqbal*'s impact on *pro se* litigants necessarily belies Plaintiff's suggestion that pro se litigants are exempt from *Iqbal*. *See* Response ¶¶ 11–13.

Relatedly, Plaintiff erroneously argues that because *Iqbal* involved Title VII discrimination claims, the pleading standard established therein does not apply to SOX, which does not utilize the Title VII framework. *See* Response ¶¶ 14–16. But, as the Court well knows, *Iqbal*'s reasoning flowed from the Federal Rules of Civil Procedure—not Title VII. *See* 556 U.S. at 677–80.

Plaintiff cites *Sylvester v. Parexel Int'l LLC*, ARB No. 07–123, 2011 WL 2517148 (ARB May 25, 2011), for the proposition that *Twombly* and *Iqbal* "should not be applied to SOX whistleblower claims." Response ¶ 15. But *Sylvester* concerned a complaint filed not in federal court but at the administrative level with OSHA, whose proceedings are not subject to the Federal Rules of Civil Procedure. *See* 2011 WL 2517148, at *10. The Administrative Review Board rejected the application of *Iqbal* to complaints filed with OSHA because "SOX complainants would be required to file the equivalent of a federal court complaint when they initiate contact with OSHA." *Id.* Here, Plaintiff elected to kick his case out to this Court. In making that election, Plaintiff subjected himself to Rule 8(a) pleading standards.

Plaintiff also notes that the Court should liberally construe filings of *pro se* litigants. *See* Response ¶ 9. Although the Court may do so, Plaintiff's *pro se* status does not require the Court to "create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-

Page 4

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). And in any event, Plaintiff has pled, with ample sophistication and in plenty detail, many baseless allegations about Walmart's conduct—the problem for Plaintiff is that no reasonable person could view those allegations, even if true, as evidencing conduct that gives rise to a claim under SOX or the antitrust laws. This problem remains regardless of how liberally the Court construes the Complaint.

Finally, Plaintiff confuses Rule 9(b)'s heightened pleading standard for claims of fraud or mistake with the Rule 8(a) plausibility standard. Plaintiff contends, citing plenty of cases in support, that the Rule 9(b) pleading standard does not apply to whistleblower claims where the underlying illegal conduct is fraud. *See* Response ¶¶ 17–19. But nowhere in the Motion did Walmart contend that Plaintiff must allege the elements of his claims with the particularity required by Rule 9(b). Instead, the Motion argues that the Complaint fails under Rule 8(a), as interpreted by *Twombly* and *Iqbal*. For the reasons described in the Motion and below, the Complaint cannot survive under Rule 8(a) because Plaintiff has not pled facts that plausibly suggest his belief of Walmart's illegal conduct was reasonable.

### B. Plaintiff Failed to Plead Facts Sufficient to Plausibly Suggest His Conduct Was Protected Under Either SOX or CAARA.

As stated in the Motion, Plaintiff must plead facts suggesting his belief in Walmart's improper conduct was objectively reasonable. *See* Motion at 16–19. Plaintiff has not done so. The Fifth Circuit requires that, to survive a 12(b)(6) motion, a plaintiff plead objective reasonability by alleging facts that approximate the elements of the actionable conduct underlying the whistleblower claim. *See Allen v. Admin. Rev. Bd.*, 514 F.3d 468, 477, 480 n.9 (5th Cir. 2008). The Complaint includes an abundance of factual allegations related to Plaintiff's employment at Walmart, but the sum of Plaintiff's allegations does not come close to approximating the elements of either fraud or an antitrust violation.

Here again, Plaintiff attempts to lower the bar for himself, incorrectly arguing that he need not plead facts that resemble the elements of the actionable conduct he accuses Walmart of. In support, Plaintiff again cites to *Sylvester*, Response ¶ 25, a decision by the Administrative Review Board that rejects the standards established in *Allen*, 514 F.3d 468 (5th Cir. 2008), and *Day v. Staples, Inc.*, 555 F.3d 42 (2009), both cited in the Motion. *Sylvester* opined that a SOX Section 806 claimant is not required to plead facts that approximate the basic elements of securities fraud. 2011 WL 2165854, at *18.

Even before the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024), the federal circuits varied on whether *Sylvester* should be afforded *Chevron*, *Skidmore*, or no deference at all. *See Lamb v. Rockwell Automation, Inc.*, 249 F.Supp.3d 904, 912 (E.D. Wisc. 2017) (collecting cases). The Fifth Circuit did not reconsider its standard for objective reasonableness after the *Sylvester* decision. *See Wallace v. Tesoro Corp.*, 796 F.3d 468, 479 (5th Cir. 2015). And other circuits expressly declined to follow the portion of *Sylvester* that Plaintiff relies upon. *See, e.g.*, *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 221 n.6 (2d Cir. 2014) ("We are less certain whether the ARB was correct in concluding that a § 1514A complaint need not even 'approximate specific elements' of the enumerated provisions allegedly violated."); *Ronnie v. Off. Depot, LLC*, 81 F.4th 1345, 1351 (11th Cir. 2023); *Northrop Grumman Sys. Corp. v. U. S. Dep't of Lab.*, 927 F.3d 226, 235 n. 9 (4th Cir. 2019).

After *Loper Bright*, federal courts do not owe the ARB's *Sylvester* decision deference, so this Court should look to the Fifth Circuit's independent interpretations of SOX and CAARA to ascertain if Plaintiff has stated a claim. *See Mayfield v. U.S. Dep't of Lab.*, 117 F.4th 611, 617–20 (5th Cir. 2024) ("[C]ourts decide legal questions by applying their own judgment." (quoting *Loper Bright*, 144 S. Ct. at 2261)). And even *Sylvester* concedes that Plaintiff's claims should be

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

dismissed if "no reasonable person could have believed that the facts amounted to a violation." *Livingston v. Wyeth, Inc.*, 520 F.3d 344 (4th Cir. 2008) (Michael, J. dissenting) (cited with approval in *Sylvester*, 2011 WL 2165854, at *28 n.41). Thus, the Court may ignore *Sylvester*, but even if the decision is persuasive, the Court should still dismiss Plaintiff's claims because no reasonable person faced with the facts alleged by Plaintiff could believe that Walmart's conduct was improper.

### 1. The Complaint's factual allegations do not suggest Plaintiff's belief of a SOX violation was objectively reasonable.

As stated in the Motion, the Court should dismiss Plaintiff's SOX claim because the Complaint's factual allegations do not support that Plaintiff had a reasonable belief that Walmart committed shareholder fraud. *See* Motion at 19–23. Plaintiff does not dispute that Walmart's vendor relationship with Infogain, including the alleged backdating of invoices and statements of work, was eminently normal business practice. *See* Motion at 20–22. Nor does Plaintiff address how Plaintiff's bribery theory is supported by any non-conclusory allegation in the Complaint. *See id.* at 22. And, crucially, the Response includes no explanation from Plaintiff of how a reasonable person would develop the same theories of Walmart's alleged fraud that Plaintiff has.

Plaintiff first contends that he does not need to be a securities expert to reasonably believe Walmart violated a securities law. Response ¶ 31. Walmart agrees. But that Plaintiff was not an expert in securities law informs the reasonable person standard against which Plaintiff's belief is judged. A layperson with Plaintiff's inexperience in identifying SOX violations would not suspect actionable conduct based on the facts Plaintiff has alleged. *See Day v. Staples, Inc.*, 573 F.Supp.2d 336, 346–48 (D. Mass. 2008), *aff'd*, 555 F.3d 42 (1st Cir. 2009) (finding plaintiff's "lack of experience in the industry and ignorance of financial metrics . . . show[ed] that [he] did not harbor a reasonable belief" the defendant violated SOX). And although Plaintiff contends he performed "training" on

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Page 7

Case 4:24-cv-00698-SDJ-BD    Document 30    Filed 12/19/24    Page 8 of 13 PageID #: 587

reporting fraud, *see* Response ¶ 38, the Complaint does not allege facts sufficient to suggest that a reasonable person with the same training would harbor the mistaken suspicions that Plaintiff did.

Plaintiff next argues that because Walmart investigated Plaintiff's numerous unfounded complaints, Plaintiff's belief of improper conduct was objectively reasonable. In support, Plaintiff quotes *Leznik v. Nektar Therapeutics, Inc.*, which states "corporate action taken in response to disclosure of information supports a finding that the employee's belief was a reasonable one." No. 2006-SOX-00093, 2007 WL 5596626, at *7 (DOL Nov. 16, 2007). But the "corporate action" in *Leznik* was the initiation of an internal audit that revealed deficiencies in internal accounting controls and the retention of outside counsel to take corrective action. *Id.* Here, Plaintiff alleges that Walmart took no "action" in response to Plaintiff's accusations because its initial investigation correctly revealed that the accusations were baseless. *See* Compl. ¶¶ 69, 83. Plaintiff's assertion that Walmart fired Ridhi Mehra because Plaintiff blew the whistle, Response ¶ 35, is similarly unavailing: it does not suggest that Plaintiff's belief in a SOX violation (as opposed to mere corporate mismanagement that does not implicate SOX) was reasonable.

Plaintiff also claims he adequately pled that the suspected "fraud" he reported was material to Walmart's shareholders, citing paragraphs 60 and 61 of the Complaint. Response ¶¶ 45–46. But those paragraphs do not describe Plaintiff reporting suspected fraud—they describe Plaintiff sending a picture to his supervisor of a leaking refrigerator at a Sam's Club location, to which his supervisor responded, "That's crazy! Never seen anything like that! . . . A lot of lost sales for sure." Compl. ¶¶ 60–61. Plaintiff does not claim he blew the whistle on refrigerator fraud, so this factual allegation does not assist Plaintiff. The relevant facts pled in the Complaint do not suggest Plaintiff reported anything other than Plaintiff's trivial qualms with Walmart's vendor selection and invoicing process, neither of which relate to shareholder fraud or the securities laws.

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

### 2. The Complaint's factual allegations do not suggest Plaintiff's belief of an antitrust violation was objectively reasonable.

Plaintiff has not pled facts from which a reasonable person could conclude that Walmart engaged in bid-rigging or procurement collusion. On this claim, Plaintiff does not even attempt to point to factual allegations in the Complaint that are tethered to the elements of an antitrust violation. Instead, Plaintiff asserts that whistleblowing based on a mistaken belief is protected under CAARA. *See* Response ¶ 55. But Plaintiff ignores that CAARA requires such a mistaken belief to be objectively reasonable. *See* Allen, 514 F.3d at 480 (in SOX context); *see also* Motion at 17 n.4 (explaining that CAARA and SOX use the same framework for reasonable belief).

Plaintiff reported suspected (1) "bid-rigging" and (2) "procurement fraud" to his supervisors at Walmart. Compl. ¶¶ 47–48, 79. The Complaint alleges no facts about Walmart's conduct that could enable a reasonable person to conclude either occurred. No reasonable person would equate Walmart's favoring a specific third-party vendor to bid-rigging because that is not remotely what bid-rigging is. *See* Motion at 23–24 (explaining that bid-rigging involves **submission** of collusive bids). And although Plaintiff may be correct that the federal government has used the term "procurement fraud," the Response ignores that the term "procurement" refers to government contracts, which Plaintiff's purported whistleblowing had nothing to do with.

In sum, the Court should dismiss Plaintiff's CAARA claim because no reasonable person could suspect that Walmart violated an antitrust law based on the Complaint's factual allegations. A reasonable person would at least Google the basic contours of the conduct prohibited by the antitrust laws and quickly conclude that Walmart's relationship with Infogain was not an antitrust issue. Plaintiff clearly did not do so, and the Court should dismiss his claim because an objectively unreasonable belief of improper conduct cannot support protected activity under CAARA.

### C. The Complaint is Self-Defeating Because It Pleads Facts that Demonstrate a Meritorious Affirmative Defense.

Even if the Court finds that Plaintiff pled sufficient facts to support the elements of his claims, the Court should still grant the Motion because the Complaint also pleads facts that make an affirmative defense to both claims determinable as a matter of law. Plaintiff asserts that "Defendant did not introduce any new facts that would negate the plaintiff's claim," Response ¶ 59, but that misses the point: the Complaint alleges all the facts necessary for the Court to determine that Walmart would have fired Plaintiff irrespective of his unfounded accusations. When a plaintiff pleads facts that demonstrate a meritorious affirmative defense, dismissal is proper because the complaint is essentially self-defeating. *See* Motion at 15–16.

The Motion describes a series of incidents, the facts of which are pled in detail in the Complaint, where Plaintiff disrupted meetings, undermined his supervisors by questioning their credentials, and generally created a toxic work environment. *See* Motion at 26–29. Plaintiff does not disagree that the Complaint alleges that the events outlined in the Motion occurred; he instead defends that his conduct was not unprofessional and was even appreciated by Walmart upper management. *See* Response ¶¶ 64, 71, 73, 78.

Plaintiff's apparent inability to comprehend that his continual questioning of the competency of his supervisors would result in an adverse employment action provides useful context for this litigation. If Plaintiff cannot see why comparing his supervisor's management tactics to those of a dictatorship is unprofessional, it follows that Plaintiff would attempt to explain his termination with baseless claims of retaliation. In any event, regardless of whether the Court agrees that Plaintiff's conduct was appropriate, Walmart did not think it was, and Walmart terminated Plaintiff on that basis. *See* Compl., Ex. 2. Plaintiff fails to address this crucial point: the Complaint alleges (by attaching an internal Walmart email) that Walmart was planning to

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

terminate, and did terminate, Plaintiff based on his "outbursts and disrespect at team meetings." *Id.* Thus, the Court may determine Walmart's affirmative defense as a matter of law at the pleading stage. *See Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017) (affirming dismissal where district court found defense was apparent from face of the complaint).

Walmart's explanation for terminating Plaintiff has not meaningfully changed throughout this litigation, as Plaintiff contends, *see* Response ¶¶ 26, 74. Before both OSHA and this Court, Walmart has stated, using Plaintiff's factual allegations in support, that Walmart terminated Plaintiff due to his toxicity and disrespect towards supervisors. This is not a case like *Jolly v. N. Telecom Inc.*, cited by Plaintiff, where the employer used explanations "so totally inconsistent with each other." 766 F.Supp. 480, 494 (E.D. Va. 1991). Walmart has been consistent: Plaintiff was unpleasant to work with, and his laudable credentials were not worth his workplace disruptions.

Lastly, Plaintiff again returns to his theory that Walmart committed criminal fraud in the OSHA proceedings below by altering a document. Walmart hesitates to dignify this conspiracy theory with another response and instead refers the Court to Walmart's Reply in Support of Motion to Stay Discovery, Dkt. No. 23, which explains that the "altered document" was a mere unredacted version of a document already produced. Relatedly, Plaintiff argues that the Motion should be denied because Walmart has unclean hands from "altering evidence." Response ¶ 85. But as stated above, Walmart did not "alter" evidence—it produced an unredacted version of a document. And the unclean hands doctrine is a defense to equitable claims, not legal claims. *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 794 (5th Cir. 1999). The Motion is brought under Rule 12(b)(6) and does not seek affirmative relief in equity, so unclean hands does not apply.

Page 11
**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

### D. A Third Amended Complaint Would Not Survive Dismissal.

Plaintiff alternatively requests that the Court grant Plaintiff an opportunity to replead if the Court grants the Motion. The Court should decline this request. As explained in the Motion, the Court should dismiss the Complaint not because Plaintiff has failed to include certain factual allegations, but because the thorough set of factual allegations provided do not state a claim. *See* Motion at 25. Indeed, Plaintiff has exhaustively set forth the facts about Walmart's conduct that led Plaintiff to (mistakenly) blow the whistle. No additional facts exist sufficient to make Plaintiff's belief of Walmart's illegal conduct objectively reasonable because it is abundantly clear from the face of the Complaint that no such illegal conduct occurred. Accordingly, an amended pleading would be futile. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). Further, Plaintiff fails to excuse his prior filing of two amended pleadings without leave of court, as required under Federal Rule of Civil Procedure 15(a)(2), which is ample reason for the Court to deny Plaintiff's request for yet another bite at the apple.

### III. CONCLUSION

The Complaint includes every factual allegation that Plaintiff can conceivably make in this case. Indeed, Plaintiff has chronicled the entirety of his employment with Walmart, including the various grievances Plaintiff had with every one of his supervisors. The Complaint should be dismissed because the sum of Plaintiff's factual allegations does not tell a story that a reasonable person could conclude involves Walmart's violation of an antitrust or securities law. And although Plaintiff's *pro se* filings must be construed liberally, even the most liberal construction of the Complaint reveals that his accusations of Walmart's purported illegal conduct were objectively unreasonable. Accordingly, Walmart respectfully requests that the Court grant the Motion and dismiss the Complaint with prejudice.

Dated: December 19, 2024

Respectfully submitted,

*/s/ Peter S. Wahby*
**Peter S. Wahby**
Texas Bar No. 24011171
peter.wahby@gtlaw.com
**Morgan E. Jones**
Texas Bar No. 24132301
morgan.jones@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Ave., Suite 5200
Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601

**ATTORNEYS FOR DEFENDANT WALMART INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the following party via the Court's CM/ECF system on December 19, 2024:

Dilip Jana
800 Fairlawn Street
Allen, Texas 75002
janadilip@gmail.com

*/s/ Morgan E. Jones*
Morgan E. Jones

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**