# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

*In the Matter of:*

DILIP JANA,
*Plaintiff*

v.

WALMART, INC,
*Defendant*

**FILED**
DEC 26 2024
Clerk, U.S. District Court
Eastern District of Texas

Civil Action No. 4:24-cv-00698-SDJ-BD

Honorable Bill Davis, Honorable Sean D Jordan

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**
SUR-RESPONSE TO DKT 30

NOW COMES **Pro Se** Plaintiff, Dr. Dilip Jana, and files this Sur-Response in Opposition to Defendant's Motion to Dismiss [Dkt. 22] and Defendant's Reply (Dkt 30) Plaintiff's Second Amended Complaint ("Complaint") [Dkt 13] and Plaintiff's Response (Dkt 29) pursuant to Rule 12(b)(6) and respectfully asks this Court to deny the motion in its entirety.

## I.  SUMMARY OF REPLY

1. Defendant's Motion to Dismiss [Dkt 22] Plaintiff's Second Amended Complaint [Dkt 13] pursuant to Rule 12(b)(6) ("Defendant's Motion") lacks merit and should be denied. Plaintiff addressed issues raised by Defendant and Plaintiff is entitled to be protected by statutes CAARA and SOX as Defendant failed to substantiate that no reasonable person could conclude that Walmart did not violate Antitrust laws and shareholder fraud reported by Plaintiff. Defendant failed to articulate that Defendant would have terminated Plaintiff in the absence of Plaintiff's whistleblowing activities. In an attempt to avoid

responsibility for its actions made the basis of this lawsuit, and the allegations plead therein, Defendant uses Defendant's Motion at the pleading stage while Defendant is acting in bad faith and unclean hands; and it should be DENIED.

# II. ARGUMENT

### A. The Court Should Dismiss Defendant's Motion Because Plaintiff's Complaint stated facts which Plausibly Suggest that Plaintiff Engaged in Protected Activity.

2. Plaintiff needs only to allege sufficient facts to state a claim to relief that is plausible on its face to survive a Rule 12(b)(6) motion to dismiss and Plaintiff cited Supreme Court's decision in Johnson v. City of Shelby 135 S. Ct. 346 (2014) when Supreme Court reversed 5th Circuits dismissal of Plaintiff's complaint based on Ashcroft v. Iqbal, 556 U.S. 662 (**2009**) ("**Iqbal**" here after)

> "[Twombly and Iqbal] are not in point..Petitioners <u>stated</u> simply, concisely, and directly **events that**, they alleged, entitled them to damages from" Defendant

3. Plaintiff's Response (Dkt 29) ¶**28** asserted that

> Plaintiff "stated simply, concisely, and directly events" in **Complaint ¶¶42 – 61** that alleges Violation of Antitrust Laws ("CAARA") and Fraud against Shareholders ("SOX") which Plaintiff reasonably believed and Plaintiff reported (**Complaint ¶¶62 – 80**) possible fraud in good faith and Defendant investigated based on Plaintiff's Complaint¶¶**65, 81-86**. Plaintiff is entitled to be protected under both SOX and CAARA statutes See Leznik v. Nektar Therapeutics, Inc., 2006-SOX-00093, at 10 & fn. 50 (Nov. 16, 2007). See also Collins, 334 F. Supp. 2d at 1377-1378.

4. After Plaintiff's Response (Dkt 29), Defendant's Reply (Dkt 30) demonstrates an excellent agreement between Plaintiff and Defendant that will help this Court to Deny Defendant's Motion to Dismiss on its face.

   **a)** Defendant agreed with Plaintiff that Plaintiff "need not "prove" or "establish" any of his

claims"

b) Defendant agrees with Plaintiff that heightened pleading standard is not required in SOX/CAARA, Plaintiff needs to pled with Rule 8(a). Quote from Defendant's Reply (Dkt 30):

> **nowhere in the Motion did Walmart contend that Plaintiff must allege the elements of his claims with the particularity required by Rule 9(b)**. Instead, the **Motion argues that the Complaint fails under Rule 8(a)**, (emphasis added)

5. The requirement that a pleading contain "**specific detail** as to the **who, where, when, or how**" generally applies only under the heightened pleading standard for fraud claims, pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. See Knoll v. Schectman, 275 Fed.Appx. 50, 51 (2d Cir. 2008)

6. Defendant's argument V(A) (page 17)

    "Plaintiff's Purported "Whistleblowing" Was Not Protected Activity Under SOX or CAARA."

    because

    (a) "Plaintiff has **not established** a reasonable belief that a SOX or CAARA violation occurred."

    V(A)(1)

    (b) "Complaint does not allege sufficient facts **to justify** Plaintiff's belief that a violation occurred."V(A)(2) SOX violation
    (c) "Nor does the Complaint demonstrate why such conduct (to the extent it occurred) was problematic or why it would benefit Walmart at the expense of its shareholders." V(A)(2)(I)
    (d) "…**this single contract does not come close to the level of materiality necessary to support the claims alleged.**"V(A)(2) (II)

    (e) "Mehra's actions would constitute embezzlement from Walmart, not fraud by Walmart against its shareholders…fraud committed against Walmart—not fraud committed by Walmart……this single contract does not come close to the level of **materiality** necessary to support the claims alleged." V(A)(2) (III) Legal Conclusion, speculation, Conclusory statement

    (f) "The Complaint does not attempt **to justify** Plaintiff's belief that Infogain's adjusted contract price was caused by fraud". V(A)(2)(IV)

Defendant's **acknowledgement** of Plaintiff "**need not "prove" or "establish" any of his claims**" in its **Reply (Dkt 32)** is self-defeating and therefore, Defendant's Motion to Dismiss shall be DENIED.

7.  Plaintiff is quoting from Defendant's Motion to Dismiss (Dkt 22) for Court's convenience o demonstrate how Defendant required Plaintiff to plead with heightened pleading Rule 9(b) which is required for fraud claim cases **without mentioning Rule 9(b)**:

> **"nowhere in the Motion did Walmart contend that Plaintiff must allege the elements of his claims with the particularity required by Rule 9(b)"** (emphasis added)
>
> (i) "Plaintiff did not elaborate on **how** the above events could be considered fraud"
>
> (ii) Scienter and Materiality comes with Rule 9(b) **not** in Rule 8 (a)(2)
>
>> **"material misrepresentation or omission, scienter, loss, and a causal connection between the misrepresentation or omission and the loss..** With respect to scienter, "the employee must reasonably believe that his or her employer **acted with a mental state embracing intent to deceive, manipulate, or defraud its shareholders."**
>
> (iii) **Alleged backdating:** "The Complaint does not allege that Walmart backdated a statement of work with Infogain **with an intent to deceive Walmart's shareholders**. See Allen, 514 F.3d at 480 (stating that a **plaintiff must plead scienter**)..."Nor does the Complaint demonstrate **why** such conduct (to the extent it occurred) was problematic or **why** it would benefit Walmart at the expense of its shareholders."
>
> (iv) **Alleged Underperformance:** "…this single contract does not come close to the level of materiality necessary to support the claims alleged."
> "

As explained in Id. ¶ 3(b) above Defendant's acknowledgement of
> "nowhere in the Motion did Walmart contend that Plaintiff must allege the elements of his claims with the particularity required by Rule 9(b)"

is contradictory to Materiality and Scienter requirement for Rule 9(b); Defendant agreed Plaintiff only needs to pled with Rule 8(a). Defendant's **acknowledgement** of Plaintiff **Rule 8(a) pleading requirement** in its **Reply (Dkt 30)** is self-defeating and therefore, Defendant's Motion to Dismiss shall be DENIED.

8. Defendant does not agree that Plaintiff's argument (**Response Dkt 29, ¶35**) that "Plaintiff's belief of improper conduct was objectively reasonable" because "Walmart investigated Plaintiff's numerous unfounded complaints"

"The objective reasonableness of Plaintiff's complaints is buttressed by the fact that Defendant conducted a compliance investigation **Complaint ¶¶65-69, ¶¶81 – 83**...this fact is "**fatal**" to Defendant's Motion to Dismiss. Defendants' response of initiating investigation to Plaintiff's whistleblowing activities during August, September and October 2023 proves that Plaintiff's complaints were objectively reasonable. See Leznik v. Nektar Therapeutics, Inc., 2006-SOX-00093, at 10 & fn. 50 (Nov. 16, 2007). See also Collins, 334 F. Supp. 2d at 1377-1378

> "The legislative history of SOX states that corporate action taken in response to disclosure of information supports a finding that the employee's belief was a reasonable one." Response ¶35-36

Defendant argued (Reply Dkt 30), " <u>**No**</u>." (emphasis added)

Jelahn Stewart is an attorney, a Compliance Vice President at Walmart, with more than decade long experience at US Department of Justice ("DOJ") and Walmart, who reasonably believed Plaintiff's belief that violation related to different frauds with statute SOX and CAARA occurred and hence, instructed Plaintiff to <u>**"to provide evidence** to Monica Hall"</u> and Plaintiff

> "<u>shared his Walmart one drive folder</u> with Monica Hall which included various documents <u>***to substantiate***</u> Dr. Jana's allegations of procurement fraud, bid rigging, possible fraud to shareholders"
> and Monica Hall's acknowledgement
>
>> **We have a clear understanding of what the allegations** are I'll share this information to our **legal investigation team who actually conduct the investigation.**. .I'm gonna reach back to our Significant Case Team...**this right here is very helpful**.

8. Since Defendant is denying Plaintiff's objectively reasonable belief of SOX and CAARA violations occurred even after Jelahn Stweart believed Plaintiff's accusation of frauds related to SOX and CAARA and instructed investigations; that substantiates Defendant's **deceptive mind to defraud shareholders.** Plaintiff believes that there would be no reasonable person in this world who can convince Defendant that Plaintiff's beliefs of SOX and CAARA violations by the Defendant were objectively reasonable since Jelahn Stewart's (Shawan Cohen and Monica Hall) evaluation of Plaintiff's Complaint could not satisfy the Defendant. Defendant's Motion to Dismiss (Dkt 22) should be DENIED with prejudice.

9. **Plaintiff refutes Defendant's Conclusory Statement**

"Plaintiff alleges that Walmart took no "action" in response to Plaintiff's accusations because its initial investigation correctly revealed that the accusations were baseless."
and this demonstrates there are **genuine material disputes** and the **Complaint (Dkt 13) can not be dismissed at this pleading stage as a matter of law** as disputes can only be resolved during discovery (Allen, 514 F.3d; Fifth Circuit). Defendant's Motion to Dismiss (Dkt 22) should be dismissed as "mere conclusory statements, do not suffice."Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

10. Plaintiff refutes Defendant's Statement
"this Court should look to the Fifth Circuit's independent interpretations of SOX and CAARA to ascertain if Plaintiff has stated a claim" citing Mayfield v. U.S. Dep't of Lab., 117 F.4th 611, 617–20 (5th Cir. 2024) ("[C]ourts decide legal questions by applying their own judgment."

This Court should follow legal standards already established in Different Circuits.

First, Mayfield v. U.S. Dep't of Lab., 117 F.4th 611, 617–20 (5th Cir. 2024) has nothing to do with SOX or CAARA whistleblower cases as described below and it can not be applied here:

"For more than eighty years, the Department of Labor has defined..the minimum salary ..because that power is not an unconstitutional delegation of legislative power"

Second, In Murray v UBS (601 U. S. No. 22–660 (2024)), the US Supreme Court explained the necessity of the agreement for Whistleblower legal standards among different Circuits"

"The Second Circuit's opinion requiring whistleblowers to prove retaliatory intent placed **that Circuit in direct conflict with the Fifth and Ninth Circuits**, which had rejected any such requirement for §1514A claims. Compare id., at 262, with Halliburton, Inc. v. Administrative Review Bd., 771 F. 3d 254, 263 (CA5 2014) (per curiam) (holding that retaliatory intent is not an element of a §1514A claim);Coppinger-Martin v. Solis, 627 F. 3d 745, 750 (CA9 2010) (same). ."

11. Plaintiff refutes Defendant's Statement "Sylvester concerned a complaint..with OSHA, whose proceedings are not subject to the Federal Rules of Civil Procedure..portion of Sylvester that Plaintiff relies upon"

Plaintiff has a dedicated section in the Complaint Totality of the Circumstances Test ¶¶197-210; same citation (Ronnie v. Off. Depot, LLC) Plaintiff used in the Complaint (09-13-2024) and Defendant (12-19-2024) used

> The Complaint ¶¶197-210 has a dedicated section "Objective Belief - Totality of the Circumstances Test" where Plaintiff demonstrated Plaintiff's colleagues (Kamil Bay, Leslie Platz and Olan Land) would believe the wrongdoing amounted to a SOX violation. Response (Dkt 29) ¶ 47

12. When the US Congress passes a law and when the US President signs it as a law, it does not matter whether the whistleblower case is in the Department of Labor or US District Courts. Laws for Whistleblower protection remain the same irrespective of DOL or Federal Courts. There needs to be synchronization between DOL (ALJ, ARB) District Courts and Circuit Courts; it may take time but eventually they merge over time as explained in the previous section UBS v Murray. Initial discrepancy among DOL, Federal Courts, Circuit Courts is actually very healthy to develop a robust system for the future if the debate is with good intent. That's exactly what we observed. After Iqbal in 2009, DOL Federal Courts, Circuit Courts were divided; even ALJ and ARB within DOL were divided; which is perfectly normal. Two years after Iqbal, in 2011, ARB reversed ALJ's verdict on Sylvester and said, this is enough. DOL's ARB in *Sylvester (2011)* actually adopted Federal Court decisions to make its decisions:

> *Sylvester cited 5th Circuit (*Allen, 514 F.3d at 477-478*), 4th Circuit (*Welch, 536 F.3d at 278 & Livingston v. Wyeth Inc., 520 F.3d 344, 361) to conclude that Often the issue of "objective reasonableness" involves factual issues and cannot be decided in the absence of an adjudicatory hearing. See, e.g., Allen, 514 F.3d at 477-478 ("the objective reasonableness of an employee's belief cannot be decided as a matter of law if there is a genuine issue of material fact")..

13. After Sylvester, numerous Federal Courts adopted Sylvester and few Federal courts adopted modified versions of Sylvester. For example 11th Circuit in Ronnie v. Off. Depot, LLC adopted Second and Fourth Circuit's Totality of the Circumstances Test which Plaintiff used in his Complaint.

Now, let the Complaint answer this See Complaint ¶ 197

> To strengthen Dr. Jana's claim under SOX and CAARA protection, Dr. Jana demonstrates Totality of the Circumstances Test as described in Ronnie v. Off. Depot, LLC, 81 F.4th 1345 (11th Cir. Sept. 25, 2023) to substantiate any reasonable person in Dr. Jana's position would have believed that the employer's conduct constituted a violation of antitrust laws and fraud against shareholders.

14. As explained in Response (Dkt 29) ¶ 47

> The Complaint ¶¶197-210 has a dedicated section "Objective Belief - Totality of the Circumstances Test" where Plaintiff demonstrated Plaintiff's colleagues (Kamil Bay, Leslie Platz and Olan Land) would believe the wrongdoing amounted to a SOX violation.

### B. Plaintiff adequately plead facts Sufficient to Plausibly Suggest His Conduct Was Protected Under Either SOX or CAARA.

#### 1. The Complaint's factual allegations suggest Plaintiff's belief of a SOX violation was objectively reasonable.

**15. i) Plaintiff refutes Defendant's claim, Complaint describes Walmart's** vendor relationship with Infogain as fraud ("Violation of Antitrust Laws and Fraud against Shareholders") Complaint ¶¶42-61. An interesting point is, the SOW end date was January 31, 2024, which was kept more than 6 months after the completion of POC. Vendors come with a specific project for a specific time period. SOW end date was extended intentionally **to continue fraudulent activities."** Complaint ¶53

> "...This **demonstrates** the manipulation of account bookkeeping for a publicly traded company which is a shareholder fraud." (emphasis added) This is not a conclusory statement, not only Plaintiff reasonably believed fraud occurred but also Plaintiff provided detailed information.

(ii) *"Plaintiff also claims he adequately pled that the suspected "fraud" he reported was material to Walmart's shareholders, citing paragraphs 60 and 61 of the Complaint. But those paragraphs do not describe Plaintiff reporting suspected fraud—they describe Plaintiff sending a picture to his supervisor of a leaking refrigerator at a Sam's Club location"*

16. Paragraphs 60 and 61 of the Complaint falls under "Violation of Antitrust Laws and Fraud against Shareholders" Complaint ¶¶42-61

Walmart was trying to build a Defect Engine and Mr. Milbourne advertised for Vendor participation which is commonly known as RFP:

> "Identifying, tracking and solving defects is critical for any organization's sustainable success...Problem that negatively impacts member, customer, and/or associate experience" Complaint ¶59

17. Anything that does not work properly is defined as a defect. It can be a refrigerator, wifi, card reader, conveyor belt etc. **EXHIBIT1** substantiates that the Refrigerator defect was one of the tasks Infogain was working. Infogain's result showed that the cause of the Defendant's refrigerator defect was global warming. It looks like Defendant now can not recognize the refrigerator defect; was expecting refrigerator fraud. In fact, Complaint states very clearly (Complaint ¶156)

> Infogain could not find a single critical defect during the POC...Unknown indicating Mr. Bay was also aligned with Dr. Jana that Infogain was not able to identify critical defects..Dr. Jana reasonably believed it to be a crime.

18. Plaintiff provided specific details regarding SOX violations. Plaintiff is protected under SOX.

## 2. The Complaint's factual allegations suggest Plaintiff's belief of an antitrust violation was objectively reasonable.

19. Plaintiff provided details of Plaintiff's reasonable belief that Procurement fraud which is an Antitrust violation:

> "This is Antitrust procurement fraud with unlawful manipulation of a procurement process to obtain an unfair advantage during the procurement process, after eliminating the most competent vendors like Google/Deloitte who participated in the bidding process." Complaint ¶48

20. Plaintiff reported Shawn Cohen Complaint at ¶ 64
> concern I have is procurement fraud, bid rigging, bid suppression and misrepresentation of low cost to get the POC for the vendor. And **this is all orchestrated by VP Ridhi Mehra** and **I have documented**. I have documented this incident from March 28 until last week.

Plaintiff reported to Jelahn Stewart (Complaint at ¶66) "Dr. Jana informed in great detail possible violations of Antitrust Laws in particular procurement fraud."

As explained in *Id.* at ¶7 above and in the Complaint ¶¶42-86, these are not conclusory statements; Plaintiff provided specific details. Plaintiff is protected under CAARA.

## C. Defendant's failure to substantiate Defendant would have terminated Plaintiff in the absence of Plaintiff's protected activity

(i) "Complaint..a ***meritorious affirmative defense***, dismissal is proper because the complaint is

*essentially self-defeating." (emphasis added)*

21. Response (Dkt 29) had adequately substantiated "Defendant Failed to Substantiate Defendant would have fired Plaintiff in the absence of Whistleblowing activities" Response ¶¶59-86

**To be clear, Motion to Dismiss is not** "affirmative defense" as Defendant incorrectly contends. The Tenth Circuit has found that dismissal based on a fact-intensive affirmative defense is inappropriate at the pleadings stage. In Fernandez v. Clean House, LLC, 883 F.3d 1296, 1299 (10th Cir. 2018), the Court refused to dismiss the plaintiff's claim

**(ii)** *"Plaintiff's apparent **inability to comprehend** that his continual questioning of the competency of his supervisors..was appropriate, Walmart did not think it was, and Walmart terminated Plaintiff on that basis."*

22. It appears that the Defendant is frustrated due to their use of condescending language toward a pro se Plaintiff. Plaintiff refutes Defendant's false claim, "his continual questioning of the competency of his supervisors" as described in Response (Dkt 29) ¶¶70-81 and Defendant's statement is a conclusory statement and Defendant's Motion should be denied. Defendant is concocting a new complaint (*"his continual questioning of the competency of his supervisors"*) by insinuating that the questioning of data science credentials of Adrian Milbourne that began prior to termination. In reality, they were first mentioned in this Court Docket on September 6, 2024 (Plaintiff's First Amended Complaint filing ) eleven months after the termination;

> "a data science leader with Bible Divinity and Bible Theology degree from Baptist Bible College with absolutely no data science background with 17 years of experience at Walmart who started as an hourly associate, was trying to mask his retaliatory behavior."

23. Plaintiff respectfully rebut Defendant's effort of concocting *"his continual questioning of the competency of his supervisors"* to fit into Plaintiff's comments in the Listening Session with CEO Chris Nicholas which had nothing to do with his supervisor Adrian Milbourne as explained in the Response

(Dkt 29)¶¶69-86 and it was not unprofessional. Complaint provides adequate detailed events with dates in Id. ¶¶ 106-110 where and ¶¶ 177-186 which substantiates employers retaliatory intent; it has nothing to do with Plaintiff's unprofessionalism and toxicity and therefore, Defendant's Motion should be denied as "mere conclusory statements, do not suffice."Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

*(iii) "Plaintiff fails to address this crucial point: the Complaint alleges (by attaching an internal Walmart email) that Walmart was planning to terminate, and did terminate, Plaintiff based on his "outbursts and disrespect at team meetings."*

24. Plaintiff did not miss the point; that's wrong. Plaintiff attached Defendant's EXHIBIT that Defendant provided to OSHA to support Defendant's reason for termination but Defendant never substantiated; Motion should be denied as "mere conclusory statements, do not suffice."Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff's Response ¶¶ 61-68 to refute Defendant's Claim.

*(iv) "Walmart has been consistent:Plaintiff was unpleasant to work with, and his laudable credentials were not worth his workplace disruptions."*

25. Plaintiff refutes Defendant's Conclusory Statement of *"Plaintiff was unpleasant to work with…his workplace disruptions"* with evidence as explained in the Complaint (Dkt 13, ¶*34)*. Defendant's Motion should be dismissed as "mere conclusory statements, do not suffice."Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

1. Plaintiff's Annual review: "The more junior members of the team respect the knowledge that Dilip brings to the table and ...He demonstrates the ability to lead by influence" Complaint (Dkt 13, ¶*32) (emphasis added)*

2. Complaint (Dkt 13, ¶*34)*. During the summer of 2022, Walmart took anonymous feedback about Dr. Jana with his colleagues at Walmart which Walmart shared with Dr. Jana, here are few of those feedbacks:
    - "..He always encourage people to lead the project and specifically never interfered between anyone's ways of working..... He is nice and humble person to work with..
    - "He is easygoing and friendly. He has excellent rapport with the other data scientists who have been helping us. There is clearly a good system built on trust and respect between him and the other data scientists.. As a result of Dilip's interpersonal and management abilities, we were able to work quickly and efficiently which has accelerated our project's delivery date..

26. Walmart's **Code of Conduct**[1] States:
    **Respect for the Individual:** We treat people with dignity, **lead by example**, and **listen to each other. We seek and embrace differences in people, ideas, and experiences**.

27. Plaintiff's Annual Review and Walmart's feedback above demonstrates exactly opposite to what Defendant claims for the sole remaining reason for termination: "*Plaintiff was unpleasant to work with...his workplace disruptions*". As Annual Review shows Plaintiff **"demonstrates the ability to lead by influence" which substantiates Plaintiff's Respect for Individual and "lead by example" consistent with Walmart's own Code of Conduct.** His supervisor acknowledged in Annual Review, "junior members of the team respect the knowledge that Dilip brings to the table and Dilip is generous in sharing that knowledge."

**(v) Clean hand doctrine**

*"Walmart committed criminal fraud ..Walmart hesitates to dignify this conspiracy theory with another response ..so unclean hands does not apply."*

28. This is not Plaintiff's theory, it's the fact. Complaint(Dkt 13) is a legal document, **w**hen a court analyzes a 12(b)(6) motion, it accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. Reliable Consultants, Inc. v. Earle, 517 F.3d 738, 742 (5th Cir. 2008), reh'g. en banc denied, 538 F.3d 355 (2008). Defendant did not strike Plaintiff's serious accusations. Complaint's ¶¶**54-60** is shining at this Court docket, and it is TRUE.

> "WALMART'S MATERIALLY FALSE, FRAUDLENT STATEMENTS AND ALTERNATION OF EVIDENCE..**to cover up Walmart s retaliation due to Dr. Jana's protected Whistleblower activities**..possibly committing further crimes" (emphasis added)

29. Plaintiff has already explained this Court on September 26, 2024 (Dkt 16 ¶¶30-35), copying few

---

[1] https://www.walmartethics.com/content/walmartethics/en_us/code-of-conduct.html

lines for Court's convenience:

> One can clearly see that the Defendant modified and altered EXHIBIT 1 (DOC 13) and presented as EXHIBIT 2 (DOC 13) at OALJ and asserted OALJ that if there is protective order, Defendant will be happy to provide an un-redacted version of the email with attachments, "intend on providing the attachments subject to a protective order". OALJ fell into Defendant's trap, Defendant tainted OALJ and was successfully able to get the protective order without participating in a single discovery in more than 150 days at OALJ…EXHIBIT 1  has an attachment, which Defendant did not disclose, which says, **"Termination recommend…msg"** (visible at the top of EXHIBIT 1); disclosing this attachment will only help Defendant to avoid liability if Defendant did not retaliate because of Plaintiff's protected whistleblowing activities..To add to the puzzle, Defendant modified and altered that email attachment and renamed it,**"Recommendation.docx"** (EXHIBIT 2). EXHIBIT 1 EXHIBIT 2 have different Sent dates even if they are the same email ("Walmart provided a redacted version in its original response out of an abundance of caution…We are attaching the unredacted version herein") and deceit OALJ "intend on providing the attachments subject to a protective order" to make sure nobody will ever know Defendant's manipulation and crimes (Dkt 13). At the bottom of the altered document EXHIBIT 2 has a page number 1 which indicates an editor was utilized to alter. Also, there are many inconsistencies in the body of the email. There may be more alternation which Plaintiff does not know, since the case related to document fraud is beyond the scope of this lawsuit, **appropriate state and federal agencies have been notified**.

30. The fact is Defendant is not Denying their "materially false, fraudulent statements /representation and altered a document for the purpose of committing fraud against OSHA (a Federal Agency) and the Office of the Administrative Law Judges (OALJ) at the US DOE, a Federal Agency; possibly committing further crimes"

Defendant instead chose language that evades responding:
*"Walmart hesitates to dignify this conspiracy theory with another response"*

31. This itself demonstrates there are genuine material disputes and  the Complaint can not be dismissed at this pleading stage as a matter of law as disputes can only be resolved only during discovery (Allen, 514 F.3d; Fifth Circuit). Within two weeks, on October 11, 2024 instead of challenging this pro se Plaintiff, those attorney's quietly left. Attorneys are officers at the Court; they should respect Integrity of our Judicial system and uphold ethical standards. However, these attorneys choose to make materially false and fraudulent statements and altered documents to deceit the pro se Plaintiff.

32. Franklin v. Franklin 283 S.W. 2d 483, 486 (1955) clearly states

"whenever a party, who as actor, **seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith**, or other equitable principle, **in his prior conduct, then the doors of the court will be shut against him\*\*\*;the court will refuse\*\*\*to award him any remedy**." (emphasis added)

33. Plaintiff is using Clean Hand Doctrine Defense against Defendant's Motion to Dismiss Plaintiff's Complaint. Plaintiff is not only demanding monetary relief but also declaratory and injunctive relief (equitable claim). Therefore, Defendant's unclean hands doctrine applies here

- The plaintiff seeks **declaratory and injunctive relief**, back pay, front pay, uncapped compensatory and punitive damages, reasonable attorney's fees and cost of this action, pre- and post- judgment interest, and other appropriate relief pursuant to CAARA and SOX. (Complaint, Dkt 13, ¶**9**) (emphasis added)
- Permanently restraining use of people-led by Walmart Inc and its officers and associates;

### Defendant's Changing Story of cause of the Termination is a pretext for Retaliation

34. "Walmart's explanation for terminating Plaintiff **has not meaningfully changed** throughout this litigation, as Plaintiff contends, see Response ¶¶ 26, 74." Response ¶¶ 69, 74 adequately described how Defendant fit (Response ¶72) to change the cause of the termination.

35. If that is not enough, this is a fatal blow to Defendant. Motion to Dismiss (Dkt 22, Page 25, Section "B") did not recognize "underperformance" was a cause of the termination. Defendant changed the story of Termination (Complaint, Dkt 13, ¶88).

### D. Amended Complaint

36. As explained in Response ¶87, In the event the Court grants Defendant's Motion, Plaintiff should be given the opportunity to file an amended complaint and requests a reasonable opportunity to do so.

### III. PRAYER

The Complaint has provided sufficient allegations to require further evidentiary analysis and DENY Defendant's Motion to Dismiss.

Dated: December 26, 2024

## III. PRAYER

The Complaint has provided sufficient allegations to require further evidentiary analysis and DENY Defendant's Motion to Dismiss.

Dated: December 26, 2024

Respectfully Submitted,

*[signature]*

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

ENCLOSURE: Description of Exhibits

## CERTIFICATE OF SERVICE

On December 26, 2024, a true and correct copy of the foregoing was caused to be served upon to the following through the Court's CM/ECF system:

Peter S. Wahby
Texas Bar No. 24011171.
Peter.wahby@gtlaw.com

Morgan E. Jones
Texas Bar No. 24132301
Morgan.jones@gtlaw.com

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601

Respectfully Submitted,

*[signature]*

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002