## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **DILIP JANA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:24-cv-00698-SDJ-KPJ** |
| | § | |
| **WALMART INC.,** | § | |
| | § | |
| **Defendant.** | § | |

---

## DEFENDANT'S MOTION TO STRIKE

---

Defendant Walmart Inc. ("Walmart") hereby files this Motion to Strike Plaintiff Dilip Jana's ("Plaintiff") Response to Walmart's Motion to Dismiss ("Response") (Dkt. 22), Sur-Reply to Walmart's Reply in support of its Motion to Dismiss ("Sur-Reply") (Dkt. 31), and improper evidence submitted in support of the Sur-Reply (Dkt. 31-1).

## INTRODUCTION

Plaintiff continues to disregard applicable rules and file frivolous, incoherent, and procedurally improper documents with the Court—causing needless expense to Walmart and unnecessarily consuming judicial resources. Walmart moves to strike the evidence Plaintiff claims to have submitted in support of his Sur-Reply because such evidence was never served on Walmart's counsel and cannot be considered by the Court at this stage of litigation. Walmart also moves to strike Plaintiff's Sur-Reply for exceeding the page limitation without seeking leave of Court and Plaintiff's Response for failing to comply with formatting requirements (and, ultimately, the applicable page limitation).

## FACTUAL BACKGROUND

On October 28, 2024, Walmart filed its Motion to Dismiss the Second Amended Complaint (the "Motion to Dismiss"). (Dkt. 22.) On October 30, 2024, Plaintiff contacted Walmart's counsel and requested a thirty-day extension of his default deadline to file a response. Walmart consented to Plaintiff's requested extension, despite Plaintiff's vehement opposition to any extension Walmart has requested in this case[1] and Plaintiff's repeated, baseless characterizations of Walmart and its attorneys' actions in this lawsuit—particularly their extension requests—as "fraudulent activity."[2] Plaintiff filed his Response on December 12, 2024, and Walmart filed its Reply on December 19, 2024. (Dkt. 29, 30.)

On December 26, 2024, Plaintiff filed his 15-page Sur-Reply without seeking leave of Court to exceed the applicable 10-page limitation. (Dkt. 31.) In connection with the Sur-Reply, Plaintiff filed a "Cover Letter" referencing "EXHIBIT 1: A Video recording of Plaintiff and Kamil Bay" that Plaintiff claims he "submitted [as] a black flash drive." (Dkt. 31-1.) Presumably, Plaintiff only submitted the referenced video to the Court, because Plaintiff failed to serve any video or flash drive on Walmart's counsel.

## ARGUMENTS & AUTHORITIES

### A. The Court should strike the evidence in support of Plaintiff's Sur-Reply.

Plaintiff's attempt to submit new evidence at this stage of litigation is impermissible. In support of his Sur-Reply, Plaintiff claims to have submitted evidence—namely, "EXHIBIT 1: A Video recording of Plaintiff and Kamil Bay"—via "a black flash drive." (*See* Dkt. 31-1.) Plaintiff

---

[1] *See* Dkt. 8, Plaintiff's Opposition to Defendant's Motion to Extend; Dkt. 11, Plaintiff's Motion to Reconsider to Deny Defendant's Motion to Extend; Dkt. No. 21, Plaintiff's Opposition to Motion to Stay.
[2] *See* Dkt. No. 11 ¶¶ 13–14; Dkt. No. 21 ¶¶ 1, 3, 6, 22–23, 25.

failed to serve the referenced flash drive or video on Walmart's counsel, so the Court should not consider such evidence.

Regardless, "[i]n ruling on a Motion to Dismiss, the court cannot look beyond the pleadings." *Sias v. Jacobs*, No. 6:17cv413, 2018 WL 1335424, at *3 (E.D. Tex. Mar. 14, 2018) (citing *Spivey v. Robertson*, 97 F.3d 772, 774 (5th Cir. 1999)); *see also Salmon v. Miller*, 951 F. Supp. 103, 106 (E.D. Tex. 1996) ("[T]he Court may not look beyond the pleadings in ruling on a motion to dismiss for failure to state a claim."). Plaintiff's evidence submitted with the Sur-Reply should be stricken as a procedurally impermissible attempt to introduce new evidence and arguments.

### B. The Court should strike Plaintiff's Response and Sur-Reply.

This Court's local rules provide that any sur-reply to an opposed case dispositive motion shall not exceed 10 pages. *See* L.R. CV-7(a)(1). Plaintiff's Sur-Reply to the Motion to Dismiss was 15 pages long, and Plaintiff failed to seek leave of Court to exceed the 10-page limitation. The local rules are also clear that "*all* documents…*shall*…be double spaced," L.R. CV-10(a)(5) (emphasis added), yet a great deal of both Plaintiff's Sur-Reply and Response are single spaced, (*see* Dkt. 29, 31). The Sur-Reply would have far exceeded 15 pages if Plaintiff had actually complied with the Court's formatting requirements. And while Plaintiff's Response appears facially compliant with the applicable 30-page limitation, with proper formatting, the Response exceeds the page limitation as well.

The Court should strike Plaintiff's Sur-Reply because Plaintiff exceeded the page limitation without seeking leave of Court. *See Clark v. National Equities Holdings, Inc.*, 561 F. Supp. 2d 632, 634 (E.D. Tex. 2006) (striking filing by pro se plaintiff because it exceeded page limitation and was filed without seeking leave of court); *Clarke v. Director, TDCJ-CID*, No. 4:08-cv-381, 2012 WL 4061228, at *1 (E.D. Tex. Sep. 13, 2012) (same); *Clarke v. Director, TDCJ-CID*, No.

No. 4:09-cv-404, 2012 WL 4120430, at *1 (E.D. Tex. Sep. 19, 2012) (same). The Court should also strike the Response because Plaintiff failed to comply with this Court's formatting requirements in an apparent attempt to circumvent this Court's page limitation rules. *See Houston v. Venneta Queen*, 606 F. App'x 725, 730 (5th Cir. 2015) (citations omitted) (While the courts "construe pro se litigants' pleadings liberally, [the courts] do not excuse pro se litigants' failure to comply with the pertinent rules[.]").

## CONCLUSION

Defendant Walmart, Inc. requests that the Court grant this Motion to Strike in its entirety and grant it such other and further relief that the Court deems just and proper.


Dated:  January 15, 2025

Respectfully submitted,

*/s/ Peter S. Wahby*
**Peter S. Wahby**
Texas Bar No. 24011171
peter.wahby@gtlaw.com
**Morgan E. Jones**
Texas Bar No. 24132301
morgan.jones@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Ave., Suite 5200
Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile:  214.665.3601

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served upon the following party via email on January 15, 2025:

**Via email and CMRRR**
Dilip Jana
800 Fairlawn Street
Allen, Texas 75002
janadilip@gmail.com


*/s/ Morgan E. Jones*
Morgan E. Jones