# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

**FILED**
JAN 17 2025
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

*In the Matter of:*

DILIP JANA,
  *Plaintiff*

v.

WALMART, INC,
  *Defendant*

Civil Action No. **4:24-cv-00698-SDJ-BD**

Honorable Bill Davis, Honorable Sean D Jordan

## MOTION FOR LEAVE TO EXCEED PAGE LIMIT IN SUR-REPLY (DKT 31)

NOW COMES ***Pro Se*** Plaintiff, Dr. Dilip Jana, and files this Motion for Leave to Exceed Page Limit in Plaintiff's Sur Reply [Dkt. 31] and good cause exists, Plaintiff respectfully asks this Court to GRANT this Motion.

1. On January 15, 2025 Defendant Moved to Strike (Dkt 32) Plaintiff's SUR-REPLY (DKT 31) and Defendant correctly identified that Plaintiff's Sur-Reply exceeded 10 page limitations. Plaintiff's Sur-Reply was 15 pages long.

2. Pro Se Plaintiff made an unintentional mistake during the Christmas Holidays (Sur Reply was due on December 26, 2024), Plaintiff had no intention to violate any Local Rules or Federal Rules for Civil Procedure. Plaintiff assures this Court that Plaintiff will be extremely careful for future Reply and Sur-

Reply regarding page limit and other applicable laws.

3. If Plaintiff knew of the 10 page limitation, Plaintiff would have asked this Court to Leave Exceed Page Limit as this Court is lenient for extra pages for good cause. Since Sur-Reply has already been done and Plaintiff came to know this mistake from the Defendant on January 15, 2025, Plaintiff respectfully asks this Court to keep these additional pages for good cause.

4. Honorable Judge Mazzant of this Court in Clarke v. Dir., TDCJ-CID said:

> The court is lenient in permitting litigants to file documents that exceed the page limits after a showing of good cause. "[A] federal district court has both specific and inherent power to control its docket." See Miller v. Thaler, 2011 WL 3209879 at *1 (5th Cir. July 28, 2011) (quoting In re United Mkts. Int'l, Inc, 24 F.3d 650, 654 (5th Cir. 1994)). That power is reflected in the managerial function of Local Rule CV-3.

5. Local Rule CV 7(k) states the excess pages will not be considered

> in the case of motions to file a document exceeding page limitations, the excess pages and attachments cited only therein will not be considered by the court.

6. As mentioned before, it was an unintentional mistake, Plaintiff's Sur-Reply exceeds by 5 pages. Those additional five pages have extremely critical information for this case. For example, FRCP 8(a) requires a "a short and plain statement", Plaintiff did not have opportunity to explain in great detail in the Original Complaint regarding.

> "WALMART'S MATERIALLY FALSE, FRAUDLENT STATEMENTS AND ALTERNATION OF EVIDENCE..to cover up Walmart s retaliation due to Dr. Jana's protected Whistleblower activities..possibly committing further crimes" (emphasis added) Complaint ¶¶54-60

Plaintiff explained in Sur Reply (Page number 12-14) in detail why he thinks Defendant's actions were fraudulent. It brings transparency, it gives Defendants the opportunity to defend properly. These

additional pages are relevant to the case, it is central to Plaintiff's claims and Defendant will not be prejudiced by preserving those extra pages.

7. Page Number 11-12 discusses Walmart's flagship Code of Conduct:

> Respect for the Individual: We treat people with dignity, lead by example, and listen to each other. We seek and embrace differences in people, ideas, and experiences.

Plaintiff's interaction with other colleagues and Plaintiff's "laudable credentials" recognized by Defendant. As an Ex-Walmart Employee, Plaintiff still embraces those values; these are life-time lessons given by Walmart Founder Sam Walton that Defendant should be proud of. Defendant will not be prejudiced by preserving those extra pages. These pages are relevant to this case and is central to Plaintiff's claims

### III. PRAYER

For the foregoing reasons above, good cause exists to grant permission to leave additional pages in Plaintiff's Sur-Reply (Dkt 31)

Dated: January 17, 2025

Respectfully Submitted,

_____
DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadhlip@gmail.com
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On January 17, 2025, a true and correct copy of the foregoing was caused to be served upon to the following through the Court's CM/ECF system:

Peter S. Wahby                          Morgan E. Jones
Texas Bar No. 24011171.                 Texas Bar No. 24132301
Peter.wahby@gtlaw.com                   Morgan.jones@gtlaw.com

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601

Respectfully Submitted,

_____
DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002