# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

*In the Matter of:*

DILIP JANA,
*Plaintiff*

v.

WALMART, INC,
*Defendant*

Civil Action No. **4:24-cv-00698-SDJ-BD**

Honorable Bill Davis, Honorable Sean D Jordan

FILED
JAN 1 7 2025
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

---

### PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
### (Dkt 32)

---

NOW COMES **Pro Se** Plaintiff, Dr. Dilip Jana, and files this Reply in Opposition to Defendant's Motion to Strike [Dkt. 32] and respectfully asks this Court to deny the motion in its entirety.

### I.   SUMMARY OF REPLY

Defendant's Motion to Strike [Dkt 32] Plaintiff's Sur Reply [Dkt 31] ("Defendant's Motion") lacks merit and should be denied. Defendant failed to articulate violation of laws in Federal Rules of Civil Procedure in support of Motion to Strike. Defendant omits any discussion and fails to satisfy the requirements of Rule 12(f) for Motion to Strike. Defendant fails to articulate that Defendant will be prejudiced by preserving Plaintiff's materials Defendant seeks to strike. The Court shall review whether the challenged content truly violates the rules regarding relevance, materiality, or propriety pursuant to

Federal Rule of Civil Procedure 12(f). Court shall decide the merit of Motion to Strike based on the substantive arguments presented rather than getting bogged down in technical disputes over page limits.

Once again, Defendant demonstrated meritless, frivolous, vexatious motion as part of Defendant's repeated dilatory tactics (3-4 motions pending at this overloaded Court docket). Plaintiff's additional pages were due to unintentional mistakes during the Christmas holidays, Sue Reply was due on 26th December, 2024. Defendant's Motion should be DENIED.

## II. ARGUMENT

F.R.C.P 12 (f) MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Motion to Strike under Rule 12(f) motions are generally disfavored, and they should be denied "unless it is clear that the matter to be stricken can have no possible bearing upon the subject matter of the litigation." Naton v. Bank of Cal., 72 F.R.D. 550, 552 n.4 (N.D. Cal. 1976).

Motions to strike under Rule 12(f) motions are generally disfavored by courts because they propose a drastic remedy.Canady, 307 F. Supp.2d at 7-8. Similarly, a court should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent. Cippollone v. Liggett Group, Inc., 789 F. 2d 181,188 (3d Cir. 1986).

Motions to strike filings are disfavored. *See generally Custom Vehicles, Inc. v. Forest River, Inc.* , 464 F.3d 725, 727 (7th Cir. 2006). Motions to strike filings almost always require the Court to decide

significant issues (and, indeed, the underlying motion) on the merits and multiply the briefs (because the other side should be allowed to respond). *Id.* at 727.

### Defendant fails to satisfy the requirements of Rule 12(f)

Both of Defendant's claim (A) The Court should strike the evidence in support of Plaintiff's Sur-Reply and (B) The Court should strike Plaintiff's Response and Sur-Reply should be denied because they have improperly used Rule 12(f) to attack well-settled case law. Rule 12(f) defines a narrow category of material that a party may move to strike from a pleading: "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

The purpose of a legitimate motion to strike is to avoid wasting time and money litigating "spurious" or "frivolous" issues. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) (quoting Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983)); see SEC v. Keating, Fed. Sec. L. Rep. (CCH) ¶ 96,906 (C.D. Cal. 1992). Accordingly, courts are "very reluctant" to resolve "disputed or substantial" legal issues in such motions. McArdle v. AT&T Mobility LLC, 2009 U.S. Dist. LEXIS 89231, at *24–25 (N.D. Cal. Sept. 14, 2009) (citation omitted). Disputed or substantial legal issues are "properly . . . determinable only after discovery and a hearing on the merits." Id. at *25 (citation omitted)

### Defendant will not be prejudiced by preserving the materials Defendant seek to strike

Defendants' failure to demonstrate prejudice is, by itself, sufficient reason to deny their motion. Because Rule 12(f) motions are disfavored, courts typically require a showing of prejudice to the moving party. See Townshend v. Rockwell Int'l Corp.,2000-1 Trade Cas. (CCH) ¶ 72,890, at 87,631

(N.D. Cal. 2000). The Ninth Circuit has held that prejudice may arise from, inter alia, allegations that would cause the moving party "undue burden." Fogerty, 984 F.2d at 1528.

Defendants will not be prejudiced if the Court denies their motion. In sum, Defendants should not be allowed to cavalierly disregard the requirements for invoking the protections of Rule 12(f). Motions to strike that are not within the limited boundaries established by Federal Rule of Civil Procedure 12(f) may be summarily denied.

### A. The Court shall not strike Plaintiff's Sur-Reply

Defendant argued that Plaintiff's new evidence (EXHIBIT 1: a Video recording of Plaintiff and Kamil Bay" at this stage is impermissible. Defendant cited Sias v. Jacob, Salmon v. Miller and argued that

> "[i]n ruling on a Motion to Dismiss, the Court cannot look beyond the pleadings".."Plaintiff's evidence submitted with the Sur-Reply should be stricken as a procedurally impermissible attempt to introduce new evidence and arguments"

While Defendant just took a part of the sentence from Sias v. Jacob, the Complete paragraph will substantiate Plaintiff's EXHIBIT 1 is referred to Defendant's Reply (refrigerator related) and are central to Defendant's claim of no fraud, which Plaintiff can bring at any time to refute that claim:

> In ruling on a Motion to Dismiss, the court cannot look beyond the pleadings. Spivey v. Robertson, 97 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, **documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff s claims**.

The **Cover Letter** clearly stated the reason of bringing the new evidence ,

**"Plaintiff providing this EXHIBIT because Defendant is misrepresenting the fact"**

In Reply, Defendant stated:

"Plaintiff also claims he adequately pleaded that the suspected "fraud" he reported was material to Walmart's shareholders, citing paragraphs 60 and 61 of the Complaint. But those paragraphs do not describe Plaintiff reporting suspected fraud—they describe Plaintiff sending a picture to his supervisor of a leaking refrigerator at a Sam's Club location"

In Response to Defendants efforts to deny economic loss and fraud, Plaintiff responded in his Sur-Reply Dkt 31 ¶¶16-17

> "Paragraphs 60 and 61 of the Complaint falls under "Violation of Antitrust Laws and Fraud against Shareholders" Complaint ¶¶42-61 Walmart was trying to build a Defect Engine and Mr. Milbourne advertised for Vendor participation which is commonly known as RFP: "Identifying, tracking and solving defects is critical for any organization's sustainable success...Problem that negatively impacts member, customer, and/or associate experience" Complaint ¶59 ....Anything that does not work properly is defined as a defect. It can be a refrigerator, wifi, card reader, conveyor belt etc. EXHIBIT1 substantiates that the Refrigerator defect was one of the tasks Infogain was working. Infogain's result showed that the cause of the Defendant's refrigerator defect was global warming. It looks like Defendant now can not recognize the refrigerator defect; was expecting refrigerator fraud. In fact, Complaint states very clearly (Complaint ¶156) Infogain could not find a single critical defect during the POC...Unknown indicating Mr. Bay was also aligned with Dr. Jana that Infogain was not able to identify critical defects..Dr. Jana reasonably believed it to be a crime. ...Plaintiff provided specific details regarding SOX violations. Plaintiff is protected under SOX"

The Video evidence **EXHIBIT 1** was added to refute Defendant's claim it was not fraud and it showed that Kamil Bay himself was not comfortable with Infogain's work, he acknowledged he was noy a data science expert (he was Director of Analytics) but yet, he was the one who was approving Infogain's poor data science related work where data science related tasks falls under Plaintiff, Plaintiff was the Director of Data Science. The evidence is central to both the Complaint and the Sur-Reply to bring the truth in light. The video was submitted as an exhibit to the Court and Defendant was served electronically. Defendant, did not dispute authenticity of the video, the Court should consider the exhibit as it is very relevant to the case. The Court should consider the evidence "Incorporation by reference" and it is relevant to Plaintiff's claim.

This EXHIBIT-1 should result in more upfront transparency into the true facts of a dispute and a greater ability of courts to deny motions to dismiss with prejudice for claims that are refuted by a document central to the plaintiff's claim and undisputedly authentic. *Johnson v. City of Atlanta*, No. 22-11359, -- F.4th --, 2024 WL 3384936 at *4-6 (11th Cir. July 12, 2024)

Defendant did not establish that this EXHIBIT-1 constitutes the "spurious" or "frivolous" matter that the Rule contemplates. See Fogerty, 984 F.2d at 1527; Keating, Fed. Sec. L. Rep. (CCH) ¶ 96,906. Indeed, not surprisingly, **Defendant omits from its motion to Strike (Dkt 32) any discussion whatsoever of the Rule 12(f) standard**. An attempt to overturn binding legal precedent necessarily implicates the very type of "substantial" and "disputed" legal issue that cannot be stricken under Rule 12(f). See McArdle, 2009 U.S. Dist. LEXIS 89231, at *24–25.

Finally Local Rule CV 7(b) clearly states that relevant materials can be attached:

> "Documents Supporting Motions. When allegations of fact not appearing in the record are relied upon in support of a motion, all affidavits and other pertinent documents shall be served and filed with the motion…**Only relevant, cited-to excerpts of attached materials should be attached to the motion or the response. (emphasis added)**

**And** Local Rule CV 7(k) clearly states the excess pages will not be considered, the Court did not say to Strike entirely as Defendant contends.

> in the case of motions to file a document exceeding page limitations, the excess pages and attachments cited only therein will not be considered by the court.

EXHIBIT-1 in Sur Reply (Dkt 31) was in the page number 9 ¶17, therefore the Court shall not strike that Exhibit - 1

Defendant's effort to strike EXHIBIT-1 of the Sur-Reply has no merit and should be denied.

## B. The Court shall not strike Plaintiff's Response and Sur-Reply

Defendant asks this Court to Strike Plaintiff's Response and Sur-Reply because "Plaintiff exceeded the page limitation without seeking leave of Court. Plaintiff acknowledges that Plaintiff's unintentional mistake for exceeding Sur-Reply and Plaintiff did not know that until Defendant's Motion to Strike. Defendant also claims that with proper formatting Plaintiff's Reply would exceed 30 pages and Defendant cited **Clark v. National Equities Holdings, Inc.** ("striking filing by pro se Plaintiff because it exceeds page limitation and was filed without seeking leave of court").

But the fact is opposite, which Defendant did not mention, there were attorneys for Plaintiff, Plaintiff was not pro se.
> "**Robert A. Brunig, Bmnig Associates, Southlake, TX, Michael Patrick Kelly, Law Office, Dallas, TX, for Plaintiff.**"

And second issue was
"The Plaintiff's reply is **39 pages**. Pursuant to Local Rule CV-7(a) (1), "[a]ny reply brief to an opposed dispositive motion . . . shall not exceed ten pages, including attachments." Local Rule CV-7(a)(1). The Plaintiff's reply **exceed**s the page limitation by 29 pages"

Not only professional attorneys represented Plaintiff, the case was meritless; that's the point.

> "Aside from Clark's conclusory allegation that the association-in-fact enterprise exists separate and apart from the pattern of racketeering, Clark failed to specifically plead facts showing that the association exists for purposes other than simply to commit the predicate acts."

Therefore those citations are not applicable here. As mentioned before, it was an unintentional mistake, Plaintiff's Sur-Reply exceeds by 5 pages. Good cause exists to keep those extra pages and Plaintiff will submit a "Motion for Leave to Exceed Page Limit" to the Court to grant Plaintiff's pages are relevant to the case and Defendant will not be prejudiced by preserving those extra pages. After all, Honorable Judge Mazzant of this Court in Clarke v. Dir., TDCJ-CID said:

> The court is lenient in permitting litigants to file documents that exceed the page limits after a showing of good cause. "[A] federal district court has both specific and inherent power to control its docket." See Miller v. Thaler, 2011 WL 3209879 at *1 (5th Cir. July 28, 2011)

(quoting In re United Mkts. Int'l, Inc, 24 F.3d 650, 654 (5th Cir. 1994)). That power is reflected in the managerial function of Local Rule CV-3.

When considering a motion to strike, the Court shall carefully review whether the challenged content truly violates the rules regarding relevance, materiality, or propriety pursuant to Federal Rule of Civil Procedure 12(f). Court shall decide cases based on the substantive arguments presented rather than getting bogged down in technical disputes over page limits.

**Local Rule CV-10(d) clearly articulates how the Court handles Deficient Pleadings/Documents:**

> The clerk shall monitor filed documents for compliance with the federal and local rules as to format and form. If a document is identified as deficient as to form, the clerk shall enter a notice on the docket that identifies the perceived deficiency. **The filing party will be given a reasonable opportunity, preferably within one day, to cure the perceived deficiency**. If the perceived deficiency is not cured in a timely fashion, the clerk shall refer the matter to the assigned district or magistrate judge (emphasis added)

**And** Local Rule CV 7(k) clearly states the excess pages will not be considered, the Court did not say to Strike entirely as Defendant contends.

> in the case of motions to file a document exceeding page limitations, the excess pages and attachments cited only therein will not be considered by the court.

The Court is capable of discerning if a reply brief raises a new argument, or if a litigant has failed to comply with the requirements of Local Rule for formatting or excess of pages. **Such unintentional minor errors do not require Defendant's pattern of frivolous motion practice.**

### III.  PRAYER

For the foregoing reasons above, Defendant's Motion to Strike is meritless, another Motion for Defendant's pattern of dilatory tactics and the Court should DENY Defendant's Motion to Strike.

Dated: January 17, 2025

Respectfully Submitted,

_____
DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadhip@gmail.com
800 Fairlawn St, Allen, TX, 75002

### CERTIFICATE OF SERVICE

On January 17, 2025, a true and correct copy of the foregoing was caused to be served upon to the following through the Court's CM/ECF system:

| | |
|---|---|
| Peter S. Wahby | Morgan E. Jones |
| Texas Bar No. 24011171. | Texas Bar No. 24132301 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601

Respectfully Submitted,

_____
DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadhip@gmail.com
800 Fairlawn St, Allen, TX, 75002
