IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DILIP JANA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| | § | |
| WALMART INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE**

Defendant Walmart Inc. ("Walmart") hereby files this Reply in support of its Motion to Strike (Dkt. 32) Plaintiff Dilip Jana's ("Plaintiff") Response to Walmart's Motion to Dismiss ("Response") (Dkt. 22), Sur-Reply to Walmart's Reply in support of its Motion to Dismiss ("Sur-Reply") (Dkt. 31), and improper evidence submitted in support of the Sur-Reply (Dkt. 31-1).

**A. Plaintiff's improper evidence and filings should be stricken.**

The Court must strike the improper evidence Plaintiff references in support of his Sur-Reply because it was never served on Walmart and is procedurally improper. Plaintiff claims that Walmart was "served electronically" with his video evidence. Dkt. 34, p. 5. While Walmart was served with an exhibit cover sheet for the video (Dkt. 31-1), Plaintiff failed to serve Walmart with the referenced video itself. Plaintiff argues that the Court should consider the video because "[Walmart] did not dispute authenticity of the video" (Dkt. 34, p. 5), but Walmart could not possibly dispute the authenticity of a video it never received.

Plaintiff states in a conclusory manner that "Defendants [*sic*] will not be prejudiced if the Court denies their [*sic*] motion (to strike)." Dkt. 34, p. 4. However, Walmart *has* been prejudiced by Plaintiff's failure to serve supporting evidence on it and noncompliance with local rules.

1

Plaintiff cannot present new evidence in a filing that Walmart did not have an opportunity to respond to, particularly when Plaintiff describes such evidence as being "central to both the Complaint and the Sur-Reply" and "very relevant to the case." Dkt. 34, p. 5; *see Duvall v. Dallas County, Texas*, No. 3:07-CV-0929-L, 2008 WL 4561563, at *8 (N.D. Tex. Oct. 10, 2008) ("Defendant makes argument and has submitted additional evidence with its reply, but [] the court will not address evidence to which Plaintiff has not had an opportunity to respond."); *Faith Forestry Servs., Inc. v. U.S. Dep't of Labor*, No. 1:17-CV-214-SA-DAS, 2018 WL 1384648, at *3 n.4 (N.D. Miss. Mar. 19, 2018) ("Because this evidence was presented for the first time in a sur-reply, the Court will not consider it here."). Plaintiff exceeding the applicable page limitations and improperly formatting significant portions of his filings as single-spaced has unilaterally and unfairly afforded him additional briefing than Walmart. *See Ohaeme v. Nissan*, No. 1:23-cv-00181-JMS-KMB, 2024 WL 3924584, at *3 (S.D. Ind. Aug. 22, 2024) ("[I]f the amended brief were appropriately double spaced, it would exceed the page limits[.] The Court is entitled to expect strict compliance with its Local Rules, and even if the spacing mishap was overlooked as trivial noncompliance, the would-be length of the correctly spaced brief is fatal because allowing additional pages of argument is fundamentally unfair."); *Ameritech Corp. v. McCann*, 308 F.Supp.2d 911, 920 n.9 (E.D. Wis. 2004) ("Violation of the page limits for brief set by local rule is unfair to other parties who adhere to the rule."), *overruled on other grounds by* 403 F.3d 908 (7th Cir. 2005).

### B. This Court has the inherent authority to strike filings and evidence.

Federal case law is clear that courts have the inherent power to strike a filing when it does not comply with local rules. *See Smith v. Kimbhal*, 421 F. App'x 377, 379 (5th Cir. 2011) ("[A] judge may order a pleading stricken for failure to comply with the local rules on form.") (citing *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 101 (5th Cir. 1995)); *Weitzner v. Sanofi Pasteur Inc.*,

2

909 F.3d 604, 614 (3d Cir. 2018) ("It is beyond question that [a] District Court has the authority to strike filings that fail to comply with its local rules."); *Reddy v. JPMorgan Chase Bank, N.A.*, No. 2:09-cv-1152, 2010 WL 3447629, at *3 (S.D. Ohio Aug. 30, 2010) ("[T]he Court has the inherent power to strike filings that do not comply with court rules."). Walmart requests that the Court use this discretionary power to strike Plaintiff's Response, Reply, and improper evidence.

Plaintiff's Response to Walmart's Motion to Strike is riddled with citations to and discussions of irrelevant rules. Plaintiff misapplies multiple Local Rules—none of which should impact the Court's ruling here. *See* Dkt. 34, p. 6–8. Plaintiff primarily argues that the Court should deny Walmart's Motion to Strike because Walmart "fails to satisfy the requirements of Rule 12(f)." Dkt. 34, p. 3. Rule 12(f) provides that a "court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f) (emphasis added). "[M]otions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)." *Pem-Air Turbine Engine Servs. v. Gupta*, No. 3:21-cv-180-L-BN, 2024 WL 1317798, at *2 (N.D. Tex. Mar. 27, 2024) (quoting 5C Charles Alan Wright *et al.*, FED. PRAC. & PROC. 1380 & n.8.5 (3d ed. 2012)). Because Walmart is moving to strike a response, a sur-reply, and improper evidence, Federal Rule of Civil Procedure 12(f) is inapplicable. The Court should strike Plaintiff's Sur-Reply, Response, and improper evidence for failure to comply with local rules pursuant to the Court's inherent authority to do so. *See Clarke v. Director, TDCJ-CID*, No. 4:08-cv-381, 2012 WL 4061228, at *1 (E.D. Tex. Sep. 13, 2012) (striking filing by pro se plaintiff because it exceeded page limitation and was filed without seeking leave of court); *Clarke v. Director, TDCJ-CID*, No. No. 4:09-cv-404, 2012 WL 4120430, at *1 (E.D. Tex. Sep. 19, 2012) (same); *Clark v. National Equities Holdings, Inc.*, 561 F.Supp.2d 632, 634 (E.D. Tex. 2006)

3

(striking plaintiff's filing because it exceeded page limitation and was filed without seeking leave of court).[1]

## CONCLUSION

Defendant Walmart, Inc. requests that the Court grant this Motion to Strike in its entirety and grant it such other and further relief that the Court deems just and proper.

Dated:  January 24, 2025

                                Respectfully submitted,

                                */s/ Peter S. Wahby*
                                **Peter S. Wahby**
                                Texas Bar No. 24011171
                                peter.wahby@gtlaw.com
                                **Morgan E. Jones**
                                Texas Bar No. 24132301
                                morgan.jones@gtlaw.com
                                **GREENBERG TRAURIG LLP**
                                2200 Ross Ave., Suite 5200
                                Dallas, Texas 75201
                                Telephone: 214.665.3600
                                Facsimile:  214.665.3601

                                **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all parties of record via the Court's e-filing system.

                                */s/ Morgan E. Jones*
                                Morgan E. Jones

---

[1] The *Clark* plaintiff was represented by counsel, while several defendants were pro se.