IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **DILIP JANA,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| § | |
| **WALMART INC.,** § | |
| § | |
| Defendant. § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Defendant Walmart Inc. ("Walmart") hereby files this Response to Plaintiff Dilip Jana's ("Plaintiff") Motion to Compel Defendant to Participate in Rule 26(f) Conference, (Dkt. No. 35, "Motion"), as follows:

1. Plaintiff's Motion is unnecessary and premature. The Court is yet to rule on Walmart's pending Motion to Stay Discovery or Alternatively Enlarge Time to Enter Scheduling Order (Dkt. No. 18, "Motion to Stay"). The Court's disposition of the Motion to Stay will either (1) render the Motion moot or (2) confirm the parties' obligation to immediately commence the initial disclosure process under Federal Rule of Civil Procedure 26. In any event, the order Plaintiff's Motion seeks is unnecessary: notwithstanding the unnecessary burden and expense that would result, Walmart will not refuse to comply with its Rule 26 obligations should the Court decline to stay discovery or enlarge the time to enter a scheduling order.

2. As detailed in the Motion to Stay, the Court has good cause to stay discovery pending the outcome of Walmart's Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion to Dismiss"). (*See* Motion to Stay.) Walmart's Motion to Dismiss, (Dkt. No. 18), is

potentially dispositive of this entire case, which could preclude the need for discovery altogether. (*See* Motion to Stay at 5.)  Plaintiff's history of ambitious and harassing discovery requests in the administrative proceedings below should amplify the Court's consideration of time and expense that may be avoided by entering a stay.  (*See id.*)

3. Federal Rule of Civil Procedure 26(d) prevents Plaintiff from seeking discovery before the parties have conferred under Rule 26(f) unless the Court orders expedited discovery. FED. R. CIV. P. 26(d).  Plaintiff's Motion does not ask the Court to order expedited discovery. Instead, Plaintiff seeks to compel Walmart's participation in a Rule 26(f) conference, thereby opening discovery before the pleadings are settled and without Plaintiff having to show the necessary good cause for expedited discovery.  *See OrthoAccel Techs., Inc. v. Propel Orthodontics, LLC*, No. 4:16-CV-350, 2016 WL 3747222, at *2 (E.D. Tex. July 13, 2016) (stating good cause is required for expedited discovery).

4. Further, holding a Rule 26(f) conference before Walmart is obligated to file an answer would defeat the intended purpose of the conference.  The parties' discussion of "the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case," FED. R. CIV. P. 26(f)(2), will not be a fruitful one if it takes place before Walmart asserts its defenses in a live pleading.  Nor can the parties efficiently negotiate the contours of a proposed discovery plan when Walmart has not yet indicated any admissions or denials of the factual allegations in Plaintiff's Second Amended Complaint.  As a whole, the procedural posture of this case cautions against prematurely ordering the parties to hold a Rule 26(f) conference.

5. Plaintiff cites the Court's Local Rule CV-26 for the proposition that Walmart cannot "refuse to participate in a Rule 26(f) conference" because of a pending motion to dismiss or stay. Motion at 2.  But Local Rule CV-26 states that "a party is not excused from **responding to**

**discovery** because there are pending motions to dismiss, to remand, or to change venue." E.D. TEX. LOC. R. CV-26(a) (emphasis added). Walmart has not failed to respond to any discovery, and the Court's Local Rule CV-26 says nothing about participation in a Rule 26(f) conference where a motion to enlarge the deadline for participation in such conference is pending. The Federal Rules of Civil Procedure provide that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," so a pre-conference discovery request by Plaintiff would be invalid regardless. *See* FED. R. CIV. P. 26(d)(1); *Lopez v. Countrywide Mtg.*, No. 2:06-116, 2008 WL 4682040, at *4 (S.D. Tex. Oct. 20, 2008) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."); *Jackson v. RBA & Co.*, No. 6:19-CV-01450, 2020 WL 5200978, at *1 (W.D. La. Aug. 31, 2020) ("Parties may not seek discovery until after a Rule 26(f) conference."); *Bango v. Pierce Cnty.*, No. 3:17-CV-06002-RBL-DWC, 2018 WL 3707843, at *5 (W.D. Wash. Aug. 3, 2018) ("The Court declines to compel Defendants to produce discovery requested prior to the Rule 26(f) conference when there was no signed stipulation regarding the scope of discovery or a Court order regarding early discovery.").

6.  Finally, in the only communication between the parties regarding a Rule 26(f) conference, Walmart merely asked that Plaintiff read Walmart's Motion to Stay and stated that Walmart would reach out after the Motion to Stay was adjudicated. *See* Motion, Exhibit A. Walmart did not "refuse to participate in a Rule 26(f) conference," as Plaintiff contends. (See Motion at 7. And notably, Plaintiff did not reply to Walmart's suggestion, nor did Plaintiff again contact Walmart about a Rule 26(f) conference in the three months between the communication and his filing of the Motion. If anything, Walmart has been operating under the assumption that Plaintiff would await the Court's decision on the Motion to Stay prior to attempting to confer under Rule 26(f).

7. In sum, these are not circumstances which warrant an order by this Court compelling Walmart's participation in a 26(f) conference. Plaintiff acquiesced for three months with Walmart's suggestion that the parties wait for the Court to address the Motion to Stay before holding a Rule 26(f) conference. Now, months later and without any additional communication between the parties, Plaintiff seeks an order that will be duplicative with the Court's eventual order on the Motion to Stay. For the avoidance of doubt, Walmart will comply with any deadline to hold a Rule 26(f) conference included in the Court's decision on the Motion to Stay. With that said, there is good cause for the Court to decide Walmart's Motion to Dismiss before any such deadline expires. The additional order sought by the Motion is unnecessary, and the Court should accordingly deny the Motion.

WHEREFORE, Walmart respectfully requests that the Court enter an Order denying Plaintiff's Motion.

Dated: January 31, 2025

Respectfully submitted,

*/s/ Peter S. Wahby*
**Peter S. Wahby**
Texas Bar No. 24011171
peter.wahby@gtlaw.com
**Morgan E. Jones**
Texas Bar No. 24132301
morgan.jones@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Ave., Suite 5200
Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all parties of record via the Court's e-filing system.

*/s/ Morgan E. Jones*
Morgan E. Jones
