IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DILIP JANA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| WALMART INC., | § § § | |
| Defendant. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO EXCEED PAGE LIMITATION**

Defendant Walmart Inc. ("Walmart") hereby files its Response to Plaintiff Dilip Jana's ("Plaintiff") Motion for Leave to Exceed Page Limitation (Dkt. 33) ("Motion for Leave").

**A. The Motion for Leave is Procedurally Improper.**

Plaintiff failed to timely file his Motion for Leave. "[T]he Eastern District of Texas Local Rules detail, '[m]otions for leave to file a document should be filed separately and *immediately before* the document for which leave is sought.'" *McCalley v. Olson*, No. 4:21-CV-00511-ALM-CAN, 2022 WL 18141391, at *1 (E.D. Tex. Aug. 15, 2022), *report and recommendation adopted*, 2023 WL 114218 (Jan. 5, 2023) (emphasis added) (quoting E.D. TEX. L.R. CV-7(k)). "In other words, when leave is sought, a party should file a motion for leave and then file the document for which leave is sought shortly thereafter[.]" *Armont v. Harrell*, No. 1:21-CV-365, 2023 WL 6393871, at *7 n.16 (E.D. Tex. Oct. 1, 2023).

Plaintiff filed his Motion for Leave weeks after his deadline to do so. *See* E.D. Tex. Local Rule CV-7(k); Dkt. 31, 33. The Court should deny the Motion for Leave on this basis alone. *See McCalley*, 2022 WL 18141391, at *1–4 (striking pro se plaintiff's amended complaint for failure

1

to seek leave to file and noting that "[r]egardless of [p]laintiff's pro se status, she must still comply with the Local Rules, and failure to follow local court rules constitutes a sufficient basis for the Court to deny leave to amend"); *Smith v. City of Princeton*, No. 4:17-CV-85-ALM-CAN, 2017 WL 9285515, at *3 (E.D. Tex. Oct. 31, 2017), *report and recommendation adopted*, 2018 WL 316470 (E.D. Tex. Jan. 8, 2018) ("Plaintiff['s] pro se status does not excuse [her] from complying with federal statutes, rules of civil procedure, or local rules of court.") (quoting *Hassell v. United States*, 203 F.R.D. 241, 245 (N.D. Tex. 1999)).

Plaintiff claims he did not "kn[o]w of" the page limitation for his Sur-Reply. (*See* Dkt. 33, ¶ 3.) Plaintiff's claim of ignorance to applicable Local Rules is unpersuasive, considering Plaintiff has repeatedly attempted to weaponize his misunderstanding of Local Rules against Walmart and many of his filings contain citations to, and in-depth discussions of, Local Rules.

**B.  The Sur-Reply Should Be Stricken.**

Plaintiff's explanation of why the Court should consider the Sur-Reply's excess pages actually reinforces Walmart's argument that the Sur-Reply should be stricken. (*See* Dkt. 32, Walmart's Motion to Strike.) Plaintiff states that the extra pages "have extremely critical information for this case" and are "central to Plaintiff's claims." (Dkt. 33 ¶¶ 6–7.) The Court cannot permit Plaintiff to plead his case and present new "extremely critical information" in a sur-reply to a motion to dismiss, because Walmart does not have an opportunity to respond. *See Strong v. United Petroleum Transports, Inc.,* No. 4:22-cv-00136-O-BP, 2024 WL 3259738, at *7–8 (N.D. Tex. Apr. 4, 2024), *report and recommendation adopted*, 2024 WL 3270402 (July 1, 2024) (holding "[t]he Court cannot consider [pro se plaintiff's] argument because '[a] claim which is not raised in the complaint but, rather, is raised only in response to a [dispositive motion] is not properly before the court" and noting plaintiff "had ample opportunity to allege these facts before now in his

original and two amended complaints" (quoting *Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108 (5th Cir. 2005))).

Additionally, Plaintiff claims the Court should consider the excess pages in the Sur-Reply because "[he] did not have opportunity to explain in great detail in the Original Complaint [certain fraud allegations.]" (Dkt. 33 ¶ 6.) However, Plaintiff has indisputably had more than an ample opportunity to assert his baseless allegations against Walmart in the proper form of pleadings. Plaintiff filed a 55-page Original Complaint, a 71-page First Amended Complaint, a 75-page Second Amended Complaint, and numerous exhibits in this lawsuit. Plaintiff submitted many lengthy filings in the related administrative proceedings against Walmart as well. Pursuant to existing law, Plaintiff may not clarify, explain, or amend his pleadings in briefing in opposition to a motion to dismiss. *Langston v. San Jacinto Junior Coll.*, 25 F. Supp. 3d 1009, 1016 (S.D. Tex. 2014) ("It is not enough for Plaintiff to clarify the nature of his allegations in his briefs; 'it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'" (quoting *Roebuck v. Dothan Sec., Inc.*, 515 Fed.Appx. 275, 280 (5th Cir. 2013))).

## CONCLUSION

Defendant Walmart, Inc. requests that the Court deny Plaintiff's Motion for Leave to Exceed Page Limitation and grant it such other and further relief that the Court deems just and proper.

[*Signature Page Follows*]

Dated: January 31, 2025

                                                                                           Respectfully submitted,

*/s/ Peter S. Wahby*
**Peter S. Wahby**
Texas Bar No. 24011171
peter.wahby@gtlaw.com
**Morgan E. Jones**
Texas Bar No. 24132301
morgan.jones@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Ave., Suite 5200
Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document was served upon all parties of record via the Court's e-filing system.

*/s/ Morgan E. Jones*
Morgan E. Jones