# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

*In the Matter of:*

DILIP JANA,
*Plaintiff*

v.

WALMART, INC,
*Defendant*

Civil Action No. **4:24-cv-00698-SDJ-BD**

Honorable Bill Davis, Honorable Sean D Jordan

FILED
JAN 31 2025
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S Reply [Dkt 37]**

NOW COMES *Pro Se* Plaintiff, Dr. Dilip Jana, and files this Sur-Reply in Opposition to Defendant's Motion to Strike [Dkt. 32] and Defendant's Reply [Dkt 37] and respectfully asks this Court to deny the motion in its entirety.

## I. ARGUMENT

Defendant failed to cite any laws/rules from Federal Rules for Civil Procedure (F.R.C.P) or Local Rules for Defendant's Motion to Strike to Strike Plaintiff's entire Response and Sur-Reply; Defendant's motion should be denied for this reason alone. There is no legal basis for striking the entirety. Defendants' failure to demonstrate prejudice in its Motion to Strike (Dkt 32) also has sufficient reason to deny their motion. However, there is an excellent agreement between Plaintiff and Defendant, Defendant's Motion to Strike does not involve F.R.C.P. rule 12f nor any Local rules. As Defendant contends:

> "Because Walmart is moving to strike a response, a sur-reply, and improper evidence, Federal Rule of Civil Procedure 12(f) is inapplicable."

Defendant contends:

> Plaintiff misapplies multiple Local Rules—none of which should impact the Court's ruling here. See Dkt. 34, p. 6–8....The <u>Court should strike Plaintiff's Sur-Reply, Response,</u> and improper evidence for **failure to comply with local rules** pursuant to the Court's inherent authority to do so. (emphasis added)

This is another frivolous argument by the Defendant for wholesale "<u>strike Plaintiff's Sur-Reply, Response</u>" . Defendant failed to articulate "failure to comply with local rules"; which Local Rule Plaintiff violated, Defendant's Motion should be denied. Plaintiff's Response (Dkt 34) had answered that there is no law (F.R.C.P. and Local Rules) to strike the entire document. Since Defendant is ignoring Local Rules and blaming on Plaintiff ("Plaintiff misapplies multiple Local Rules—none of which should impact the Court's ruling here. See Dkt. 34, p. 6–8.") Plaintiff is repeating his previous argument from Dkt 34

> **And** Local Rule CV 7(k) clearly states the excess pages will not be considered, the Court did not say to Strike entirely as Defendant contends. in the case of motions to file a document exceeding page limitations, <u>the excess pages and attachments cited only therein will not be considered by the court</u>.

This Court considered Plaintiff's first five pages of Sur-Reply on its Order on October 19, 2024. Plaintiff had five extra pages, instead of 10 pages, Plaintiff had 15 pages. Plaintiff has already argued it was an unintentional mistake and on January 17, 2025 Plaintiff filed a "Motion for Leave to Exceed Page Limit" [Dkt 33]. No basis exists for the Court to grant such an extreme remedy to striking Defendant's frivolous demand of striking Plaintiff's entire Response and Sur-Reply where Court has an well established process as shown above. In support of Defendant's effort to strike entire "<u>Plaintiff's Sur-Reply, Response</u>" for Defendant's Motion to Dismiss to dismiss Plaintiff's lawsuit; Defendant

cited few case laws which substantiate those are not only applicable here but it proves that Defendant's Motion to Strike was in bad faith. Defendant cited: MATTHEW CLARKE v DIRECTOR, TDCJ-CID. Few lines from that case:

> **Petitioner's reply was <u>204</u> pages long. Local Rule CV-3 limits documents, including attachments, to <u>twenty pages</u>,..his request was denied because the <u>reply was more than ten times the page limit</u>. The court is lenient in permitting litigants to file documents that exceed the page limits after a showing of good cause,** but the document tendered was <u>unreasonably long</u>… (emphasis added)

While Plaintiff's will leave reasonableness of length to the Court, Plaintiff believes 1.5 times is not unreasonably long and these citations are misleading; it just proves that Defendant has no legal way to strike except depending on Court's inherent power which substantiates Defendant brought this Motion in bad faith. This Court is lenient for extra pages with good cause. As this pro se Plaintiff argued, he made a mistake during the Christmas break when he was traveling, the Reply was due on December 26, 2024 and the Plaintiff submitted a Motion for this Court to grant for these additional pages. Honorable Judge Mazzant of this Court in Clarke v. Dir., TDCJ-CID said:

> The court is lenient in permitting litigants to file documents that exceed the page limits after a showing of good cause.

It appears that Defendant does not want to acknowledge Local rules of this Court, Defendant relies so much on this Court's inherent power to dismiss Plaintiff's law suits; Plaintiff is reiterating Local Rules:

**Local Rule CV-10(d):**

> **The filing party will be given a reasonable opportunity, preferably within one day, to cure the perceived deficiency**. If the perceived deficiency is not cured in a timely fashion, the clerk shall refer the matter to the assigned district or magistrate judge (emphasis added)

**Plaintiff's evidence and filings should not be stricken**. Defendant contends that

> "Plaintiff failed to serve Walmart with the referenced video itself. Plaintiff argues that the Court should consider the video because "[Walmart] did not dispute authenticity of the video" (Dkt. 34, p. 5), but Walmart could not possibly dispute the authenticity of a video it never received."

Plaintiff did not separately serve any paper copies to Defendant, Defendant received those electronically. Plaintiff did not know that Defendant did not receive the video. What is important here is honesty, Plaintiff is not an expert on Court's CM/ECF system and Plaintiff was under the impression that Defendant will receive the video and as result, Plaintiff contended "[Walmart] did not dispute authenticity of the video". If Plaintiff has made any mistake, it was unintentional. After learning that Defendant did not receive the video, Plaintiff shared a google drive link for the video so that Defendant can have that video too. This case is surprisingly still in the pleading stage, Defendant is trying to dismiss the case by using its meritless Motion to Dismiss relying on Court's inherent power to strike. Discovery has not started; any party can submit relevant information/exhibits to refute the opposite party's claims during Motion to Dismiss. **This is Impeachment, the Court shall not trust Defendant**. The Court shall use the video and see who is telling the truth; this video will only help the Court to make a decision. This Defendant is not only manipulated in the Department of Labor: "WALMARTS MATERIALLY FALSE, FRAUDLENT STATEMENTS AND ALTERNATION OF EVIDENCE" (Compl ¶¶ 189-196), but this Defendant is continuing the same pattern of behavior at this Court too. The **Cover Letter** for EXHIBIT 1 clearly stated the reason of bringing the new evidence, **"Plaintiff providing this EXHIBIT because Defendant is misrepresenting the fact"**

Plaintiff never received any communication/warnings from the Court for deficient pleadings/response/sur-reply, in addition to that Plaintiff is a pro se. Plaintiff is very proactive to obey Court's laws and Plaintiff has no intention not to follow any Local Rules.

### III. PRAYER

For the foregoing reasons above, Defendant's Motion to Strike should be DENIED. Defendant failed to articulate any violation of laws in Federal Rules of Civil Procedure or Local Rules in support of Motion to Strike Plaintiff's Response and Sur-Reply. Defendant is ignoring Local Rules and continuously making frivolous arguments in an effort to mislead this Court to strike Plaintiff's Response and Sur-Reply entirely where there is no legal basis for striking the entirety.

Dated: January 31, 2025

Respectfully Submitted,

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadhlip@gmail.com
800 Fairlawn St, Allen, TX, 75002

### CERTIFICATE OF SERVICE

On January 31, 2025, a true and correct copy of the foregoing was caused to be served upon to the following through the Court's CM/ECF system:

Peter S. Wahby  
Texas Bar No. 24011171.  
Peter.wahby@gtlaw.com

Morgan E. Jones  
Texas Bar No. 24132301  
Morgan.jones@gtlaw.com

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600

Respectfully Submitted,

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadhlip@gmail.com
800 Fairlawn St, Allen, TX, 75002