# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

**FILED**
FEB 0 7 2025
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

*In the Matter of:*

DILIP JANA,
*Plaintiff*

v.

WALMART, INC,
*Defendant*

Civil Action No. **4:24-cv-00698-SDJ-BD**

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR ORAL ARGUMENT (Dkt 36)**

NOW COMES *Pro Se* Plaintiff, Dr. Dilip Jana files this Response in Opposition to Defendant's Motion for Oral Argument [Dkt. 36] and respectfully asks this Court to deny the motion in its entirety.

## I. ARGUMENT

The Motion for Oral Argument is another attempt by Defendant to delay the Court's review of all pending Motions. Defendant not shown any compelling reason why this matter cannot be decided on the pleadings as requested by Defendant in its Motion to Dismiss. Defendant and Plaintiff had ample opportunity (August 5, 2024 to January 31, 2025 ~ 180 days) to address issues in pleadings filed with the Court through multiple briefs, motions, Response, Reply, Sur-Reply etc. Plaintiff, therefore, opposes Defendant's request for an oral argument.

The rules of practice for Fifth Circuit in which this District Court falls contain a presumption of no oral argument. Defendant's request for oral argument contains no justification sufficient to overcome that presumption.

> **"There will be no oral argument on the petition** unless ordered by the court…Fewer than 20% of briefed cases receive oral argument."[1]

According to the Local Rule of this Court, the allowance of an oral hearing shall be within the sole discretion of the judge of this Court:

> "A party may in a motion or a response specifically request an oral hearing, but the allowance of an oral hearing shall be within the sole discretion of the judge to whom the motion is assigned."

This Court's sister Court Northern District of Texas has "No Oral Argument" policy "Unless otherwise directed by the presiding judge, oral argument on a motion will not be held."[2]

Oral Argument is unnecessary and could potentially hinder the Court's decision-making process

On October 11, 2024 Defendant asked this Court to enlarge the scheduling order to January 27, 2025.

Today is January 31, 2025; Defendant already got more than what Defendant asked to this Court, no Oral Argument is needed. It's time for the Court to Issue Scheduling Order, it is long overdue.

On October 11, 2024 Defendant submitted this Motion"
  "DEFENDANT WALMART INC.'S MOTION TO STAY DISCOVERY OR, IN THE ALTERNATIVE, TO ENLARGE TIME TO ENTER A SCHEDULING ORDER"

And asked this Court:

---

[1] https://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/documents/practitionersguide.pdf
[2] **https://www.txnd.uscourts.gov/sites/default/files/documents/CIVRULES.pdf**

Walmart respectfully requests that this Court (i) enter an order granting this Motion; (ii) enter a stay of discovery until such time as the Court rules on Walmart's forthcoming Motion to Dismiss; and (iii) grant Walmart such other relief as the Court deems appropriate. In the alternative, Walmart respectfully requests that this Court (i) enter an order granting this Motion; (ii) **order a new date for the Court to enter a scheduling order of January 27, 2024;** and (iii) grant Walmart such other relief as the Court deems appropriate.

**LOCAL RULE CV-26**
(a) **No Excuses.** Absent a court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit discovery to those **materials necessary to decide the issue of qualified immunity**. (emphasis added)

In 2021, Honorable Sean Jordan issued an Order Governing Proceedings which, among other things, advised the parties that they are not excused from the requirements of the Federal and Local Rules

"A party is not excused from the requirements of a Rule or scheduling order **by virtue of the fact that dispositive motions are pending…**" see 4:21-cv-00470-SDJ.

**On October 19, 2024** Plaintiff's Response to Defendant's Motion to Stay clearly stated,

**"Defendant's non-cooperation in Discovery and desperate effort to stay on discovery is nothing but a dilatory tactics and fraudulent activity substantiate Defendant's bad faith and unclean hand"**

and On October 19, 2024 Plaintiff asked this Court:

"to enter an ORDER GOVERNING PROCEEDINGS including but not limited to rule 26f Conference, Discovery schedule consistent with Federal Rules of Civil Procedure and Local Rules."

And F.R.C.P 16 (b)(2) *clearly states:*

The judge **must** issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, **the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared.** (emphasis added)

To be clear, Defendant appeared to this case on or before **08-19-2024**; On August 19, 2024 Defendant filed a Motion for Extension of Time, **60 days** from August 19, 2024 would be October 19, 2024. As

of writing this Response, February 7, 2025; more than **170 days** have passed but still this Court did not issue a Scheduling Order.

From Complaint ¶240 (page 72) (Dkt 13):

> 240. According to reliable sources, Walmart terminated key witnesses during the pendency of this case, risking the preservation of documents related to this case:
> • Adrian Milbourne: Adrian Milbourne s 18 years of career at Walmart ended in August 2024
> • Kamil Bay: Kamil Bay's 10 years of career at Walmart ended in August 2024. Prior to ending Kamil Bay's position, Walmart promoted him as a Director of Data Science on or around March- April 2024 and terminated him on or around August 9, 2024.
> • Ridhi Mehra: Her entire team was dissolved and her decade long career at Walmart ended in August 2024.
> • Infogain's contract for the Defect Detection project was terminated abruptly on December 8, 2023; Infogain was supposed to be at Walmart for a longer period of time. That was the centerpiece of this Complaint. After the termination, Dr. Jana met and shared documents with Walmart legal on the first week of November 2023; Walmart instructed Infogain on the first week of November 2023 that their contract for Defect Detection will be ending on December 8, 2023. Infogain contacted and met with Dr. Jana to assess whether Dr. Jana's termination played a role in the abrupt termination of the contract

Defendant confirmed in November -December, 2024 that Ridhi Mehra was terminated because of Mismanagement (**of funds/money? this will solve the problem**).

The Court shall do its job without any Oral Argument. Holding an oral argument in this matter would be a waste of public and judicial resources. Now Defendant seeks oral argument, which would prevent the Court from promptly reviewing and issuing Orders. Oral argument should be denied because it is unnecessary. Defendant had multiple opportunities to submit evidence and arguments to the Court. Oral argument should also be denied because it would unduly delay resolution of the Court's review. Prompt resolution of this matter is urgently needed. Plaintiff opposes the motion, and asks that the Court deny it.

## A. Defendant's condescending language and incivility towards pro se Plaintiff does not support for Oral Argument for Dispositive Motions

This Court has a very clear instruction on how pro se or attorneys should behave[3]

> Judge Davis expects attorneys to demonstrate compliance with the Eastern District of Texas Local Rules, including Rules AT-3 (standards of practice to be observed by attorneys) and CV-7(h) ("meet and confer" requirement) **through civility, professionalism, and candor. Rudeness to opposing counsel or a court employee will not be tolerated**. (emphasis added)

Judicial victory does not need to be achieved by confrontation or fight in the Courtroom, as Defendant demonstrated its frustrations by utilizing condescending language and incivility towards Pro Se Plaintiff because of Defendant's meritless claim. This Case has been in this Court Docket since August 6, 2024 (more than 170 days already), enough time has been spent on Motions, Briefs and there are plenty of materials in the Court docket for the Court to make the decision. As Defendant stated:

> "Plaintiff's Second Amended Complaint (Dkt. 13) is 75 pages long (excluding exhibits) and the parties' briefing on Walmart's Motion to Dismiss totals 85 pages (excluding exhibits)"

The arguments (both Defendant's and Plaintiff's) are well-articulated in the written briefs and the record, and the court's decision-making process wouldn't significantly benefit from oral presentations; it is proper to deny oral argument. See Nat'l Aviation Trades Ass'n v. Civil Aeronautics Bd., 420 F.2d 209, 222-23 (D.C. Cir. 1969) (denial of oral argument proper where agency was presented with a "voluminous" record including "eighty-one pages of briefs ... [and] over thirty pages of petitions to review" and was fully informed of "all of petitioners' substantial arguments").

Defendant submitted written brief (Dkt 30, Page 10) where it utilized condescending language and incivility towards Pro Se Plaintiff :

---

[3] https://www.txed.uscourts.gov/?q=judge/magistrate-judge-bill-davis

> The Motion describes a series of incidents….undermined his supervisors by questioning their credentials.. **Plaintiff's apparent inability to comprehend that his continual questioning of the competency of his supervisors would result in an adverse employment action provides useful context for this litigation.** (emphasis added)

Plaintiff responded appropriately (Dkt 31, Page 10):

> It appears that the Defendant is frustrated due to their use of condescending language toward a pro se Plaintiff. Plaintiff refutes Defendant's false claim, "his continual questioning of the competency of his supervisors" as described in Response (Dkt 29) ¶¶70-81 and Defendant's statement is a conclusory statement and Defendant's Motion should be denied. Defendant is concocting a new complaint ("his continual questioning of the competency of his supervisors") by insinuating that the questioning of data science credentials of Adrian Milbourne that began prior to termination. In reality, they were first mentioned in this Court Docket on September 6, 2024 (Plaintiff's First Amended Complaint filing ) eleven months after the termination;
>
>> "a data science leader with Bible Divinity and Bible Theology degree from Baptist Bible College with absolutely no data science background with 17 years of experience at Walmart who started as an hourly associate, was trying to mask his retaliatory behavior."

### B. The supporting attachment for Motion for Oral Argument substantiates Defendant is not credible

When considering a motion to dismiss for failure to state a claim, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted).

Plaintiff received an email from Defendant that Defendant wants to request for Oral argument without explaining why Oral Argument was necessary and whether Plaintiff was opposed

> We intend to file a motion requesting oral argument on Walmart's pending motions. Please let us know whether you are opposed.

Plaintiff responded clearly articulating issues with **Defendant's own credibility** that Complaint has, the Court must treat this as true.

> You have not articulated why we need Oral Arguments at this stage of the litigation where the Complaint itself has serious accusations (one example below) but you have never answered those accusations. In addition to the Complaint, **there are multiple false statements and frivolous arguments during the last few filings, so the case will be better presented in written form**…
>
> "WALMART'S MATERIALLY FALSE, FRAUDLENT STATEMENTS AND ALTERNATION OF EVIDENCE
>
> Plaintiff believes and has evidence to show that to cover up Walmart s retaliation due to Dr. Jana s protected Whistleblower activities, **Walmart and it's attorney s knowingly and willfully** ( means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law ) **made materially false, fraudulent statements /representation and altered a document for the purpose of committing fraud against OSHA (a Federal Agency) and the Office of the Administrative Law Judges (OALJ) at the US DOE, a Federal Agency; possibly committing further crimes**"

As explained above, Defendant made judicial machinery in motion and obtained remedy and has violated good faith in the past and continuously trying same strategy at this Court, the doors of the Court should be shut against this Defendant:

> "whenever a party, who as actor, seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him***;the court will refuse***to award him any remedy." See Franklin v. Franklin 283 S.W. 2d 483, 486 (1955)

### C. Meritless Motion to Dismiss was for improper purpose and does not require Oral Argument

In addition to Plaintiff's Response and Sur-Reply which clearly substantiates Defendant's Motion to Dismiss was presented for improper purpose, following example clearly substantiate Defendant's improper purpose of Motion to Stay and Motion to Dismiss, such as to harass, cause unnecessary delay

(F.R.C.P 11(B)(1)), made false statement to this Court. Defendant's Motion for Oral Argument should be denied with prejudice.

**On October 11, 2024 Defendant in it's Motion to Stay [Dkt 18] asserted this Court:**

> Walmart's Motion to Dismiss is potentially determinative of this entire case, including because the Second Amended Complaint includes only two causes of action, each requiring multiple overlapping elements that Plaintiff must adequately plead…Walmart's forthcoming Motion to Dismiss will potentially preclude the need for discovery in this case. The Second Amended Complaint includes two counts, and both counts require a prima facie showing of nearly identical elements. (See Dkt. 1, Compl. ¶¶ 218–19 (**Plaintiff's causes of action have identical elements except for the area of law involved in alleged protected activity**)). Walmart's forthcoming Motion to Dismiss will argue that Plaintiff was never engaged in "protected activity" during his employment with Walmart."

Compl. ¶ 218
   A. COUNT ONE: RETALIATION UNDER CAARA (US title 15 U.S.C. §7a-3)

Plaintiff repeats and realleges paragraphs 1 through 217 of this Complaint as if fully set forth herein. Plaintiff substantiated Direct Evidence of Retaliation due to Plaintiff's protected Whistleblower activities. Plaintiff also meets the prima-facie for Circumstantial Evidences : (a) Plaintiff engaged in protected activity or conduct under Criminal Antitrust Anti-Retaliation Act ( CAARA ), 15 U.S.C. §7a-3,
(b) Defendant had actual or constructive knowledge of this protected activity;
(c) Plaintiff suffered an adverse personnel action;
(d) Plaintiffs protected activity was a contributing factor in the defendant's decision to take an adverse personnel action against him.


Compl. ¶ 219
 B. COUNT TWO: RETALIATION UNDER SOX (US title 18 U.S.C. §1514A)

Plaintiff repeats and realleges paragraphs 1 through 217 of this Complaint as if fully set forth herein. Plaintiff substantiated Direct Evidence of Retaliation due to Plaintiffs protected Whistleblower activities. Plaintiff also meets the prima-facie for Circumstantial Evidences :
(a) Plaintiff engaged in protected activity or conduct under Sarbanes-Oxley Act ( SOX ), 18 U.S.C. § 1514A,
(b) Defendant had actual or constructive knowledge of this protected activity;
(c) Plaintiff suffered an adverse personnel action;
(d) Plaintiffs protected activity was a contributing factor in the defendant's decision to take an adverse personnel action against him

Defendant's Motion to dismiss did not discuss "Plaintiff was never engaged in "protected activity" during his employment with Walmart" because **"Plaintiff's causes of action have identical elements except for the area of law involved in alleged protected activity"**

### D. Defendant's Conclusory Statement does not support for Oral Argument

Defendant's conclusory statement in support of Oral argument warrants denial of Oral Argument:

> "Plaintiff's disjointed filings present facts, evidence, and legal arguments that are not relevant to the Court's ultimate ruling, so oral argument would allow counsel to narrow the focus to only the pertinent issues.

Defendant failed to articulate how Oral Argument will "efficiently and effectively address the overlapping issues raised by the parties' pending motions" without indicating what those overlapping issues are, therefore, it's Defendant's conclusory statement. Defendant does not show that there are any specific facts or legal standards that cannot be adequately considered on the written submissions.

Defendant's Motion should be denied as "mere conclusory statements, do not suffice."Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

### E. Defendant's reliance on this Court's "own judgement" instead of well-established Whistleblower laws does not support Oral Argument for Motion to Dismiss

In Dkt 30, page 6, Defendant's stated:

> "After Loper Bright, **federal courts do not owe the ARB's Sylvester decision deference, so this Court should look to the Fifth Circuit's independent interpretations of SOX and CAARA to ascertain if Plaintiff has stated a claim"** citing Mayfield v. U.S. Dep't of Lab.,

**117 F.4th 611, 617–20 (5th Cir. 2024) ("[C]ourts decide legal questions by applying their own judgment."**

First, above cited Mayfield v. U.S. Dep't of Lab., 117 F.4th 611, 617–20 (5th Cir. 2024) has nothing to do with SOX or CAARA whistleblower cases as described below and it cannot be applied here:

> "For more than eighty years, the Department of Labor has defined..the minimum salary ..because that power is not an unconstitutional delegation of legislative power"

Second, In Murray v UBS (601 U. S. No. 22–660 (2024)), the US Supreme Court explained the necessity of the agreement for Whistleblower legal standards among different Circuits:

> "The Second Circuit's opinion requiring whistleblowers to prove retaliatory intent placed that Circuit in direct conflict with the Fifth and Ninth Circuits, which had rejected any such requirement for §1514A claims. Compare id., at 262, with Halliburton, Inc. v. Administrative Review Bd., 771 F. 3d 254, 263 (CA5 2014) (per curiam) (holding that retaliatory intent is not an element of a §1514A claim);Coppinger-Martin v. Solis, 627 F. 3d

As explained in In Dkt 31, paragraph 4-7,

> After Plaintiff's Response (Dkt 29), Defendant's Reply (Dkt 30) demonstrates an excellent agreement between Plaintiff and Defendant that will help this Court to Deny Defendant's Motion to Dismiss on its face.
>
> a) Defendant agreed with Plaintiff that Plaintiff "need not "prove" or "establish" any of his claims" b) Defendant agrees with Plaintiff that heightened pleading standard is not required in SOX/CAARA, Plaintiff needs to pled with Rule 8(a). Quote from Defendant's Reply (Dkt 30): nowhere in the Motion did Walmart contend that Plaintiff must allege the elements of his claims with the particularity required by Rule 9(b). Instead, the Motion argues that the Complaint fails under Rule 8(a), (emphasis added)
>
> 5. The requirement that a pleading contain "specific detail as to the who, where, when, or how" generally applies only under the heightened pleading standard for fraud claims, pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. See Knoll v. Schectman, 275 Fed.Appx. 50, 51 (2d Cir. 2008)

"Plaintiff has not established a reasonable belief that a SOX or CAARA violation occurred."

Defendant's argument V(A) (page 17)

"Plaintiff's Purported "Whistleblowing" Was Not Protected Activity Under SOX or CAARA." because

(a) "Plaintiff has not established a reasonable belief that a SOX or CAARA violation occurred." V(A)(1)

(b) "Complaint does not allege sufficient facts to justify Plaintiff's belief that a violation occurred."V(A)(2) SOX violation

(c) "Nor does the Complaint demonstrate why such conduct (to the extent it occurred) was problematic or why it would benefit Walmart at the expense of its shareholders." V(A)(2)(I)

(d) "…this single contract does not come close to the level of materiality necessary to support the claims alleged."V(A)(2) (II)

(e) "Mehra's actions would constitute embezzlement from Walmart, not fraud by Walmart against its shareholders…fraud committed against Walmart—not fraud committed by Walmart……this single contract does not come close to the level of materiality necessary to support the claims alleged." V(A)(2) (III) Legal Conclusion, speculation, Conclusory statement

(f) "The Complaint does not attempt to justify Plaintiff's belief that Infogain's adjusted contract price was caused by fraud". V(A)(2)(IV) Defendant's acknowledgement of Plaintiff "need not "prove" or "establish" any of his claims"

This Court should follow legal standards already established in Different Circuits; Defendant's reliance on Court's inherent power instead of well-established whistleblower laws raises concern.

### E. Allowing Oral Argument for Dispositive Motion is prejudice to Plaintiff

Plaintiff is a pro se, he does not have a formal law degree for Oral Argument. Plaintiff's Response and Sur-Reply is very decisive for this Court to Deny Defendant's Motion to Dismiss. The Defendant, who has historically demonstrated deceitful and bad faith (Complaint 189-196), can not be trusted to mislead the Court during the Oral Argument. Allowing this Defendant for an Oral Argument is prejudice to Plaintiff.

## II.   CONCLUSION

The record is complete and it is time for the Court to decide the matter. It would be contrary to the public interest to allow Defendant to delay this matter further with oral argument. The Court has the arguments of the parties before it and should proceed to a decision on the written submissions. Plaintiff respectfully submits that the Motion for Oral Argument for Dispositive Motion should be denied.

### III. PRAYER

For the foregoing reasons above, Defendant's Motion Oral Argument should be DENIED. This is another Motion for Defendant's dilatory tactics and the Court should DENY with prejudice.

Dated: February 7, 2025

Respectfully Submitted,

*/s/ Dilip Kumar Jana*
DILIP JANA, Plaintiff
Pro Se
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On February 7, 2025, a true and correct copy of the foregoing was caused to be served upon to the following through the Court's CM/ECF system:

Peter S. Wahby
Texas Bar No. 24011171.
Peter.wahby@gtlaw.com

Morgan E. Jones
Texas Bar No. 24132301
Morgan.jones@gtlaw.com

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601

Respectfully Submitted,

*/s/ Dilip Kumar Jana*
DILIP JANA, Plaintiff
Pro Se
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002