# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

**FILED**

FEB 0 7 2025

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

| | |
|---|---|
| *In the Matter of:* | |
| DILIP JANA, *Plaintiff* | |
| v. | Civil Action No. **4:24-cv-00698-SDJ-BD** |
| WALMART, INC, *Defendant* | EMERGENCY MOTION |

---

**EMERGENCY MOTION FOR EXPEDITED TRIAL AND VACATE REFERRAL**

---

**TO HONORABLE SEAN D. JORDAN**

NOW COMES *Pro Se* Plaintiff, Dr. Dilip Jana respectfully files this Emergency Motion for Expedited

Trial and Requesting the Court to Vacate Referral to Magistrate judge in extraordinary circumstances.

## I.    INTRODUCTION AND ARGUMENTS

1. Plaintiff, an American Citizen,
   "is a Data Science leader with over a decade of data science experience in the US Corporate as
   well as at the European Organization for Nuclear Research (CERN), Geneva, Switzerland. In
   March 2020, Dr. Jana joined Walmart as a Principal Data Scientist at Walmart's Global Tech
   organization; working from Walmart s Tech Hub at 603 Munger Avenue, Dallas, TX, 75202.
   In April 2023, Dr. Jana was promoted to Director of Data Science, an Executive level position
   at Walmart, reporting to a different manager. Dr. Jana had a consistent history of making
   impactful contributions during his tenure at Walmart. Dr. Jana had an excellent performance
   review at Walmart including but not limited to saving Walmart more than $250 million in gross

merchandise value ( GMV ) for Fiscal Year 2023. Dr. Jana submitted a patent at the US Patent Office on or around March-April 2023"[1](Complaint Dkt 13, ¶1)

2. "While working in the ATLAS Collaboration at the European Organization for Nuclear Research ( CERN ), Dr. Jana was one of the authors for the experimental Higgs boson discovery (popularly known as God Particle") that led to the 2013 Physics Nobel prize given to theoreticians who predicted the possible existence of the Higgs boson in 1964" (Complaint Dkt 13, ¶30)

3. "Dr Jana had a very successful career at Walmart. During his tenure at Walmart, Dr. Jana demonstrated a consistent history of making impactful contributions for Walmart. Dr. Jana's Annual reviews at Walmart show that he helped Walmart save $35 million in gross merchandise value ( GMV ) for 2021 fiscal year, $125 million GMV for 2022 fiscal year, and more than $250 million GMV for 2023 fiscal year. (Complaint Dkt 13, ¶32)

4. "During August - September 2023 Dr. Jana reported fraud, corruption, embezzlement which Dr. Jana reasonably believed broke federal laws, regulations, and rules designed to prevent fraud against the shareholder, to prevent violation of US Antitrust laws repeatedly to person of Supervisory Authority at Walmart over Dr. Jana and to the US Department of Justice ( "DOJ" ). In response to Dr. Jana's efforts to address his concerns about Walmart's violation of Federal Antitrust Laws and violations of Federal laws relating to fraud against shareholders, his managers (Supervisory Authority) were dismissive and hostile towards him. Dr. Jana had no choice but to escalate his concerns to the Walmart Ethics/Compliance team ( WM Ethics ). In addition to raising concerns about violation of federal laws and misconduct that Dr. Jana believed violated federal laws, Dr. Jana also complained about the retaliation he faced due to his protected activities. Based on Dr. Jana's allegation, WM Ethics investigated possible fraud/crime related to violation of antitrust laws and Federal laws relating to fraud against shareholders and later closed the Walmart Ethics investigation on September 27,2023 and within one week, on October 4, 2023 Walmart decided to dismiss Dr. Jana." (Complaint Dkt 13, ¶¶2-4)

5. "Plaintiff brings this action to remedy whistleblower retaliation for his protected activities under Criminal Antitrust Anti-Retaliation Act ( "CAARA" ), 15 U.S.C. §7a-3 and the Sarbanes-Oxley Act ( "SOX" ), 18 U.S.C. § 1514A (to protect employees in publicly traded companies against retaliation in fraud cases), seeking redress for Defendant s retaliatory employment practices". (Complaint Dkt 13, ¶5)

6. "**This whistleblower case under statute CAARA is the first Antitrust Whistleblower protection claim in the United States in the US Federal District Court, thanks to President Donald Trump who made it as a law in December 23, 2020 which prohibits employers from retaliating against**

---

[1] https://patents.google.com/patent/US20240346287A1/en

**certain individuals who report criminal antitrust violation**.[2]  (Complaint Dkt 13, ¶8) (emphasis added)

7. "Plaintiff substantiated Direct Evidence of Retaliation due to Plaintiff's protected Whistleblower activities. Plaintiff also meets the prima-facie for Circumstantial Evidences :
    (a) Plaintiff engaged in protected activity or conduct under Criminal Antitrust Anti-Retaliation Act ( CAARA ), 15 U.S.C. §7a-3,
    (b) Defendant had actual or constructive knowledge of this protected activity;
    (c) Plaintiff suffered an adverse personnel action;
    (d) Plaintiffs protected activity was a contributing factor in the defendant's decision to take an adverse personnel action against him"  (Complaint Dkt 13, ¶218)

8. "Plaintiff substantiated Direct Evidence of Retaliation due to Plaintiff's protected Whistleblower activities. Plaintiff also meets the prima-facie for Circumstantial Evidences :

(a) Plaintiff engaged in protected activity or conduct under Sarbanes-Oxley Act ( SOX ), 18 U.S.C. § 1514A,
(b) Defendant had actual or constructive knowledge of this protected activity;
(c) Plaintiff suffered an adverse personnel action;
(d) Plaintiffs protected activity was a contributing factor in the defendant's decision to take an adverse personnel action against him (Complaint Dkt 13, ¶219)

9. Once Whistleblower establishes prima facie for protected whistleblowing activities, **the employer**

**can prevail only if it "demonstrates by clear and convincing evidence that the employer would**

**have taken the same unfavorable personnel action in the absence of that behavior"** Id. §42121

(b)(2)(B) (iv). See Murray v. UBS Securities, et. al; No 22-60(2004) (emphasis added)

10. All whistleblower cases must to go through administrative process under US Department of Labor's

Occupational Safety and Health Administration ( "OSHA" )

"On or around January 3, 2024, Dr. Jana filed a timely (~75 days after the termination) Complaint with the United States Department of Labors ( "DOL" ) Occupational Safety and Health Administration ("OSHA" ) alleging that Dr. Jana was discharged on October 19, 2023 after reporting alleged violations of antitrust rules and federal laws against shareholders to the supervisory authority over Dr. Jana at Walmart and the US Department of Justice ( "DOJ" )" (Complaint Dkt 13, ¶12)

---

[2]https://www.justice.gov/archives/opa/pr/justice-department-applauds-passage-criminal-antitrust-anti-retaliation-act

11.   During the OSHA investigation, on February 21, 2024 Defendant shared a redacted email (EXHIBIT 1, Dkt 13) in support of Defendant's claim of non retaliatory dismissal; however,

> "Walmart declined OSHA investigator's request to produce any documents which were relevant to this case. On February 29, 2024 OSHA investigator informed Dr. Jana: I received - as expected - an email from Walmart earlier today relating the following: Walmart will not be providing any additional documentation at this time…" (Complaint Dkt 13, ¶13)

That left OSHA investigator in a very difficult position to investigate further.

12.   "OSHA Region VI was offering an Expedited Case Processing ( "ECP" ) option to allow Whistleblower to request OSHA terminate its investigation and issue a determination on Dr. Jana's complaint if the case had been pending with OSHA for more than 30 or 60 days, depending on the statute. March 4, 2024: More than 60 days after initial complaint to OSHA, Dr. Jana requested OSHA to terminate their investigation under the OSHA ECP program and requested OSHA's findings. (Complaint Dkt 13, ¶14-15)

13.   "March 5, 2024: after OSHA dismissed Dr. Jana's claim, Dr. Jana appealed OSHA's dismissal to the United States Department of Labor's Office of Administrative Law Judges ("OALJ" ) without wasting a single day and OALJ docketed the case on March 5, 2024"(Complaint Dkt 13, ¶17)

14. June 14, 2024: Walmart requested Honorable Judge Christine Hilleren-Wilkins at OALJ to dismiss Dr. Jana's claim:

> "REQUEST FOR MORE DEFINITE STATEMENT...This has gone on long enough, and Respondent respectfully asks the Court in the interests of justice and the parties, to dismiss the Complaint... Jana has only himself to blame for his failures in his job and is now wasting not only Walmart s and the Court's time in this frivolous, vexatious, and pointless litigation, but also his own...dismiss the Complaint for failure to state a claim and for avoidance of further waste of judicial resources" (Complaint Dkt 13, ¶18)

15. Defendant did not participate in any discovery at OALJ despite discovery commenced and finally

when Plaintiff filed a Motion to Compel, Defendant submitted the Unredacted version (EXHIBIT 2) of

EXHIBIT 1 and asked the OALJ Court to issue a Protective Order and was successfully able to secure

Protective Order.

16. "July 23, 2024: Honorable Judge Christine Hilleren-Wilkins, instead of dismissing the Complaint, ordered a trial date in February 2025 in the event Dr. Jana does not exercise his foregoing right to proceed the case in federal district court:

In the event that Complainant does not exercise the foregoing right to proceed in federal district court, the Formal Hearing in this matter will be conducted on February 5-7, 2025 at 9:30 a.m.." (Complaint Dkt 13, ¶19)

17. "August 5, 2024, more than 210 days have passed since the filing of the Complaint to OSHA, the US DOL has not issued a final decision in this case and Dr. Jana acted in good faith, all administrative remedies have been exhausted. Accordingly, pursuant to 15 U.S.C. § 7a-3 ("CAARA") and 18 U.S.C. § 1514A ("SOX"), Dr. Jana's right to "kick-out the case to federal court accrued after 180 days from the date Dr. Jana filed complaint with OSHA and Dr. Jana is entitled to seek *de novo* review of his claim in this Federal District Court"(Complaint Dkt 13, ¶20)

18. Upon close inspection Id. ¶15 of this document, EXHIBIT 2 is an altered and modified version of

EXHIBIT 1 which is a document fraud that Defendant committed at OALJ and manipulated OALJ.

Plaintiff has already explained this Court on September 26, 2024 (Dkt 16 ¶¶30-35), copying few lines

for Court's convenience:

> One can clearly see that the Defendant modified and altered EXHIBIT 1 (DOC 13) and presented as EXHIBIT 2 (DOC 13) at OALJ and asserted OALJ that if there is protective order, Defendant will be happy to provide an un-redacted version of the email with attachments, "intend on providing the attachments subject to a protective order". OALJ fell into Defendant's trap, Defendant tainted OALJ and was successfully able to get the protective order without participating in a single discovery in more than 150 days at OALJ…EXHIBIT 1 has an attachment, which Defendant did not disclose, which says, "**Termination recommend…msg**" (visible at the top of EXHIBIT 1); disclosing this attachment will only help Defendant to avoid liability if Defendant did not retaliate because of Plaintiff's protected whistleblowing activities..To add to the puzzle, Defendant modified and altered that email attachment and renamed it,"**Recommendation.docx**" (EXHIBIT 2). EXHIBIT 1 EXHIBIT 2 have different Sent dates even if they are the same email ("Walmart provided a redacted version in its original response out of an abundance of caution...We are attaching the unredacted version herein") and deceit OALJ "intend on providing the attachments subject to a protective order" to make sure nobody will ever know Defendant's manipulation and crimes (Dkt 13). At the bottom of the altered document EXHIBIT 2 has a page number 1 which indicates an editor was utilized to alter. Also, there are many inconsistencies in the body of the email. There may be more alternation which Plaintiff does not know, since the case related to document fraud is beyond the scope of this lawsuit, **appropriate state and federal agencies have been notified**.

19. Complaint (Dkt 13) has a dedicated section (Dkt 13 ¶¶54-60)

"WALMART'S MATERIALLY FALSE, FRAUDLENT STATEMENTS AND ALTERNATION OF EVIDENCE"

> "Plaintiff believes and has evidence to show that to cover up Walmart's retaliation due to Dr. Jana's protected Whistleblower activities, Walmart and it's attorney s knowingly and willfully ( means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law ) made materially false, fraudulent statements /representation and altered a document for the purpose of committing fraud against OSHA (a Federal Agency) and the Office of the Administrative Law Judges (OALJ) at the US DOE, a Federal Agency; possibly committing further crimes..almart attorney, Mindy Sauter, who represented Walmart at OSHA and OALJ, who provided Walmart s Position Statement to OSHA and "RESPONDENT'S ANSWER to OALJ was a federal and State of Texas prosecutor and she wrongfully imprisoned an American citizen by concealing material evidence in ..a reckless disregard for her duties and conducted the proceedings in an irresponsible manner and committed Prosecutorial Misconduct 11 violating Giglio, Brady, and Napue12. With Walmart's own history of violations of numerous federal laws, one can easily expect Walmart and its attorneys will knowingly and willfully make materially false, fraudulent statements/representation and alter documents to cover up their crimes and true reason for the termination."

20. As explained in  ¶9, the employer can prevail only if it

**"demonstrates by clear and convincing evidence that the employer would have taken the same unfavorable personnel action in the absence of that behavior"** Id. §42121 (b)(2)(B) (iv). See Murray v. UBS Securities, et. al; No 22-60(2004) (emphasis added)

Upon close inspection of EXHIBIT 2, one can find that the hearsay statement was utilized to terminate

Plaintiff (Complaint Dkt 13, ¶89); "Direct Evidence of Retaliation: One of Dr. Jana's whistleblowing

activities were utilized to fire Dr. Jana (Complaint Dkt 13, ¶¶90-105)


21. Disclosing just EXHIBIT 1/EXHIBIT 2 in its original form is directly relevant to the case and it is

a very important document in this case and burden or expense of this discovery request does not

outweigh its likely benefit. Disclosing this document will not only expose Defendant's attorney's

felony activities but also will expose the true cause of the termination.

---

22. The clean hand doctrine (Franklin v. Franklin, 283 S. W. 2nd 483, 486 (1955)) says:

> whenever a party, who, as actor, seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut down against him , the court will refuse to award him any remedy

## Court's failure to Issue Scheduling Order/Discovery is Prejudice against Plaintiff and an indication of Appearance of Impropriety

23. This whistleblower case involves Defendant's fraud against shareholder and violation of antitrust laws; both are criminal in nature in the first place; then in order to suppress this *pro-se* whistleblower, Defendant's experienced attorneys who were Federal prosecutors in the State of Texas, falsified and altered documents which Plaintiff believes is a white-collar crime Id. at ¶18-21. This case was with this Court from August 5, 2024.

24. This case was referred to Magistrate Judge as per Honorable Sean Jordan's Order; Plaintiff never gave any Consent to proceed to Magistrate judge.

25. Even after more than 180 days since the case had been docketed at this Court, the Magistrate judge
   A. Failed to Set up Pretrial Conferences and Scheduling Order in a timely fashion as required by law which is prejudice against Plaintiff and an indication of appearance of impropriety

   B. Failed to issue necessary Orders (i.e, Defendant's Motion to Stay Discovery Dkt 18 ) in a timely fashion which is prejudice against Plaintiff and an indication of appearance of impropriety

26. F.R.C.P 16 (b)(2) *clearly states:*

The judge **must** issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, **the judge must issue it <u>within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared</u>.** (emphasis added)

27. **LOCAL RULE CV-26**

(a) **No Excuses.** Absent a court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit discovery to those **materials necessary to decide the issue of qualified immunity**. (emphasis added)

28. In 2021, Honorable Sean Jordan issued an Order Governing Proceedings which, among other things, advised the parties that they are not excused from the requirements of the Federal and Local Rules

"A party is not excused from the requirements of a Rule or scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosures, or because another party has failed to comply with this Order or the rules." see **4:21-cv-00470-SDJ**

29. As explained above, just disclosing one EMail EXHIBIT 1/EXHIBIT 2 (Dkt 13) will change the balance of this litigation in favor of Plaintiff; due to mysterious reasons the Magistrate judge did not issue a Scheduling Order and 26f Conference, Initial Disclosure and Discovery did not start. The case did not move at all for the last 6 months. Magistrate judge knows the consequence of the discovery of EXHIBIT 1/EXHIBIT 2 as Complaint states very clearly: Complaint (Dkt 13) has a dedicated section (Complaint Dkt 13 ¶¶54-60)

"WALMART'S MATERIALLY FALSE, FRAUDLENT STATEMENTS AND ALTERNATION OF EVIDENCE"

But still did not issue Scheduling Order in a timely fashion.

30. Defendant filed Motion to Stay on October 11, 2024 and requested the Court to "order a new date for the Court to enter a scheduling order of January 27, 2024" Now it's February 7, 2025; there is no Scheduling Order. Defendant is automatically being awarded more than what Defendant asked this Court. On October 19, 2024 Plaintiff requested this Court:

> Plaintiff respectfully requests this Court to enter an ORDER GOVERNING PROCEEDINGS including but not limited to rule 26f Conference, Discovery schedule consistent with Federal Rules of Civil Procedure and Local Rules.

31. Any reasonable person would conclude that the Court's failure to act in a timely fashion is prejudice to Plaintiff and an appearance of impropriety which is an indication of the impartiality of this Court. Plaintiff believes fair justice can not be possible under this Magistrate judge based on Court's failure to Issue Scheduling Order/Discovery/26f Conference/Initial Disclosure. This pro se Plaintiff is a Whistleblower, he tried to uphold the law; this is the first Antitrust whistleblower case due to President Trump's effort to protect Whistleblower; on the other hand; Defendant's attorneys unclean hands, felony activities to deceit this pro se Plaintiff, attorneys are officers of this Court; if an unethical officer/attorney files a case; his case will not be referred to Magistrate judge; this is not fair. This whistleblower case needs your attention immediately before irreparable harm happens to Plaintiff.

32. Plaintiff respectfully requests the Court to Vacate the referral Order as this is a unique situation that needs your immediate attention.

## Irreparable Harm

33. Complaint Dkt 13, ¶¶224-225 states:

> The US Congress passed CAARA in the wake of furor over the incredible power of large technology companies and the manner in which they wield that power. CAARA represents an

important, though limited, step forward for employee rights since **individuals seeking to do the right thing by the American people ought to be protected from the malicious retaliatory impulses their employers may have. Without these brave individuals who risk their livelihoods by speaking out, many illegal and dangerous actions would be simply swept under the rug.** Dr. Jana believes improvements could be made to CAARA, all of which would encourage more reporting to government officials or internal supervisors regarding conduct **that harms the American people. In the ever-changing fast-paced modern marketplace, regulatory officials need more information in order to ensure that markets remain competitive which is good for the American economy and American people.** 225. This case demonstrates how powerful Walmart is, this is an example of corporate communism. Right after Walmart's settlement with the Department of Justice (DOJ) in 2019 for FCPA violations and Walmart's promise to improve its compliance/ethics department. This case demonstrates collusion among management, HR and ethics departments to fire Dr. Jana who was actually helping Walmart. This case exposed Walmart fake propaganda of people-led and listening session to mislead customers and shareholders.

34.  Whistleblowers face unprecedented reputational harm, making it almost impossible to get a job. While the President of the United States and the United States Congress wants to protect Whistleblowers, and while US Department of Labor has expedited trial for CAARA and SOX whistleblower cases (this pro se Plaintiff's trial was set for February 2025 by the Administrative Law Judges at the Department of Labor[3]); Federal District Court does not have any special provision for Whistleblower cases. The pro se Plaintiff kicked out the case from the Department of Labor to this case hoping to get a fair jury trial; this pro se Plaintiff did not know this Court would not even Order a Scheduling Conference for more than six months (August 5, 2024 to February 5, 2025) after the case was docketed at this Court.

35.  Whistleblowers' lives are threatened at all times[4]. Following an attempt on this Plaintiff's life was made, this Plaintiff engaged local law enforcement and Federal Bureau of Investigation ("FBI"). FBI

---

[3] This whistleblower case was docketed at OALJ on March 5, 2024; the judge was assigned on April 15, 2024 and Trial date was set on July 23, 2024.

[4] For example, recent death of Boeing Whistleblower, John Barnett and Open AI whistleblower, Suchir Balaji

detectives interviewed this Plaintiff on September 30, 2024 at FBI's Dallas office (One Justice Way, Dallas, TX 75220). Interestingly, within two weeks Defendant's attorneys who had represented Defendant at the US Department of Labor since January 2024 and who altered documents (EXHIBIT 1 & 2, Dkt 13) left this case all of a sudden on October 11, 2024. Plaintiff is still alive, but six American citizens including five minor American children who depend on this Plaintiff are faced with unprecedented financial hardship and an uncertain life. Plaintiff's house will be Foreclosed at any time (**EXHIBIT 1**). Plaintiff prays no Whistleblower should go through this pain.  "To show irreparable injury if threatened action is not enjoined, it is not necessary to demonstrate that harm is inevitable and irreparable." Humana, Inc. v. Jacobson, 804 F.2d 1390, 1394 (5th Cir. 1986). Instead, plaintiffs need only show that they are "likely to suffer irreparable harm in the absence of preliminary relief." Benisek v. Lamone, 138 S. Ct. 1942, 1944 (2018). A procedural injury, by definition, is irreparable injury— harm that "cannot be undone through monetary remedies." Deerfield Med. Ctr. v. City of Deerfield Beach, 661 F.2d 328, 338 (5th Cir. 1981). Circumstances described above substantiates Local rule CV-7(e) is inadequate.

## Plaintiff's substantial likelihood of success on the merits

36.  The Complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d 305, 312 (5th Cir. 2002). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable harm. United States ex. Rel. Riley v. St. Luke's Episcopal Hosp., 355 F.3d 370, 376 (5th Cir. 2004).

> "Absent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying [a plaintiff] an opportunity to develop facts to support their complaint." N. Cent. Tex. Coll. V. Crandall Design Grp., No. 4:10-CV-00037, 2012 WL 262612, at *4 (E.D. Tex. Jan 6, 2012), report and recommendation adopted, 2012 WL 262606

(E.D. Tex. Jan. 30, 2012) (emphasis added).

37. The court may not decide disputed fact issues and must assume that all material facts contained in the challenged complaint are true. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S.Ct. 2499,2509 (2007). The Complaint (Dkt 13) contains 'enough facts to state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662,678 (2009)). The Court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. Reliable Consultants, Inc. v. Earle, 517 F.3d 738, 742 (5th Cir. 2008), reh'g. en banc denied, 538 F.3d 355 (2008) (internal quotations omitted). Rule 12(b)(6) "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." In re Southern Scrap Material Co., 541 F.3d 584, 587 (5th Cir. 2008), cert. denied, 129 S. Ct. 1669, 173 L.Ed2d 2036 (2009). Twombly, 550 U.S. at 556:

38. The Plaintiff case was not dismissed at OSHA and at OALJ at the US Department of Labor until Plaintiff kicked out the case.

## Granting Expedited Trial and Vacating Referral will not prejudice Defendant

39. Expediting Trial and Vacating Referral will help Defendant reduce litigation costs; which is consistent with Defendant's Everyday Low Cost ("EDLC")[5] strategy. As the Complaint (Dkt 13, ¶27 )

---

[5] https://one.walmart.com/content/wal-paper/en_in/lod/learning/home-office-academy/onboarding/wk1/day-3.html

states:

"in 2019 after a decade-long investigation, Walmart settled with the DOJ and SEC for FCPA violation. This is just one of those examples: Walmart has entered into a global settlement with the U.S. Department of Justice (DOJ) and the Securities and Exchange Commission (SEC) that resolves a more than seven-year investigation into the company's compliance with the U.S. Foreign Corrupt Practices Act (FCPA)..., Walmart has agreed to a combined payment of **$282.7 million**....Over the past seven years, Walmart spent more than **$900 million** on FCPA inquiries and investigations, its Global Compliance Program and organizational enhancements."

Defendant paid only $282.7 million to the DOJ/SEC who did not prosecute Defendant but was happy to pay attorneys more than $900 million.

## III.  PRAYER

This Whistleblower case is a unique one which involves the first Antitrust Whistleblower retaliation statute ("CAARA") at the US Federal Court, approved by President Donald Trump in 2020, extraordinary circumstances exist and irreparable harm is imminent in the absence of granting the Motion. Plaintiff respectfully requests the Court to grant the Motion for Expedited Trial and vacate the referral as good cause exists.

Dated: February 7, 2025

Respectfully Submitted,

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadhlp@gmail.com
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On February 7, 2025, a true and correct copy of the foregoing was caused to be served upon to the following through the Court's CM/ECF system:

Peter S. Wahby                          Morgan E. Jones
Texas Bar No. 24011171.                 Texas Bar No. 24132301
Peter.wahby@gtlaw.com                   Morgan.jones@gtlaw.com

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601

Respectfully Submitted,

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002