# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **DILIP JANA** § | |
| § | |
| v. § | NO. 4:24-CV-00698-SDJ-BD |
| § | |
| **WALMART, INC.** § | |

## MEMORANDUM OPINION AND ORDER

Proceeding pro se, Dilip Jana sued Walmart, Inc. for alleged violations of the whistleblower protections of the Criminal Antitrust Anti-Retaliation Act, 15 U.S.C. § 7a-3, and the Sarbanes-Oxley Act, 18 U.S.C. § 1514A. Dkt. 13 (operative complaint). Walmart moved to stay discovery pending resolution of its then-forthcoming motion to dismiss, or, alternatively, to enlarge the time for issuance of a scheduling order. Dkt. 18; *see* Dkt. 22 (subsequently filed Rule 12(b)(6) motion to dismiss). Jana moved to compel a Rule 26(f) conference. Dkt. 35; *see* Dkts. 38 (response), 42 (reply). Walmart's motion will be denied in part and dismissed as moot in part. Jana's motion will be dismissed as moot.

A federal district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). "For example, under Federal Rule of Civil Procedure 26(c), the court may stay discovery for 'good cause,' such as a finding that further discovery will impose undue burden or expense without aiding the resolution of . . . dispositive motions." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (citing *Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 435–36 (5th Cir. 1990); 6 James W. Moore et al., Moore's Federal Practice § 26.105[3][c] (3d ed. 2010)). But a discovery stay is "the exception rather than the rule." *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, 2008 WL 2930482, at * 1 (N.D. Tex. July 23, 2008).

Walmart argues that the case should be stayed because (1) its Rule 12(b)(6) motion could preclude the need for discovery altogether, (2) discovery will not address any issue necessary to resolve its motion to dismiss, and (3) responding to Jana's potentially vague and vast discovery

requests would be burdensome and expensive. Jana argues that "[s]omething more than simply believing that the motion to dismiss will be granted, and the corresponding savings to the parties by not having to respond to discovery, is required to constitute good cause." Dkt. 21 at 8.

The court agrees with Jana. Walmart has not demonstrated exceptional circumstances warranting a stay of discovery pending the court's ruling on its Rule 12(b)(6) motion. The situation might be different if Walmart had raised a jurisdictional issue. *See N.H. v. Castilleja*, No. 4:22-CV-00436, 2023 WL 149989, at *4 (E.D. Tex. Jan. 10, 2023). But it moved for relief under Rule 12(b)(6), not 12(b)(1), Dkt. 22, and although "a court may find good cause to stay discovery when there is a pending 12(b)(6) motion, in practice such stays are very rare, and almost never wise." *YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663 RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016). *Cf.* Dkt. 18 at 1 n.1 (suggesting that Walmart may have a mystery jurisdictional objection that it has not raised, even though jurisdictional objections may be raised at any time, *Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023)).

Walmart also has not made a particular and specific demonstration that responding to Jana's discovery requests will be unduly burdensome and expensive. It explains how, in the administrative proceedings below, Jana prematurely sent discovery requests that were "vaguely defined and purported to demand a vast array of documents and electronically stored information." Dkt. 18 at 5. That conclusory assertion is insufficient to show that Walmart will face undue burden or expense by participating in discovery here. *See In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

In the alternative, Walmart asks the court to postpone issuance of a scheduling order so that it may respond to Jana's second amended complaint, Dkt. 13, before having to satisfy its Rule 26 obligations. But now that Walmart has moved to dismiss that complaint, *see* Dkt. 22, its alternative request is moot.

It is **ORDERED** that Walmart's discovery-stay motion, Dkt. 18, is **DENIED** in part and **DISMISSED AS MOOT** in part. The court will separately issue an order governing proceedings that will, among other things, set deadlines for the parties' Rule 26(f) conference and report. In

light of that, Jana's motion to compel a Rule 26(f) conference, Dkt. 35, is **DISMISSED AS MOOT**.

So **ORDERED** and **SIGNED** this 6th day of March, 2025.

_____
Bill Davis
United States Magistrate Judge