# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **DILIP JANA** § | |
| § | |
| v. § | NO. 4:24-CV-00698-SDJ-BD |
| § | |
| **WALMART, INC.** § | |

## ORDER GOVERNING PROCEEDINGS

The following deadlines are set:

1. Rule 26(f) attorney conference on or before: **March 28, 2025**.

2. Complete initial mandatory disclosures required by this order: **April 7, 2025**.

3. File joint report of attorney conference: **April 11, 2025**. This should follow initial mandatory disclosures so that a realistic proposal regarding depositions and other discovery can be included.

4. The case is **SET for a Rule 16 management conference on April 28, 2025, at 2:00 p.m.** at the United States Courthouse, Courtroom 108, 7940 Preston Road, Plano, Texas 75024. Lead counsel for each party, with authority to bind their respective clients, and all unrepresented parties must be present. Continuance of the management conference will be allowed only for good cause. Before the case-management conference, counsel and unrepresented parties should review the most recent versions of the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas. The Local Rules are available on the Eastern District of Texas website (www.txed.uscourts.gov).

## RULE 26(f) ATTORNEY CONFERENCE

Rule 26(f) requires attorneys of record and all unrepresented parties to confer and attempt in good faith to agree on a proposed scheduling order, *see* Appendix 1, and to electronically file a joint report outlining their proposals. The conference may be by telephone.

Before commencing the Rule 26(f) conference, counsel must discuss settlement options with their clients, including whether an offer or demand should be made at the Rule 26(f) attorney

conference. Counsel should also inquire whether their clients are amenable to trial before a United States magistrate judge. Parties willing to consent should file the appropriate form electronically (see form on Eastern District of Texas website) as soon as possible, so that the case can be reset for a management conference before the magistrate judge to whom the case is assigned.

The parties must include the following matters in the joint conference report:

1. A brief factual and legal synopsis of the case.

2. The jurisdictional basis for this suit.

3. A list of the correct names of the parties to this action and any anticipated additional or potential parties.

4. A list of any case related to this case pending in any state or federal court, identifying, for each related case, the case number, court, status, and nature of the relationship to this case.

5. Confirmation that the initial disclosures required by Rule 26(a)(1) and this order have been completed.

6. Proposed scheduling order deadlines. Appendix 1 has the standard deadlines. Explain any deviations from the standard schedule. **Now is the time to inform the court of any special complexities or need for more time before the trial setting.** The standard schedule is planned so that there is time to rule on dispositive motions before parties begin final trial preparation.

7. Describe, in accordance with Rule 26(f):

   i. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

   ii. Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during their conference must be identified in the report.

    iii.    Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including ESI and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege-waiver issues). A party asserting that any information is confidential should immediately apply to the court for entry of a protective order.

    iv.    Any changes that should be made in the limitations on discovery imposed by the rules, whether federal or local, and any other limitations that should be imposed.

    v.    Whether any other orders should be entered by the court in accordance with Federal Rule of Civil Procedure 26(c) or Rule 16(b) or (c).

8. State the progress made toward settlement and the present status of settlement negotiations, including whether a demand and/or an offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The court will appoint a mediator if none is agreed upon.

9. The identity of persons expected to be deposed.

10. Estimated trial time and whether a jury demand has been timely made.

11. The names of the attorneys who will appear on behalf of the parties at the management conference (for each party, at least one of the appearing attorneys must be an attorney of record and have full authority to bind the client).

12. Whether the parties jointly consent to trial before a magistrate judge.

13. Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the court at the management conference.

## DISCOVERY

Initial mandatory disclosures pursuant to Rule 26(a)(1) must be completed not later than 10 days after the deadline for the Rule 26 attorney conference and must include the following, in addition to information required by Rule 26(a)(1):

1. The correct names of the parties.

2. The name and, if known, address and telephone number of any potential party.

3. The name and, if known, the address and telephone number of any person having knowledge of facts relevant to the claim or defense of any party, a brief characterization of the person's connection to the case, and a fair summary of the substance of the information known by the person. This may be combined with the list of persons required under Rule 26(a)(1)(A)(i).

4. The authorizations described in Local Rule CV-34.

5. A copy of all documents, ESI, witness statements, and tangible things in the possession, custody, or control of the disclosing party that are relevant to the claim or defense of any party. This may be combined with disclosures under Rule 26(a)(1)(A)(ii). In any case involving a disproportionate burden of disclosure of a large number of documents on one party, the parties may agree on prior inspection to reduce the need for copies. Parties are encouraged to agree on provision of information by electronic means. *See* Local Rule CV-26(d) for the meaning of "relevant to the claim or defense of any party."

**A party that fails to timely disclose such information will not, unless such failure is harmless, be permitted to use such evidence at trial, at a hearing, or in support of a motion.** A party is not excused from making its disclosures because it has not fully completed its investigation of the case. Moreover, the proportionality standard set forth in Rule 26(b)(2)(C) should be applied in each case when formulating a discovery-control plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable.

Early Rule 34 requests may be delivered in compliance with Rule 26(d)(2). These requests, however, are not considered served until the Rule 26(f) conference has occurred. All other

discovery must not commence until the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d), 34. Depositions may be taken, and initial mandatory disclosures must occur, before the Rule 16 management conference so that counsel are in a position to intelligently discuss additional required discovery and scheduling of the case.

**After the management conference, the court will enter a scheduling order setting deadlines controlling disposition of the case. If the court concludes that a management conference is not necessary after receiving the parties' Rule 26(f) report, it may enter a scheduling order and cancel the management conference.**

The fact that the scheduling order will have a deadline for completion of discovery is **not** an invitation, or authorization, to withhold documents or information required to be disclosed as part of initial mandatory disclosures under the guise of "supplementation." Attorneys are expected to review their clients' files and to conduct at least preliminary interviews of their clients and potential witnesses under their control, so as to fully comply with the initial mandatory disclosure requirements by the deadline set in this order. This will allow experts to be timely identified and prepared to testify, witnesses to be efficiently deposed, and any follow-up paper discovery to be completed by the deadline to be set for completion of discovery. The court expects that, in most cases, after reading the pleadings and having a frank discussion of the issues and discovery during the Rule 26 attorney conference, a review of the opposing party's initial disclosures should alert an attorney to any remaining information that should have been disclosed, allowing that information to be provided before the Rule 16 management conference.

## DISCOVERY DISPUTES

In the event of a discovery dispute, no motion to compel may be filed until after the parties satisfy Local Rule CV–7(h)'s "meet and confer" requirement. If the parties cannot resolve the dispute themselves, they must contact chambers to schedule a teleconference before any motion to compel is filed. The court will resolve the dispute, order the parties to file an appropriate motion, or direct the parties to call the discovery hotline.

A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce applicable rules. The hotline is an appropriate means to obtain an immediate ruling on whether a discovery request is relevant to the claims or defenses and on disputes that arise during depositions. The hotline number is 903-590-1198. *See* Local Rule CV–26(e).

## CONTESTED-MOTION PRACTICE

In addition to the Federal Rules of Civil Procedure, counsel and parties must comply with Local Rules CV-7, 10, 11, and 56. Local Rule CV-7 requires attachment of affidavits and other supporting documents to a motion or response. All attachments should be in bookmarked PDF format.

If a document filed electronically exceeds 20 pages in length, including attachments, a paper copy of the filed document must be sent contemporaneously to Judge Jordan's chambers in Plano. The parties are also encouraged, although not required, to send a paper copy of any document 10 pages or more in length, including attachments, to Judge Jordan's chambers. No paper copies should be provided to Judge Davis.

Any reply or sur-reply must be filed in accordance with Local Rule CV-6 and Local Rule CV-7(f). The parties are reminded that the court need not wait for the reply or sur-reply before ruling on the motion. Local Rule CV-7(f).

## SAFEGUARDING PERSONAL INFORMATION

The Judicial Conference of the United States has implemented policies to protect sensitive private information about parties, witnesses, and others involved in a civil, criminal, or bankruptcy case. To that end, all documents filed with the court and made available to the public, whether electronically or on paper, should limit certain information as follows:

- for Social Security numbers, use only the last four digits;
- for financial account numbers, use only the last four digits;
- for names of minor children, use only their initials;
- for dates of birth, use only the year; and
- (in criminal cases) for home addresses, use only the city and state.

If such information is elicited during testimony or other court proceedings, it will become available to the public when the official transcript is filed at the courthouse unless and until it is redacted. The better practice is for you to avoid introducing this information into the record in the first place. Please take this into account when questioning witnesses or making other statements in court.

## FAILURE TO SERVE

Any defendant who has not been served with the summons and complaint within 90 days after the filing of the complaint will be dismissed, **without further notice**, unless before such time the party on whose behalf such service is required shows good cause why service has not been made. *See* Fed. R. Civ. P. 4(m).

## FICTITIOUS PARTIES

The name of every party must be set out in the complaint. *See* Fed. R. Civ. P. 10(a). The use of fictitious names is disfavored by federal courts. *See, e.g.*, *Doe v. Blue Cross & Blue Shield*, 112 F.3d 869 (7th Cir. 1997). It is therefore **ORDERED** that this action be **DISMISSED** as to all fictitious parties. Dismissal is without prejudice to the right of any party to take advantage of the provisions of Rule 15(c).

## SETTLEMENT

Plaintiff's counsel must immediately notify the court upon settlement. If, within 30 days of reaching a settlement, the parties fail to submit all documents necessary for final resolution of the settled claims, the court may hold a hearing to determine which party is responsible for the delay. The court may then enter any order needed to ensure prompt resolution of the case.

## COMPLIANCE

Attorneys and *pro se* litigants must comply with the deadlines set forth in the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Texas, and this order. **A party is not excused from the requirements of a rule or scheduling order just because dispositive motions are pending, the party has not completed its investigation, the party challenges the**

**sufficiency of the opposing party's disclosures, or another party has failed to comply with this order or the rules.**

Failure to comply with a relevant provision of the rules or this order may result in the exclusion of evidence at trial, the imposition of sanctions by the court, or both. Counsel are reminded of Local Rule AT-3, particularly AT-3(i) and (j).

So **ORDERED** and **SIGNED** this 6th day of March, 2025.

_____
Bill Davis
United States Magistrate Judge

Appendix 1

## PROPOSED SCHEDULING ORDER DEADLINES

The following actions must be completed by the dates indicated. If a deadline or date falls on a Saturday, Sunday, or legal holiday, it shifts forward to the next federal-court business day. *See* Fed. R. Civ. P. 6. The times indicated are the standard for most cases. Counsel should be prepared to explain the need for any requested change.

| | |
|---|---|
| _____<br>1 week after mgmt. conf. | Motion to transfer |
| _____<br>6 weeks after mgmt. conf. | Addition of parties |
| _____<br>10 weeks after mgmt. conf. | Disclosure of expert testimony in accordance with Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b) on any issue for which the party bears the burden of proof |
| _____<br>12 weeks after mgmt. conf. | Amended pleading by the plaintiff (alongside a motion for leave to amend) |
| _____<br>14 weeks after mgmt. conf. | Disclosure of expert testimony in accordance with Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b) on any issue for which the party does not bear the burden of proof |
| _____<br>14 weeks after mgmt. conf. | Defendant's final amended pleading (alongside a motion for leave to amend), except as otherwise provided for by Federal Rule of Civil Procedure 12(a)(4) |
| _____<br>16 weeks after mgmt. conf. | Objection to expert testimony on any issue for which the party seeking to introduce the testimony bears the burden of proof (via a motion to strike or limit expert testimony with a copy of the expert's report attached) |
| _____<br>18 weeks after mgmt. conf. | Objection to expert testimony on any issue for which the party seeking to introduce the testimony does not bear the burden of proof (via a motion to strike or |

| | |
|---|---|
| | limit expert testimony with a copy of the expert's report attached) |
| _____<br>22 weeks after mgmt. conf. | Parties' notification to the court of the name, address, and telephone number of the agreed-upon mediator or a joint request that the court select a mediator |
| _____<br>24 weeks after mgmt. conf. | All discovery completed |
| _____<br>27 weeks after mgmt. conf. **but no later than 110 days before deadline for submission of proposed joint final pretrial order** | Any motion to dismiss, motion for summary judgment, or other dispositive motion<br><br>Any motion for leave to designate any responsible third party |
| _____<br>28 weeks after mgmt. conf. | Mediation completed |
| _____<br>6 weeks before final pretrial conf. | Notice of intent to offer certified records |
| _____<br>6 weeks before final pretrial conf. | Counsel and unrepresented parties to have contacted opposing counsel and unrepresented parties to determine how they will prepare the proposed joint final pretrial order and joint proposed jury instructions and verdict form (or proposed findings of fact and conclusions of law in any non-jury case) |
| _____<br>5 weeks before final pretrial conf. | Any video-deposition designations (Each party that proposes to offer a deposition by video must serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve responses with any objections and requests for additional line and page numbers. Counsel must consult on any objections; only those that cannot be resolved should be presented to the court. The party that filed the initial video-deposition designation must prepare the final edited video in accordance with all parties' designations and the court's rulings on objections.) |

2

| | |
|---|---|
| _____<br>30 days before final pretrial conf. | Any motion in limine<br><br>Proposed joint final pretrial order (*see* http://www.txed.uscourts.gov/?q=forms/misc) with exhibit and witness lists |
| _____<br>2 weeks before final pretrial conf. | Any response to a motion in limine, if necessary (Most motions in limine can be decided without written responses. If there is a particularly difficult or novel issue, however, the court will need time to review the matter. To save time and space, address only objected-to items; all others will be deemed agreed. Opposing counsel must, within five calendar days of the filing of any response, confer in an attempt to resolve any dispute over the motions in limine. The parties must notify the court of all the issues that are resolved.)<br><br>Any objection to any witness, deposition excerpt, or exhibit listed in the pre-trial order, along with a copy of the exhibit(s) or the pertinent deposition page(s) (Any such objection does not extend the deadline to object to an expert witness. Within five calendar days after the filing of any objection, counsel must confer to determine whether the objection(s) can be resolved without a court ruling. The parties must notify the court of any issue that is resolved.)<br><br>Proposed jury instructions and verdict form (or proposed findings of fact and conclusions of law)<br><br>Proposed voir dire questions |
| Date will be set by court. Usually within 10 days before final pretrial conf. | Hearing on all pending motions and objections |
| May 13, 2026 | 9:00 a.m. final pretrial conference at the United States Courthouse located at 7940 Preston Road in Plano, Texas (This is the date that the parties should be prepared to try the case. All cases on the court's |

3

|  | final pretrial conference docket for this day are set at 9:00 a.m. Before the final pretrial conference date, the court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the court's docket.) |
|---|---|
| To be determined | 10:00 a.m. jury selection and trial (or bench trial) at the United States Courthouse located at 7940 Preston Road in Plano, Texas (Cases that remain for trial following the court's pretrial docket will be tried between **June 1–30, 2026**. A specific trial date in this time frame will be selected at the final pretrial conference.) |