IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DILIP JANA, | § |
| Plaintiff, | § § § |
| v. | §  Civil Action No. 4:24-cv-00698-SDJ-BD |
| WALMART INC., | § § § |
| Defendant. | § |

**DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Walmart Inc. ("Walmart") hereby moves this Court to enter the proposed protective order attached hereto as **Exhibit A**[1] and respectfully states as follows:

On March 24, 2025, Walmart's counsel and Plaintiff Dilip Jana ("Plaintiff") participated in a Rule 26(f) conference during which the parties discussed, among other things, the possibility of submitting an agreed protective order to govern the disclosure of confidential information during discovery. Plaintiff indicated his opposition to the entry of any protective order, evidently because he believed a protective order would somehow authorize Walmart to alter documents before production. Despite attempts by Walmart's counsel to clarify the purpose of a protective order and assurances that Walmart will not manipulate or wrongfully withhold documents, Plaintiff maintained his objection to the entry of any protective order.

---

[1] Walmart's proposed protective order is Judge Jordan's form protective order available on the Court's website. *See* https://txed.uscourts.gov/?q=judge/judge-sean-jordan  It is also nearly identical to the protective order entered by Judge Hilleren-Wilkins in the parties' earlier administrative proceedings—despite strong opposition from Plaintiff. *See Jana v. Walmart, Inc.*, OALJ No. 2024-CAR-00004, OSHA No. 301028782 (ALJ Aug. 1, 2024).

1

On March 28, 2025, Plaintiff served discovery requests seeking confidential communications, non-public financial information, employment records, employee personnel files, and sensitive commercial information from Walmart. True and correct copies of Plaintiff's requests for production and interrogatories are attached hereto as **Exhibits B and C**, respectively. Because Plaintiff's discovery requests seek proprietary materials that should only be disclosed pursuant to designated terms and conditions, Walmart's counsel emailed Plaintiff to inform him of Walmart's intent to file a motion for entry of Judge Jordan's form protective order and to inquire whether Plaintiff would agree to file the motion jointly. *See* Exhibits B, C; FED. R. CIV. P. 26(c)(1). Plaintiff refused to consent to the entry of any protective order—necessitating the present opposed motion. A true and correct copy of the parties' email exchange related to a protective order is attached hereto as **Exhibit D**.

This Court should grant Walmart's motion and enter a protective order over Plaintiff's objection, just as Judge Hilleren-Wilkins did in the prior administrative proceedings between the parties. *See Jana v. Walmart, Inc.*, OALJ No. 2024-CAR-00004, OSHA No. 301028782 (ALJ Aug. 1, 2024). Plaintiff stated he believes Walmart's "desperate effort for a Protective Order is nothing but to hide [*sic*] the material facts that will reveal Walmart's possible crime behind an artificial wall of confidentiality[.]" *See* Exhibit D. Contrary to Plaintiff's contention, Walmart does not seek the entry of a protective order to "hide material facts" or otherwise prevent Plaintiff from obtaining *relevant* documents or *material* information from Walmart during discovery. Rather, Walmart seeks entry of a protective order to provide the parties with clear guidelines for the handling of confidential information, to facilitate orderly and efficient discovery, and to prevent the unharnessed disclosure of sensitive information.

As an alternative to the entry of a protective order, Plaintiff suggested that Walmart's counsel reach out to Plaintiff to discuss all issues Walmart may raise with Plaintiff's discovery

requests before objecting to them. *See* Exhibit D. Plaintiff's proposal is impractical and, more importantly, it fails to address the central purpose for the proposed protective order, which is to provide reasonable protections for confidential information disclosed by the parties during discovery. Walmart submits that good cause exists for the entry of a protective order for the reasons detailed above and because a protective order will streamline the exchange of materials that might otherwise become the subject of discovery disputes.

Accordingly, Walmart respectfully requests that the Court enter Judge Jordan's form protective order attached hereto as Exhibit A.

Dated: April 4, 2025

Respectfully submitted,

*/s/ Peter S. Wahby*
**Peter S. Wahby**
Texas Bar No. 24011171
peter.wahby@gtlaw.com
**Morgan E. Jones**
Texas Bar No. 24132301
morgan.jones@gtlaw.com
**Holmes H. Hampton**
Texas Bar No. 24144019
holmes.hampton@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Ave., Suite 5200
Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601

**ATTORNEYS FOR DEFENDANT**

4

## **CERTIFICATE OF SERVICE**

 I hereby certify that a true and correct copy of the foregoing document was served upon the following party via the Court's e-filing system on April 4, 2025:

 Dilip Jana
 800 Fairlawn Street
 Allen, Texas 75002
 janadilip@gmail.com

              */s/ Morgan E. Jones*
               Morgan E. Jones