# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| *In the Matter of:* | § | Civil Action No.  4:24-cv-00698-SDJ-BD |
| | § | |
| DILIP JANA, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| WALMART, Inc, | § | |
| *Defendant* | § | |
| | § | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff, Dr. Dilip Jana, pursuant to Federal Rules of Civil Procedure 26 and 34, serves the following requests for production of documents on Defendant, **Walmart, Inc**. Defendant is required to respond to these production of documents no later than thirty (30) calendar days after receipt of this document, to the undersigned at 800 Fairlawn St, Allen, TX, 75002 or by EMail: janadilip@gmail.com.

## I.   INSTRUCTIONS

Rule 34 of the Federal Rules of Civil Procedure ("FRCP"), as well as the Court's Scheduling Order (dKT 50) govern the requests for production listed below.  You must answer each request, to the extent it is not objected to, separately and fully in writing.  If you object to a request, you must specify whether you are withholding any responsive information on the basis of the objection

asserted. Please be aware that "[a]n objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

1. Pursuant to FRCP 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2. If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

3. Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4. Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

   A. If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

   B. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 4.A, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably

accessible because of undue burden or cost, provide the information required by **FRCP and Local Rules**

5.  When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. **When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.**

6.  It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible to a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

7. Please set forth, verbatim, the text of each of the following requests before your written response. If you claim a privilege relating to any of the information sought under the requests below, specify in detail the nature or bases of the privilege, and prepare and serve a privilege log that complies with Fed. R. Civ. P. 26(b)(5)(A) and includes:

   (a) the date the document was prepared;

   (b) the author of the document;

   (c) the person to whom the document was sent and all persons receiving copies; and

(d) the general subject covered in the document.

8. As with all discovery requests, you are required to furnish all responsive information to these requests which are available to you. This includes, but is not necessarily limited to, any information in the possession of your representatives, agents, contractors, attorneys, or investigators.

9. Rule 26(e) of the Federal Rules of Civil Procedure imposes a continuing duty to supplement your response to a request issued under Rule 34 when you know or learn that the prior response or production is in some material respect incomplete or incorrect. If you produce information responsive to a request, identify the documents responsive to the request by Bates number.

## II. DEFINITIONS

1. "**Document**" means a writing(s), recording(s), or photograph(s) as those terms are defined under Fed. R. Civ. P. 34(a)(1)(A), includes the original or copy of handwriting, typewriting, printing, drawings, graphs, charts, photographs, sound recordings, images, communications, or other data or data compilations, or combinations of them, set down in any form and stored in any medium from which information can be obtained.

2. "**Communication**" means any oral, verbal, typed, electronically transmitted or hand written communication and includes, without limitation, any face to face, telephone, or video conference conversations; facsimile; letter; telegram; memoranda; voicemail; voice message; electronic mail; text message; Tweet; Facebook message or post; LinkedIn message or post; and any other method or means of exchanging information between individuals.

3. "**Electronically stored information**" means any document, communication, or any other data or information present or stored on or in any computer, internal or external hard drive,

jump drive, diskette, compact disc, server, database, or any other device capable of storing electronic files or information.

4. "**Incident**" includes the circumstances and events surrounding the alleged accident, injury, discrimination or other occurrence giving rise to this action or proceeding.

5. "**Person**" or "**Persons**" and "**Individual**" or "**Individuals**" includes any human being, whether living or deceased, and includes a business, corporation, partnership, joint venture, limited partnership, governmental entity, public entity, or political subdivision.

6. "**Identify**" means:

    a. With respect to a human being means to state their full name, last known address, telephone number and relationship to you.

    b. With respect to a business, corporation, partnership, joint venture, limited partnership, governmental entity, public entity, or political subdivision, means to state its complete name, last known address, and telephone number.

    c. With respect to a document, means to state the nature or character of the document (i.e., letter, memorandum, agreement, etc.); the date(s) it was prepared, signed, sent and received; the contents of the document; and the identity of the person(s) who created and/or signed the document.

    d. With respect to a communication, requires a response providing the date on which the communication occurred, the identity of each person who was present during or participated in the communication, and the subject or subjects discussed.

7. "**or**" is inclusive, and has the meaning of "and/or."

8. "**Defendant**," "**you**," and "**your**" each and collectively refer to Defendant Walmart Inc, (and any agent, employee, official, director, manager, supervisor or other person operating under

the direction or control of the Defendant, including, without limitation, any attorneys, insurance companies, or insurance adjusters).

### III.  DOCUMENTS DEMANDED

1. Please provide the **EXACT unredacted** version of EXHIBIT 1 (Complaint, Dkt 13, PageID#:298) with all attachments including but not limited to "**Termination recommend…msg**") in **Original form**.

2. Please provide ALL documents for Defendant's claim in particular Ridhi Mehra's corporate mismanagement vs SOX violation as described below (Dkt 30, Page 8, PageID 587):

   > "Plaintiff's assertion that Walmart fired Ridhi Mehra because Plaintiff blew the whistle, Response ¶35 is similarly unavailing: it does not suggest that Plaintiff's belief in a SOX violation (as opposed to mere corporate mismanagement that does not implicate SOX"

3. Please provide ALL Documents of Defendant's claim that Plaintiff's "accusations were baseless" as described below (Dkt 30, Page 8, PageID 587):

   > "Plaintiff alleges that Walmart took no "action" in response to Plaintiff's accusations because its initial **investigation correctly** revealed that the accusations were baseless. See Compl. ¶¶ 69, 83"

4. Please provide ALL documents for "existing ethics case .. or ..separate case" against Plaintiff as referenced in (Complaint, Dkt 13, PageID#:299)

   > "Wondering if these accusations should be added to the existing ethics case, or a separate case opened as well?"

5. Please provide ALL communications (EMail, texts, zoom/Teams message, meeting notes etc) among Shawn Cohen, Jeff Spillyards, Wendy Bowman, Monica Hall, Lori Chumbler, Ridhi

Mehra, Adrian Milbourne, Allie Hazelwood, Greg Cathy related to Plaintiff's termination (EXHIBIT 1 (Complaint, Dkt 13, PageID#:298) and **Attachment A**)

   a. Please provide ALL documents for **"finalize leadership alignment"** for Plaintiff's employment termination with Walmart

   b. Please provide ALL documents for Plaintiff's disruptive behavior during **10-09-2023 to 10-13-2023**: "even this current week we are still experiencing disruptive behavior"

6. Please provide ALL documents for Defendant's claim "Plaintiff was continually insubordinate toward Milbourne and Mehra, his supervisors"

7. Please provide ALL documents Plaintiff shared with Walmart Ethics during August-October, 2023 when Plaintiff complained about possible corruption

8. Please provide ALL Plaintiff's completed trainings offered by Walmart through ULearn during Plaintiff's employment at Walmart

9. Ridhi Mehra wrote an email to Plaintiff on Thursday, October 5, 2023 at 3:52:07 PM CDT "I have read all your emails …appropriately escalated".

    Wendy Bowman emailed Dr. Jana informing that Ridhi Mehra reported to Walmart Ethics, which is clearly evident in EXHIBIT 1 (Complaint, Dkt 13, PageID#:298) (Monica Hall and Lori Chumbler).

    Please provide Walmart Ethics Department's (persons involved: Monica Hall and Lori Chumbler or any other persons) investigation reports on Plaintiff's firing after Ridhi's "appropriately escalated" incident

10. Please provide vendor related Documents for **Walmart Defect detection project**

    a. Request For Proposal ("RFP") advertisement for all vendors.

    b. ALL documents for all competing vendors prior to awarding Infogain the Contract

11. Please provide vendor Infogain related Documents for **Walmart Defect detection project**

    a. ALL Statement of Work ("SOW") and contracts signed between Infogain and Walmart between 04-01-2023 and 10-19-2023

    b. ALL financial transactions and account book keeping documents related to Infogain Contract

    c. Financial Impact projection before awarding contract to Infogain and financial impact realization after Infogain's Proof of Concept ("POC")

    d. ALL documents for Walmart's proposal for Infogain's Future Work Plan documents which was presented at the last week of September 2023 in a Infogain's three days of workshop at Walmart's HeadQuarter after the scheduled Completion of Infogain's POC on September 30, 2023.

    e. ALL documents for Infogain's abrupt contract termination (12-08-2023) after Plaintiff's email to CEO Doug McMillion on 11-03-2023

12. After the termination, on November 3, 2023 Plaintiff emailed CEO Doug McMillion and CEO Chris Nicholas about possible wrongful termination with a Subject: "Unethical Practices Leading to My Termination". On November 3, 2023, Plaintiff received a response from Walmart with a Subject: "Your Outreach to Doug McMillon" and the body of that Email states,

"We appreciate you taking the time to share your thoughts with Doug McMillon. It is only through **our associates speaking up and voicing their concerns** that we are able to help. We are associate advocates who value the company's **listening culture** through the Open Door process, and we take this very seriously." (emphasis added)

Walmart investigated and provided Plaintiff those investigation reference numbers: Open Door Case- HRC13734977 and HRC14001313. Case Manager Samer Nadra Spoke to Plaintiff multiple times during November-December 2023.

Please provide ALL investigation reports for Open Door Case- HRC13734977 and HRC14001313.

13. Before the termination, on 10-16-2023 Plaintiff filed a Ethics Complaint against Adrian Milbourne regarding retaliation and Walmart provided those Ethics Complaint reference numbers to Plaintiff: WMT331526/ WMT231010810

    Please provide ALL documents related to WMT331526/ WMT231010810

14. ALL Official Documents of Kamil Bay, Adrian Milbourne and Ridhi Mehra's positions/designations/Qualifications at Walmart as of 10-19-2023 from the date they joined Walmart.

15. Plaintiff's **Walmart** FY23 ( for the period 02-01-2022 to 01-31-2023) Annual Review

**16.** All of Plaintiff's emails (received & sent) from 01-01-2023 to 10-19-2023.

17. Please provide All audio and video recordings of Plaintiff's Insubordination, Poor performance, Plaintiff's employment termination decision meeting among Walmart HR, Ethics and Management.

18. Please provide All audio and video recordings related to all vendors including Infogain between 03-10-2023 to 12-08-2023

19. and vendor Infogain awarding contract and terminating it's contract, including recordings made by you or on your equipment and any third-party recordings in your possession, custody or control.

20. All documents discussing this litigation (other than communications between you and your attorney), including any memos, emails, and text or instant messages you have sent or received.

21. All documents you referred to or relied on Motion to Dismiss and other Briefs in this lawsuit, including any defenses you have asserted in your answer.

22. All summaries and demonstratives that you will use during this litigation.

23. Produce all documents identified, referenced, reviewed, relied upon or used in any way as part of your obligations under Fed. R. Civ. P. 26 or 33, including documents identified in your initial disclosures and documents identified, referenced, reviewed, or relied upon to respond to Plaintiff's interrogatories in this lawsuit.

24. Adrian Milbourne conducted a survey for vendor Infogain on or around the month of August, 2023 in Walmart's Feedbackally (Walmart's internal feedback website) before extending Infogain's contract where team members provided inputs about their experience working with Infogain and Infogain's performance. Adrian Milbourne never shared that document to anybody despite repeated requests.

    Please provide all feedback as mentioned above.

Dated: March 28, 2025

Respectfully Submitted,

*[signature: Dilip Kumar Jana]*

DILIP JANA, Plaintiff
Pro Se
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

# EXHIBIT A

**donna@elliottsauter.com**

| | |
|---|---|
| **From:** | Adrian Milbourne <Adrian.Milbourne@walmart.com> |
| **Sent:** | Thursday, October 12, 2023 5:43 PM |
| **To:** | Shawn Cohen |
| **Cc:** | Wendy Bowman; Ridhi Mehra |
| **Subject:** | Dilip Next Steps |

Hey Shawn,

I hope your week is wrapping up well.

I am hoping to take termination steps early next week (strongly prefer Monday) with Dilip, as even this current week we are still experiencing disruptive behavior.

You had mentioned wanting to use this last week to finalize leadership alignment, data security teams etc in order that Wendy and I could hold the conversation when we return from PTO.

Just wanted to confirm we are good to go. Appreciate your partnership throughout this process.

As an aside, I intend to get to Dallas this next week to be with the remaining Dallas team in person after we have the separation convo with Dilip.

Let me know if you need anything else from me.

Get Outlook for iOS