IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DILIP JANA, § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| § | |
| WALMART INC., § § | |
| Defendant. § | |

**DEFENDANT'S RULE 26(f) CONFERENCE REPORT**

Defendant Walmart Inc. ("Walmart") hereby files its Rule 26(f) Conference Report pursuant to the Court's Order Governing Proceedings [ECF No. 50] and the Federal Rules of Civil Procedure.

The Parties substantially completed a Joint Rule 26(f) Conference Report but ended up submitting separate reports due to irreconcilable viewpoints on Plaintiff's summary of the Parties' Rule 26(f) Conference [*see* ECF No. 54, p. 14–16]. Plaintiff insisted on including his summary in the Parties' Joint Report over Walmart's objection that the substance of confidential settlement communications should not be filed and that Plaintiff's summary was not necessary or required. Plaintiff refused to allow Walmart to include a statement before Plaintiff's summary clarifying that the summary was prepared by Plaintiff and was included in the Joint Report over Walmart's objection. Plaintiff told Walmart's counsel that if Walmart did not agree to delete the clarifying statement from the Joint Report, Plaintiff would file a separate report. Walmart maintains that the Parties' Joint Report should not contain the substance of confidential settlement discussions or Plaintiff's summary of the Rule 26(f) Conference.

1. **Brief factual and legal synopsis of the case.**

*Walmart's synopsis:* This case arises out of Walmart's termination of Plaintiff's employment in October 2023. Walmart fired Plaintiff because his tenure at Walmart was mired with disruption, toxicity, and constant attempts to undermine supervisors, at times he was confused and discombobulated, and as a result of this and much more his performance suffered. Clear from the face of his pleadings, Plaintiff resented his supervisors and colleagues and viewed them as incompetent, undereducated, and unqualified to manage someone of Plaintiff's supposed caliber. As a result of his increasingly concerning behavior, his colleagues and leadership felt Plaintiff could be a threat to the health and safety of other associates. Instead of taking accountability for his erratic behavior and his inability to work within a team, Plaintiff characterized his termination as Walmart's retaliation for his purported whistleblowing and asserted claims against Walmart under Section 806 of the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A, and the Criminal Antitrust Anti-Retaliation Act ("CAARA"), 15 U.S.C. § 7a-3.

As detailed in Walmart's pending Motion to Dismiss [ECF No. 22], Plaintiff has failed to state a CAARA claim or a SOX claim against Walmart and his Second Amended Complaint [ECF No. 13] should be dismissed without leave to replead.

- First, Plaintiff is not a whistleblower under CAARA and SOX because one who makes contrived and baseless accusations of illegal conduct is not engaged in the "protected activity" that defines whistleblowing. Plaintiff failed to allege sufficient facts to plausibly suggest that a reasonable person would have believed that Walmart's conduct was illegal, and Plaintiff thus failed to state a viable SOX or CAARA claim.

- Second, because an affirmative defense is evident directly from the face of the Complaint, both of Plaintiff's claims should be dismissed. Walmart is not liable

because, even in the absence of Plaintiff's purported whistleblowing, Walmart would have terminated Plaintiff's employment in any event due to Plaintiff's insubordination, disruption, and underperformance—all of which are detailed in the factual allegations of the Complaint.

2. **Jurisdictional basis for this suit.**

The Court has federal question jurisdiction because Plaintiff pursues claims under SOX, 18 U.S.C. § 1514A, and CAARA, 15 U.S.C. § 7a-3.

3. **A list of the correct names of the Parties to this action and any anticipated additional or potential Parties.**

The Parties are correctly named. There are no anticipated additional or potential Parties.

4. **A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.**

None.

5. **Confirmation that the initial disclosures required by Rule 26(a)(1) and the Order Governing Proceedings have been completed.**

Both Parties served their respective initial disclosures and Walmart filed its notice of serving disclosures pursuant to Local Rule CV-26(c) on or before the Court's April 7, 2025 deadline.

6. **Proposed scheduling order deadlines.**

See the Parties' proposed scheduling order attached hereto as **Exhibit A**.

7. **Description of items in accordance with Rule 26(f):**

   a. **Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

*Walmart's Position:* Walmart anticipates needing discovery regarding the merits of Plaintiff's claims, the factual circumstances surrounding Plaintiff's termination of employment

with Walmart, Plaintiff's alleged damages, Walmart's alleged liability, and Walmart's affirmative defenses. Walmart does not anticipate handling discovery in phases and believes that discovery should be completed by the dates provided in the Parties' proposed scheduling order. Walmart submits that discovery should be limited to the cause for Plaintiff's termination and Plaintiff's purported whistleblowing in order to prevent overly broad, irrelevant, and unduly burdensome discovery from Plaintiff.

      b. **Any issues relating to disclosure or discovery of electronically stored information ("ESI") such as the form(s) that it should be produced and methodologies in identifying or culling relevant and discoverable ESI. Any disputes regarding ESI that counsel for the Parties are unable to resolve during conference must be identified in report.**

*Walmart's Position*: If any dispute regarding ESI arises, Walmart will work with Plaintiff to attempt to amicably resolve those issues before seeking intervention from the Court. Walmart submits that the Parties should work towards creating an agreed production protocol. Plaintiff has stated that Walmart should produce all emails in .eml format (instead of PDF format), despite the emails in Plaintiff's first production being in PDF format.

      c. **Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information including agreements pursuant to Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the Parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.**

Walmart has filed a pending Motion for Entry of Protective Order [ECF No. 51] to govern the Parties' disclosure of confidential information.

      d. **Any changes that should be made in the limitations on discovery imposed by the Rules.**

None.

      e. **Whether any other orders should be entered by the Court pursuant to the Federal Rule of Civil Procedure 26(c) or Rule 16(b), (c).**

Walmart requests entry of its proposed protective order and the Parties' agreed scheduling order.

8. **Statement of the progress made toward settlement and the present status of settlement negotiations, including whether a demand and/or an offer has been made. If the Parties have agreed upon a mediator, also state the name, address, and phone number of that mediator and a proposed deadline for mediation.**

Informal settlement discussions have taken place, but no demand or offer has been made. The Parties have not yet agreed upon a mediator.

9. **The identity of persons expected to be deposed.**

*Walmart's Position:* Walmart currently anticipates deposing Plaintiff but reserves the right to depose additional individuals as the Parties engage in discovery. Walmart does not concede that the individuals identified by Plaintiff in his Rule 26(f) Report [ECF No. 54] are relevant, material, or proper subjects for depositions. Walmart reserves the right to object to any discovery Plaintiff has served or will later serve in this matter, including but not limited to deposition notices.

10. **Estimated trial time and whether a jury demand has been timely made.**

Plaintiff made a timely jury demand. Walmart estimates that any trial of this matter will require three days.

11. **The names of the attorneys who will appear on behalf of the Parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

*For Walmart*: Peter Wahby, Holmes Hampton, Morgan Jones

12. **Whether the Parties jointly consent to trial before a magistrate judge.**

Walmart does not consent to trial before a magistrate judge.

**13. Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.**

None at this time.

Respectfully Submitted,

*/s/ Peter S. Wahby*
Peter S. Wahby
Texas Bar No. 24011171
peter.wahby@gtlaw.com
Morgan E. Jones
Texas Bar No. 24132301
morgan.jones@gtlaw.com
Holmes H. Hampton
Texas Bar No. 24144019
holmes.hampton@gtlaw.com
Greenberg Traurig LLP
2200 Ross Ave., Suite 5200
Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile:  214.665.3601

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the following party via the Court's e-filing system on April 11, 2025:

Dilip Jana
800 Fairlawn Street
Allen, Texas 75002
janadilip@gmail.com

*/s/ Morgan E. Jones*
Morgan E. Jones
