IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DILIP JANA | § | |
| | § | |
| v. | § | NO. 4:24-CV-00698-SDJ-BD |
| | § | |
| WALMART, INC. | § | |

## SCHEDULING ORDER

After reviewing the case-management report required by Federal Rule of Civil Procedure 26(f), the court sets the following deadlines and dates. If a deadline or date falls on a Saturday, Sunday, or legal holiday, it shifts forward to the next federal-court business day. *See* Fed. R. Civ. P. 6.

| | |
|---|---|
| May 5, 2025 | Motion to transfer |
| June 9, 2025 | Addition of parties |
| July 7, 2025 | Disclosure of expert testimony in accordance with Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b) on any issue for which the party bears the burden of proof |
| July 21, 2025 | Amended pleading by the plaintiff (alongside a motion for leave to amend) |
| August 4, 2025 | Disclosure of expert testimony in accordance with Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b) on any issue for which the party does not bear the burden of proof |
| | Defendant's final amended pleading (alongside a motion for leave to amend), except as otherwise provided for by Federal Rule of Civil Procedure 12(a)(4) |
| August 18, 2025 | Objection to expert testimony on any issue for which the party seeking to introduce the testimony bears the burden of proof (via a motion to strike or limit expert testimony with a copy of the expert's report attached) |
| September 1, 2025 | Objection to expert testimony on any issue for which the party seeking to introduce the testimony does not bear the burden of proof (via a motion to strike or limit expert testimony with a copy of the expert's |

| | |
|---|---|
| | report attached) |
| September 29, 2025 | Parties' notification to the court of the name, address, telephone number, and email address of the agreed-upon mediator or a joint request that the court select a mediator |
| October 13, 2025 | All discovery completed |
| November 3, 2025 | Any motion to dismiss, motion for summary judgment, or other dispositive motion |
| | Any motion for leave to designate any responsible third party |
| November 10, 2025 | Mediation completed |
| April 1, 2026 | Notice of intent to offer certified records |
| | Counsel and unrepresented parties to have contacted opposing counsel and unrepresented parties to determine how they will prepare the proposed joint final pretrial order and joint proposed jury instructions and verdict form (or proposed findings of fact and conclusions of law in any non-jury case) |
| April 8, 2026 | Any video-deposition designations (Each party that proposes to offer a deposition by video must serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve responses with any objections and requests for additional line and page numbers. Counsel must consult on any objections; only those that cannot be resolved should be presented to the court. The party that filed the initial video-deposition designation must prepare the final edited video in accordance with all parties' designations and the court's rulings on objections.) |
| April 13, 2026 | Any motion in limine |
| | Proposed joint final pretrial order (*see* https://www.txed.uscourts.gov/?q=forms/misc) with exhibit and witness lists |
| April 29, 2026 | Any response to a motion in limine, if necessary (Most motions in limine can be decided without written responses. If there is a particularly difficult or novel issue, however, the court will need time to review the matter. To save time and space, address only objected-to items; all others will be deemed agreed. Opposing counsel must, within five calendar days of the filing of any response, confer in an attempt to resolve any dispute over the motions in limine. The parties must notify |

| | |
|---|---|
| | the court of all the issues that are resolved.) |
| | Any objection to any witness, deposition excerpt, or exhibit listed in the pre-trial order, along with a copy of the exhibit(s) or the pertinent deposition page(s) (Any such objection does not extend the deadline to object to an expert witness. Within five calendar days after the filing of any objection, counsel must confer to determine whether the objection(s) can be resolved without a court ruling. The parties must notify the court of any issue that is resolved.) |
| | Proposed jury instructions and verdict form (or proposed findings of fact and conclusions of law) |
| | Proposed voir dire questions |
| TBD (usually within 10 days before final pretrial conference) | Hearing on all pending motions and objections |
| May 13, 2026 | 9:00 a.m. final pretrial conference at the United States Courthouse located at 7940 Preston Road in Plano, Texas (This is the date that the parties should be prepared to try the case. All cases on the court's final pretrial conference docket for this day are set at 9:00 a.m. Before the final pretrial conference date, the court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the court's docket.) |
| TBD | 10:00 a.m. jury selection and trial (or bench trial) at the United States Courthouse located at 7940 Preston Road in Plano, Texas (Cases that remain for trial following the court's pretrial docket will be tried between **June 1–30, 2026**. A specific trial date in this time frame will be selected at the final pretrial conference.) |

## SETTLEMENT

Plaintiff's counsel must immediately notify the court upon settlement. If, within 30 days of reaching a settlement, the parties fail to submit all documents necessary for final resolution of the settled claims, the court may hold a hearing to determine which party is responsible for the delay. The court may then enter any order needed to ensure prompt resolution of the case.

## SCOPE OF DISCOVERY

*Disclosure.* The parties are reminded of the requirement, set out in the order governing proceedings, to have already disclosed, without awaiting a discovery request, information beyond that required by Federal Rule of Civil Procedure 26, including names of persons likely to have, and documents containing, information relevant to the claim or defense of any party. If there are any questions about whether information is relevant to the claim or defense of any party, review Local Rule CV–26(d). A party that fails to timely disclose any of the information required to be disclosed by court order or the Federal Rules of Procedure will not, unless the failure is harmless, be permitted to use such evidence at trial, hearing, or in support of a motion.

The parties are excused from the pretrial-disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(3) because such disclosure is cumulative of this court's pre-trial order procedures.

## DISCOVERY DISPUTES

In the event of a discovery dispute, no motion to compel may be filed until after the parties satisfy Local Rule CV–7(h)'s "meet and confer" requirement. If the parties cannot resolve the dispute themselves, they must contact chambers to schedule a teleconference before any motion to compel is filed. The court will resolve the dispute, order the parties to file an appropriate motion, or direct the parties to call the discovery hotline.

A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce applicable rules. The hotline is an appropriate means to obtain an immediate ruling on whether a discovery request is relevant to the claims or defenses and on disputes that arise during depositions. The hotline number is 903-590-1198. *See* Local Rule CV–26(e).

## RESOURCES

The Eastern District of Texas website (http://www.txed.uscourts.gov) contains information about mandatory electronic filing, the Local Rules, telephone numbers, general orders, the Eastern District fee schedule, and other information.

## COMPLIANCE

Attorneys and *pro se* litigants must comply with the deadlines set forth in the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Texas, and this order. **A party is not excused from the requirements of a rule or scheduling order just because dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosures, or another party has failed to comply with this order or the rules.**

Failure to comply with a relevant provision of the rules or this order may result in the exclusion of evidence at trial, the imposition of sanctions by the court, or both. Counsel are reminded of Local Rule AT-3, particularly AT-3(i) and (j).

## TRIAL

The deadlines for pretrial matters, such as exchanging exhibits and filing objections, are intended to reduce the need for trial objections, side-bar conferences, and repetitive presentation of evidentiary predicates for admissible evidence. Counsel should be familiar with the evidence-display system available in the courtroom. Copies of exhibits that will be handed to witnesses should be placed in a three-ring binder, with an additional copy for the court. To make it easy to direct the witness to the correct exhibit while on the stand, the plaintiff should use a dark-colored binder such as black or dark blue. The defendant should use a light-colored binder such as white, red, or light blue. If exhibits have been scanned and will be presented via a computer projection system, be sure that there is a way for the court to view or read them separately so the court can understand any motions and objections.

Attorneys are responsible for informing their clients and witnesses about courtroom dress requirements and protocol, such as silencing phones and not eating or chewing gum.

## OTHER MATTERS

*Paper copies*. Please note the amendments to the Local Rules regarding motion practice. If a document filed electronically exceeds ten pages in length, including attachments, a paper copy of the filed document must be sent contemporaneously to Judge Jordan's chambers in Plano. *See*

5

Local Rule CV-5(a)(9). Courtesy copies over twenty pages long should be bound to the left, and voluminous exhibits should be separated by dividers. No paper copies should be provided to Judge Davis.

*Selecting mediators*. The parties should notify the court if assistance is needed in selecting a mediator.

*Replies and sur-replies*. Any reply or sur-reply must be filed in accordance with Local Rule CV-6 and Local Rule CV-7(f). The parties are reminded that the court need not wait for the reply or sur-reply before ruling on the motion. Local Rule CV-7(f).

*Oral argument*. If a party wants oral argument (i.e., a hearing) on any motion, see the [judge-specific information](#) for Judge Davis on the Eastern District of Texas website.

So **ORDERED** and **SIGNED** this 14th day of April, 2025.

_____
Bill Davis
United States Magistrate Judge