

APR 2 1 2025
CLERK U.S. DISTRICT COURT
TEXAS EASTERN

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN THE MATTER OF: § | |
| § | |
| DILIP JANA § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | |
| WALMART, INC., § | |
| *Defendant.* § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER (Dkt 51)**

## To Honorable Bill Davis:

NOW COMES *Pro Se* Plaintiff, Dr. Dilip Jana files this Response in Opposition to Defendant's Motion for Protective Order [Dkt 51] pursuant to Rule 26(c) and respectfully asks this Court to deny the motion in its entirety and award Plaintiff other requested relief.

## I. BACKGROUND

1    After a few months of denial and about 230 days after the Complaint was filed, on March 24, 2025 Defendant had Rule 26f conference with Plaintiff pursuant to Honorable Bill Davis's Order. A true copy of Rule 26f conference Summary is available in Dkt 54, page 14-17; Defendant had opportunity to challenge the material but Defendant did not oppose/challenge materials. During the conversation Plaintiff informed Defendant that his house is in the process of foreclosure. Without

articulating what and why Defendant wants to protect, Defendant asked Plaintiff if he was agreeable to entering the same protective order that was entered in the Administrative proceeding.

> "Plaintiff then challenged that Walmart manipulated and modified documents at the Department of Labor to obtain a Protective Order ..he was preparing to kick the case out of Department of Labor to this Federal Court."

2. On March 28, 2025 Plaintiff served Plaintiff's first request for Interrogatory and Production of documents (Dkt 51, Exhibit B, C)

3. On March 31, 2025, Plaintiff informed Defendant
   "I received a foreclosure notification from my mortgage lender's attorney, I am extremely busy dealing with the foreclosure situation and stressed out of having nowhere to go with five minor children. Would you mind taking a lead on the Joint Conference report? I'll really appreciate it."

4. On March 31, 2025 Defendant asked Plaintiff whether Plaintiff is opposed to enter a Protective Order without articulating the needs for protective order and what Defendant wants to protect

   "..please confirm whether you are opposed to entry of the Court's standard protective order, which can be found at this link on the Court's website."

5. On April 2, 2025 at 1:54 PM Defendant again reached out to Plaintiff is still in opposition to enter a Protective Order without articulating any reasons for a Protective Order and informed Plaintiff that Walmart intends to file a motion for protective order (Dkt 51, Exhibit D)

> You indicated during the Rule 26(f) conference that you are opposed to the entry of any protective order in this case. Could you please confirm your stance has not changed? We intend to move for entry of Judge Jordan's standard protective order and it would be ideal if we could file the motion jointly to protect both parties' confidential information.

Plaintiff, within next few hours, on April 3, 2025 at 1:58 AM explained why he opposes entering a Protective Order, Plaintiff cited a portion of the Complaint which accuses about Defendant's fraud and crimes and Defendant wants to hide it from the public. Plaintiff clearly explained "Therefore I don't see any need for any Protective Order and I am opposed to it".(Dkt 51, Exhibit D)

> Please be advised that Attorney client privilege or Company Confidential materials do not supersede federal whistleblower protections under the Sarbanes Oxley Act (SOX)..CAARA .."WALMART'S MATERIALLY FALSE, FRAUDLENT STATEMENTS AND ALTERNATION OF EVIDENCE" and it states, " to cover up Walmart's retaliation due to Dr. Jana's protected Whistleblower activities, Walmart and it's attorneys knowingly and willfully..made materially false, fraudulent statements/representation and altered a document for the purpose of committing fraud ..possibly committing further crimes.. Upon close inspection, one can find that EXHIBIT 2 is an altered version of EXHIBIT 1 which appears to be for the purpose of committing fraud, thus making it a crime under Federal Laws." There are quite a few Interrogatories and Production of Documents requests that I sent were related to alteration of documents. The Court must accept materials presented in the Complaint as true and I believe your desperate effort for a Protective Order is nothing but to hide the material facts that will reveal Walmart's possible crime behind an artificial wall of confidentiality through a Protective Order.

6. Defendant did not confer with Plaintiff anymore; instead filed this Motion on next day, April 4, 2025 (Dkt 51)

7. On April 11, 2025 Plaintiff complained Defendant was mis-representing facts in the Joint Rule 26f Conference Report and in the Motion for Protective Order. Plaintiff added Summary of the Conference and asked Defendant to add/modify materials (Dkt 54, Exhibit C)

> …I saw mis-representation was happening on this report as well as your Motion for Protective Order. During the call you preferred, the Plaintiff does not record this call. You said you are officer of the court and you will only state accurate information and recording could be misconstrued or taken out of context. But this is not the case here.

## II. Defendant failed to demonstrate "Good Cause"

*A.  Defendant's Stereotype Conclusory statements do not establish good cause*

8. Defendant contends
"On March 28, 2025, Plaintiff served discovery requests seeking confidential communications, non-public information, employment records, employee personal files, and sensitive commercial information from Walmart…As an alternative to the entry of a protective order, Plaintiff suggested that Walmart's counsel reach out to Plaintiff to discuss all issues Walmart may raise with Plaintiff's discovery requests before objecting to them. See Exhibit D. **Plaintiff's proposal is impractical**.."(emphasis added) "

9. Defendant asks this Court to enter Honorable Judge Jordan's protective Order which states

> "**For good cause shown** under Federal Rule of Civil Procedure 26(c), the **Court grants the parties' joint request**"

This case is Opposed Motion; in addition to violation of Rule 26(c), Local Rule 7 (h) this Motion fails to establish "good cause" as described below. Defendant Failed to Establish a Claim for Relief the Motion should be denied.

10.    **Even stipulated Joint Motion for Protective Order is Disfavored.** Honorable Judge Mark Pittman in the Northern District of Texas even **denied** the parties' joint motion for entry of a protective order, finding that **it failed to identify any reason for its entry**. Greathouse et al v. Capital Plus Financial, LLC; 4:22-cv-00686-P **(emphasis added)**

"This Court routinely declines to use Federal Rule of Civil Procedure 26(c) to convert an agreement of the parties into a court order. This practice does not leave the parties without recourse as they may agree to any confidentiality or discovery-related contract **among themselves without devoting scarce judicial resources** to the matter. Davis v. City of Fort Worth, No. 4:14-cv-491-A, 2014 WL 12940678, at *3 (N.D. Tex. July 3, 2014) (McBryde, J.). (emphasis added)

11.    The reasons cited by Defendant in ¶8 are inadequate to serve as good cause not only because Defendant wanted a Protective Order (as explained in Id. at ¶1) even before Plaintiff served discovery request but also it is **"stereotyped and conclusory statements"** without demonstrating "the necessity of its issuance, which contemplates a **particular and specific demonstration of fact"** In re Terra Int'l, 134 F.3d 302, 306 **(5th Cir. 1998)**

12.    Under Federal Rule of Civil Procedure 26(c), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. See FED. R. CIV. P. 26(c)(1). Stereotyped and conclusory statements being insufficient to support a finding of good cause to issue a protective order.

> "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a **particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.**" In re Terra Int'l, 134 F.3d 302, 306 **(5th Cir. 1998)** (citation omitted).

> **"burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order; any other conclusion would turn Rule 26(c) on its head"** Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1122 (3d Cir. 1986) (emphasis added)

> Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir.2003) ("**A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted.**");

13.  A court within the Fifth Circuit (Eastern District of Louisiana) has also stated:

> "Good cause" exists when disclosure will result in a **clearly defined and serious injury** to the party seeking the protective order. **Pansy, 23 F.3d at 786**. The litigant seeking a protective order **must articulate the injury with specificity**. **"Broad allegations of harm, unsubstantiated by specific examples,"** do not support a showing of good cause. The burden of justifying a protective order remains on the litigant seeking the order. In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information.
>
> Blanchard & Co., Inc. v. Barrick Gold Corp., No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004).

14.  This is a whistleblower case where the United States Congress and the President made laws to protect whistleblowers for a reason; this is a public interest and this Court shall not deprive public's right of access case documents (In Le, 990 F.3d at 419; Fifth Circuit)

**"public's right of access to judicial records is a fundamental element of the rule of law"**

15.  The Fifth Circuit even explained that the right of public access to judicial records applies **even in cases where the information may not be of particular interest to the public**. In Macias v. Aaron Rents, Inc., 288 F. App'x 913, 915 (5th Cir. 2008)

16.  As Complaint (Dkt 13, ¶ 224) states that this Whistleblower case has Public interest:

> "The US Congress passed CAARA in the wake of furor over the **incredible power of large technology companies and the manner in which they wield that power.** ..Without these brave individuals who risk their livelihoods by speaking out, many illegal and dangerous actions would be simply swept under the rug. ... **regarding conduct that harms the American people**. In the ever-changing fast-paced modern marketplace, regulatory officials need more information in order to ensure that markets remain competitive **which is good for the**

**American economy and American people**" (emphasis added)

17. A May 2020 decision in the case of ***Erhaft v. Bofi Holdings* SOX whistleblower case** the Court concluded that employer confidentiality agreements **do not supersede** federal whistleblower rights. The decision also held that whistleblowers can take company documents to disclose fraud to the government in certain cases. In Wadler v. Bio–Rad Laboratories SOX whistleblower case, the court found that the public policy considerations of reporting wrongdoing to government regulators, and filing a whistleblower complaint, far outweighed enforcement of the parties' confidentiality agreement. The magistrate judge allowed the whistleblower, Sanford Wadler, to submit privileged information as evidence. Attorney client privilege materials do not supersede federal whistleblower protections under the Sarbanes Oxley (SOX)/CAARA.

18. On February 21, 2024 Defendant tried to defend using in EXHIBIT 1 (Dkt 13) at OSHA. Defendant knows Defendant would not have fired Plaintiff in the absence of Plaintiff's whistleblowing activities, Defendant, defendant modified and altered EXHIBIT 1. "still the employer can prevail only if it "demonstrates by clear and convincing evidence that the employer would have taken the same unfavorable personnel action in the absence of that behavior" Id. §42121(b)(2)(B)(iv). See Murray v UBS Securities No. 22-60.

19. **Dkt 29, Exhibit 5, Page ID # 492** which Defendant submitted at the Administrative Proceedings Office of the Administrative Law Judges ("OALJ") at the Department of Labor on June 14, 2024; the <u>**footnote**</u> is related to **<u>EXHIBIT 1, Dkt 13, the Complaint</u>**

> ..determined that it was originally marked for privilege in good faith error. We are attaching the unredacted version herein as an Exhibit and intend on providing the attachments subject to a protective order that will be submitted after conferring with Dr. Jana. (emphasis added)

20. Defendant defrauded OALJ to obtain a Protective Order to deceive this pro se Plaintiff at OALJ. Defendant's experienced attorneys who were federal prosecutors portrayed as a law abiding 'good guys' and told OALJ "determined that it was originally marked for privilege in good faith error." Any judge will appreciate if attorneys acknowledge their mistakes ("good faith error") and Defendant modified and altered the document and gave assurances to OALJ "**intend on providing** the attachments subject to a protective order" as a bait to OALJ to commit fraud upon the Court. Plaintiff raised this Defendant's fraud upon the Court during the Meet and Confer on March 24, 2025 (Dkt 54, page 15-16, Protective Order Section)

> Plaintiff then challenged that Walmart manipulated and modified documents at the Department of Labor to obtain a Protective Order while he did not even file any opposition at the Department of Labor against Walmart's Motion for Protective Order as he was busy with a new baby and he was preparing to kick the case out of Department of Labor to this Federal Court.

but the Defendant **did not answer during the Meet and Confer meeting**.

The Court

> "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. Reliable Consultants, Inc. v. Earle, 517 F.3d 738, 742 (5th Cir. 2008), reh'g. en banc denied, 538 F.3d 355 (2008) (internal quotations omitted)

21. While this Defendant tried to strike Plaintiff's Response/sur-Reply for Defendant's Motion to Dismiss for few extra pages (Dkt 32); this Defendant **did not strike** Plaintiff's serious accusation against Defendant which is potentially a criminal act and will potentially decide the fate of this law suits

> "WALMART'S MATERIALLY FALSE, FRAUDLENT STATEMENTS AND ALTERNATION OF EVIDENCE"

22. Though initially in September 2024 Defendant did not think this pro se Plaintiff will be able to expose it's further crimes and wanted wanted to strike (Dkt 14, PageID # 326, at ¶¶ 7- 8) after Plaintiff filed Complaint (Dkt 13) on September 13, 2024:

> The new filings require extensive unanticipated factual and strategic consideration..Plaintiff's amended pleadings largely consist of personal attacks on Defendant's litigation counsel that have no bearing on the claims or defenses in this matter….Defendant must now assess options for moving to strike under Rule 12(f), or otherwise address the new inappropriate material.

23. It's been almost 7 months but this document is still a public document which will control the fate of this litigation. This is the central issue of the Complaint (Dkt 13, ¶¶ 189-196, page 54-60) which is a public document. On March 24, 2024 Defendant told Plaintiff during Meet and Confer Meeting that Defendant's proposed "protective order simply means that the information won't be used for a purpose other than litigation and **it won't be publicly available"**. Defendant wants to hide it's crime under Protective Order, this Court should not give shelter to criminals.

24. While Defendant did not demonstrate which Interrogatories/Production of documents were Confidential, Plaintiff is demonstrating using few examples that those documents were not Confidential. **INTERROGATORIES #2 asked Defendant to answer under oath**

> Do you still maintaintain that EXHIBIT 2 (Complaint, Dkt 13, PageID#:299) is exactly the same unaltered document but just "unredacted version" of EXHIBIT 1 (Complaint, Dkt 13, PageID#:298)? Please answer YES/NO.

25. Under any definition of Confidentiality, this question does not seek any Confidential information Similarly **INTERROGATORIES** #3 & #4 also related to EXHIBIT 1 & EXHIBIT 2 and does not seek Confidential Information. Defendant Contends

> "On March 28, 2025, Plaintiff served discovery requests seeking confidential ..employment records, employee personal files ..from Walmart"

26. PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS request #14 and #15 fallas under that Category

> 14. ALL Official Documents of Kamil Bay, Adrian Milbourne and Ridhi Mehra's positions/designations/Qualifications at Walmart as of 10-19-2023 from the date they joined Walmart.

15. Plaintiff's Walmart FY23 ( for the period 02-01-2022 to 01-31-2023) Annual Review "positions/designations/Qualifications" in #14 are not Confidential Information. #15 could be Confidential, but that's Plaintiff's Annual review, Plaintiff wants it to be Public. All information responsive to this request that is relevant to this case (Complaint Dkt 13), proportional to the needs of the case and is not privileged and that is in Defendant's possession, custody, or control is to be produced. Therefore, Defendant intentionally did not confer with Plaintiff before asking Court's intervention and asks this Court to enter a Blanket Protective Order. The mere fact that discovery is **"impractical"** is insufficient to preclude a party from obtaining discoverable information without a Protective Order. To the contrary, the vague and ambiguous reasons proffered by Defendant to deprive Plaintiff from exercising his right to engage in discovery.

## B.   *Defendant's failure to confer Plaintiff in good faith doesn't establish good cause*

27.   Defendant Contends:

> "Because Plaintiff's discovery requests seek proprietary materials that should only be disclosed pursuant to designated terms and conditions, Walmart's counsel emailed Plaintiff to inform him of Walmart's intent to file a motion for entry of Judge Jordan's form protective order.."

28.   This is a FALSE and mis-leading statement by Defendant**,** there was **no "Because"** in those email communications as demonstrated Id. at ¶¶1-6 Therefore, Defendant's contention in ¶27 is FALSE and misleading and it should be DENIED. Rule 26(c) dictates

> "The motion **must** include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." (emphasis added)

29.   Defendant's Motion (Dkt 51) did not have a

> "certification that the movant has in good faith conferred…to resolve the dispute without court action."

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO Dkt 51**                                            Page **9** of **15**
*Jana v. Walmart, Inc.*

Thus, a violation of Rule 26(c) by Defendant and Defendant wants a Protective Order pursuant to Rule 26(c); Defendant's motion should be DENIED with prejudice.

30. In fact, as shown ¶¶1-6 Defendant did not

> "conferred, in good faith, and concluded, in good faith, **that the discussions have conclusively ended in an impasse**, leaving an open issue for the court to resolve. Good faith requires honesty in one's purpose to discuss meaningfully the dispute, **freedom from intention to defraud or abuse the discovery process** and faithfulness to one's obligation to secure information without court intervention" (emphasis added)

which is a violation of Local Rule 7(h)

31. In response to Morgan Jones' April 2, 2025 EMail ¶5 of Defendant's intent of filing for this motion, , Plaintiff challenged Defendant on April 3, 2025 (Dkt 51, Exhibit D) which was very serious accusation against Defendant, Defendant never responded to Plaintiff's claim of Defendant's **"intention to defraud or abuse the discovery process"** as described in ¶5 which is a violation of Local Rule 7(h). Plaintiff even offered for collaboration in good faith to resolve any issues without Court's intervention

> "..please call or email me before objecting in order to attempt to narrow the question or avoid the objectionable portion or aspect. **I am available at any time.**"

32. But Defendant never responded to Plaintiff before filing this motion, which defeats the purpose to confer and resolve issues among litigants without Court's intervention. Defendant never informed Plaintiff that **"discussions have conclusively ended in an impasse**, leaving an open issue for the court to resolve" which was a requirement for Local Rule 7(h) before filing this motion.

Therefore, Defendant acted in bad faith and the Court should deny Defendant's motion with prejudice.

> see See Williams v. Lockheed Martin Corp., 990 F.3d 852, 867 (5th Cir. 2021) (explaining bad faith includes "**when the party practices a fraud upon the court or delays or disrupts the litigation or hampers a court order's enforcement**" (quoting syllabus from Chambers v. NASCO, Inc., 501 U.S. 32, 33 (1991)). See Harm v. Lake-Harm, 16 F.4th 450, 455 (5th Cir.

2021) ("**Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous**." (quoting Anderson, 470 U.S. at 574)).
See Younger, 401 U.S. at 53–54.

### C.  *Defendant's mis-leading statements do not establish good cause*

33.  Defendant blames on Plaintiff:
Plaintiff indicated his opposition to the entry of any protective order evidently he believed a protective order would somehow authorize Walmart to alter documents before production.

34.  Meet and Confer report available in Dkt 54, page 15-16 contradicts what Defendant stated in it's Motion
Plaintiff disagreed and stated that without understanding why Defendant needs protective order he will oppose this Federal Court. …Plaintiff then challenged that Walmart <u>manipulated and modified</u> documents at the Department of Labor <u>to obtain a Protective Order</u> .. he did not submit any discovery requests or interrogatories prior to the Meet and Confer meeting, thus <u>not understanding what Defendant wants to protect</u>. …Plaintiff raised the concern of why we are even discussing a protective order at this point of time without understanding what needs to be protected. (emphasis added)

35.  Defendant's misleading statements and it's failure to articulate the need for Protective Order

does not establish a "good cause"; the Court should DENY the motion.


### D.  *Defendant's failure to claim prejudice doesn't establish good cause*

36.  Defendant's Motion (Dkt 51) fails to demonstrate specific harm or prejudice that will result if

no protective order is granted.

> "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted" Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir.2003).

37.  Aside from conclusory assertions lacking factual support, Defendant has not indicated what

conduct or action Plaintiff has engaged in that would constitute **"<u>annoyance, embarrassment,</u>**

**<u>oppression, or undue burden or expense</u>"** as required by Rule 26(c) to enter a Protective Order.

### E.  *Defendant's reliance on Protective Order at DOL obtained by fraud upon the court doesn't establish good cause*

38. Defendant Contends without providing any reason to have a Protective Order

> "The Court should grant Walmart's motion and enter a protective order over Plaintiff's objection, just as Judge Hilleren-Wilkins did in the prior administrative proceedings between the parties"

39. Defendant's argument is meritless because (1) This case in front of Honorable Judge Davis is *de novo*

and (2) As demonstrated in this document ¶¶ 18 - 23 and the Complaint (Dkt 13, ¶¶189-192), Defendant obtained the protective order at OALJ by fraud upon the Court does not establish a good cause

### F.  *Defendant's history of dilatory practice contradicting* "facilitate orderly and efficient discovery" *does not establish a good cause*

40. On February 21, 2024 Defendant provided EXHIBIT 1 (Complaint Dkt 13) to OSHA. On June 14, 2024 Defendant produced an altered version of EXHIBIT 1 (EXHIBIT 2, Complaint Dkt 13). In February 2025, Defendant acknowledged to Honorable Bill Davis, 'by large' that's the ONLY one document Defendant produced so far, Defendant did not produce a single document related to SOX/CAARA, this is the definition of Walmart's version of 'efficient discovery' as per evidence. This Defendant filed Motions after Motions to Stay on Discovery, Plaintiff had to file Motion to Compel to have Rule 26f conference; finally Defendant was forced (after Honorable Bill Davis declined Defendant's Motion to Stay) to have Rule 26f with Plaintiff about 230 days after Plaintiff's Complaint, this is Walmart's definition of "efficient". The Court should DENY Defendant's Motion for Protective Order.

### G.   *Defendant's failure to cite any case laws/authorities doesn't establish good cause*

41.   In addition to violating Rule 26(c) and Local Rule 7(h) as explained above Defendant failed to cite any authorities/case laws to support its Motion for Protective Order; the Motion should be dismissed.

## III.   The Court should not allow Defendant to use "Confidentiality" as both a sword and a shield

42.   As explained above, **"employer can prevail only if it "demonstrates by clear and convincing evidence that the employer would have taken the same unfavorable personnel action in the absence of that behavior"** Id. §42121(b)(2)(B)(iv). See Murray v UBS Securities No. 22-60 (2004)

EXHIBIT 1 (Complaint Dkt 13) is the central document that will decide the fate of this case as Defendant can still prevail if it can demonstrate it would have terminated Plaintiff in the absence of whistleblowing activities. And this is the document, Defendant is holding back, redacted and modified/altered (Complaint ¶¶ 189 - 192). Defendant wants to use the modified version as a sword and shield against Plaintiff's claim and wants to keep it confidential in order to keep crimes from the public eye. The Court should DENY.

## IV.   Granting of Defendant's Motion for Protective Order Will Cause Irreparable Harm and Prejudice Plaintiff in his Ability to Adequately Defend during Summary Judgement and Trial

1.   43.   During the Motion hearing Honorable Judge Bill Davis asked Defendant whether EXHIBIT 1 (Complaint Dkt 13) was the only one EXHIBIT Defendant produced so far, Defendant acknowledged "by large" that's the only one document Defendant produced in the last 15 months. This EXHIBIT 1 was produced in support to demonstrate Defendant would have terminated Plaintiff even in the absence of Plaintiff's protected activities. Complaint states EXHIBIT 2 is the altered version of

the EXHIBIT 1 which is a white collar crime which does not deserve protection through a Protective Order. Defendant did not strike the material for a reason and it's a public document. Even after 15 months, Defendant did not disclose EXHIBIT 1 in its native format. Without the original file of EXHIBIT 1 Plaintiff will not be able to defend his claim of retaliatory termination due to his protected activities.

## V.  Plaintiff's Prayer

### A.  *Denial of Motion for Protective Order*

44.  For the forgoing reasons above, Plaintiff respectfully requests this Court to DENY Defendant's Motion for Protective Order.

### *B. Request for Plaintiff's fees, Restrict Defendant's future Motion and attorney discipline*

45. In Rose v FIRST COLONY COMMUNITY SERVICES (No. 99-20219) Fifth Circuit states:

> When a court denies a motion for protective order, the Rule calls for an award of the opposing party's expenses unless the motion was substantially justified or unless sanctions would be otherwise unfair.

46.  Plaintiff requests this Court to award Plaintiff monetary relief an amount the Court finds appropriate pursuant to Federal Rule for Civil Procedure Rule 26(c)(3) and Rule 37(a)(5) for time and expense and inconvenience to punish and deter Walmart for abusive Motion practice and Restrict future Motion Practice (The Fifth Circuit has affirmed the imposition of the "drastic remedy" of an injunction against a party filing cases against future filings against a particular party "where monetary sanctions are ineffective in deterring vexatious filings" and where the injunction is "tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." Farguson, 808 F.2d at 360). Despite Plaintiff repeatedly informing Defendant about his house foreclosure, his stress and Plaintiff's explanation of why Plaintiff opposes such motions, still Defendant made no effort to confer

Plaintiff and Defendant filed this frivolous motion requiring both Plaintiff's time and this Court's time. It's a pattern of frivolous motion practice. Plaintiff could not work to defend for an injunction on the house foreclosure process and may suffer irreparable harm because of this unnecessary vexatious motion for protective order. Plaintiff respectfully requests this Court to Discipline Defendants attorneys pursuant to Local Rule AT-3 for violation of "unreasonable failure to meet and confer".

### B. C. *Order for File Format during the Discovery process*

47. During the draft of the joint Meet and Confer Report (Dkt 54), Defendant unethically inserted some materials related file format without informing Plaintiff which was not discussed during the Meet and Confer meeting (Dkt 54, Exhibit C), relevant email for file format (**Dkt 54, Exhibit B**) with Plaintiff complaining about "**It should not take more than 1 minute to save that file in .eml format and we are litigating for 14 months**" Plaintiff respectfully requests the Court to issue an Order that during the discovery, Microsoft Outlook EMail files to be saved in **.eml** format including all attachments in ORIGINAL form **from users account before sending to Walmart attorneys** who are litigating in this case to preserve native format. Defendant/Plaintiff can save those documents in PDF format later and submit it to the Court as EXHIBIT.

Dated: April 21, 2025

Respectfully Submitted

*[signature: Dilip Kumar Jana]*
Dilip Jana, pro se Plaintiff
Tel: 318-243-9743
EMail: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DILIP JANA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| | § | |
| WALMART INC., | § | |
| | § | |
| Defendant. | § | |

# CERTIFICATE OF SERVICE
## FOR PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER (Dkt 51)

On April 21, 2025, a true and correct copy of the **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER (Dkt 51)** was served upon to the following through the Court's CM/ECF system:

| | | |
|---|---|---|
| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.
Dated: April 21, 2025

Respectfully Submitted

Dilip Jana, pro se Plaintiff
Tel: 318-243-9743
EMail: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002
