## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **DILIP JANA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| | § | |
| **WALMART INC.,** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT'S REPLY IN SUPPORT OF ITS
### MOTION FOR ENTRY OF PROTECTIVE ORDER

Defendant Walmart Inc. ("Walmart") hereby files this Reply in support of its Motion for Entry of Protective Order (the "Motion") (Dkt. 51) and in response to Plaintiff Dilip Jana's ("Plaintiff") Response in Opposition to the Motion ("Response") (Dkt. 58).[1]

**A.  Good Cause Justifies Entry of Judge Jordan's Standard Protective Order.**

The lengthy Response continues to demonstrate Plaintiff's fundamental misunderstanding of the purpose and scope of a protective order. Plaintiff devotes much of his Response to his baseless theory that Walmart, its current counsel, and its former counsel use protective orders "to keep crimes from the public eye." *See e.g.,* Resp. ¶ 42. Walmart does not seek entry of a protective order to commit "crimes/fraud" or to hinder Plaintiff's ability to obtain relevant materials during discovery. Instead, Walmart seeks entry of Judge Jordan's standard protective order merely to ensure confidential materials are used solely during this litigation and are not disclosed publicly.

Plaintiff has repeatedly objected to the entry of *any* protective order, because he wants all discovery materials—including Walmart's personnel records and employee investigation reports,[2]

---

[1] Plaintiff's filing deadline for the Response was April 18, 2025, but the Response was filed several days later on April 21, 2025.

[2] *See e.g.*, Plaintiff's Interrogatory Nos. 5–16, 23, 24 & Request for Production Nos. 2–9, 12–15, 17.

confidential internal communications,[3] private financial information,[4] and commercially sensitive business materials[5]—to be publicly available. This request is untenable and also runs contrary to Plaintiff's best interests. Among other things, Plaintiff's discovery requests seek documents that reflect and contain detailed accounts of Plaintiff's disrespectful behavior, insubordination, emotional instability, unprofessionalism, emotional outbursts, deficient leadership skills, and poor job performance during his employment with Walmart. *See e.g.,* RFP Nos. 4–6, 9, 12, 13, 15–17, 20, 21, 23. Plaintiff's unrelenting demand for public disclosure of these documents is confusing and myopic, as unharnessed disclosure could undermine Plaintiff's prospects of future employment.

Plaintiff admits in his Response that a number of his discovery requests seek confidential employment records and employee personnel files from Walmart, including not only Plaintiff's employment records but also nonparties' employment records. *See* Resp. ¶¶ 25–26. While Plaintiff acknowledges that his annual Walmart employee review "could be confidential," he oddly argues that documents in nonparties' personnel files "are not Confidential Information." *Id.* ¶ 26. Plaintiff's subjective evaluation of the confidentiality of Walmart's employee records is irrelevant, as courts routinely enter protective orders to safeguard both parties' and nonparties' sensitive employment information from public disclosure. Because good cause justifies entry of a protective order in this case, Walmart requests that the Court enter Judge Jordan's standard protective order.

### B.  Plaintiff's Conspiracy About Walmart's "Alteration of Evidence" is Getting Old.

Walmart repeatedly explained to Plaintiff that the Court's standard protective order would not affect Plaintiff's access to relevant documents—it would only affect the access of strangers to this litigation.  Despite Walmart's efforts, Plaintiff maintains that a protective order would allow

---

[3] *See e.g.*, Plaintiff's Interrogatory Nos. 7–10 & Request for Production Nos. 2–7, 9–13, 16, 20.
[4] *See e.g.*, Plaintiff's Interrogatory Nos. 16, 19, 20.
[5] *See e.g.*, Plaintiff's Interrogatory Nos. 17–23 & Request for Production Nos. 10, 11, 18, 19, 24.

Walmart to "hide the material facts that will reveal Walmart's possible crime behind an artificial wall of confidentiality." Resp. ¶ 5. The "crime" Plaintiff refers to rehashes his baseless theory that Walmart "manipulated and modified documents at the Department of Labor." *Id.* ¶ 1. Plaintiff seems to think that a protective order here would enable Walmart to further "manipulate" or "modify" documents before their production.

Enough is enough—Plaintiff's theories far are past frivolity. His "altered document" conspiracy arises from Walmart collecting an email for production in two ways (once by forwarding, and once by direct download) and in two time zones. (*See* Dkt. No. 26 ¶ 2; *compare* Dkt. No. 13, Exhibit 1 *with* Dkt. No. 13, Exhibit 2). Though amusing, Plaintiff's amateur forensics reveal much about nothing: he does not, and cannot, explain why Walmart would benefit from adding page numbers or changing the timestamp on an email produced in a prior proceeding. And crucially, even if the Court entertains Plaintiff's delusions, its entry of a protective order would not inhibit its adjudication of whether Walmart forged any documents.

Plaintiff will receive the (still) unaltered email and its attachments that he contends "will decide the fate of this case." Resp. ¶ 42. But because these documents and many others that Walmart will produce contain confidential and commercially sensitive information, Walmart seeks the Court's entry of a protective order before their production.

### C. Walmart Conferred with Plaintiff Prior to Filing the Motion Even Though the Court's Pre-Filing Conference Requirement is Inapplicable.

Plaintiff claims Walmart failed to comply with Local Rule CV-7(h), however, the Court's pre-filing conference requirements in Rule CV-7(h) do not apply in cases involving pro se litigants. *See* L.R. CV-7(i); *Owens v. Experian Info. Sols. Inc.*, 2023 WL 3818357, at *5 (E.D. Tex. 2023). Regardless, as evident from the Motion and Plaintiff's Response, Walmart conferred with Plaintiff in good faith to attempt to resolve the issues underlying the Motion prior to filing. Plaintiff

evidently expected Walmart to confer *more* with him,[6] but Plaintiff cannot reasonably dispute that Walmart did, in fact, confer with him. Because Walmart cannot produce the confidential materials Plaintiff requested without a protective order in place and Plaintiff indicated multiple times that he opposes the entry of *any* protective order, no number of additional conferences with Plaintiff could have possibly eliminated the need for the Motion.

### D.  Plaintiff's Sanctions Request is Unwarranted and Procedurally Improper.

Plaintiff's request that the Court impose sanctions against Walmart fails to comply with procedural requirements and wholly lacks merit. Walmart's filing of a motion for entry of the Court's form protective order—a noncontroversial action consistent with routine practice in civil litigation—is far from sanctionable, frivolous, or improper conduct. Walmart understands Plaintiff may be facing difficult personal circumstances currently. However, those personal circumstances—while unfortunate—do not entitle Plaintiff to make unwarranted, indefensible requests for sanctions against Walmart or excuse his noncompliance with procedural rules.

### E.  Plaintiff's Request for an Order Governing Production Format is Procedurally Improper.

Plaintiff's Response includes a request that "the Court issue an Order that during the discovery, Microsoft Outlook EMail files to be saved in **.eml** format including all attachments in ORIGINAL form **from users account before sending to Walmart attorneys** who are litigating this case to preserve native format."  Resp. ¶ 47.  This is an improper request under the Federal Rules of Civil Procedure and this Court's Local Rules.  Plaintiff's casual request at the end of a response brief to Walmart's Motion does not satisfy procedural requirements and, on that basis, should be denied.

---

[6] *See* Resp. ¶ 6 ("[Walmart] did not confer with Plaintiff *anymore*" before filing the Motion.) (emphasis added).

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR ENTRY OF PROTECTIVE ORDER**    4

Even ignoring the procedural impropriety of Plaintiff's request, Plaintiff confuses **collection** format with **production** format. Walmart suggested to Plaintiff that the parties **produce** documents in PDF format (*i.e.*, collect the native files and image them as PDFs before production). Plaintiff seemingly does not disagree with this suggestion, as the emails he produced with his Initial Disclosures were in PDF format. *See also* Resp. ¶ 47 ("Defendant/Plaintiff can save those documents in PDF format later and submit it to the Court as Exhibit.").

Plaintiff's real concern is that Walmart will approach document collection in this case by clicking "File-> save as-> .pdf" on each email it intends to produce in this case, which would not produce email attachments. (*See* Dkt. 54, Exhibit 2). Walmart assures the Court that it will not take this approach. Instead, Walmart intends to collect native files using ordinary electronic discovery tools and produce those documents in PDF format. This method will preserve emails and their attachments, so this Court's intervention is unnecessary.

## CONCLUSION

Walmart requests that the Court grant its Motion for Entry of Protective Order (Dkt. 51) in its entirety, enter Judge Jordan's standard protective order, and grant it such other and further relief that the Court deems just and proper.

*[Signature Page Follows]*

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR ENTRY OF PROTECTIVE ORDER**    5

Dated:  April 28, 2025

Respectfully submitted,

*/s/ Peter S. Wahby*
**Peter S. Wahby**
Texas Bar No. 24011171
peter.wahby@gtlaw.com
**Morgan E. Jones**
Texas Bar No. 24132301
morgan.jones@gtlaw.com
**Holmes H. Hampton**
Texas Bar No. 24144019
holmes.hampton@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Ave., Suite 5200
Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile:  214.665.3601

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all parties of record via the Court's e-filing system on April 28, 2025.

*/s/ Peter S. Wahby*
Peter S. Wahby