IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **DILIP JANA** § | |
| § | |
| v. § | NO. 4:24-CV-00698-SDJ-BD |
| § | |
| **WALMART, INC.** § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Walmart, Inc. file an opposed motion for entry of an agreed protective order in Judge Jordan's preferred format. Dkt. 51; *see* https://txed.uscourts.gov/?q=judge/judge-sean-jordan (document available at "Standard Forms" tab). Pro se plaintiff Dilip Jana filed an untimely response that improperly included a request for relief. Dkt. 58; *see* Loc. R. CV-7(a), (e). Walmart filed a reply. Dkt. 59. The response will be struck, and the motion will be denied.

Under Rule 26(c), a district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The movant bears the burden of showing that a protective order is necessary, 'which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998)). The district court has broad discretion in determining whether to grant a motion for a protective order because it is "in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985) (noting that "[t]he federal rules do not themselves limit the use of discovered documents or information" but that Rule 26(c) "affords district courts the ability to impose limits" and that "the district court can exercise its sound discretion to restrict what materials are obtainable, how they can be obtained, and what use can be made of them once obtained" so long as "the party from whom discovery is sought shows 'good cause'").

Attaching a copy of Jana's discovery requests, Walmart broadly argues in its motion that there is good cause for a protective order because Jana seeks "confidential communications, non-public financial information, employment records, employee personnel files, and sensitive commercial information." Dkt. 51 at 2. Even though it knew its motion was opposed at the time it was filed, *see* Dkt. 51 at 1, Walmart asked the court to enter a form protective order that is expressly premised on the parties' agreement. *See* Dkt. 51-1 at 1 (beginning with the phrase "[t]he parties agree" and later indicating that "[t]he parties jointly request entry of this Protective Order").

The court need not consider Jana's untimely response to know that the motion cannot properly be granted. Entry of an agreed protective order upon the parties' joint request cannot be accomplished through an opposed motion.

This order does not prohibit Walmart from seeking a protective order that meets the Rule 26(c)(1) standard and complies with Fifth Circuit precedent. Any such request should be specific, and any proposed protective order should comply with the guidelines, including the prohibition of footnotes, stated at the "Judge-Specific Information" tab of https://txed.uscourts.gov/?q=judge/magistrate-judge-bill-davis.

To the extent Jana believes that entry of a protective order would allow Walmart to withhold documents properly requested in discovery, he is mistaken. When the Rule 26(c)(1) standard has been satisfied, a protective order may properly prohibit dissemination of sensitive information to people not involved in the lawsuit without infringing on the right of any party to the lawsuit—here, Jana and Walmart—to review documents exchanged in discovery that are relevant to a party's claim or defense.

It is **ORDERED** that Jana's response, Dkt. 58, is **STRUCK** and that Walmart's motion, Dkt. 51, is **DENIED**.

So **ORDERED** and **SIGNED** this 1st day of May, 2025.

_____
Bill Davis
United States Magistrate Judge