

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN THE MATTER OF: § | |
| § | |
| DILIP JANA § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | |
| WALMART, INC., § | |
| *Defendant.* § | |

### PLAINTIFF'S DECLARATION OF DEFENDANT'S INCOMPLETE/EVASIVE INITIAL DISCLOSURE AND PLAINTIFF'S OBJECTION TO DEFENDANT'S SUPPLEMENTAL INITIAL DISCLOSURE

## To Honorable Bill Davis:

NOW COMES **Pro Se** Plaintiff, Dr. Dilip Jana files Plaintiff's Declaration of Defendant's Incomplete/Evasive Mandatory Initial Disclosure and Plaintiff objects Defendant's any Supplemental Initial Disclosure in future.

### BACKGROUND

In light of Honorable Judge Bill Davis's Order (Dkt [60]) concerning the Protective Order,

> When the Rule 26(c)(1) standard has been satisfied, a protective order may properly prohibit dissemination of sensitive information to people not involved in the lawsuit without infringing on the right of any party to the lawsuit - here, Jana and Walmart - **to review documents exchanged in discovery** that are relevant to a party's claim or defense (emphasis added)

and in response to the Defendant's continued efforts (**EXHIBIT 1**) to misuse protective order

procedures—including intimidating and harassing tactics

> "Walmart seeks entry of a protective order because your discovery requests seek the production of confidential communications, financial information, nonparties' employment records, and commercial information from Walmart and you have indicated you want all documents produced during discovery to be publicly available. Walmart again intends to move for entry of a blanket protective order"

, violating Honorable Bill Davis's Order (Dkt[60])

> "here, Jana and Walmart - **to review documents exchanged in discovery** that are relevant to a party's claim or defense"

and misrepresentation of facts in support of another attempt at securing a blanket Protective Order— the Plaintiff is compelled to bring these facts to the Court's attention. This disclosure is made in the interest of justice, and to ensure a process of fair and efficient discovery as contemplated by the Federal Rules of Civil Procedure. The Defendant's conduct threatens to improperly restrict access to discoverable material and obstruct the truth-finding process in this case.

The Defendant's successful persuasion (Dkt [59]) of the Court to strike (Dkt [60]) Plaintiff's Response to its Motion for a Protective Order—based on the false (Dkt [61]) assertion that the Response was "untimely"—demonstrates how vulnerable this pro se Plaintiff is within these proceedings. This action not only deprived the Plaintiff of the opportunity to be heard but also underscores the imbalance created when a represented party leverages procedural tactics against an unrepresented litigant. The Plaintiff respectfully brings this to the Court's attention to highlight the need for fairness, transparency, and meaningful access to justice.

**During Initial Disclosure (Rule 26(a)(1)(A)(ii)):** Defendant submitted **zero (0)** documents, Plaintiff submitted more than 200 documents

**During Plaintiff's Discovery Request:** Defendant submitted **zero (0)** documents (**EXHIBIT 2**)

The Honorable Judge's Order directing the parties "to review documents exchanged in discovery that are relevant to a party's claim or defense" does not apply to the Defendant in the current context, as the Defendant has not exchanged any documents to date. Therefore, the Defendant cannot invoke this Order as a basis for requesting a Protective Order, particularly a blanket Protective Order, when it has failed to meet even its basic disclosure obligations under Rule 26(a)(1)(A)(ii).

## PLAINTIFF'S DECLARATION OF DEFENDANT'S EVASIVE/INCOMPLETE INITIAL DISCLOSURE

As per Honorable Judge Bill Davis's Order (Dkt [50]) parties exchanged Initial Disclosure on April 7, 2025. For Federal Rule of Civil Procedure ("FRCP") 26 (a)(1)(A)(ii):

> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

Walmart's FRCP 26 (a)(1)(A)(ii) Initial Disclosure:

> Walmart will produce copies of all required, non-privileged materials in accordance with the Court's Order Governing Proceedings [ECF No. 50] upon the Court's entry of a protective order.[1] Such documents include (i) the parties' disclosures, discovery, and filings from the related OALJ and NLRB administrative proceedings, (ii) Walmart's personnel files and other

---

[1] Currently pending before the Court is Walmart's Motion for Entry of Protective Order [ECF No. 51] that requests the entry of Judge Jordan's standard protective order.

> records related to the termination of Plaintiff's employment, (iii) correspondence between Walmart and Plaintiff related to the termination of Plaintiff's employment, and (iv) Walmart's policies, rules, and guidelines related to permissible employee conduct and grounds for employee termination. Walmart reserves the right to rely upon any documents identified or disclosed by any party or non-party within this action as part of any initial or supplemental disclosure, or through the course of discovery, including in any answer to any interrogatory, any request for admission, and/or identified in any document produced in response to any request for production or subpoena. Walmart may also rely upon the testimony, statements, and/or deposition exhibits of witnesses identified by the parties in their respective disclosures or in discovery.

While Initial Disclosures are generally intended to remain confidential between the parties, the Plaintiff respectfully brings this portion of the Defendant's Initial Disclosure to the Court's attention in the interest of justice and to promote efficient and fair discovery. As of this filing, the Defendant has failed to produce a single document, which directly undermines the purpose and obligations set forth in Federal Rule of Civil Procedure 26(a)(1)(A)(ii). This failure has impeded the progress of this case and prejudiced the Plaintiff's ability to prepare for litigation. Importantly, the portion of the Initial Disclosure referenced herein does not contain any confidential information.

Defendant failed to comply with its obligations under Federal Rule of Civil Procedure 26(a)(1)(A)(ii) by producing zero (0) and tangible things and failing to provide any Electronically Stored Information ("ESI") documents or information it may use to support its claims or defenses, as required for Initial Disclosures.

This whistleblower case was initially filed against the Defendant with OSHA on or around January 3, 2024, and later transferred to the Office of Administrative Law Judges (OALJ), where the Defendant produced **zero (0) documents** during Initial Disclosures. The case was then brought before this Court on August 5, 2024. As of April 7, 2025—approximately 245 days later—the Defendant has still failed

to produce any documents, in violation of Federal Rule of Civil Procedure 26(a)(1)(A)(ii).

This failure is prejudicial to the Plaintiff, and under Rule 37(c)(1), the Defendant should be barred from using any undisclosed information or documents to support its position in motions, hearings, or at trial, unless it can show the failure was substantially justified or harmless. See U.S. Bank N.A. v. Lindsey, 4:22-cv-03499, Southern District of Texas, 2025.

### PLAINTIFF'S OBJECTION TO DEFENDANT'S SUPPLEMENTAL INITIAL DISCLOSURE

Neither the Federal Rules of Civil Procedure nor the Local Rules of the Eastern District of Texas make Mandatory Initial Disclosures under Rule 26(a)(1)(A) conditional upon the entry or approval of a pending Protective Order. Parties are still required to serve initial disclosures within the timeframe set by court order (Dkt[50]), regardless of whether a protective order is in place.

Plaintiff respectfully OBJECTS Defendant's future Supplemental Initial Disclosure, if any, pursuant to FRCP 26(a)(1)(A)(ii).

*1.*
Dated: May 5, 2025

Respectfully Submitted,

*[signature]*
DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

---

## CERTIFICATE OF SERVICE

On May 5, 2025, a true and correct copy of the **PLAINTIFF'S DECLARATION OF DEFENDANT'S INCOMPLETE/EVASIVE INITIAL DISCLOSURE AND PLAINTIFF'S OBJECTION TO DEFENDANT'S SUPPLEMENTAL INITIAL DISCLOSURE** was served upon to the following through the Court's CM/ECF system:

| | | |
|---|---|---|
| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.

Dated: May 5, 2025

Respectfully Submitted,

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002