# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DILIP JANA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Action No. 4:24-CV-00698-BD |
| v. ) | |
| ) | |
| WALMART INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S OBJECTIONS AND ANSWERS TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Walmart Inc. ("Walmart") serves its Objections and Answers to Plaintiff's First Set of Requests for Production ("Answers"). Walmart's Answers are based on information discovered to date. Discovery is ongoing. Walmart reserves the right to supplement or amend its Answers under the Federal Rules of Civil Procedure.

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

1.  Walmart objects to Plaintiff's Instructions and Requests for Production to the extent they attempt to impose obligations on Walmart that exceed the requirements of the Federal Rules of Civil Procedure. Walmart will comply with its obligations under the Federal Rules of Civil Procedure in responding to Plaintiff's Requests for Production.

2.  Walmart objects to the definitions of "Defendant," "You," and "Your" because they include parties/entities/persons acting in their individual capacities and in capacities unrelated to Walmart and that are not subject to Walmart's control. Walmart will interpret "Defendant," "You," and "Your" to mean Walmart Inc. and no other person or entity.

3. Walmart objects to the definitions of "Document," "Communication," and "Electronically stored information" to the extent they are broader than the language in Federal Rule of Civil Procedure 34(a)(1)(A). Walmart will interpret "Document" as "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." FED. R. CIV. P. 34(a)(1)(A).

4. Walmart objects to providing any substantive, confidential information to Plaintiff prior to the entry of a protective order in this lawsuit.

5. Walmart objects to any and all Requests that seek information or documents that are confidential, proprietary, trade secret, or commercially sensitive information of Walmart.

6. Walmart objects to any and all Requests that purport to describe factual events relevant to, or at issue in, this litigation. Where Walmart has stated it will produce certain documents responsive to any such Requests, Walmart does so without waiving its ability to contest Plaintiff's description of such factual events.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: Please provide the **EXACT unredacted** version of EXHIBIT 1 (Complaint, Dkt 13, PageID#:298) with all attachments including but not limited to "**Termination recommend…msg**") in **Original form**.

**RESPONSE**: Walmart objects to this Request as vague and ambiguous because "Original form" is undefined. Walmart further objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing objections, Walmart will, after the Court's entry of

a protective order, produce the October 4, 2023, email from Wendy Bowman and its non-privileged attachments that is referred to in Exhibit 1 to Plaintiff's Complaint.

**REQUEST FOR PRODUCTION NO. 2**: Please provide ALL documents for Defendant's claim in particular Ridhi Mehra's corporate mismanagement vs SOX violation as described below (Dkt 30, Page 8, PageID 587): "Plaintiff's assertion that Walmart fired Ridhi Mehra because Plaintiff blew the whistle, Response ¶35 is similarly unavailing: it does not suggest that Plaintiff's belief in a SOX violation (as opposed to mere corporate mismanagement that does not implicate SOX"

**RESPONSE**: Walmart objects to this Request as vague and ambiguous because the phrase "Defendant's claim in particular Ridhi Mehra's corporate mismanagement vs SOX violation" renders the Request unintelligible. Walmart further objects because this Request seeks "ALL documents," which renders the Request overbroad and disproportionate to Plaintiff's needs in this case. Subject to and without waiving the foregoing objections, Walmart answers as follows: After a reasonably diligent search, Walmart does not have non-privileged documents in its possession, custody, or control responsive to this Request. For the avoidance of doubt, the language quoted in this Request is taken from Walmart's Reply in Support of Motion to Dismiss, (Dkt. 30), and is Walmart's characterization of Plaintiff's belief in the context of that brief—not Walmart's belief. Walmart has not made a claim that Ridhi Mehra was implicated in "corporate mismanagement," as Plaintiff suggests in this Request.

**REQUEST FOR PRODUCTION NO. 3**: Please provide ALL Documents of Defendant's claim that Plaintiff's "accusations were baseless" as described below (Dkt 30, Page 8, PageID 587):

"Plaintiff alleges that Walmart took no "action" in response to Plaintiff's accusations because its initial **investigation correctly** revealed that the accusations were baseless. See Compl. ¶¶ 69, 83"

**RESPONSE**: Walmart objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Walmart further objects because this Request seeks "ALL Documents," which renders the Request overbroad and disproportionate to Plaintiff's needs in this case. Subject to and without waiving the foregoing objections, Walmart will, to the extent documents exist and can be located after a reasonable search and after the Court's entry of a protective order, produce non-privileged documents related to the ethics complaints that Plaintiff submitted while working at Walmart.

**REQUEST FOR PRODUCTION NO. 4**: Please provide ALL documents for "existing ethics case .. or ..separate case" against Plaintiff as referenced in (Complaint, Dkt 13, PageID#:299) "Wondering if these accusations should be added to the existing ethics case, or a separate case opened as well?"

**RESPONSE**: Walmart objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Walmart further objects because this Request seeks "ALL documents," which renders the Request overbroad and disproportionate to Plaintiff's needs in this case. Subject to and without waiving the foregoing objections, Walmart will, to the extent documents exist and can be located after a reasonable search and after the Court's entry of a protective order, produce non-privileged documents related to the ethics complaints that Plaintiff submitted while working at Walmart.

**REQUEST FOR PRODUCTION NO. 5**: Please provide ALL communications (EMail, texts, zoom/Teams message, meeting notes etc) among Shawn Cohen, Jeff Spillyards, Wendy Bowman, Monica Hall, Lori Chumbler, Ridhi Mehra, Adrian Milbourne, Allie Hazelwood, Greg Cathy related to Plaintiff's termination (EXHIBIT 1 (Complaint, Dkt 13, PageID#:298) and **Attachment A**)

>    a. Please provide ALL documents for **"finalize leadership alignment"** for Plaintiff's employment termination with Walmart
>
>    b. Please provide ALL documents for Plaintiff's disruptive behavior during **10-09-2023 to 10-13-2023**: "even this current week we are still experiencing disruptive behavior"

**RESPONSE**: Walmart objects to this Request as vague and ambiguous because "among" is not defined and renders the Request unintelligible. Walmart further objects because this Request seeks "ALL communications," which renders the Request overbroad and disproportionate to Plaintiff's needs in this case. Walmart further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing objections, Walmart will, to the extent documents exist and can be located after a reasonable search and after the Court's entry of a protective order, produce non-privileged communications related to Plaintiff's termination and documents evidencing Plaintiff's disruptive behavior during the period from October 9, 2023, to October 13, 2023.

**REQUEST FOR PRODUCTION NO. 6**: Please provide ALL documents for Defendant's claim "Plaintiff was continually insubordinate toward Milbourne and Mehra, his supervisors"

**RESPONSE**: Walmart further objects because this Request seeks "ALL documents," which renders the Request overbroad and disproportionate to Plaintiff's needs in this case. Subject to

and without waiving the foregoing objection, Walmart will, to the extent documents exist and can be located after a reasonable search and after the Court's entry of a protective order, produce non-privileged documents evidencing Plaintiff's insubordination towards his supervisors.

**REQUEST FOR PRODUCTION NO. 7**: Please provide ALL documents Plaintiff shared with Walmart Ethics during August-October, 2023 when Plaintiff complained about possible corruption

**RESPONSE**: Walmart objects to this Request as vague and ambiguous because "complained about possible corruption" lacks any context or explanation and obligates Walmart to speculate as to which complaints Plaintiff is referring to. Walmart further objects because this Request seeks "ALL documents," which renders the Request overbroad and disproportionate to Plaintiff's needs in this case. Walmart further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing objection, Walmart will, to the extent documents exist and can be located after a reasonable search and after the Court's entry of a protective order, produce non-privileged documents related to the ethics complaints Plaintiff submitted while working at Walmart.

**REQUEST FOR PRODUCTION NO. 8**: Please provide ALL Plaintiff's completed trainings offered by Walmart through ULearn during Plaintiff's employment at Walmart

**RESPONSE**: Walmart objects to this Request as vague and ambiguous because it obligates Walmart to speculate about what "provide . . . trainings" means. Subject to and without waiving the foregoing objection, Walmart will, after the Court's entry of a protective order, produce non-privileged records reflecting U-Learn training Plaintiff completed while working at Walmart.

**REQUEST FOR PRODUCTION NO. 9**: Ridhi Mehra wrote an email to Plaintiff on Thursday, October 5, 2023 at 3:52:07 PM CDT "I have read all your emails …appropriately escalated". Wendy Bowman emailed Dr. Jana informing that Ridhi Mehra reported to Walmart Ethics, which is clearly evident in EXHIBIT 1 (Complaint, Dkt 13, PageID#:298) (Monica Hall and Lori Chumbler).

Please provide Walmart Ethics Department's (persons involved: Monica Hall and Lori Chumbler or any other persons) investigation reports on Plaintiff's firing after Ridhi's "appropriately escalated" incident

**RESPONSE**: Walmart objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing objection, Walmart will, to the extent documents exist and can be located after a reasonable search and after the Court's entry of a protective order, produce non-privileged documents related to ethics complaints Plaintiff submitted while working at Walmart.

**REQUEST FOR PRODUCTION NO. 10**: Please provide vendor related Documents for **Walmart Defect detection project**

    a. Request For Proposal ("RFP") advertisement for all vendors.

    b. ALL documents for all competing vendors prior to awarding Infogain the Contract

**RESPONSE**: Walmart objects to this Request because the phrases "documents for all competing vendors" and "Walmart Defect detection project" are vague and ambiguous and obligate Walmart to speculate as to what information is sought by this Request. Walmart further objects because this Request seeks "ALL documents," which renders the Request overbroad and disproportionate to Plaintiff's needs in this case. Subject to and without waiving the foregoing objections, Walmart

will, to the extent documents exist and can be located after a reasonable search and after the Court's entry of a protective order, produce relevant documents related to bids submitted by vendors in connection with the Defect Engine project Walmart pursued in 2023.

**REQUEST FOR PRODUCTION 11**: Please provide vendor Infogain related Documents for **Walmart Defect detection project**

    a. ALL Statement of Work ("SOW") and contracts signed between Infogain and Walmart between 04-01-2023 and 10-19-2023

    b. ALL financial transactions and account book keeping documents related to Infogain Contract

    c. Financial Impact projection before awarding contract to Infogain and financial impact realization after Infogain's Proof of Concept ("POC")

    d. ALL documents for Walmart's proposal for Infogain's Future Work Plan documents which was presented at the last week of September 2023 in a Infogain's three days of workshop at Walmart's HeadQuarter after the scheduled Completion of Infogain's POC on September 30, 2023.

    e. ALL documents for Infogain's abrupt contract termination (12-08-2023) after Plaintiff's email to CEO Doug McMillion on 11-03-2023

**RESPONSE**: Walmart objects to this Request as vague and ambiguous because the phrases "vendor Infogain related Documents for **Walmart Defect detection project**," "financial transactions," "account book keeping documents," "Financial Impact projection," "Financial Impact realization," and "Future Work Plan documents" are each not defined and obligate Walmart to speculate as to what information is sought by this Request. Walmart further objects because

this Request seeks "ALL documents," "ALL Statement of Work," and "ALL financial transactions," which renders the Request overbroad and disproportionate to Plaintiff's needs in this case. Subject to and without waiving the foregoing objections, Walmart will, to the extent documents exist and can be located after a reasonable search and after the Court's entry of a protective order, produce relevant documents related to work performed by Absolutdata Technologies, Inc., Infogain's affiliate, in connection with the Defect Engine project Walmart pursued in 2023.

**REQUEST FOR PRODUCTION NO. 12**: After the termination, on November 3, 2023 Plaintiff emailed CEO Doug McMillion and CEO Chris Nicholas about possible wrongful termination with a Subject: "Unethical Practices Leading to My Termination". On November 3, 2023, Plaintiff received a response from Walmart with a Subject: "Your Outreach to Doug McMillon" and the body of that Email states,

"We appreciate you taking the time to share your thoughts with Doug McMillon. It is only through **our associates speaking up and voicing their concerns** that we are able to help. We are associate advocates who value the company's **listening culture** through the Open Door process, and we take this very seriously." (emphasis added)

Walmart investigated and provided Plaintiff those investigation reference numbers: Open Door Case- HRC13734977 and HRC14001313. Case Manager Samer Nadra Spoke to Plaintiff multiple times during November-December 2023.

Please provide ALL investigation reports for Open Door Case- HRC13734977 and HRC14001313.

**RESPONSE**: Walmart objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Walmart further objects to this Request as vague and overbroad because the phrase "investigation reports" is not defined and is otherwise ambiguous. Subject to and without waiving the foregoing objections, Walmart will, to the extent non-privileged documents exist and can be located after a reasonable search and after the Court's entry of a protective order, produce the investigation report for Open Door Cases HRC13734977 and HRC14001313.

**REQUEST FOR PRODUCTION NO. 13**: Before the termination, on 10-16-2023 Plaintiff filed a Ethics Complaint against Adrian Milbourne regarding retaliation and Walmart provided those Ethics Complaint reference numbers to Plaintiff: WMT331526/ WMT231010810

Please provide ALL documents related to WMT331526/ WMT231010810

**RESPONSE**: Walmart objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Walmart further objects because this Request seeks "ALL documents," which renders the Request overbroad and disproportionate to Plaintiff's needs in this case. Subject to and without waiving the foregoing objection, Walmart will, to the extent documents exist and can be located after a reasonable search and after the Court's entry of a protective order, produce non-privileged documents related to ethics complaints Plaintiff submitted while working at Walmart.

**REQUEST FOR PRODUCTION NO. 14**: ALL Official Documents of Kamil Bay, Adrian Milbourne and Ridhi Mehra's positions/designations/Qualifications at Walmart as of 10-19-2023 from the date they joined Walmart.

**RESPONSE**: Walmart objects to this Request as vague and ambiguous because the phrases and terms "Official Documents," "positions," designations," and "Qualifications" are each not defined and obligate Walmart to speculate as to what information is sought by this Request. Walmart further objects because this Request seeks "ALL Official documents," which renders the Request overbroad and disproportionate to Plaintiff's needs in this case.  Walmart further objects to this Request because the documents sought are irrelevant to the claims and defenses at issue in this case and are thus neither proportional nor relevant to the needs of the case.

**REQUEST FOR PRODUCTION NO. 15**: Plaintiff's **Walmart** FY23 ( for the period 02-01-2022 to 01-31-2023) Annual Review

**RESPONSE**: Walmart will, to the extent documents exist and can be located after a reasonable search and after the Court's entry of a protective order, produce Plaintiff's annual review for FY23.

**REQUEST FOR PRODUCTION NO. 16**: All of Plaintiff's emails (received & sent) from 01-01-2023 to 10-19-2023.

**RESPONSE**: Walmart objects to this Request as overly broad and unduly burdensome because it is not limited in subject matter and as such seeks documents that are neither relevant to the claims and defenses at issue in this case nor proportional to the needs of the case.  The Request also seeks a quantity of documents that would cause a burden and expense to Walmart disproportionate to Plaintiff's needs in this case.

**REQUEST FOR PRODUCTION NO. 17**: Please provide All audio and video recordings of Plaintiff's Insubordination, Poor performance, Plaintiff's employment termination decision meeting among Walmart HR, Ethics and Management.

**RESPONSE**: Walmart objects to this Request as vague and overly broad because the terms and phrases "Insubordination," "Poor performance," and "Plaintiff's employment termination decision meeting" and "among Walmart HR, Ethics and Management" are each not defined or explained and are otherwise ambiguous. Subject to and without waiving the foregoing objection, Walmart will, to the extent audio and video recordings exist and can be located after a reasonable search and after the Court's entry of a protective order, produce non-privileged audio and video recordings responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18 & 19**[1]: Please provide All audio and video recordings related to all vendors including Infogain between 03-10-2023 to 12-08-2023 and vendor Infogain awarding contract and terminating it's contract, including recordings made by you or on your equipment and any third-party recordings in your possession, custody or control.

**RESPONSE**: Walmart objects to this Request as vague and overly broad because the phrases "all audio and video recordings related to all vendors" and "vendor Infogain awarding contract and terminating it's contract" is ambiguous and renders the Request unintelligible. Subject to and without waiving the foregoing objection, Walmart will, to the extent audio and video recordings exist and can be located after a reasonable search and after the Court's entry of a protective order, produce non-privileged audio and video recordings responsive to this Request.

---

[1] Walmart assumes that Plaintiff's splitting up of Requests for Production 18 and 19 was a typographical error.

**REQUEST FOR PRODUCTION NO. 20**: All documents discussing this litigation (other than communications between you and your attorney), including any memos, emails, and text or instant messages you have sent or received.

**RESPONSE**: Walmart objects to this Request as vague and overly broad because "discussing this litigation" is not defined and is otherwise ambiguous. Walmart further objects to this Request as seeking documents that are not relevant to the parties' claims and defenses and as being disproportionate to the needs of the case and constituting an improper fishing expedition. Walmart further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 21**: All documents you referred to or relied on Motion to Dismiss and other Briefs in this lawsuit, including any defenses you have asserted in your answer.

**RESPONSE**: Walmart objects to this Request as vague and overly broad because "referred to" and "relied on" are each not defined and are otherwise ambiguous. Walmart further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Walmart further objects to this Request to the extent it seeks documents equally accessible to Plaintiff.

**REQUEST FOR PRODUCTION NO. 22**: All summaries and demonstratives that you will use during this litigation.

**RESPONSE**: At the time of its serving these Answers, Walmart does not have documents responsive to this Request in its possession, custody, or control. To the extent that Walmart may

in the future use a summary or demonstrative in this litigation, Walmart will provide copies to Plaintiff consistent with its obligations under this Court's rules and procedures.

**REQUEST FOR PRODUCTION NO. 23**: Produce all documents identified, referenced, reviewed, relied upon or used in any way as part of your obligations under Fed. R. Civ. P. 26 or 33, including documents identified in your initial disclosures and documents identified, referenced, reviewed, or relied upon to respond to Plaintiff's interrogatories in this lawsuit.

**RESPONSE**: Walmart objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the forgoing objection, Walmart refers Plaintiff to the documents that have been or will be produced in response to the foregoing Requests for Production and/or in connection with Walmart's Rule 26 disclosures.

**REQUEST FOR PRODUCTION NO. 24**: Adrian Milbourne conducted a survey for vendor Infogain on or around the month of August, 2023 in Walmart's Feedbackally (Walmart's internal feedback website) before extending Infogain's contract where team members provided inputs about their experience working with Infogain and Infogain's performance. Adrian Milbourne never shared that document to anybody despite repeated requests.

Please provide all feedback as mentioned above.

**RESPONSE**: Walmart objects to this Request as vague and overly broad because "feedback" is not defined and is otherwise ambiguous. Walmart further objects to this Request because the documents sought are irrelevant to the claims and defenses at issue in this case and are thus neither proportional nor relevant to the needs of the case. Subject to and without waiving the foregoing

objections, Walmart will, to the extent documents exist and can be located after a reasonable search and after the Court's entry of a protective order, produce non-privileged documents containing responses to the 2023 survey Adrian Milbourne conducted on Feedbackally about Infogain.

Dated: April 28, 2025

Respectfully submitted,

/s/ Peter S. Wahby
Peter S. Wahby
Texas Bar No. 24011171
peter.wahby@gtlaw.com
Morgan E. Jones
Texas Bar No. 24132301
morgan.jones@gtlaw.com
Holmes H. Hampton
Texas Bar No. 24144019
holmes.hampton@gtlaw.com
**Greenberg Traurig LLP**
2200 Ross Ave., Suite 5200
Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601

**ATTORNEYS FOR DEFENDANT WALMART, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2025, a true and correct copy of the foregoing has been served upon all parties and counsel of record via the Court's e-filing system.

/s/ Peter S. Wahby
Peter S. Wahby