IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DILIP JANA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| | § | |
| WALMART INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S SECOND
MOTION FOR ENTRY OF PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c) and the Court's Order entered May 1, 2025 (Dkt. 60), Defendant Walmart Inc. ("Walmart") hereby moves this Court to enter the proposed protective order attached hereto as **Exhibit A** and respectfully states as follows:

**INTRODUCTION**

Walmart seeks entry of Judge Jordan's form protective order (which, consistent with the Court's May 1, 2025 Order (Dkt. 60), Walmart has modified to remove references to the parties' agreement, remove a footnote, and add the case caption and other case-specific identifying information) to ensure confidential materials produced during discovery are not shared with the public or used for purposes unrelated to this litigation. Walmart submits that the Court should enter its proposed protective order for good cause, which would allow the parties to designate documents as confidential in good faith before production and prohibit the public dissemination of confidential documents, while still allowing both parties access to relevant discoverable materials.

**FACTUAL BACKGROUND**

On March 24, 2025, Walmart's counsel and Plaintiff participated in a Rule 26(f) conference during which the parties discussed, among other things, the possibility of submitting an agreed

protective order to govern the disclosure of confidential information during discovery. (*See* Exhibit B.) Plaintiff indicated his opposition to the entry of any protective order governing the confidentiality of documents. (*Id.*) On March 28, 2025, Plaintiff served discovery requests seeking confidential information and documents from Walmart, including but not limited to Walmart's sensitive commercial information related to business transactions and vendor relationships, as well as Walmart's personnel records, ethics complaints, investigation reports, performance reviews, and disciplinary action evaluations related to current and former Walmart employees—most of whom are nonparties. (*Id.*; *See* Plaintiff's requests for production and interrogatories attached collectively as **Exhibit B-1**.)

On April 4, 2025, Walmart filed its initial opposed Motion for Entry of Protective Order. (*See* Dkt. No. 51.) Before filing, Walmart's counsel emailed Plaintiff on March 31, 2025 and April 2, 2025 to confirm that Plaintiff was still opposed to the entry of any protective order in this Lawsuit. (*See* **Exhibit B-2**.) On April 3, 2025, Plaintiff responded and stated that he "[does not] see any need for any Protective Order and [is] opposed to it." (*Id.*)

The Court denied Walmart's motion on May 1, 2025 without prejudice to refiling consistent with the Court's order. (Dkt. 60.) The next day, on May 2, 2025, Walmart's counsel emailed Plaintiff in a good faith attempt to confer before Walmart filed a second motion for entry of protective order in compliance with Federal Rule of Civil Procedure 26. (*See* Dkt. 62-1.)  In response, Plaintiff accused Walmart's counsel of using "intimidating and harassing tactics" "to misuse protective order procedures." (*Id.*) Plaintiff has not officially stated whether he is still opposed to the entry of the requested protective order, but Walmart expects Plaintiff will continue to oppose the entry of any protective order in this lawsuit, as he did in the prior administrative proceedings between the parties (*see* Dkt. 58, 62.).

Because Plaintiff's discovery requests seek proprietary materials that should only be disclosed pursuant to designated terms and conditions, Walmart files the present motion and supporting declarations (Exhibits B, C) that are fully incorporated by reference herein.

## ARGUMENTS & AUTHORITIES

### A. Legal Standard

Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). The burden is upon the party seeking the protective order "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (internal quotation marks and citation omitted). Therefore, a protective order is warranted when the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990). "The evaluation of good cause 'depends on a judicial balancing of the harm to the party seeking protection (or third persons) and the importance of disclosure to the public.'" *McDonald v. ExxonMobil Chem. Co.*, No. H–00–4172, 2001 WL 34109381, at *1 (S.D. Tex. Dec. 7, 2001) (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3rd Cir. 1994)). The Court has broad discretion in determining whether to grant a motion for protective order because it is "in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

### B. Plaintiff's Claims and Walmart's Defenses Implicate Confidential Documents.

As an initial matter, Plaintiff's operative Complaint (Dkt. 13) reflects that his federal whistleblower antiretaliation claims involve confidential documents and privacy concerns. For

example, the Complaint notes that Plaintiff provided "[his] *confidential* files" substantiating his allegations of misconduct by Walmart to Monica Hall (a Walmart employee) in September 2023. (*See* Dkt. 13 at ¶ 67; emphasis added) The Complaint states that "[Plaintiff] decided not to share any *sensitive* documents with [Shawn] Cohen," a Walmart employee "to whom [Plaintiff] blew the whistle." (*See id.* at ¶ 195; emphasis added) Plaintiff also "redacted" and "withheld" the names of certain Walmart employees from the Complaint and a referenced exhibit to "protect privacy." (*Id.* at ¶¶ 89, 168, 191) Relatedly, Walmart intends to produce Plaintiff's email dated August 8, 2023 in which he "reported possible fraud" to one of his superiors at Walmart, Allie Hazelwood. This email reinforces that Plaintiff, from the outset of his purported protected activity, recognized the confidential nature of the information underlying his whistleblower claims, as Plaintiff requested that Ms. Hazelwood: "***Please keep this email as confidential***[.]" (*See* Ex. B (bold, italics, and underlining in original)). While Plaintiff may now oppose the entry of a protective order prohibiting the public disclosure of confidential documents, Plaintiff's prior written statements nonetheless demonstrate that Plaintiff recognized the sensitive nature of certain relevant documents and the related harm resulting from free disclosure.

Plaintiff's discovery requests seek confidential information from Walmart that should only be produced subject to a protective order. Specifically, Plaintiff's discovery requests seek confidential information in Walmart's employment personnel records regarding not only Plaintiff but also nonparties, including information related to the employees' training, changes in roles and responsibilities, compensation, hiring, termination, disciplinary records, ethics complaints, and investigative reports. (*See* Exhibit B-1, Interrogatory Nos. 5, 6, 8, 9, 10, 11, 12, 15, 16, 24 & RFP Nos. 4, 5, 7, 9, 12, 13, 14, 15, 16, 17, 23.) Plaintiff also requests multiple categories of confidential commercial and financial information from Walmart, including Walmart's business, strategic,

4

financial, and operating information related to its vendor selection process and transactions, bids, and contracts with vendors. (*See* Ex. B-1, RFP Nos. 11, 24; Ex. C.) While Walmart objects to many of Plaintiff's requests on grounds including overbreadth, burden, relevance, and proportionality, many of the types of documents that Plaintiff seeks are, by their very nature, confidential documents which, if produced, should only be produced pursuant a protective order that maintains their confidential status.

To the extent the Court deems it necessary to evaluate the confidentiality of any of the documents currently at issue before entering a protective order, Walmart respectfully requests that the Court conduct an *in camera* review of the documents.

**C. Good Cause Justifies Entry of Walmart's Proposed Protective Order.**

Good cause exists under Federal Rule of Civil Procedure 26 for the Court to enter a protective order to provide the parties with clear guidelines for the handling of confidential information, to facilitate orderly and efficient discovery, and to prevent the unharnessed disclosure of sensitive information. Walmart's proposed protective order is a blanket order that allows the parties to designate information as protected that they, in good faith, deem to be worthy of heightened secrecy. (*See* Ex. A.) The blanket protective order would not prohibit disclosure of relevant documents between the parties but would "conserve[] court and party resources by removing the need for a party to move for a protective order every time it produces allegedly confidential documents." *Moore v. Battelle Energy All., LLC*, No. 4:21-cv-00230-CRK, 2023 WL 1767391, at *4 (D. Idaho Feb. 3, 2023) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003)); *see also Van v. Wal-Mart Stores, Inc.*, No. C 08-5296 PSG, 2011 WL 62499, at *2–3 (N.D. Cal. Jan. 7, 2011). Absent a blanket protective order, the parties—particularly Walmart—would need to prepare, file, and likely defend multiple individual motions for protective

5

orders to obtain Court rulings regarding the confidentiality and disclosure of sensitive documents throughout discovery. This process would result in a significant, unnecessary, and unduly burdensome expenditure of time and resources for both the parties and the Court. The entry of a blanket protective order would serve the interests of a just, speedy, and less expensive determination of this lawsuit by alleviating the need for and delay occasioned by extensive and repeated judicial intervention.

Additionally, Plaintiff's discovery requests seek numerous confidential documents pertaining to Plaintiff and nonparties, including Walmart's records regarding both Plaintiff and nonparty employees' compensation, changes in roles or responsibilities, ethics complaints, investigation reports, and disciplinary actions. The "discovery of personnel files of non-party employees presents special concerns about the privacy rights of the individuals involved," and nonparties' privacy interests in Walmart's personnel records warrant the entry of a protective order here. *Beasley v. First Am. Real Est. Info. Servs., Inc.*, No. 3-04-CV-1059-B, 2005 WL 1017818, at *4 (N.D. Tex. Apr. 27, 2005); *see also Miranda v. Mahard Egg Farm, Inc.*, No. 4:19-CV-00092, 2019 WL 4573637, at *9 (E.D. Tex. Sept. 20, 2019). While Walmart does not, by seeking a protective order governing confidentiality, waive objections it might have to the discoverability of such documents, the many categories of personnel records Plaintiff has requested, including nonparties' (and Plaintiff's) employment files from Walmart containing disciplinary actions or complaints, trainings, performance evaluations, compensation data, and employment history, are confidential.

Without a protective order, Plaintiff could freely use relevant employment and financial records produced during discovery outside of this litigation or make them part of the public record by attaching them to filings in this lawsuit. *See Pulse Health Servs. v. FDIC*, No. H-20-048, 2020

6

WL 3038134, at *2 (S.D. Tex. May 18, 2020) ("Public documents include court filings and court records."). Permitting wide dissemination of employee personnel files would result in a defined, serious injury to the employees' and Walmart's privacy. *See, e.g.*, *Pena v. Canelson Drilling (US), Inc.*, No. MO:15–CV–00053–HLH–DC, 2015 WL 12734090, at *2 (W.D. Tex. Sept. 8, 2015) ("The Court recognizes the privacy concerns regarding disclosure of documents contained within employment personnel files given the sensitive nature of the information."); *Reynolds v. Cactus Drilling Co. LLC*, No. MO:15-CV-00101-DAE-DC, 2015 WL 12660109, at *2 (W.D. Tex. Oct. 22, 2015) (same); *see also Beasley*, 2005 WL 1017818, at *4 (quoting *Dahdal v. Thorn Ams., Inc.*, No. 97–2119–GTV, 1997 WL 599614, at *1 (D. Kan. Sept. 15, 1997)).

Information related to disciplinary actions, terminations, ethics complaints, and other sensitive matters in Walmart's employment files would be embarrassing to nonparties (and Plaintiff) if any such relevant documents produced during discovery could be disclosed outside of this litigation. Plaintiff's discovery requests also seek, and Walmart intends to produce, confidential documents and communications reflecting Plaintiff's insubordination and poor job performance during his employment with Walmart. (*See, e.g.*, Ex. B-1, RFP Nos. 4–6, 9, 12, 13, 15–17, 20, 21, 23.) Unharnessed disclosure of such documents could—and likely would—cause embarrassment to Plaintiff and would harm Plaintiff's professional reputation and undermine Plaintiff's prospects of future employment. (Ex. B) Similarly, any adverse actions, negative performance reviews, or other unfavorable information in nonparty current and former Walmart employees' employment records that are deemed relevant and disclosed during discovery could negatively impact the nonparties' professional and personal reputations and constitute an invasion of privacy without a protective order in place. Further, if personnel records are freely disclosed

without protection, employers, like Walmart, could potentially cease to frankly criticize and rate employee performance for fear of potential public disclosure later.

There is little public importance that nonparties' and Plaintiff's employment-related records containing both (potentially) relevant and non-relevant confidential information, such as disciplinary actions, compensation information, trainings, qualifications, and other private information, be openly available. On the other hand, the harm arising from unharnessed disclosure of confidential employment information is substantial in that Plaintiff seems to intend to make at least some confidential employment documents part of the public record. The free distribution of files (bearing Walmart's name and logo and clear markers of confidentiality) outside of the litigation could also cause reputational harm to Walmart by giving the incorrect impression that Walmart lacks sufficient protections to secure its sensitive data and records. And, allowing free disclosure of an email that Plaintiff previously emphasized that Walmart should "***Please keep [] confidential***" (*See* Ex. B; emphasis in original) causes undue burden, embarrassment, and reputational damage to Walmart and nonparty Ms. Hazelwood. If this email and any similar emails that Plaintiff specifically requested to be kept confidential are produced without adequate safeguards in place, third parties could freely review the email and could reasonably assume that Walmart failed to adequately protect its employee's explicitly confidential communications—causing reputational damage to Walmart.

Evident from the face of Plaintiff's Complaint is that he did not respect his supervisors or colleagues (particularly Ridhi Mehra, Adrian Milbourne, and Kamil Bay—the targets of multiple of Plaintiff's discovery requests) and that he believes Walmart and his former colleagues committed a litany of crimes and misconduct. (*See generally* Dkt. 13) Plaintiff also alleges there is "continuing hostility between [Plaintiff] and [Walmart]" (Dkt. 13, ¶ 228), suggesting Plaintiff

8

may have an intent or motive to publish or otherwise publicly disseminate embarrassing, negative, or otherwise unfavorable information about his former employer and former colleagues. Entering the requested protective order is a means to protect the privacy interests of nonparties and the parties while still serving the needs of the litigation by allowing the parties access to confidential documents under designated terms and conditions.

Finally, Plaintiff has requested multiple categories of confidential trade secret, commercial, and financial information from Walmart, including Walmart's business, strategic, financial, and operating information related to its vendor selection process and certain vendor transactions. (*See* Ex. C.) Specifically, the documents responsive to Plaintiff's discovery requests related to vendor Infogain, Walmart's vendor selection criteria, and other commercial information are not in the public domain and contain trade secret or other confidential, strategic, research, development, or commercial information that, if disclosed to a business competitor or the public, would materially and adversely harm Walmart's interests in the marketplace and its business relationships. (*Id.*) For example, many—if not all—of Walmart's third-party vendor contracts contain confidentiality clauses that limit or prohibit the disclosure of the terms of such agreements and related documents to third parties. (*Id.*) As a concrete demonstration of the harm that could come to Walmart if its third-party vendor contracts containing confidentiality clauses are openly disclosed, Walmart could be in breach of the confidentiality provisions—exposing Walmart to liability, monetary damages, and reputational damage in the marketplace for breach of contract. (*Id.*) Further, while Plaintiff himself is not a direct competitor of Walmart, he is currently seeking employment and may later become an employee of a competitor of Walmart. A protective order is necessary to ensure Plaintiff cannot use Walmart's confidential business materials outside of this litigation in connection with his future employment with any competitor of Walmart.

Plaintiff cannot demonstrate that either he or the public would be harmed or prejudiced by the entry of the proposed protective order. The proposed protective order applies equally to both parties and Plaintiff could utilize its provisions to protect confidential documents he produces during discovery. The proposed protective order requires any confidentiality designations by the parties to be made in good faith, and its terms would allow Plaintiff to challenge Walmart's confidentiality designations "at any time." Ideally, the protective order's dispute-related procedures should not be necessary, but regardless, the proposed protective order would allow the parties to request Court involvement in the resolution of any confidentiality designation dispute. *See* Exhibit A ¶ 7. Further, the proposed protective order provides that none of its terms "shall prejudice the right of any party to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Confidential Information." *Id.* ¶ 25. If the Court enters Walmart's proposed protective order and Plaintiff believes lesser restrictions should be placed upon the disclosure of the parties' confidential information, he would be free to petition the Court for such a change.

## CONCLUSION

Walmart requests that the Court grant this Motion for Entry of Protective Order, enter the protective order attached as **Exhibit A** or a similar protective order, and grant it such other and further relief that the Court deems just and proper.

Dated:  June 3, 2025

Respectfully submitted,

*/s/ Peter S. Wahby*
**Peter S. Wahby**
Texas Bar No. 24011171
peter.wahby@gtlaw.com
**Morgan E. Jones**
Texas Bar No. 24132301
morgan.jones@gtlaw.com
**Holmes H. Hampton**

10

                Texas Bar No. 24144019
                holmes.hampton@gtlaw.com
                **GREENBERG TRAURIG LLP**
                2200 Ross Ave., Suite 5200
                Dallas, Texas 75201
                Telephone: 214.665.3600
                Facsimile:  214.665.3601

                **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the following party via the Court's e-filing system on June 3, 2025:

Dilip Jana
800 Fairlawn Street
Allen, Texas 75002
janadilip@gmail.com

                */s/ Peter S. Wahby*
                Peter S. Wahby

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that the movant, Defendant Walmart Inc., in good faith conferred or attempted to confer with Plaintiff Dilip Jana in an effort to resolve the dispute underlying the foregoing motion without court action in compliance with Federal Rule of Civil Procedure 26.

                */s/ Morgan E. Jones*
                Morgan E. Jones