# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DILIP JANA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| | § | |
| WALMART INC., | § | |
| | § | |
| Defendant. | § | |

## DECLARATION IN SUPPORT OF
## DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER

My name is Adrian Milbourne. I am over 21 years of age, of sound mind, and capable of making this declaration. I have never been convicted of a felony or crime of moral turpitude. I have personal knowledge of the facts stated in this declaration and hereby declare that all such facts are true and correct. I could testify competently to these facts if called as a witness.

1.      I am currently the Senior Director of Safety Integration and Enablement at Walmart Inc. ("Walmart") and have been employed by Walmart for approximately 20 years. I am authorized to make this declaration on behalf of Walmart. I am familiar with and was directly involved in many of the factual circumstances underlying the above-captioned lawsuit ("Lawsuit") filed by Plaintiff Dilip Jana ("Plaintiff"). I served as Plaintiff's direct supervisor from April 2023 until his termination of employment with Walmart in October 2023.

2.      In my position at Walmart, my duties and responsibilities include coordinating with applicable Walmart departments in connection with vendor procurement, vendor contract negotiations and management, and financials and invoicing related to vendors. Specifically, I was

1

involved in the vendor selection process in 2023 underlying many of Plaintiff's allegations in this Lawsuit.

3.      Based on my position with Walmart, my experience, and my review of pertinent documents, I am competent to testify to the matters contained in this declaration.

4.      I am familiar with Walmart's standard business practices, policies, and procedures related to its vendor selection process and Walmart's standards for maintaining the confidentiality of commercially sensitive documents and employee personnel files.

5.      Many—if not all—of Walmart's vendor contracts I have reviewed and negotiated contain confidentiality clauses that prevent or prohibit the disclosure of such agreements and related confidential documents to third parties. As a concrete demonstration of the harm to Walmart if its third-party vendor contracts containing confidentiality clauses are freely disclosed, Walmart would be in breach of the confidentiality provisions—exposing Walmart to liability, monetary damages, and reputational damage in the marketplace.

6.      Walmart's records that are potentially responsive to Plaintiff's discovery requests include vendor-related documents and contracts, requests for proposal, statements of work, financial records, proofs of concept, vendor invoices, and feedback related to vendor contractual performance. These materials contain confidential and proprietary information, including pricing models, internal evaluations, strategic business data, financial information, and other proprietary information that is highly sensitive, not publicly available, and only available to certain Walmart employees.

7.      Public disclosure of Walmart's non-public cost structures, forecasting data, financial impact projections and realizations, and vendor selection criteria would cause specific, identifiable harm Walmart's future business negotiations and pricing leverage with vendors. Walmart's internal strategies related to vendor selection could be exploited by competing vendors,

2

putting Walmart at a market disadvantage by reducing or eliminating Walmart's future negotiating leverage.

8.    Walmart routinely documents and collects vendor performance metrics and vendor critiques from relevant employees. Walmart uses this feedback internally to, among other things, inform requests for proposal, contract renegotiations, and terminations. Public disclosure of records detailing vendor feedback from Walmart employees would severely impair Walmart's business relationships with vendors and expose Walmart to reputational and financial harm, as negative/constructive feedback is inevitable. Public disclosure of reviews, assessments, and evaluations of vendor performance by Walmart would strain, damage, or destroy Walmart's business relationships with existing and prior vendors.

9.    Disclosure of Walmart's confidential, proprietary, and trade secret vendor information sought via Plaintiff's discovery requests without adequate protective measures would cause tangible, immediate harm to Walmart's business operations, vendor relationships, and competitive standing in the marketplace.

10.    The Court's entry of a blanket protective order permitting the parties to designate defined categories of documents as confidential prior to production will protect the parties' legitimate privacy interests while also ensuring full compliance with discovery obligations. The protective order would also protect the privacy interests of nonparties, such as myself, in confidential, sensitive Walmart personnel records. Without such an order, Walmart would be forced to move for protective orders repeatedly on a document-by-document basis, imposing undue burdens on both parties and the Court.

Pursuant to 28 U.S.C, § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

3

Executed on June 3, 2025 in Bentonville, Arkansas.

Adrian Milbourne

4