# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN THE MATTER OF: § <br> § <br> DILIP JANA § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> WALMART, INC., § <br> *Defendant.* § | Civil Action No. 4:24-cv-00698-SDJ-BD <br><br>  <br> **FILED** <br> JUN 1 8 2025 <br> CLERK, U.S. DISTRICT COURT <br> TEXAS EASTERN |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S SECOND MOTION FOR PROTECTIVE ORDER (Dkt 63)

## To Honorable Bill Davis:

Plaintiff Dr. Dilip Jana respectfully submits this Opposition to Defendant Walmart Inc.'s Second Motion for Protective Order (ECF No. 63), on the following grounds: (1) the Motion violates this Court's May 1, 2025 Order (Dkt. 60); (2) it seeks relief despite the absence of any outstanding discovery requests from Plaintiff; (3) it fails to establish good cause under Federal Rule of Civil Procedure 26(c); (4) it improperly requests protection while Walmart has failed to produce a single responsive document, serve a privilege log, or comply in good faith with its discovery obligations; and (5) it relies on the June 3, 2025 sworn declaration of Adrian Milbourne, which contains material falsehoods and contradictions, thereby undermining his credibility and exposing that the Motion is not based on legitimate confidentiality concerns, but rather on a pattern of obstruction, misrepresentation, and bad-faith litigation conduct.

# I. BACKGROUND

1. On March 28, 2025, Plaintiff served Walmart with a combined Rule 33 Interrogatory and Rule 34 Request for Production. On April 28, 2025, Walmart responded with boilerplate objections and improperly conditioned the production of even non-privileged materials on the entry of a protective order—contrary to both the Federal Rules and this Court's prior instructions. On May 1, 2025, the Court denied Walmart's initial motion for protective order *sua sponte* (Dkt. 60), affirming that discovery must proceed in good faith without a blanket confidentiality shield. Plaintiff has issued no subsequent Rule 34 request since that ruling. On May 2, 2025, Plaintiff attempted to confer in good faith (see **EXHIBIT X**), notifying Defendant that its April 28 responses were incomplete and evasive, and requesting that amended sworn responses be provided by May 8, 2025.

> "response to Written Interrogatories and Production of Documents on April 28, 2025 was incomplete and/or evasive...I am trying to confer in good faith to obtain complete responses for Interrogatories, please feel free to call me if you have any questions, as always I am available any time, any day. I am requesting you to send me amended responses under oath on or before Thursday, May 8, 2025."

2. The defendant never responded. The plaintiff is in the process of seeking appropriate remedies through motion practice.

## II. Violation of Court Order (Dkt. 60) warrants DENIAL of Defendant's Motion for Protective Order

**A. Violation of Procedural Prerequisite: No Prior Exchange of Discovery Materials**

3. Court Order Dkt. 60 (Order by Hon. Judge Bill Davis, May 1, 2025) clearly states parties:

> "seeking a protective order that meets the Rule 26(c)(1) standard and complies with **Fifth Circuit precedent...Any such request should be specific**..When the Rule 26(c)(1) standard has been satisfied, a protective order **may** properly prohibit dissemination of sensitive

information to people not involved in the lawsuit *without infringing on the right of any party to the lawsuit—here, Jana and Walmart—to review documents exchanged in discovery that are relevant to a party's claim or defense.*"(emphasis added)

4. **Violation:** Courts—including the Eastern District of Texas—require that the party first identify and exchange responsive documents so that any request for protection is grounded in actual, not speculative, confidentiality concerns. Exchange first, protect second.

5. Hon. Judge Bill Davis explicitly ordered (Dkt 60) that:

    *"Any such request [for a protective order] should be specific… without infringing on the right of any party to the lawsuit—here, Jana and Walmart—to review documents exchanged in discovery that are relevant to a party's claim or defense."*

6. That means: Document exchange must happen first. Walmart **preemptively sought blanket protection**—despite producing zero documents, *without first identifying, producing, or reviewing documents with Plaintiff*—and thus **violated both the letter and spirit** of Dkt. 60 and undermines the good-faith basis required under Rule 26(c).

7. Defendant's **"stereotyped and conclusory statements"** without demonstrating "the necessity of its issuance, which contemplates a **particular and specific demonstration of fact**" In re Terra Int'l, 134 F.3d 302, 306 (**5th Cir. 1998**) and

    *"burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order; any other conclusion would turn Rule 26(c) on its head"* Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1122 (3d Cir. 1986)

8. More Supporting Case Law:

    - In re Enron Corp. Secs., Derivative & ERISA Litig., 229 F.R.D. 126, 131 (S.D. Tex. 2005):

        *"The moving party must show a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."*

- Le v. Exeter Finance Corp., 990 F.3d 410, 419 (5th Cir. 2021): Protective orders are not to be granted to avoid public scrutiny unless line-by-line justification is provided. Blanket requests unsupported by document exchange violate the rule of law and transparency principles.

**B. Lack of Specificity Required Under Rule 26(c)(1) and Dkt. 60**

9. The Court emphasized in Dkt. 60: *"meets the Rule 26(c)(1) standard and complies with __Fifth Circuit precedent__…Any such request should be **specific**"* (emphasis added)

**Violation:**

10. ***Fifth Circuit precedent*** In *Le v. Exeter Finance Corp.*, 990 F.3d 410, 419 (5th Cir. 2021), the Fifth Circuit emphatically warned against the overuse of blanket protective orders and improper sealing of judicial records, especially in routine civil litigation. The Court observed that *"the public's right of access to judicial records is a fundamental element of the rule of law,"* and expressed concern that *"increasingly, courts are sealing documents in run-of-the-mill cases where the parties simply prefer to keep things under wraps"* (emphasis added).

11. Critically, the Fifth Circuit emphasized that the duty to preserve transparency lies with the judiciary—not with the parties—because *"most litigants have no incentive to protect the public's right of access."* The Court made clear that district judges must conduct a "__case-by-case, document-by-document, line-by-line__" analysis when evaluating sealing requests and must articulate specific justifications to support any restriction on access. A failure to acknowledge the presumption in favor of public access, or to offer a detailed rationale for sealing, constitutes an abuse of discretion. *Id.* at 419.

12. In this case, the Court's May 1, 2025 Order (Dkt. 60) explicitly referenced these standards, stating that **any protective order must conform to the Fifth Circuit's *Le* precedent** ("here, Jana and Walmart - **to review documents exchanged in discovery** that are relevant to a party's claim or defense"). However, the story here is troubling: while the Court is expected to review protective designations on a document-by-document basis, Defendant—represented by three attorneys—failed to identify which documents are allegedly confidential, despite having produced no privilege log and no discovery materials whatsoever. This contradiction underscores the impropriety of Defendant's blanket request and its attempt to outsource the burden of individualized review to the Court, contrary to both Rule 26(c) and *Le*'s binding mandate.

13. This type of **blanket, speculative request** is exactly what the Court warned against. The Fifth Circuit has repeatedly held that **protective orders must be narrowly tailored and justified on a document-by-document basis.** Such defiance of a court order justifies case-dispositive sanctions. See Chilcutt v. United States, 4 F.3d 1313, 1320 (5th Cir. 1993).

## II. THERE IS NO OUTSTANDING DISCOVERY REQUEST THAT REQUIRES PROTECTION

14. Without going into the merits of Defendant's Second Motion for Protective Order, the Court should deny it entirely because there is no outstanding discovery request from Plaintiff.

After observing Walmart's responses—stating "information or documents protected by the attorney-client privilege and/or the attorney work product doctrine" without providing a privilege log—and its repeated declarations that it would only "produce non-privileged documents after the Court's entry of a protective order," Plaintiff has deliberately refrained from serving any new Interrogatories or

Requests for Production since March 28, 2025. Defendant responded to those requests on April 28, 2025—asserting only objections and withholding all documents.

15. There is no pending discovery request that necessitates Court intervention. Walmart's renewed motion appears preemptive and unmoored from any current discovery dispute. This renders the motion procedurally improper under Rule 26(c), which authorizes a protective order only in response to specific discovery requests. Courts have consistently held that protective orders must be tethered to particular, pending discovery—not asserted abstractly or preemptively.

16. Courts routinely deny protective orders where no outstanding discovery requests exist. See, e.g., Evans v. Hood, No. 3:17-CV-00015, 2018 WL 4517614, at *4 (S.D. Tex. Sept. 20, 2018); E.E.O.C. v. BDO USA, L.L.P., 876 F.3d 690, 696 (5th Cir. 2017).

17. The following case law also supports this well-settled rule:

- In re Terra International, Inc., 134 F.3d 302, 306 (5th Cir. 1998) ("Rule 26(c)'s requirement of a showing of good cause to obtain a protective order contemplates the existence of an actual, pending discovery request that allegedly imposes an undue burden or risk.")
- Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986) ("Rule 26(c) requires a showing that disclosure or discovery will result in a clearly defined and serious injury. Absent pending discovery, such showing is speculative.")
- S.E.C. v. TheStreet.com, 273 F.3d 222, 229 (2d Cir. 2001) ("The court must determine whether the protective order is necessary to protect a party from an actual harm arising from a particular discovery demand—not from speculative harm or general discomfort with disclosure.")

- Tolbert-Smith v. Bodman, 253 F.R.D. 2, 4 (D.D.C. 2008) ("A protective order is not appropriate where there is no outstanding discovery request before the Court.")

- Williams v. Bd. of Cty. Comm'rs, 192 F.R.D. 698, 702 (D. Kan. 2000) ("A party seeking a protective order bears the burden of demonstrating good cause in response to a specific discovery request. General fears are insufficient.")

## IV. Walmart's Misrepresentation of Plaintiff's Position and Failure to Confer in Good Faith Warrants Denial of Protective Order

18. On **May 1, 2025**, this Court denied Walmart's Protective Order Motion *sua sponte* (Dkt 60), recognizing that a blanket order was improper and reaffirming that parties must:

"review documents exchanged in discovery that are relevant to a party's claim or defense."

19. This denial confirmed that Walmart's proposed blanket order lacked legal or factual support. Rather than comply with that guidance, Defendant doubled down. Walmart willfully produced no documents during Initial Disclosures, produced no documents in response to Plaintiff's Request for Production, and conditioned disclosure of even non-privileged materials upon entry of a protective order (Dkt. 62). It also produced no privilege log and asserted under oath that it would withhold responsive evidence until the "pre-trial" phase. These facts render Walmart's renewed motion legally frivolous under the express terms of this Court's prior Order (Dkt. 60).

20. Facing the impossibility of justifying a new motion under those circumstances, Walmart invented a false pretext on May 2, 2025—the day after the Court's denial—by falsely accusing Plaintiff of demanding that all confidential documents be made public. This allegation is wholly unsupported by

the record and mischaracterizes Plaintiff's consistent objections to Walmart's overreach. In written correspondence, Walmart claimed [**EXHIBIT 1, Dkt 62**]:

> "Walmart seeks entry of a protective order because … you have indicated you want all documents produced during discovery to be publicly available."

21. This is patently false. Plaintiff has never made any such demand. Instead, Plaintiff has consistently objected to Walmart's failure to justify confidentiality designations, especially in light of the public interest in exposing fraud and retaliation. As Plaintiff stated on May 2, 2025 [**EXHIBIT 1, Dkt 62**]:

> "Nowhere in those documents one can find that statement… Your statement is a misrepresentation of facts and is in bad faith… Before you bring any discussion about [a] Protective Order, please respond to my question concisely as you are manipulating facts."

22. After remaining silent for nearly a month, Walmart filed its Second Motion for Protective Order without further conferral and attached an outdated email dated April 2, 2025 to support its pretextual narrative.

23. Moreover, Walmart previously persuaded this Court to strike Plaintiff's Response in Opposition to its first Motion for Protective Order (Dkt. 59) by falsely asserting it was "untimely," depriving this pro se Plaintiff of a meaningful opportunity to be heard. At the same time, Walmart refused to produce mandatory initial disclosures, failed to produce a privilege log, and stonewalled discovery—demonstrating a calculated effort to gain unfair advantage through procedural manipulation, in violation of the fair play principles set forth in *McKnight v. General Motors Corp.*, 511 U.S. 659, 660 (1994), and *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 76 (5th Cir. 2011).

24. This is not a mere misunderstanding. Walmart's knowingly false characterization of Plaintiff's discovery position—used to bolster its Motion for Protective Order and discredit Plaintiff—constitutes

bad-faith litigation conduct. As the Fifth Circuit held in Crowe v. Smith, 151 F.3d 217, 236 (5th Cir. 1998), misrepresentation of material facts to the Court is sanctionable misconduct. Similarly, in Chaves v. M/V Medina Star, 47 F.3d 153, 156 (5th Cir. 1995), the Fifth Circuit affirmed sanctions where a party "repeatedly and knowingly misled both opposing counsel and the court." Knowingly making a false procedural representation to the Court in order to suppress an opposing argument constitutes bad faith. As the Fifth Circuit held in **Crowe v. Smith**, 151 F.3d 217, 236 (5th Cir. 1998), misrepresentation of material facts to the Court is sanctionable misconduct. Similarly, in **Chaves v. M/V Medina Star**, 47 F.3d 153, 156 (5th Cir. 1995), the court affirmed sanctions where a party "repeatedly and knowingly misled both opposing counsel and the court."

**V. Rule 26(b)(5)(A) Requires More Than Blanket Assertions—Walmart's Privilege Claims Must Be Deemed Waived and Cannot Justify Renewed Protective Order**

25. Defendant Walmart has repeatedly invoked blanket assertions of attorney-client privilege and the work product doctrine in both its Rule 34 responses to Plaintiff's document requests (Dkt. 62, EXHIBIT 2) and its Rule 33 interrogatory responses (EXHIBIT A). Specifically, Walmart asserted that various materials were: "Protected by attorney-client privilege and/or the attorney work product doctrine" (Dkt. 62, EXHIBIT 2); "Protected by the attorney/client and work product privileges"; and Contained "attorney-client communications, attorney work product, and other privileged information" (Rule 33 Responses).

26. Despite these sweeping assertions, Walmart has failed to produce any privilege log as required by Federal Rule of Civil Procedure 26(b)(5)(A), which mandates that:

"When a party withholds information otherwise discoverable by claiming that the information is privileged... the party must: (i) expressly make the claim; and (ii) describe the nature of the documents... in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

27. Walmart's failure to provide a log violates this rule and renders its privilege assertions procedurally and substantively deficient. Courts in the Fifth Circuit have consistently held that the failure to provide a privilege log waives the privilege. See: *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) ("A party asserting a privilege must establish it by a clear showing... and failure to produce a privilege log or to identify specific documents and reasons for withholding them results in waiver."); *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014) ("Generalized objections asserting attorney-client privilege or the work product doctrine do not comply with Rule 26(b)(5) and are insufficient."); *Walton v. Montgomery Cty. Hosp. Dist.*, 2021 WL 5417773, at *2 (E.D. Tex. Nov. 19, 2021) (failure to serve a privilege log in support of withheld documents deemed waiver of privilege).

28. Walmart's reliance on unsupported privilege assertions—without a timely and adequate log—is a textbook violation of Rule 26(b)(5)(A) and constitutes bad-faith discovery conduct. Any withheld materials must be deemed not privileged. Accordingly, Walmart's renewed Motion for Protective Order must be denied in full.

## VI. Walmart's Failure to Make Any Initial Disclosures Disqualifies It From Seeking Protective Relief Under Rule 26(c)

29. Walmart has failed to produce a single document in its Initial Disclosures, in direct violation of **Federal Rule of Civil Procedure 26(a)(1)(A)(ii)**, which requires each party to provide "a copy—or a description by category and location—of all documents… that the disclosing party may use to support its claims or defenses." Rather than comply with this mandatory, self-executing obligation, Walmart

improperly conditioned its production on the entry of a protective order, stating: *"Walmart will produce copies of all required, **non-privileged** materials in accordance with the Court's Order Governing Proceedings [ECF No. 50] upon the Court's **entry of a protective order**."*

30. This conditional commitment violates both the **letter and spirit of Rule 26(a)**. The Rule does not permit a party to withhold discoverable information based on speculative confidentiality concerns—especially where, as here, the Court has already denied Walmart's blanket protective order **sua sponte** on May 1, 2025 (Dkt. 60), and made clear that discovery is to proceed in good faith. Walmart's refusal to disclose responsive materials not only obstructs discovery but also **prejudices Plaintiff's ability to prepare his case**, particularly as a pro se litigant.

31. Moreover, Walmart's failure renders it **ineligible to rely on such documents at trial or in dispositive motions** under **Rule 37(c)(1)**. See *O'Neal v. Cazares*, No. 3:20-CV-1963-D, 2021 WL 4243390, at *3 (N.D. Tex. Sept. 17, 2021) ("A party that fails to comply with Rule 26(a) is not allowed to use the information at trial unless the failure was substantially justified or harmless."). This conduct is part of a broader pattern of bad-faith discovery obstruction and justifies sanctions.

### VII. Adrian Milbourne's Impeachment Renders Walmart's Protective Order Motion Factually and Legally Defective

32. Plaintiff submits two **Sworn Affidavits of Impeachment of Adrian Milbourne**, attached hereto as **EXHIBIT A and EXHIBIT B**, which exposes material falsehoods and contradictions in Mr. Milbourne's June 3, 2025 sworn declaration (Dkt. 63-5), submitted in support of Defendant's Second Motion for Protective Order. As detailed in EXHIBIT A, Mr. Milbourne's declaration misrepresents both the procurement process for the "Defect Engine" project and the **alleged confidentiality of**

**internal feedback regarding vendor Infogain**. Contrary to Walmart's evasive and boilerplate objections to Interrogatory No. 17, Mr. Milbourne personally reviewed Infogain's bid, was directly involved in vendor selection, and knowingly advanced Infogain's candidacy despite material misrepresentations. Documentary and audio evidence submitted as EXHIBITS V-2, V-6 confirm that Mr. Milbourne was aware of the fraudulent inflation of Infogain's bid, and yet Walmart withheld this information in its April 28, 2025 response to Interrogatory No. 17. Similarly, Walmart's refusal to answer Interrogatory No. 21—concerning employee feedback Mr. Milbourne himself solicited and read aloud in a meeting—was grounded in fabricated claims of vagueness and confidentiality. As EXHIBIT A demonstrates, Mr. Milbourne disclosed the contents of that feedback verbatim, casually and without protective markings, during an September 13, 2023 meeting with Plaintiff and another Walmart employee. Walmart's reliance on Mr. Milbourne's declaration to assert the need for a protective order is thus factually indefensible and legally improper. The sworn affidavit and accompanying exhibits establish that Mr. Milbourne's statements are not credible and that Walmart's Motion is rooted not in legitimate confidentiality concerns but in a pattern of obstruction, misrepresentation, and bad-faith litigation conduct. The Court should strike or disregard the declaration of Adrian Milbourne submitted in support of Defendant's Second Motion for Protective Order in its entirety. In the alternative, the Court should assign no evidentiary weight to the declaration on the basis of Rule 602, Rule 26(g), and Milbourne's lack of credibility in light of contradictory certified discovery responses.

**VIII. Confidential Whistleblower Reporting Does Not Justify Protective Order**

33. To support its Second Motion for Protective Order, Walmart argues that "Plaintiff's Claims and Walmart's Defenses Implicate Confidential Documents," and specifically references an August 8, 2023

email in which Plaintiff reported suspected fraud to a Walmart supervisor, Allie Hazelwood. Walmart claims this email supports its position because Plaintiff requested, "Please keep this email as confidential[.]" However, Walmart fundamentally mischaracterizes the nature of Plaintiff's confidentiality request. Plaintiff's statement referred to the confidential process of internal whistleblowing—not the substance of the underlying allegations. Indeed, Walmart's own Code of Conduct explicitly encourages confidential and even anonymous reporting of ethical concerns: "All reports to Ethics & Compliance are treated as confidentially as possible… you can make anonymous reports to the Ethics Helpline to the extent allowed by law." (**EXHIBIT Y**) Accordingly, Walmart's attempt to equate confidential reporting with a right to shield evidence of alleged misconduct from discovery is both factually and legally baseless.

34. Moreover, Plaintiff objects to Walmart's reference to this August 8, 2023 email because Walmart failed to disclose or produce this document in its Initial Disclosures, in violation of Federal Rule of Civil Procedure 26(a)(1)(A)(ii). Walmart has produced zero documents and no privilege log. It cannot now rely on undisclosed materials unless it demonstrates that such omission was both substantially justified and harmless. See Fed. R. Civ. P. 37(c)(1). Additionally, Walmart may not introduce or rely upon documents that were produced solely by Plaintiff. This improper reliance further illustrates Defendant's bad faith and undermines the credibility of its Motion for Protective Order.

## IX. Walmart's Refusal to Verify Altered Evidence Exposes Bad-Faith Discovery Tactics and Undermines Public Accountability

35. As an example of Defendant's discovery abuse, Plaintiff respectfully submits that Walmart's evasive and bad-faith refusal to answer **Interrogatory No. 2** has caused substantial and irreparable prejudice to Plaintiff's ability to prosecute this action (**EXHIBIT X**). That interrogatory sought a

simple admission or denial: whether the document Walmart submitted on June 14, 2024 (**Complaint, Dkt. 13, EXHIBIT 2**) was an altered version of the redacted document previously submitted to OSHA on February 21, 2024 (**Complaint, Dkt. 13, EXHIBIT 1**). Notably, **EXHIBIT 1** is the only document Walmart produced during more than 500 days of litigation and administrative proceedings.

36. This exhibit—showing internal communications among HR, management, and Walmart Ethics—appears crafted to support Walmart's legal defense that it would have terminated Plaintiff even absent his whistleblowing activity, thereby avoiding liability under the **clear and convincing evidence standard** of **49 U.S.C. § 42121(b)(2)(B)(iv)** (the burden-shifting framework under SOX and CAARA).

37. Yet, in its December 19, 2024 briefing on its Motion to Dismiss (**Dkt. 30, Page 11, PageID 590**), Walmart represented to this Court—without a sworn declaration—that *"Walmart did not 'alter' evidence—it produced an unredacted version of a document."* When Plaintiff later served **Interrogatory No. 2** requesting sworn confirmation of this very claim, **_Walmart refused to answer under oath_**. This refusal directly undermines Plaintiff's ability to impeach Walmart's credibility, validate document authenticity, and expose material inconsistencies between Walmart's prior litigation representations and its current discovery conduct.

38. Allowing Walmart to obtain a blanket protective order under these circumstances would only further shield its alleged alteration of key evidence from judicial and public scrutiny. This would severely prejudice Plaintiff's ability to demonstrate retaliatory motive and document tampering—issues at the heart of this whistleblower retaliation case.

1. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dr. Dilip Jana respectfully requests that the Court enter an order:

1. **DENYING** Defendant Walmart Inc.'s Second Motion for Protective Order in its entirety;

2. **STRIKING** or disregarding the June 3, 2025 Declaration of Adrian Milbourne (Dkt. 63-5) as unreliable and impeached, based on Plaintiff's sworn affidavits and documentary evidence contradicting Mr. Milbourne's statements;

3. **PRECLUDING** Walmart from relying on any documents it failed to disclose in its Initial Disclosures as required by Rule 26(a)(1)(A)(ii), unless it can show that the failure was substantially justified or harmless under Rule 37(c)(1);

4. **DEEMING WAIVED** any claim of privilege or work product protection as to materials withheld without a timely and proper privilege log under Rule 26(b)(5)(A);

Respectfully Submitted,

*/s/ Dilip Kumar Jana*
DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: jana.dilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

06-18-25

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| DILIP JANA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| | § | |
| WALMART INC., | § | |
| | § | |
| Defendant. | § | |

## CERTIFICATE OF SERVICE FOR PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER (Dkt 63)

On June 18, 2025, a true and correct copy of the **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER (Dkt 63)** was served upon to the following through the Court's CM/ECF system:

| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
|---|---|---|
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.

Dated: June 18, 2025

Respectfully Submitted

*/s/ Dilip Kumar Jana*

Dilip Jana, pro se Plaintiff
Tel: 318-243-9743
EMail: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002