# EXHIBIT B

Case 4:24-cv-00698-SDJ-BD   Document 64-6   Filed 06/18/25   Page 1 of 9 PageID #: 974

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN THE MATTER OF: § § | |
| DILIP JANA § *Plaintiff,* § § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| v. § § | |
| WALMART, INC., § *Defendant.* § | |

## AFFIDAVIT OF IMPEACHMENT OF ADRIAN MILBOURNE

I, Dr. Dilip Jana, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am the Plaintiff in the above-captioned matter. I submit this sworn affidavit to impeach the credibility and admissibility of Adrian Milbourne's June 3, 2025 declaration submitted by Defendant Walmart Inc. in support of its Motion for Protective Order. This Affidavit addresses Defendant Walmart's discovery misconduct and provides impeachment of Adrian Milbourne's June 3, 2025 sworn declaration. Plaintiff respectfully seeks that Adrian Milbourne be disqualified as a fact witness for the remainder of this litigation.

### I. OVERVIEW OF INTERROGATORY NO. 17

2. On March 28, 2025, Plaintiff served Interrogatory No. 17 seeking:

(i) A list of all competing vendors for the "Defect Engine" Request for Proposal (RFP) between January and April 2023;

(ii) The vendor evaluation criteria used to select the finalist;

(iii) The initial bid amounts (in dollars) submitted by competing vendors.

3. On April 28, 2025, Walmart served boilerplate objections and refused to answer, asserting that:

- Plaintiff exceeded the interrogatory limit;
- The request lacked specificity and context;
- The phrase "vendor evaluation criteria" was "vague, confusing, and ambiguous";
- The information sought was "not relevant" and "disproportionate."

## II. SUMMARY OF ADRIAN MILBOURNE'S JUNE 3, 2025 DECLARATION

4. On June 3, 2025, Adrian Milbourne submitted a sworn declaration (Dkt. 63-5) under penalty of perjury in support of Walmart's Motion for Protective Order, stating:

> "I am authorized to make this declaration on behalf of Walmart. I am familiar with and was directly involved in many of the factual circumstances underlying the above-captioned lawsuit... I served as Plaintiff's direct supervisor from April 2023 until his termination... in October 2023."

> "Specifically, I was involved in the vendor selection process in 2023 underlying many of Plaintiff's allegations in this Lawsuit."

> "I am familiar with Walmart's standard business practices, policies, and procedures related to its vendor selection process..."

5. Despite these admissions of direct involvement and personal knowledge, Walmart refused to answer Interrogatory No. 17, which is central to Plaintiff's CAARA and SOX claim and continued to object on the basis that the procurement process and vendor selection criteria were "irrelevant."

## III. IMPEACHMENT EVIDENCE CONTRADICTING MILBOURNE'S DECLARATION

6. Plaintiff submits the following Exhibits as direct impeachment of Milbourne's credibility and Walmart's interrogatory objections:

- EXHIBIT V-1: Screenshot of March 28, 2023 Zoom presentation from Deloitte and Google, attended by Adrian Milbourne and Plaintiff.
- EXHIBIT V-2: Screenshot of March 28, 2023 Infogain vendor presentation.
- EXHIBIT V-4: Screenshot of April 3, 2023 Zoom "Vendor Breakout" session showing selection criteria including "Data Source Integration," "Store Level and Item Level Detail," "Prioritization," and more—presented by Adrian Milbourne and Kamil Bay, with Adrian visibly participating from Walmart's HO-1FL conference room.
- EXHIBIT V-5: Kamil Bay's recommendation for two finalists: Infogain and Deloitte.
- EXHIBIT V-6 and V-7: Infogain's bid amount, showing that the information sought in Interrogatory No. 17 was readily available and not confidential.

7. Milbourne's declaration claims familiarity with Walmart's vendor processes and direct involvement in the selection process, yet Walmart simultaneously claimed in court discovery that the subject matter of Interrogatory No. 17 was vague, ambiguous, and irrelevant—an internally contradictory litigation position.

**PLAINTIFF'S AFFIDAVIT OF IMPEACHMENT OF ADRIAN MILBOURNE**        Page **3** of **6**
*Jana v. Walmart, Inc.*

## IV. MISREPRESENTATION OF CONFIDENTIALITY CLAIMS

12. **Milbourne's declaration claimed that vendor selection documents and criteria were confidential.** However:

- EXHIBIT V-4 and V-5 clearly demonstrate that the vendor evaluation process used standardized metrics openly discussed by Walmart employees.

    EXHIBIT V-4**: Vendor Evaluation Process Led by Adrian Milbourne

    - This screenshot captures a Zoom video presentation on April 3, 2023, titled "Vendor Breakout" attended by Adrian Milbourne, Kamil Bay, Plaintiff, and Souparno Chakraborty.
    - The presentation displayed explicit evaluation categories including:
        - "Data Source Integration"
        - "Store Level and Item Level Detail"
        - "Prioritization"
        - "Root Cause Analysis"
        - "Concept Comprehension and Strategy"

- These categories are standard technical benchmarks used in any vendor POC evaluation— **not proprietary or confidential business strategies.**

- Milbourne and Bay were both visible on the shared screen, conducting the review from Walmart's home office, directly contradicting Milbourne's sworn statement that the vendor selection criteria were protected by confidentiality.

---

**PLAINTIFF'S AFFIDAVIT OF IMPEACHMENT OF ADRIAN MILBOURNE**          Page 4 of 6
*Jana v. Walmart, Inc.*

- The vendor evaluation criteria were never treated as confidential and were communicated in internal meetings attended by Milbourne.

- Milbourne's declaration exaggerated confidentiality concerns to shield discoverable facts from Plaintiff.

- Furthermore, Walmart's own junior counsel, Morgan Jones, responded to my June 9, 2025 clarification letter (regarding the integrity of Walmart's Rule 26(g) certification) by claiming that:

  "Walmart objected to your Interrogatories on multiple grounds, and, in light of its objections, did not substantively answer them."

  And:

  "The fact that Walmart submitted Mr. Milbourne's declaration in connection with its renewed Motion for Protective Order has no relation to the objections that Walmart served in response to your Interrogatories."

13. These statements directly conflict with Mr. Milbourne's own declaration, which concedes his personal knowledge and central involvement in the subject matter of Interrogatory No. 17. They also fail to explain why Walmart would simultaneously disclaim the ability to answer discovery on the grounds of irrelevance or vagueness while submitting a declaration on the same factual topics.

14. On June 9, 2025, I sent a Rule 26(g) and 37(d) Clarification Letter to Peter Wahby, the lead counsel who signed Walmart's April 28 responses. He never responded. Instead, Morgan Jones, a junior associate, replied in his place. This substitution itself raises serious legal and ethical concerns regarding compliance with Rule 26(g), which requires certification by the signing attorney—here, Mr. Wahby.

15. In sum, Walmart and Mr. Milbourne cannot simultaneously claim (a) that the vendor selection

**PLAINTIFF'S AFFIDAVIT OF IMPEACHMENT OF ADRIAN MILBOURNE**　　　　Page **5** of 6
*Jana v. Walmart, Inc.*

process is too vague or irrelevant to answer in Interrogatory No. 17, and (b) that Mr. Milbourne is competent to testify under oath about the very same facts in a sworn declaration. This contradiction undermines the credibility of both Mr. Milbourne's declaration and Walmart's objections and support sanctions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18th day of June, 2025, in Allen, TX.

Dated: June 18, 2025

Respectfully Submitted,

_____
DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN THE MATTER OF:<br><br>DILIP JANA<br>　*Plaintiff,*<br><br>v.<br><br>WALMART, INC.,<br>　*Defendant.* | §§§§§§§§§<br><br>Civil Action No. 4:24-cv-00698-SDJ-BD |

---

### AFFIDAVIT TO AUTHENTICATE EXHIBIT V-1, V-2, V-4, V-5, V-6, V-7

---

Pursuant to 28 U.S.C. § 1746, I, Dr. Dilip Jana, hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief:

1. I am the Plaintiff in the above-captioned case. I make this declaration based on my personal knowledge.

2. Interrogatory No. 17 sought factual information regarding the vendor selection process for the 'Defect Engine' Request for Proposal (RFP), including the identities of competing vendors, evaluation criteria, and initial bid amounts submitted by the vendors.

3. The following exhibits are true and correct copies of documents and recordings in my possession or to which I had direct access during my employment at Walmart Inc. They serve to authenticate factual

---

details responsive to Interrogatory No. 17 and contradict Walmart's objections that the Interrogatory lacked context or was not relevant.

- EXHIBIT V-1: Original Zoom video presentation by Deloitte/Google team on March 28, 2023.
- EXHIBIT V-2: Original Zoom video presentation by Infogain team on March 28, 2023.
- EXHIBIT V-4: Zoom video presentation for 'Vendor Breakout' led by Adrian Milbourne and Kamil Bay on April 3, 2023.
- EXHIBIT V-5: Email from Kamil Bay with vendor evaluation and recommendation scores.
- EXHIBIT V-6: Document showing Infogain's BID amounts.
- EXHIBIT V-7: Follow-up documentation confirming Infogain's bid pricing and team proposal.

4. These exhibits are submitted under penalty of perjury as part of my evidentiary rebuttal and impeachment of Adrian Milbourne's Declaration and Plaintiff's forthcoming Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18th day of June, 2025, in Allen, Texas.

Dated: June 18, 2025

Respectfully Submitted,

_____
DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002