IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DILIP JANA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| | § | |
| WALMART INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
SECOND MOTION FOR ENTRY OF PROTECTIVE ORDER**

Defendant Walmart Inc. ("Walmart") hereby files this Reply in support of its Second Motion for Entry of Protective Order (the "Motion") (Dkt. 63) and in response to Plaintiff Dilip Jana's ("Plaintiff") Response in Opposition to the Motion ("Response") (Dkt. 64). As an initial matter, Walmart respectfully submits that Plaintiff seems to have misinterpreted the Court's Order entered May 1, 2025 (Dkt. 60). Walmart would not have filed the renewed Motion had it believed such an action would contravene or violate any order of the Court.

**A. Good Cause Justifies Entry of a Blanket Protective Order.**

Plaintiff's Response largely fails to address the central arguments in the Motion and relies on certain seemingly nonexistent cases. *See e.g.,* Dkt. 64, ¶ 16 (citing *Evans v. Hood*, No. 3:17-CV-00015, 2018 WL 4517614, at *4 (S.D. Tex. Sept. 20, 2018)); ¶ 27 (citing *Walton v. Montgomery Cty. Hosp. Dist.*, 2021 WL 5417773, at *2 (E.D. Tex. Nov. 19, 2021)); ¶ 31 (citing *O'Neal v. Cazares*, No. 3:20-CV-1963-D, 2021 WL 4243390, at *3 (N.D. Tex. Sept. 17, 2021)). Additionally, numerous purported case excerpts in the Response are misquoted, only partial quotes, or not located in the cited case whatsoever. *See e.g.,* Dkt. 64, ¶¶ 8, 17, 24, 27. In response to an email from Walmart's counsel requesting correct citations, Plaintiff stated that the "citations

in question were based on legal research tools available to [him] at the time." *See* Exhibit A-4. The misquoted and nonexistent cases Plaintiff cites throughout the Response for "well-settled" legal principles should not be relied upon as any basis to deny the Motion.

The Motion and supporting declarations detail numerous specific justifications for the entry of a protective order in this case and Plaintiff does not dispute that his discovery requests seek confidential documents. Instead, Plaintiff argues that his previously served discovery requests are not "outstanding," so the Motion should be denied. However, Plaintiff has not withdrawn his discovery requests, and he has threatened to file a motion to compel related to his discovery requests on multiple occasions. This Court requires Walmart to produce the documents it "may use to support its defenses," so the alleged absence of pending discovery requests should not impact the propriety of the Motion regardless. Walmart intends to produce, among other documents, its confidential employment records and communications related to Plaintiff's termination, employment, ethics reports, and disciplinary records to support its defenses, and these sensitive documents should only be produced subject to a protective order. The exhibits Plaintiff filed in connection with the Response also reinforce the confidential nature of relevant documents. For example, Plaintiff filed Walmart's Code of Conduct related to ethics reports, which explicitly notes that "[a]ll reports to Ethics & Compliance are treated as confidentially as possible." *See* Dkt. 64-3; *see also* Dkt. 64-7 ("Confidential"), Dkt. 64-11, p. 4 (noting confidentiality).

Without a blanket protective order allowing Walmart (and Plaintiff) to designate certain documents as confidential in good faith before production, Walmart would be forced to move for numerous protective orders on a document-by-document basis during discovery. Based on Plaintiff's prior filings in this lawsuit and in the prior administrative proceedings, Walmart expects Plaintiff would vehemently oppose each of these protective orders by filing a 15-page opposition

brief, many supporting exhibits, and a sur-reply in response to each motion. This process would unnecessarily raise costs, waste Court time and resources, further delay discovery and, ultimately, the resolution of this lawsuit. Walmart does not seek entry of a protective order to commit "crimes/fraud" or to hinder Plaintiff's ability to obtain relevant materials during discovery. Instead, Walmart seeks entry of a protective order merely to ensure confidential materials are used solely during this litigation. Walmart's counsel discovered that Plaintiff seems to have started posting about this lawsuit on GoFundMe, Reddit, and potentially other sites online. *See* Exhibit A-5. Plaintiff's efforts to attract public attention to this lawsuit underscore the necessity of a protective order to prevent the dissemination of confidential discovery materials online.

### B. The Milbourne Declaration Should Not Be Stricken and Adrian Milbourne Should Not be Disqualified as a Fact Witness.

Plaintiff requests that the declaration of Adrian Milbourne (Dkt. 63-5) be stricken and that Adrian Milbourne be disqualified as a fact witness based on Plaintiff's "affidavit of impeachment" (Dkt. 64-6). Plaintiff appears to argue that the Milbourne declaration should be stricken because, in Plaintiff's view, certain sworn statements made under penalty of perjury in the Milbourne declaration are inconsistent with unsworn statements Milbourne allegedly made while Plaintiff was employed by Walmart. Plaintiff's "affidavit of impeachment" should not be a basis to strike the Milbourne declaration or disqualify Adrian Milbourne as a witness. Instead, the Court may consider both Adrian Milbourne and Plaintiff's respective sworn statements and weigh each respective witness's credibility when ruling on the Motion.

In his "affidavit of impeachment," Plaintiff also seems to claim that Walmart's responses to Plaintiff's Interrogatories are inconsistent with certain statements in the Milbourne declaration. However, Walmart did not provide substantive answers to any of Plaintiff's Interrogatories and instead raised specific objections to each of them, so the Milbourne declaration could not be

inconsistent with Walmart's responses to the Interrogatories. Walmart's counsel has informed Plaintiff that Walmart cannot substantively answer Plaintiff's Interrogatories as written and asked whether Plaintiff will serve amended Interrogatories to address Walmart's objections. Walmart's counsel has not received a response from Plaintiff or amended Interrogatories. Instead, Plaintiff seems to intend to file a motion to compel. While Plaintiff's dissatisfaction with Walmart's Interrogatory objections bears questionable relevance to the Motion, Walmart addresses Plaintiff's Interrogatories nonetheless due to Plaintiff's emphasis on them in his Response.

### C. Plaintiff's Discovery Grievances Should Not Impact the Court's Ruling.

Plaintiff devotes much of his Response—like many of his other filings—to raising seemingly unrelated discovery grievances and repeating his theories that Walmart and its current and former counsel have acted in bad faith, committed various crimes, and engaged in sanctionable misconduct. The Response contains several misrepresentations regarding the status of discovery that are worth briefly clarifying for the Court. Plaintiff repeatedly claims in his Response that Walmart has not produced any documents or served mandatory initial disclosures. *See e.g.,* Dkt. 64, ¶ 12 (Walmart has "produced [] no discovery materials whatsoever"), ¶ 14 (Walmart has "withh[eld] all documents"), ¶ 19 ("Walmart willfully produced no documents"), ¶ 23 ("Walmart refused to produce mandatory initial disclosures"), ¶ 34 ("Walmart has produced zero documents"). These statements are incorrect. Walmart timely served its initial disclosures on Plaintiff via email on April 7, 2025. *See* Exhibit A-1. Plaintiff clearly received this email as he responded to it with his own initial disclosures. *Id.* On June 9, 2025, Walmart served non-confidential documents on Plaintiff via email. *See* Exhibit A-2. Plaintiff clearly received this email, as he responded to it the next day with a letter "objecting" to Walmart's production and declining to download the documents. *Id.* After reviewing Plaintiff's Response, Walmart's counsel reminded

**DEFENDANT'S REPLY IN SUPPORT OF ITS
SECOND MOTION FOR ENTRY OF PROTECTIVE ORDER**     4

Plaintiff via email that Walmart *had* served initial disclosures and produced documents in this lawsuit. *See* Exhibit A-3. Plaintiff has not responded to this email or clarified the misstatements in his Response. *Id.* Walmart is preparing a privilege log and will serve it on Plaintiff as soon as it is complete.

### D. Plaintiff's Sanctions Request is Unwarranted.

Plaintiff's request that the Court impose sanctions against Walmart wholly lacks merit. Over the course of this case, Walmart has attempted to appease Plaintiff's seemingly changing and contradictory demands. Walmart's counsel is mindful of Plaintiff's pro se status and will continue to make good faith efforts to cooperate with him and, to the extent possible, resolve disputes without Court involvement.

## CONCLUSION

Walmart requests that the Court grant its Second Motion for Entry of Protective Order (Dkt. 63) in its entirety, enter Judge Jordan's standard protective order (or a similar blanket protective order), and grant it such other and further relief that the Court deems just and proper.

Dated: June 25, 2025

Respectfully submitted,

*/s/ Peter S. Wahby*
**Peter S. Wahby**
Texas Bar No. 24011171
peter.wahby@gtlaw.com
**Morgan E. Jones**
Texas Bar No. 24132301
morgan.jones@gtlaw.com
**Holmes H. Hampton**
Texas Bar No. 24144019
holmes.hampton@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Ave., Suite 5200
Dallas, Texas 75201
Telephone: 214.665.3600

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served upon all parties of record via the Court's e-filing system on June 25, 2025.

                                              */s/ Peter S. Wahby*
                                                Peter S. Wahby