# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **DILIP JANA** § | |
| § | |
| v.  § | NO. 4:24-CV-00698-SDJ-BD |
| § | |
| **WALMART, INC.** § | |

## MEMORANDUM OPINION AND ORDER

Defendant Walmart, Inc., filed a second motion for a protective order. Dkt. 63; *see* Dkts. 64 (response), 65 (reply). The motion will be granted.

Under Federal Rule of Civil Procedure 26(c)(1), a district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The movant bears the burden of showing that a protective order is necessary, 'which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998)). The district court has broad discretion in determining whether to grant a motion for a protective order because it is "in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985) (noting that, although "[t]he federal rules do not themselves limit the use of discovered documents or information," Rule 26(c) "afford[s] district courts the ability to impose limits" and that "the district court can exercise its sound discretion to restrict what materials are obtainable, how they can be obtained, and what use can be made of them once obtained" so long as "the party from whom discovery is sought shows 'good cause'").

Walmart identifies several interrogatories and requests for production served by Jana that seek confidential information about its employees. Dkt. 63. It claims that revealing that information could hurt those employees' job prospects and Walmart's reputation for keeping such information confidential. It adds that Jana also seeks information about its relationship with a vendor that, if

revealed, could expose Walmart to liability and reputational harm for breaching the confidentiality provision of a contract.

In response, Jana faults Walmart for allegedly (1) violating a previous court order, (2) filing its motion absent pending discovery requests, (3) failing to establish good cause for a protective order, (4) failing to comply with its discovery obligations, and (5) relying on the declaration of Adrian Milbourne. Dkt. 64. Each of those assertions fails.

*First*, Jana misunderstands the court's order. The part of it he cites illustrated the difference between a document being labeled "confidential" and a document being deemed undiscoverable. If a document is marked as confidential pursuant to the proposed protective order, that does not mean that Walmart may withhold it from Jana in discovery. It instead means that, once Jana has the document, he may not, for example, post it online or give it to reporters. The protective order Walmart seeks would protect against that type of disclosure, but Jana would still be able to obtain confidential documents in discovery for use in this case.

*Second*, Jana's argument that he has no pending discovery requests and that Walmart has not served its initial disclosures or a privilege log is not well taken. Jana served Walmart with discovery requests, *see* Dkt. 63-3, and Walmart served its initial disclosures, *see* Dkt. 65-2 at 2. And although Walmart has yet to serve its privilege log, it is in the process of doing so. *See* Dkt. 65 at 5.

*Third*, Jana argues that Walmart failed to show good cause because it did not satisfy the Fifth Circuit's standard for sealing. *See Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417–21 (5th Cir. 2021). But Walmart does not presently seek to seal any documents, so that standard does not apply at this point.

*Fourth*, even if Wal-Mart's discovery responses are incomplete, *see* Dkt. 64-2 at 2, that does not mean that the court should not issue a protective order. Jana may continue to pursue complete responses to his discovery requests.

*Fifth*, Jana attempts to discredit the declaration of Adrian Milbourne by submitting his own affidavits, and he asks the court to strike Milbourne's declaration. The court considered Jana's statements when weighing Milbourne's credibility.

Jana is cautioned to take care when making representations to the court. *See* Fed. R. Civ. P. 11. Several of the cases he cited do not exist or were inaccurately quoted. *See, e.g.*, Dkt. 64 at 6–7 (purporting to cite "*Evans v. Hood*, No. 3:17-CV-00015, 2018 WL 4517614, at *4 (S.D. Tex. Sept. 20, 2018)," which does not appear to exist, and *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008), which does not contain the language that Jana attributed to it). "An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system." *Ford v. Bank of N.Y. Mellon*, No. 24-50053, 2025 WL 1008537, at *1 n.1 (5th Cir. Apr. 4, 2025) (quoting *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024)). And "[b]ecause fake citations waste both the Court's and the opposing party's time and resources, the imposition of sanctions against parties who submit fake citations is also not uncommon." *Willis v. U.S. Bank Nat'l Ass'n*, No. 3:25-CV-516-BN, 2025 WL 1408897, at *3 (N.D. Tex. May 15, 2025) (cleaned up).

Additionally, both parties are advised that, to the extent they assert or challenge discovery objections, *CHU de Quebec - Universite Laval v. DreamScape Development Group Holdings, Inc.*, No. 4:21-CV-00182-SDJ, 2022 WL 1719405 (E.D. Tex. May 27, 2022), should guide their efforts to resolve those disputes without the need for judicial intervention.

It is **ORDERED** that the motion for a protective order, Dkt. 63, is **GRANTED**. The protective order will issue separately.

So **ORDERED** and **SIGNED** this 27th day of June, 2025.

_____
Bill Davis
United States Magistrate Judge

3