# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | § | |
| | § | |
| DILIP JANA | § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| WALMART, INC., | § | |
| *Defendant.* | § | |

**PLAINTIFF'S NOTICE OF DEMAND FOR CLARIFICATION REGARDING PRIVILEGE ASSERTION**

Pro Se Plaintiff Dr. Dilip Jana files this Notice to inform the Court that on June 30, 2025, Plaintiff served a Demand for Clarification on Defendant Walmart Inc. regarding Walmart's assertion of attorney-client privilege and/or work product protection over EXHIBIT 2 (Complaint, Dkt. 13, PageID# 299), which Walmart has previously referred to as the "unredacted version" of EXHIBIT 1(Complaint, Dkt. 13, PageID# 298).

This demand was made pursuant to Federal Rules of Civil Procedure 26(b)(5)(A), 26(g), and 37(a)(1) as part of Plaintiff's good-faith efforts to resolve this discovery dispute without Court intervention and to preserve Plaintiff's right to seek relief under Rule 37 should Walmart fail to provide clarification or a privilege log.

Plaintiff's demand outlines the reasons why EXHIBIT 2 is neither privileged nor protected work product under controlling Fifth Circuit law and requests that Walmart either withdraw its privilege assertion or produce a privilege log compliant with Rule 26(b)(5)(A). The demand requests that Walmart's response be certified under Rule 26(g) by Walmart's lead counsel, Peter Wahby, who signed Walmart's discovery responses on April 28, 2025.

A true and correct copy of Plaintiff's Demand for Clarification letter is attached as **Exhibit A** to this Notice.

Plaintiff files this Notice to preserve the record of Plaintiff's efforts to confer in good faith under Rule 37(a)(1) prior to seeking an order compelling production or other relief from the Court.

Dated: June 30, 2025

Respectfully Submitted,

*Dilip Kumar Jana*
DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On June 30, 2025, a true and correct copy of the foregoing was served upon the following through the

Court's CM/ECF system:

| | | |
|---|---|---|
| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.

Dated: June 30, 2025

Respectfully Submitted

*/s/ Dilip Kumar Jana*

Dilip Jana, pro se Plaintiff
Tel: 318-243-9743
EMail: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

# EXHIBIT A

6/30/25, 11:41 AM  Gmail - Case 4:24-cv-00698-SDJ-BD: Rule 26(b)(5)(A) and Rule 26(g) Clarification Request: EXHIBIT 2 (Dkt 13) Privilege Assertion

Case 4:24-cv-00698-SDJ-BD    Document 68    Filed 06/30/25    Page 5 of 8 PageID #: 1054



Dilip Jana <janadilip@gmail.com>

# Case 4:24-cv-00698-SDJ-BD: Rule 26(b)(5)(A) and Rule 26(g) Clarification Request: EXHIBIT 2 (Dkt 13) Privilege Assertion

1 message

**Dilip Jana** <janadilip@gmail.com>  Mon, Jun 30, 2025 at 11:31 AM
To: peter.wahby@gtlaw.com, morgan.jones@gtlaw.com, Holmes.Hampton@gtlaw.com
Cc: Dilip Jana <janadilip@gmail.com>

Dear Mr. Wahby,

I write pursuant to **Federal Rules of Civil Procedure 26(b)(5)(A), 26(g), and 37(a)(1)** to request clarification and reconsideration regarding Walmart's assertion of attorney-client privilege and/or work product protection over **EXHIBIT 2 (Complaint, Dkt. 13, PageID# 299)**, previously referenced as the "unredacted version" of EXHIBIT 1 **(Complaint, Dkt. 13, PageID# 298).**

As you are aware, Walmart initially produced a redacted version of this document to OSHA citing privilege. On February 21, 2024, Walmart attorney Mindy Sauter produced EXHIBIT 1 to OSHA investigator Noel Bernard. EXHIBIT 1 is a redacted email intended to substantiate Walmart's position that it would have terminated Plaintiff regardless of his whistleblowing activities, in line with **49 U.S.C. § 42121(b)(2)(B)(ii)** but declined to provide unredacted version to OSHA**:**

> "We understand and appreciate your request for an unredacted copy of Exhibit One. However, that email is **potentially** protected by the attorney-client privilege, and we are not able to disclose privileged portions." **(emphasis added)**

On June 14, 2024, Defendant voluntarily submitted the unredacted version of EXHIBIT 1, now identified as EXHIBIT 2 (Complaint, ECF No. 13), to the Office of Administrative Law Judges (OALJ) at the U.S. Department of Labor. Defendant further stated it would provide the attachments to EXHIBIT 2 if the OALJ entered a Protective Order (Dkt. 29, Exhibit 5, Page ID #492). The referenced footnote relates to EXHIBIT 1 (Dkt. 13, Complaint):

> "This document was marked Attorney/Client Privilege by the original author, and Walmart provided a redacted version in its original response out of an abundance of caution. We have reassessed the document and determined that it was originally marked for privilege in **good faith error**. We are attaching the unredacted version herein as an Exhibit and intend on providing the attachments subject to a protective order that will be submitted after conferring with Dr. Jana." (emphasis added)

Walmart's in-house counsel is not included as a sender or recipient on EXHIBIT 2, nor does the document explicitly request legal analysis. The email was sent to Lori Chumbler and Monica Hall and states, for example, "...added to the existing ethics case, or a separate case opened as well." Lori Chumbler is a Sr. Director of Global Ethics Intake at Walmart (not legal counsel, see below screenshot from Linkedin). Monica Hall is a Senior Manager, Global Ethics and Compliance. No recipient of the email was acting in a legal advisory capacity; recipients included business (Ridhi Mehra), compliance (Lori Chumbler and Monica Hall), and HR (Wendy Bowman). The communication was not made to seek or provide legal advice but to manage operational and compliance processes: "...added to the

6/30/25, 11:41 AM  Email - Case 4:24-cv-00698-SDJ-BD - Rule 26(b)(5)(A) and Rule 26(g) Clarification Request: EXHIBIT 2 (Dkt. 13) Privilege Assertion

Case 4:24-cv-00698-SDJ-BD    Document 68    Filed 06/30/25    Page 6 of 8 PageID #: 1055

existing ethics case, or a separate case opened as well. EXHIBIT 2 is dated October 4, 2023, prior to the retention of outside counsel, with no in-house counsel as sender or recipient. The context (termination discussions, HR decision-making, retaliation concerns) is inherently business and compliance-related, not legal advice. Although labeled "Attorney/Client Privilege," labels do not control the privilege analysis.

As you are aware, under the attorney-client privilege doctrine, the substance of communications determines privilege, not labels, and these communications are operational in nature, e.g., "We would like to discuss," and "...added to the existing ethics case, or a separate case opened as well."

Walmart is still withholding responsive documents related to Plaintiff's March 28 RFP request. **In light of the Court's approval of the Protective Order, there are no obstacles to Walmart producing responsive documents in native form.** Since I have only EXHIBIT 2 from Walmart, I am conferring using EXHIBIT 2 regarding the validity of the attorney-client privilege assertion.

Based on a review of the document's content, context, and controlling Fifth Circuit law, Plaintiff asserts that EXHIBIT 2 is neither privileged nor qualified for work product protection for the following reasons:

- The document consists of routine internal HR, management, and ethics communications regarding operational decisions, including potential disciplinary actions, not legal advice.

- No in-house or outside counsel was included in the email as sender or recipient, and the communication was not created for the primary purpose of seeking or providing legal advice.

- The document was created in the ordinary course of business before the retention of outside counsel and outside the context of litigation.

- Performance discussions and HR documentation do not qualify for work product protection unless prepared because of a credible threat of litigation, which is not evident here.

- The mere label "Attorney/Client Privilege" on the document does not establish privilege, as privilege determinations depend on substance, not labels.

Additionally, Plaintiff expressly reserves and does not waive any objection regarding the validity and potential **fraudulent** application of the "**Attorney/Client Privilege**" label on EXHIBIT 2 **(**Complaint, Dkt. 13, PageID# 299**)**. Plaintiff asserts that there is a substantial basis to believe that this label may have been applied after the document's creation in an attempt to shield non-privileged operational communications and to avoid liability in this case. Plaintiff reserves all rights to challenge the authenticity and timing of this designation in future motions for appropriate sanctions or impeachment proceedings, and further reserves the right to report this matter to the United States Attorney's Office, the Texas Bar, and the Federal Bureau of Investigation.

Accordingly, Plaintiff demands that Walmart immediately clarify its position regarding its current privilege claims over EXHIBIT 2 and all other documents responsive to Plaintiff's Requests for Production. If Walmart intends to maintain any claim of attorney-client privilege or work product protection, please produce a privilege log compliant with Rule 26(b)(5)(A), specifying:

- The nature of the privilege asserted,

- The legal basis under controlling law,

6/30/25, 11:41 AM — Gmail - Case 4:24-cv-00698-SDJ-BD, Rule 26(b)(5)(A) and Rule 26(g) Clarification Request: EXHIBIT 2 (Dkt. 13) Privilege Assertion

Case 4:24-cv-00698-SDJ-BD    Document 68    Filed 06/30/25    Page 7 of 8 PageID #: 1056

- The specific portions withheld,
- The participants involved, including names, titles, and roles,
- The date and subject matter sufficient to assess the claim.

Please provide this clarification and **any privilege log for all documents responsive to Plaintiff's First Set of Requests for Production** by 5:00 p.m. Central Time on July 7, 2025 to avoid the need for court intervention.

If Walmart does not intend to maintain its privilege assertion, please confirm in writing and clarify whether Walmart will produce EXHIBIT 1 (Complaint, Dkt. 13, PageID# 298) and any attachments in native .eml format with metadata intact for authentication and review.

**Please ensure that Walmart's clarification and any privilege log provided in response to this demand are certified under Federal Rule of Civil Procedure 26(g) by Walmart's lead counsel of record, Peter Wahby, who signed Walmart's discovery responses on April 28, 2025.**

I remain available to confer at your earliest convenience to resolve this matter efficiently.

Lori Chumbler's Linkedin Profile:



Kind regards,

Dr. Dilip Jana

800 Fairlawn St, Allen, TX, 75002

6/30/25, 11:41 AM Gmail - Case 4:24-cv-00698-SDJ-BD - Rule 26(b)(5)(A) and Rule 26(g) Clarification Request: EXHIBIT 2 (Dkt. 13) Privilege Assertion

Case 4:24-cv-00698-SDJ-BD    Document 68    Filed 06/30/25    Page 8 of 8 PageID #: 1057

Ph: 318-243-9743

EMail: janadilip@gmail.com