# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN THE MATTER OF: § | |
| § | |
| DILIP JANA § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § |  |
| WALMART, INC., § | JUL 0 1 2025 |
| *Defendant.* § | |
| | CLERK, U.S. DISTRICT COURT |
| | TEXAS EASTERN |

**PLAINTIFF'S RENEWED NOTICE OF OBJECTION TO ANY FUTURE SUPPLEMENTAL INITIAL DISCLOSURE DOCUMENT PRODUCTION BY DEFENDANT WALMART INC.**

***Pro Se*** Plaintiff Dr. Dilip Jana, proceeding pro se, respectfully files this Notice to preserve his formal objection to any future supplemental initial disclosure document production by Defendant Walmart Inc. under Federal Rule of Civil Procedure 26(a)(1)(A)(ii) and to clarify the record regarding procedural history and the Court's prior order (Dkt 66)

### I. Clarification of Record: Walmart's Initial Disclosure Failures and Resulting Prejudice

Because of the substantial prejudice Plaintiff has suffered following the Court's approval of a blanket protective order (Dkt 66), and because Walmart's purported "Initial Disclosure" was misrepresented as a basis for obtaining that protective relief, Plaintiff is compelled to clarify the record. The Court overlooked "PLAINTIFF'S DECLARATION OF DEFENDANT'S INCOMPLETE/EVASIVE

INITIAL DISCLOSURE AND PLAINTIFF'S OBJECTION TO DEFENDANT'S SUPPLEMENTAL INITIAL DISCLOSURE" (**Dkt. 62, May 5, 2025**), in which Plaintiff explicitly documented that Walmart failed to produce a single document in its April 7, 2025 Initial Disclosures and preserved Plaintiff's objection to any future supplemental disclosures.

In the interest of ensuring that the Court fulfills its obligations under Rule 1 of the Federal Rules of Civil Procedure ("to secure the just, speedy, and inexpensive determination of every action and proceeding") and to promote fair justice, Plaintiff is compelled to produce Walmart's Initial Disclosure into the record (**EXHIBIT A-1**) to assist the Court in enforcing Rule 26(a)(1)(A)(ii) and Rule 37(c)(1). This production is necessary to correct the procedural record, demonstrate Walmart's failure to comply with its mandatory disclosure obligations, and preserve Plaintiff's position that Walmart should be barred from using any documents it failed to timely disclose while simultaneously seeking protective relief to prejudice Plaintiff.

## II. Clarification of the Record Regarding Walmart's Failure to Produce Initial Disclosures

In its June 27, 2025 Order (Dkt. 66), the Court stated:

> "Walmart served its initial disclosures, see Dkt. 65-2 at 2. And although Walmart has yet to serve its privilege log, it is in the process of doing so. See Dkt. 65 at 5."

Plaintiff respectfully submits that this statement misapprehends the procedural history and Plaintiff's clear objections on the record. Walmart's April 7, 2025 "Initial Disclosures" (Dkt. 65-2) produced no documents, violating Walmart's mandatory obligations under Rule 26(a)(1)(A)(ii). Walmart's subsequent June 9, 2025 production was unlabeled, lacked Rule 26(g) certification, and was not

identified as a Supplemental Initial Disclosure, causing Plaintiff to reasonably treat it as a Rule 34 production and seek clarification. (See **EXHIBIT A-2**, Dkt 65-3).

Plaintiff specifically notified Walmart of this by sending a "Formal Objection and Clarification Request Regarding Walmart's June 9, 2025 Document Production Under Rule 34." On June 17, 2025, Walmart responded, stating that "our June 9 production was made pursuant to Walmart's Rule 26 initial disclosures." However, Plaintiff had already objected on May 5, 2025 (Dkt. 62) to any future supplemental disclosures under Rule 26(a), preserving Plaintiff's position that Walmart's failure to timely produce documents bars it from relying on them under Rule 37(c)(1).

It is impermissible for Walmart to retroactively recharacterize its June 9, 2025 production as a Supplemental Initial Disclosure while simultaneously withholding a privilege log and seeking protective relief. Despite knowing Plaintiff's clear objections, Walmart misrepresented the procedural history in its Reply, and the Court accepted this misrepresentation without affording Plaintiff an opportunity to respond, thereby depriving Plaintiff of the right to be heard and to contest these inaccuracies. This is the second time Plaintiff;s Constitutional rights have been violated in last 60 days

In its Reply (Dkt. 65), Walmart stated:

> Dkt. 64, 12 (Walmart has "produced [] no discovery materials whatsoever"), 14 (Walmart has "withh[eld] all documents"), 19 ("Walmart willfully produced no documents"), 23 ("Walmart refused to produce mandatory initial disclosures"), 34 ("Walmart has produced zero documents"). **These statements are incorrect**. Walmart timely served its initial disclosures on Plaintiff via email on April 7, 2025. See Exhibit A-1. Plaintiff clearly received this email as he responded to it with his own initial disclosures. Id. On June 9, 2025, Walmart served non-confidential documents on Plaintiff via email. See Exhibit A-2. Plaintiff clearly received this email, as he responded to it the

next day with a letter "objecting" to Walmart's production and declining to download the documents. Id. After reviewing Plaintiff's Response, Walmart's counsel reminded Plaintiff via email that Walmart had served initial disclosures and produced documents in this lawsuit. See Exhibit A-3. **Plaintiff has not responded to this email or clarified the misstatements in his Response**. Id. Walmart is preparing a privilege log and will serve it on Plaintiff as soon as it is complete. (emphasis added)

Walmart filed its Motion for Protective Order on June 3, 2025 (Dkt. 63). Prior to that filing, **the record reflects that Walmart had produced zero documents or electronically stored information (ESI)** under its Rule 26(a)(1)(A)(ii) obligations. <u>**Walmart's April 7, 2025 own Initial Disclosures (EXHIBIT A-1) confirm this failure.**</u> The Court was aware of this deficiency (see Dkt. 58, Dkt. 62, Dkt. 64), yet appears to have credited Walmart's contrary assertions. Walmart's claim in its Reply that it was "preparing a privilege log and will serve it on Plaintiff as soon as it is complete" is irrelevant to its purported June 9, 2025 Supplemental Initial Disclosure because, as of June 3, 2025, **no documents had been produced and no privilege log existed**. Under Fifth Circuit precedent, the Court should evaluate Walmart's Motion for Protective Order **based solely on the material record as it existed on June 3, 2025**. Walmart's representation to the Court that "These statements are incorrect," suggesting that Plaintiff's statements in his Response were inaccurate, is **blatantly false and materially misled the Court**, resulting in prejudice to Plaintiff by inducing the premature entry of a Protective Order without factual basis. The Court's Order therefore rests on a **misapprehension of the record**, which warrants vacatur **of the Protective Order (Dkt 66).**

Instead, the Court relied on Walmart's purported June 9, 2025 document production, referenced for the first time in Walmart's June 25, 2025 Reply, to grant the Protective Order. This reference constituted a new argument raised for the first time in reply and was accepted by the Court without

affording Plaintiff any opportunity to respond, thereby violating Plaintiff's constitutional due process rights and Local Rule CV-7(f), which states:

> *"Reply Briefs. Unless otherwise directed by the presiding judge, a party who has filed an opposed motion may serve and file a **reply brief responding to the issues raised in the response** within seven days from the date the response is served...The court need not wait for the reply or sur-reply before ruling on the motion."* (emphasis added)

While the rule permits the Court to rule without waiting for a reply, it does not authorize reliance on **new** factual assertions or arguments raised for the first time in a **Reply** without allowing the opposing party a meaningful opportunity to address them. The Fifth Circuit consistently holds that new arguments raised in a **Reply** should be disregarded or that the opposing party should be allowed to respond. Procedural due process under the Fifth Amendment requires notice and a meaningful opportunity to be heard before depriving a party of a substantial right, including the right to fair adjudication of discovery disputes. By accepting Walmart's new argument without providing Plaintiff an opportunity to rebut, the Court's Order was entered in a manner that denied Plaintiff due process and was issued on an incomplete and misleading record.

This is not the first time Defendant Walmart has successfully persuaded the Court to rely on new arguments raised for the first time in a **Reply** to prejudice the *pro se* Plaintiff without affording him an opportunity to respond. On a prior occasion, Walmart filed a **Reply** (Dkt. 59) persuading the Court Plaintiff's Response (Dkt. 58) was late, and the Court struck Plaintiff's Response in its entirety (Dkt. 60) without providing Plaintiff any opportunity to be heard. Plaintiff promptly filed a Notice (**Dkt. 61**) objecting to this unfair treatment and lack of due process. The current Protective Order (Dkt 66) proceedings repeat this exact pattern of procedural unfairness, wherein Walmart's June 25, 2025 **Reply** introduced new factual assertions and arguments (specifically referencing the purported June

9, 2025 document production) that were accepted by the Court in its June 27, 2025 Order without allowing Plaintiff any opportunity to rebut or supplement the record.

This repeated practice violates Plaintiff's due process rights under the Fifth Amendment and Local Rule CV-7(f), which contemplates fair notice and an opportunity to respond before depriving a litigant of substantive rights. The Fifth Circuit has held that a district court abuses its discretion when it relies on arguments first raised in a reply without giving the opposing party a chance to respond.

***The pattern here demonstrates systematic procedural inequity and creates an appearance of impropriety, violating Plaintiff's fundamental constitutional rights to due process. These violations warrant vacatur of the Protective Order (Dkt. 66) to preserve Plaintiff's right to fair and meaningful participation in the adjudication of discovery disputes in this matter.***

### III. Preservation of Objection

Plaintiff expressly preserves and renews his objection to any future supplemental initial disclosure production by Walmart Inc. under Rule 26(a)(1)(A)(ii) in this case. Plaintiff asserts that:

- Walmart's failure to produce documents during its Initial Disclosures without justification prejudices Plaintiff.
- Plaintiff's objection in Dkt. 62 in May 5, 2025 preserves his position under Rule 37(c)(1) to seek preclusion of any documents Walmart attempts to produce now.
- Plaintiff reserves all rights to seek further relief, including sanctions or preclusion under Rule 37, by separate motion.

## IV. Reservation of Rights

Plaintiff does not request relief in this Notice but expressly reserves all rights to seek appropriate relief by motion, including preclusion under Rule 37(c)(1), appropriate sanctions under Rule 37(d), or additional remedies under the Court's inherent authority if Walmart attempts to rely on documents it failed to timely disclose in this matter. Plaintiff respectfully further notifies the Court that he will soon file "PLAINTIFF'S MOTION TO SET ASIDE JUNE 27, 2025 ORDER BASED ON MATERIAL MISREPRESENTATION, LOCAL RULE VIOLATION, AND DUE PROCESS VIOLATION" to preserve and fully assert his rights concerning the issues detailed in this Notice. This Notice is submitted without waiver of any arguments to be presented in that forthcoming Motion.

Dated: July 1, 2025

Respectfully Submitted,

*Dilip Kum Jana*
DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On ~~June 30,~~ July 1, 2025, a true and correct copy of the foregoing was served upon the following through the Court's CM/ECF system:

| | | |
|---|---|---|
| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.

Dated: July 31, 2025

Respectfully Submitted

*[signature: Dilip Kumar Jana]*

Dilip Jana, pro se Plaintiff
Tel: 318-243-9743
EMail: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002