# EXHIBIT A-2

Dr. Dilip Jana

800 Fairlawn St, Allen, TX, 75002.
Email: janadilip@gmail.com
Ph : 318-243-9743

**Date: June 10, 2025**

VIA EMAIL: wahbyp@gtlaw.com

**Peter Wahby**
Lead Counsel for Walmart Inc.
Greenberg Traurig, LLP

2200 Ross Avenue | Suite 5200 | Dallas, TX 75201

**Subject: Formal Objection and Clarification Request Regarding Walmart's June 9, 2025 Document Production Under Rule 34**

**Jana v. Walmart Inc., Case No. 4:24-cv-00698-SDJ-BD**

Dear Mr. Wahby,

      I write in response to Walmart's June 9, 2025 document production. This letter serves as a formal objection to the untimely and improper nature of that production and a request for clarification regarding its legal basis, completeness, and consistency with Walmart's prior discovery responses and obligations under the Federal Rules of Civil Procedure.

As of April 28, 2025—thirty days after service of Plaintiff's March 28, 2025 Rule 34 Request for Production—Walmart had produced no documents, asserted generalized objections, and expressly conditioned production of non-privileged materials on entry of a protective order. The Court denied Walmart's Motion for Protective Order *sua sponte* on May 1, 2025. Plaintiff has made no subsequent Rule 34 request.

On June 9, 2025—more than two months after the production deadline—Walmart transmitted a batch of documents without any accompanying certification, cover letter, explanation, or index. This unannounced production appears to conflict with Walmart's April 28 responses and raises concerns about compliance with Rule 26(g), Rule 26(e)(1)(A), and Rule 34(b).

To avoid waiving any objections, I have not yet opened the link provided on June 9, 2025. This should not be construed as acceptance of the production's validity, timeliness, or sufficiency. My review will remain suspended pending clarification.

To establish a clear record, please provide responses to the following questions:

1

1. Were any of the documents produced on June 9, 2025 responsive to Plaintiff's March 28, 2025 Request for Production? If so, why were they not produced by April 28?

2. What legal basis does Walmart rely on to justify producing these documents on June 9, 2025, given that (a) no protective order is in place, (b) Walmart conditioned April 28 responses on such an order, and (c) no supplemental request was made?

3. Were any of the documents produced on June 9, 2025 modified, redacted, reformatted, or altered in any way prior to production? If so, please identify each such document and explain the nature of the modification and the person who modified it.

4. Did any Walmart employee or attorney alter metadata or remove content fields in anticipation of this production?

5. Was a Rule 26(g) certification served with the June 9, 2025 production? If not, please explain why.

6. Did you personally sign Walmart's April 28, 2025 response to Plaintiff's Rule 34 Request for Production under Rule 26(g)?

7. Does Walmart stand by the completeness and accuracy of its April 28, 2025 certified responses, in light of the documents now produced?

8. Please identify all documents transmitted on June 9, 2025 that Walmart contends are responsive to Plaintiff's March 28, 2025 Rule 34 Request for Production. Additionally, please identify any documents Walmart is currently withholding that are responsive to that same request.

Given the narrow and factual nature of the above inquiries and the extended delay in Defendant's compliance with its discovery obligations, I respectfully request your written response no later than 5:00 PM on Thursday, June 13, 2025. If additional time is needed, please advise by that same deadline. Failure to respond in a timely and complete manner will be noted in the record and referenced in forthcoming filings.

Plaintiff reserves the right to seek sworn clarification or formal certification under Rule 26(g) or 28 U.S.C. § 1746, if warranted by the content or adequacy of Defendant's response.

Sincerely;

*Dilip Kumar Jana*

Dr. Dilip Jana

Pro Se Plaintiff

2