# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION



IN THE MATTER OF: §
§
DILIP JANA §          Civil Action No. 4:24-cv-00698-SDJ-BD
*Plaintiff,* §
§
**v.** §
§
**WALMART, INC.,** §
*Defendant*. §

FILED

JUL 07 2025

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

---

### PLAINTIFF'S MOTION TO SET ASIDE JUNE 27, 2025 ORDER BASED ON MATERIAL MISREPRESENTATION, LOCAL RULE VIOLATION, DUE PROCESS VIOLATION AND FRAUD UPON THE COURT AND FOR SANCTIONS

---

Plaintiff Dr. Dilip Jana, pro se, respectfully moves this Court to set aside its June 27, 2025 Protective

Order (Dkt. 66) pursuant to Federal Rules of Civil Procedure 54(b), 60(b)(1), 60(b)(3), 60(b)(4), and

60(b)(6). This motion is based on the material misrepresentations made by Defendant Walmart Inc. in

its filings and representations to the Court (Dkt 65), Walmart's violations of Local Rule CV-7(f) by

raising new arguments in reply without affording Plaintiff an opportunity to respond, and the Court's

reliance on these misrepresentations in issuing Dkt. 66, resulting in violations of Plaintiff's due

process rights and constituting fraud upon the Court under controlling Fifth Circuit and Supreme

Court precedent. Plaintiff further requests that the Court impose appropriate sanctions on Defendant

under its inherent authority and Rule 11 to preserve the integrity of these proceedings, deter future

---

misconduct, and protect Plaintiff's statutory and constitutional rights in this whistleblower retaliation action.

This relief is necessary to preserve due process, protect the integrity of these proceedings, and uphold the rule of law in this whistleblower retaliation action.

# I.  JUDICIAL NOTICE

Plaintiff respectfully requests that the Court take Judicial Notice of the following material facts, which are already in the record and undisputed. Plaintiff requests judicial notice of EXHIBIT A-1 (Dkt. 70, PageID #1068-1073), Walmart's April 7, 2025 Initial Disclosure, which confirms that Walmart produced no documents, no electronically stored information (ESI), and no privilege log. Plaintiff timely brought these deficiencies to the Court's attention on multiple occasions prior to July 27, 2025 ruling, including (Dkt 62, May 5, 2025):

> "During Initial Disclosure (Rule 26(a)(1)(A)(ii)): Defendant submitted zero (0) documents, Plaintiff submitted more than 200 documents."

In Plaintiff's Response (Dkt. 64) on June 18, 2025 (¶¶29-31), Plaintiff further stated:

> "Walmart has failed to produce a single document in its Initial Disclosures, in direct violation of Federal Rule of Civil Procedure 26(a)(1)(A)(ii)."

Plaintiff further requests judicial notice of EXHIBIT 2 (Dkt. 62), Walmart's Response to Plaintiff's Request for Production ("RFP") on April 28, 2025, which substantiates that Walmart produced zero (0) documents and no privilege log while withholding responsive documents prior to filing its Motion for Protective Order (Dkt. 63) on June 3, 2025.

---

Plaintiff  request the Court judicial Notice of Local Rule CV-7(f)":

> "Reply Briefs. Unless otherwise directed by the presiding judge, a party who has filed an opposed motion may serve and file a **reply brief responding to the issues raised in the response** within seven days from the date the response is served.The court need not wait for the reply or sur-reply before ruling on the motion.." (emphasis added).

Plaintiff's Response (Dkt 64) had an unintentional error regarding a few citations which Plaintiff promptly communicated with Walmart. In particular Plaintiff wants emphasize Response (Dkt 64 ¶31) had a key element "Walmart's failure renders it ineligible to rely on such documents at trial or in dispositive motions under Rule 37(c)(1)" Walmart's violation of Rule 26 (a)(l)(A)(ii), Plaintiff's Declaration on May 2, 2025 (Dkt 62) and Plaintiff told Walmart (Dkt 65, EXHIBIT A-4, Page ID #1024)

> "the legal principles supported by those citations are well-established and are already reinforced by multiple controlling precedents in both the Fifth Circuit and the Eastern District of Texas…As an updated and more recent authority on the same issue, I have already submitted *U.S. Bank N.A. v. Lindsey*, No. 4:22-cv-03499 (S.D. Tex. 2025) in **Dkt. 62**."

Finally, Plaintiff respectfully requests that the Court take judicial notice of its own prior Order, Dkt. 60 (Order by Hon. Judge Bill Davis, May 1, 2025), which explicitly states:

> "seeking a protective order that meets the Rule 26(c)(1) standard and complies with **Fifth Circuit precedent… Any such request should be specific**… When the Rule 26(c)(1) standard has been satisfied, a protective order may properly prohibit dissemination of sensitive information to people not involved in the lawsuit **without infringing on the right of any party to the lawsuit**—here, Jana and Walmart—to **review documents exchanged in discovery that are relevant to a party's claim or defense.**" (emphasis added)

# II. INTRODUCTION

On June 3, 2025, after 5:00 PM, Walmart filed its Second Motion for Protective Order (Dkt. 63). Plaintiff timely filed his Response (Dkt. 64) on June 18, 2025, and Walmart filed its Reply (Dkt. 65) on June 25, 2025. The Court issued its Protective Order (Dkt. 66) just two days later, on June 27, 2025. However, Walmart's Reply (Dkt. 65) did not address the issues raised in Plaintiff's Response (Dkt. 64), in violation of Local Rule CV-7(f), which restricts replies to "responding to the issues raised in the response." Instead, Walmart's Reply introduced numerous new arguments and misrepresentations that misled the Court into granting protective relief without giving Plaintiff a meaningful opportunity to respond. Plaintiff's Sur-Reply was due on July 2, 2025, yet the Court ruled before this deadline, depriving Plaintiff of the right to defend against Walmart's new arguments, in violation of procedural due process. While Local Rule CV-7(f) permits the Court to rule without waiting for a reply or sur-reply, it does not permit the Court to rely on new arguments raised for the first time in a reply without affording the non-moving party an opportunity to respond warranting vacatur of Protective Order Dkt 66. Furthermore, because Walmart's Reply failed to address Plaintiff's controlling arguments while injecting improper new issues, the Court should have stricken Walmart's Reply (Dkt. 65) before ruling, and its failure to do so further supports vacatur of Dkt. 66.

# III. ARGUMENT

**A. The Court's Reliance on Walmart's Misrepresentation Regarding Initial Disclosures Violated Local Rule CV-7(f) and Plaintiff's Due Process Rights, Supporting Vacatur of Dkt. 66**

In Dkt. 66, the Court relied on Walmart's representations in Dkt. 65 when it stated: "Walmart served its initial disclosures, see Dkt. 65-2 at 2," and implicitly accepted Walmart's narrative that Plaintiff was uncooperative and failed to clarify alleged misstatements. In Dkt. 65, Walmart asserted:

> "After reviewing Plaintiff's Response, Walmart's counsel reminded Plaintiff via email that Walmart had served initial disclosures and produced documents in this lawsuit. See Exhibit A-3. Plaintiff has not responded to this email or clarified the misstatements in his Response."

The Court accepted this **NEW** representation as true without examining the procedural history demonstrating that Plaintiff had, in fact, responded with a detailed June 10, 2025 letter seeking clarification regarding the June 9, 2025 document dump as it did not say Supplemental Initial Disclosure or Rule 34 RFP (See Dkt 65-3, Page ID 1015) and Plaintiff had previously objected to any purported future supplemental initial disclosures in Dkt. 62, filed on May 5, 2025.

Walmart's argument in Dkt. 65 introduced a new factual and legal narrative, claiming that its June 9, 2025 document dump constituted part of its initial disclosures. This was never indicated in the transmission itself, which lacked any labeling as a Rule 26 supplemental initial disclosure (Dkt 65, Exhibit A-3, Page ID 1015), was unaccompanied by Rule 26(g) certification, and was transmitted without a privilege log. Internally, Walmart made clear its intent to condition production on protective order relief, stating: "We/Walmart are continuing to evaluate whether there are any other

non-confidential documents that can be produced before a protective order is entered." (Dkt. 65-3). This demonstrated that Walmart was leveraging the protective order process as a precondition for fulfilling its Rule 26(a) and Rule 34 obligations, contrary to law.

Crucially, Plaintiff's Response (Dkt. 64) did not reference or address the June 9, 2025 document dump because it lacked any clear designation as a supplemental initial disclosure. Thus, Walmart's argument was a **new argument improperly raised for the first time in its Reply**, in violation of Local Rule CV-7(f), which expressly limits replies to responding to issues raised in the response and prohibits the introduction of new factual and legal theories that deprive the non-moving party of the right to address them before the Court rules.

By accepting Walmart's misrepresentation without scrutiny, the Court ruled on purported facts that Plaintiff had no meaningful opportunity to contest, violating Plaintiff's due process rights under the Fifth Amendment. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), and *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466 (2000) establish that parties are entitled to notice and a meaningful opportunity to respond before a court takes action affecting their substantive rights. Here, the Court's reliance on Walmart's procedurally improper assertions—presented in violation of Local Rule CV-7(f)—without providing Plaintiff an opportunity to address these assertions directly impacted the Court's issuance of Dkt. 66 and imposed protective restrictions under materially incomplete and inaccurate premises.

On June 10, 2025, Plaintiff sent a formal written objection and clarification request regarding Walmart's June 9 document production, titled "Formal Objection and Clarification Request Regarding Walmart's June 9, 2025 Document Production Under Rule 34." This letter, addressed to

lead counsel Peter Wahby, outlined Plaintiff's concerns in detail, explaining that the June 9 production was improperly labeled, unaccompanied by Rule 26(g) certification, and appeared to relate to Plaintiff's pending Request for Production rather than any valid supplemental initial disclosure. Plaintiff specifically requested clarification on the procedural basis, certification, and authenticity of the June 9 production. Walmart acknowledged receipt, yet chose to respond on June 17, 2025 through junior associate Holmes Hampton, rather than the certifying attorney, violating the chain of accountability required for effective meet-and-confer compliance.

Importantly, Plaintiff had no obligation to provide further "clarifications." On May 5, 2025, Plaintiff filed Dkt. 62, explicitly objecting in writing to any future "Supplemental Initial Disclosure" by Walmart, stating: "Plaintiff respectfully OBJECTS Defendant's future Supplemental Initial Disclosure, if any, pursuant to FRCP 26(a)(1)(A)(ii)." Under Rule 26(a) and Rule 37(c)(1), once Plaintiff objected in writing, Plaintiff had no further obligation to accept, respond to, or "clarify" subsequent purported supplemental initial disclosures. The Federal Rules do not require repeated objections or clarifications once the objection is on the record when the opposing party attempts to circumvent those objections through improper or untimely productions.

**Despite these facts, Walmart falsely represented in Dkt. 65 that: "Plaintiff has not responded to this email or clarified the misstatements in his Response."** This misrepresentation omitted material facts: (1) Plaintiff's June 10 letter explicitly requested clarification, fulfilling Plaintiff's duty to confer; (2) **Plaintiff's prior objection in Dkt. 62 rendered further clarification unnecessary**; and (3) Walmart's June 17 response acknowledged receipt of Plaintiff's June 10 letter, demonstrating the falsity of Walmart's claim. **Walmart's misrepresentation misled the Court into believing that**

**Plaintiff was refusing to participate in good faith, directly influencing the Court's perception of Plaintiff's litigation conduct and undermining Plaintiff's credibility.**

The Court's reliance on Walmart's misrepresentation materially affected its issuance of Dkt. 66, resulting in protective restrictions imposed on Plaintiff without the benefit of a full and accurate record. The Fifth Amendment guarantees **due process**, requiring notice and a meaningful opportunity to respond before adverse judicial action is imposed. Plaintiff was deprived of a fair opportunity to address Walmart's misrepresentation before the Court ruled, which prevented Plaintiff from challenging Walmart's protective order request on a truthful and complete record, while Plaintiff's objections to Walmart's discovery misconduct remained unresolved.

**Fraud upon the court** occurs when a party engages in intentional conduct calculated to deceive the court and interfere with the court's ability to impartially adjudicate the matter. *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989). Walmart's false claim that Plaintiff "failed to clarify misstatements," despite knowing Plaintiff's June 10 letter was on record and in light of Plaintiff's May 2, 2025 Dkt. 62 objection, constitutes **intentional conduct designed to deceive the Court** regarding Plaintiff's litigation posture. This misrepresentation directly influenced the Court's findings regarding the appropriateness of granting protective relief, interfered with the Court's impartial adjudication of the protective order motion, and resulted in a protective order that would not have been issued had the Court been fully informed. Under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944), **fraud upon the court justifies vacatur of orders obtained through misrepresentation.**

Accordingly, Walmart's false claim that Plaintiff "failed to clarify misstatements," made knowingly while ignoring Plaintiff's formal clarification and prior objections, constitutes fraud upon the court and a due process violation that directly tainted the issuance of Dkt. 66. The Protective Order should be vacated under Rule 60(b)(3) (fraud/misrepresentation) and Rule 60(b)(4) (due process violation) to protect the integrity of the judicial process and remedy the prejudice Plaintiff has suffered due to Walmart's intentional misrepresentations.

## B. The Court's Reliance on Walmart's Misrepresentations to Misapply Dkt. 60 Violated Rule 26(c), Plaintiff's Due Process Rights, and Created an Appearance of Impropriety

In Dkt. 66, the Court stated,    "*First*, Jana **misunderstands** the court's order," and adopted Walmart's misleading narrative from Dkt. 65 that

> "Plaintiff seems to have **misinterpreted** the Court's Order entered May 1, 2025 (Dkt. 60). Walmart would not have filed the renewed Motion had it believed such an action would contravene or violate any order of the Court."

This framing was factually and legally incorrect, misrepresenting the controlling procedural and legal framework established in Local Rule 7(f), Dkt. 60 and Fifth Circuit precedent, and thereby requiring vacatur.

Dkt. 60, issued by Hon. Judge Bill Davis on May 1, 2025, explicitly stated that

> "Any such request [for protective order] should be specific… When the Rule 26(c)(1) standard has been satisfied, a protective order may properly prohibit dissemination of sensitive information to people not involved in the lawsuit without infringing on the right of any party to the lawsuit—here, Jana and Walmart—to review documents exchanged in discovery that are relevant to a party's claim or defense."

---

This language embodies the "exchange first, protect second" rule, requiring document exchange and meaningful disclosure before protective restrictions are imposed. This principle is firmly established in *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) requiring a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) requiring document-by-document justification for restrictions on disclosure. Despite this clear legal framework, Walmart's conduct directly contradicted Local Rule 7(f), Dkt. 60 and Rule 26(c). Walmart's April 7, 2025 "Initial Disclosure" produced **<u>zero</u>** documents, zero ESI, and no privilege log (Dkt 70, EXHIBIT A-1). In its April 28, 2025 RFP response, Walmart withheld all documents while asserting blanket objections. Walmart's June 9, 2025 document dump occurred after it filed its renewed protective order motion on June 3, 2025, and was improperly characterized as "initial disclosures" **for the first time** in Walmart's **Reply** in Dkt. 65, violating Local Rule CV-7(f) and lacking Rule 26(g) certification. Walmart explicitly stated, "We/Walmart are continuing to evaluate whether there are any other non-confidential documents that can be produced before a protective order is entered" (June 9, 2025 email, Dkt. 65-3), demonstrating its strategy of conditioning document production on securing protective relief, in direct violation of Dkt. 60.

The Court's order in Dkt. 66 **echoed** Walmart's misrepresentation by stating,

> "First, Jana **misunderstands** the court's order… The protective order Walmart seeks would protect against that type of disclosure, but Jana would still be able to obtain confidential documents in discovery for use in this case."

This framing disregarded the procedural sequence required by Dkt. 60 and Fifth Circuit precedent, ignoring Walmart's failure to produce documents before seeking protective relief and misrepresenting

Plaintiff's position. Plaintiff's argument was not that protective orders render documents "undiscoverable," but rather that protective relief cannot precede document production and meaningful review, consistent with Dkt. 60 and controlling law.

Plaintiff's Response (Dkt. 64) accurately explained:

> "Exchange first, protect second… Walmart preemptively sought blanket protection—despite producing zero documents, without first identifying, producing, or reviewing documents with Plaintiff—and thus violated both the letter and spirit of Dkt. 60…"

By disregarding this record and adopting Walmart's false narrative, the Court misapplied the law, resulting in the imposition of protective restrictions while denying Plaintiff the opportunity to review and challenge confidentiality claims in accordance with Rule 26(c) and Fifth Circuit precedent.

This misapplication of law constitutes a violation of Plaintiff's due process rights under the Fifth Amendment and *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), which guarantees a meaningful opportunity to be heard before adverse judicial action is taken. The Court's acceptance of Walmart's misrepresentations without addressing Plaintiff's controlling legal arguments and record evidence deprived Plaintiff of a fair and transparent discovery process and the right to contest Walmart's confidentiality claims before protective restrictions were imposed.

These circumstances also constitute **fraud upon the court** under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) and *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989), as Walmart's misrepresentations obstructed the Court's ability to impartially adjudicate the motion for protective relief. Further, under 28 U.S.C. § 455(a) and *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864–65 (1988), the Court's uncritical adoption of Walmart's

false narrative and misinterpretation of Dkt. 60 created an **appearance of impropriety requiring vacatur** to preserve public confidence in the impartial administration of justice.

In conclusion, Plaintiff did not misunderstand Dkt. 60. Walmart's conduct violated Dkt. 60, Rule 26(c), Local Rule 7(f) and controlling Fifth Circuit precedent, while the Court's misapplication of these authorities resulted in the wrongful issuance of Dkt. 66 based on misleading representations. This constitutes (i) fraud upon the court, (ii) clear legal error under Rule 60(b)(1), (iii) a **void order** due to due process violations under Rule 60(b)(4), (iv) extraordinary circumstances under Rule 60(b)(6), and (v) an **appearance of impropriety** requiring vacatur. Accordingly, Plaintiff respectfully requests that the Court vacate Dkt. 66 in its entirety to protect the integrity of these proceedings and uphold the rule of law.

## C. The Court's Misstatement Regarding Pending Discovery, Initial Disclosures, and Privilege Log Warrants Vacatur

In Dkt. 66, the Court stated,

> "*Second*, Jana's argument that he has no pending discovery requests and that Walmart has not served its initial disclosures or a privilege log is not well taken. Jana served Walmart with discovery requests, see Dkt. 63-3, and Walmart served its initial disclosures, see Dkt. 65-2 at 2. And although Walmart has yet to serve its privilege log, it is in the process of doing so."

This statement reflects clear factual and legal error that requires vacatur under Rules 60(b)(1), 60(b)(4), and 60(b)(6).

First, regarding **pending discovery requests**, Plaintiff explicitly argued in Dkt. 64 (¶¶ 14–17) that while Plaintiff served Rule 34 Requests for Production on March 28, 2025, and Walmart responded on April 28, 2025, with blanket objections producing zero documents, Plaintiff deliberately refrained

from serving further discovery requests. This was because Walmart explicitly stated it would only "produce non-privileged documents after the Court's entry of a protective order" and refused to produce documents while withholding a privilege log. Plaintiff did not file a motion to compel for Rule 34 RFP, and the discovery dispute was effectively closed unless reopened by motion practice. Responding to Plaintiff's Rule 33 Interrogatory does not need any Protective Order, no confidential information was asked.

Under *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998), protective relief under Rule 26(c) requires an actual, pending discovery request; absent pending discovery, requests for protection are speculative and procedurally improper. By equating Plaintiff's past requests—already objected to and responded to—with pending, unresolved discovery disputes, the Court disregarded this procedural prerequisite and allowed Walmart to secure protective relief without a valid procedural foundation.

Second, regarding **initial disclosures**, the Court incorrectly stated that "Walmart served its initial disclosures." While on the face, this statement is true but in the context of Protective Order this initial disclosure was empty, incomplete and evasive. Walmart's April 7, 2025 "Initial Disclosure" (EXHIBIT A-1, Dkt. 70) produced zero documents, zero ESI, and no privilege log, in clear violation of Rule 26(a)(1)(A)(ii), which requires the disclosure or description of all documents a party may use to support its claims or defenses. Plaintiff objected on May 5, 2025 (Dkt. 62) and reiterated these objections in Dkt. 64 (¶¶ 29–31), explicitly preserving Plaintiff's challenge to Walmart's noncompliance. The Fifth Circuit's *In re Terra* and *Le v. Exeter* require that **protective relief be conditioned on actual document exchange prior to the imposition of restrictions,** not on the mere procedural act of serving an empty disclosure. The Court's acceptance of Walmart's conclusory claim

of compliance, while ignoring the substance of these objections and Walmart's failure to produce any documents, constituted legal error.

Third, regarding the **privilege log**, the Court erred by stating that Walmart's promise to provide a privilege log "in the process" satisfied its obligations. Rule 26(b)(5)(A) requires that a privilege log be provided contemporaneously **when documents are withheld**, describing the nature of the documents to enable the opposing party to assess the claim. Walmart failed to produce any privilege log with its April 7, 2025 initial disclosures or with its April 28, 2025 objections, while continuing to withhold responsive documents under a claim of privilege. Courts have consistently held that failure to produce a privilege log or to make a timely objection results in waiver of the privilege. See *United States v. Philip Morris Inc.*, 347 F.3d 951, 954–55 (D.C. Cir. 2003); *Fisher v. National R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993). By treating Walmart's vague, unsworn promise of a future privilege log as sufficient, the Court deprived Plaintiff of the opportunity to test privilege claims and contest withholding before protective restrictions were imposed.

These errors collectively deprived Plaintiff of **due process** by denying the right to meaningfully participate in the discovery process before restrictions were imposed, contrary to the Fifth Amendment and *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The Court's misstatements allowed Walmart to secure protective relief while noncompliant with Rule 26(a) and (b), violating procedural safeguards designed to **protect fairness in discovery**.

These errors constitute **clear legal error under Rule 60(b)(1)**, render Dkt. 66 **VOID under Rule 60(b)(4)** for lack of procedural foundation and due process violations, and present **exceptional circumstances under Rule 60(b)(6)** warranting vacatur to preserve the integrity of the judicial

process. Protective restrictions should not have been imposed where Walmart failed to demonstrate a valid procedural basis, failed to comply with disclosure and privilege requirements, and sought relief absent a pending discovery dispute.

For these reasons, Plaintiff respectfully requests that the Court **VACATE Dkt. 66 in its entirety** to restore adherence to Rule 26 and Local Rules protect Plaintiff's procedural and substantive rights, and preserve confidence in the fair administration of justice.

## D. The Court's Misinterpretation of Le v. Exeter and Rule 26(c) Standards, and Appearance of Impropriety

In Dkt. 66, the Court stated:

"Third, Jana argues that Walmart failed to show good cause because it did not satisfy the Fifth Circuit's standard for sealing. See Le v. Exeter Fin. Corp., 990 F.3d 410, 417–21 (5th Cir. 2021). But Walmart does not presently seek to seal any documents, so that standard does not apply at this point."

Respectfully, this statement reflects a material misinterpretation of *Le v. Exeter*, the applicable Fifth Circuit standards under Rule 26(c), and the prior controlling Order of this Court (Dkt. 60). It also creates an appearance of impropriety requiring vacatur of Dkt. 66.

Plaintiff did not argue that Walmart was seeking to seal filings; rather, Plaintiff argued that the Fifth Circuit's *Le v. Exeter* decision governs **protective orders under Rule 26(c)** because such orders also restrict disclosure of materials relevant to the parties' claims and defenses, which may become part of the judicial record. *Le* requires transparency, narrow tailoring of confidentiality restrictions, and a

"case-by-case, document-by-document, line-by-line" review before restricting disclosure. These principles apply equally to protective orders, which, if issued without individualized justification, enable parties to obstruct the transparency and accountability the Fifth Circuit demands. Plaintiff's Response (Dkt. 64) specifically explained this by citing Dkt. 60, which incorporated *Le* and emphasized the right of both Plaintiff and Walmart "to review documents exchanged in discovery that are relevant to a party's claim or defense." There were no documents to review in the first place.

The Fifth Circuit in *Le* held that "the public's right of access to judicial records is a fundamental element of the rule of law," requiring district courts to conduct individualized, document-by-document analysis when evaluating confidentiality restrictions. **This transparency requirement applies to protective orders under Rule 26(c)**, as affirmed in *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998), which requires a "particular and specific demonstration of fact" rather than blanket, conclusory statements. These requirements protect the public's right of access, the integrity of discovery, and the parties' due process rights in litigation.

Court's own Order Dkt. 60 explicitly incorporated these transparency requirements, ordering that "any protective order sought under Rule 26(c)(1) must be specific and comply with Fifth Circuit precedent," while ensuring that Plaintiff's rights to review documents relevant to claims or defenses would not be infringed. This language confirms that *Le* was controlling when assessing Walmart's renewed motion for protective relief and the Court's decision in Dkt. 66. Despite these clear legal standards, Walmart filed its renewed motion for protective relief (Dkt. 63) as a **blanket, preemptive request**, without first producing any documents, without providing a privilege log, and without demonstrating document-by-document justification for confidentiality. Walmart conditioned

---

production on obtaining protective relief, reversing the lawful order of "exchange first, protect second." Walmart's assertions were conclusory and speculative, lacking the individualized, fact-based demonstration that *Le* and *Terra* require, and directly contradicting the instructions set forth by this Court in Dkt. 60. By dismissing Plaintiff's argument under *Le* on the mistaken belief that *Le* applies only to sealing, the Court failed to enforce Fifth Circuit requirements that apply equally to protective orders and sealing orders. This misinterpretation allowed Walmart to obtain protective restrictions while withholding documents, depriving Plaintiff of the opportunity to review materials and meaningfully challenge claims of confidentiality before restrictions were imposed. This deprived Plaintiff of **due process**, as the Fifth Circuit in *Le* and *Terra* requires judicial accountability when restricting disclosure and emphasizes the judiciary's "non-delegable duty" to protect transparency.

The Court's misinterpretation created an **appearance of impropriety** by adopting Walmart's mischaracterization of *Le* while ignoring Plaintiff's clear arguments and controlling law. It accepted Walmart's narrative despite the record showing Walmart failed to comply with its disclosure obligations and violated Dkt. 60's explicit requirements. The Supreme Court in *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864–65 (1988), held that an **appearance of partiality requiring vacatur arises where judicial actions create reasonable doubt about impartiality**. Here, the Court's uncritical acceptance of Walmart's misrepresentations and its misapplication of controlling law undermine confidence in the integrity of these proceedings.

Accordingly, **the Court's statement that *Le v. Exeter* "does not apply at this point" was legally incorrect**, and its failure to apply the Fifth Circuit's transparency principles to protective orders under Rule 26(c) constitutes clear legal error and a due process violation. Walmart's blanket, speculative

motion—filed without prior document exchange or individualized justification—failed to meet the requirements of Rule 26(c), Fifth Circuit precedent, and Dkt. 60. The Court's misinterpretation and improper issuance of Dkt. 66 under these circumstances require vacatur under Rules 54(b), 60(b)(1), 60(b)(4), and 60(b)(6) to preserve due process, uphold the rule of law, and maintain confidence in judicial impartiality. Plaintiff therefore respectfully requests that Dkt. 66 be vacated in its entirety.

### E. The Court's Misstatement on Pending Discovery and Protective Orders

In Dkt. 66, the Court stated,

"*Fourth*, even if Wal-Mart's discovery responses are incomplete, see Dkt. 64-2 at 2, that does not mean that the court should not issue a protective order. Jana may continue to pursue complete responses to his discovery requests."

This statement reflects a material misapplication of Rule 26(c), misinterprets controlling Fifth Circuit precedent, **denies Plaintiff due process, and creates an appearance of impropriety that requires vacatur.**

**Rule 26(c) explicitly requires that a protective order be sought in response to a pending, concrete discovery request.** The rule states:

**"A party or any person from whom discovery is sought may move for a protective order…"**

This language presumes the existence of an actual, active discovery demand necessitating protection, not hypothetical or speculative harm. Courts have uniformly held that protective orders require a

pending discovery request. The Fifth Circuit in *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998), confirmed that Rule 26(c)'s requirement of a showing of good cause to obtain a protective order contemplates the existence of an actual, pending discovery request. Likewise, in *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986), the court held that absent pending discovery, claims of potential harm are speculative, and protective orders are not appropriate. *S.E.C. v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001), further emphasized that protective orders must protect against actual, document-specific harms arising from a particular discovery demand—not theoretical risks.

Here, Plaintiff demonstrated in Dkt. 64 that no pending discovery requests required protection at the time Walmart filed its renewed motion or when the Court issued Dkt. 66. Plaintiff's last discovery requests were served on March 28, 2025, and Walmart responded on April 28, 2025, with blanket objections while producing zero documents. Walmart then stated it would produce "non-privileged documents" only after securing a protective order. Recognizing Walmart's noncompliance, Plaintiff deliberately refrained from serving further discovery to avoid procedural entanglement until the issue of Walmart's improper withholding was resolved. Therefore, no pending, active Rule 34 RFP discovery request existed to trigger Rule 26(c) protection. Answering Rule 33 Interrogatories does not require any protection as interrogatory did not ask for confidential information. On June 11, 2025 Walmart acknowledged, "**Please let us know whether you intend to serve Interrogatories that are amended to address Walmart's objections.**" and Plaintiff did not serve any more Interrogatories.

The Court's assertion that Walmart's incomplete discovery does not preclude the issuance of a protective order **inverts** the structure of Rule 26(c) and federal discovery principles. By granting

protective relief absent a pending discovery request, the Court improperly authorized preemptive secrecy and undermined the "exchange first, protect second" principle established by *In re Terra* and *Le v. Exeter Fin. Corp.*, 990 F.3d 410 (5th Cir. 2021). This approach rewarded Walmart's refusal to comply with Rule 26(a) and Rule 26(b)(5) obligations.

Further, granting protective restrictions without a pending discovery request denied Plaintiff due process. Protective orders restrict a party's right to analyze, use, and disseminate discovery materials, and imposing such restrictions without allowing Plaintiff to challenge confidentiality claims on a document-by-document basis violates procedural fairness and transparency. As recognized in *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), **due process** requires notice and a meaningful opportunity to be heard before imposing restrictions that affect substantive rights.

Additionally, the **Court's acceptance of Walmart's conclusory assertions** and its issuance of protective relief in the absence of a pending discovery request creates an **appearance of impropriety, warranting vacatur.** Under *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864–65 (1988), and *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995), an appearance of partiality requiring vacatur arises when judicial actions create reasonable doubt regarding the impartial administration of justice. **<u>Here</u>, the Court's ruling suggested uncritical acceptance of Walmart's position while ignoring Plaintiff's factual showing of procedural noncompliance, thereby undermining confidence in the integrity of these proceedings**.

Accordingly, the Court's misstatement in Dkt. 66 constitutes **clear legal error under Rule 60(b)(1), a due process violation under Rule 60(b)(4), and presents extraordinary circumstances under Rule 60(b)(6)** warranting vacatur. To protect the integrity of the judicial process, preserve Plaintiff's

rights under Rule 26, and maintain confidence in the fair administration of justice, Plaintiff respectfully requests that Dkt. 66 be **VACATED in its entirety.**

## F. Violation of Court's Own Previous Ruling and Fifth Circuit Precedent Warrants Vacatur

On May 1, 2025, the Court issued Dkt. 60, denying Walmart's first motion for a protective order (Dkt. 51) and establishing clear, binding conditions for any future protective order request under Rule 26(c)(1). The Court explicitly ordered that any renewed request must be "**specific**," must comply with Fifth Circuit precedent, and

> "must not infringe on the right of any party to the lawsuit—here, Jana and Walmart—to review documents exchanged in discovery that are relevant to a party's claim or defense."

This directive reflects the "exchange first, protect second" principle mandated by In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998), and Le v. Exeter Finance Corp., 990 F.3d 410, 419 (5th Cir. 2021), requiring that parties exchange discovery materials before seeking protective restrictions and that any protective request be justified on a document-by-document basis.

Despite these clear requirements, Walmart filed its renewed motion for a protective order on June 3, 2025 (Dkt. 63), without having exchanged any documents with Plaintiff and without identifying any specific documents requiring protection. Walmart's April 7, 2025 "Initial Disclosure" contained zero documents, zero ESI, and no privilege log. Walmart further explicitly conditioned any document production on securing protective relief, stating it would only produce documents "after the Court's entry of a protective order." At the time it filed Dkt. 63, Walmart was in total noncompliance with Dkt. 60 and its Rule 26(a)(1)(A)(ii) disclosure obligations while improperly seeking blanket protective relief to block discovery.

Walmart's arguments in Dkt. 63 simply repeated generalized assertions made in its first motion, claiming that Plaintiff's discovery requests sought confidential employee, vendor, and business information. However, Walmart **failed to **identify specific documents**, failed to provide a privilege log, and failed to demonstrate any "particular and specific demonstration of fact" as required under Terra and Le. Dkt 63

> "Specifically, Plaintiff's discovery requests seek confidential information in Walmart's employment personnel records regarding not only Plaintiff but also nonparties, including information related to the employees' training, changes in roles and responsibilities, compensation, hiring, termination, disciplinary records, ethics complaints, and investigative reports. (See Exhibit B-1, Interrogatory Nos. 5, 6, 8, 9, 10, 11, 12, 15, 16, 24 & RFP Nos. 4, 5, 7, 9, 12, 13, 14, 15, 16, 17, 23.) Plaintiff also requests multiple categories of confidential commercial and financial information from Walmart, including Walmart's business, strategic, financial, and operating information related to its vendor selection process and transactions, bids, and contracts with vendors.

As Plaintiff argued in Dkt. 64 Walmart:

> "..failed to identify which documents are allegedly confidential, despite having produced no privilege log and no discovery materials whatsoever.."

Despite this, on June 27, 2025, the Court issued Dkt. 66, granting Walmart's renewed protective order and stating:

> "Walmart identifies several interrogatories and requests for production served by Jana that seek confidential information about its employees. Dkt. 63. It claims that revealing that information could hurt those employees' job prospects and Walmart's reputation for keeping such information confidential."

This acceptance of Walmart's abstract, speculative assertions ignored the controlling requirement that protective orders may not be granted without the party first producing or identifying the specific documents at issue and providing a factual basis for confidentiality on a document-by-document basis. The Fifth Circuit has consistently held that blanket, conclusory assertions of confidentiality are

insufficient, and the moving party bears the burden of showing necessity with a **particular and specific demonstration of fact**. Terra, 134 F.3d at 306.

Walmart's conduct in conditioning production on protective relief reversed the lawful order of discovery, seeking secrecy over documents Plaintiff had not even been permitted to review. The "exchange first, protect second" rule is a fundamental procedural safeguard to ensure fairness and transparency in discovery. **Walmart's June 9, 2025 document dump, made after it filed Dkt. 63, cannot retroactively cure this procedural defect because compliance must be assessed at the time protective relief is sought. Moreover, Plaintiff's Objection for future Supplemental Initial Disclosure on May 2, 2025 (Dkt 62) makes this document dump irrelevant in this context.**

By granting Dkt. 66 under these circumstances, the Court failed to enforce its own prior order (Dkt. 60), Fifth Circuit precedent, and the procedural prerequisites for protective relief, constituting clear legal error under Rule 60(b)(1) and a due process violation under Rule 60(b)(4). This situation also presents exceptional circumstances under Rule 60(b)(6) requiring relief to preserve judicial integrity and the rule of law.

In sum, Dkt. 66 should be vacated because Walmart's motion for protective relief was procedurally improper when filed, the Court's order was issued in direct violation of its prior instructions (Dkt 60) and controlling law. Vacatur is necessary to enforce the "exchange first, protect second" principle, protect Plaintiff's rights to review and challenge confidentiality designations before restrictions are imposed, and preserve confidence in the fair administration of justice.

## G. Fraud Upon the Court and Due Process Violations: The Court's Handling of Walmart's New Argument and Milbourne's Declaration Warrants Vacatur

In Dkt. 66, the Court stated:

> "Fifth, Jana attempts to discredit the declaration of Adrian Milbourne by submitting his own affidavits, and he asks the court to strike Milbourne's declaration. The court considered Jana's statements when weighing Milbourne's credibility."

This statement followed Walmart's reply (Dkt. 65), which introduced a **new, procedurally improper argument**:

> "In his 'affidavit of impeachment,' Plaintiff also seems to claim that Walmart's responses to Plaintiff's Interrogatories are inconsistent with certain statements in the Milbourne declaration. However, **Walmart did not provide substantive answers to any of Plaintiff's Interrogatories and instead raised specific objections to each of them, so the Milbourne declaration could not be inconsistent with Walmart's responses to the Interrogatories**…"

### 1. Local Rule CV-7(f) Violation

Under Local Rule CV-7(f), a reply brief may only respond to issues raised in the response and may not introduce new arguments for the first time without leave of court. Plaintiff's Response (Dkt. 64) did not assert that Walmart's objections to interrogatories shielded Milbourne from impeachment; instead, it argued that Milbourne's sworn statements contained materially false statements that directly contradicted Walmart's litigation positions, evidence, and internal documents.

Walmart's argument in Dkt. 65, claiming its refusal to answer interrogatories shielded Milbourne from impeachment, was a new factual and legal theory not raised in its Motion for Protective Order (Dkt. 63) and was improperly raised in a reply. The Court's acceptance of this argument without providing Plaintiff an opportunity to respond violated Local Rule CV-7(f) and denied Plaintiff a fair procedural opportunity to address the argument.

### 2. Due Process Violation

Under *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), and *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466 (2000), procedural due process requires notice and an opportunity to respond before a court takes judicial action affecting substantive rights. Walmart's new argument directly influenced the Court's decision to credit Milbourne's declaration and deny Plaintiff's request to strike or disregard it. Plaintiff was not provided any opportunity to address this argument before the Court ruled, constituting a violation of due process warranting vacatur of Dkt. 66.

### 3. Substantive Refutation: Shield/Sword Misuse

Even if Walmart's argument were considered on the merits, it fails. Walmart cannot refuse to answer interrogatories and then shield its declarant from impeachment when the declarant voluntarily submits a sworn declaration on the same factual matters. By submitting the Milbourne declaration (Dkt. 63-5) to support its protective order, Walmart placed at issue the precise topics it previously refused to address under oath. The Fifth Circuit prohibits the use of discovery objections as both a shield and a sword. See *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 485 (5th Cir. 2014)-A party cannot use the discovery process to its advantage while simultaneously obstructing the adversary's efforts. Walmart's position is legally baseless and constitutes obstructive litigation tactics designed to shield its declarant from accountability while leveraging the declaration to secure protective relief.

### 4. Fraud Upon the Court by Milbourne's Declaration

Plaintiff did not simply "attempt to discredit" Milbourne's declaration. Plaintiff submitted two sworn affidavits under 28 U.S.C. § 1746 (I-17 and I-21), with exhibits and recordings, demonstrating that

Milbourne's June 3, 2025 declaration contained false, misleading, and inconsistent statements contradicting:

- Walmart's sworn discovery positions and objections under Rules 33 and 26(g).
- Recorded statements and documents demonstrating the declaration's factual inaccuracies.

These affidavits constitute evidence of fraud upon the Court under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944), and *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989), which define fraud upon the court to include false or misleading testimony that directly impacts the judicial process.

By relying on Milbourne's declaration without allowing examination **under oath while simultaneously ignoring Plaintiff's impeachment evidence,** Walmart used the declaration as both **a sword and a shield to secure protective relief** while blocking Plaintiff from rebutting its contents, which is precisely the type of conduct that constitutes fraud upon the Court and warrants vacatur under Rule 60(b)(3).

### 5. The Court's Insufficient "Weighed Credibility" Approach

The Court's statement that it "considered Jana's statements when weighing Milbourne's credibility" is legally and procedurally insufficient. It fails to:

- Address the **fraud upon the Court concerns** that require heightened scrutiny.
- Consider the prejudice to Plaintiff, who could not examine Milbourne on his claims before the Court imposed protective restrictions.

- Recognize the impropriety of using a declaration to obtain protective relief while refusing discovery on the same issues.

Under *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991), courts have the authority to strike filings and impose sanctions when parties submit false or misleading statements to gain litigation advantages. The Court's failure to address this standard while relying on Milbourne's contested declaration deprived Plaintiff of a fair process and violated the Court's duty to protect the integrity of its proceedings.

### 6. Appearance of Impropriety

The Court's adoption of Walmart's new argument without scrutiny and its reliance on Milbourne's declaration despite clear evidence of contradictions and obstruction creates an appearance of impropriety under 28 U.S.C. § 455(a), *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864–65 (1988), and *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995). This undermines public confidence in judicial impartiality and warrants vacatur of Dkt. 66 to preserve the integrity of these proceedings.

### 7. Grounds for Vacatur

For the reasons stated above, the Court's handling of Walmart's procedurally improper argument and the Milbourne declaration:

(i) Violated Local Rule CV-7(f) by considering a new argument improperly raised in a reply.

(ii) Deprived Plaintiff of procedural due process by denying a meaningful opportunity to respond.

(iii) Allowed Walmart to misuse discovery objections while leveraging contested declarations.

(iv) Created an appearance of impropriety undermining public confidence in these proceedings.

(v) Constituted fraud upon the Court warranting relief under Rule 60(b)(3) and Rule 60(b)(6).

Accordingly, Plaintiff respectfully requests that the Court vacate Dkt. 66 in its entirety, strike or disregard Milbourne's declaration, and protect the integrity of these proceedings.

## H. Walmart's Reply (Dkt. 65) Failed to Address Critical Issues, Introduced New Arguments, Warranting Vacatur of Dkt. 66

Local Rule CV-7(f) expressly limits a reply to "responding to the issues raised in the response," prohibiting the introduction of new arguments that deprive the opposing party of the opportunity to address them. Courts in the Fifth Circuit have repeatedly held that arguments raised for the first time in a reply should be disregarded to protect due process and procedural fairness. Walmart's Reply (Dkt. 65) violated these principles by failing to address the critical issues raised in Plaintiff's Response (Dkt. 64), including: (i) Walmart's violation of the Court's May 1, 2025 Order (Dkt. 60) requiring document exchange before seeking protective relief, (ii) Walmart's failure to produce a privilege log before seeking protection, waiving any claim of privilege, (iii) controlling case law requiring an actual, pending discovery request for Rule 26(c) protection, including In re Terra Int'l, Inc., 134 F.3d 302 (5th Cir. 1998) (iv) Walmart's refusal to clarify under oath the authenticity of Exhibit 1 and Exhibit 2, (v) detailed evidence impeaching the Milbourne Declaration and the associated due process implications, and (vi) Walmart's misrepresentation of Plaintiff's position while failing to confer in good faith prior to seeking protective relief. Walmart's selective silence on these core issues, while simultaneously introducing unrelated new arguments in its Reply, prejudiced Plaintiff's ability to respond, creating an incomplete and unbalanced record before the Court.

For example, Walmart's Reply falsely represented that "Walmart served its initial disclosures," while it is true on the surface but ignoring the undisputed fact that Walmart's April 7, 2025 disclosures contained **zero** documents and lacked a privilege log, a defect repeatedly raised by Plaintiff. The Reply also asserted that Walmart was "in the process" of producing a privilege log, without addressing the legal requirement that a privilege log must be produced at the time of withholding to justify protection under Rule 26(b)(5)(A). Privilege log related to June 9, 2025 does not apply since on May 5, 2025 (Dkt 62) Plaintiff Objected for future Supplemental Initial Disclosure.

Moreover, Walmart's Reply raised new factual and legal arguments for the first time, including mischaracterizations about Plaintiff's alleged "public postings," "changing demands," and other issues unrelated to Plaintiff's controlling arguments in Dkt. 64. By doing so, Walmart deprived Plaintiff of a meaningful opportunity to challenge these assertions, clarify the record, or supplement legal authority in response. The Court's reliance on Walmart's improperly raised arguments in issuing Dkt. 66, before Plaintiff's sur-reply deadline of July 2, 2025, further compounded this due process violation.

This procedural unfairness violated Plaintiff's rights under the Fifth and Fourteenth Amendments, contradicting the fair notice requirements of federal litigation. Accordingly, the Court's issuance of Dkt. 66, based on arguments improperly raised for the first time in Walmart's Reply and without giving Plaintiff an opportunity to respond, constitutes clear legal error under Rule 60(b)(1), renders the Order void for due process violations under Rule 60(b)(4), and presents extraordinary circumstances warranting relief under Rule 60(b)(6). Dkt. 66 should therefore be vacated in its entirety to preserve procedural integrity and the fair administration of justice.

# IV. RELIEF REQUESTED

For the reasons stated herein and supported by the record, Plaintiff respectfully requests that the Court:

1. VACATE the Protective Order (Dkt. 66) in its entirety under Federal Rules of Civil Procedure 54(b), 60(b)(1) (clear legal error), 60(b)(4) (due process violation rendering the order void), and 60(b)(6) (extraordinary circumstances requiring relief).

2. Deny Defendant's Renewed Motion for Protective Order (Dkt. 63) as procedurally improper, lacking good cause under Rule 26(c), and violating the "exchange first, protect second" requirement under controlling Fifth Circuit precedent and this Court's prior Order (Dkt. 60).

3. Impose monetary sanctions against Defendant for reasonable expenses, lost time, and prejudice incurred by Plaintiff in addressing Walmart's discovery misconduct and misrepresentations to the Court, with Plaintiff to submit a sworn Cost and Time Affidavit within seven (7) days of the Court's order quantifying such expenses.

4. Impose sanctions under Rule 37(c)(1) precluding Walmart from using any documents, electronically stored information (ESI), or information not timely disclosed in its April 7, 2025 Initial Disclosure and subsequent June 9, 2025 production in support of its defenses, dispositive motions, or at trial, due to Walmart's failure to comply with its mandatory disclosure obligations under Rule 26(a) and Rule 26(b)(5).

5. Preclude Walmart from seeking any further protective orders

6. Award such further relief as the Court deems just and proper to protect the integrity of these

proceedings, deter future misconduct, and ensure Plaintiff's statutory and constitutional rights

are safeguarded in this whistleblower retaliation action.

Dated: July 7,2025

Respectfully Submitted,

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

**CERTIFICATE OF SERVICE**

On ~~June 30~~ *July 7*, 2025, a true and correct copy of the foregoing was served upon the following through the

Court's CM/ECF system:

Peter S. Wahby                    Morgan E. Jones                  Holmes H. Hampton
Texas Bar No. 24011171      Texas Bar No. 24132301      Texas Bar No. 24144019
Peter.wahby@gtlaw.com       Morgan.jones@gtlaw.com    holmes.hampton@gtlaw.com

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.

Dated: July 31, 2025


Respectfully Submitted

*Dilip Kumar Jana*

Dilip Jana, pro se Plaintiff
Tel: 318-243-9743
EMail: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002