# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **IN THE MATTER OF:** § <br> § <br> DILIP JANA § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> WALMART, INC., § <br> *Defendant.* § § § | Civil Action No. 4:24-cv-00698-SDJ-BD <br><br>  <br> JUL 0 7 2025 <br><br> CLERK, U.S. DISTRICT COURT <br> TEXAS EASTERN |

---

### PLAINTIFF'S MOTION FOR CRIMINAL REFERRAL AND SANCTIONS

---

**TO THE HONORABLE COURT:**

Plaintiff, Dr. Dilip Jana, respectfully submits this Motion for Criminal Referral and Sanctions against Walmart Inc., its responsible officers, and its attorneys for perjury, obstruction of justice, falsification of evidence, and fraud upon the Court under the Court's inherent authority, 18 U.S.C. §§ 1001, 1503, 1519, 1621, the precedent of Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), Wilson v. Johns-Manville Sales Corp., 873 F.2d 869 (5th Cir. 1989), and Federal Rule of Civil Procedure 37(b)(2). This Motion arises from Walmart's calculated refusal to answer Plaintiff's targeted Interrogatory No. 1-4 while simultaneously asserting in federal proceedings that **EXHIBIT** 2 (Complaint, Dkt. 13, PageID 299) is merely an unredacted version of **EXHIBIT** 1 (Complaint, Dkt. 13, PageID 298), a claim central to Walmart's "same decision" defense in this CAARA and SOX whistleblower retaliation case.

Despite repeatedly asserting to OSHA, the Department of Labor's Office of Administrative Law Judges (OALJ), and this Court (Dkt 30, Page 11, Page ID 590) that these documents support its non-retaliatory termination defense, Walmart refuses to confirm **under oath** whether its prior statements are accurate,

---

blocking Plaintiff from testing the integrity of these representations. This obstruction of discovery, while leveraging the same unverified assertions in its defense, constitutes a direct attack on the judicial process, warranting immediate referral for criminal investigation and the imposition of sanctions.

## I. FACTUAL BACKGROUND AND TIMELINE OF FRAUDULENT CONDUCT

On February 21, 2024, Walmart submitted EXHIBIT 1(Complaint Dkt 13) in redacted form to OSHA during its investigation of Plaintiff's whistleblower complaint to substantiate it would have terminated regardless of Plaintiff's whistleblower activities (49 U.S.C. § 42121(b)(2)(B)(iv)). Subsequently, on June 14, 2024, Walmart submitted EXHIBIT 2 (Complaint Dkt 13) to the OALJ, stating:

> "We are attaching the unredacted version herein..."

On December 19, 2024, Walmart informed this Court (Dkt. 30, PageID 590):

> "Walmart did not 'alter' evidence—it produced an unredacted version of a document."

Contrary to Walmart's representations, EXHIBIT 2 differs materially from EXHIBIT 1, including discrepancies in timestamps, missing attachments ("Termination recommend…msg"), and footer inconsistencies, supporting Plaintiff's allegations in Complaint ¶191 that Walmart and its attorneys modified/altered evidence and presented it to federal agencies to obstruct Plaintiff's whistleblower claims.

Plaintiff respectfully provides side by side comparison of EXHIBIT 1 and EXHIBIT 2.

1. First Line discrepancy

**EXHIBIT 1:**

**EXHIBIT** 

2. Line Break and Text Difference between EXHIBIT 1 and EXHIBIT 2

**EXHIBIT 1**



**EXHIBIT 2**

connected with you as well.

Discuss:
- Outbursts and disrespect at team meetings
- Emails attached with many allegations
- Recap of conversation with one of his Direct Reports from his Manager

3. **Different Sent Times (~Five Hours difference)**

   EXHIBIT 1

   | | |
   |---|---|
   | From: | Wendy Bowman   Wendy.Bowman@walmart.com |
   | Sent on: | Wednesday, October 4, 2023 11:07:31 PM |
   | To: | Lori Chumbler   Lori.Chumbler@walmartlegal.com |
   | CC: | Monica Hall   Monica.Hall@walmart.com ; Shawn Cohen   Shawn.Cohen@walmart.com |

   EXHIBIT 2

   | | |
   |---|---|
   | From: | Wendy Bowman |
   | Sent: | Wednesday, October 4, 2023 6:08 PM |
   | To: | Lori Chumbler |
   | Cc: | Monica Hall; Shawn Cohen |

4. **Attachments Differ in Format, Labels, and Content References**

A review of EXHIBIT 1 and EXHIBIT 2 reveals that the attachments associated with these documents differ in **file type, labeling, and referenced content**, further undermining Walmart's claim that they are the same QA document. EXHIBIT 1 lists an attachment titled **"Termination recommend…msg,"** indicating an attached **message file**, while EXHIBIT 2 references an attachment titled **"Recommendation.docx,"** which is a **Word document which one can easily modify!**

EXHIBIT 1:

Case 4:24-cv-00698-SDJ-BD   Document 13-1   Filed 09/13/24   Page 1 of 1 PageID #: 298

EXHIBIT 1

Share   Copy link   Download   ···   Termination recommend….msg   Info   |   ◁

EXHIBIT 2:

Attachments:   [Retaliation] [Unrealistic Expectation]: Trace; [Unethical]: Sign off for POC; [Retaliation and Discrimination]: WFP; [ Retaliation ][Changing roles and responsibilities] WFP; ▇▇▇▇ - Concerns Raised; Recommendation.docx

These material differences in attachment format, title, and referenced issues demonstrate that the documents are not identical.

### 5. Footer Marking in Exhibit 2 Indicates Potential Reprocessing

A further comparison reveals that **EXHIBIT 2 contains a visible "1" in the footer area of the page, whereas EXHIBIT 1 does not contain any such footer marking.** In standard document workflows, the appearance of a footer number typically indicates that the document was either re-exported, reprocessed, or combined into a larger document set with pagination applied. The absence of the footer in EXHIBIT 1 and its presence in EXHIBIT 2 demonstrates that these documents are not identical and that EXHIBIT 2 may have been modified or re-exported in a manner affecting its presentation and metadata.

**EXHIBIT 2**

1

6. **Removed Meta Data**

Philip Martin was Walmart's outside Counsel/Legal Assistant. Original mail was sent by Wendy Bowman. EXHIBIT 2 does not show any metadata whether email was forwarded to Philip Martin.

Case 4:24-cv-00698-SDJ-BD   Document 13-2   Filed 09/13/24   Page 1 of 1 PageID #: 299

EXHIBIT 2

**Phillips, Maurin L.**

| | |
|---|---|
| From: | Wendy Bowman |
| Sent: | Wednesday, October 4, 2023 6:08 PM |
| To: | Lori Chumbler |
| Cc: | Monica Hall; Shawn Cohen |

## II. PLAINTIFF'S TARGETED INTERROGATORIES

On March 28, 2025, Plaintiff served Interrogatories 2–4 (EXHIBIT A-1) to confirm <u>under oath</u> whether Exhibit 2 was "exactly the same unaltered document" as EXHIBIT 1 by just answering YES/NO. To answer this YES/NO, Walmart does not need any Protective Order. Instead of answering, Walmart asserted irrelevance (**impeached its own defense**), disproportionality, and "argumentative" objections, while continuing to rely on these documents to assert its "same decision" defense, central to SOX/CAARA litigation requiring clear and convincing evidence by the employer under 49 U.S.C. § 42121(b)(2)(B)(iv); and Murray v. USB, 601 U.S. ___ (2024), Allen v. ARB, 514 F.3d 468, 476 (5th Cir. 2008).

For Court's Convenience, Plaintiff is writing Plaintiff's Interrogatory No 2 and Walmart's Answer here:

## Interrogatory No. 2

This interrogatory is related to EXHIBIT 1 (Complaint, Dkt 13, PageID#:298) and EXHIBIT 2 (Complaint, Dkt 13, PageID#:299) of the Complaint (Dkt 13) and here is the context.

Complaint ¶191 claimed

> "Walmart and its attorney's modified/altered evidence and presented the modified documents to Federal Agencies; makes it a crime…Upon close inspection, one can find that EXHIBIT 2 is an altered version of EXHIBIT 1 which appears to be for the purpose of committing fraud, thus making it a crime under Federal Laws."

On June 14, 2024, Defendant in it's Answer to the Plaintiff's Complaint to Administrative Law Judge at the Department of Labor said,

> "Walmart provided a redacted version in its original response out of an abundance of caution. We have reassessed the document and determined that it was originally marked for privilege in good faith error. We are attaching the **unredacted version** herein as an Exhibit and intend on providing the attachments subject to a protective order" (emphasis added)

On December 19, 2024, Defendant in it's Brief to this Court (Dkt 30, Page 11, PageID 590) claimed,

> "Plaintiff again returns to his theory that Walmart committed criminal fraud in the OSHA proceedings below by altering a document. Walmart hesitates to dignify this conspiracy theory with another response and instead refers the Court to Walmart's Reply in Support of Motion to Stay Discovery, Dkt. No. 23, which explains that the "altered document" was a mere unredacted version of a document already produced. Relatedly, Plaintiff argues that the Motion should be denied because Walmart has unclean hands from "altering evidence." Response ¶85. But as stated above, **Walmart did not "alter" evidence**—it produced an unredacted version of a document" (emphasis added)

Do you still maintaintain that EXHIBIT 2 (Complaint, Dkt 13, PageID#:299) is exactly the same unaltered document but just "**unredacted version" of** EXHIBIT 1 (Complaint, Dkt 13, PageID#:298)?

Please answer **YES/NO**.

### WALMART'S ANSWER

*Walmart objects because the information sought by this Interrogatory is neither relevant to the parties' claims or defenses in this lawsuit nor proportional to the needs of the case. The alleged issues Plaintiff raises in this Interrogatory regarding certain documents produced in the prior administrative proceedings bear no discernable relevance to Plaintiff's claims for alleged*

> *violations of the Criminal Antitrust Anti-Retaliation Act ("CAARA") and the Sarbanes-Oxley Act ("SOX") or Walmart's defenses in this lawsuit.*
>
> *Walmart also objects because this Interrogatory contains inaccurate underlying statements and misleading implications. For example, this Interrogatory states/implies that Walmart and its attorneys committed crimes or fraud, improperly modified or altered evidence, violated federal laws, and explicitly states that "EXHIBIT 2 (Complaint, Dkt 13, PageID#:299) is exactly the same [as] EXHIBIT 1 (Complaint, Dkt 13, PageID#:298)."*
>
> *Walmart objects because this Interrogatory requires Walmart to adopt Plaintiff's incorrect assumptions and argumentative statements in answering it, and therefore Walmart cannot answer "YES" or "NO" to this Interrogatory as phrased.*

On May 2, Plaintiff sent a detailed email explaining how Walmart's Answer to Interrogatory No. 2 was evasive and incomplete (**EXHIBIT A-2**); Walmart never responded to that email:

> The difference between your assertion to this Court on December 19, 2024 which was related to **Motion to Dismiss (Dkt 22)** as shown above and Interrogatory is; now you have to answer under oath. Now in May 2025 (more than 18 months after termination) the termination causes mentioned in EXHIBIT 1 & EXHIBIT 2 (Complaint, Dkt 13) does not change over time; so these documents are relevant to this case.
>
> You are now **declining** to acknowledge **under oath** what **you previously admitted** in the US Department of Labor's Office of the Administrative Law Judges' Court Docket (a Federal Agency) on June 14, 2024 (Complaint, Dkt 13, PageID#:298, PageID#:299) in order to support your defense you would have terminated Plaintiff even in the absence of whistleblowing activities and on this Federal Court Docket on December 19, 2024( Dkt 30, Page 11, PageID 590) on your Motion to Dismiss briefs; **now you are saying that** EXHIBIT 1 & EXHIBIT 2 which included the cause of termination is not relevant substantiates that it was "being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"

On **June 9, 2025**, Plaintiff issued a discovery clarification letter (**EXHIBIT A-3**) requesting certification under **Rule 26(g)** identifying who drafted Walmart's responses, specifically to determine whether **Adrian Milbourne**, who later submitted a sworn affidavit (Dkt 65) claiming "personal knowledge," contributed to these evasive responses.

> To assess the adequacy of Walmart's certification under Federal Rule of Civil Procedure 26(g) and other applicable Federal Rules, I respectfully request your written confirmation of the following:
> 1. Did Mr. Adrian Milbourne materially contribute to the preparation, drafting,

review, or approval of Walmart's Interrogatory responses served on April 28, 2025?

2. Was Mr. Milbourne aware of the content or substance of Walmart's responses to Interrogatories Nos. 1 through 24, either before or after service?

3. Did you or any member of your legal team — Ms. Morgan Jones or Mr. Holmes Hugh Hampton — consult with Mr. Milbourne (or other Walmart personnel) to obtain factual input for preparing Walmart's Interrogatory responses?

4. Did Ms. Morgan Jones or Mr. Holmes Hugh Hampton materially contribute to the preparation, drafting, review, or approval of Walmart's Interrogatory responses, or were they substantively aware of the content of those responses?

On **June 3, 2025**, Milbourne filed a sworn affidavit (DKT 65) claiming:

> "I have personal knowledge of the facts stated in this declaration and hereby declare that all such facts are true and correct... I was directly involved in many of the factual circumstances underlying the above-captioned lawsuit..."

Yet, Walmart **continued to obstruct discovery** on these facts.

On June 11, 2025, Walmart's junior attorney, Morgan Jones, responded (EXHIBIT A-4) to Plaintiff's discovery clarification via informal email without Rule 26(g) certification, admitting Walmart refused to provide substantive answers to Interrogatories 2–4 while continuing to rely on the factual narrative supported by Milbourne's affidavit.

On June 25, 2025 (Dkt 65), Walmart further asserted:

> "Walmart did not provide substantive answers to any of Plaintiff's Interrogatories... so the Milbourne declaration could not be inconsistent with Walmart's responses."

This strategy demonstrates a deliberate bad faith plan to block Plaintiff's discovery into critical facts while using untested factual assertions in Milbourne's affidavit as part of Walmart's defense—a hallmark of fraud upon the Court.

### III. THE CONFLICT WITH INTERROGATORIES 2–4

Interrogatory No. 2 sought a straightforward YES/NO response on whether Exhibit 2 was the same unaltered document as Exhibit 1, with Interrogatories 3 and 4 designed to clarify any discrepancies or to identify who altered the document, when, why, and what was changed if Walmart's claim of

identicality was false. These interrogatories are highly relevant and proportional under Rule 26(b)(1), as the authenticity of these documents is central to Walmart's "same decision" defense, which requires Walmart to prove by clear and convincing evidence that it would have terminated Plaintiff even in the absence of whistleblowing 49 U.S.C. § 42121(b)(2)(B)(iv); and Murray v. USB, 601 U.S. ___ (2024), Allen v. ARB, 514 F.3d 468, 476 (5th Cir. 2008). Walmart's refusal to answer, while simultaneously asserting in litigation that these documents support its non-retaliatory defense, is a calculated obstruction that denies Plaintiff the ability to challenge pretext.

This refusal obstructs discovery, prevents the testing of Milbourne's assertions, and constitutes willful litigation misconduct, violating the fundamental principle that a party cannot use evidence to support its claims or defenses while simultaneously blocking the opposing party from testing the veracity of that evidence.

## IV. FRAUD UPON THE COURT

Fraud upon the court is an extraordinary wrong that strikes at the very integrity of the judicial process. **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1944)**. It arises when a party's misconduct prevents the impartial performance of the court's function in adjudicating cases fairly and justly. Courts have repeatedly held that such fraud occurs when a party engages in conduct designed to corrupt the judicial process, including presenting false or misleading evidence while obstructing discovery that would expose the truth. **Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 872 (5th Cir. 1989)**.

Milbourne's affidavit is used by Walmart to support its motion for a protective order and to establish a factual narrative regarding Plaintiff's employment and Walmart's internal processes, while simultaneously refusing to allow Plaintiff to test these factual assertions through discovery related to EXHIBIT 1 and EXHIBIT 2, which are central to Walmart's defenses. Plaintiff's Interrogatories 2–4 specifically sought to confirm whether EXHIBIT 2 was the same unaltered document as EXHIBIT 1, or if not, to identify who altered it, when, why, and what was changed. Walmart's refusal to answer these targeted interrogatories while using Milbourne's sworn affidavit, and its refusal to clarify

Milbourne's involvement in discovery certification under Rule 26(g), creates a scheme to interfere with the judicial process by advancing untested factual assertions while blocking factual inquiry. This constitutes fraud upon the court under Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1944), and Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 872 (5th Cir. 1989), warranting sanctions, disqualification of Milbourne's affidavit, and criminal referral.

In this case, Walmart's actions constitute precisely the type of fraud upon the court condemned in **Hazel-Atlas** and **Wilson**. Walmart has repeatedly asserted before **OSHA**, the **OALJ**, and this Court that EXHIBIT **2 is merely an "unredacted" version of** EXHIBIT **1**, despite material differences in the documents as shown above. Walmart has relied on these representations to support its "same decision" defense under **SOX/CAARA**, claiming that it would have terminated Plaintiff even absent whistleblowing. Yet, when faced with **Interrogatories 2–4** seeking a simple **YES/NO confirmation under oath** of its public representations, Walmart **refused to answer**, instead asserting **irrelevance, disproportionality, and argumentative objections**, while continuing to rely on the same documents in its defense.

This deliberate refusal to answer discovery on critical factual issues, while simultaneously using the same unverified factual narrative in litigation, is designed to preserve a litigation advantage while preventing Plaintiff and the Court from testing the truth of Walmart's assertions. As the **Fifth Circuit has explained**, fraud upon the court exists where a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. **Wilson, 873 F.2d at 872.**

Walmart's conduct here meets this standard:

- Walmart has **affirmatively used Milbourne's June 3, 2025 sworn affidavit**, which claims he has "personal knowledge of the facts stated", while simultaneously blocking Plaintiff from testing Milbourne's assertions by refusing to clarify under oath whether the documents Milbourne relies upon are in fact what Walmart claims them to be.

- Walmart's **June 11, 2025 email (EXHIBIT A-4) from Morgan Jones** and its statements in **Dkt 65** admit that Walmart intentionally **refused to provide substantive interrogatory answers** while continuing to rely on the factual assertions that the interrogatories were designed to test. This tactic confirms an intentional scheme to deprive Plaintiff of the ability to expose contradictions between Milbourne's affidavit, Walmart's prior representations to federal agencies, and the true nature of EXHIBITs 1 and 2.

- Walmart's refusal to clarify the authenticity of EXHIBITs 1 and 2 **under oath** is especially egregious given that the authenticity of these documents is central to Walmart's "same decision" defense, which requires clear and convincing evidence under **49 U.S.C. § 42121(b)(2)(B)(iv)** and **Allen v. ARB, 514 F.3d 468, 476 (5th Cir. 2008)**. By blocking Plaintiff's efforts to challenge these documents while using them to justify Plaintiff's termination, Walmart corrupts the truth-finding process and deprives Plaintiff of a fair opportunity to challenge Walmart's claims.

This conduct also violates the **principles articulated in Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)**, where the Supreme Court affirmed that federal courts have inherent authority to sanction parties who engage in bad-faith conduct that abuses the judicial process. In **Chambers**, the Court explained that fraud upon the court includes conduct that abuses the litigation process and obstructs the opposing party's ability to present its case fully and fairly. Walmart's obstruction, refusal to answer straightforward discovery requests, and misuse of unverified evidence to its advantage constitute such abuse.

Additionally, Walmart's attorneys' refusal to certify (**EXHIBIT A-3, EXHIBIT A-4**) their discovery positions under **Rule 26(g)** while delegating certification responsibilities to a junior attorney without

proper oversight further demonstrates an intentional disregard for the procedural safeguards designed to protect the integrity of discovery and to ensure that discovery positions are advanced in good faith. Courts have held that such failures undermine the discovery process and support findings of bad faith and fraud upon the court. See **Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997)**.

In this context, Walmart's June 11 email (**EXHIBIT A-4**) and Dkt 65 filings are critical evidence demonstrating that Walmart and its counsel, including Peter Wahby, Morgan Jones, and Holmes Hampton, have actively obstructed discovery while leveraging untested sworn testimony to their advantage. This deliberate strategy is designed to corrupt the truth-finding process, prevent Plaintiff from testing the accuracy of Walmart's defenses, and secure an unjust litigation advantage while evading accountability. Accordingly, the Court should treat Walmart's June 11 email, Dkt 65 statements, and Walmart's refusal to comply with Plaintiff's Discovery Clarification Request as:

- Evidence of bad faith litigation conduct and obstruction supporting sanctions under Rule 37(b) and (d).
- Evidence of fraud upon the court warranting referral for criminal investigation under 18 U.S.C. §§ 1001, 1503, 1519, and 1621.
- Grounds for striking Milbourne's affidavit, disqualifying him as a fact witness, and drawing adverse inferences that Walmart's refusal to confirm under oath is an admission that the documents were altered or inconsistent with its claims.
- Grounds for monetary sanctions under Rule 37(a)(5) and the inherent authority of the Court to deter further misconduct.

Walmart's actions are not mere procedural missteps or isolated discovery disputes; they constitute an intentional and systemic effort to corrupt the judicial process by advancing untested, potentially false narratives while blocking Plaintiff from verifying those claims **under oath**. This satisfies the "high standard" required for a finding of fraud upon the court, as reaffirmed in Hazel-Atlas, Wilson, and Chambers, and warrants severe remedial measures, including criminal referral, sanctions under Rule 37(b), and striking of Milbourne's affidavit from the record.

In sum, Walmart's refusal to answer Plaintiff's targeted interrogatories while continuing to use the unverified documents and Milbourne's affidavit to advance its defense is a deliberate strategy designed to preserve a litigation advantage, mislead the Court, and prevent Plaintiff from exposing falsehoods central to this litigation. This constitutes fraud upon the court and requires immediate corrective action by this Court to protect the integrity of these proceedings and to preserve Plaintiff's statutory rights under whistleblower laws.

## V. VIOLATIONS OF FEDERAL STATUTES

Walmart's conduct implicates multiple federal criminal statutes:

1. **18 U.S.C. § 1001 (False Statements):** Walmart made materially false representations to OSHA, OALJ, and this Court, claiming EXHIBIT 2 was merely unredacted while refusing to confirm this under oath in discovery.
2. **18 U.S.C. § 1503 (Obstruction of Justice):** Walmart's conduct obstructs the due administration of justice by blocking Plaintiff's ability to challenge its central defense.
3. **18 U.S.C. § 1519 (Destruction/Falsification of Records):** The potential alteration of EXHIBIT 1 to create EXHIBIT 2, coupled with false representations during litigation, may constitute falsification with the intent to obstruct a federal investigation.
4. **18 U.S.C. § 1621 (Perjury):** If Milbourne's statements conflict with document metadata or the true nature of EXHIBIT 1 and EXHIBIT 2, his affidavit constitutes perjury.

## VI. REQUESTED RELIEF

Plaintiff respectfully requests that this Court:

1. Refer Walmart Inc., Adrian Milbourne, Peter Wahby, Morgan Jones, Holmes Hampton, and Walmart's legal department to the U.S. Attorney's Office and the FBI for investigation under 18 U.S.C. §§ 1001, 1503, 1519, and 1621.
2. Allow this litigation to proceed without delay while referring Walmart, its attorneys, and Mr. Milbourne for criminal investigation, ensuring the integrity of these proceedings is preserved during the ongoing case
3. Impose sanctions under Rule 37(b)(2) and Rule 26(g), including:
    - Striking Walmart's defenses relying on EXHIBIT 1 and 2 (Complaint Dkt 13)
    - Prohibiting Walmart from asserting its "same decision" defense absent sworn confirmation under oath.
    - Imposing monetary sanctions (Plaintiff will submit a cost affidavit post-ruling).
4. Order Walmart to provide a sworn YES/NO confirmation to Interrogatory No. 2 within 7 days and fully answer Interrogatories 3 and 4, with a warning that failure to comply will lead to a motion for Default Judgment.
5. Grant any additional relief this Court deems just and necessary to protect the integrity of these proceedings and the public's interest in the fair administration of justice.

This relief is necessary to protect the integrity of these proceedings, uphold Plaintiff's statutory rights under CAARA and SOX, and prevent the judicial process from being manipulated by a calculated pattern of obstruction and deception.

Dated: July 7, 2025

Respectfully Submitted,

_____
DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On June 7, 2025, a true and correct copy of the foregoing was served upon the following through the Court's CM/ECF system:

| | | |
|---|---|---|
| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.

Dated: July 7, 2025

                                                      Respectfully Submitted

                                                      */s/ Dilip Kumar Jana*

                                                      Dilip Jana, pro se Plaintiff
                                                      Tel: 318-243-9743
                                                      EMail: janadilip@gmail.com
                                                      800 Fairlawn St, Allen, TX, 75002

PLAINTIFF'S MOTION FOR CRIMINAL REFERRAL AND SANCTIONS.     Page 16 of 16
*Jana v. Walmart, Inc.*