# EXHIBIT A-1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| DILIP JANA,               ) | |
|                   ) | |
|       Plaintiff,     ) | |
|                   ) | Action No. 4:24-CV-00698-BD |
| v.                    ) | |
|                   ) | |
| WALMART INC.,      ) | |
|                   ) | |
|       Defendant.   ) | |
|                   ) | |

**DEFENDANT'S OBJECTIONS AND ANSWERS
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Walmart Inc. ("Walmart") serves its Objections and Answers ("Answers") to Plaintiff's First Set of Interrogatories ("Interrogatory" or "Interrogatories"). Walmart's Answers are based on information discovered to date. Discovery is ongoing, and Walmart reserves the right to supplement or amend its Answers under the Federal Rules.

Dated: April 28, 2025

Respectfully submitted,

*/s/ Peter S. Wahby*
Peter S. Wahby
Texas Bar No. 24011171
peter.wahby@gtlaw.com
Morgan E. Jones
Texas Bar No. 24132301
morgan.jones@gtlaw.com
Holmes H. Hampton
Texas Bar No. 24144019
holmes.hampton@gtlaw.com
**Greenberg Traurig LLP**
2200 Ross Ave., Suite 5200
Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2025, a true and correct copy of the foregoing has been served upon all parties and counsel of record via the Court's e-filing system.

*/s/ Peter S. Wahby*

Peter S. Wahby

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Walmart objects to Plaintiff's Instructions and Interrogatories to the extent they attempt to impose obligations on Walmart that exceed the requirements of the Federal Rules of Civil Procedure. Walmart will comply with its obligations under the Federal Rules of Civil Procedure in responding to Plaintiff's Interrogatories.

2.      Walmart objects to the definition of "You," "Your," and "Yourself" because it includes parties/entities/persons acting in their individual capacities and in capacities unrelated to Walmart and that are not subject to Walmart's control. Walmart will interpret "You," "Your," and "Yourself" to mean Walmart Inc. and no other person or entity.

3.      Walmart objects to the definition of "Document," "Documents," and "Writing" because it is significantly broader than the language in Federal Rule of Civil Procedure 34(a)(1)(A). Walmart will interpret "Document," "Documents," and "Writing" as "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." FED. R. CIV. P. 34(a)(1)(A).

4.      Walmart objects to each of the definitions of "Identify," "Identifying," and "Identification" and the related instructions as overbroad, unduly burdensome, and seeking information, documents, and materials that are neither relevant nor reasonably calculated to lead to the discovery of relevant evidence, as well as because they seek to impose obligations on Walmart that exceed the obligations imposed by the Federal Rules of Civil Procedure. Walmart will interpret "Identify," "Identifying," and "Identification" according to their plain and ordinary meanings and will comply with its obligations under the Federal Rules of Civil Procedure only.

5.      Walmart objects to providing any substantive, confidential information to Plaintiff in its Answers prior to the entry of a protective order in this lawsuit.

6.      Walmart opposes each part of Plaintiff's Interrogatories that calls for material that is protected by the attorney-client, work product, investigative, or any other applicable privileges. To the extent an Interrogatory must be construed to seek disclosure of such privileged or protected information, Walmart objects to the Interrogatory, and will provide only non-privileged and non-protected information. Inadvertent disclosure does not waive a claim of privilege. Walmart objects to any and all Interrogatories that seek information that is confidential, proprietary, trade secret, or commercially sensitive information of Walmart.

7.      Walmart objects to the Interrogatories because they are improper compound interrogatories and their numerous discrete subparts exceed the number of Interrogatories permitted under the Federal Rules of Civil Procedure.

## ANSWERS & OBJECTIONS

Walmart's Answers are based on the information presently available to Walmart and are made without prejudice to or waiver of Walmart's right to modify, amend, revise, correct, supplement, add to, or clarify such Answers. These Answers are given without prejudice to Walmart's right to produce evidence of and use any subsequently discovered information. Walmart provides each of the Answers herein without conceding their materiality, admissibility, or relevance. Discovery and trial preparation may develop further information affecting these Answers, and Walmart reserves the right to amend or supplement its Answers accordingly. By these Answers, Walmart does not intend to limit its use of any additional information or documents that it may subsequently obtain during the course of discovery and further investigation.

**INTERROGATORY NO. 1:** Identify all persons answering or supplying information used in answering these Interrogatories. Please be specific to each individual's contribution to each of the answers of these Interrogatories

> **ANSWER:**  Walmart objects because this Interrogatory is vague and ambiguous as to the meanings of "supplying information" and "contribution." Walmart also objects because this Interrogatory is overbroad, unduly burdensome, and seeks information that is neither relevant to the parties claims and defenses in this lawsuit nor proportional to the needs of the case by requesting that Walmart identify all persons "supplying information used in answering these Interrogatories" and specifically detail each "contribution." Walmart further objects because this Interrogatory seeks information protected by the attorney/client and work product privileges.

**INTERROGATORY NO. 2:** This interrogatory is related to EXHIBIT 1 (Complaint, Dkt 13, PageID#:298) and EXHIBIT 2 (Complaint, Dkt 13, PageID#:299) of the Complaint (Dkt 13) and here is the context.

Complaint ¶191 claimed:

> "Walmart and its attorney's modified/altered evidence and presented the modified documents to Federal Agencies; makes it a crime…Upon close inspection, one can find that EXHIBIT 2 is an altered version of EXHIBIT 1 which appears to be for the purpose of committing fraud, thus making it a crime under Federal Laws."

On June 14, 2024, Defendant in its Answer to the Plaintiff's Complaint to Administrative Law Judge at the Department of Labor said,

> "Walmart provided a redacted version in its original response out of an abundance of caution. We have reassessed the document and determined that it was originally marked for privilege in good faith error. We are attaching the unredacted version herein as an Exhibit and intend on providing the attachments subject to a protective order" (emphasis added)

On December 19, 2024, Defendant in it's Brief to this Court (Dkt 30, Page 11, PageID 590) claimed,

> "Plaintiff again returns to his theory that Walmart committed criminal fraud in the OSHA proceedings below by altering a document. Walmart hesitates to dignify this conspiracy theory with another response and instead refers the Court to Walmart's Reply in Support of Motion to Stay Discovery, Dkt. No. 23, which explains that the "altered document" was a mere unredacted version of a document already produced. Relatedly, Plaintiff argues that the Motion should be denied because Walmart has unclean hands from "altering evidence." Response ¶85. But as stated above, **Walmart did not "alter" evidence**—it produced an unredacted version of a document" (emphasis added)

Do you still maintain that EXHIBIT 2 (Complaint, Dkt 13, PageID#:299) is exactly the same unaltered document but just "**unredacted version" of** EXHIBIT 1 (Complaint, Dkt 13, PageID#:298)?

Please answer YES/NO.

> **ANSWER:** Walmart objects because the information sought by this Interrogatory is neither relevant to the parties' claims or defenses in this lawsuit nor proportional to the needs of the case. The alleged issues Plaintiff raises in this Interrogatory regarding certain documents produced in the prior administrative proceedings bear no discernable relevance to Plaintiff's claims for alleged violations of the Criminal Antitrust Anti-Retaliation Act ("CAARA") and the Sarbanes-Oxley Act ("SOX") or Walmart's defenses in this lawsuit.
>
> Walmart also objects because this Interrogatory contains inaccurate underlying statements and misleading implications. For example, this Interrogatory states/implies that Walmart and its attorneys committed crimes or fraud, improperly modified or altered evidence, violated federal laws, and explicitly states that "EXHIBIT 2 (Complaint, Dkt 13, PageID#:299) is exactly the same [as] EXHIBIT 1 (Complaint, Dkt 13, PageID#:298)." Walmart objects because this Interrogatory requires Walmart to adopt Plaintiff's incorrect assumptions and argumentative statements in answering it, and therefore Walmart cannot answer "YES" or "NO" to this Interrogatory as phrased.

**INTERROGATORY NO. 3:** If your answer to interrogatory 2 is YES, please answer following questions:

- EXHIBIT 1 had an attachment "**Termination recommend…msg**" which is clearly visible, why EXHIBIT 2 does not have "**Termination recommend…msg**"?

- Why are the sent dates of EXHIBIT 1 (Wednesday, October 4, 2023 11:07:31 PM) and EXHIBIT 2 (Wednesday, October 4, 2023 6:08 PM) different?

- Why is there 1 at the bottom of EXHIBIT 2 while there is no 1 in EXHIBIT 1?

**ANSWER:** Because Interrogatory No. 3 by its terms refers to Interrogatory No. 2, Walmart incorporates its objections to Interrogatory No. 2 by reference. Walmart further objects because this Interrogatory contains multiple discrete subparts that each constitute a separate interrogatory and seeks information that is neither relevant to the parties' claims or defenses in this lawsuit nor proportional to the needs of the case. The questions raised by Plaintiff in this Interrogatory regarding certain alleged inconsistencies between documents lacks relevance to Plaintiff's CAARA and SOX claims or Walmart's defenses in this lawsuit.

Walmart also objects because this Interrogatory's lack of context and specificity obligate Walmart to speculate and make assumptions about what Plaintiff is asking, which documents Plaintiff is referring to, and whether Plaintiff made certain grammatical or spelling errors. Walmart further objects because this Interrogatory is vague, unclear, and

ambiguous. For example, this Interrogatory is unclear as to whether "EXHIBIT 1" and "EXHIBIT 2" refer to Dkt. 13-1, Dkt. 13-2, or other documents. This Interrogatory also asks why the "sent dates" between "EXHIBIT 1" and "EXHIBIT 2" differ, however, there is only one date identified in this Interrogatory: Wednesday, October 4, 2023.

Walmart further objects because this Interrogatory appears to seek attorney-client communications, attorney work product, and other privileged information.

**INTERROGATORY NO. 4:** If your answer to interrogatory 2 is NO, please answer following questions:

- Did Defendant alter EXHIBIT 1?

- Who and when was EXHIBIT 1 altered?

- What's in the altered content

- What was the purpose of the alternation?

**ANSWER:** Because Interrogatory No. 4 by its terms refers to Interrogatory No. 2, Walmart incorporates its objections to Interrogatory No. 2 by reference. Walmart further objects because this Interrogatory contains multiple discrete subparts that each constitute a separate interrogatory and seeks information that is neither relevant to the parties' claims or defenses in this lawsuit nor proportional to the needs of the case. The questions raised by Plaintiff regarding whether a particular document was "altered" bear no discernable relevance to Plaintiff's CAARA and SOX claims or Walmart's defenses in this lawsuit.

Walmart also objects because this Interrogatory's lack of context and specificity obligate Walmart to speculate and make assumptions about what Plaintiff is asking, which documents Plaintiff is referring to, and whether Plaintiff made certain grammatical or spelling errors. Walmart further objects because this Interrogatory is vague, unclear, confusing, and ambiguous. For example, this Interrogatory lacks clarity as to whether "EXHIBIT 1" refers to Dkt. 13-1, Dkt. 13-2, or some other document.  Plaintiff's second bullet asking "Who [] was EXHIBIT 1 altered?" is incoherent. Walmart suspects Plaintiff intended to use the term "alteration" instead of "alternation" in the fourth question, but Walmart cannot reasonably be expected to make assumptions about potential spelling errors when answering Plaintiff's interrogatories.

Walmart further objects because this Interrogatory appears to seek attorney-client communications, attorney work product, and other privileged information.

**INTERROGATORY NO. 5:** Defendant's Reply in Support of Motion to Dismiss (Dkt 30, page #10) states:

> "Plaintiff's apparent inability to comprehend that his continual questioning of the competency of his supervisors would result in an adverse employment action"

Plaintiff requests that the Defendant supply the following in support of this language and assertion during Plaintiff's employment at Walmart prior to the termination decision:

a)  What constitutes a 'continual' questioning?

b)  How many times of this are alleged to have occurred?

c)  Please provide events with dates, locations, persons involved, context and detailed description of the event Plaintiff's "continual questioning of the competency of his supervisors" prior to 10-19-2023.

d)  Do you agree that use of the word 'continual' is hyperbole and grossly misleading. If no, explain why.

**ANSWER:** Walmart objects to this Interrogatory because it contains multiple discrete subparts that each constitute a separate interrogatory.

Walmart further objects because this Interrogatory seeks information that is neither relevant to the parties' claims or defenses in this lawsuit nor proportional to the needs of the case—by asking numerous questions specifically about Walmart's use of the word "continual" to describe Plaintiff's conduct in a Reply brief Walmart filed with this Court.

Walmart further objects because this Interrogatory requires Walmart to adopt Plaintiff's opinions and argumentative statements in answering and because the Interrogatory improperly calls for opinions, conclusions, and contentions from Walmart instead of specific facts. For example, this Interrogatory asks Walmart to "agree that [its] use of the word 'continual' is hyperbole [*sic*] and grossly misleading," to identify the number of times an "alleged" event occurred, and to provide the definition of the phrase "'continual' questioning."

Walmart further objects because this Interrogatory is vague, unclear, confusing, and ambiguous. By way of example, subpart (b) lacks clarity as to the meaning of "times of this" and subpart (c) uses singular and plural forms of "event" so it is unclear whether Plaintiff is referring to a single event or multiple events. The lack of proper punctuation, spelling, and grammar render Plaintiff's multiple subparts almost incomprehensible.

Walmart further objects because this Interrogatory appears to seek attorney-client communications, attorney work product, and other privileged information.

**INTERROGATORY NO. 6:** Plaintiff's Complaint states that SOX (shareholder fraud), CAARA (Antitrust fraud), and FCPA violation whistleblower activities were related to Ridhi Mehra's alleged wrongdoing. Ridhi Mehra's tenor of 12 years at Walmart ended within a few months after Plaintiff's termination and during pendency of this case with Ridhi Mehra as the main witness. Walmart terminated the employment of their main witness of Dr. Jana's termination. In one of its Briefs to this Court, Walmart stated they terminated Mrs. Mehra because of "mismanagement". Please answer following questions:

a) What type of mismanagement specifically led Mrs. Mehra's termination; please explain in detail.

b) Does it refer to mismanagement of money, personnel, corruption or something else?

c) When did this mismanagement occur? How did Walmart find this mismanagement?

d) Is this mismanagement related to Dr. Jana's case or lawsuit? Please explain.

**ANSWER:**  Walmart objects to this Interrogatory because it contains multiple discrete subparts that each constitute a separate interrogatory.

Walmart further objects to this Interrogatory because it seeks material from employee personnel files that is confidential, privileged information in which a nonparty has a significant protected privacy interest. Walmart also objects because the information sought in this Interrogatory is neither relevant to the parties' claims or defenses in this lawsuit nor proportional to the needs of the case. This Interrogatory requests confidential, sensitive information related to the employment of an individual who is not a party to this lawsuit and is no longer employed by Walmart, and Walmart objects accordingly.

Walmart further objects because many aspects of this Interrogatory are vague, unclear, confusing, and ambiguous. By way of example, the terms "it" and "this mismanagement" are undefined and lack proper context to allow Walmart to respond. The lack of proper punctuation, spelling, and grammar make Plaintiff's questions difficult to decipher.

Walmart further objects because this Interrogatory requires Walmart to adopt Plaintiff's opinions and argumentative statements in answering. Walmart also objects because this Interrogatory improperly calls for opinions, conclusions, and contentions from Walmart instead of specific facts. This Interrogatory speculates/implies that the termination of Ridhi Mehra's employment with Walmart related to Plaintiff or this lawsuit by stating: "Walmart terminated the employment of their main witness of Dr. Jana's termination" and "Ridhi Mehra's tenor of 12 years at Walmart ended within a few months after Plaintiff's termination and during pendency of this case." Further, this Interrogatory implies that Walmart committed some alleged misconduct by asking whether Ridhi Mehra was terminated for mismanaging "corruption." This speculative, argumentative Interrogatory is improper and does not warrant a response from Walmart.

Walmart further objects because this Interrogatory appears to seek attorney-client communications, attorney work product, and other privileged information.

**INTERROGATORY NO. 7:** State and describe in detail all evidence including documents, affidavits and/or statements which you have not submitted to Plaintiff upon which you intend to rely, or submit at the hearing.

> **ANSWER:** Walmart objects to this Interrogatory because it is unreasonably cumulative and duplicative of Plaintiff's Requests for Production, Walmart's Initial Disclosures, and Walmart's forthcoming pre-trial materials which will be provided to Plaintiff in accordance with this Court's pre-trial and other orders and the applicable rules of civil procedure.
>
> Walmart objects because this Interrogatory requests Walmart to marshal its evidence by asking Walmart to "state and describe in detail all evidence" that Walmart intends to rely upon. Walmart further objects to this Interrogatory as being unduly burdensome and overly broad because it asks Walmart to state and describe in detail "all evidence" Walmart "intend[s] to [] submit at the hearing." Walmart similarly objects because this Interrogatory requests that Walmart submit a narrative account of its case.
>
> Walmart further objects because this Interrogatory appears to seek attorney-client communications, attorney work product, and other privileged information.

**INTERROGATORY NO. 8:** Please provide a list of each and every document with detailed description with dates, projects, meetings etc. which you are using to support your claims that termination was because of insubordination and performance.

> **ANSWER:** Walmart objects to this Interrogatory because it is unreasonably cumulative and duplicative of Plaintiff's Requests for Production, Walmart's Initial Disclosures, and Walmart's forthcoming pre-trial materials which will be provided to Plaintiff in accordance with this Court's pre-trial and other orders and the applicable rules of civil procedure.
>
> Walmart objects because this Interrogatory requests Walmart to marshal its evidence by asking Walmart to "provide a list of each and every document with detailed description with dates, projects, meetings etc." that supports Walmart's defenses (which are confusingly referred to as "claims" in Plaintiff's Interrogatory). Walmart further objects to this Interrogatory as being unduly burdensome and overly broad because it asks Walmart to list and describe in detail "each and every document" Walmart may use to support its defenses. Walmart similarly objects because this Interrogatory requests that Walmart submit a narrative account of its case.
>
> Walmart also objects because this Interrogatory is vague, confusing, unclear, and lacks specificity as to the terms "projects, meetings etc." and requires Walmart to make assumptions about whose "termination" this Interrogatory refers to.
>
> Walmart further objects because this Interrogatory appears to seek attorney-client communications, attorney work product, and other privileged information.

**INTERROGATORY NO. 9:** Please describe detailed inputs from Adrian Milbourne, Ridhi Mehra, Allie Hazelwood, Greg Cathy, Shawn Cohen, Wendy Bowman, Monica Hall, Lori Chumbler, Jelahan Stewart for Plaintiff's termination recommendation.

> **ANSWER:** Walmart objects to this Interrogatory because it seeks material from employee personnel files that is confidential, privileged information in which nonparties have a significant protected privacy interest. Walmart also objects because the phrases "detailed inputs" and "Plaintiff's termination recommendation" are undefined, vague, ambiguous, and unclear.
>
> Walmart objects to this Interrogatory as being unduly burdensome and overly broad because it asks Walmart to describe "detailed inputs" from nine individuals "for Plaintiff's termination recommendation." Walmart similarly objects because this Interrogatory requests that Walmart submit a narrative account of its case.
>
> Walmart further objects because this Interrogatory appears to seek attorney-client communications, attorney work product, and other privileged information.

**INTERROGATORY NO. 10:** Walmart's position statement submitted to OSHA on or around Feb 21, 2024 had, "Despite repeated efforts by his leadership to help Jana find a path to success, Jana refused to do so"

(i)   Please describe Dr. Jana's leadership's repeated efforts with date, projects and brief description of what efforts the leadership made to help Dr. Jana get success.

(ii)  Please provide cases with dates and projects where Dr. Jana "refused to do so".

(iii) Please state the dates with appropriate project details when management warned Dr. Jana about his refusal to do the task.

> **ANSWER**:  Walmart objects to this Interrogatory because it contains multiple discrete subparts that each constitute a separate interrogatory.
>
> Walmart objects because this Interrogatory seeks information that is neither relevant to the parties' claims or defenses in this lawsuit nor proportional to the needs of the case—by asking numerous questions about a specific phrase in Walmart's position statement that was submitted in a different, prior proceeding.
>
> Walmart objects because this Interrogatory is vague, unclear, confusing, and ambiguous as to, among other things, the meaning of the following phrases: "date, projects and brief description," "get success," "cases with dates and projects," "appropriate project details," and "the task."
>
> Walmart objects because this Interrogatory requires Walmart to adopt Plaintiff's assumptions and argumentative statements in answering. Walmart also objects because this

Interrogatory improperly calls for opinions, conclusions, and contentions from Walmart by asking for "appropriate project details" and for subjective "efforts [] to help [Plaintiff] get success."

Walmart further objects because this Interrogatory appears to seek attorney-client communications, attorney work product, and other privileged information.

## INTERROGATORY NO. 11:

(i)    Describe the roles and responsibilities of Dr. Jana (Director of Data Science) and Kamil Bay (Director of Analytics) when Ridhi Mehra and Adrian Milbourne set up the new team by hiring these two Directors on or around January-April 2023.

(ii)    Please list in detail all reasons that Kamil Bay was hired as a Director of Analytics, not as Director of Data Science as of April 8, 2023.

(iii)    Please list in detail all reasons that Dr. Jana was hired as a Director of Data Science, not as Director of Analytics as of April 8, 2023.

(iv)    State any changes of Roles and Responsibilities of Dr. Jana (Director of Data Science) and Kamil Bay (Director of Analytics) that occurred after August 8, 2023 and before October 4, 2023 and the reason for that change.

**ANSWER:**    Walmart objects and declines to answer this Interrogatory because Plaintiff exceeded the number of interrogatories allowed by the Federal Rules of Civil Procedure. Walmart also objects because this Interrogatory is impermissibly compound and contains multiple discrete subparts that each count as a separate interrogatory.

Walmart objects to this Interrogatory because it seeks material from employee personnel files and other employment-related documents that is confidential, privileged information in which a nonparty has a significant protected privacy interest. Walmart also objects because this Interrogatory is overbroad and seeks information that is neither relevant to the parties' claims or defenses in this lawsuit nor proportional to the needs of the case. This Interrogatory requests confidential, privileged information related to the decision to hire nonparty Kamil Bay, as well as information regarding any changes to his role and responsibilities – including the reasons for any such change. This Interrogatory also implicates the confidential, privileged information of other nonparties that applied for or otherwise were considered for the Director of Data Science or Director of Analytics positions, including the reasons why such individuals were not hired.

Walmart further objects because this Interrogatory appears to seek attorney-client communications, attorney work product, and other privileged information.

**INTERROGATORY NO. 12:** Please list all positions/Designations held by Kamil Bay with dates since Kamil Bay joined Walmart until October 19, 2024.

> **ANSWER:** Walmart objects and declines to answer this Interrogatory because Plaintiff exceeded the number of interrogatories allowed by the Federal Rules of Civil Procedure.
>
> Walmart objects because this Interrogatory is vague, confusing, unclear, and lacks specificity as to whether "all positions/Designations" is limited to Kamil Bay's employment with Walmart. To the extent this Interrogatory is not limited to Kamil Bay's employment with Walmart, Walmart objects because this Interrogatory seeks information that is irrelevant, beyond Walmart's scope of knowledge, not proportional to the needs of this case, overly broad, and unduly burdensome.
>
> Walmart objects to this Interrogatory because it seeks material from employee personnel files that is confidential, privileged employment information in which a nonparty has a significant protected privacy interest. Walmart further objects because this Interrogatory seeks information that is neither relevant to the parties' claims or defenses in this lawsuit nor proportional to the needs of the case—by seeking employment information related to a nonparty.

**INTERROGATORY NO. 13:** Walmart's position statement submitted to OSHA on or around Feb 21, 2024 had, "Apart from belittling and insulting his supervisor by indicating that Milbourne does not understand "simple English," Jana provides no solutions or proposals - his expectation is that Milbourne, his supervisor, "provide []... all the answers..This behavior was emblematic of Jana's overall performance"

While disagreeing with the assertion that Dr. Jana somehow belittled Milbourne, how does that affect Dr. Jana's quality of work or eliminate the need for data and answers required to complete the task? The answers (solutions or proposals) Dr. Jana provided were to repeatedly ask for relevant parties to provide the needed data and information required for the work.

> **ANSWER:** Walmart objects and declines to answer this Interrogatory because Plaintiff exceeded the number of interrogatories allowed by the Federal Rules of Civil Procedure. Walmart also objects because this Interrogatory is impermissibly compound.
>
> Walmart objects because this Interrogatory requires Walmart to adopt Plaintiff's opinions and argumentative statements when answering. For example, the question in this Interrogatory begins with the phrase "[w]hile disagreeing with the assertion that [Plaintiff] somehow belittled Milbourne[.]" This Interrogatory also contains Plaintiff's unsolicited and irrelevant opinion that "[t]he answers (solutions or proposals) [Plaintiff] provided were to repeatedly ask for relevant parties to provide the needed data and information required for the work." Walmart further objects because this Interrogatory calls for opinions, conclusions, and contentions from Walmart instead of specific facts—by, for example, asking "how does that affect [Plaintiff's] quality of work or eliminate the need for data and answers required to complete the task?"

Walmart objects because this Interrogatory is vague, unclear, confusing, and ambiguous as to, among other things, the meaning of the following phrases/terms: "that" and "the task." This Interrogatory also lacks proper grammar or punctuation—making the statements and related question even more difficult to decipher.

Walmart further objects because this Interrogatory appears to seek attorney-client communications, attorney work product, and other privileged information.

### INTERROGATORY NO. 14:

(i) Please state how many 1:1 meetings or Quarterly Touch Base meetings were scheduled between Ridhi Mehra and Dr. Jana between Aug 8, 2023 and October 19, 2023 (by Ridhi Mehra's secretary Laura Tedrik) and how many times those meetings were either rescheduled/never met or canceled?

(ii) Please state how many 1:1 meetings or Quarterly Touch Base meetings were scheduled between Ridhi Mehra and Dr. Jana between April 8, 2023 and August 8, 2023 (by Ridhi Mehra's secretary Laura Tedrik) and how many times those meetings were either rescheduled/never met or canceled?

**ANSWER:** Walmart objects and declines to answer this Interrogatory because Plaintiff exceeded the number of interrogatories allowed by the Federal Rules of Civil Procedure. Walmart also objects because this Interrogatory is impermissibly compound and contains multiple discrete subparts that each count as a separate interrogatory.

Walmart objects because this Interrogatory seeks information that is neither relevant to the parties' claims and defenses nor proportional to the needs of the case. Whether certain scheduled meetings between Plaintiff and Ridhi Mehra were rescheduled or cancelled— for any reason—does not bear any discernable relevance to this lawsuit. Walmart objects because this Interrogatory is vague, ambiguous, confusing, and unclear as to, among other things, its uses of the phrase "either rescheduled/never met or canceled."

**INTERROGATORY NO. 15:** Please list any adverse actions (including but not limited to disciplinary action, termination etc.) against Kamil Bay, Adrian Milbourne and Ridhi Mehra between August 8, 2023 and March 28, 2025 taken by Walmart in connection with this lawsuit.

**ANSWER:**  Walmart objects and declines to answer this Interrogatory because Plaintiff exceeded the number of interrogatories allowed by the Federal Rules of Civil Procedure.

Walmart objects to this Interrogatory because it seeks material from employee personnel files that is confidential, privileged information in which non-parties have a significant protected privacy interest. Walmart further objects because this Interrogatory seeks information that is neither relevant to the parties' claims or defenses in this lawsuit nor proportional to the needs of the case—by seeking employment information related to non-parties.

Walmart also objects because this Interrogatory is vague, unclear, confusing, and ambiguous as to, among other things, its use of the phrase: "any adverse actions (including but not limited to disciplinary action, termination etc.)." The phrase "in connection with this lawsuit" is also vague, unclear, confusing and ambiguous, especially in light of the timeframe set forth in this Interrogatory which starts in August 2023, a year before this lawsuit was even filed.

**INTERROGATORY NO. 16:** Please list any promotions or changes in roles and responsibilities (including but not limited to Changing from Director of Analytics to Director of Data Science) for Kamil Bay, Adrian Milbourne and Ridhi Mehra between August 8, 2023 and May 30, 2024 by Walmart and % of changes in compensation because of the promotions.

**ANSWER:**  Walmart objects and declines to answer this Interrogatory because Plaintiff exceeded the number of interrogatories allowed by the Federal Rules of Civil Procedure. Walmart also objects because this Interrogatory is impermissibly compound.

Walmart objects because this Interrogatory seeks information that is neither relevant to the claims or defenses in this lawsuit nor proportional to the needs of the case. Walmart also objects because this Interrogatory seeks material from employee personnel files that is confidential, privileged information in which non-parties have a significant protected privacy interest—by seeking information regarding nonparties' promotions, changes in roles or responsibilities, and financial information.

Walmart also objects to this Interrogatory because it is vague, confusing, and unclear as to, among other things, the meaning of the phrase: "% of changes in compensation because of the promotions."

**INTERROGATORY NO. 17:**

(i)    Please list all competing vendors for the "Defect Engine" "Request for Proposal" on or around January-April 2023.

(ii)    Please describe the vendor evaluation criteria to select the finalist from all competing vendors.

(iii)    Please list initial BID amounts (in dollars) from all competing vendors during the vendor selection process.

**ANSWER:**  Walmart objects and declines to answer this Interrogatory because Plaintiff exceeded the number of interrogatories allowed by the Federal Rules of Civil Procedure. Walmart also objects because this Interrogatory contains multiple discrete subparts that each count as a separate interrogatory.

Walmart objects because this Interrogatory's lack of context and specificity obligates Walmart to speculate and make assumptions regarding the information Plaintiff requests and which events and which vendors are being referred to. Walmart objects to this Interrogatory as overbroad, unduly burdensome, and that it seeks information that is neither relevant to the parties' claims and defenses nor proportional to the needs of the case—by seeking Walmart's "vendor evaluation criteria" and other information related to irrelevant transactions.  The phrase "vendor evaluation criteria" is also vague, unclear, confusing and ambiguous.

**INTERROGATORY NO. 18:**

(i)  Please state whether you agree or disagree with the following statements/FACTS:

On or around <u>March 28, 2023</u> Infogain presented their proposal to win the bid which clearly stated:

"Our Day One MVP Team: We are ready to hit the ground running" with "OnSite" following people:

Asif Khan (Project Manager)

Sudeep Haldar (Subject Matter Expert)

Abdurrehman Malekji (AI Tech Lead)

Shahid Mohammed (Account Manager)

and proposed a BID of $180,000.

On <u>Tuesday, April 11, 2023</u> Shahid A. Mohammed of Infogain wrote to Kamil Bay:

"On Attached is the costing and team structure slide that we presented, this includes the cost for 13 weeks of MVP phase which includes staffing cost, laptops to Infogain team, travel cost for onsite team during initial phase to be in Bentonville. The resource headcount provided is for 100% capacity for all resources mentioned in the Slide 2 except for the onsite SME (Sudeep Haldar) who will be utilized partially on need basis"

On <u>Tuesday, April 11, 2023</u>, Kamil Bay responded to Shahid A. Mohammed of Infogain, "I'm somewhat confused. The RFP I got shows 180. Is the 180 POC, and 270 MVP? Is there a typo?"

On Tuesday, April 11, 2023 Kamil Bay informed Adrian Milbourne, Ridhi Mehra and Dr. Jana,"Infogain cost is $270k. Below is the explanation why the RFP says $180K, however if we want "onsite", it will be $270K."

The Initial SoW had a clause, "Total fees under this SOW must not exceed $189, 520. Any fees exceeding $189, 520 must be pre-approved in writing by Walmart in the form of a Project Change request. The cost includes Travel & Logistics charges."

New BID amount of $270,000 happened before the start of the POC project.

Please state if you agree or disagree with the above facts/statements. If you disagree, please explain and provide details.

(i)     Please provide dates of Infogain's staff's presence at Bentonville, AR during the POC (sometimes referred to as MVP) of the Defect Engine.

Asif Khan (Project Manager)

Sudeep Haldar (Subject Matter Expert)

Abdurrehman Malekji (AI Tech Lead)

Shahid Mohammed (Account Manager)

**ANSWER:**  Walmart objects and declines to answer this Interrogatory because Plaintiff exceeded the number of interrogatories allowed by the Federal Rules of Civil Procedure. Walmart also objects because this Interrogatory is impermissibly compound and contains multiple discrete subparts that each count as a separate interrogatory.

Walmart objects because this Interrogatory improperly requires Walmart to adopt Plaintiff's opinions and implicitly argumentative statements when answering—by asking Walmart to "state whether you agree or disagree with the following statements/*FACTS*[.]" Walmart also objects because this Interrogatory provides a litany of detailed statements and requests that Walmart wholesale agree or disagree with the entirety of the statements.

Walmart objects because this Interrogatory's lack of context and specificity obligates Walmart to speculate and make assumptions regarding the information Plaintiff requests and which events and parties are being referred to. Walmart objects to this Interrogatory as overbroad, unduly burdensome, and that it seeks information that is neither relevant to the parties' claims and defenses nor proportional to the needs of the case as it requests Walmart to "provide dates of Infogain's staff's presence at Bentonville, AR" during an unidentified time period. Walmart also objects because it lacks knowledge or records of every instance that another company's employees were within the city limits of Bentonville, Arkansas.

Walmart objects because this Interrogatory subjects Walmart to undue burden and unnecessary expense by requesting that Walmart provide information that is more

---

efficiently, effectively, and less expensively obtained via other discovery devices, such as a subpoena to or deposition of nonparty Infogain.

Walmart also objects because this Interrogatory is vague, confusing, and unclear as to, among other things, the meaning of the phrases/terms: "POC (sometimes referred to as MVP) of the Defect Engine," "the POC project," and "Initial SoW."

**INTERROGATORY NO. 19:**

(i)   Please state the initial duration (tenure of the POC[1]) and total fees of POC for "Defect Engine" as signed between Walmart and Infogain/Absolute Data Technologies, Inc on or around April-June 2023.

(ii)   Please state the tentative start date and the end date of POC as signed in the Master Service Agreement between Walmart and Infogain/Absolute Data Technologies, Inc on or around April-June 2023.

(iii)   Please state the final END date and Total amounts paid (in dollars) to Infogain by the end of the POC

ANSWER:  Walmart objects and declines to answer these Interrogatories because Plaintiff exceeded the number of interrogatories allowed by the Federal Rules of Civil Procedure. Walmart also objects because this Interrogatory is impermissibly compound and contains multiple discrete subparts that each count as a separate interrogatory.

Walmart objects because this Interrogatory is unreasonably cumulative and duplicative of Plaintiff's Requests for Production.

Walmart also objects because this Interrogatory is vague, confusing, and unclear as to, among other things, the meaning of the phrases/terms: "total fees of POC," "POC as signed in the Master Service Agreement," "final END date," and "Total amounts paid." Walmart objects because this Interrogatory's lack of context and specificity obligates Walmart to speculate and make assumptions regarding the requested information and which document(s) Plaintiff is referring to.

Walmart objects because the information requested in this Interrogatory seeks information that is neither relevant to the parties' claims and defenses in this lawsuit nor proportional to the needs of the case. This Interrogatory requests specific start dates, end dates, and amounts paid pursuant to an agreement between Walmart and a nonparty.

**INTERROGATORY NO. 20:** Please list dates, payment amounts (with dates) for all SOWs (Statement of Work) signed between Walmart and Infogain/Absolute Data Technologies, Inc

---

[1] POC – Proof of Concept

("Consultant"), "Product Change Request" and revenue change due to "Defect Engine" POC project during April - December 2023

> **ANSWER:**  Walmart objects and declines to answer this Interrogatory because Plaintiff exceeded the number of interrogatories allowed by the Federal Rules of Civil Procedure. Walmart also objects to this Interrogatory because it is impermissibly compound.
>
> Walmart objects because this Interrogatory is unreasonably cumulative and duplicative of Plaintiff's Requests for Production.
>
> Walmart objects to this Interrogatory because it is vague, confusing, and unclear as to, among other things, the meanings of the following phrases/terms: "Product Change Request," "'Defect Engine' POC project," and "revenue change." Walmart objects because this Interrogatory's lack of context, proper punctuation, and specificity obligate Walmart to speculate and make assumptions regarding what information Plaintiff is attempting to target and which document(s) Plaintiff is referring to.
>
> Walmart objects because the information requested in this Interrogatory seeks information that is neither relevant to the parties' claims and defenses in this lawsuit nor proportional to the needs of this case. This Interrogatory requests "dates, payment amounts (with dates)," and revenue changes attributable to agreements between Walmart and a nonparty.
>
> Walmart also objects because this Interrogatory improperly seeks an expert opinion related to Walmart and Infogain's revenue changes during a certain time period and the cause(s) for any such changes.

## INTERROGATORY NO. 21:

(i)   Adrian Milbourne conducted a survey for Infogain on or around the month of August, 2023 in Walmart's Feedbackally (Walmart's internal feedback website) before extending Infogain's contract where team members provided inputs about their experience working with Infogain and Infogain's performance. Adrian Milbourne never shared that document to anybody despite repeated requests. Adrian Milbourne, however, read those feedbacks in a closed door meeting with Dr. Jana and Kamil Bay during his visit to Dallas office on or around August 25, 2023.

Please write in the exact response's associates provided for that feedback.

(ii)   Please state your opinion about Infogain's performance during the POC. Please state who provided this information to you.

(iii)   Please state whether Infogain completed their SoW tasks within the first 8 weeks (extended to 13 weeks) successfully?

(iv)   Plaintiff was the only Data Science Director and the majority of the work Infogain
was doing was related to Data Science. Plaintiff declined to approve Infogain's
work twice, one in the 3rd week of Aug 2023 and another one in the 4th week of
Sept, 2023 citing Infogain's poor performance.

Did Adrian Milbourne or Ridhi Mehra issue "rejection notice" to Infogain during
the "Acceptance Period" of the POC deliverables (3rd & 4th week of August 2023,
3rd & 4th week of September, 2023) before extending POC contracts to Infogain
for September 2023 and October 2023 and who approved Infogain's Data Science
Related results during the POC ?

**ANSWER:**  Walmart objects and declines to answer this Interrogatory because Plaintiff
exceeded the number of interrogatories allowed by the Federal Rules of Civil Procedure.
Walmart also objects to this Interrogatory because it is impermissibly compound and
contains multiple discrete subparts that each count as a separate interrogatory.

Walmart objects to this Interrogatory because it seeks information that is neither relevant
to the parties claims and defenses in this lawsuit nor proportional to the needs of the case.

Walmart objects because this Interrogatory requires Walmart to adopt Plaintiff's opinions
and argumentative statements in answering and because the Interrogatory improperly calls
for opinions, conclusions, and contentions from Walmart instead of specific facts. For
example, this Interrogatory asks Walmart to "state [its] opinion about Infogain's
performance" and "state whether Infogain completed their SoW tasks [] successfully[.]"

Walmart objects to this Interrogatory because it is vague, confusing, and unclear as to,
among other things, the meanings of the following phrases/terms: "associates" or "that
feedback" in subpart (i), "your opinion" and "this information" in subpart (ii),
"successfully" and "SoW tasks" in subpart (iii), and "rejection notice" and "Data Science
Related results" in subpart (iv).

**INTERROGATORY NO. 22:**

(i)    Do you agree that none of Walmart associates in Ridhi Mehra's organization saw
NAVIK software during the POC, Infogain could not produce NAVIK software
even after repeated requests by Walmart Associates?

(ii)   If you disagree with the previous question, please state the name/names of Walmart
associates in Ridhi Mehra's organization who used NAVIK software provided by
Infogain as promised during the vendor selection process in March-April 2023 and
Statement of Work (SoW) on or around April-June 2023.

(iii)  Please state whether you agree or disagree with the following statement below.
(Complaint Dkt13, ¶¶ 47, 48)

"On April 11, 2023 Infogain won the POC contract, which unfairly eliminated very competent US based vendors like Deloitte/Google…This is Antitrust procurement fraud with unlawful manipulation of a procurement process to obtain an unfair advantage during the procurement process, after eliminating the most competent vendors like Google/Deloitte who participated in the bidding process."

If you disagree, please explain the reason why you disagree.

**ANSWER:**  Walmart objects and declines to answer this Interrogatory because Plaintiff exceeded the number of interrogatories allowed by the Federal Rules of Civil Procedure. Walmart also objects because this Interrogatory is impermissibly compound and contains multiple discrete subparts that each count as a separate interrogatory.

Walmart objects to this Interrogatory because it is vague, confusing, and unclear as to, among other things, the meanings of the following phrases/terms: "Walmart associates in Ridhi Mehra's organization," "saw NAVIK software," "during the POC," "used NAVIK software," and "during the vendor selection process." Walmart also objects because the lack of proper grammar in subsection (i) renders Walmart unable to determine what information Plaintiff seeks. Walmart also objects because subsection (i) seems to request that Walmart speculate regarding what nonparty Infogain could or could not "produce."

Walmart objects to this Interrogatory because it seeks information that is neither relevant to the parties claims and defenses in this lawsuit nor proportional to the needs of the case.

Walmart objects because this Interrogatory requires Walmart to adopt Plaintiff's opinions and argumentative statements in answering and because the Interrogatory improperly calls for opinions, conclusions, and contentions from Walmart instead of specific facts. For example, this Interrogatory asks Walmart to state whether Walmart agrees with Plaintiff's opinions articulated in his pleadings, including that Walmart was involved in "Antitrust procurement fraud with unlawful manipulation of a procurement process to obtain an unfair advantage[.]"

## INTERROGATORY NO. 23:

(a) Please state whether you agree or disagree with the following statement below. Please explain if you disagree.

Despite Ridhi Mehra, Adrian Milbourne and Kamil Bay knew that Infogain did not provide NAVIK software during the POC which Infogain promised during the vendor selection process and received extension multiple times (8 weeks POC ended in more than 20+ weeks), thereby, Ridhi Mehra, Adrian Milbourne and Kamil Bay probably committed crimes.

(b) If you agree on previous question Please state you agree or disagree that Walmart violated its own Code of Conduct[2] (see below) and misled shareholders

- "We are honest, fair, and objective..We speak up about concerns and comply with all laws and our policies."

- "..a culture of integrity guides all our decisions. We are dedicated to doing business the right way. Our Code reflects who we are as a company and shows how we bring our culture of integrity to life in our work every day. Integrity builds trust"

**ANSWER:**  Walmart objects and declines to answer this Interrogatory because Plaintiff exceeded the number of interrogatories allowed by the Federal Rules of Civil Procedure. Walmart also objects because this Interrogatory is impermissibly compound and contains multiple discrete subparts that each count as a separate interrogatory.

Walmart objects because this Interrogatory requires Walmart to adopt Plaintiff's opinions and argumentative statements in answering and improperly calls for opinions, conclusions, and contentions from Walmart instead of specific facts. For example, this Interrogatory asks Walmart whether it agrees or disagrees with particular statements, and to speculate about what current and former employees "knew" at a certain period in time and whether such employees "probably committed crimes."

Walmart objects to this Interrogatory because it seeks information that is neither relevant to the parties claims and defenses in this lawsuit nor proportional to the needs of the case.

Walmart objects because this Interrogatory is vague, unclear, confusing, and ambiguous, including but not limited to the phraseology used in subsection (a) and Plaintiff's failure to provide any context for the question in subsection (b).

**INTERROGATORY NO. 24:** Please state the educational qualifications and any training related to the Data Science field of Adrian Milbourne, Ridhi Mehra and Kamil Bay

**ANSWER:**  Walmart objects and declines to answer this Interrogatory because Plaintiff exceeded the number of interrogatories allowed by the Federal Rules of Civil Procedure.

Walmart objects because the information sought in this Interrogatory is neither relevant to the parties' claims or defenses in this lawsuit nor proportional to the needs of the case. Walmart objects because this Interrogatory seeks material from employee personnel files that is confidential, privileged information in which a nonparty has a significant protected privacy interest—by requesting information related to the educational qualifications and training of individuals who are nonparties.

Walmart objects because this Interrogatory is vague, ambiguous, and overbroad by requesting that Walmart identify the "educational qualifications and any training related to

---

[2] https://www.walmartethics.com/content/walmartethics/en_us/code-of-conduct.html

the Data Science field." Walmart also objects because this Interrogatory is not limited in time and, on its face, appears to seek information that is not within Walmart's knowledge.