# EXHIBIT A-2



Dilip Jana <janadilip@gmail.com>

---

# Case 4:24-cv-00698-SDJ-BD [Jana-Walmart] Request for Amended Written Interrogatories Response

---

**Dilip Jana** <janadilip@gmail.com>  Fri, May 2, 2025 at 4:59 PM
To: morgan.jones@gtlaw.com, peter.wahby@gtlaw.com, Holmes.Hampton@gtlaw.com
Bcc: Dilip Jana <janadilip@gmail.com>

Dear Counsels:

Your response to Written Interrogatories and Production of Documents on April 28, 2025 was incomplete and/or evasive. It's ~**270 days** since the Complaint was filed in the Federal Court, in your response on April 28, 2025, you produced 0 (zero) documents for my Production requests and inserted Objections for almost all Interrogatories despite my efforts for cooperation on April 3, 2025

> *"I sent you Interrogatory and Production of Documents on last Friday, March 28, 2025. If you want to object (due to Confidentiality, Attorney Client Privilege etc) to any items in the Interrogatory and Production of Documents request, please call or email me before objecting in order to attempt to narrow the question or avoid the objectionable portion or aspect. I am available at any time."*

As per Honorable Judge Bill Davis's Court Order dated March 6, 2025 (Dkt #50) I am trying to confer in good faith to obtain complete responses for Interrogatories, please feel free to call me if you have any questions, as always I am available any time, any day. I am requesting you to send me amended responses under oath on or before Thursday, May 8, 2025. Plaintiff intends to file "**Motion to Compel and In Camera Review**" after Thursday, May 8, 2025 without further notice in the event Plaintiff does not receive complete responses.

Let me take the opportunity to confer how your responses are incomplete and/or evasive and it "must be treated as a failure to disclose, answer, or respond" by taking a simple example where you were asked to answer just "YES/NO" in Interrogatory No 2.

**INTERROGATORY NO. 2: (Please see at the end of this email for Complete INTERROGATORY NO. 2 )**

Do you still maintain that EXHIBIT 2 (Complaint, Dkt 13, PageID#:299) is exactly the same unaltered document but just "unredacted version" of EXHIBIT 1 (Complaint, Dkt 13, PageID#:298)? Please answer YES/NO.

Your answer was:

> *Walmart objects because the information sought by this Interrogatory is **neither relevant** to the parties **claims or defenses** in this lawsuit **nor proportional to the needs of the case**. The alleged issues*

Plaintiff raises in this Interrogatory regarding certain documents produced in the prior administrative proceedings bear **no discernable relevance to Plaintiff's claims** for alleged violations of the Criminal Antitrust Anti-Retaliation Act ("CAARA") and the Sarbanes-Oxley Act ("SOX") **or Walmart's defenses in this lawsuit**. Walmart also objects because this Interrogatory contains inaccurate underlying statements and misleading implications. For example, this Interrogatory states/implies that Walmart and its attorneys committed crimes or fraud, improperly modified or altered evidence, violated federal laws, and explicitly states that "EXHIBIT 2 (Complaint, Dkt 13, PageID#:299) is exactly the same [as] EXHIBIT 1 (Complaint, Dkt 13, PageID#:298)." Walmart objects because this Interrogatory requires Walmart to adopt Plaintiff's incorrect assumptions and argumentative statements in answering it, and therefore Walmart cannot answer "YES" or "NO" to this Interrogatory as phrased. (emphasis added)

<u>On February 21, 2024</u> Defendant, Walmart, submitted for it's own defense a redacted email EXHIBIT 1 (DKT 13, Complaint) to Occupational Safety and Health Administration ("OSHA") and <u>on June 14, 2024</u> Defendant submitted EXHIBIT 2 (DKT 13, Complaint) at Office of the Administrative Law Judges ("OALJ") which shows communication among HR, Management and Walmart Ethics in order to support your own defense that you would have terminated Plaintiff even in the absence of whistleblowing activities "by clear and convincing evidence that the employer would have taken the same unfavorable personnel action in the absence of that behavior" (See 49 U.S.C §42121(b)(2)(B)(iv)) to avoid liability of Plaintiff's lawsuit.

On December 19, 2024, Defendant in it's **Brief related to Defendant, Walmart's own Motion to Dismiss (Dkt 22)** to this Court(Dkt 30, Page 11, PageID 590) asserted <u>without under oath</u>:"...**Walmart did not "alter" evidence**—it produced an unredacted version of a document" (emphasis added)"

As demonstrated below, your claim of Plaintiff's **INTERROGATORY NO. 2 has "no discernable relevance** to Plaintiff's claims... or Walmart's defenses in this lawsuit" is frivolous "argument for extending, modifying, or reversing existing law or for establishing new law"

SOX (and CAARA) imposes the burden on the employer to prove "by clear and convincing evidence that it would have taken the same personnel action against the whistleblower even in the absence of that protected behavior." Allen, 514 F.3d at 476. Even after the whistleblowing employee successfully meets his burden by showing that his protected whistleblowing activity

"was a contributing factor in the unfavorable personnel action alleged in the complaint" 49 U.S.C §42121(b)(2)(B)(iii), still the employer can prevail only **"if the employer demonstrates, by clear and convincing evidence, that the employer would have taken the same unfavorable personnel action in the absence of that behavior."** 49 U.S.C §42121(b)(2)(B)(iv). Purpose of altering EXHIBIT 1 (Dkt 13) is to substantiate

Defendant would have terminated Plaintiff even in the absence of whistleblowing activities by using altered EXHIBIT 2 (Dkt 13).

The difference between your assertion to this Court on December 19, 2024 which was related to **Motion to Dismiss (Dkt 22)** as shown above and Interrogatory is; now you have to answer under oath. Now in May 2025 (more than 18 months after termination) the termination causes mentioned in EXHIBIT 1 & EXHIBIT 2 (Complaint, Dkt 13) does not change over time; so these documents are relevant to this case.

You are now **declining** to acknowledge **under oath** what **you previously admitted** in the US Department of Labor's Office of the Administrative Law Judges' Court Docket (a Federal Agency) on June 14, 2024 (Complaint, Dkt 13, PageID#:298, PageID#:299) in order to support your defense you would have terminated Plaintiff even in the absence of whistleblowing activities and on this Federal Court Docket on December 19, 2024( Dkt 30, Page 11, PageID 590) on your Motion to Dismiss briefs; **now you are saying that** EXHIBIT 1 & EXHIBIT 2 which included the cause of termination is not relevant substantiates that it was "being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"

In addition to this, as Complaint (Dkt 13, ¶¶90-105) states, one of the attachments in **EXHIBIT 2** of the Complaint (Dkt 13) substantiates Direct Evidence of Retaliation because of Dr. Jana's protected Whistleblowing activities

> Dr. Jana's whistleblowing activity on October 4. 2023 at 12:01 AM where he escalated Kamil Bay's [Unethical]: Sign off for POC (EXHIBIT 9) for the purpose of awarding Infogain few million-dollar project illegally to his supervisory authority, Mr. Milbourne and Mrs Mehra were utilized as a reason for Dr. Jana's termination. On Thursday, October 5, 2023 at 3:52 PM Mrs. Mehra responded to Dr. Jana related to [Unethical]: Sign off for POC :
>
>> Dilip, Just a quick note to let you know that I have read all your emails and they have been appropriately escalated
>
> The 'appropriately escalated' was the termination decision as seen in EXHIBIT 2,"[Unethical]: Sign off for POC" was an attachment which is a Direct evidence of retaliation.

The true reason for the Plaintiff's termination will come out like colorful butterflies immediately if those redacted emails and other requested responses in EXHIBIT 1 & EXHIBIT 2 of the Complaint (Dkt 13) are disclosed in native form.

Therefore, EXHIBIT 1 AND EXHIBIT 2 are relevant to this case, proportional to the needs of the case, the burden or expense of the proposed discovery outweighs its likely benefit and your argument below is frivolous, incomplete and/or evasive.

> *Plaintiff raises in this Interrogatory regarding certain documents produced in the prior administrative proceedings bear **no discernable relevance to Plaintiff's claims** ... **or Walmart's defenses in this lawsuit***

Here is another frivolous argument made by you:

> *Walmart also objects because this Interrogatory contains inaccurate underlying statements and misleading implications. For example, this Interrogatory states/implies that Walmart and its attorneys committed crimes or fraud, improperly modified or altered evidence, violated federal laws, and explicitly states that "EXHIBIT 2 (Complaint, Dkt 13, PageID#:299) is exactly the same [as] EXHIBIT 1 (Complaint, Dkt 13, PageID#:298)." Walmart objects because this Interrogatory requires Walmart to adopt Plaintiff's incorrect assumptions and argumentative statements in answering it*

This is your conclusory statement. **The Court must accept** facts in the Complaint (Dkt 13) as **true**, viewing them in the light most favorable to the plaintiff. Reliable Consultants, Inc. v. Earle, 517 F.3d 738, 742 (5th Cir. 2008), reh'g. en banc denied, 538 F.3d 355 (2008) (internal quotations omitted). Your argument "*Interrogatory requires Walmart to adopt Plaintiff's incorrect assumptions and argumentative statements in answering it*" is a **conclusory statement** to evade answering Interrogatory as you have not produced any document in the last 18 months to substantiate your claim.

Kind Regards,
Dr. Dilip Jana
800 Fairlawn St
Allen, TX, 75002
Ph: 318-243-9743
EMail: janadilip@gmail.com

On Mon, Apr 28, 2025 at 4:09 PM <Linda.Castaneda@gtlaw.com> wrote:
> Dear Mr. Jana,
>
> Attached please find Defendant Walmart Inc.'s Objections and Answers to Plaintiff's First set of Interrogatories and Request for Production.
>
> Best regards,

**Linda Castañeda**

Legal Support Specialist

Greenberg Traurig, LLP

2200 Ross Avenue | Suite 5200 | Dallas, TX 75201

T +1 214.665.3758 | F +1 214.665.3601

Linda.Castaneda@gtlaw.com | www.gtlaw.com



If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.