# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

**FILED**
JUL 10 2025
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

| | |
|---|---|
| IN THE MATTER OF: § | |
| § | |
| DILIP JANA § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | |
| WALMART, INC., § | |
| *Defendant.* § | |

## PLAINTIFF'S MOTION TO COMPEL WALMART'S RESPONSES TO PLAINTIFF'S INTERROGATORIES NOS. 1-4, REQUEST FOR IN-CAMERA REVIEW OF EXHIBITS 1 AND 2 OF THE COMPLAINT (DKT 13), AND REQUEST FOR SANCTIONS

Pursuant to Federal Rule of Civil Procedure 37, **pro se** Plaintiff Dr. Dilip Jana respectfully moves this Court for an order overruling the discovery objections asserted by Defendant Walmart to Plaintiff's Interrogatories Nos. 1–4 served under Rule 33 (see Dkt. 72, EXHIBIT A-1). Plaintiff further requests that the Court conduct an in-camera review of EXHIBIT 1 and EXHIBIT 2 of the Complaint (Dkt. 13) to determine the validity of Walmart's privilege assertions and to evaluate whether either document has been spoliated or altered, as these issues are integral to the subject matter of Interrogatories Nos. 1–4.

## I. BACKGROUND

1. EXHIBIT 1 and EXHIBIT 2 (Complaint Dkt 13) are central to this litigation. On October 4, 2023, Walmart created the emails now marked as EXHIBIT 1 (Dkt. 13-1, PageID#: 298) and EXHIBIT 2

(Dkt. 13-2, PageID#: 299), with EXHIBIT 2 timestamped at 6:08 PM and EXHIBIT 1 at 11:07:31 PM, reflecting discussions about Plaintiff's alleged performance and behavior issues and potential termination. EXHIBIT 2 includes additional factual context regarding potential ethics case considerations, while EXHIBIT 1, as produced to Plaintiff, is heavily redacted and missing this context. Plaintiff would like to incorporate by reference Dkt 72 ("MOTION for Criminal Referral and Sanctions") page 2-9, "FACTUAL BACKGROUND AND TIMELINE OF FRAUDULENT CONDUCT" visible discrepancy between EXHIBIT 1 AND EXHIBIT 2 of the Complaint (Dkt 13).

2. On February 21, 2024, Walmart submitted a redacted version of EXHIBIT 1 to OSHA, claiming "potential" attorney–client privilege. On June 14, 2024, Walmart submitted EXHIBIT 2 to the Office of Administrative Law Judges (OALJ) at the Department of Labor, stating, *"determined that it was originally marked for privilege in good faith error"* Walmart thereby acknowledged the document was not privileged and offered to provide attachments if a protective order was entered. On December 19, 2024, Walmart filed its Motion to Dismiss in this Court, claiming, "Walmart did not 'alter' evidence— it produced an unredacted version of a document" (Dkt. 30, Page 11, PageID#: 590).

3. On March 6, 2025, the Court ordered discovery to proceed (Dkt. 50). Plaintiff served Rule 33 Interrogatories (**Dkt 72, EXHIBIT A-1**) and Rule 34 Requests for Production on March 28, 2025, seeking clarity and production regarding EXHIBIT 1 and EXHIBIT 2. On April 28, 2025, Walmart served objections to Plaintiff's discovery, asserting privilege over EXHIBIT 1 and EXHIBIT 2 without providing any privilege log, in direct violation of Rule 26(b)(5)(A).

4. On May 2, 2025, Plaintiff sent Walmart a detailed email explaining that Walmart's Answer to Interrogatory No. 2 was evasive and warned that Plaintiff would file a Motion to Compel and seek in

camera review if amended responses were not provided by May 8, 2025 (**Dkt. 72, EXHIBIT A-2**). Walmart ignored this good faith conferral.

5. On June 11, 2025, in response to Plaintiff's Request for Discovery Clarification sent to Walmart's lead counsel Peter Wahby, Walmart's junior attorney responded via email without a Rule 26(g) certification, acknowledging: *"Walmart did not provide "answers" to the Interrogatories in light of its objections."* (Dkt. 72, EXHIBIT A-4). Walmart's June 11, 2025 email response from junior counsel, stating that "Walmart did not provide 'answers' to the Interrogatories in light of its objections," confirms that Walmart has refused to answer Interrogatories 1–4 entirely and without providing any sworn, substantive responses. This conduct violates Rule 26(g), which requires certification by an attorney of record that discovery responses and objections comply with the Rules and are not interposed for improper purposes; Walmart's email was neither certified nor signed under Rule 26(g). It also violates Rule 33(b)(3), which requires that interrogatories not objected to must be answered fully under oath, and Rule 33(b)(4), which requires objections to be stated with specificity. Walmart's blanket objections and refusal to answer fail to satisfy these requirements. Finally, Walmart's continued refusal to provide any substantive interrogatory responses constitutes a failure to participate in discovery under Rule 37(a)(3)(B)(iii) and Rule 37(d)(1)(A)(ii), warranting an order compelling complete response and the imposition of sanctions.

6. On June 27, 2025, the Court entered the protective order. On June 30, 2025, Plaintiff served a formal Rule 26(b)(5)(A) demand letter (**Dkt 68, EXHIBIT A-1**), challenged privilege assertion for EXHIBIT 1, 2 requesting a privilege log by July 7, 2025, specifically addressing EXHIBIT 1 and EXHIBIT 2 (**Dkt. 68**). Walmart ignored this demand, and the July 7, 2025 deadline passed with no log

or explanation provided. On July 8, 2025, Plaintiff filed a Supplemental Notice (**Dkt. 74**) documenting Walmart's continued noncompliance.

7. Walmart has relied on EXHIBIT 1 and EXHIBIT 2 to justify Plaintiff's termination while refusing to confirm **under oath** whether EXHIBIT 2 is merely an unredacted version of EXHIBIT 1, as it previously claimed before OSHA, the OALJ, and this Court. These documents are central to Walmart's "same decision" defense, and Plaintiff's allegations in the Complaint (Dkt. 13, ¶¶ 189–191) that Walmart altered EXHIBIT 1 to fabricate post hoc termination justifications remain unresolved due to Walmart's obstruction and refusal to produce a privilege log or metadata confirming the authenticity and history of these documents. Walmart's pattern of asserting privilege without compliance, ignoring deadlines, and blocking discovery on these central documents has substantially prejudiced Plaintiff's ability to prove his SOX and CAARA retaliation claims and to challenge Walmart's asserted defenses.

## II. ARGUMENT

**A. Plaintiff's Discovery Requests Call for Information and Documents Within the Scope of the Discovery**

8. **Relevance and Proportionality of Interrogatory Nos 1-4:** Plaintiff moves to compel responses to Interrogatories Nos. 1–4 because these interrogatories are directly relevant and proportional under Rule 26(b)(1). These documents were submitted by Walmart to demonstrate that it would have terminated Plaintiff even in the absence of whistleblowing activity as required under 49 U.S.C. § 42121(b)(2)(B)(ii), Murray v USB, 601 U. S. No. 22–660 (2024). The cause of termination does not change simply because this case is now in federal court more than 600 days after the termination date. Walmart cannot simultaneously claim these documents support its defense while asserting **under oath**

in response to Interrogatories 1–4 that these same documents "bear no discernable relevance" to Plaintiff's CAARA and SOX whistleblower retaliation claims or its defense. Walmart relied on EXHIBIT 1 and EXHIBIT 2 to justify Plaintiff's termination before OSHA, the OALJ, and in this Court (Dkt. 30, Page 11), yet now denies their relevance while blocking discovery into whether EXHIBIT 1 was altered before producing EXHIBIT 2. If alterations occurred, this supports Plaintiff's claims of evidentiary manipulation, pretext, and retaliatory motive under CAARA and SOX. These interrogatories test the authenticity of documents central to Walmart's "same decision" defense, and are proportionate because only Walmart possesses the metadata and internal records necessary to determine whether and why alterations were made. Walmart's objections claiming irrelevance are baseless, as Plaintiff's claims require showing pretext and post hoc fabrication of termination justifications. Discrepancies between EXHIBIT 1 and EXHIBIT 2 directly support these elements. Walmart's objection that it cannot identify "EXHIBIT 1" is frivolous. Plaintiff specifically references EXHIBIT 1 (Dkt. 13-1) filed with the Complaint, and Walmart has full access to its own documents to confirm their content and any changes. This file is directly relevant to the case, as it is central to Walmart's stated justification for Plaintiff's termination for alleged "disparaging, disruptive and dismissive behavior causing a toxic work environment." and performance issue. Whether this email is indeed attorney–client privileged and whether it was altered or fabricated are critical to resolving the core issues in this retaliation case. As the Complaint states, one of the attachments in EXHIBIT 2 (Complaint Dkt 13) is a **Direct Evidence of Retaliation** (Complaint Dkt 13 ¶¶ 90-105) and another attachment EXHIBIT 2 showed **inadmissible hearsay statement** (Complaint Dkt 13, ¶89) was used to terminate Plaintiff. Defendant used EXHIBITs 1 & 2 in brief in Motion to Dismiss to substantiate it

would have terminated Plaintiff regardless of his whistleblowing activities; though Walmart's answer to Interrogatory 2-4 impeached its own defense.

**9. Proportionality**. All of the information sought by Plaintiff's Interrogatory 1-4 requests easily satisfy Rule 26(b)'s proportionality test.

10. **First**, the "importance of the issues at stake in the action" is significant, as the authenticity of EXHIBIT 1 and EXHIBIT 2 is central to Walmart's purported non-retaliatory reasons for Plaintiff's termination and the core of Plaintiff's retaliation claims. These documents are the foundation of Walmart's "same decision" defense, and whether they were altered or fabricated directly impacts Plaintiff's ability to prove pretext and retaliatory motive. The burden and expense on Walmart to answer these narrowly tailored interrogatories is minimal, as Walmart is in exclusive possession of the documents and metadata necessary to confirm their authenticity, and the likely benefit of this discovery is high. **Second**, the "amount in controversy" factor under Rule 26(b)(1) also supports the proportionality of Plaintiff's Interrogatories 2–4 as evident from parties Rule 26f conference conversation (Dkt 54):

> "Peter then asked Plaintiff if he still believes he should be awarded 200 million dollars. ..example of a recent verdict against Walmart where Jury awarded a Walmart truck driver $34.7 million, Plaintiff expects substantial award as he was a corporate executive given his qualification and Plaintiff's potential for promotions."

Because the potential recovery in this action is substantial, discovery into the authenticity, alteration, and fabrication of documents Walmart used to justify Plaintiff's termination is proportional to the needs of the case. Walmart's refusal to answer these interrogatories obstructs discovery on issues central to a case with significant monetary and equitable stakes, and the minimal burden of providing factual answers does not outweigh the high value and importance of the requested information.

11. **Third**, "the parties' relative access to relevant information" under Rule 26(b)(1) overwhelmingly favors Plaintiff, as all information regarding the creation, transmission, metadata, and any alteration of EXHIBIT 1 and EXHIBIT 2 of the Complaint (Dkt 13) is in Walmart's exclusive possession and control. Plaintiff has no access to Walmart's internal email servers, logs, or document management systems to verify whether these documents were altered or fabricated to support Walmart's "same decision" defense. Walmart's exclusive control over this evidence, coupled with the centrality of these documents to Plaintiff's SOX and CAARA retaliation claims, makes it both reasonable and necessary for Walmart to answer these narrowly tailored interrogatories.

12. **Fourth**, the "parties' resources" factor under Rule 26(b)(1) also overwhelmingly favors Plaintiff. Walmart is a multi-national corporation with market values exceeding $750 billion and an extensive legal infrastructure, including in-house counsel, officers, and litigation teams. In this case, Walmart has retained six experienced outside attorneys, including former federal prosecutors with expertise in document handling, along with numerous legal assistants, to litigate against a pro se Plaintiff. In contrast, Plaintiff lacks comparable resources and is proceeding without counsel. Given Walmart's vast resources, retrieving and producing information regarding the creation, transmission, metadata, privilege claims, and any alteration of EXHIBIT 1 and EXHIBIT 2 (Complaint, Dkt. 13) imposes a minimal burden on Walmart while being critical to Plaintiff's ability to prosecute his SOX and CAARA retaliation claims.

13. **Fifth**, the "importance of the discovery in resolving the issues" is extraordinary in this case. Even if Plaintiff demonstrates engagement in protected activities, Walmart can still avoid liability under 49 U.S.C. § 42121(b)(2)(B)(iv) if it proves by clear and convincing evidence that it would have terminated

Plaintiff regardless of his whistleblowing activities. See *Murray v. USB*, 601 U.S. ___ (2024). Walmart produced EXHIBIT 1 and EXHIBIT 2 to support its defense and "same decision" arguments. Plaintiff's Complaint (Dkt. 13, ¶¶ 189–191) alleges that Walmart altered EXHIBIT 1 (Dkt. 13-1, PageID#: 298) and presented a tampered version as EXHIBIT 2 (Dkt. 13-2, PageID#: 299) to federal agencies, including OSHA and the OALJ. Walmart repeatedly claimed in administrative and judicial filings that EXHIBIT 2 was merely an "unredacted" version of EXHIBIT 1, including in its December 19, 2024 filing with this Court, where it stated, "Walmart did not 'alter' evidence—it produced an unredacted version of a document" (Dkt. 30, Page 11, PageID 590). However, Walmart now declines to admit under oath its own prior representations, indicating potential fraud upon the Court in its Motion to Dismiss filings. Additionally, attachments in EXHIBIT 2 substantiate direct evidence of retaliation (Complaint, Dkt. 13, ¶¶ 90–105), while another attachment reflects an inadmissible hearsay statement (Complaint, Dkt. 13, ¶ 89) that Walmart used to terminate Plaintiff. Thus, the authenticity and content of EXHIBIT 1 and EXHIBIT 2 are material facts in dispute, and compelling Walmart to answer Interrogatories 2–4 regarding these documents will directly resolve these central issues in this SOX and CAARA retaliation case.

### B. Walmart's Objections to Plaintiff's Interrogatory Requests Should be Overruled.

**14.   Rebuttal to Privilege and Work Product Objection:** Walmart asserts that Interrogatory No. 2-4 "appears to seek attorney-client communications" or "work product" but offers no explanation or privilege log. Rule 26(b)(5)(A) requires that **when** a party withholding information based on privilege **must** (i) expressly make the claim, and (ii) **describe the nature of the withheld material in a manner that enables the other party to assess the claim**. Walmart has failed both requirements, and its vague

reference to privilege is insufficient and improper. Courts in the Fifth Circuit routinely hold that failure to provide a privilege log results in waiver of privilege. See *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014);

15. Moreover, any claim of attorney–client or work-product privilege has been affirmatively waived. Walmart voluntarily submitted EXHIBIT 1 to OSHA and EXHIBIT 2 to the OALJ, and explicitly informed the OALJ on June 14, 2024, that it had "reassessed" the document and determined that its original redaction was a "good faith error." Privilege cannot be used as a shield to conceal whether material evidence was altered. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–47 (1991). Accordingly, Walmart's privilege objection is unsubstantiated, waived, and misused, and it cannot block discovery into whether EXHIBIT 1 or EXHIBIT 2 was altered, by whom, and for what purpose. As explained in great details in EXHIBIT A-1 in Dkt 68, the redacted content itself does not support any legitimate claim of privilege, as it does not contain legal advice or communications with legal counsel. For example, *the previously redacted portions under* Attorney Client privilege include: "We would like to discuss" When the discovery started in this lawsuit, Walmart asserted attorney client privilege for EXHIBIT 1 and EXHIBIT 2 on April 28, 2025 in its Response to Plaintiff's Rule 33 Interrogatories 2-4 and Rule 34 Request for Production (RFP) but did not provide any privilege log at that time in violation of Rule 26(b) (5). Walmart bears the burden of establishing that the attorney-client privilege or work product doctrine applies to any document it seeks to withhold from discovery. EEOC v. BDO USA, LLP, 876 F.3d 690, 695 (5th Cir. 2017). The attorney-client privilege protects only those communications made for the purpose of obtaining legal advice between a client and an attorney, while the work product doctrine protects documents prepared in anticipation of litigation and not those created in the ordinary course of business. United States v. El Paso Co., 682 F.2d 530, 542 (5th Cir.

1982). Here, EXHIBIT 2 fails to meet either standard. The document was prepared in the ordinary course of HR and ethics business, does not include counsel as a participant or contain a request for legal advice, and was created before any litigation was pending or reasonably anticipated. Accordingly, Walmart cannot meet its burden to establish that EXHIBIT 2 is protected, and its blanket privilege assertions are legally insufficient to shield the document from discovery. Plaintiff would like to incorporate by reference Dkt 68 ("NOTICE of Demand for Clarification Regarding Privilege Assertion") and it's attachment EXHIBIT A-1 on June 30, 2025 Plaintiff made a good faith effort to confer Walmart this document EXHIBITs 1 & 2 (the only document Walmart shared legally and claimed Attorney Client privilege) was not at all Attorney/Client privilege document while this document is being withheld for more than 500 days (February 21, 2024 to July 9, 2025) under Attorney/Client privilege and requested for privilege log which was long overdue. Plaintiff requested a privilege log for EXHIBITs 1 and 2 of the Complaint by July 7, 2025, but Walmart ignored (**See Dkt 74**); neither explained why Walmart is claiming this Attorney/Client privilege nor provided any privilege log which is long overdue.

16. **PLAINTIFF'S REBUTTALS – Interrogatory No. 2:** Plaintiff's Interrogatory No. 2 seeks a straightforward factual clarification regarding whether EXHIBIT 2 is the same document as EXHIBIT 1 but unredacted or altered. It does not request a legal opinion, conclusion, or strategy, making Defendant's objections that it is "argumentative" or seeks "legal conclusions" meritless. The documents referenced are central to this case and are neither vague nor ambiguous. Walmart's assertion that the Interrogatory is unclear is demonstrably false, as EXHIBITS 1 and 2 are clearly defined in the Complaint (Dkt. 13, EXHIBITS 1 and 2) and were explicitly referenced in OSHA, OALJ, and District Court filings. Defendant cannot now pretend to lack understanding of documents it produced, redacted,

submitted, and defended. This Interrogatory is critical to determining whether Defendant intentionally altered or concealed material facts. Plaintiff alleges that EXHIBIT 2 is not merely unredacted but substantively modified, and Defendant's refusal to admit or deny this, while simultaneously using the document to support its defenses (Dkt. 30), demonstrates bad faith. As noted in *Compaq Comput. Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004), Rule 37 sanctions are appropriate where a party "repeatedly and egregiously" obstructs discovery through concealment and misrepresentation. Plaintiff's question is narrowly tailored and cannot reasonably be dismissed as burdensome. The interrogatory requires only a simple admission or denial, and any claimed burden is of Defendant's own making due to its refusal to explain discrepancies between documents it produced. The Fifth Circuit has emphasized that evasive discovery conduct, particularly involving document authenticity and privilege manipulation, is sanctionable. See *z4 Techs., Inc. v. Microsoft Corp.*, 2006 WL 2401099, at *18–19 (E.D. Tex. Aug. 18, 2006). Defendant's refusal to answer prejudices Plaintiff and justifies sanctions under Rule 37(d).

17.   **PLAINTIFF'S REBUTTALS – Interrogatory No. 3:** Walmart attempts to avoid answering Interrogatory No. 3 by incorporating all prior objections to Interrogatory No. 2, none of which are valid here. This interrogatory poses specific factual inquiries regarding documents Walmart has had the opportunity to inspect since August 2024, and incorporating boilerplate objections obstructs discovery in violation of Rule 33. Walmart's objection that Interrogatory No. 3 contains "multiple discrete subparts" is also meritless. While it includes three subparts, they are logically and factually subsumed under a single line of inquiry regarding inconsistencies in two email records central to Plaintiff's termination. Courts routinely hold that such related subparts are counted as a single interrogatory. See ***Krawczyk v. City of Dallas***, 2004 (N.D. Tex. Feb. 27, 2004); ***Safeco of Am. v. Rawstron***, 181 F.R.D.

441, 445 (C.D. Cal. 1998). Walmart further objects that the interrogatory is "vague, unclear, or confusing," claiming Plaintiff failed to specify what EXHIBIT 1 and EXHIBIT 2 refer to. This objection is demonstrably false, as both documents are clearly labeled in the Complaint as Dkt. 13-1 and Dkt. 13-2 and the interrogatory quotes exact timestamps and filenames. The referenced documents are Walmart's internal records that only it can explain, and if clarity were truly lacking, Walmart could have sought clarification under Rule 26(f) or Rule 37. This objection is thus made in bad faith. Plaintiff's Complaint (Dkt. 13 ¶¶ 108–110) alleges that Walmart manipulated records to justify Plaintiff's termination by altering attachments and timestamps. The interrogatory seeks to verify the chain of custody and authenticity of these records, which is central to proving Plaintiff's retaliation claims. Walmart's refusal to answer prevents Plaintiff from pursuing essential impeachment evidence and constitutes severe prejudice under Rule 37. Walmart's objections are baseless, obstructive, and made in bad faith, and the Court should compel a sworn, complete answer.

18. **PLAINTIFF'S REBUTTALS - Interrogatory No. 4:** Walmart's objection that Interrogatory No. 4 is "compound" is without merit. The subparts are factually and logically connected and thus fall under the rule of being subsumed within a single inquiry. See *Krawczyk v. City of Dallas*, 2004 (N.D. Tex. Feb. 27, 2004). Walmart's objection that the interrogatory lacks relevance is frivolous. Plaintiff alleges that Walmart falsified a termination recommendation to conceal that Plaintiff was fired for whistleblowing, making the question of whether the termination email was altered core to issues of pretext and retaliatory motive in this case. Walmart's claim that it cannot identify the document referenced is also false, as EXHIBIT 1 (Dkt. 13-1) is clearly identified in the Complaint, and Walmart has full access to the original and its metadata. The interrogatory is narrowly tailored and proportional, asking whether Walmart altered a single document attached to the Complaint. This does not seek

voluminous records, trade secrets, or irrelevant personal data. Plaintiff cannot obtain this information from other sources, and Walmart alone has access to the relevant metadata and communications. Finally, Walmart's suggestion that it is excused from answering due to Plaintiff's typographical error using "alternation" instead of "alteration" is disingenuous and unprofessional. The intended meaning is clear, and courts have repeatedly held that minor typographical errors by pro se litigants do not relieve the opposing party of its obligation to answer in good faith. See *Perez v. Miami-Dade County*, 297 F. App'x 902, 906 (11th Cir. 2008). Walmart's refusal to answer violates Rule 26(g) (improper boilerplate objections), Rule 33(b)(4) (refusal to respond with specificity), and Rule 37(a) (failure to provide discoverable factual information relevant to Plaintiff's claims). The Court should overrule Walmart's objections and compel full, sworn responses to Interrogatory No. 4.

19. Interrogatory 1 asked simple questions identifying all persons answering or supplying information used in answering these Interrogatories and their contribution to each of the answers of these Interrogatories. Plaintiff sent a Discovery Clarification request (Dkt 72, EXHIBIT A-3) but Walmart declined to provide who contributed (Dkt 72, EXHIBIT A-4). Court intervention is necessary.

### C. Request for In Camera Review of EXHIBIT 1 and EXHIBIT 2 (and Attachments) of Complaint (Dkt 13) from Custodial Source

20. Prior to filing its second Motion for Protective Order (Dkt. 63) on June 3, 2025, Walmart produced **zero documents** in response to Plaintiff's Rule 34 Requests for Production and made no production whatsoever in its mandatory Rule 26(a)(1)(A)(ii) initial disclosures (Dkt 70, EXHIBIT A-1), despite having had months to comply. Walmart also failed to produce any privilege log as required under Rule

26(b)(5)(A). Despite this complete noncompliance, Walmart nevertheless represented to the Court that it was willing to submit documents for in camera review for **empty documents**, stating (Dkt 63):

> *"To the extent the Court deems it necessary to evaluate the confidentiality of any of the documents currently at issue before entering a protective order, Walmart respectfully requests that the Court conduct an in camera review of the documents."*

21. Inspired by Walmart's stated willingness for in camera review, on July 8, 2025, Plaintiff submitted a **"Request for Stipulation for Unopposed Motion to Compel and In Camera Review (EXHIBITS 1 and 2, Dkt. 13)"** (**EXHIBIT A-1**), advising Walmart:

> *"Plaintiff intends to file a Motion to Compel and for In Camera Review regarding EXHIBIT 1 and EXHIBIT 2 of the Complaint (Dkt. 13) in connection with your responses to Plaintiff's Interrogatories Nos. 1–4."*

22. Walmart did not respond to Plaintiff's request and took no steps to facilitate the in camera review it had previously proposed to the Court. This silence demonstrates that Walmart's representations regarding its willingness to allow in camera review were false and made in bad faith to mislead the Court while continuing to obstruct discovery without justification. Walmart's refusal to follow through on its own stated offer further evidences fraud upon the Court and supports the imposition of sanctions under Rule 37. Given Walmart's contradictory privilege assertions, inconsistent representations, and pattern of discovery obstruction, in camera review is necessary to protect Plaintiff's rights and the integrity of these proceedings. See *United States v. Zolin*, 491 U.S. 554, 568–69 (1989), *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). Accordingly, Plaintiff respectfully requests that the Court conduct an in camera review of EXHIBIT 1 and EXHIBIT 2 of the Complaint (Dkt. 13), along with any related attachments over which Walmart has asserted privilege, to determine the validity of

Walmart's privilege claims, to assess whether evidence has been spoliated or altered, and to prevent further prejudice to Plaintiff's case.

### III. PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Overrule Walmart's objections and order Walmart to answer Plaintiff's Interrogatories Nos. 1–4 under oath within 7 days of this ORDER.

2. Conduct an in-camera review of EXHIBIT 1 and EXHIBIT 2 of the Complaint (Dkt. 13) to determine: (i) Whether either document is privileged, (ii) Whether either document has been altered or spoliated by Walmart.

3. Issue a written order documenting the outcome of the in-camera review, including: (i) Whether each privilege assertion by Walmart is sustained or overruled, (ii) Which documents or portions thereof, if any, must be produced to Plaintiff in unredacted native format pursuant to Plaintiff's Request for Production No. 1, (iii) Findings regarding the authenticity, completeness, and any evidence of spoliation or alteration of EXHIBIT 1 and EXHIBIT 2, (iv) Inclusion of these findings in the public record to ensure a clear and accurate procedural history in this matter.

4. Enter a default judgment in favor of Plaintiff under Rule 37(b)(2)(A)(vi) if the in-camera review confirms that Walmart altered or spoliated EXHIBIT 1 or EXHIBIT 2, or otherwise engaged in willful evidence tampering or bad faith discovery misconduct, consistent with controlling Fifth Circuit precedent. Alternatively, if the Court finds default judgment too severe, Plaintiff requests preclusion of Walmart's use of these documents under Rule 37(c)(1) and the issuance of an adverse inference instruction to the jury.

5. Award Plaintiff reasonable costs incurred in bringing this Motion under Rule 37(a)(5) if the Court finds that Walmart's privilege assertions and discovery objections were not substantially justified, and enter such further sanctions as the Court deems just and necessary to deter future misconduct, including warnings of escalating sanctions for continued discovery violations

6. Grant such further relief as the Court deems just and proper to protect Plaintiff's due process rights, ensure the integrity of the judicial process, and deter further discovery abuses by Walmart.

Dated: July 10, 2025

                                                    Respectfully Submitted,

                                              _/s/ Dilip Kumar Jana_
                                              DILIP JANA, Plaintiff
                                                          _Pro Se_
                                              Telephone : 318-243-9743
                                            Email: janadilip@gmail.com
                                            800 Fairlawn St, Allen, TX, 75002

**CERTIFICATE OF SERVICE**

On July 10, 2025, a true and correct copy of the foregoing was served upon the following through the Court's CM/ECF system:

| | | |
|---|---|---|
| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.
Dated: July 10, 2025

Respectfully Submitted

*Dilip Kumar Jana*

Dilip Jana, pro se Plaintiff
Tel: 318-243-9743
EMail: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF CONFERENCE

Pursuant to the spirit of Local Rule CV-7(i), Plaintiff, although *a pro se* litigant to whom the meet-and-confer and certificate of conference requirements do not formally apply, hereby certifies that he made good faith efforts to confer with Defendant Walmart regarding the issues presented in this Motion. Specifically, on May 2, 2025, Plaintiff sent a written request to Walmart's counsel seeking clarification and requesting that Walmart withdraw its objections and provide substantive answers to Plaintiff's Interrogatories Nos. 1–4. On June 9, 2025, Plaintiff sent a follow-up clarification request reiterating the need for Walmart to comply with its discovery obligations under Rules 26, 33, and 34, and offering an opportunity to resolve these disputes without court intervention. In response, Walmart acknowledged its position that it objected to Plaintiff's Interrogatories and explicitly stated that it would not provide substantive answers under oath, instead suggesting that Plaintiff may wish to submit new interrogatories. As a result, the parties have reached an impasse regarding Walmart's refusal to answer Interrogatories Nos. 1–4**,** leaving an open issue for the Court to resolve. Accordingly, Plaintiff respectfully submits that further attempts to resolve this dispute without Court intervention would be futile, and the issues raised in this Motion are properly before the Court for determination.

Dated: July 10, 2025

Respectfully Submitted

*/s/ Dilip Kumar Jana*

Dilip Jana, pro se Plaintiff
Tel: 318-243-9743
EMail: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002
