# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN THE MATTER OF:<br><br>DILIP JANA<br>   *Plaintiff,*<br><br>v.<br><br>WALMART, INC.,<br>   *Defendant.* | Civil Action No. 4:24-cv-00698-SDJ-BD |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL WALMART'S RESPONSES TO INTERROGATORIES NOS. 1–4 AND REQUEST FOR IN CAMERA REVIEW OF EXHIBITS 1 AND 2 OF THE COMPLAINT

Before the Court is Plaintiff's Motion to Compel Walmart's Responses to Interrogatories Nos. 1–4 and Request for In Camera Review of Exhibits 1 and 2 of the Complaint (Dkt. 13) (the "Motion"). Having considered the Motion, the pleadings, and the applicable law, the Court finds the Motion should be and hereby is **GRANTED**.

It is therefore **ORDERED** that:

1. Defendant Walmart's objections to Plaintiff's Interrogatories Nos. 1–4 are overruled, and Walmart is **ORDERED** to provide full, sworn answers to Interrogatories Nos. 1–4 within seven (7) days of this Order.

2. The Court will conduct an in-camera review of EXHIBIT 1 and EXHIBIT 2 of the Complaint (Dkt. 13) to determine:

- - (i) Whether either document is privileged;
  - (ii) Whether either document has been altered or spoliated by Walmart.
3. Following the in-camera review, the Court will issue a written order documenting the outcome of the review, including:
    - (i) Whether each privilege assertion by Walmart is sustained or overruled;
    - (ii) Which documents or portions thereof, if any, must be produced to Plaintiff in unredacted native format pursuant to Plaintiff's Request for Production No. 1;
    - (iii) Findings regarding the authenticity, completeness, and any evidence of spoliation or alteration of EXHIBIT 1 and EXHIBIT 2;
    - (iv) Inclusion of these findings in the public record to ensure a clear and accurate procedural history in this matter.
4. If the in-camera review confirms that Walmart altered or spoliated EXHIBIT 1 or EXHIBIT 2, or otherwise engaged in willful evidence tampering or bad faith discovery misconduct, the Court will enter a **default judgment** in favor of Plaintiff under Rule 37(b)(2)(A)(vi), consistent with controlling Fifth Circuit precedent. Alternatively, if the Court finds default judgment too severe, the Court will consider preclusion of Walmart's use of these documents under Rule 37(c)(1) and the issuance of an adverse inference instruction to the jury.
5. If the Court finds that Walmart's privilege assertions and discovery objections were not substantially justified, Walmart shall pay the reasonable costs incurred by Plaintiff in bringing this Motion under Rule 37(a)(5). The Court will also consider further sanctions as necessary to deter future discovery misconduct, including warnings of escalating sanctions for continued violations.
6. The Court will award Plaintiff the reasonable costs incurred in bringing this Motion under Rule

37(a)(5) if it finds that Walmart's privilege assertions and discovery objections were not substantially justified, and will enter such further sanctions as it deems just and necessary to deter future misconduct, including warnings of escalating sanctions for continued discovery violations.

7. The Court reserves the right to grant such further relief as it deems just and proper to protect Plaintiff's due process rights, ensure the integrity of the judicial process, and deter further discovery abuses by Walmart.

**SO ORDERED.**

Signed this ___ day of _____, 2025.

_____
Hon. Bill Davis
UNITED STATES MAGISTRATE JUDGE

Eastern District of Texas, Sherman Division