IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DILIP JANA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| | § | |
| WALMART INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S NOTICE REGARDING
PLAINTIFF'S DEMANDS FOR CLARIFICATION**

Defendant Walmart Inc. ("Walmart") hereby files this Notice in response to Plaintiff's "Notice of Demand for Clarification Regarding Privilege Assertion" (Dkt. 68) and "Supplemental Notice Regarding Demand for Clarification on Privilege Assertion" (Dkt. 74). To the extent the Court construes Plaintiff's "Notices" collectively as a motion to compel production of Walmart's privilege log and the unredacted email (with its attachments) attached to Plaintiff's Complaint as Exhibit 1 (redacted version of email submitted by Walmart's prior counsel in administrative proceedings) and Exhibit 2 (unredacted version of substantively identical email submitted by Walmart's prior counsel in administrative proceedings), Walmart respectfully submits that such a motion is premature and procedurally improper at this stage.

As noted in its most recent filing, Walmart is in the process of preparing a privilege log and will serve it on Plaintiff *as soon as it is complete* (Dkt. 65, p. 5). Walmart has not yet withheld any responsive documents on the basis of privilege, so Plaintiff's demand that Walmart produce a privilege log by his self-imposed July 7, 2025 deadline was unwarranted under the circumstances.

On June 9, 2025, Walmart produced an initial set of non-confidential documents before the Court entered the protective order (Dkt. 66) through a secure file sharing link (a standard method

for producing documents in litigation). *See* Dkt. 65-3, p. 2–4. The next day, on June 10, 2025, Plaintiff sent Walmart's counsel a letter "objecting" to the production as "untimely and improper," asking eight clarifying questions related to the production (all of which Walmart's counsel answered via email), and declining to download the documents. *Id.*, p. 5–6; *see also* Dkt. 70.

Walmart is finalizing a second production of documents for service on Plaintiff, including the unredacted email (with attachments included) attached as "EXHIBIT 2" to Plaintiff's operative Complaint (Dkt. 13-2) that Plaintiff has referenced repeatedly in this proceeding as "evidence" of supposed "discovery fraud" by Walmart's prior counsel. Walmart will provide Plaintiff with this second set of documents as soon as possible — likely within the next week. And, as stated previously, Walmart will provide Plaintiff with its privilege log as soon as it is complete.

Dated: July 10, 2025

Respectfully submitted,

*/s/ Peter S. Wahby*
**Peter S. Wahby**
Texas Bar No. 24011171
peter.wahby@gtlaw.com
**Morgan E. Jones**
Texas Bar No. 24132301
morgan.jones@gtlaw.com
**Holmes H. Hampton**
Texas Bar No. 24144019
holmes.hampton@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Ave., Suite 5200
Dallas, Texas 75201
Telephone: 214.665.3600

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all parties of record via the Court's e-filing system on July 10, 2025.

*/s/ Peter S. Wahby*
Peter S. Wahby