# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | § | |
| | § | |
| DILIP JANA | § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| *Plaintiff*, | § | |
| | § |  |
| v. | § | |
| | § | |
| WALMART, INC., | § | |
| *Defendant*. | § | |

---

### PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER (DKT. 66) AND REQUEST FOR DISTRICT JUDGE REVIEW

---

**TO THE HONORABLE SEAN JORDAN**

Plaintiff Dr. Dilip Jana, ***pro se***, respectfully objects to the Magistrate Judge's Order (Dkt. 66) and requests ***de novo*** review under Fed. R. Civ. P. 72(b)(2), Local Rule CV-72(b), and 28 U.S.C. § 636(b)(1). Dkt. 66 was issued in violation of Plaintiff's Fifth Amendment due process rights, Local Rule CV-7(f), Rules 26 and 37, and controlling Fifth Circuit precedent, warranting vacatur and denial of Walmart's Motion for Protective Order (Dkt. 63).

This whistleblower Complaint (Dkt. 13) alleges evidence spoliation by Walmart (EXHIBITS 1 and 2, Dkt. 13 ¶¶ 189–191), for which Plaintiff has sought criminal referral (Dkt. 72). On April 28, 2025, Walmart served responses to Plaintiff's RFP (Dkt. 62, EXHIBIT 2), asserting blanket privilege and work product objections while withholding all documents pending a protective order, without providing

a privilege log as required under Rule 26(b)(5)(A). On May 1, 2025, the Court denied Walmart's first motion for a protective order *sua sponte* and ordered (Dkt. 60):

> "Any such request [for a protective order] should be specific… without infringing on the right of any party to the lawsuit—here, Jana and Walmart—to review documents exchanged in discovery that are relevant to a party's claim or defense."

Despite this directive, Walmart filed its second protective order motion (Dkt. 63) on June 3, 2025, having produced **zero documents, zero ESI, and zero privilege log**, while withholding documents through incomplete and evasive initial disclosures (Dkt 62, Dkt 64 ¶¶ 29-31, Dkt. 70, PageID #1068-1073, EXHIBIT A-1). Fifth Circuit precedent in *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998), and *Le v. Exeter Finance Corp.*, 990 F.3d 410, 419 (5th Cir. 2021), requires actual document exchange before seeking protective restrictions. Plaintiff's Response (Dkt. 64) specifically raised these issues, detailing how Walmart's blanket assertions and refusal to exchange documents violated Dkt. 60 and disqualified it from seeking protective relief.

Walmart's Reply (Dkt. 65) violated Local Rule CV-7(f), which states a "reply brief [is limited to] responding to the issues raised in the response," by not addressing issues presented in Response (Dkt 64) ((1) Violation of Court Order (Dkt. 60) warrants DENIAL of Defendant's Motion for Protective Order: A. Violation of Procedural Prerequisite: No Prior Exchange of Discovery Materials, B. Lack of Specificity Required Under Rule 26(c)(1) and Dkt. 60, (2) There is no outstanding discovery request that requires protection, (3) Walmart's Misrepresentation of Plaintiff's Position and Failure to Confer in Good Faith Warrants Denial of Protective Order, (4) Rule 26(b)(5)(A) Requires More Than Blanket Assertions—Walmart's Privilege Claims Must Be Deemed Waived and Cannot Justify Renewed Protective Order (5) Walmart's Failure to Make Any Initial Disclosures Disqualifies It From Seeking

Protective Relief Under Rule 26(c) , (6) Adrian Milbourne's Impeachment Renders Walmart's Protective Order Motion Factually and Legally Defective, (7) Confidential Whistleblower Reporting Does Not Justify Protective Order, (8) Walmart's Refusal to Verify Altered Evidence Exposes Bad-Faith Discovery Tactics and Undermines Public Accountability.)) **and** by raising **new arguments** not presented in Dkt. 63 and not responsive to Dkt. 64. Examples include: (I) Claiming for the first time that its June 9, 2025, unsolicited, uncertified document dump constituted "initial disclosures" (Dkt. 65 at 4–5), (2) Stating it would produce a privilege log "as soon as it is complete" (Dkt. 65 at 5). (3) Asserting that Plaintiff declined to download files and was refusing to participate in good faith, (4) Introducing arguments about Plaintiff "posting about this lawsuit online" and the need to avoid "dozens of protective orders" (Dkt. 65 at 3). While Local Rule CV-7(f) permits the Court to rule without waiting for a reply or sur-reply, it does not permit the Court to **rely on new arguments** raised for the first time in a **reply** without affording the non-moving party an opportunity to respond. This violation warrants vacatur of the Protective Order (Dkt. 66). Despite Plaintiff's right to file a sur-reply by July 2, 2025, the Court issued Dkt. 66 just two days after Walmart's Reply (Dkt. 65), on June 27, 2025, before the sur-reply deadline, and without providing Plaintiff a meaningful opportunity to rebut Walmart's new arguments and misrepresentations. The Court's ruling relied heavily on Walmart's reply arguments, which were not presented in its original motion and were not responsive to Plaintiff's opposition, thereby violating Plaintiff's due process rights under the Fifth Amendment and Local Rule CV-7(f). These procedural errors deprived Plaintiff of a fair opportunity to be heard and require vacatur of Dkt. 66 to preserve the integrity of these proceedings. Plaintiff's Response (Dkt. 64 ¶¶ 29–31) did not address Walmart's June 9, 2025 dump because Walmart did not identify it as supplemental initial

disclosures in its motion (Dkt. 63). Walmart's new assertions in Dkt. 65 directly influenced the Court's ruling in Dkt. 66, which stated:

> "Second … And although Walmart has yet to serve its privilege log, it is in the process of doing so."

This "Walmart has yet to serve its privilege log, it is in the process of doing so" based on **new arguments improperly raised for the first time in reply** and deprived Plaintiff of a meaningful opportunity to respond before the Court ruled, violating procedural due process and Local Rule CV-7(f). Moreover, even if Walmart's June 9, 2025, dump is treated as "initial disclosures," Plaintiff's timely **May 2, 2025 Objection** (**Dkt. 62**) precludes Plaintiff's acceptance of these documents, preserving Plaintiff's rights and objections. Additionally, Dkt. 65-2 and 65-EXHIBIT A-3 mischaracterized the June 9, 2025 dump as "initial disclosures," while communications (Dkt. 65, EXHIBIT A-2, PageID 1014) described it only as "Walmart's first production," admitting Walmart was "continuing to evaluate" whether to produce additional documents and failing to mention any privilege log as required by Rule 26(b)(5)(A). These errors collectively deprived Plaintiff of **due process** by denying the right to meaningfully participate in the discovery process before restrictions were imposed, contrary to the Fifth Amendment and *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). On May 1, 2025, the Court issued Dkt. 60 directive reflects the "exchange first, protect second" principle mandated by *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998), and *Le v. Exeter Finance Corp.*, 990 F.3d 410, 419 (5th Cir. 2021), requiring parties to exchange discovery materials before seeking protective restrictions justified on a document-by-document basis. At the time it filed Dkt. 63, Walmart was in total noncompliance with Dkt. 60 and its Rule 26(a)(1)(A)(ii) initial disclosure obligations and Rule 34 RFP obligations, having produced zero documents, zero privilege log, while

improperly seeking blanket protective relief to block discovery. Instead of acknowledging these violations, Walmart mischaracterized in Dkt. 65 that "Plaintiff seems to have **misinterpreted** the Court's Order entered May 1, 2025 (Dkt. 60)." The Court then adopted this misrepresentation, stating, "First, Jana **misunderstands** the court's order." The fact is Walmart violated Dkt. 60 as described in Dkt. 64 (¶¶ 2–13), and the Court deviated from its own directive (Dkt 60). As Plaintiff argued in Dkt. 64 (¶ 12), Walmart "failed to identify which documents are allegedly confidential, despite having produced no privilege log and no discovery materials whatsoever." The Fifth Circuit has consistently held that blanket, conclusory assertions of confidentiality are insufficient and that the moving party bears the burden of showing necessity with a "particular and specific demonstration of fact." *Terra*, 134 F.3d at 306.

For example, Plaintiff's RFP #14 (Dkt 62, EXHIBIT 2, Page 11) requested "ALL Official Documents of Kamil Bay, Adrian Milbourne, and Ridhi Mehra's positions/designations/qualifications at Walmart as of 10-19-2023," which are not confidential. There was no document exchange in the first place to start with. Yet, the Court in Dkt. 66 incorrectly stated that Plaintiff "seeks confidential information about employees," granting Walmart blanket protection without factual justification.

These errors (i) Constitute clear legal error under Rule 60(b)(1), (ii) Render Dkt. 66 **VOID** under Rule 60(b)(4) for lack of procedural foundation and due process, (iii) Present exceptional circumstances under Rule 60(b)(6) warranting vacatur to preserve judicial integrity.

Accordingly, Plaintiff respectfully requests that the Court **VACATE** Dkt. 66, **DENY** Walmart's Motion for Protective Order (Dkt. 63), and enforce the "exchange first, protect second" framework consistent with Dkt. 60 and controlling Fifth Circuit precedent.

Date : July 11, 2025

                                                      Respectfully Submitted,

                                                  DILIP JANA, Plaintiff
                                                          *Pro Se*
                                              Telephone : 318-243-9743
                                              Email: janadilip@gmail.com
                                        800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On July 11, 2025, a true and correct copy of the foregoing was served upon the following through the

Court's CM/ECF system:

| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
|---|---|---|
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.

                                                    Respectfully Submitted

                                                Dilip Jana, pro se Plaintiff
                                                Tel: 318-243-9743
                                                EMail: janadilip@gmail.com
                                                800 Fairlawn St, Allen, TX, 75002