# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

|  |  |  |
|---|---|---|
| **IN THE MATTER OF:** | § | |
| | § | |
| | § | |
| DILIP JANA | § | **Civil Action No. 4:24-cv-00698-SDJ-BD** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **WALMART, INC.,** | § | |
| *Defendant*. | § | |

---

### [PROPOSED] ORDER VACATING PROTECTIVE ORDER (Dkt 66)

---

Before the Court is Plaintiff's Objections to the Magistrate Judge's Order (Dkt. 66) and Request for District Judge Review pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(2), and Local Rule CV-72(b). Having reviewed the briefing, the applicable law, and the record, the Court finds that:

1.  The Magistrate Judge's Order (Dkt. 66) was issued in reliance on new arguments raised for the first time in Defendant's Reply (Dkt. 65), in violation of Local Rule CV-7(f) and without affording Plaintiff a meaningful opportunity to respond, thus violating Plaintiff's due process rights under the Fifth Amendment.

2.  The Order (Dkt. 66) was issued despite Defendant's noncompliance with Dkt. 60, Rule 26(a)(1)(A)(ii), Rule 26(b)(5)(A), and controlling Fifth Circuit precedent, which require the exchange of discovery materials prior to the entry of protective restrictions and a

document-by-document justification for protective relief.

3. The Fifth Circuit has held that blanket, conclusory assertions of confidentiality are insufficient, and the moving party bears the burden of demonstrating necessity with specificity. See In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998); Le v. Exeter Finance Corp., 990 F.3d 410, 419 (5th Cir. 2021).

4. The record demonstrates that Defendant withheld all documents while asserting privilege and requesting a protective order without providing a privilege log, failing to comply with Rule 26(b)(5)(A), and instead mischaracterizing its June 9, 2025 document dump as "initial disclosures" after Plaintiff's documented objections, which does not satisfy its disclosure obligations under Rule 26.

Accordingly, the Court VACATES the Magistrate Judge's Order (Dkt. 66).

It is ORDERED that:

1. Defendant's Motion for Protective Order (Dkt. 63) is DENIED.

2. Defendant is instructed to comply with Dkt. 60, Rule 26(a)(1)(A)(ii), Rule 26(b)(5)(A), and controlling Fifth Circuit precedent, including producing a privilege log if privilege is claimed, prior to seeking any further protective restrictions.

3. Defendant is warned that further misrepresentations to the Court or discovery misconduct may result in escalating sanctions, including preclusion of evidence or default judgment, pursuant to Rule 37(b)(2)(A).

4. Plaintiff's objections and procedural rights under Local Rule CV-7(f) and due process are preserved for all future proceedings.

**SO ORDERED.**

Signed this ___ day of _____, 2025.


SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE