# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN THE MATTER OF: § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| §  | |
| DILIP JANA § | |
| *Plaintiff,* § | |
| § |  |
| v. § | |
| § | JUL 14 2025 |
| WALMART, INC., § | |
| *Defendant.* § | CLERK, U.S. DISTRICT COURT TEXAS EASTERN |

**PLAINTIFF'S MOTION FOR SANCTIONS, PRIVILEGE WAIVER, AND FINDING OF FRAUD ON THE COURT UNDER RULES 26(g), 26(b)(5), 37(c), AND THE COURT'S INHERENT AUTHORITY: WALMART'S MISREPRESENTATIONS IN DKT. 65 AND DKT. 76**

**TO THE HONORABLE DISTRICT JUDGE SEAN D. JORDAN:**

Plaintiff Dr. **Dilip Jana**, appearing **pro se**, respectfully submits this Motion pursuant to **Federal Rules of Civil Procedure ("Rule") 26(g), 26(b)(5)(A), 37(c)(1)**, and the Court's **inherent authority** to seek redress for material misrepresentations, procedural violations, and fraud on the Court by Defendant **Walmart Inc.**, as evidenced in **Dkt. 65** and **Dkt. 76**. This Motion is directed to **the District Judge** under Rule 72(a) and **in connection with Dkt. 77**, Plaintiff's pending objection to the Magistrate Judge's Order (Dkt. 66) granting Walmart's Second Motion for Protective Order.

**I.  Background**

The facts and misconduct described herein directly relate to Walmart's representations in that motion, and to ongoing attempts to evade the requirements of Rules 26(g), 26(b)(5)(A), and 34. In Dkt. 66, the Court stated:

> "Walmart served its initial disclosures… and although Walmart has yet to serve its privilege log, it is in the process of doing so." (Dkt. 66, PageID 1109)

This finding was based on new arguments introduced for the first time in Walmart's Reply (Dkt. 65), in violation of Local Rule CV-7(f), which restricts replies to matters raised in the response. Walmart's reply alleged for the first time that it had made a June 9 document production and was preparing a privilege log—assertions never raised in its motion (Dkt. 63), depriving Plaintiff of an opportunity to rebut. Walmart's April 7 Initial Disclosure, though technically served, produced zero documents, no ESI, and no description by category or location as required by Rule 26(a)(1)(A)(ii). Plaintiff did not dispute receipt of that disclosure—instead, he objected that it was facially noncompliant. Walmart's June 9 production came months late, was unsigned, lacked Rule 26(g) certification, and was not even referenced in its motion. Yet Walmart's reply framed these events to suggest Plaintiff was misleading the Court, leading the Court to adopt Walmart's narrative and issue Dkt. 66 under false pretenses. Moreover, Judge Davis's prior Order (Dkt. 60) was clear: a party seeking protective relief must first exchange discovery, then seek protection only after establishing need and relevance. Walmart failed to meet this condition. Its Initial Disclosure was empty, its June 9 dump defective, and its representations misleading. The Protective Order was granted based on a misstatement of the facts and should be vacated. Accordingly, Plaintiff seeks vacatur of Dkt. 66, sanctions, a finding of fraud on the Court, and privilege waiver. The Court should not allow Walmart to benefit from

misrepresentations and procedural abuse that undermined both Plaintiff's due process rights and the integrity of these proceedings.

## II.   ARGUMENT

**A. Walmart Misled the Court by Misrepresenting the Nature of Its Initial Disclosures in Support of Dkt. 66**

In Plaintiff's Response (Dkt 64) to Walmart's Second Motion for Protective Order (Dkt 63), Paragraphs 29–31 were titled: "VI. Walmart's Failure to Make Any Initial Disclosures Disqualifies It From Seeking Protective Relief Under Rule 26(c)"

At first glance, this heading might suggest that Walmart failed to serve any Initial Disclosures. However, the body of the section immediately clarifies that Walmart's Initial Disclosures—though nominally served—were substantively deficient because they contained no documents, no ESI, and no description by category or location, as required by Rule 26(a)(1)(A)(ii).

Specifically, Plaintiff wrote:

> "Walmart has failed to produce a single document in its Initial Disclosures, in direct violation of Federal Rule of Civil Procedure 26(a)(1)(A)(ii)... Rather than comply with this mandatory, self-executing obligation, Walmart improperly conditioned its production on the entry of a protective order..." (Dkt. 64 ¶ 29)
>
> "This conditional commitment violates both the letter and spirit of Rule 26(a)..." (Dkt. 64 ¶ 30)
>
> "Walmart's failure renders it ineligible to rely on such documents at trial or in dispositive motions under Rule 37(c)(1)." (Dkt. 64 ¶ 31)

Thus, Plaintiff did not dispute that Walmart served its Initial Disclosures—rather, he objected that those disclosures were legally invalid and evasive, and provided no actual documents as required by

law. This distinction is essential because Walmart's Reply (Dkt. 65) deliberately conflated service with sufficiency, misleading the Court to believe that Plaintiff's objection was unfounded.

Indeed, the Court's Protective Order (Dkt. 66) adopted Walmart's framing:

> "Jana's argument that… Walmart has not served its initial disclosures… is not well taken… Walmart served its initial disclosures, see Dkt. 65-2 at 2." (Dkt. 66, PageID 1109)

This finding was directly influenced by Walmart's statements in Dkt. 65 and Dkt. 65-5:

> "Walmart had served initial disclosures and produced documents in this lawsuit." (Dkt. 65-5, PageID 1005), "As a reminder, Walmart's initial disclosures were emailed to you on April 7th…" (Dkt. 65-5, PageID 1025)

But Walmart failed to inform the Court that its April 7 Initial Disclosures contained **zero documents** and **no Rule 26(a)(1)(A)(ii) compliance**. This omission caused the Court to incorrectly find that Walmart had met the prerequisites for seeking a protective order under Rule 26(c). Judge Davis's prior Order (Dkt. 60) explicitly set a **precondition** for seeking further protective relief: parties must **first exchange discovery**, then seek specific protections only after demonstrating relevance and necessity:

> "When the Rule 26(c)(1) standard has been satisfied, a protective order may properly prohibit dissemination of sensitive information… without infringing on the right of any party… to review documents exchanged in discovery that are relevant to a party's claim or defense." (Dkt. 60, emphasis added)

Walmart never exchanged such documents with Plaintiff. Its April 7 Initial Disclosures were **empty**. Its June 9 document dump came **months late**, was **unsigned**, and was **not referenced** in Dkt. 63. Walmart's Reply, which introduced this new narrative, was therefore **outside the scope of Local Rule CV-7(f)** and deprived Plaintiff of a meaningful opportunity to respond before the Court ruled.

**B. Judicial Notice of Walmart's Evasive Initial Disclosure and Rule 34 Non-Production Supports Plaintiff's Fraud and Sanctions Claims**

**1. Judicial Notice of Walmart's EMPTY, EVASIVE Initial Disclosure (Dkt. 70, EXHIBIT A-1)**

Plaintiff respectfully requests that the Court take judicial notice of Walmart's April 7, 2025 Initial Disclosures, which Plaintiff submitted as **EXHIBIT A-1** to **Dkt. 70**—titled *Plaintiff's Renewed Notice of Objection to Any Future Supplemental Initial Disclosure Document Production by Defendant Walmart Inc.* (Dkt. 70-1, PageID 1069–1073). This Initial Disclosure—while technically served—was **substantively deficient** and **facially evasive**, listing no actual documents, no ESI, and providing no "description by category and location" as required under **Rule 26(a)(1)(A)(ii)**. As Plaintiff explained contemporaneously in his May 2, 2025 filing (Dkt. 62):

> "As of this filing, the Defendant has failed to produce a single document, which directly undermines the purpose and obligations set forth in Federal Rule of Civil Procedure 26(a)(1)(A)(ii)… This failure has impeded the progress of this case and prejudiced the Plaintiff's ability to prepare for litigation."

Walmart's evasive Initial Disclosure was **misrepresented in Dkt. 65** as a meaningful production of documents, which misled the Court into finding in Dkt. 66 that:

> "Walmart served its initial disclosures, see Dkt. 65-2 at 2."

While that statement may be technically correct, it is **materially misleading** when viewed in the context of Rule 26(c) and this Court's May 1, 2025 Order (Dkt. 60), which required that protective orders be sought **only after** actual document exchange had occurred. No such exchange had taken place. Accordingly, Walmart's Initial Disclosure was **form over substance**, and the Court's reliance on it in granting Dkt. 66 was predicated on **incomplete and inaccurate representations.**

**2. Judicial Notice of Walmart's EMPTY Rule 34 Production (Dkt. 62, EXHIBIT A)**

In the same filing—**Dkt. 62**, dated May 2, 2025—Plaintiff also submitted **EXHIBIT A**, documenting Walmart's formal Responses and Objections to Plaintiff's March 28, 2025 Rule 34 Requests for Production. As shown in that exhibit, Walmart: (i) **Produced zero documents** in response to any of the RFPs, (ii) Asserted boilerplate objections based on privilege, confidentiality, vagueness, and relevance, (iii) Stated affirmatively that no production would occur without the entry of a protective order. Despite invoking **attorney-client privilege** and **work-product protection** in nearly every objection, Walmart never served a **privilege log, in violation of Rule 26(b)(5)(A).**

Therefore, Plaintiff respectfully requests that the Court take judicial notice that prior to filing Dkt. 63 (Second Motion for Protective Order) on June 3, 2025: (i) Walmart had **produced zero documents** under **Rule 26(a)(1)(A)(ii)** Initial Disclosures (Dkt 70, EXHIBIT A-1), (ii) Produced **zero documents** in response to Plaintiff's Rule 34 RFPs (Dkt 62) (iii) And served **no privilege log** at the time of objection despite asserting privilege/work-product objections across both Interrogatories and RFPs. These facts are **indisputably documented** in Dkt. 62 and Dkt. 70, both of which are part of the official court record and eligible for judicial notice under **Federal Rule of Evidence 201(b)**.

**C. WALMART'S DISCOVERY MISCONDUCT REQUIRES SANCTIONS, PRECLUSION, AND A FINDING OF FRAUD ON THE COURT**

**1. Fraud on the Court: Walmart's June 9, 2025 Production Was Illegally Unsigned and Misrepresented to the Court in Violation of Rule 26(g) and <u>Must Be Stricken</u>**

Walmart's June 9, 2025 document dump —transmitted via email by junior counsel without signature or Rule 26(g)(1) certification—was invalid on its face (**See Dkt 65-3 PageID# 1015**). It was presented as part of Walmart's Initial Disclosures under Rule 26(a), yet it failed to meet the procedural requirements of:

- **Rule 26(a)(1)(A):** No metadata or native formats were provided;
- **Rule 26(g)(1):** No certification by lead counsel or anyone listed in the docket as attorney of record;
- **Rule 26(g)(2):** No correction was supplied after Plaintiff's June 30, 2025 written objection (Dkt. 68), which cited the failure.

Under **Rule 26(g)(2)**, the **remedy is <u>mandatory</u>**:

> *"The court **must** strike [an] unsigned disclosure... unless a signature is promptly supplied after the omission is called to the attorney's or party's attention."*

Walmart's own June 17 email (attached to Dkt. 65) confirmed that no signature was provided with the June 9 dump and claimed—falsely—that Rule 26(g) does not require certification for every production. That legal assertion contradicts both the text of the rule and black letter law.

In its June 27, 2025 Order granting Walmart's Second Motion for Protective Order (Dkt. 66), the Court relied on the following representation made in Walmart's Reply:

> "Walmart served its initial disclosures, see Dkt. 65-2 at 2. And although Walmart has yet to serve its privilege log, it is in the process of doing so." — *Dkt. 66, at 2*

That assertion originated from **Walmart's Reply** brief (Dkt. 65), which included this statement:

> "We noticed you stated in your filing yesterday that Walmart has not provided initial disclosures or produced documents. As a reminder, Walmart's initial disclosures were

emailed to you on April 7th and Walmart's first production was emailed to you on June 9th." — *Dkt. 65-5, Page 3, PageID 1025*

Plaintiff does not dispute that Initial Disclosures were served on April 7, 2025—but they were *empty* and evasive, as extensively documented in Plaintiff's filings (see Dkt. 62; Dkt. 64 ¶¶ 29–31; Dkt. 70, EXHIBIT A-1). The relevant misrepresentation concerns the claim that Walmart "produced documents" on June 9, 2025 as part of its "first production."

This production was made without (i) A signed **Rule 26(g) certification** by lead counsel, (ii) A **privilege log** under Rule 26(b)(5)(A), (iii) Any explanation of scope, metadata, or redactions, (iv) Any response to Plaintiff's pending discovery requests. Plaintiff immediately challenged this production in writing (Dkt. 68, June 30, 2025), invoking **Rules 26(b)(5), 26(g), 34(b)(2), and 37(a)(1)**. In response, on June 17, 2025 Walmart claimed that Rule 26(g) **"does not require certifications for every production"**—a position flatly contradicted by Rule 26(g)(2):

In reality, Plaintiff **formally objected** to the June 9 production **the very next day**, explaining that:

> "On June 9, 2025—more than two months after the production deadline—Walmart transmitted a batch of documents without any accompanying certification, cover letter, explanation, or index. This unannounced production appears to conflict with Walmart's April 28 responses and raises concerns about compliance with Rule 26(g), Rule 26(e)(1)(A), and Rule 34(b)."— *Plaintiff's June 10, 2025 Letter, Dkt. 65-3, PageID 1018*

This objection was placed before the Court **before** it ruled on Dkt. 66. Plaintiff specifically raised a challenge under **Rule 26(g)**, which states unambiguously:

> **Rule 26(g)(2)** — "**Failure to Sign.** Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court **must strike it** unless a signature is promptly supplied after the omission is called to the attorney's or party's attention."

Despite this clear legal mandate, **Walmart never supplied any Rule 26(g) signature for the June 9 production**. Instead, Walmart sent an email stating:

> *"Rule 26(g) certifications were included with Walmart's Rule 26 initial disclosures and its responses and objections to your requests for production. ... Rule 26(g) does not require certifications for every production, as you suggest."*

This is flatly incorrect and misrepresents the law. The **plain language** of Rule 26(g)(2) places an affirmative burden on the producing party to include a signature with **each production**. In the absence of such certification, <u>**the court must strike**</u> the production and the opposing party has **no duty to respond or act**. Plaintiff was well within his rights to "decline to download the documents" pending certification. Nonetheless, Walmart used this refusal against Plaintiff in its **Reply (Dkt 65)**:

> *"Plaintiff clearly received this email, as he responded to it the next day with a letter 'objecting' to Walmart's production and **declining to download the documents**. ... Plaintiff **has not responded to this email or clarified the misstatements** in his Response."* — Dkt. 65-5, PageID 1005

This framing was **intentionally misleading**. Walmart misrepresented Plaintiff's legally grounded Rule 26(g) objection as "misstatements," falsely suggesting Plaintiff was evading discovery. In fact, Plaintiff made a **lawful and timely objection under Rule 26(g)** and, as required, suspended review of the documents pending certification. Instead of recognizing that the June 9 production was <u>**invalid as a matter of law**</u>, the Court **relied on Walmart's mischaracterization** in its Order granting the Protective Order (Dkt. 66), stating:

> *"And although Walmart has yet to serve its privilege log, it is in the process of doing so.."* — Dkt. 66, at 2 referring to June 9, 2025 Supplemental Initial Disclosure

In doing so, the Court implicitly accepted the claim that a valid production occurred—when, under Rule 26(g)(2), it was defective and should have been **struck *sua sponte***. Moreover, these arguments were first introduced by Walmart in its **Reply brief**, in violation of **Local Rule CV-7(f)**: "A reply is limited to responding to the issues raised in the response."— *CV-7(f), Eastern District of Texas*

---

**Plaintiff's Motion for Sanctions, Privilege Waiver And Fraud Upon the Court**    Page 9 of 16
*Jana v. Walmart, Inc.*

Plaintiff had **no opportunity to file a sur-reply** to correct the record. The Court ruled just **two days later**, adopting Walmart's newly introduced—and legally false—narrative, while **denying Plaintiff a meaningful chance to be heard**, in violation of Plaintiff's rights under the **Due Process Clause of the Fourteenth Amendment**. As the Supreme Court emphasized: An opportunity to be heard must be granted at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), The opportunity to respond must be meaningful, and it must come before the decision is made. *Nelson v. Adams*, 529 U.S. 460, 467 (2000)

**Rule 26(g)(2):** No correction was supplied after Plaintiff's June 30, 2025 written objection (Dkt. 68), which cited the failure. <u>The Court must strike June 9, 2025 production as a matter of law.</u>

Walmart's **June 9, 2025 production was unsigned**, invalid under Rule 26(g)(2), and knowingly misrepresented to the Court as a legitimate basis for protective relief. Walmart then used Plaintiff's lawful objection as a basis to allege "**misstatements**," and the Court relied on these distortions without considering the governing law or giving Plaintiff the chance to respond. This conduct constitutes **fraud upon the court** under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944), and *Crowe v. Smith*, 151 F.3d 217, 236 (5th Cir. 1998), and **demands vacatur of Dkt. 66, preclusion of the June 9 production, and sanctions under Rule 26(g), Rule 37(c), and the Court's inherent authority.**

## 2. Walmart's "Second Production" Threatens Further Prejudicial Misconduct and Must Be Precluded

In Dkt. 76 (July 10, 2025), Walmart announced a forthcoming "second production" that would include the unredacted EXHIBIT 2 and attachments—the same material that (i) Was previously

withheld or conditioned on protective order, (ii) Was refused in response to Interrogatory No. 2 which required YES/NO answer and RFP No. 1, (iii) Is now being unilaterally disclosed without a new Rule 34 request (Plaintiff withdrew Rule 34 RFP on July 11, 2025( Dkt 78)

Plaintiff withdrew all pending Rule 34 RFPs in Dkt. 78 on July 11, 2025. Walmart's attempt to produce material post-withdrawal—without court order, conference, or certification—is a transparent backdoor tactic that undermines judicial review and prejudices the integrity of the record. The Fifth Circuit has affirmed preclusion of such materials under Rule 37(c)(1), particularly where discovery misconduct involves repeated bad faith or gamesmanship. See *Harmon v. Georgia Gulf Lake Charles LLC*, 476 F. App'x 31, 36 (5th Cir. 2012) (affirming preclusion for failure to disclose under Rule 26).

### 3. Walmart's Misrepresentations in Dkt. 65 and Dkt. 76 Constitute Fraud Upon the Court

Walmart's representations in Dkt. 65 and Dkt. 76 were not merely inaccurate or evasive—they were intentionally false statements designed to **deceive the Court and suppress judicial review** of its privilege assertions, discovery conduct, and Rule 26 compliance failures. On June 30, 2025 Plaintiff challenged Walmart about its purported, potentially fraudulent, Attorney/Client Privilege in Dkt 68 and EXHIBIT A: "PLAINTIFF'S NOTICE OF DEMAND FOR CLARIFICATION REGARDING PRIVILEGE ASSERTION"

> *Plaintiff demands that Walmart immediately clarify its position regarding its current privilege claims over EXHIBIT 2 and all other documents responsive to Plaintiff's Requests for Production. If Walmart intends to maintain any claim of attorney-client privilege or work product protection, please produce a privilege log compliant with Rule 26(b)(5)(A), specifying..*

Walmart repeatedly invoked attorney-client privilege and work product objections in its **April 28, 2025 responses to both Interrogatories and Rule 34 Requests for Production (Dkt 62, EXHIBIT**

**A)**, while simultaneously refusing to produce a **privilege log or identify the specific documents or communications being withheld**. These objections made clear that documents were, in fact, being withheld—triggering Rule 26(b)(5)(A)'s requirement to produce a log "expressly" and "promptly."

Plane language of Rule 26(b)(5)(A)

> *(A) Information Withheld.* ***When a party withholds*** *information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party* ***must****:*
>
> *(i) expressly make the claim; and*
>
> *(ii)* ***describe*** *the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.*

When Plaintiff demanded to clarify Walmart's privilege position on June 30, 2025, privilege log was long overdue (more than 60 days). Walmart never responded to Plaintiff's demand; instead sent a Notice to this Court (Dkt 76) on July 10, 2025 where it claimed:

> "..Walmart is in the **process of preparing a privilege log** and will serve it on Plaintiff **as soon as it is complete** (Dkt. 65, p. 5). **Walmart has not yet withheld any responsive documents on the basis of privilege**, so Plaintiff's demand that Walmart produce a privilege log by his self-imposed July 7, 2025 deadline was unwarranted under the circumstances"

Walmart's statement in Dkt. 76 that *"Walmart has not yet withheld any responsive documents on the basis of privilege"* is irreconcilable with its simultaneous admission that it *"is in the process of preparing a privilege log"* (Dkt. 76, PageID 1193). **These two claims cannot both be true**. If Walmart has not withheld any documents under a claim of privilege, there would be **no basis or need to prepare a privilege log** under Rule 26(b)(5)(A). The very purpose of a privilege log is to identify documents withheld on the basis of privilege or work product protection. However, Walmart promised this Court that it was preparing privilege log, see Court Order Dkt 66: **"And although**

**Walmart has yet to serve its privilege log, it is in the process of doing so. See Dkt. 65 at 5."**

Moreover, this contradiction is not a harmless error. Walmart cannot have it both ways:

- Either it has withheld responsive materials, and must produce a log under Rule 26(b)(5),
- Or it has not withheld anything, in which case it has **no legitimate reason** to be "in the process of preparing a privilege log."

This is not a minor inconsistency—it is a material misrepresentation designed to avoid judicial scrutiny. By asserting privilege to block production (as it did repeatedly in certified discovery responses), then claiming no withholding occurred, Walmart has misled the Court and obstructed Plaintiff's ability to challenge the withholding of critical evidence. The Fifth Circuit has made clear that unjustified failure to provide a privilege log **results in waiver** of the privilege. See *EEOC v. BDO USA, LLP*, 856 F.3d 356, 368 (5th Cir. 2017). Walmart's bad-faith attempt to delay and obscure the existence of withheld documents until after it obtained a protective order only reinforces the conclusion that **waiver is appropriate**, and sanctions may be warranted.

**Prior Representations to Federal Agencies Prove Withholding Under Privilege**

Walmart's assertion in Dkt. 76 that it "has not yet withheld any responsive documents on the basis of privilege" is flatly contradicted by its own prior representations to federal adjudicatory bodies, as well as its formal discovery responses in this litigation. In its February 21, 2024 production letter to OSHA, Walmart explicitly stated that EXHIBIT 1 was redacted due to "potential attorney-client privilege" (Dkt. 29, Exhibit 5). In its June 14, 2024 Answer to the Department of Labor (Dkt. 29-2, Exhibit 5, Page 10, PageID#492), Walmart again affirmed that the unredacted version (EXHIBIT 2) had been previously withheld and would be produced only "subject to a protective order." That same

filing included a footnote stating that the document had initially been marked as privileged and was now being produced based on a so-called "good faith error." Moreover, the subject line of EXHIBIT 2—"Attorney/Client Privilege"—further undermines Walmart's disavowal of any privilege-based withholding. These are not ambiguous or informal statements; they are deliberate representations made to OSHA, the Office of Administrative Law Judges (OALJ), and now to this Court. Walmart has shifted its rationale over time—from claiming privilege, to denying it existed, to retroactively reclassifying the act as a "good faith" mistake—all in an effort to obscure misconduct and evade its obligations under Rule 26(b)(5)(A). Its July 10, 2025 denial of any privilege-based withholding is not merely inconsistent; it is an intentional attempt to mislead the Court and evade judicial scrutiny.

This amounts to **direct misrepresentation** of its discovery position and evasion of the basic requirements of federal procedure. Plaintiff respectfully submits that the Court should issue a finding of fraud on the court and impose appropriate remedial sanctions under its inherent authority.

### III. REQUESTED RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court exercise its authority under **Federal Rules of Civil Procedure 26(g), 26(b)(5), 37(c), and the Court's inherent authority** to enter the following relief:

1. **Vacate Dkt. 66** – Set aside the June 27, 2025 Protective Order, which was obtained through materially false representations in Dkt. 65 and relied on Walmart's uncertified and improper June 9 production and purported evasive and incomplete empty April 7, 2025 Initial Disclosure

2. **Privilege Waiver** – Declare that Walmart has waived any claim of attorney-client privilege or work product protection as to:
   - EXHIBIT 1 and EXHIBIT 2 of the Complaint (Dkt. 13),
   - All attachments and documents referenced in its April 28, 2025 discovery responses, a
   - All documents produced or withheld in the June 9 and "second production."
   
   Waiver is warranted under *EEOC v. BDO USA, LLP*, 856 F.3d 356, 368 (5th Cir. 2017).

3. **Preclude Use of June 9 and "Second Production"** – Strike Walmart's June 9 production and any future "second production" for lack of Rule 26(g) certification, metadata, and privilege logging. Plaintiff has withdrawn all RFPs (Dkt. 78), and these materials were improperly served.

4. **Finding of Fraud Upon the Court** – Enter a formal finding that Walmart's conduct constitutes fraud upon the Court under *Crowe v. Smith*, 151 F.3d 217, 236 (5th Cir. 1998), and *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995).

5. **Sanctions** – Impose sanctions under Rule 26(g) and Rule 37(c)(1) for false certifications, refusal to produce a privilege log, and misrepresentations in Dkt. 65 and 76. Require defense counsel to explain the contradictions and omissions.

6. **Monetary Relief** – Award Plaintiff costs or equitable compensation for the time, effort, and prejudice caused by Walmart's misconduct—even as a pro se party. See *Chambers v. NASCO*, 501 U.S. 32 (1991).

7. **Referral for Investigation** – Refer this matter to the Chief Judge under 28 U.S.C. § 455 or to disciplinary authorities, as warranted by the facts and record.

8. Dated: July 14, 2025

Respectfully Submitted,

*[signature: Dilip Kumar Jana]*

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On July 14, 2025, a true and correct copy of the foregoing was served upon the following through the

Court's CM/ECF system:

| | | |
|---|---|---|
| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.

Dated: July 14, 2025

Respectfully Submitted

*[signature: Dilip Kumar Jana]*

Dilip Jana, pro se Plaintiff
Tel: 318-243-9743
EMail: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002