# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

IN THE MATTER OF:           §
                            §       Civil Action No. 4:24-cv-00698-SDJ-BD
DILIP JANA                  §
    *Plaintiff,*        §
                            §
**v.**                      §
                            §       
**WALMART, INC.,**          §
    *Defendant*.       §       JUL 1 4 2025
                            §
                                    CLERK, U.S. DISTRICT COURT
                                    TEXAS EASTERN

## PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S STRIKING OF DKT. 75 AND MOTION TO REINSTATE DKT. 75 FOR DISTRICT JUDGE REVIEW UNDER RULE 72(a)

**TO THE HONORABLE DISTRICT JUDGE SEAN D. JORDAN:**

COMES NOW Plaintiff, appearing **pro se**, and respectfully submits this objection under Rule 72(a) to the Magistrate Judge's July 11, 2025 Order (Dkt. 79) striking Plaintiff's Motion to Compel pursuant to Federal Rule of Civil Procedure ("Rule") 33, Interrogatory Responses and Request for In Camera Review (Dkt. 75). Plaintiff moves for the reinstatement and adjudication of Dkt. 75, and for a finding that the Magistrate Judge's ruling was clearly erroneous, contrary to law, appearance of impropriety and imposed unlawful procedural burdens on a **pro se** litigant. Federal Rule of Civil Procedure 72(a) authorizes the District Judge to review any portion of a Magistrate Judge's nondispositive ruling that is "clearly erroneous or is contrary to law." The Eastern District's Local Rules do not require a certificate of conference from pro se litigants (EXHIBIT A-1), and striking a motion for lacking one

directly contradicts Local Rule CV-7(i), Fifth Circuit authority, and Rule 26(g).  The Court stated in its Order (Dkt 79),

> *"Jana asserts that he conferred with Defendant Walmart, Inc, by sending its counsel two emails. But Local Rule CV-7(h) requires "a personal conference, by telephone or in person," to discuss discovery disputes, so his emails were insufficient. Further, Jana did not contact chambers to schedule a teleconference, so he also failed to satisfy the second prerequisite"*

While Plaintiff made good faith effort (**Dkt 72, EXHIBIT A-2**)  "Request for Amended **Written Interrogatories Response**" and warned Walmart

> "Plaintiff intends to file "**Motion to Compel and In Camera Review**" after Thursday, May 8, 2025 without further notice in the event Plaintiff does not receive complete responses."

and made another effort on July 8, 2025 (**Dkt 75, EXHIBIT A-1**).  Motion to Compel (Dkt 75) was related to Plaintiff's Rule 33 Interrogatory No. 1-4; no document production was needed. Plaintiff asked a simple YES/NO answer through Interrogatory No 2 whether EXHIBIT 1 (Dkt 13), the reason for the termination was **altered**. (Dkt 75, EXHIBIT A-1). The answer was due on April 28, 2025, however, Walmart declined to answer simple YES/NO despite acknowledging at OALJ and this Court that it was not altered. Answer to Interrogatory 2 is central to Plaintiff's whistleblower retaliation claim under SOX and CAARA.

**Retaliatory Timing Shows Appearance of Impropriety and Shielding Walmart.** On July 11, 2025, at 4:36 PM, Plaintiff filed Dkt. 77, a **formal Rule 72(a) Objection to the Magistrate Judge's Order** granting Walmart's Second Motion for Protective Order (Dkt. 66). Plaintiff's objection raised detailed allegations of procedural misconduct and factual misrepresentation by Walmart, as previously outlined in Plaintiff's Objection (Dkt. 77). Exactly 23 minutes later, at 4:59 PM, the Magistrate Judge struck Plaintiff's Motion to Compel (Dkt. 75) which was filed just 24 hours ago, without notice, hearing, or any acknowledgment of its contents or merits. Instead, the Court moved

immediately to strike a properly filed motion raising fraud, privilege abuse, and Rule 26(g) violations, thereby shielding Walmart from substantive judicial review. Moreover, just one day prior, on July 10, 2025, Walmart filed a **Notice (Dkt. 76)** attempting to preemptively frame Plaintiff's Motion to Compel as a **premature** and procedurally improper demand for a privilege log and unredacted documents:

> "Walmart respectfully submits that such a motion is **premature** and procedurally improper at this stage." (Dkt. 76, Page 1, PageID 1193)

The Court **adopted this framing** and struck Plaintiff's Motion to Compel (Dkt 75) as **"premature."** However, the record shows that Plaintiff's motion was neither premature nor improper - (i) Dkt. 75 had been on file since July 10, 2025, at 2:45 PM—over 24 hours before it was struck, (ii) Plaintiff contemporaneously filed a Notice of Withdrawal of all Rule 34 Requests for Production (Dkt. 78, at 4:37 PM on July 11), thereby eliminating any remaining document disputes, (iii) Dkt. 75 addressed **only** Rule 33 Interrogatories 1–4, including straightforward, ripe questions such as identification of the interrogatory respondent (No. 1) and a yes/no authenticity inquiry regarding documentary tampering (No. 2); (iv) The Court's Order ignored Plaintiff's EXHIBIT A-1, which documented good-faith conferral efforts, (v) The Court applied Local Rule CV-7(h), even though Local Rule CV-7(i) explicitly exempts non-prisoner pro se litigants from the personal conference requirement. (**EXHIBIT A-1**). Despite this exemption, the Court struck Plaintiff's Motion to Compel for failure to comply with CV-7(h), applying a rule that does not govern Plaintiff's conduct. This is a clear error of law and deprived Plaintiff of a right to be heard on critical factual disputes implicating **document spoliation**, privilege abuse, and possible sanctions under Rule 37. Answer to this Interrogatory response (1-4) is directly related to Plaintiff's retaliatory termination under SOX and CAARA and

"**MOTION for Criminal Referral and Sanctions" (Dkt 72) which undermines integrity of the judicial system.** Instead, the Court struck Plaintiff's Motion without addressing these contradictions, without recognizing Plaintiff's exemption from CV-7(h) and CV-7(i). In the pleading (Dkt 75) Plaintiff requested for a Default judgement in the event In Camera Review finds Walmart altered evidence. The timing and substance of the Court's actions thus reflect not only an appearance of impropriety, but also a pattern of shielding Walmart from critical discovery scrutiny. This prejudiced Plaintiff's ability to prove fraud, retaliation, and document tampering—core claims in this SOX and CAARA whistleblower case—and denied Plaintiff a meaningful opportunity to be heard, in violation of Mathews v. Eldridge, 424 U.S. 319, 333 (1976) and Nelson v. Adams, 529 U.S. 460, 467 (2000).

In stark contrast, Walmart's own Motion for Protective Order (Dkt. 63) was filed on June 3, 2025, without any meaningful conferral after May 2, 2025, and was supported by an outdated email from April 2, 2025. Walmart fabricated a narrative that Plaintiff had insisted all discovery documents be made public—a claim Plaintiff rebutted in writing on May 2, 2025, stating unequivocally:

> "Your statement is a misrepresentation of facts and is in bad faith… Before you bring any discussion about [a] Protective Order, please respond to my question concisely as you are manipulating facts."— *(Dkt. 62, EXHIBIT 1)*

Plaintiff further exposed this procedural misconduct in Dkt. 64, ¶¶ 18–24, detailing that (i) Walmart never followed up after Plaintiff's May 2 objection, (ii) The April 2 email was outdated and irrelevant, (iii) Walmart misrepresented Plaintiff's position to justify a renewed protective order, and (iv) No Rule 26(c) prerequisites were met. Despite these glaring defects and procedural violations by Walmart's attorneys—who are unquestionably bound by Local Rule CV-7(h)—the Court did not strike or even question Dkt. 63. Instead, the Magistrate Judge granted Walmart's motion in full through Dkt. 66 without a hearing, and without requiring compliance with Rule CV-7(h). Meanwhile,

Plaintiff's narrow, well-supported, and procedurally exempt motion to compel was summarily struck just 23 minutes after he filed an objection to the Court's ruling on Dkt. 63. The Court did so without addressing the exemption in CV-7(h), CV-7(i). This is not merely a procedural oversight. It is an unmistakable case of **unequal enforcement of procedural rules** (i) Walmart, represented by seasoned attorneys, violated CV-7(h), fabricated conferral efforts, and proceeded with no consequence, (ii) Plaintiff, a pro se litigant explicitly exempt from CV-7(h), had his motion struck for allegedly not satisfying a rule that does not apply to him. The Fifth Circuit has consistently emphasized that unequal enforcement of procedural rules undermines the fairness of judicial proceedings and can justify reversal or recusal. See, e.g., *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883–84 (2009); *Crowe v. Smith*, 151 F.3d 217, 236 (5th Cir. 1998). The selective application of CV-7(h) in this case—harshly against Plaintiff while forgiving Walmart's actual noncompliance—creates an unmistakable appearance of judicial bias, procedural favoritism, and denial of due process. It warrants immediate correction by the District Judge under Rule 72(a), and reconsideration of the Magistrate Judge's ruling in Dkt. 79.

**Prayer:** The Court's July 11, 2025 Order (Dkt. 79) striking Plaintiff's Motion to Compel (Dkt. 75) was: (i) **Clearly erroneous** in its misapplication of CV-7(h) and failure to recognize CV-7(i), (ii) **Contrary to law** in denying Plaintiff a hearing on Rule 33 interrogatories implicating fraud, (iii) **Retaliatory in timing** following Plaintiff's formal objection to Dkt. 66 (iv) **Prejudicial** in shielding Walmart from scrutiny and denying Plaintiff a meaningful opportunity to be heard.

Accordingly, Plaintiff respectfully requests that the District Judge (i) **VACATE Dkt. 79**, (ii) **REINSTATE and adjudicate Dkt. 75 on the merits**, (iii) **Reaffirm Plaintiff's exemption under CV-7(i)**, (iv) **Grant any other relief deemed just and proper**

Dated: July 14,2025

Respectfully Submitted,

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On July 14, 2025, a true and correct copy of the foregoing was served upon the following through the

Court's CM/ECF system:

| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
|---|---|---|
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.

Dated: July 14, 2025

Respectfully Submitted

Dilip Jana, pro se Plaintiff
Tel: 318-243-9743
EMail: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002