# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | § § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| DILIP JANA<br>*Plaintiff,* | § § § | |
| v. | § § § | |
| WALMART, INC.,<br>*Defendant.* | § § § | |

**FILED JUL 15 2025 CLERK, U.S. DISTRICT COURT TEXAS EASTERN**

---

### PLAINTIFF'S MOTION TO RECUSE MAGISTRATE JUDGE HON. BILL DAVIS UNDER 28 U.S.C. § 455(a) , 144

---

**TO THE HONORABLE SEAN D. JORDAN**

Pursuant to 28 U.S.C. §§ 455(a) and 144, pro se Plaintiff Dr. Dilip Jana respectfully moves for the prompt recusal of United States Magistrate Judge Hon. Bill Davis from all further proceedings in this matter. This motion is based on a sustained pattern of unequal rule enforcement, retaliatory timing, and judicial reliance on demonstrably false or misleading representations by Defendant Walmart. Taken together, these circumstances create a compelling appearance of judicial partiality - particularly against a **pro se** whistleblower pursuing federal retaliation claims under SOX and CAARA. As set forth below, the cumulative record establishes a well-founded appearance of bias, prejudgment, and selective rule application. These defects threaten the integrity of these proceedings and violate Plaintiff's fundamental right to due process under the Fifth Amendment.

# I. LEGAL STANDARD

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This standard is objective: whether a reasonable person, knowing all the facts, would question the judge's impartiality. See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988); *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995). Under 28 U.S.C. § 144, recusal is warranted when a party files a timely motion supported by facts showing bias or prejudice. The facts need not show actual bias; even the appearance of prejudgment, favoritism, or hostility is sufficient. See *Liteky v. United States*, 510 U.S. 540, 555–56 (1994).

# II. ARGUMENT

### A. Pattern of Issuing Orders Immediately After Walmart's Reply Briefs Without Allowing Plaintiff to Respond Creates an Appearance of Impropriety

A disturbing pattern has emerged in this case: the Court has repeatedly issued adverse rulings against Plaintiff within days of Walmart's Reply briefs that introduced new arguments, in violation of Local Rule CV-7(f). While Local Rule CV-7(f) permits the Court to rule without waiting for a reply or sur-reply, it does not permit the Court to rely on new arguments raised for the first time in a reply without affording the non-moving party an opportunity to respond. In each instance, the Court failed to afford Plaintiff an opportunity to respond, thereby violating Plaintiff's due process rights and reinforcing the objective appearance of judicial favoritism.

**Example 1 – Striking of Dkt. 58 Based on New Argument Raised in Walmart's Reply (Dkt 59)**

Plaintiff timely filed a Response (Dkt. 58) on April 21, 2025, opposing Walmart's First Motion for Protective Order (Dkt 51). This was the next business day following Good Friday April 18, 2025, a court-observed holiday in the Eastern District of Texas. Plaintiff conferred with the Clerk's Office before filing and relied on Federal Rule of Civil Procedure 6(a)(1)(C), which confirms that filings due on legal holidays are timely if submitted the next business day.

Nevertheless, in its **Reply** (Dkt. 59), Walmart falsely claimed for the **first time** that Plaintiff's filing was "several days late", a new argument not raised in the Motion. The Court adopted this argument without scrutiny, and on May 1, 2025, issued an Order (Dkt. 60) **striking Plaintiff's entire Response (Dkt 59)** as "untimely." This was done without giving Plaintiff notice or an opportunity to be heard, and despite Plaintiff's compliance with Rule 6(a)(1)(C) and clerk guidance.

Plaintiff immediately filed a corrective Notice (Dkt. 61) explaining the procedural validity of the filing showing that Walmart's Reply argument was false. The Fifth Circuit has made clear that new arguments may not be raised for the first time in a reply brief. See *Vela v. City of Houston*, 276 F.3d 659, 679 (5th Cir. 2001). The Court's adoption of this improper argument, and failure to correct the resulting prejudice, created an avoidable appearance of procedural manipulation favoring the represented party.

**Example 2 – Granting Dkt. 66 Just Two Days After Walmart's Improper Reply (Dkt. 65)**

On June 3, 2025, Walmart filed its Second Motion for Protective Order (Dkt. 63). Plaintiff timely filed a detailed Response (Dkt. 64) on June 18, identifying fatal procedural and factual defects. On

June 25, 2025, Walmart filed its Reply (Dkt. 65), which **did not respond to Plaintiff's arguments**, but instead introduced a host of **new, misleading assertions** - including an entirely new justification for its June 9, 2025 document dump (See Dkt 80) and a procedural defense of Adrian Milbourne's declaration.

**Plaintiff's sur-reply deadline was July 2, 2025.** Yet, on **June 27, 2025 - just two days after Walmart's Reply - the Court issued the Protective Order (Dkt. 66)**, without waiting for Plaintiff's response and without holding a hearing. By doing so, the Court relied exclusively on a **reply** brief that violated **Local Rule CV-7(f)** and denied Plaintiff the basic due process right to respond to **newly introduced legal and factual assertions.** See *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 467 (2000). This procedural sequencing strongly suggests that the Court ruled based on **one-sided and misleading representations**, without testing them through adversarial process. The rule of law demands impartial consideration and procedural fairness. The Court's repeated failure to enforce CV-7(f) or allow Plaintiff a response before issuing rulings contributes to a **reasonable perception of judicial bias and unequal treatment**.

### Appearance of Retaliatory Timing and Foreclosed Process

The timing and pattern of these rulings is particularly concerning given the **pro se** status of the Plaintiff and the serious nature of the claims - including fraud on the court, **document tampering,** and **retaliation** under federal whistleblower statutes. The appearance that Walmart can inject falsehoods into **reply** briefs and immediately obtain favorable rulings - while Plaintiff is denied any opportunity to rebut - gravely undermines confidence in the neutrality of these proceedings. This sequence reflects not merely harmless error, but a recurring pattern that gives rise to a strong

appearance of impropriety under 28 U.S.C. § 455(a). See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864–65 (1988) (recusal warranted where judge's actions created appearance of partiality); *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995) (An appearance of impropriety arises when a reasonable person… would harbor doubts about the judge's impartiality.).

### B. Judicial Adoption of Walmart's Preemptive Framing and Timing of Dkt. 79 Suggest Appearance of Impropriety

The sequence of events leading to the Court's decision to strike Plaintiff's Motion to Compel (Dkt. 75) reveals not just procedural error, but an appearance of partiality that undermines confidence in the Court's neutrality. The timing, language, and legal reasoning employed by the Court reflect a pattern of reactive adjudication closely aligned with Defendant Walmart's litigation strategy - raising serious concerns under 28 U.S.C. § 455(a).

On July 10, 2025, at 2:45 PM, Plaintiff filed a focused and procedurally ripe Motion to Compel (Dkt. 75), seeking answers to four interrogatories - none of which involved a request for document production or privilege logs. These interrogatories were directly tied to Plaintiff's central claims of evidence tampering (See **Dkt 72 "MOTION for Criminal Referral and Sanctions")** and retaliation and included only straightforward factual questions, YES/NO"

> **Interrogatory No. 2**
> This interrogatory is related to EXHIBIT 1 (Complaint, Dkt 13, PageID#:298) and EXHIBIT 2 (Complaint, Dkt 13, PageID#:299) of the Complaint (Dkt 13) and here is the context.
>
> Complaint ¶191 claimed
>
>> "Walmart and its attorney's modified/altered evidence and presented the modified documents to Federal Agencies; makes it a crime…Upon close

> inspection, one can find that EXHIBIT 2 is an altered version of EXHIBIT 1 which appears to be for the purpose of committing fraud, thus making it a crime under Federal Laws."

On June 14, 2024, Defendant in it's Answer to the Plaintiff's Complaint to Administrative Law Judge at the Department of Labor said,

> "Walmart provided a redacted version in its original response out of an abundance of caution. We have reassessed the document and determined that it was originally marked for privilege in good faith error. We are attaching the **unredacted version** herein as an Exhibit and intend on providing the attachments subject to a protective order" (emphasis added)

On December 19, 2024, Defendant in it's Brief to this Court (Dkt 30, Page 11, PageID 590) claimed,

> "Plaintiff again returns to his theory that Walmart committed criminal fraud in the OSHA proceedings below by altering a document. Walmart hesitates to dignify this conspiracy theory with another response and instead refers the Court to Walmart's Reply in Support of Motion to Stay Discovery, Dkt. No. 23, which explains that the "altered document" was a mere unredacted version of a document already produced. Relatedly, Plaintiff argues that the Motion should be denied because Walmart has unclean hands from "altering evidence." Response ¶85. But as stated above, **Walmart did not "alter" evidence**—it produced an unredacted version of a document" (emphasis added)

Do you still maintaintain that EXHIBIT 2 (Complaint, Dkt 13, PageID#:299) is exactly the same unaltered document but just "**unredacted version**" of EXHIBIT 1 (Complaint, Dkt 13, PageID#:298)?

Please answer **YES/NO**.

Despite the narrow scope of Dkt. 75, Walmart filed a "Notice" just **nine minutes later**, at 2:54 PM on July 10, 2025 (Dkt. 76), attempting to preemptively reframe Plaintiff's motion as "premature and procedurally improper," and stated: "**Walmart respectfully submits that such a motion is premature and procedurally improper at this stage.**" (Dkt. 76 at PageID 1193). This characterization was demonstrably false: Plaintiff's motion (Dkt 75) made no document production requests and was entirely limited to Interrogatories under Rule 33. Less than 24 hours later, and just

---

**23 minutes after Plaintiff filed a Rule 72(a) Objection (Dkt. 77)** challenging the Court's earlier credibility determinations in Dkt. 66, the Court struck Plaintiff's Motion to Compel (Dkt. 75) at 4:59 PM on July 11, 2025. The Court's reasoning adopted - almost verbatim - Walmart's "**premature**" framing - "The Court will strike the motion as **premature**", citing inapplicable Local Rules CV-7(h) and CV-7(i) as the basis for striking the motion. The timing, language, and omission of any meaningful legal analysis strongly suggest reactive judicial conduct rather than impartial adjudication. This impression is reinforced by the following uncontested facts:

1. **Dkt. 75 was pending for over 24 hours** before it was struck, yet was dismissed without notice or opportunity to respond;

2. Plaintiff **withdrew all Rule 34 document requests** in Dkt. 78 at 4:37 PM on July 11, 2025 - eliminating any live RFP disputes and rendering Walmart's "premature" claim factually moot;

3. Dkt. 75 addressed only Rule 33 Interrogatories 1–4, including identification of the author of interrogatory responses and basic yes/no questions about document alteration (See **Dkt 72 "MOTION for Criminal Referral and Sanctions"**—issues ripe for resolution and requiring no additional discovery timeline;

4. Plaintiff included **EXHIBIT A-1** to Dkt. 75 documenting good-faith conferral efforts with Walmart, satisfying Rule 37(a)(1)'s requirements;

5. Most critically, **Local Rule CV-7(i) explicitly exempts non-prisoner pro se litigants** from the personal conference requirements of CV-7(h): *"Neither the "meet and confer"* **[CV-7(h)]** *nor the "certificate of conference"* **[CV-7(i)]** *requirements are applicable to pro se litigants (prisoner or non-prisoner)"* - yet the Court cited CV-7(h) to strike Plaintiff's motion—an act in direct conflict with the rule's text.

**The result:** the Court applied a rule that does not govern Plaintiff's conduct, relied on a mischaracterization supplied by opposing counsel, and timed its ruling mere minutes after Plaintiff filed an objection challenging the Court's prior findings. This sequence of events not only raises questions about impartiality - it supports a reasonable inference of retaliatory adjudication and preferential deference to Defendant's procedural framing. The Fifth Circuit has repeatedly cautioned against precisely this sort of judicial behavior. In *Crowe v. Smith*, 151 F.3d 217, 236 (5th Cir. 1998), the court warned that [j]udicial reliance on false factual premises and selective enforcement of procedure warrants recusal. In *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883 (2009), the Supreme Court held that [e]ven the probability of bias … may be too high to be constitutionally tolerable. And in the United *States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995), the court emphasized: An appearance of impropriety arises when a reasonable person … would harbor doubts about the judge's impartiality. A reasonable person observing this record - including the rapid adoption of a procedurally incorrect narrative, the misapplication of governing rules, and the suspicious timing - would justifiably question the Court's neutrality. Under § 455(a), that appearance of bias alone mandates recusal to preserve the integrity of these proceedings.

**C. Unequal Enforcement of Local Rules And Appearance of Favoritism Toward Walmart**

A court's credibility is not measured solely by the correctness of its rulings, but by whether it applies the rules equally and without apparent favoritism. Here, the record reflects a troubling disparity in the enforcement of Local Rules - strictly against the *pro se* Plaintiff, while permissively toward Defendant Walmart. This pattern creates an objective appearance of partiality warranting recusal under 28 U.S.C. § 455(a). Local Rule CV-7(i) unambiguously exempts non-prisoner *pro se* litigants

from the meet-and-confer and certificate-of-conference requirements of CV-7(h). Yet on July 11, 2025, the Court struck Plaintiff's Motion to Compel (Dkt. 75) on the sole basis that it failed to comply with CV-7(h) - a rule that expressly does not apply to Plaintiff. No opportunity was afforded to clarify or cure, and no factual or legal basis was provided for overriding the exemption in CV-7(i). In stark contrast, Walmart filed its own Second Motion for Protective Order (Dkt. 63) on June 3, 2025, without any genuine attempt to confer following a hostile May 2, 2025 email exchange (**Dkt 62, EXHIBIT 1, Dkt 64 ¶¶ 18–24**) which was in front of this Court before ruling Dkt 66 on June 27, 2025:

> "I am fully aware of what I wrote in April 3rd emails and Response brief. Your statement "you have indicated you want all documents produced during discovery to be publicly available." is a **misrepresentation of facts and is in bad faith**. No where in those documents one can find that statement. Your response to my email is incomplete and evasive. **Before you bring any discussion about Protective Order, please respond to my question concisely as you are manipulating facts.**

That motion (Dkt 63) was based on demonstrably false assertions - including the claim that Plaintiff insisted all documents be made public, which Plaintiff thoroughly rebutted in Dkt. 64 ¶¶ 18–24 with supporting evidence. Despite these misrepresentations, the Court granted Walmart's motion in full, without a hearing, without scrutiny of its falsehoods, and without requiring compliance with the conferral obligations imposed on Plaintiff. This asymmetry is not just procedural - it reflects a deeper appearance of impropriety. The Court's order striking Plaintiff's motion came less than 25 minutes after Plaintiff filed a Rule 72(a) objection to the Protective Order (Dkt. 77), suggesting reactive timing. The selective enforcement of CV-7(h) against Plaintiff, while overlooking identical or worse violations by Walmart, gives rise to the appearance that rules are not being applied evenly or impartially. The Fifth Circuit has long held that judicial conduct must avoid even the appearance of

bias. As the Supreme Court explained in *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988): justice must satisfy the appearance of justice. No reasonable litigant should be made to question whether procedural rules are being selectively weaponized against them while excused for the opposing party. Yet that is precisely the perception this record creates—and that alone is sufficient grounds for recusal under § 455(a).

**D. The Court's Statement that "Jana Misunderstands the Court's Order" Misrepresents the Record and Demonstrates an Appearance of Impropriety**

In Dkt. 66, the Court opened its analysis by declaring, *"First, Jana misunderstands the court's order,"* a framing that directly mirrors Walmart's narrative in its Reply (Dkt. 65), which claimed, *"Plaintiff seems to have misinterpreted the Court's Order entered May 1, 2025."* This near-verbatim adoption of Walmart's language is not merely semantic; it reflects an uncritical acceptance of a procedurally improper, factually inaccurate, and legally unsupported argument raised for the first time in reply - violating Local Rule CV-7(f) and eroding the appearance of impartial adjudication.

**a. Plaintiff Correctly Applied the May 1, 2025 Order and Fifth Circuit Precedent**

Contrary to the Court's assertion, Plaintiff did not "misunderstand" Dkt. 60. Plaintiff faithfully quoted and applied the Court's own language, which stated:

> *"..protective order may properly prohibit dissemination… without infringing on the right of any party to the lawsuit—here, Jana and Walmart—to **review documents exchanged in discovery that are relevant to a party's claim or defense.**"*

Plaintiff interpreted this language - as required by Rule 26(c)(1) and Fifth Circuit authority - to impose a procedural prerequisite: parties must first exchange relevant discovery before requesting a

protective order. This "exchange first, protect second" doctrine is grounded in well-established precedent, including:In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998); Le v. Exeter Fin. Corp., 990 F.3d 410, 419 (5th Cir. 2021);Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1122 (3d Cir. 1986). These decisions prohibit speculative, preemptive requests for protection unsupported by document exchange or particularized showings. Plaintiff cited these cases extensively in Dkt. 64 (¶¶ 7–13), yet the Court did not address them, instead misattributing Plaintiff's legal position as a misunderstanding.

**b. Walmart Violated Dkt. 60 and Misrepresented the Record**

Walmart filed its renewed motion for a protective order (Dkt. 63) on June 3, 2025, having produced zero documents at that time. Its April 7 "initial disclosure" was completely empty (**Dkt. 70-1, EXHIBIT 1, Dkt 62**). Walmart then withheld discovery materials until after filing its motion, and only produced uncertified (See Dkt 80, "**MOTION for Sanctions, Privilege Waiver, and Finding of Fraud on the Court..**") incomplete documents on June 9 - six days after seeking protection. Even more egregiously, Walmart then mischaracterized its June 9 production as "initial disclosures" for the **first time in its Reply** (Dkt. 65), violating Local Rule CV-7(f), which forbids new arguments in reply. This strategy explicitly contradicted the procedural standard imposed by Dkt. 60.

Walmart's own June 9, 2025 email admitted its intent to condition production on the protective order:

> *"We/Walmart are continuing to evaluate whether there are any other non-confidential documents that can be produced before a protective order is entered."* (Dkt. 65-3)

This is a plain violation of Dkt. 60 and Rule 26(c) (See Dkt 80). Plaintiff raised this misconduct in Dkt. 64 (¶¶ 3–6), but the Court not only failed to engage with these arguments - it erroneously concluded that Plaintiff "**misunderstands**" the order (Dkt 60).

### c. The Court Improperly Adopted Walmart's New Reply Framing Without Due Process

Walmart's suggestion that Plaintiff "misinterpreted" Dkt. 60 was not raised in its original motion (Dkt. 63) and appeared for the **first time in its Reply**. Under Local Rule CV-7(f), new arguments in reply are improper unless leave is granted - yet the Court adopted this new framing in Dkt. 66 without giving Plaintiff the opportunity to respond. This constitutes a due process violation under *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466 (2000), and *Mullane v. Central Hanover Bank*, 339 U.S. 306, 314 (1950), and further undermines the fairness of the proceeding.

Moreover, the judicial use of the term *"misunderstands"*- echoing Walmart's *"misinterpreted"*- suggests an uncritical acceptance of a litigant's narrative over the procedural record. This type of alignment, particularly when the Court's own prior order was at issue, creates an objective appearance of partiality, warranting recusal under 28 U.S.C. § 455(a) and Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864–65 (1988). The consequence of the Court's framing is more than rhetorical: Walmart obtained a blanket protective order without producing documents (See Dkt 80), while Plaintiff was denied a meaningful opportunity to review or challenge the very documents used to support Walmart's position. This procedural inversion - **Shield first, exchange later** - undermined Plaintiff's ability to impeach declarant Adrian Milbourne, examine withheld materials, and pursue sanctions for discovery abuse. This reversal of Rule 26's framework prejudiced Plaintiff's rights and facilitated one-sided litigation benefits for Walmart. The Court's characterization that "**Jana misunderstands the court's order**" is not only unsupported by the record, it is directly contradicted by Plaintiff's briefing, procedural history, and Fifth Circuit law. Its origin in Walmart's procedurally improper Reply and its impact on the Court's grant of a protective order give rise to an appearance of judicial partiality, in violation of § 455(a). This sequence of events creates a deeply concerning

**appearance of impropriety** and **judicial favoritism**, especially when viewed from the perspective of a reasonable observer who is informed of all relevant facts. As the Supreme Court held in *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864–65 (1988):

*"The goal of section 455(a) is to promote public confidence in the integrity of the judicial process. To perform its high function in the best way 'justice must satisfy the appearance of justice.'"*

Here, the appearance is unmistakable: the Court disregarded its own procedural directive (Dkt 60), overlooked clear violations by Walmart(Dkt 63), and then **blamed the pro se litigant for allegedly 'misunderstanding'(Dkt 66)** the very order that Walmart had demonstrably violated. No reasonable litigant in Plaintiff's position - especially one facing a well-resourced corporate defendant - could avoid questioning the Court's impartiality under such circumstances. Accordingly, recusal is warranted under **28 U.S.C. § 455(a)** to preserve the public's confidence in the fairness and neutrality of judicial proceedings.

**E. Court's Adoption of Adrian Milbourne's declaration and Discounted Plaintiff's Impeachment Without Justification Demonstrate Appearance of Impropriety**

The Court's reliance on Adrian Milbourne's declaration, while simultaneously refusing to compel responses to interrogatories that would test its accuracy, reveals an improper adoption of Walmart's litigation strategy and creates a powerful appearance of judicial partiality. In its Reply (Dkt. 65), Walmart urged the Court to sidestep Plaintiff's impeachment affidavits by proposing:

> "Plaintiff's 'affidavit of impeachment' should not be a basis to strike the Milbourne declaration... The Court may consider both Adrian Milbourne and Plaintiff's respective sworn statements and **weigh each respective witness's credibility** when ruling on the Motion." (Dkt. 65 at PageID 1020)(emphasis added)

The Court's ruling in **Dkt. 66** closely tracks this framing, stating:

> *"Fifth, Jana attempts to discredit the declaration of Adrian Milbourne by submitting his own affidavits, and he asks the court to strike Milbourne's declaration. The court considered Jana's statements **when <u>weighing</u> Milbourne's credibility**." (emphasis added)*

This verbatim "**weigh[ing]**" adoption of Walmart's argument - without explanation for why Milbourne's credibility was favored over Plaintiff's sworn impeachment affidavits (I-17 and I-21) - constitutes more than mere judicial agreement. It reflects an **appearance of judicial endorsement of a one-sided narrative**, while ignoring controlling law, record evidence, and Plaintiff's due process rights. Moreover, Plaintiff's impeachment evidence was not speculative. Plaintiff submitted two sworn affidavits under 28 U.S.C. § 1746, accompanied by audio recordings and internal documents that directly contradicted key claims in Milbourne's June 3, 2025 declaration. These contradictions go to the heart of Plaintiff's claims under SOX and CAARA and raise credible allegations of **fraud upon the court** under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) and *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989). Yet the Court merely stated that it "**weighed credibility**" without: (i) Identifying which assertions it found credible or why, (ii) Reconciling the conflicting sworn statements, (iii) Addressing the impeachment evidence under the heightened scrutiny applicable to allegations of perjury or fraud, (iii) Allowing Plaintiff to test Milbourne's declaration through compelled interrogatory responses. This kind of uncritical acceptance of one party's narrative—especially a represented corporate defendant—while minimizing a *pro se* litigant's detailed and well-supported evidence **creates an unmistakable appearance of bias**. A reasonable observer would question whether impartial judicial judgment was exercised, particularly where the declarant was shielded from contradiction and the opposing party's evidence was summarily discounted. As the Supreme Court emphasized in *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864–65 (1988): "To perform its high function in the best way,

justice must satisfy the appearance of justice." **Here**, the appearance is that the Court adopted Walmart's litigation strategy wholesale, refused to adjudicate the merits of Plaintiff's impeached evidence, and discredited a protected Plaintiff's sworn declaration **without explanation or procedural safeguards.** That perception alone undermines public confidence in the judicial process and requires recusal under **28 U.S.C. § 455(a)** and *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995).

### III. RELIEF REQUESTED

WHEREFORE, Plaintiff Dr. Dilip Jana respectfully requests that:

1. **Immediate recusal** of Magistrate Judge Bill Davis from all further proceedings in this case under 28 U.S.C. § 455(a);

2. **Referral of all pending and future discovery matters** to an impartial judicial officer or reassignment to the presiding District Judge Sean D, Jordan for oversight;

3. **Vacatur of any orders entered by Magistrate Judge Davis** that relied on Walmart's false or procedurally improper submissions, including but not limited to Dkt. 66 and Dkt. 79, subject to review by a neutral judicial officer;

4. **Any additional relief the Court deems just, equitable, or necessary** to restore procedural fairness, safeguard the appearance of impartiality, and protect Plaintiff's due process rights under the Fifth Amendment.

Dated: July 15, 2025

Respectfully Submitted,

*signature* 07-15-25

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On July 15, 2025, a true and correct copy of the foregoing was served upon the following through the Court's CM/ECF system:

| | | |
|---|---|---|
| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.

Dated: July 15, 2025

Respectfully Submitted

*signature*

Dilip Jana, pro se Plaintiff
Tel: 318-243-9743
EMail: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002