# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | § | |
| | § | |
| DILIP JANA | § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| *Plaintiff,* | § | |
| | § | |
| v. | § |  |
| | § | |
| WALMART, INC., | § | |
| *Defendant.* | § | |

### PLAINTIFF'S NOTICE REGARDING WALMART'S FAILURE TO RESPOND TO JULY 8, 2025 NATIVE FORMAT AND RULE 26(g) CERTIFICATION DEMAND

*Pro Se* Plaintiff Dr. Dilip Jana respectfully submits this Notice to bring to the Court's attention that Defendant Walmart has not responded to Plaintiff's July 8, 2025 email demanding that any future document productions be made in native format, with complete metadata and hash-based authenticity preservation, and certified under Rule 26(g) by lead counsel Peter Wahby. A true and correct copy of that correspondence is attached hereto as **EXHIBIT A-1**.

In that communication, Plaintiff stated:

> "Given Walmart's documented history of altered documents in this litigation (see Dkt. 72), Plaintiff demands that all documents be produced in native format with full metadata at the time of production to preserve authenticity and chain of custody." (EXHIBIT A-1)

Plaintiff further specified:

> "..emails in native .eml format with full metadata intact, including headers, bodies, attachments, and embedded MIME structures. Please also provide SHA-256 (or MD5) hash values for each .eml file at the time of production."
>
> "[For] Walmart internal Workday files… full system metadata, including 'Created By,' 'Created On,' 'Modified By,' 'Modified On,' revision histories, and user identifiers… or .xml/.json structured exports…"
>
> "Please confirm under Rule 26(g), with certification by lead counsel Peter Wahby, that the files produced are complete, true, and unaltered exports directly from Walmart's systems, preserving metadata and chain of custody." - EXHIBIT A-1

The demand was made in advance of any further production, and Plaintiff requested a response by July 14, 2025. As of filing this Notice 3:30 PM on July 17, 2025 no response was received. On July 10, 2025, Walmart filed a **Notice** Regarding Document Production (Dkt. 76), which **failed to acknowledge Plaintiff's July 8, 2025 demand or any of its specific terms.** The Notice stated:

> "Walmart produced an initial set of non-confidential documents… through a secure file sharing link (a standard method for producing documents in litigation)… Plaintiff sent Walmart's counsel a letter 'objecting'… and declining to download the documents." (Dkt. 76)

The omission of Plaintiff's metadata and certification demand is material - Walmart's June 9 production lacked metadata, and certification safeguards. Plaintiff's objection was not based on format preference, but on concerns regarding prior document alteration (See Dkt 72), Rule 26(g) Certification and discovery integrity (See Dkt 80).

Walmart's June 9, 2025 production via email without 26(g) Certification:

> Morgan.Jones@gtlaw.com <GT-LiquidFiles@gtlaw.com>
> to me, wahbyp, holmes.hampton
> Jun 9, 2025, 4:24 PM
>
> Dilip --- Attached is Walmart's first production of documents. Please let us know if you run into any issues when accessing these documents. We/Walmart are continuing to evaluate whether there are any other non-confidential documents that can be produced before a protective order is entered.
>
> As you likely saw, Walmart filed a Second Motion for Entry of a Protective Order last week, because many relevant documents to be exchanged during discovery are confidential. These sensitive documents should only be produced subject to a protective order to ensure they cannot be disseminated to people not involved in the lawsuit.
>
> **Secure Message Info**
>
> | | |
> |---|---|
> | Message ID | 9QzJc3mn0J7vmdGsb9NrXu |
> | Message Expires | Thursday, 19 June |
> | Message URL | https://files.gtlaw.com/message/9QzJc3mn0J7vmdGsb9NrXu |
> | Permission | Only specified recipients can access the files attached to this message. |
>
> **Files attached to this message**
>
> | Filename | Size |
> |---|---|
> | WM-JANA VOL001_.zip | 26.3 MB |
>
> [Download Files]
> [Reply to this Secure Message]

In its June 9, 2025 email above (Dkt. 65-3) and subsequent filing (Dkt. 76), Walmart has taken the position that Rule 26(g) certification is not required for its document production ("**secure file sharing link (a standard method for producing documents in litigation)**")- a position inconsistent with the plain language of Rule 26(g)(1):

*Signature Required; Effect of Signature.* **Every** disclosure under Rule 26(a)(1) or (a)(3) and **every discovery request, response, or objection** must be signed by at least one attorney of record in the attorney's own name..By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry.."

) and the certification duties imposed on counsel.

Furthermore, Plaintiff **withdrew** all pending **Rule 34** Requests for Production on July 11, 2025 (see Dkt. 78), and has issued no further document demands. Nonetheless, should Walmart proceed with any purported "second production" as indicated Dkt 76, Plaintiff respectfully places the Court on notice that, as of the date of this filing, Walmart has not: (i) confirmed compliance with Plaintiff's previously stated metadata and native format requirements; (ii) indicated whether any forthcoming production will be properly certified under Rule 26(g); or (iii) engaged in any dialogue regarding the scope, authenticity, or completeness of the documents it may intend to produce. This filing is submitted solely to preserve the record and formally notify the Court of Plaintiff's July 8, 2025 discovery clarification request, Walmart's failure to respond, and the omission of this issue from Walmart's subsequent Notice (Dkt. 76). Plaintiff respectfully reserves all rights to seek appropriate sanctions under Rule 37 should Walmart proceed in violation of applicable discovery rules or federal law.

Dated: July 17, 2025

Respectfully Submitted,

_____
DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On July 17, 2025, a true and correct copy of the foregoing was served upon the following through the Court's CM/ECF system:

| | | |
|---|---|---|
| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.

Dated: July 17, 2025

Respectfully Submitted

*[signature: Dilip Kumar Jana]*

Dilip Jana, pro se Plaintiff
Tel: 318-243-9743
EMail: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002