IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DILIP JANA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| | § | |
| WALMART INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR CRIMINAL REFERRAL AND SANCTIONS**

Defendant Walmart Inc. ("Walmart") files this response in opposition to Plaintiff Dilip Jana's ("Plaintiff") Motion for Criminal Referral and Sanctions (the "Motion"), Dkt. No. 72, as follows:

**PLAINTIFF'S MOTION IS FRIVOLOUS**

As explained in Walmart's Motion for an Order Excusing Responses to Plaintiff's Filings, which Walmart incorporates herein by reference, Plaintiff's Motion is frivolous. *See* Dkt. No. 85 ¶¶ 9–11. Even if the allegations in Plaintiff's Motion rose to the level of discovery misconduct (which they do not), there is no basis for any sanctions, let alone some kind of "criminal referral." The Motion originates from Plaintiff's already-dispelled conspiracy that Walmart and/or its prior counsel fraudulently altered an email that was produced in prior proceedings (the "Bowman Email") and that Walmart's refusal to engage in Plaintiff's related fishing expedition is evidence of a cover-up of that fraudulent alteration. *See* Dkt. No. 85 ¶¶ 2–6.

There is no basis in fact for Plaintiff's accusations. *See Yan v. State Bar of Tex.*, No. 4:23-cv-00758-P, 2023 WL 8649817, at *2 (N.D. Tex. Dec. 13, 2023) (noting a motion is frivolous if it lacks "an arguable basis in either law or fact") (citing *Neitzke v. Williams*, 490 U.S. 319, 324

(1989)). The "side by side comparison" of the Bowman Email featured in Plaintiff's Motion demonstrates only non-substantive formatting differences, and Plaintiff lacks any explanation why Walmart would fraudulently alter a document to, for example, include a page number, modify line spacing, or display a different time zone—but leave all the substantive content the same. *See* Motion at 1–6. Accordingly, Plaintiff has absolutely no basis in fact to support his conclusion that there is a version of the Bowman Email that contains different substantive content, and the Court should summarily dispose of the Motion because it is frivolous. *See Yan*, 2023 WL 8649817, at *2 (finding motion for sanctions for "fraud upon the court" was frivolous because of "its conspicuous dearth of evidence in support of its claims").

## PLAINTIFF HAS NO BASIS TO SEEK SANCTIONS

Federal Rule of Civil Procedure 37(b)(2) allows a district court to order a variety of merits or contempt sanctions for a party's failure to "obey an order to provide or permit discovery." FED. R. CIV. P. 37(b)(2)(A). Any sanction under Rule 37(b) must be "just and specifically related to the particular claim which was at issue in the order to provide discovery." *Est. of Noble v. Bollin*, No. 4:23-CV-716, 2025 WL 885851, at *3 (E.D. Tex. Mar. 21, 2025). Separately, the Court has "inherent authority to issue sanctions necessary to 'control the litigation before it.'" *Id.* at *4 (quoting *Pena v. Lone Star Nat'l Bank, N.A.*, 807 F.App'x 353, 356 (5th Cir. 2020)). Sanctions under the Court's inherent authority should be reserved for situations involving bad faith. *See Pena*, 807 F.App'x at 356.

Walmart's decision to initially object to Plaintiff's Interrogatories Nos. 1–4 was not part of "a deliberate bad faith plan to block Plaintiff's discovery into critical facts," as Plaintiff contends. Motion at 9. Instead, Walmart did so because Plaintiff's requests as written were objectionable to such an extent that Walmart could not provide substantive responses. Further, to the extent

Walmart understands them, Interrogatory No. 1 appears to ask Walmart to identify persons who assisted in responding to the Interrogatories, information that Walmart did not need to provide given that Walmart had objected to Plaintiff's Interrogatories, and Interrogatories Nos. 2–4 concerned the Bowman Email, which Walmart had not yet produced in this proceeding when it objected. This conduct falls well short of that sanctionable under Rule 37 or the Court's inherent authority. *See Bollin*, 2025 WL 885851, at *4 ("Sanctions 'should not be used lightly.'" (quoting *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 79 (5th Cir. 2011))).

Plaintiff's Interrogatories Nos. 2–4 are context-deprived, confusing, and conspiracy-laden. Walmart's initial position of declining to provide substantive responses in reliance on its objections was neither unwarranted nor in bad faith. For example, Plaintiff's Interrogatory No. 2 asks Walmart whether it "still maintain[s] EXHIBIT 2 (Complaint, Dkt 13, PageID#:299) is exactly the same unaltered document but just **unredacted version**" of EXHIBIT 1 (Complaint, Dkt 13, PageID#:298)." Motion, Ex. A-1. Not only is the Interrogatory argumentative and grounded in Plaintiff's speculative—and false—conspiracy theory about altered documents, a substantive response to this Interrogatory requires Walmart to speculate about documents that Plaintiff himself attached to his pleading and guess what Plaintiff means by "exactly the same unaltered document" (*e.g.*, Are two copies of the one email the "same" document if collected from different custodians or printed with different default settings?).

More broadly, Plaintiff's Interrogatories Nos. 2–4 are improper discovery requests. Walmart is not under a duty to "clarify the authenticity," Motion at 12, of documents that Plaintiff attaches to his own pleadings. Indeed, if Plaintiff wishes to advance his bizarre theory that Walmart altered the Bowman Email, he "can retain an expert to prove this allegation." *Williams v. Magnolia Café*, No. 18-1020-EWD, 2020 WL 8513837, at *6–7 (M.D. La. Sept. 29, 2020)

("Plaintiff's requests to Defendants to give a sworn statement and/or oath attesting to the accuracy and genuineness of a third party's signature are not requests properly made to Defendants via interrogatory, but rather, should be posed to an expert and/or should be posed during an oral deposition of the signatory to the documents in question."). Walmart objected to each of Interrogatories Nos. 2–4 based on relevance because they sought information connected to Plaintiff's authentication of documents attached to his own pleadings—not information connected to the claims and defenses in this case. *See* Motion Ex. A-1. Plaintiff may take issue with those objections, but his disagreement cannot form a basis for sanctions against Walmart. *See Yan*, 2023 WL 8649817, at *2 ("While Plaintiff insists Defendants have been untruthful, the Motion essentially defines 'untrue' as 'anything Plaintiff disagrees with.' That won't cut it.").

In any event, to assuage Plaintiff's concerns about the Bowman Email (the subject of Interrogatories Nos. 2–4), Walmart has already provided Plaintiff a supplemental document production which includes the Bowman Email in native format—unredacted, with all attachments included, and metadata intact. And in a good-faith-attempt to minimize discovery disputes brought to the Court, Walmart intends to supplement its responses to Interrogatories 1–4 based on its recent production of the Bowman Email and based on Walmart's understanding of the information sought, subject to its objections. Plaintiff is free to forensically dissect the Bowman Email himself or in cooperation with an expert. But his unnecessary motion practice and handwringing about Walmart's hesitancy to entertain his conspiracies with under-oath testimony must cease.

Finally, Walmart's counsel's signature on its Rule 26 Initial Disclosures and its signature on Walmart's responses to Plaintiff's requests for production (requests which Plaintiff has since inexplicably withdrawn) is sufficient confirmation that documents produced under Rule 26, and in response to those requests for production, are true and accurate copies. *See Willis*, 2020 WL

8513837, at *7 ("To the extent Plaintiff seeks confirmation that the documents that Defendants have produced were not tampered with by Defendants prior to production, *i.e.*, are true and accurate copies, Willis' verification of the responses and defense counsel's signature on the responses are sufficient to address Plaintiff's concerns."). Plaintiff's contention that every supplemental document production requires a separate "certification" misconstrues a party's obligation under the Rules. *See* FED. R. CIV. P. 26(g) (stating that party's lead counsel's signature on "discovery request, response, or objection" certifies that requirements of the Rule are satisfied); *Itamar Med. Ltd. v. Ectosense NV*, 20-60719-CIV-DIMITROULEAS/SNOW, 2021 WL 12095095 (S.D. Fla. Dec. 28, 2021) ("[Plaintiff's] counsel has made the certification necessary by signing [Plaintiff's] discovery responses in accordance with Rule 26(g), nothing further is required.").

## PLAINTIFF'S CRIMINAL ACCUSATIONS ARE UNSERIOUS

Plaintiff contends Walmart, certain Walmart employees, and Walmart's outside counsel have potentially violated various federal statutes. Walmart is unaware of any Fifth Circuit authority recognizing a "motion for criminal referral." The executive branch exercises discretion "as to whether or not there shall be a prosecution in a particular case." *United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965). And it is well-settled that "private citizens do not have a constitutional right to compel criminal prosecution." *Lewis v. Jindal*, 368 Fed.Appx. 613, 614 (5th Cir. 2010) (citing *United States v. Batchelder*, 442 U.S. 114, 124 (1979) and *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Accordingly, although the Court may refer matters to the United States Attorney to "consider prosecut[ion]," *Taylor v. Dallas Area Rapid Transit*, No. 3:04-CV-2701-M, 2005 WL 57283, at *1 (N.D. Tex. Jan. 7, 2005), Plaintiff presents no authority that such a referral is the proper subject of a motion and no authority that he can compel that any referral or prosecution take place.

For the same reasons Walmart's conduct is not sanctionable, it is certainly not criminal. The Motion makes no attempt to connect the federal statutes allegedly violated (much less the elements of the crimes outlined therein) with evidence of Walmart's conduct. *See* Motion at 13–14. In any event, Plaintiff is free to contact any appropriate authorities (as he has claimed he has done, *see* Dkt. No. 44 ¶ 35) and attempt to persuade them of any modicum of merit in these accusations. But because Plaintiff has not provided grounds for appropriate relief that this Court may provide, the Court should deny the Motion.

## PLAINTIFF MISAPPREHENDS THE MILBOURNE DECLARATION

Plaintiff also requests that the Court strike the Declaration of Adrian Milbourne dated June 3, 2025, which was attached as Exhibit C to Walmart's Second Motion for Entry of Protective Order (the "Milbourne Declaration") and claims that the Milbourne Declaration is perjurious. *See* Motion at 9–13. But the Motion's description of the Milbourne Declaration reveals nothing more than Plaintiff's confusion about the declaration's content.

Walmart offered the Milbourne Declaration in support of its request that the Court enter a confidentiality order governing document production in this action. Mr. Milbourne swore that he "had personal knowledge of the facts stated" in the Milbourne Declaration—not of the facts set forth in any of Walmart's other filings in this case. *See* Dkt. No. 63, Ex. C. The Milbourne Declaration did not reference the Bowman Email and thus bears no relevance to Plaintiff's Interrogatories 2–4. *Compare* Dkt. No. 64, Ex. C *with* Motion at Ex. A-1. Nor did the Milbourne Declaration create a "factual narrative" that Walmart continues to rely on to defend against Plaintiff's claims—it instead established that certain of Plaintiff's discovery requests sought documents that were commercially sensitive or otherwise confidential and that Walmart or others could be injured by unfettered public disclosure of those documents. *See* Dkt. No. 64, Ex. C.

Accordingly, Plaintiff misconstrues an ordinary declaration about the confidentiality of documents as testimony concerning merits of this litigation.

Lastly, the way Plaintiff phrases his contention that the Milbourne Declaration is perjurious is telling: "U.S.C. § 1621 (Perjury): **_If_** Milbourne's statements conflict with document metadata or the true nature of EXHIBIT 1 and EXHIBIT 2, his affidavit constitutes perjury." Dkt. No. 72 at 14 (emphasis added). Putting aside the fact that the Milbourne Declaration did not even discuss the Bowman Email, the Court should ignore such a preemptive, speculative, and otherwise baseless allegation of a federal criminal offense. Plaintiff's positing of a perjury accusation in the conditional tense necessarily admits that he has no current factual basis for his wild criminal allegations. They are instead based on his speculation about the Bowman Email's "document metadata" or its "true nature," but Plaintiff cannot explain how those vague concepts are inconsistent with the narrow, limited-purpose testimony in the Milbourne Declaration.

Thus, the Court should deny Plaintiff's requests for relief concerning the Milbourne Declaration and Mr. Milbourne's testimony as a fact witness. The Milbourne Declaration includes no statement that affects the claims and defenses at issue in this case, and Plaintiff admits he lacks any factual basis to support his perjury allegation.

## CONCLUSION

In sum, the Court should summarily dispose of the Motion because it lacks any basis in law or fact. Plaintiff may have issues with Walmart's legal positions taken during discovery in this case and in the prior proceedings between the parties, but the Court should reject his attempt to resolve those issues with sanctions or criminal charges. For the foregoing reasons, and for the reasons described in Walmart's Motion for an Order Excusing Responses to Plaintiff's Filings, *see*

Dkt. No. 85, Walmart respectfully requests that the Court deny Plaintiff's Motion and grant Walmart such other relief as the Court deems appropriate.

[*Signature Page Follows*]

| | |
|---|---|
| Dated: July 21, 2025 | Respectfully submitted, |

*/s/ Peter S. Wahby*
**Peter S. Wahby**
Texas Bar No. 24011171
peter.wahby@gtlaw.com
**Morgan E. Jones**
Texas Bar No. 24132301
morgan.jones@gtlaw.com
**Holmes H. Hampton**
Texas Bar No. 24144019
holmes.hampton@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Ave., Suite 5200
Dallas, Texas 75201
Telephone: 214.665.3600

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all parties of record via the Court's e-filing system on July 21, 2025.

*/s/ Holmes H. Hampton*
Holmes H. Hampton