

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN THE MATTER OF: § | |
| § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| DILIP JANA § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | |
| WALMART, INC., § | |
| *Defendant.* § | |

---

**PLAINTIFF'S MOTION TO STRIKE WALMART'S JULY 18, 2025 PRODUCTION AND FOR SANCTIONS FOR VIOLATION OF PROTECTIVE ORDER (Dkt 67)**

---

TO THE HONORABLE JUDGE OF THE COURT[1]:

*Pro Se* Plaintiff Dilip Jana respectfully moves this Court to strike Walmart's July 18, 2025 production in its entirety pursuant to Fed. R. Civ. P. 26(g) and 37, and for sanctions under the Court's Protective Order (Dkt. 67), and in support would respectfully show:

### I. INTRODUCTION

1. On July 18, 2025, Walmart served a so-called "Supplemental Production" (**Dkt 90, EXHIBIT A-1 Under Seal**) at 2:00 p.m., consisting of password-protected electronic files delivered via

---

[1] Plaintiff files this motion subject to and without waiving the pending Motion for Recusal (Dkt. 83). Plaintiff respectfully submits that all pending matters should be stayed or reassigned until the recusal issue is resolved, to preserve the integrity of these proceedings.

hyperlink and **paralegal** transmission. Minutes later—at 2:14 p.m.—Walmart filed Dkt. 85, asking the Court to excuse it from further responses to Plaintiff's discovery and sanctions motions. Then, after Plaintiff challenged this production in Dkt. 87 on July 21, 2025, Walmart filed a hasty and contradictory response (Dkt. 88) later that evening. These facts, coupled with the procedural deficiencies in the production itself, compel the Court to strike the July 18 production. The production violated both Rule 26(g) and the Court's Protective Order (Dkt. 67), which mandates confidentiality designations and structured communication to protect the integrity of discovery and prevent gamesmanship. Walmart failed on both fronts and must be held accountable.

## II. BACKGROUND FACTS

2. Walmart's production did not include any signature or Rule 26(g) certification from counsel, as confirmed in Plaintiff's Dkt. 87 and Dkt 90 EXHIBIT A-1. The production was transmitted by a paralegal, not an attorney of record. It was password-protected without any prior agreement, and no metadata, privilege log, or hash values were provided. Walmart failed to identify which discovery requests the documents were responsive to. As of filing this date, Walmart did not respond to Plaintiff's clarifying questions (EXHIBIT A-1). There was no designation of confidentiality, in violation of the standing Protective Order (Dkt. 67). Walmart provided no cover letter or index.

## III. ARGUMENT

### A. Walmart Violated Rule 26(g): No Certification or Signature

3. Federal Rule of Civil Procedure 26(g)(1) mandates that every disclosure, discovery response, or objection must be signed by counsel and must certify, inter alia, that the production is "complete and

correct as of the time it is made." Rule 26(g)(2) further provides: "The court must strike an unsigned disclosure... unless a signature is promptly supplied." Here, Walmart's July 18 production was unsigned, and to date, no signed certification has been provided despite Plaintiff's July 21 request for one . The language of Rule 26(g)(2) is **not discretionary**—it uses the word "<u>**must**</u>." If a party serves an unsigned disclosure and fails to correct it upon notice, the Court is **required to strike** it.

4.  Rule 26 (g) SIGNING DISCLOSURES AND DISCOVERY REQUESTS, RESPONSES, AND OBJECTIONS.

    (1) *Signature Required; Effect of Signature.* **Every disclosure** under Rule 26(a)(1) or (a)(3) and **every discovery** request, **response**, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

    (A) with respect to a disclosure, it is complete and correct as of the time it is made; and

    (B) with respect to a discovery request, response, or objection, it is:

    (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

    (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

    (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

    (2) *Failure to Sign.* **Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and <u>the court must strike it</u>** unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

## B. The Court Must Strike Walmart's July 18 Production Under Rule 26(g)(2)

5. *"Plaintiff's contention that every supplemental document production requires a separate "certification" misconstrues a party's obligation under the Rules. See FED. R. CIV. P. 26(g) (stating that party's lead counsel's signature on "discovery request, response, or objection" certifies that requirements of the Rule are satisfied); Itamar Med. Ltd. v. Ectosense NV, 20-60719-CIV-DIMITROULEAS/SNOW, 2021 WL 12095095(S.D. Fla. Dec. 28, 2021) ("[Plaintiff's] counsel has made the certification necessary by signing [Plaintiff's] discovery responses in accordance with Rule 26(g), nothing further is required."). " Statement by Walmart Dkt 88*

6. Walmart's assertion that "Plaintiff's contention that every supplemental document production requires a separate 'certification' misconstrues a party's obligation under the Rules" fundamentally mischaracterizes Plaintiff's position and misstates the law. Plaintiff is not making an independent or interpretive claim; rather, Plaintiff is quoting directly from the plain language of Federal Rule of Civil Procedure 26(g), which mandates that *"every disclosure under Rule 26(a)(1) or (a)(3)"* must be signed and certified by the party's attorney. Plaintiff is simply invoking this mandatory requirement—not advocating a novel rule. Walmart's reliance on Itamar Med. Ltd. v. Ectosense NV, a non-binding, out-of-circuit decision from the Southern District of Florida, cannot override the clear text of Rule 26(g), which was promulgated by the Supreme Court under the Rules Enabling Act, 28 U.S.C. § 2072, and has the force of law. See *Sibbach v. Wilson & Co.*, 312 U.S. 1, 13 (1941) (The Federal Rules of Civil Procedure have the force and effect of law.); When a federal rule directly applies, it must govern—regardless of any conflicting case authority. See *Hanna v. Plumer*, 380 U.S. 460, 471 (1965). Walmart's attempt to recast Plaintiff's invocation of Rule 26(g) as a misinterpretation is legally unsound and strategically misleading.

7. Walmart's argument relies heavily on *Itamar Med. Ltd. v. Ectosense NV*, a non-binding district court case from the Southern District of Florida. But this authority cannot override the mandatory

requirements of the Federal Rules of Civil Procedure, which are promulgated by the United States Supreme Court under the Rules Enabling Act, 28 U.S.C. § 2072.

> "When a federal rule directly applies, it must govern—regardless of any conflicting case authority." — *See* Hanna v. Plumer, 380 U.S. 460, 471 (1965)
>
> "[The] Federal Rules of Civil Procedure have the force and effect of law."
>
> — *Sibbach v. Wilson & Co.*, 312 U.S. 1, 13 (1941)

8. Rule 26(g) is not aspirational. It requires a signature on every disclosure or discovery response, including supplemental productions. Walmart's attempt to bypass this requirement based on isolated, out-of-circuit dicta in a factually distinguishable case is both unpersuasive and legally deficient.

9. Thus, even if a single district court decision suggested (incorrectly) that certification is optional for supplemental disclosures, that view is contrary to Rule 26(g)'s text and structure, and cannot override binding authority or the plain language of the Rule itself.

10. Walmart's contention that "Plaintiff misconstrues a party's obligation under the Rules" by expecting a certification for each supplemental production misstates both the plain text of **Rule 26(g)** and its function in modern discovery, particularly in cases involving suspected document tampering.

**1. Rule 26(g) Requires Certification for Each "Disclosure" — Not Just Initial Disclosures**

11. Rule 26(g)(1) expressly requires that:

> "Every disclosure under Rule 26(a)(1) or (a)(3) ... must be signed by at least one attorney of record."

A supplemental production of documents — particularly one that Walmart unilaterally labels "Walmart's Supplemental Production" — constitutes a **disclosure under Rule 26(a)(1)(A)(ii)**, which includes:

"a copy—or a description by category and location—of all documents ... that the disclosing party has in its possession ... and may use to support its claims or defenses."

12. Thus, each **supplemental disclosure** must be signed and certified, just like the original disclosure. The duty to supplement under Rule 26(e)(1) **does not override** the certification duty under Rule 26(g). Rather, it reinforces it.

**2. Walmart's Reliance on *Itamar Medical* Is Misplaced and Non-Binding**

13. Walmart cites (Dkt 88) *Itamar Med. Ltd. v. Ectosense NV*, 2021 WL 12095095 (S.D. Fla. Dec. 28, 2021), for the proposition that a single signature on initial discovery responses satisfies Rule 26(g). But this:

- Was a **Southern District of Florida** ruling — not binding on this Court or in the Fifth Circuit;
- Did **not address the issue of supplemental productions** served **months later via hyperlink**, without any correspondence, discovery reference, or context;
- Did **not involve document tampering allegations**, as raised in this case.

This authority is plainly distinguishable.

**3. Fifth Circuit and National Authority Emphasize Rule 26(g)'s Gatekeeping Function**

14. The Fifth Circuit has recognized that **Rule 26(g) is the functional equivalent of Rule 11** in discovery and must be enforced strictly to deter abuse. Rule 26(g) is intended to impose an affirmative duty on counsel to conduct a reasonable inquiry into the factual basis for discovery responses. See **Chilcutt v. United States**, 4 F.3d 1313, 1322–23 (5th Cir. 1993). A party cannot avoid certification responsibility merely by serving supplemental productions outside formal

interrogatory responses or RFP answers.See **St. Paul Reinsurance Co. v. Commercial Fin. Corp.,** 198 F.R.D. 508, 516 (N.D. Iowa 2000):

15. Here, Walmart's July 18 production was:

- Not served with any certification under Rule 26(g);
- Transmitted via a paralegal, not by counsel;
- Unaccompanied by any discovery request reference, cover letter, or privilege log;
- Password-protected, undermining transparency and control;
- Used in court filings (Dkts. 85 and 88) as purportedly authentic evidence.

This is exactly the scenario Rule 26(g) is designed to prevent — unsupervised, unsigned productions masquerading as reliable discovery.

**4. Rule 26(g)(2) Requires the Court to Strike Unsigned Disclosures**

16. Even if Walmart contends that its July 18 production qualifies as a "disclosure," **Rule 26(g)(2)** makes clear:

> "Other parties have no duty to act on an unsigned disclosure ... and the court must strike it unless a signature is promptly supplied."

Walmart's refusal to supply a signed certification — even after Plaintiff's email one on July 21 and NOTICE (Dkt 87) — triggers this provision and supports striking or disregarding the July 18 production in its entirety.

17. Walmart's July 18 production is procedurally invalid under Rule 26(g). Its position that no signature is required for later disclosures directly contradicts the plain language of the Rule, the Fifth Circuit's jurisprudence, and the policy goal of ensuring accountability in discovery.

Given these violations, Plaintiff respectfully invokes Rule 26(g)(2), which states:

> "Other parties have no duty to act on an unsigned disclosure... and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention."

18. Plaintiff promptly notified Walmart on July 21 of the signature and compliance deficiencies(Dkt 87). Walmart did not cure the omission and instead doubled down via Dkt. 88 by asserting that no certification is required. This is legally incorrect, procedurally fatal; the Court must strike it.

### C. Walmart Violated Rule 34(b)(2): Failure to Specify or Authenticate

19. Rule 34(b)(2)(E) requires a responding party to "state... whether any responsive materials are being withheld on the basis of that objection." Further, a production must identify the discovery request being answered. Here, Walmart did neither. The production was blind, disorganized, and devoid of any reference to the discovery served March 28, 2025.

20. This production cannot be considered a valid Rule 34 response and should be disregarded. sanctions appropriate where production was disorganized and failed to comply with Rule 34. See *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 488–89 (N.D. Tex. 2016).

# IV. WALMART'S VIOLATION OF PROTECTIVE ORDER (Dkt 67)

21. This section addresses Walmart's violation of the Protective Order (Dkt. 67) through its July 18, 2025 production, which was served without designation, certification, or transparency. Walmart's actions subverted the safeguards of the Protective Order, denied Plaintiff procedural recourse, and constituted a bad-faith circumvention of both discovery rules and court orders.

### A. Walmart Violated the Protective Order by Denying Plaintiff an Opportunity to Challenge Designation as Required Under Section IV, Paragraph 7

22. Walmart's July 18, 2025 document production violated the Protective Order (Dkt. 67) by circumventing the confidentiality designation and challenge procedure set forth in Section IV, Paragraph 7. That provision states:

> "A Receiving Party may challenge a Producing Party's designation at any time. Any Receiving Party disagreeing with a designation may request in writing that the Producing Party change the designation... If the parties are unable to reach an agreement... the Receiving Party may... seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect..."

23. This framework presumes that a Producing Party will identify what portions of a production are designated as "Confidential" or otherwise subject to protection under the Order. Walmart did not do so. The July 18 production was served via a password-protected link with **no cover email, no identification of the relevant discovery request, no designation under the Protective Order, and no notice to Plaintiff of any intent to treat the production as confidential**. Nor did Walmart indicate whether any document was withheld or redacted under a claim of privilege, despite Rule 26(b)(5) and the express confidentiality framework of the Protective Order.

24. As a result, Plaintiff had no way to trigger the challenge-and-resolution process contemplated under Paragraph 7 of the Protective Order. Walmart's tactic of transmitting an unsigned, unexplained, and unmarked production—then **immediately relying on that production in Dkts. 85 and 88**—is a clear procedural end-run around the Court's established discovery rules and orders. It deprived Plaintiff of the right to object, meet and confer, or move to alter confidentiality status. It also cast the production as implicitly authenticated, despite lacking Rule 26(g) certification and protective labeling.

25. If Walmart believed any portion of the July 18 production was protected, it was required to affirmatively designate it as such and follow the procedures of the Protective Order. Having failed to do so, and having instead deployed the production in contested briefing, Walmart waived any protection and violated its obligation under Dkt. 67. As courts in this Circuit have repeatedly held, "a protective order must be complied with in both letter and spirit," and intentional evasion of its safeguards supports remedial and punitive sanctions. Protective orders are not mere formalities. A party who fails to adhere to them risks significant sanctions. See *SEC v. Brady*, 238 F.R.D. 429, 444 (N.D. Tex. 2006).

26. Accordingly, Walmart's July 18 production should be **struck in its entirety** for (1) violation of Rule 26(g), and (2) procedural abuse of the Protective Order. This Court should not permit parties to bypass confidentiality rules, block designation challenges, and weaponize hidden or improperly served discovery material.

**B. Walmart Preempted Judicial Oversight and Denied Plaintiff Recourse Under Paragraph 25 of the Protective Order**

27. Paragraph 25 of the Protective Order (Dkt. 67) expressly preserves each party's right to

> "bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Confidential Information."

The Protective Order thus creates a balanced, Court-supervised mechanism to ensure transparency and fairness in the designation and treatment of discovery materials.

28. Walmart ignored this framework. Its July 18 production—**served by paralegal** without Rule 26(g) certification, without cover communication, and without any indication of what, if anything, it considered confidential—left Plaintiff unable to evaluate whether materials were subject to designation, redaction, or withholding. This eliminated Plaintiff's right to challenge or seek greater access under Paragraph 25, and it bypassed the mechanism for filing a motion with the Court regarding disclosure rights. Walmart effectively **stripped the Protective Order of its procedural safeguards** by treating its own secrecy as self-justifying.

29. Had Walmart designated any portion of the July 18 production as "Confidential Information," Plaintiff would have had the option to invoke Paragraph 25 and seek modification, additional protections, or a judicial ruling to compel broader access. But Walmart denied Plaintiff that opportunity through concealment and procedural gamesmanship. The very structure that the Court imposed to prevent such abuses was rendered toothless by Walmart's failure to notify, label, or authenticate its production.

30. This violation is not merely technical. It reflects a deliberate effort to preserve plausible

deniability while relying on an unvetted and procedurally invalid production in contested court filings (Dkts. 85 and 88). Such conduct undermines the Protective Order and justifies striking the production and imposing sanctions.

### C. Walmart's Violation of Paragraph 24 Reinforces the Court's Ongoing Authority to Strike and Sanction

31. Paragraph 24 of the Protective Order (Dkt. 67) provides that

> *"[a]ll obligations and duties arising under this Protective Order shall survive the termination of this action"*

and that

> *"[t]he Court retains jurisdiction indefinitely over the parties and any persons provided access to Confidential Information under the terms of this Protective Order with respect to any dispute over the improper use of such Confidential Information."*

32. This provision reaffirms that the Protective Order is **not optional, not time-limited**, and **not subject to unilateral disregard** by any party, including Walmart. By transmitting a password-protected production without identifying any confidential designations, without certification, and without referencing which documents are protected—or even explaining why they are password-protected—Walmart effectively shielded its production from the Protective Order's procedural safeguards and then weaponized the material in contested filings.

33. Walmart cannot now claim that its July 18 production falls outside the Protective Order's scope. The obligations to designate confidential materials, provide notice to the Receiving Party, and preserve challenge rights under Paragraphs 6, 7, and 25 remain enforceable, and the Court retains the authority to address violations **indefinitely**, per Paragraph 24. As such, the July 18 production's

procedural deficiencies—combined with its lack of protective markings—are grounds not only for striking the production under Rule 26(g)(2) but also for **invoking the Court's retained jurisdiction to impose sanctions** for violating a court-ordered confidentiality regime.

**D. Walmart Cannot Use the Protective Order as a Shield Against Its Own Violations**

34. Paragraph 23 of the Protective Order makes clear that

> *"nothing in this Protective Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of the parties to assert any applicable discovery or trial privilege."*

Walmart retains all privileges and protections—but that does not mean it can avoid the obligations that flow from asserting them. To the contrary, the Protective Order requires that Walmart **affirmatively designate confidential material** and, under Rule 26(b)(5), provide a **privilege log** for any withheld documents. Yet in the July 18 production, Walmart produced password-protected materials without explanation, without discovery context, and without any privilege log or certification.

35. Walmart cannot have it both ways: it cannot hide documents behind password protection and refuse to identify them under the guise of preserving privilege, while also avoiding the procedural burdens that apply when such privilege is invoked. Paragraph 23 protects Walmart's rights—but it does not license procedural evasion. Walmart's conduct violates both the Protective Order and the Federal Rules of Civil Procedure, warranting immediate striking of the production and consideration of sanctions.

### E. Walmart's Violation of the Protective Order Warrants Sanctions

36. In sum, Walmart's conduct reflects a calculated effort to evade its obligations under the Protective Order (Dkt 67) while simultaneously attempting to rely on improperly served documents in its defense (Dkts. 85 and 88). These violations are not trivial; they implicate the Court's authority, the integrity of the discovery process, and Plaintiff's procedural rights. For these reasons, Plaintiff respectfully requests that the Court strike Walmart's July 18, 2025 production in its entirety and impose appropriate sanctions under the Court's inherent authority and Federal Rule of Civil Procedure 37(b).

## Walmart Ignored Plaintiff's Rule 26(g) Clarification Request

On July 21, 2025—three days after Walmart served its password-protected production (Dkt 90 EXHIBIT A-1 Under Seal) — Plaintiff promptly requested clarification (**Exhibit 1**) from Walmart regarding the production's legal basis, its relevance to any discovery request, whether any materials were designated confidential under the Protective Order, and why the production lacked Rule 26(g) certification. Despite this clear and direct inquiry, Walmart never provided the required certification or designation. Instead, on July 24, 2025, Walmart's associate attorney responded with vague remarks about "file-sharing software" and link expiration—without addressing any of Plaintiff's core legal questions or procedural objections. Plaintiff reiterated on the same day that these were not technical access issues but "core procedural and legal questions directly relevant to the production's validity and admissibility," and again asked Walmart to clarify. To date, Walmart has not responded with a Rule 26(g)-compliant signature, a privilege log, or any confirmation as to whether the July 18 production satisfies any formal discovery obligation. This continued refusal to engage on Rule 26(g)

compliance—despite timely notice—triggers the mandatory remedy under Rule 26(g)(2): the Court *must strike* the production.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter an order granting the following relief:

1. STRIKE Walmart's July 18, 2025 production in its entirety pursuant to Federal Rule of Civil Procedure 26(g)(2) and Rule 37, as the production was served without required certification, signature, or context, and in violation of the Court's Protective Order (Dkt. 67);

2. **STRIKE all references to the July 18, 2025 production contained in Walmart's filings, including but not limited to Dkts. 85 and 88, as unsupported by proper authentication or admissible certification;**

3. SANCTION Walmart and its counsel under Rule 26(g)(3) and the Court's inherent authority, for violating discovery rules and the Protective Order, including monetary sanctions and/or preclusion of evidence obtained from the July 18 production;

4. ORDER that Walmart re-serve any future production in full compliance with Rule 26(g), including proper attorney certification, identification of the applicable discovery request, metadata, and privilege log;

5. AWARD Plaintiff reasonable expenses incurred in bringing this motion, including lost time calculated at Plaintiff's previous hourly compensation rate as Director of Data Science, pursuant to Fed. R. Civ. P. 37(a)(5) and 26(g)(3)

6. GRANT any such other and further relief as the Court deems just, equitable, and proper to

protect the integrity of discovery and the administration of justice in this matter.

Dated: July 25, 2025

Respectfully Submitted,

*[signature: Dilip Kumar Jana]*

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On July 25, 2025, a true and correct copy of the foregoing was served upon the following through the Court's CM/ECF system:

| | | |
|---|---|---|
| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.
Dated: July 25, 2025

Respectfully Submitted

*[signature: Dilip Kumar Jana]*

Dilip Jana, pro se Plaintiff
Tel: 318-243-9743
EMail: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

---