# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | § § | |
| DILIP JANA | § § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| *Plaintiff,* | § § | |
| v. | § § | |
| WALMART, INC., | § § | |
| *Defendant.* | § | |

## [PROPOSED] ORDER ON PLAINTIFF'S MOTION TO STRIKE WALMART'S JULY 18, 2025 PRODUCTION AND FOR SANCTIONS FOR VIOLATION OF PROTECTIVE ORDER

Before the Court is Plaintiff's Motion to Strike Walmart's July 18, 2025 Document Production for violation of Federal Rule of Civil Procedure 26(g) and breach of the Protective Order entered on June 27, 2025 (Dkt. 67). Having reviewed the motion, the record, the applicable law, and any response or reply, the Court issues the following ruling:

The Court finds that Walmart's July 18, 2025 production was not signed or certified by counsel in accordance with Rule 26(g), was transmitted via a password-protected link without a cover letter or explanation, and failed to identify any responsive discovery request or designate any material as "Confidential" under the Protective Order. The production was served without a privilege log or notice of withheld documents, depriving Plaintiff of his right under Paragraph 7 of the Protective Order to challenge any designation. Walmart subsequently relied on the uncertified production in Dkt. 85 and Dkt. 88, further compounding the procedural defects.

The Court concludes that these actions violated both the certification requirement of Rule 26(g) and the procedural protections established by the Protective Order (Dkt. 67), including but not limited to Paragraphs 6, 7, 23, 24, and 25. The Protective Order was designed to ensure transparency, enable challenges to confidentiality designations, and preserve judicial oversight—all of which Walmart undermined through its conduct.

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Strike Walmart's July 18, 2025 Production is GRANTED.
2. The July 18, 2025 production is STRICKEN pursuant to Federal Rule of Civil Procedure 26(g)(2) and may not be used by Defendant in any future filing, motion, or proceeding in this case unless it is re-served in full compliance with Rule 26(g) and the Protective Order.
3. If Defendant re-serves any portion of the July 18, 2025 production, it must:
    a. Provide a valid Rule 26(g)-compliant certification signed by lead counsel;
    b. Clearly identify the discovery request to which each document is responsive;
    c. Designate any material it believes qualifies as "Confidential Information" under the Protective Order; and
    d. Supply a complete privilege log pursuant to Rule 26(b)(5) for any redactions or withheld documents.
4. Defendant Walmart is **WARNED** that any future violation of Rule 26(g) or the Protective Order may result in further sanctions, including but not limited to:
    a. Monetary sanctions under Rule 37(a)(5);
    b. Evidentiary preclusion under Rule 37(b);
    c. Adverse inference instructions or default judgment under Rule 37(b)(2)(A).

5. In light of Plaintiff's *pro se* status and prior role as Director of Data Science at Walmart, the Court recognizes that Plaintiff incurred measurable opportunity costs in preparing this motion. While Plaintiff is not entitled to traditional attorney's fees, he is GRANTED LEAVE to file a sworn declaration within seven (7) days of this Order detailing:

   a. The number of hours reasonably expended on this motion;

   b. His hourly rate based on compensation during his former employment with Walmart; and

   c. Any supporting documentation.

   Defendant Walmart may file a response within seven (7) days thereafter. The Court will determine whether to award reasonable expenses pursuant to Rule 37(a)(5) and Rule 26(g)(3) following review of the parties' submissions.

6. This Order is entered subject to and without prejudice to Plaintiff's pending Motion for Recusal of the Magistrate Judge (Dkt. 83), and the Court expresses no opinion on the merits of that motion herein.

**SO ORDERED.**

Dated: _____, 2025


UNITED STATES DISTRICT JUDGE