# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **DILIP JANA** § | |
| § | |
| v. § | NO. 4:24-CV-00698-SDJ-BD |
| § | |
| **WALMART, INC.** § | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Dilip Jana sued defendant Walmart, Inc., for alleged violations of the whistleblower protections of the Criminal Antitrust Anti-Retaliation Act, 15 U.S.C. § 7a-3, and the Sarbanes-Oxley Act, 18 U.S.C. § 1514A. Dkt. 13 (operative complaint). He filed a motion for my recusal. Dkt. 83. The motion will be denied.

## BACKGROUND

A few months ago, Walmart filed a motion for a protective order. Dkt. 51; *see* Dkt. 59 (Walmart's reply). Jana filed a response that the court struck as untimely. Dkt. 58. But even without Jana's response, the court denied Walmart's motion because Walmart requested the entry of an agreed protective order that Jana did not agree to. Dkt. 60. Walmart filed a second motion for a protective order, Dkt. 63, which Jana opposed, Dkt. 64; *see* Dkt. 65 (Walmart's reply). The court granted that motion and entered a protective order. Dkt. 66; *see* Dkt. 67 (protective order).

Jana then filed multiple notices, motions, and objections. Relevant here are Jana's: (1) motion to compel, Dkt. 75, which the court struck as premature because Jana failed to satisfy certain procedural prerequisites; (2) objections to the court's order granting Walmart's second motion for a protective order, Dkt. 77, which the district judge overruled, Dkt. 91; (3) objections to the court's striking of his motion to compel, Dkt. 81, which the district judge also overruled, Dkt. 93; and (4) motion for recusal, Dkt. 83, which the court considers now. Walmart has asked to be excused "from the obligation to file response briefs to all pending and future filings" by Jana, Dkt. 85 at 3, so the court assumes that Walmart does not intend to file a response to the recusal motion.

## LAW

Disqualification and recusal of a federal judge are governed by 28 U.S.C. §§ 144 and 455.

"Section 144 requires that when a party to any proceeding in a district court makes and files a timely and sufficient affidavit alleging that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further, and another judge shall be assigned to hear the proceeding." *Shugart v. Hoover*, No. 4:17-CV-633, 2018 WL 647769, at *1 (E.D. Tex. Jan. 31, 2018) (quotation marks omitted). A legally sufficient affidavit must include facts that (1) are material and stated with particularity; (2) if true, would convince a reasonable person that a bias exists; and (3) show that the bias is personal, as opposed to judicial, in nature. *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990). If the affidavit is not legally sufficient under § 144, the matter need not be referred to another judge. *Id.*

Under § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The decision whether to recuse under § 455 is committed to the sound discretion of the court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793–94 (5th Cir. 2012). The Supreme Court has explained that "[t]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 541 U.S. 913, 924 (2004) (mem.) (emphasis omitted). The Fifth Circuit has interpreted that mandate to mean that the court should "ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person," while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156–57 (5th Cir. 1995). "Indeed, the statute exists to mandate recusal in cases where it truly appears (or is the case that) the presiding judge cannot consider the case impartially—not where a litigant's speculation based on incomplete information implies concealment and impropriety." *Shugart*, 2018 WL 647769, at *2. Further, the recusal inquiry is "extremely fact intensive and fact

bound"; it requires the court to consider "a close recitation of the factual basis for the . . . recusal motion." *Republic of Panama v. Am. Tobacco Co., Inc.*, 217 F.3d 343, 346 (5th Cir. 2000).

In considering a party's request for recusal, the judge "must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision." *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 966 n.18 (5th Cir. 1980); *see also Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000) (noting that "the statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice").

## DISCUSSION

Because Jana did not file an affidavit, the court need not refer the matter to another judge, and the motion fails under § 144. *Henderson*, 901 F.2d at 1296; *United States v. Branch*, 850 F.2d 1080, 1083 (5th Cir. 1988) (affirming the denial of a § 144 motion when the defendant "failed to accompany his motion asserting bias with a timely and sufficient affidavit and a certificate of counsel of record stating that it is made in good faith" (quotation marks omitted)). As to § 455, the crux of Jana's argument is that he disagrees with the court's rulings. Although the district judge has already rejected some of Jana's arguments, *see* Dkts. 91, 93, the court explains its rulings below. Considering the relevant facts, including "how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person," *Jordan*, 49 F.3d at 156–57, my impartiality could not reasonably be questioned. Recusal is therefore not warranted.

Jana first faults the court for striking his response to Walmart's initial motion for a protective order. He argues that because his deadline fell on Good Friday, April 18, 2025, his response was due the next business day.

Federal Rule of Civil Procedure 6(a)(1)(C) states that, when computing time, a party must "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal

3

holiday." A legal holiday includes "any day declared a holiday by the President or Congress" or "any other day declared a holiday by the state where the district court is located." Fed. R. Civ. P. 6(a)(6)(B)–(C). Although the courthouse was closed on Good Friday, Jana has not argued that Good Friday was a legal holiday under Rule 6. But even assuming Jana is correct that his deadline to file the response expired on the next business day, he told the court that he did not want the court to reconsider the striking of his response—likely because the court ruled in his favor on the underlying motion—so the court did not take any further action on the matter. *See* Dkt. 61 at 2.

Jana next argues that Walmart raised a new argument in its reply to his response to Walmart's second motion for a protective order, so the court was required to wait until Jana filed a sur-reply before ruling. But the court relied on Walmart's reply only as it related to Walmart's initial disclosures and privilege log, *see* Dkt. 66 at 2, which Jana had already briefed in his response, *see* Dkt. 64 at 8 (asserting that "Walmart refused to produce mandatory initial disclosures, failed to produce a privilege log, and stonewalled discovery"). In any event, "[t]he court need not wait for [a] reply or sur-reply before ruling on [a] motion." Loc. R. CV-7(f).

Jana also asserts that the court struck his motion to compel in retaliation for filing an objection to one of the court's orders, noting that the court struck his motion 23 minutes after he filed his objection. The timing of the court's order was a coincidence. After the court signs an order, it goes to the clerk's office for docketing. That process involves a delay, which may last several hours. The court's order was prepared before Jana filed his objection.

Further, the reason the court struck Jana's motion was that Jana failed to abide by two court orders that established prerequisites for the filing of his motion to compel. *See* Dkt. 79. Jana's assertion that he did not have to follow those orders because they required more of him than the local rules do fails. "A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." Fed. R. Civ. P. 83(b). Although the local rules do not require conferences with unrepresented parties, they also do not prohibit such conferences. Loc. R. CV-7(i) (stating that "[n]either the 'meet and confer' nor the 'certificate of conference' requirements are applicable to *pro se* litigants"). That means the court

4

is permitted to require party conferral before the filing of a motion to compel in a case, such as this one, that involves a pro se litigant.

Jana next argues that the court has unfairly applied the local rules because the court required him to confer on his motion to compel but did not require Walmart to confer on its second motion for a protective order. But the court's orders require all parties, including pro se parties like Jana, to confer and obtain leave of court before filing a motion to compel; yet neither the local rules nor the court's orders require Walmart to confer with Jana on a motion for a protective order because of Jana's pro se status. *See* Loc. R. CV-7(i).

Jana further asserts that the court adopted Walmart's interpretation of its previous order on Walmart's first motion for a protective order, Dkt. 60, when ruling on Walmart's second motion for a protective order, Dkt. 66. He argues that the court should have instead adopted his interpretation, which required the parties to exchange discovery before moving for a protective order. But the court need not and did not adopt any party's interpretation of its own order. In that order, the court stated:

> This order does not prohibit Walmart from seeking a protective order that meets the Rule 26(c)(1) standard and complies with Fifth Circuit precedent. Any such request should be specific, and any proposed protective order should comply with the guidelines, including the prohibition of footnotes, stated at the "Judge-Specific Information" tab of https://txed.uscourts.gov/?q=judge/magistrate-judge-bill-davis.
>
> To the extent Jana believes that entry of a protective order would allow Walmart to withhold documents properly requested in discovery, he is mistaken. When the Rule 26(c)(1) standard has been satisfied, a protective order may properly prohibit dissemination of sensitive information to people not involved in the lawsuit without infringing on the right of any party to the lawsuit—here, Jana and Walmart—to review documents exchanged in discovery that are relevant to a party's claim or defense.

Dkt. 60 at 2.

That order did not require document exchange before a protective order could be sought. It stated that Walmart could move for a protective order and, if one was granted, Walmart would have to produce documents to Jana.

Jana also accuses the court of favoring Walmart because the court stated that Jana misunderstood that order, which is similar to what Walmart said in its reply, and that the court ignored well-established precedent requiring an exchange of documents before seeking a protective order. He cites *In re Terra International, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998); *Le v. Exeter Finance Corp.*, 990 F.3d 410, 419 (5th Cir. 2021); and *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986). Dkt. 83 at 11.

As already noted, Jana did misunderstand the court's order. And the cases he cites do not require an exchange of documents first. *Terra International* states that, to obtain a protective order under Rule 26(c), the movant must "show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." 134 F.3d at 306. It says nothing about requiring an exchange first. *Id. Le*, meanwhile, discusses the standard for sealing documents and states that the standard for sealing, which requires a line-by-line analysis of the content to be sealed, is stricter than the standard for issuing a protective order, which requires only a showing of good cause. 990 F.3d at 419. And *Cipollone* likewise does not require parties to exchange discovery before the court may issue a protective order, stating that Rule 26(c) does not require the movant to "demonstrate to the court in the first instance on a document-by-document basis that each item should be protected." 785 F.2d at 1122.

Finally, Jana faults the court for considering a declaration attached to Walmart's second motion for a protective order when ruling on the motion because it allegedly demonstrates that the court unfairly agreed with Walmart about its ability to weigh the credibility of the declarant rather than outright strike the declaration. But Jana's argument does not acknowledge the adversarial nature of a lawsuit. Opposing parties assert arguments. Before reaching a conclusion, the court considers those arguments, the facts, and the law. Jana did not cite any law that required the court to strike the declaration, so the court declined to do so. When the law has provided for it, the court has ruled in Jana's favor. *See, e.g.*, Dkt. 49 (stating that "[t]he court agrees with Jana" that "Walmart has not demonstrated exceptional circumstances warranting a stay of discovery pending the court's ruling on its Rule 12(b)(6) motion").

From the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances, *Cheney*, 541 U.S. at 924, my impartiality could not reasonably be questioned. Although Jana disagrees with certain rulings, he has not shown bias. Section 455 "is not intended to give litigants a veto power over sitting judges." *Switzer*, 198 F.3d at 1258.

## CONCLUSION

It is **ORDERED** that the motion, Dkt. 83, is **DENIED**.

So **ORDERED** and **SIGNED** this 29th day of July, 2025.

_____
Bill Davis
United States Magistrate Judge