# EXHIBIT A-2

Case 4:24-cv-00698-SDJ-BD   Document 101-2   Filed 08/06/25   Page 2 of 7 PageID #: 1453

8/6/25, 1:27 PM                Gmail - Case 4:24-cv-00698-SDJ-BD: Clarification Requested re: Procedural Defects and Improper Confidentiality in Walmart's July …



Dilip Jana <janadilip@gmail.com>

## Case 4:24-cv-00698-SDJ-BD: Clarification Requested re: Procedural Defects and Improper Confidentiality in Walmart's July 18, 2025 Production

1 message

**Dilip Jana** <janadilip@gmail.com>　　　　　　　　　　　　　　　　　　　Mon, Aug 4, 2025 at 4:38 PM
To: peter.wahby@gtlaw.com, morgan.jones@gtlaw.com, Holmes.Hampton@gtlaw.com
Cc: Dilip Jana <janadilip@gmail.com>

Dear Mr. Wahby,

　　Respectfully, I reiterate that I requested specific clarification on **July 21, 2025 and July 24, 2025**, regarding Walmart's **July 18, 2025 production**. To date, neither you nor Ms.Morgan or Mr. Holmes has responded to the following questions:

　　1. What is the **basis and scope** of the July 18 production?

　　2. Which **discovery request(s)** or disclosure obligation(s) does it purport to fulfill?

　　3. Are any documents designated as **confidential** or subject to the **Protective Order (Dkt. 67)**?

　　4. Why was the production served **without a Rule 26(g)-compliant signature or certification** by counsel?

**I now also request clarification on a related issue:**

**This is not a discovery request.** This correspondence concerns procedural defects in Walmart's July 18, 2025 production, which was transmitted by paralegal and was not accompanied by any attorney certification or Rule 26(g) signature.


**July 18, 2025 Production files:**

Case 4:24-cv-00698-SDJ-BD   Document 101-2   Filed 08/06/25   Page 3 of 7 PageID #: 1454

8/6/25, 1:27 PM          Gmail - Case 4:24-cv-00698-SDJ-BD: Clarification Requested re: Procedural Defects and Improper Confidentiality in Walmart's July ...



**Improper Confidentiality Designation of EXHIBIT 9 (Dkt 13,** PageID #: 308)

Document **WM-JANA_0000268**, produced by Walmart on July 18, 2025, is identical to **EXHIBIT 9 (PageID #: 308)**, which was publicly filed in **Dkt. 13** on **September 13, 2024** as part of Plaintiff's operative complaint. This document has been continuously accessible on PACER for nearly eleven months and remains public as of today.

Walmart's designation of this already-public document as "CONFIDENTIAL" in the July 18 production—without any supporting explanation, privilege log, or Rule 26(c)(1) showing—is **procedurally improper, legally void**, and **constitutes a waiver of any confidentiality claim**. The designation reflects **bad-faith over designation** of confidentiality in **violation of this Court's Protective Order (Dkt. 67)**, which requires good-faith use of confidentiality markings and does not permit retroactive designation of publicly available materials.

Please explain how a document publicly filed on the Court docket became designated "CONFIDENTIAL" in Walmart's July 18, 2025 production.

**Request for Basis of All Confidentiality Designations in July 18 Production**

1. Please state, in writing:

    - **How each document** in the July 18 production was reviewed and designated as "CONFIDENTIAL";

    - **Who made the determination** to apply such designations;

    - **Whether Walmart is claiming** the July 18 production is subject to the Protective Order (Dkt. 67), and if so, on what legal basis given the absence of Rule 26(g) certification.

2. **Protective Order Inapplicability**
Because the July 18 production:

    - Lacked certification by counsel under Rule 26(g);

    - Was transmitted by a non-attorney (paralegal) with no Certificate of Service;

Case 4:24-cv-00698-SDJ-BD   Document 101-2   Filed 08/06/25   Page 4 of 7 PageID #: 1455

8/6/25, 1:27 PM    Gmail - Case 4:24-cv-00698-SDJ-BD: Clarification Requested re: Procedural Defects and Improper Confidentiality in Walmart's July ...

- And failed to specify whether the materials were being produced pursuant to the Protective Order—

**Here is the plain text of Federal Rule of Civil Procedure**

26(g) SIGNING DISCLOSURES AND DISCOVERY REQUESTS, RESPONSES, AND OBJECTIONS.

   (1) *Signature Required; Effect of Signature.* **Every** disclosure under Rule 26(a)(1) or (a)(3) and **every** discovery request, response, or objection **must** be **signed by at least one attorney** of record in the attorney's own name—or by the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

   (A) with respect to a disclosure, it is complete and correct as of the time it is made; and

   (B) with respect to a discovery request, response, or objection, it is:

      (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

      (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

      (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

   (2) *Failure to Sign.* **Other parties have no duty to act** on an unsigned disclosure, request, response, or objection until it is signed, and the **court must strike it** unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

Therefore, **Plaintiff does not consider the July 18 production to be protected under Dkt. 67**. If Walmart contends otherwise, please respond **in writing as soon as possible, preferably 5 pm August 7, 2025.**

Absent a written response by that time, I will consider Walmart to have **waived any claim** of confidentiality or Protective Order coverage for the July 18 materials. I reserve all rights under Fed. R. Civ. P. 26(g), 37, and this Court's inherent authority.

**Please be advised that Plaintiff has identified evidence of spoliation in Walmart's July 18, 2025 production and intends to report this matter to appropriate State and Federal authorities.** Nothing in the Court's Protective Order (Dkt. 67) prohibits such disclosures. Protective orders issued under Rule 26(c) are limited to regulating the use of discovery materials within the litigation and do not bar good-faith reports of suspected fraud or spoliation to regulatory or law enforcement agencies.
**Dkt 13 EXHIBIT 9 (First Page):**

Case 4:24-cv-00698-SDJ-BD   Document 101-2   Filed 08/06/25   Page 5 of 7 PageID #: 1456

8/6/25, 1:27 PM                     Gmail - Case 4:24-cv-00698-SDJ-BD: Clarification Requested re: Procedural Defects and Improper Confidentiality in Walmart's July …

Case 4:24-cv-00698-SDJ-BD   Document 13-9   Filed 09/13/24   Page 1 of 3 PageID #: 308

# EXHIBIT 9

**Subject:** RE: [Unethical]: Sign off for POC
**Date:** Thursday, October 5, 2023 at 3:52:07 PM Central Daylight Time
**From:** Ridhi Mehra
**To:** Dilip Jana
**CC:** Wendy Bowman, Adrian Milbourne
**Attachments:** image002.png, image003.png

Dilip,
Just a quick note to let know that I have read all your emails and they have been appropriately escalated.

-Ridhi

**From:** Dilip Jana <dilip.jana@walmart.com>
**Sent:** Wednesday, October 4, 2023 12:01 AM
**To:** Adrian Milbourne <Adrian.Milbourne@walmart.com>
**Cc:** Ridhi Mehra <Ridhi.Mehra@walmart.com>; Wendy Bowman <Wendy.Bowman@walmart.com>
**Subject:** [Unethical]: Sign off for POC

Adrian/Ridhi:
I believe Kamil is approving Infogain's work unethically. I need your attention. I'll be happy to explain my findings

Thanks,
Dilp

**From:** Dilip Jana <dilip.jana@walmart.com>
**Date:** Monday, October 2, 2023 at 5:01 PM
**To:** Kamil Bay <kamil.bay@walmart.com>, Leslie Platz <Leslie.Platz@walmart.com>, Olan Land <Olan.Land@walmart.com>, Taylor Lark <Taylor.Lark@walmart.com>, Raymond Pritchett <Raymond.Pritchett@walmart.com>
**Subject:** FW: Sign off for POC

Kamil:
I see you signed off from your side.

I am ccing Leslie, Olan, Tylor, Raymond since they were actively Involved.

I have few questions but here are two major questions, I need help with:

Slide #6, "84% of the defects identified (at an issue level) are actionable. In the POC, these were ratified by HITL"

I believe you were okay with this claim before you sign off. Can you please confirm?

I have attached most recent output (Output_QA_Second_Iteration.xlsx), which shows this is not the case. Please advise.

Slide #6, "Top actionable defects identified for Chain and For Use Cases : Front-End, Co-Pilot and WFM"

I did not see any result for WFM throughout the deck. I believe result for WFM is falsely claimed.

In addition to this, I looked at SOW for POC for WFP, I did not see result that I can sign off.

Since you have already signed off, I am curious you may already have an answer.

I appreciate if you respond asap.

## Malmart's JULY 19 Production:WM-JANA_0000268.pdf

**Message**
**From:** Dilip Jana [dilip.jana@walmart.com]
**Sent:** 10/4/2023 5:01:04 AM
**To:** Adrian Milbourne [Adrian.Milbourne@walmart.com]
**CC:** Ridhi Mehra [Ridhi.Mehra@walmart.com]; Wendy Bowman [Wendy.Bowman@walmart.com]
**Subject:** [Unethical]: Sign off for POC
**Attachments:** Defect Engine_Workshop_29Sep23.pptx; Output_QA_Second_Iteration.xlsx

**Flag:** Follow up

Adrian/Ridhi:
I believe Kamil is approving Infogain's work unethically, I need your attention. I'll be happy to explain my findings

Thanks,
Dilip

**From:** Dilip Jana <dilip.jana@walmart.com>
**Date:** Monday, October 2, 2023 at 5:01 PM
**To:** Kamil Bay <kamil.bay@walmart.com>, Leslie Platz <Leslie.Platz@walmart.com>, Olan Land <Olan.Land@walmart.com>, Taylor Lark <Taylor.Lark@walmart.com>, Raymond Pritchett <Raymond.Pritchett@walmart.com>
**Subject:** FW: Sign off for POC

Kamil:
I see you signed off from your side.

I am ccing Leslie, Olan, Tylor, Raymond since they were actively involved.

I have few questions but here are two major questions, I need help with:

Slide #6, "84% of the defects identified (at an issue level) are actionable. In the POC, these were ratified by HITL"

I believe you were okay with this claim before you sign off. Can you please confirm?

I have attached most recent output (Output_QA_Second_Iteration.xlsx), which shows this is not the case. Please advise.

Slide #6, "Top actionable defects identified for Chain and For Use Cases : Front-End, Co-Pilot and WFM"

I did not see any result for WFM throughout the deck. I believe result for WFM is falsely claimed.

In addition to this, I looked at SOW for POC for WFP, I did not see result that I can sign off.

Since you have already signed off, I am curious you may already have an answer.

I appreciate if you respond asap.

CONFIDENTIAL                                                                                         WM-JANA_0000268

Case 4:24-cv-00698-SDJ-BD   Document 101-2   Filed 08/06/25   Page 6 of 7 PageID #: 1457

8/6/25, 1:27 PM    Gmail - Case 4:24-cv-00698-SDJ-BD: Clarification Requested re: Procedural Defects and Improper Confidentiality in Walmart's July …

Please be advised that this correspondence is provided solely for the purpose of requesting clarification and does **not** waive any objections, rights, or pending motions. Plaintiff expressly maintains all arguments and relief requested in **Dkt. 94: PLAINTIFF'S MOTION TO STRIKE WALMART'S JULY 18, 2025 PRODUCTION AND FOR SANCTIONS FOR VIOLATION OF PROTECTIVE ORDER (Dkt. 67).**

Plaintiff further reserves all rights under **Fed. R. Civ. P. 26(g), 37**, and the **Court's inherent authority** to seek sanctions for improper production, abuse of confidentiality designations, and discovery misconduct.

Kind regards,
**Dr. Dilip Jana**
Pro Se Plaintiff
800 Fairlawn St, Allen, TX 75002
janadilip@gmail.com | (318) 243-9743


On Thu, Jul 24, 2025 at 4:45 PM Dilip Jana <janadilip@gmail.com> wrote:

> Dear Ms. Jones,
>
> Thank you for your email.
>
> Respectfully, I reiterate that I requested specific clarification on July 21, 2025, regarding Walmart's July 18 production. To date, neither you nor Mr. Wahby has answered the questions I raised in that message, namely:
>
>    1. What is the basis and scope of the July 18 production?
>
>    2. Which discovery request(s) or disclosure obligation(s) does it purport to fulfill?
>
>    3. Are any documents designated as confidential or subject to the Protective Order?
>
>    4. Why was the production served without a Rule 26(g)-compliant signature or certification by counsel?
>
> These are not technical access issues—they are core procedural and legal questions directly relevant to the production's validity and admissibility. The mere act of sending a file-sharing link, even with a password, does not satisfy Walmart's obligations under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26(g)(1)(A); 34(b)(2)(B); and 37(a)(4).
>
> Your latest message does not address these deficiencies. Until you provide a substantive response to my July 21 inquiry, I am unable to download or rely on the production without risking waiver, compromise of evidentiary rights, or inadvertent acceptance of noncompliant disclosures.
>
> Please provide the requested clarification at your earliest convenience.
>
> Kind regards,
> **Dr. Dilip Jana**
> Pro Se Plaintiff
> 800 Fairlawn St, Allen, TX 75002
> janadilip@gmail.com | (318) 243-9743
>
>
> On Mon, Jul 21, 2025 at 2:33 PM Dilip Jana <janadilip@gmail.com> wrote:
>
>> Dear Mr. Wahby,
>>
>>     I acknowledge receipt of Walmart's July 18, 2025 "Supplemental production", which includes password-protected files.
>>
>> Please clarify the basis and scope of this production, including identification of the applicable discovery request or disclosure category, and whether Walmart designates any of these documents as confidential or subject to the Protective Order currently in effect.
>>
>> I also note that the production lacks a Rule 26(g)-compliant signature or certification.

Case 4:24-cv-00698-SDJ-BD   Document 101-2   Filed 08/06/25   Page 7 of 7 PageID #: 1458

8/6/25, 1:27 PM          Gmail - Case 4:24-cv-00698-SDJ-BD: Clarification Requested re: Procedural Defects and Improper Confidentiality in Walmart's July ...

Kind regards,

Dr. Dilip Jana

800 Fairlawn St, Allen, TX 75002

Ph: 318-243-9743
EMail: janadilip@gmail.com

On Thu, Jul 24, 2025 at 3:49 PM <Morgan.Jones@gtlaw.com> wrote:

> Dilip, it appears from your most recent filings and emails that there may be some confusion surrounding the file sharing links we have used to serve document productions in this case. The medium used is a standard file sharing software that can efficiently and securely transmit voluminous files. The file is password protected, but we provided the password to you. You can simply download the productions at your convenience. While the links expire (which is a standard feature of these types of file share systems) we can send new links to you if you are unable to download before the expiration date. Alternatively, if you are having difficulties accessing the documents through the link, we can look for another way to securely transmit the production.
>
> **Morgan Jones**
> Associate
>
> Greenberg Traurig, LLP
> 2200 Ross Avenue | Suite 5200 | Dallas, TX 75201
> T +1 214.665.3682 | F +1 214.665.3601
> Morgan.Jones@gtlaw.com | www.gtlaw.com | View GT Biography
>
> Greenberg Traurig Logo
>
> If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

--
Thanks
Dilip


--
Thanks
Dilip