IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DILIP JANA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| § | |
| WALMART INC., § | |
| § | |
| Defendant. § | |

**WALMART'S BRIEF ON DISCOVERY ISSUES**

Pursuant to the Court's Order dated July 30, 2025, Dkt. No. 99, Defendant Walmart Inc. ("Walmart") files this brief on outstanding discovery issues that may require the Court's resolution. Walmart is available on the following dates for an in-person hearing at any time convenient for the Court: **October 1st–3rd; October 6th–7th**.

**A.    Plaintiff's frivolous filings are the sole impetus for a discovery hearing.**

To be sure, Walmart has no discovery-related request for relief currently pending before the Court. The discovery "issues" that may require the Court's resolution each stem from Plaintiff Dilip Jana's ("Plaintiff") numerous filings. *See* Dkt. Nos. 68, 69, 70, 74, 78, 84, 87, 90, 94, 95, 96, 100, 101. Indeed, even though Walmart maintains that Plaintiff's complaint fails to state a claim, *see* Dkt. No. 22, Walmart attempted to commence discovery with Plaintiff before the Court entered a stay. Nevertheless, Walmart will utilize this opportunity to summarize its position as to some of Plaintiff's oft-repeated accusations, which each lack any merit whatsoever. Some appear to be rooted in a manufactured conspiracy theory; others in innocent confusion about the Federal Rules. But in either case, they do not justify the Court's relief.

B.      **Walmart has not altered or forged the substantive content of any documents.**

Plaintiff's primary accusation is that Walmart "altered" an email authored by a Walmart employee that described the reasons for Plaintiff's termination (the "Bowman Email"). Initially, Plaintiff took issue with how Walmart produced the Bowman Email in the administrative proceedings below, where Walmart first produced the email with redactions but later produced an unredacted version. *See, e.g.*, Dkt. No. 13 ¶¶ 189–192. The two productions were processed slightly differently which resulted in minor formatting differences (*e.g.*, one version showed a timestamp in Central Standard Time and rounded to the nearest minute and the other version showed a timestamp in Greenwich Median Time and included seconds). *See* Dkt No. 13, Exs. 1–2. Plaintiff contends the formatting differences are evidence of forgery. *See* Dkt. 13 ¶¶ 189–192. But as Walmart has explained to Plaintiff for months, the differences are mere quirks in electronic discovery and certainly do not evince any substantive alteration. *See* Dkt. No. 23 ¶ 4; Dkt. No. 30 at 11.

Trying to alleviate Plaintiff's concerns about the Bowman Email, Walmart produced it in native format on July 18. This only inflamed Plaintiff's suspicions. Now, Plaintiff contends that the native file includes "forensic anomalies" and that its attachments "bear uniform modification timestamps" that "call[] into question the authenticity, chain of custody, and admissibility of the production." *See* Dkt. No. 101 at 2 & Ex. A-1. In support, Plaintiff points out that the metadata on attachments to the Bowman Email show a "Date Modified" that post-dates when the Bowman Email was originally sent. *See* Dkt. No. 101, Ex. A-1.

Once again, Plaintiff is confused. His new "evidence" consists entirely of discrepancies in system metadata (as opposed to application metadata), but system metadata is unrelated to the substantive content of an email or Word document. The "Date Created" or "Date Modified" fields

in **system metadata** will change by mere copying or moving a file (*e.g.*, when preserved or prepared for production), whereas those same fields in **application metadata** change only when a file's content is altered. *See Teledyne Instruments, Inc. v. Cairns*, No. 6:12–cv–854–Orl–28TBS, 2013 WL 5781274, at *4–6 (M.D. Fla. Oct. 25, 2013) ("[G]enerally speaking, file-system level activities like moving or copying a file will update one or more system metadata dates but leave application metadata dates unchanged."). "Because system metadata date stamps and application metadata date stamps convey different information, discrepancies between them are not necessarily cause for concern or suspicion." *Id.* at * 6.

At this point, convincing Plaintiff that no forgery is afoot may be a fool's errand. Nonetheless, at the upcoming hearing, Walmart is prepared to show the Court the application metadata for the Bowman Email and each of its attachments, demonstrating that every file was produced in its original, unaltered form. The Court should then deny Plaintiff's requests for relief that are based on his allegation that Walmart altered the Bowman Email.

### C.     Plaintiff continually misapprehends Rule 26(g).

Plaintiff has also routinely claimed that Walmart is required to provide a "Rule 26(g) certification" with each document production but has failed to do so. This is not what the Federal Rules require. Instead, Rule 26(g) states that "[**b**]**y signing**" a "discovery request, response, or objection," a party certifies it has complied with the Rule's obligations. FED. R. CIV. P. 26(g)(1) (emphasis added). Walmart's initial disclosures and its responses to Plaintiff's discovery requests were each signed by Walmart's lead counsel who, by signing, certified that Walmart complied with Rule 26(g)'s requirements. Nothing further is required. *See Itamar Med. Ltd. v. Ectosense NV*, 20-60719-CIV-DIMITROULEAS/SNOW, 2021 WL 12095095, at *12 (S.D. Fla. Dec. 28, 2021) ("[Plaintiff's] counsel has made the certification necessary by signing [Plaintiff's] discovery

responses in accordance with Rule 26(g), nothing further is required."). Indeed, in his numerous filings invoking Rule 26(g), Plaintiff has not identified a single case that suggests a document production must be separately "certified."

### D. Walmart has not made any "improper" production of documents.

Apart from his issue with Rule 26(g), Plaintiff also complains that Walmart's document production dated July 18th contains other procedural defects. Citing no rule or law in support, Plaintiff suggests that a paralegal cannot transmit a document production and that password-protection is somehow disallowed (even though Walmart provided Plaintiff with the password at the time of service). *See* Dkt. No. 94. Of course, neither of these renders Walmart's production "procedurally invalid."

Nor are Walmart's confidentiality designations for the Bowman Email and its attachments improper, as Plaintiff contends. *See* Dkt. No. 101. Walmart marked the native version of the Bowman Email confidential because its attachments, which have not been previously produced in this case or the administrative proceedings below, include sensitive business and personal information. *See* Dkt. No. 67 (protective order governing confidentiality designations). Notably, Plaintiff has not challenged the substantive justification for the designations themselves—he has asserted only that the designated documents have already been included in public filings, which is incorrect. *See* Dkt. No. 101.

Lastly, Plaintiff makes the bizarre complaint that because Plaintiff has "withdrawn" his requests for production, Walmart has somehow violated the discovery rules by continuing to produce documents. Walmart need not wait for Plaintiff to serve (or now, re-serve) discovery requests to produce documents that it may use to support its claims or defenses. *See* Rule 26(a)(1)(A)(ii). Walmart is under a continuing obligation to supplement its initial disclosures,

which entails supplemental document productions. Plaintiff cites no authority for his assumption that he may prevent Walmart from producing documents that Walmart believes should be produced by withdrawing his Rule 34 requests for production. *See* Dkt No. 70.

In sum, Plaintiff's various issues with Walmart's July 18th document production are each unfounded. Walmart provided an ordinary, compliant supplemental document production to Plaintiff, as it intended to continue doing before the Court entered a stay. The Court should ignore Plaintiff's attempt to reframe his frustration with the substantive content of the documents as violations of procedural rules that do not exist.

### E. Walmart will supplement its responses to Plaintiff's interrogatories when the Court lifts the discovery stay, if necessary.

It is unclear if Plaintiff intends refile his struck motion to compel related to Walmart's responses to his interrogatories. *See* Dkt. No. 75; Dkt. No 79. In any event, Walmart has already committed to Plaintiff and this Court that it will supplement its responses to the at-issue interrogatories, and Walmart was preparing to do so when the Court stayed discovery. *See* Dkt. No. 75 (struck motion to compel seeking responses to interrogatories related to the Bowman Email); Dkt. No. 99 (entering stay). With that said, Walmart maintains that the at-issue interrogatories are fundamentally confusing and improper discovery requests. *See* Dkt. No. 88 at 2–4 (citing *Williams v. Magnolia Café*, No. 18-1020-EWD, 2020 WL 8513837, at *6–7 (M.D. La. Sept. 29, 2020) ("Plaintiff's requests to Defendants to give a sworn statement and/or oath attesting to the accuracy and genuineness of a third party's signature are not requests properly made to Defendants via interrogatory, but rather, should be posed to an expert and/or should be posed during an oral deposition of the signatory to the documents in question.")).

\* \* \* \*

Walmart looks forward to resolving the above issues put before the Court by Plaintiff at an in-person hearing. Following the hearing, Walmart respectfully requests the Court reject each of Plaintiff's unfounded procedural complaints and refocus this litigation on the merits of Plaintiff's claims and Walmart's defenses. As it stands, Plaintiff's constant stream of frivolous motion practice impedes a meaningful, efficient exchange of discovery and threatens to derail an expedient resolution of this case altogether.

Dated: August 13, 2025

Respectfully submitted,

*/s/ Peter S. Wahby*
**Peter S. Wahby**
Texas Bar No. 24011171
peter.wahby@gtlaw.com
**Morgan E. Jones**
Texas Bar No. 24132301
morgan.jones@gtlaw.com
**Holmes H. Hampton**
Texas Bar No. 24144019
holmes.hampton@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Ave., Suite 5200
Dallas, Texas 75201
Telephone: 214.665.3600

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all parties of record via the Court's e-filing system on August 13, 2025.

*/s/ Holmes H. Hampton*
Holmes H. Hampton