

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | § § § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| DILIP JANA | § | |
| *Plaintiff,* | § § | |
| v. | § § | |
| WALMART, INC., | § § | |
| *Defendant.* | § § | |



## Plaintiff's Discovery-Issues Brief
### (Pursuant to the Court's Order, Dkt 99)

Pursuant to the Court's Order dated July 30, 2025 (Dkt. 99), Plaintiff Dr. Dilip Jana respectfully submits this brief. Without waiving any rights or objections, Plaintiff is available for an in-person hearing on any date the Court prefers between **October 1 and October 10, 2025**, at any time convenient to the Court.

### Non-Waiver and Mandamus Preservation

Plaintiff submits this brief solely to comply with the Court's directive pursuant to Dkt 99. This submission is **without prejudice** to, and **does not waive**, Plaintiff's right to seek or obtain relief from the United States Court of Appeals for the Fifth Circuit by mandamus or otherwise—including relief directed to Dkts. 91, 92, 93 and 98. Nothing herein should be construed as acquiescence in prior rulings or as forfeiture of any appellate or mandamus arguments.

## A. Plaintiff's Motions Are Meritorious—and Offer Fast, Stay-Compliant Resolutions

Plaintiff's recent filings are not "volume for volume's sake"; they are **narrow, rule-driven gatekeeping motions** that the Court can grant **quickly on the existing record**. Each motion targets a discrete, threshold defect and proposes a **short-fuse, self-executing** remedy that **does not reopen discovery**. From August 2024 through June 27, 2025, Plaintiff filed only three motions, reserving judicial intervention. The recent filings target five discrete, threshold defects:

1. Unsigned, untethered productions. The June 9 and July 18 dumps were served without Rule 26(g) certification, not mapped to any request or Rule 26(a)(1) category, and lacked privilege logs/designations

2. Interrogatories: objections only. Walmart's April 28, 2025 responses were boilerplate objections that refused to answer—even to narrow yes/no questions central to authenticity/spoliation (see Dkt. 75-1). On June 11, 2025, Walmart admitted in writing it "did not provide answers" in light of its objections.

3. Overbroad secrecy with no process. Walmart invoked the Protective Order and privilege to block discovery (see Dkts. 101, 80) while providing no designations, no privilege log, and no cure when challenged.

4. Reply sandbagging. Walmart injected new evidence/arguments in reply and obtained relief without affording Plaintiff a response, contrary to Local Rule CV-7(f).

5. Asymmetric conferral. CV-7(i) was misapplied to relax Walmart's duties while tightening Plaintiff's, the opposite of even-handed enforcement.

**For the Record**

- Initial disclosures: Walmart produced ZERO documents (see Dkt. 70-1 at PageID 1069–1073).
- Rule 34 RFP: Walmart produced ZERO documents (see Dkt. 62-2, PageID 851–865).
- Interrogatories: Responses were objections-only (see Dkt. 72-1, PageID 1128–1150), and on June 11, 2025, Walmart confirmed it did not provide answers to the Interrogatories in light of its objections.

## B. Rule 26(a)(1) Failures and Rule 37(c)(1) Exclusion — *Itamar* Can't Supplant the Federal Rules

Law: Rule 26(g) SIGNING DISCLOSURES AND DISCOVERY REQUESTS, RESPONSES, AND OBJECTIONS.

(1) *Signature Required; Effect of Signature.* **Every** disclosure under Rule 26(a)(1) or (a)(3) and **every discovery request, response, or objection** must be signed by at least one attorney of record….

(2) *Failure to Sign.* Other **parties have no duty to act on an unsigned** disclosure, request, **response**, or **objection** until it is signed, and the **court must strike it** unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

**The governing law is the Rule's text.** Plaintiff does **not** need case law to "override" the Federal Rules—Rule **26(g)** itself has the force of law. That ends the inquiry. There is no carve-out for "supplementals," no retroactive certification doctrine, and no exception for paralegal-sent dumps.

**Rule 26(a)(1) + Rule 37(c)(1).** Separately, Rule **26(a)(1)(A)(ii)** requires disclosure of documents a party **may use** to support its case. If that required information was not provided as Rule 26(a) demands, Rule **37(c)(1)** makes **exclusion** the default—no use "on a motion, at a hearing, or at trial" unless the failure was substantially justified or harmless.

**The record here:** Plaintiff timely objected that Walmart's initial disclosures were incomplete/evasive (See Dkts. 62, 70-1). Walmart then served **orphaned transmissions**—an **unsigned** June 9 dump later rebranded in reply as a "supplemental disclosure," and an **unsigned** July 18 link—both leveraged to argue "mootness," with **no** contemporaneous 26(g) signature, **no request/disclosure mapping**, and **no** privilege log.

***Itamar* is non-binding and inapposite.** *Itamar* did not rewrite Rule 26(g); it addressed productions made **within** already-signed discovery responses and treated those as covered by the existing signature. That is not this case. Even on its own terms, *Itamar* is distinguishable. The court there treated productions made **within** already-signed discovery **responses** as covered by the existing signature. Here, Walmart served **orphaned transmissions**—rebranded after the fact as "supplemental disclosures"—with **no contemporaneous 26(g) signature, no request/disclosure mapping**, and **no privilege log**, then sought to use them tactically. A prior signature on different papers does not retro-certify a later, separate **disclosure**. See the Rule's plain text: "**Every disclosure … must be signed.**" Likewise, persuasive guidance (e.g., Sedona Principles) cannot displace the Federal Rules.

**Requested, stay-compliant relief.**

- Enter a **short-fuse Strike-or-Certify (7 days)** order for the June 9 and July 18 sets, specifying Rule 26(g) certification content (custodians, collection/search, withholding, request/disclosure mapping).

- Impose **immediate preclusion** under Rule 37(c)(1) unless and until a compliant 26(g) certification is filed.

- **Only cure path = certification.** The **only** avenue to lift preclusion is a timely, compliant **Rule 26(g) certification and show** substantial justification or harmlessness. Absent that, the sets remain **stricken and precluded**; persistent noncompliance leads to **default**.

**This is docket housekeeping, not discovery expansion.**

### C. Misapplication of CV-7(i): Selective Enforcement that Contravenes FRCP 26(c)(1) and Supreme Court Pro-Se Precedent

The Supreme Court has made this plain: pro se filings must be construed liberally and held to less stringent standards—courts should reasonably read them despite imperfect citation, syntax, or unfamiliarity with rules. See Haines v. Kerner, 404 U.S. 519; Estelle v. Gamble, 429 U.S. 97, 106; Boag v. MacDougall, 454 U.S. 364; Conley v. Gibson, 355 U.S. 41, 45–46. Local Rule CV-7(i) exists to *ease* burdens on unrepresented parties, ***not to exempt*** a represented adversary from Rule 26(c)(1)'s mandatory good-faith conferral. That is selective enforcement. Federal Rule 26(c)(1) requires every protective-order movant to certify a good-faith conferral, and Rule 83(a)(1) forbids any local practice that nullifies a Federal Rule; see Colgrove v. Battin, 413 U.S. 149, 161 n.18, and In re Adams, 734 F.2d 1094, 1099 (5th Cir. 1984). By exempting Walmart from Rule 26(c)(1) while tightening requirements on a pro se opponent, the Court created a one-way ratchet that conflicts with Rule 1's mandate of "just" proceedings and fosters the appearance of bias condemned in In re Murchison, 349 U.S. 133, 136, and United States v. Jordan, 49 F.3d 152, 156 (5th Cir. 1995). By invoking CV-7(i) to excuse Walmart's lack of conferral while striking (Dkt 79) Plaintiff's motion (Dkt 75) for not conducting a "personal conference," **Dkt. 79 and 98** inverted that protection—**weaponizing** a *pro-se*

accommodation *against* the *pro-se* litigant. This unequal application of identical rules warrants corrective relief and reassignment to ensure even-handed administration going forward.

### D. In-Camera Review: Walmart Asked for It—Plaintiff Now Invokes It

Walmart itself invited in-camera scrutiny (Dkt. 63, PageID 870):

> *"To the extent the Court deems it necessary to evaluate the confidentiality of any of the documents currently at issue before entering a protective order, Walmart respectfully requests that the Court conduct an in camera review of the documents."*.

Plaintiff's forensic review shows (i) **uniform October 20, 2024** modification timestamps on multiple attachments; and (ii) **absence of standard routing headers** in the native (**Headers → Received: False; X-Received: False**), consistent with a file that **was never transmitted through a mail server** but later **repackaged**. This is a **Rule-of-Law gatekeeping flaw, not a merits dispute**.( See Dkt 101).

Walmart bears the burden to establish the applicability of the confidentiality, **attorney-client privilege or work product doctrine**. *EEOC v. BDO USA, LLP*, 876 F.3d 690, 695 (5th Cir. 2017).

Consistent with Rule 1's mandate for a just, speedy, and inexpensive resolution, Plaintiff respectfully asks the Court to conduct a brief, chambers-only review of the original chain-of-custody email from Wendy Bowman and the versions identified as Exhibits 1 and 2 to the Complaint (native .eml/.msg with full headers). Plaintiff will lodge under seal the July 18 native he already possesses; no new exports should be allowed. This court-managed check takes minutes, requires no discovery expansion.

**Consequence:** Mismatch, non-attestation, or inadequate explanation → strike and preclude the July 18 set under Rules 26(g)(2) and 37(c)(1), with escalation to terminating sanctions for willful noncompliance.

## Conclusion

Applying **Rule 1** and the text of **Rules 26(g)** and **37(c)(1)**, the Court should enter simple, stay-compliant gatekeeping relief: **preclude** any reliance on the June 9 and July 18 sets now; require a Rule 26(g) certification within 7 days. A brief in-camera review of the Complaint's Exhibits 1–2 will ensure the record's integrity without reopening discovery.

Dated: August 13, 2025

Respectfully Submitted,

_____
DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On August 13, 2025, a true and correct copy of the foregoing was served upon the following through the Court's CM/ECF system:

| | | |
|---|---|---|
| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.

Dated: August 13, 2025

Respectfully Submitted

*/s/ Dilip Kumar Jana*

Dilip Jana, pro se Plaintiff
Tel: 318-243-9743
EMail: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002