# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN THE MATTER OF:<br><br>DILIP JANA<br>　*Plaintiff,*<br><br>v.<br><br>WALMART, INC.,<br>　*Defendant.* | §§§§§§§§§§§ Civil Action No. 4:24-cv-00698-SDJ-BD |



**FILED**
AUG 1 5 2025
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

---

### PLAINTIFF'S MOTION FOR IMMEDIATE DECISION ON DKT. 94

**Pro Se** Plaintiff, Dr. Dilip Jana, respectfully moves for an immediate ruling on Dkt. 94 (Plaintiff's Motion to Strike Walmart's July 18, 2025 Production and for Sanctions for Violation of Protective Order). The relief sought is administrative gatekeeping—enforcement of Fed. R. Civ. P. 26(g)/37(c)(1) and the Protective Order (Dkt. 67) as applied to Walmart's July 18, 2025 transmission. This motion requests no discovery expansion and is fully consistent with Dkt. 99. It can and should be decided now, on the papers, under Rule 1's mandate for a "just, speedy, and inexpensive determination."

### Non-Waiver and Mandamus Preservation

This filing is **without prejudice** to, and does **not** waive, Plaintiff's right to seek mandamus or other relief in the Fifth Circuit, including as to **Dkts. 91, 92, 93, and 98**. Nothing herein constitutes acquiescence in prior rulings or forfeits any appellate arguments.

## A. Procedural Posture & Narrow Question Presented

This motion presents a narrow, Dkt 99 stay-compliant gatekeeping question: What is the required consequence under Rule 26(g)(2) when

(i) a party serves a document transmission while no Rule 34 requests are pending (See Dkt 78);

(ii) Plaintiff had already objected under Rule 26(a)(1)(A)(ii) to Walmart's April 7 initial disclosures (Dkt 70, Exhibit A-1) producing zero documents and preserved an objection to any future "supplemental" initial disclosures (See Dkts. 62, 70)

(iii) the transmission does not identify whether it is a Rule 26(a)(1) disclosure, a Rule 26(e) supplementation, or a Rule 34 response;(See Exhibit A-1 (Jana Decl.)) and

(iv) the transmission bears no attorney Rule 26(g) signature and no prompt signature is supplied after the omission is called to counsel's attention multiple times? (See Exhibit A-1 (Jana Decl.))

The issue is ministerial and can be resolved on the papers.

## B. July 18, 2025 Email Transmission (No Rule 26(g) Signature)

On July 18, 2025, Plaintiff received an email from Christina DeLeon, a paralegal at Greenberg Traurig, transmitting a password-protected hyperlink to Walmart's purported "Supplemental production." The materials were served by email. No attorney Rule 26(g)(1) signature or certification appears on the transmittal or anywhere within the .zip contents. Walmart did not identify whether the materials were served as Rule 26(a)(1) disclosures, Rule 26(e) supplementation, or Rule 34

responses. A true and correct copy of the email appears at Dkt. 96-1 (PageID 1404–05). See also attached Exhibit A-1 (Jana Decl.).

### C. .zip Contents (No Certification, No Privilege Log, No Mapping)

On July 28, 2025, after downloading the .zip exactly as provided through the July 18 hyperlink, Plaintiff captured a screenshot of the top-level directory and embedded it in a follow-up email to defense counsel on August 4, 2025 (Dkt. 101-1, PageID 1446–48; p. 5 at PageID 1447). The embedded image is a fair and accurate representation of what was observed in the .zip directory at the time; Plaintiff has not altered the image. The screenshot reflects only document files (PDF/MSG/XLSX/EML) and does not include:

(a) any attorney-signed cover letter or Rule 26(g) certification;

(b) any Rule 26(b)(5)(A) privilege log; or

(c) any cover communication mapping the production to a Rule 26(a)(1) category, a Rule 26(e) supplementation, or a specific Rule 34 request. See Exhibit A-1 (Jana Decl.).

### D. Plaintiff's Notices and Walmart's Failure to Cure

Plaintiff repeatedly called out the missing Rule 26(g) signature and requested clarification of the basis/scope:

- July 21, 2025 — Dkt. 87-1 & email (PageID 1310): Notified the absence of a Rule 26(g) signature; asked what was "basis and scope of this production, including identification of the

applicable discovery request or disclosure category, and whether Walmart designates any of these documents as confidential or subject to the Protective Order currently in effect."

- July 24, 2025 — Dkt. 94-1 (PageID 1375): Again identified the defect and requested answers to four specific questions (basis/scope; request/disclosure; confidentiality; missing Rule 26(g) signature). See Exhibit A-1 (Jana Decl.)
- July 28, 2025 — Dkt. 96: Plaintiff's Supplemental Notice Regarding July 18, 2025 Production (Related to Dkt. 87)
- August 4, 2025 — Dkt. 101 & email (PageID 1446): Third written reminder requesting identification and certification.See Exhibit A-1 (Jana Decl.)

As of August 14, 2025, Walmart has not identified the basis or scope of its July 18 transmission and has not supplied an attorney Rule 26(g)-compliant signature. Rule 26(g)(2) states: "other parties have no duty to act on an unsigned disclosure, request, response, or objection," and "the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention."

### E. Classification of the July 18 Transmission; Consequence Under Rules 26(g)(2) and 37(c)(1)

Walmart served its July 18, 2025 transmission as a "Supplemental production" without identifying the governing category—Rule 26(a)(1) disclosure, Rule 26(e) supplementation, or Rule 34 response—and without a Rule 26(g) attorney signature. Plaintiff repeatedly asked Walmart to identify the basis and to supply the required certification; none was provided (Dkts. 87, 96, 101).

1. **Duty to Identify Rests with the Serving Party—No Guesswork by Plaintiff or the Court.**

   It is not Plaintiff's or the Court's role to reverse-engineer what Walmart's July 18 transmission was supposed to be. The Federal Rules place that burden on the serving party: initial disclosures must identify documents by category and location (Rule 26(a)(1)(A)(ii)); any supplementation must be made under Rule 26(e); and every such disclosure/response must carry counsel's Rule 26(g) signature certifying a reasonable inquiry. Walmart deliberately avoided identifying the governing category despite repeated requests (Dkts. 84, 87, 96, 101). As a neutral adjudicator, the Court should hold Walmart to those obligations: either (a) treat the July 18 set as a Rule 26(a)/(e) submission and apply Rule 26(g)(2)'s mandatory consequence (no prompt signature → strike), or (b) treat it as an extra-rule "courtesy" dump that fails Rule 26(a)/(e), triggering Rule 37(c)(1) preclusion. Strategic ambiguity cannot defeat the Federal Rules' mandatory text.

2. **It cannot be Rule 34.** Plaintiff **withdrew all Rule 34 RFPs on July 11, 2025** (Dkt. 78). Walmart therefore cannot characterize the July 18 transmission as a Rule 34 response.

3. If it is a Rule 26(a)(1) disclosure or a Rule 26(e) supplementation, Rule 26(g) applies.

   Rule 26(g) requires an attorney's signature on "every disclosure" and on any discovery "response," and mandates: other parties have no duty to act on an unsigned submission, and "the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention." Plaintiff called out the omission on July 21, July 24, and August 4, 2025; as of August 14, 2025, no attorney signature was supplied. The Rule's predicate is met.

4. If the Court treats July 18 as an "informal" or "courtesy" dump outside Rule 26(a)/(e), Rule 37(c)(1) preclusion follows.

   A party that fails to provide information as required by Rule 26(a) or (e) "is not allowed to use that information" on a motion, at a hearing, or at trial unless the failure was substantially justified or harmless. An unlabeled "courtesy" transmission is, by definition, not a Rule 26(a)/(e) disclosure/supplementation and thus not usable absent a justified/harmless showing.

5. **Walmart's own label points to Rule 26(e).**

   By calling the set a "Supplemental production," Walmart represented that it was supplementing existing disclosures/responses—i.e., operating within Rule 26(e)—which squarely triggers Rule 26(g)'s signature requirement and the "must strike unless promptly supplied" consequence.

6. **Predicate Rule 26(a)(1)(A)(ii) defects compel treating July 18 as a Rule 26(e) supplementation (or else trigger Rule 37(c)(1) preclusion).**

   Walmart's April 7 initial disclosures (Dkt 70, Exhibit A-1) produced zero documents and failed to identify by category and location the documents it may use to support its claims or defenses, contrary to Rule 26(a)(1)(A)(ii); Plaintiff objected and preserved that defect in Dkts. 62 and 70. Against that backdrop, any later "supplemental production" necessarily purports to cure the initial-disclosure failure and thus functions as a Rule 26(e) supplementation—squarely subject to Rule 26(g)'s signature requirement. If Walmart insists the July 18 set was merely an extra-rule "courtesy" dump and not a Rule 26(a)/(e) disclosure/supplementation, then by definition Walmart still has not provided the information "as required by Rule 26(a) or (e)," and Rule 37(c)(1) preclusion applies.

---

Plaintiff is respectfully writing the plain text of the LAW:

Rule 26(g) SIGNING DISCLOSURES AND DISCOVERY REQUESTS, RESPONSES, AND OBJECTIONS.

>   *(1) Signature Required; Effect of Signature.* **<u>Every</u> disclosure** under Rule 26(a)(1) or (a)(3) and ***every discovery request, response,*** or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number…..
>
>   *(2) Failure to Sign. Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the <u>court must strike it</u> unless a signature is promptly supplied **after the omission is called to the attorney's or party's attention**.*

### F. Judicial Waiver / No Opposition by Order (Dkts. 85 & 99) — Immediate Paper Ruling Is Appropriate Under Rule 1

Walmart affirmatively sought relief "excusing Walmart from any obligation to respond to all pending and future filings by Plaintiff" (Dkt. 85), and the Court's subsequent order (Dkt. 99) stayed discovery, set an October window to streamline disputes, and directed a response only to Dkt. 90 within 14 days (which Walmart filed and did not oppose). No order requires or authorizes opposition to Dkt. 94, and Walmart is already excused from briefing Plaintiff's filings. There is therefore no opposition due on Dkt. 94 and no adversarial briefing to await. Resolving Dkt. 94 now is squarely stay-compliant and advances Rule 1's mandate for a "just, speedy, and inexpensive" determination. It enforces existing law—Rule 26(g)/37(c)(1) and the Protective Order's text—on an already-served transmission and reduces the October burden.

## G. Protective Order Mechanics (Dkt. 66)

The Protective Order (Dkt. 66) protects only what was conspicuously designated at production (or properly re-produced with legends after a particularized inadvertent-failure notice) and excludes materials already in the public domain. The July 18 transmission arrived with no contemporaneous legends, no designation log, no cover letter mapping or designating, and no cure. At least one file stamped "CONFIDENTIAL" duplicates a Complaint exhibit already on PACER, which cannot be confidential by rule (see Dkt. 101). A short administrative ruling enforcing these mechanics will prevent serial motion practice over use and confidentiality.

## H. Dkt. 99 Compliance

Dkt. 99 stayed discovery and set an October window to streamline disputes while directing targeted, on-the-papers activity (including a 14-day response to Dkt. 90). Deciding Dkt. 94 now does not conflict with that framework: it enforces existing rules during the stay—Rule 26(g)/37(c)(1) and the text of the Protective Order—and reduces the October burden. No new discovery is sought or required. Critically, the July 18 transmission that Walmart labeled a "supplemental production" remains untethered to any discovery obligation. Despite Plaintiff's written requests on July 21,2025 July 24, 2025 and August 4, 2025, Walmart did not identify whether the transmission purported to satisfy Rule 26(a)(1) initial disclosures, Rule 26(e) supplementation, or any Rule 34 request (see Dkt. 96-2, PageID 1408; Dkt. 101-1). Because the transmission lacks a Rule 26(g) certification and was never tied to a proper discovery vehicle, this is a gatekeeping issue, not a live "discovery dispute" that requires a hearing. The Court can resolve it on the papers now.

## I. CV-7(i) Cannot Override Rule 26(g)(2) or Excuse Noncompliance with the Federal Rules

Local Rule CV-7(i) is a pre-motion conference accommodation; it does not—and under Rule 83(a)(1) cannot—nullify the Federal Rules. Rule 26(g)(2) imposes a mandatory consequence once the absence of an attorney signature is called to the attorney's or party's attention: "the court must strike it unless a signature is promptly supplied." That duty is independent of any conferral practice. Here, the predicate was satisfied on the docket—apart from email—by Plaintiff's filed notices (Dkts. 87, 96, 101). Weeks then passed with no attorney Rule 26(g) signature.

Plaintiff also preserves his showing that CV-7(i) has been applied in a manner that eases burdens on a represented party while tightening technical demands on a pro se litigant. Pro se filings must be construed liberally and held to less stringent standards. See *Haines v. Kerner*, 404 U.S. 519; *Estelle v. Gamble*, 429 U.S. 97, 106; *Boag v. MacDougall*, 454 U.S. 364; *Conley v. Gibson*, 355 U.S. 41, 45–46. And Rule 26(c)(1) requires a protective-order movant to certify a good-faith conferral; no local practice may be read to exempt a represented adversary from that federal certification or to penalize a pro se opponent for not navigating an extra, judge-made requirement. See Rule 83(a)(1); *Colgrove v. Battin*, 413 U.S. 149, 161 n.18; *In re Adams*, 734 F.2d 1094, 1099 (5th Cir. 1984).

Whatever role CV-7(i) played in prior rulings (including striking Dkt. 75 as "premature"), it cannot supply an off-ramp from Rule 26(g)(2) here. Walmart chose not to identify whether its July 18 transmission was a Rule 26(a)(1) disclosure, a Rule 26(e) supplementation, or a Rule 34 response, and chose not to supply an attorney Rule 26(g) signature after repeated notice. Strategic ambiguity

cannot defeat the Federal Rules. On this record, the Rule's mandatory text controls and Dkt. 94 should be resolved on the papers.

## J. Recent Procedural Handling; Immediate Paper Ruling Under Rule 1

After Walmart's Reply (Dkt. 65) newly invoked an unsolicited, uncertified June 9 production and asked the Court to treat it as a "supplemental disclosure," the Court granted Walmart's Second Motion for Protective Order (Dkt. 63) in Dkt. 66 without awaiting any sur-reply, notwithstanding Local Rule CV-7(f)'s bar on new matter in reply. Plaintiff's Motion to Compel and for in camera review (Dkt. 75)—limited to four interrogatories and a narrow chambers inspection of Exhibit 2—was struck as "premature" in Dkt. 79 within roughly 24 hours of filing, after Walmart labeled it "premature" in Dkt. 76. Plaintiff maintains Dkt. 75 was ripe when filed; in any event, these orders show the Court resolves threshold discovery-management issues by short written rulings on the papers when appropriate. There is no procedural impediment to deciding Dkt. 94 the same way now.

Dkt. 94 presents an even simpler gatekeeping question that fits Rule 1's mandate for a "just, speedy, and inexpensive" determination and requires no live testimony, discovery reopening, or hearing: (i) enforcement of Rule 26(g)/37(c)(1) for an unsigned, paralegal-sent July 18 transmission that was not promptly cured after notice; and (ii) straightforward Protective Order (Dkt. 66) mechanics (designation at production or proper cure; exclusion of public-domain materials). Dkt. 94 is ripe for decision on the papers now. Further delay would invite serial motion practice over use and confidentiality—precisely the inefficiency Rule 1 counsels against. The Court should apply the same efficiency here and enter a paper order: strike the July 18 set unless and until a compliant Rule 26(g) certification is filed, and enforce the Protective Order's text by treating any item not

contemporaneously designated (or properly cured) or already public on the docket as non-confidential.

### K. Prior June 9 Production Underscores the Need for Explicit Rule 26(g)(2) Enforcement Now

On June 3, 2025, Walmart filed its Second Motion for Protective Order (Dkt. 63). Plaintiff responded on June 18 (Dkt. 64); Walmart replied on June 25 (Dkt. 65). In the midst of that briefing, on June 9, Walmart transmitted an unsolicited document batch without identifying the governing discovery category and without any Rule 26(g) attorney certification. On June 10, Plaintiff notified defense counsel of the missing Rule 26(g) signature and asked for clarification, including: "Was a Rule 26(g) certification served with the June 9, 2025 production? If not, please explain why." (Dkt. 65-3, PageID 1018).

Walmart first invoked the June 9 set in its Reply (Dkt. 65), asking the Court to treat it as a "supplemental disclosure." The Court then granted Walmart's Second Motion for Protective Order in Dkt. 66, noting: "And although Walmart has yet to serve its privilege log, it is in the process of doing so. See Dkt. 65 at 5." As of the date of this filing, no privilege log has been served. More importantly, Rule 26(g)(2)'s mandatory consequence was not applied to the June 9 transmission even though the absence of a signature had been called to counsel's attention (Dkt. 65-3, PageID 1018). The Rule's text is unambiguous: "the court must strike it unless a signature is promptly supplied."

The same defect recurs with the July 18 transmission: Plaintiff filed multiple notices—Dkts. 87, 96, 101—documenting Rule 26(g) noncompliance and Walmart's refusal to identify whether the set was a Rule 26(a)(1) disclosure, a Rule 26(e) supplementation, or a Rule 34 response. No prompt signature

followed. This history demonstrates why the Court should make explicit findings here (notice dates; no prompt cure) and apply Rule 26(g)(2) <u>as written</u> to prevent further uncertified, category-less productions from entering the case by accretion. **The governing law is the Rule 26(g)'s text.** Plaintiff does **not** need case law to "override" the Federal Rules—Rule **26(g)** itself has the force of law. That ends the inquiry. There is no carve-out for "supplementals," no retroactive certification doctrine, and no exception for paralegal-sent dumps.

## Relief Requested

Plaintiff respectfully requests a short **written order on the papers** granting **Dkt. 94** and providing the following relief:

1. **Strike.**

   The **July 18, 2025 transmission** (the "July 18 set") is **STRICKEN IN FULL** pursuant to Rule **26(g)(2)**.

2. **Preclusion.**

   Walmart and its counsel are **PRECLUDED** from citing, relying upon, or using any material from the stricken July 18 set for any purpose in this case, including motions, hearings, discovery proceedings, and trial.

3. **Confidentiality cleanup (Protective Order mechanics).**

   Because the July 18 set is stricken, any "CONFIDENTIAL" (or similar) legends purporting to cover materials within that transmission are **VACATED as to that stricken set**. Items that

duplicate materials already on the public docket remain **non-confidential** under the Protective Order's public-domain carve-out (Dkt. 66).

4. **Administrative, stay-compliant ruling.**

    The ruling is **administrative and stay-compliant** under **Dkt. 99**; it **does not reopen discovery** and **does not waive** any party's other rights, objections, or privileges.

5. Sanctions and expenses (pro se; no attorney's fees).

Given Walmart's unsigned transmission and non-cure after repeated notice—which forced Plaintiff, a **pro se** litigant, to prepare and file numerous notices and motion papers in July–August 2025—the Court should impose sanctions calibrated to deter repeat violations and to compensate for documented burden:

**(a) Deterrent monetary sanction (payable to the Clerk).** Impose a **monetary sanction payable to the Clerk of Court** in an amount sufficient to deter future noncompliance, taking into account Walmart's resources and the documented burden caused by the July 18 defect and the ensuing filings.

**(b) Compensatory measure for pro se time (as an expense other than attorney's fees).** To the extent permitted under **Rule 37** and/or the Court's **inherent authority**, award a **modest compensatory amount** reflecting Plaintiff's documented time spent addressing the July 18 defect (including Dkts. 68, 69, 70, 74, 78, 84, 87, 90, 94, 95, 96, 101), calculated at **Plaintiff's last hourly rate while employed by Walmart** (or, in the alternative, a reasonable **paralegal rate** in this District). Within **14 days**, Plaintiff will file a sworn **time ledger** identifying date,

task, and hours attributable to the July 18 defect and this motion. The Court may fix the amount on the papers **without further briefing unless otherwise ordered**.

6. **Future procedure.**

Any **future request** by Walmart for protection or to use any different production must be brought by a **noticed motion** under **Rule 26(c)(1)** with a **good-faith conferral certification**, **not** by unilateral re-transmission.

**Alternative (if the Court prefers a short cure window rather than immediate striking):**

7. **Seven-day cure with teeth; preclusion until cure.**

Within **7 days**, Walmart must:

(a) file a **Rule 26(g)(1)** certification by **lead counsel**, after a **reasonable inquiry**, certifying that the July 18 set is **complete and correct as of July 18, 2025**;

(b) **identify the governing category** for the July 18 set (Rule **26(a)(1)** disclosure or **26(e)** supplementation, or Rule 34 RFP) and **map** the production by category to that rule (and to any specific request, if applicable);

(c) **re-serve** the set in **native format** with full **metadata** and **Bates** numbering;

(d) serve a **Rule 26(b)(5)(A) privilege log** for any withheld/redacted items; and

(e) provide a **SHA-256 hash ledger** for each file and a **modification chronology** (who/what/when) for any post-collection alterations; and

(f) **pay Plaintiff's reasonable expenses** caused by the defective service and required re-review.

**Preclusion remains in effect** until the Court confirms full compliance.

8. **Enforcement.**

   If Walmart fails to meet any part of paragraph 7, Walmart shall **show cause** why sanctions up to and including those authorized by **Rule 37(b)(2)(A)(ii)–(vii)** (evidence preclusion, adverse inference, monetary sanctions, or **terminating sanctions**) should not issue.

9. **Compliance declaration.**

   Within **7 days**, Walmart's **lead counsel** must file a short declaration describing the **Rule 26(g)** review procedures Walmart will use going forward in this case.

10. **Such other and further relief** as the Court deems just and proper.

Dated: August 15, 2025

Respectfully Submitted,

*[signature]*

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On August 15, 2025, a true and correct copy of the foregoing was served upon the following through the Court's CM/ECF system:

| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
|---|---|---|
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.

Dated: August 15, 2025

Respectfully Submitted

*[signature: Dilip Kumar Jana]*

Dilip Jana, pro se Plaintiff
Tel: 318-243-9743
EMail: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002