# Exhibit A-1

Jana Decl.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | § § | |
| DILIP JANA | § § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| *Plaintiff,* | § § | |
| v. | § § | |
| WALMART, INC., | § § | |
| *Defendant.* | § § | |

## Declaration of Dr. Dilip Jana Regarding Walmart's July 18, 2025 EMail Transmission and .zip Contents

*(Submitted pursuant to 28 U.S.C. § 1746 in support of Plaintiff's Motion for Immediate Decision on Dkt 94)*

Pursuant to 28 U.S.C. § 1746, I, Dr. Dilip Jana, the undersigned, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1. **Identity.** I am the Plaintiff. I make this declaration from personal knowledge. If called, I could testify competently to these facts.

2. **Purpose**. I submit this declaration to authenticate the record materials and to confirm that Walmart's July 18, 2025 transmission and the corresponding .zip contents lacked any Rule 26(g) attorney signature/certification, privilege log, or request/disclosure mapping.

3. **July 18, 2025 Email Transmission (No Rule 26(g) Signature)**

   On July 18, 2025, I received an email from Christina DeLeon, a **paralegal** at Greenberg Traurig, transmitting a password-protected hyperlink to Walmart's purported "Supplemental production." The materials were served by email. No attorney Rule 26(g)(1) signature or certification appears on the transmittal or anywhere within the .zip contents. Walmart did not identify whether the materials were served as Rule 26(a)(1) disclosures, Rule 26(e) supplementation, or Rule 34 responses. A true and correct copy of the email appears at **Dkt. 96-1 (PageID 1404–05)**, with sensitive information removed for public filing.

4. **zip contents (no certification, no privilege log, no mapping).**

   On July 28, 2025 after downloading the .zip exactly as provided through the July 18 hyperlink, I captured a **screenshot of the top-level directory**. I embedded that screenshot into my follow-up email to Walmart counsel on August 4, 2025 (Dkt 101-1, PageID 1446-1448). A true and correct copy of that email—showing the embedded screenshot—is at Dkt. 101-1, p. 5 (PageID 1447). The embedded image is a fair and accurate representation of what I observed in the .zip directory at the time. I have not altered the image.

   The embedded image contained only document files (PDF/MSG/XLSX/EML) and **did not** include:

   (a) any attorney-signed cover letter or **Rule 26(g)** certification;

   (b) any **Rule 26(b)(5)(A)** privilege log; or

(c) any cover communication mapping the production to a **Rule 26(a)(1)** category, a **Rule 26(e)** supplementation, or a specific **Rule 34** request.

5. **Plaintiff's Notices and Walmart's Failure to Cure**

   On **July 21, 2025 ( Dkt 87-1, PageID 1310)** I emailed Walmart counsel notifying lack of Rule 26(g) Signature in July 18, 2025 production:

   *"Please clarify the basis and scope of this production, including identification of the applicable discovery request or disclosure category, and whether Walmart designates any of these documents as confidential or subject to the Protective Order currently in effect. I also note that the production lacks a Rule 26(g)-compliant signature or certification."*

   On **July 24, 2025**, **(Dkt 96-2, PageID 1408)** I reminded defense counsel again that Walmart's July 18 production "does not satisfy Walmart's obligations under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26(g)(1)(A); 34(b)(2)(B); and 37(a)(4)". Here is the email except from July 24, 2025 email.

   *Respectfully, I reiterate that I requested specific clarification on July 21,2025, regarding Walmart's July 18 production. To date, neither you nor Mr. Wahby has answered the questions I raised in that message, namely:*

   *1. What is the basis and scope of the July 18 production?*
   *2. Which discovery request(s) or disclosure obligation(s) does it purport to fulfill?*
   *3. Are any documents designated as confidential or subject to the Protective Order?*
   *4. Why was the production served without a Rule 26(g)-compliant signature or certification by counsel?*

   *These are not technical access issues they are core procedural and legal questions directly relevant to the production's validity and admissibility. The mere act of sending a file-sharing link, even with a password, does not satisfy Walmart's obligations under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26(g)(1)(A); 34(b)(2)(B); and 37(a)(4).*

   On **August 4, 2025**, **(Dkt 101-1, PageID 1446)** I reminded Walmart counsel again,

*"Respectfully, I reiterate that I requested specific clarification on July 21, 2025 and July 24, 2025, regarding Walmart's July 18, 2025 production. To date, neither you nor Ms. Morgan or Mr. Holmes has responded to the following questions:*

*1. What is the basis and scope of the July 18 production?*

*2. Which discovery request(s) or disclosure obligation(s) does it purport to fulfill?*

*3. Are any documents designated as confidential or subject to the Protective Order?*

*4. Why was the production served without a Rule 26(g)-compliant signature or certification by counsel?"*

As of the date of this declaration, Walmart has not identified the basis or scope of its July 18, 2025 transmission—i.e., whether it was served as Rule 26(a)(1) disclosures, Rule 26(e) supplementation, or Rule 34 responses—and has not supplied an attorney Rule 26(g)–compliant signature for that set, despite my calling the omission to counsel's attention on July 21, July 24, and August 4, 2025. Under Rule 26(g)(2), "other parties have no duty to act on an unsigned disclosure, request, response, or objection," and "the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 15th day of August, 2025, in Allen, TX

Respectfully Submitted,

*[signature: Dilip Kumar Jana]*

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

Declaration of Dr. Dilip Jana Regarding Walmart's July 18, 2025 EMail Transmission and .zip Contents        Page 4 of 4
*Jana v. Walmart, Inc.*