# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF:<br><br>DILIP JANA<br>*Plaintiff,*<br><br>v.<br><br>WALMART, INC.,<br>*Defendant.* | § § § § § § § § § § | Civil Action No. 4:24-cv-00698-SDJ-BD |

### [PROPOSED] ORDER ON

### PLAINTIFF'S MOTION FOR IMMEDIATE DECISION (DKT. 94)

Before the Court is Plaintiff's Motion for Immediate Decision on Dkt. 94 (the "Motion"). Having considered the Motion, the accompanying declaration and exhibits, and the record, and for good cause shown, the Court finds:

1. On July 18, 2025, Walmart transmitted a set of materials (the "July 18 set") by email through a non-attorney without any attorney Rule 26(g) signature/certification and without identifying whether the transmission was served as a Rule 26(a)(1) disclosure, a Rule 26(e) supplementation, or a Rule 34 response.

2. Plaintiff called the missing Rule 26(g) signature to Walmart's attention on multiple dates reflected on the docket. No attorney Rule 26(g) signature was promptly supplied thereafter.

3. Under Fed. R. Civ. P. 26(g)(2), other parties have no duty to act on an unsigned disclosure/request/response, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

4. This ruling enforces existing rules during the stay set by Dkt. 99, is administrative in nature, and does not reopen discovery or waive any party's other rights, objections, or privileges.

Accordingly, IT IS ORDERED that the Motion is GRANTED as follows:

I. Primary Relief

1. **Strike.** The July 18, 2025 transmission (the "July 18 set") is **STRICKEN IN FULL** pursuant to **Fed. R. Civ. P. 26(g)(2)**.

2. **Preclusion.** Walmart and its counsel are **PRECLUDED** from citing, relying upon, or using any material from the stricken July 18 set for any purpose in this case, including motions, hearings, discovery proceedings, and trial.

3. **Confidentiality cleanup (Protective Order mechanics).** Because the July 18 set is stricken, any "CONFIDENTIAL" (or similar) legends purporting to cover materials within that transmission are **VACATED as to that stricken set**. Items that duplicate materials already on

the public docket remain **non-confidential** under the Protective Order's public-domain carve-out (Dkt. 66).

4. **Sanctions and expenses (pro se; no attorney's fees).**

   a. **Deterrent monetary sanction (payable to the Clerk).** The Court imposes a monetary sanction **payable to the Clerk of Court** in an amount sufficient to deter future noncompliance, considering Walmart's resources and the burden documented by the July 18 defect and ensuing filings.

   b. **Compensatory measure for pro se time (as an expense other than attorney's fees).** To the extent permitted under **Rule 37** and/or the Court's inherent authority, the Court awards a modest compensatory amount reflecting Plaintiff's documented time spent addressing the July 18 defect (including Dkts. 68, 69, 70, 74, 78, 84, 87, 90, 94, 95, 96, 101), calculated at **Plaintiff's last hourly rate while employed by Walmart** (or, in the alternative, a reasonable **paralegal rate** in this District).

   c. **Procedure for amounts.** Within **14 days**, Plaintiff shall file a sworn **time ledger** and **cost declaration** itemizing out-of-pocket expenses and time attributable to the July 18 defect and this motion. The Court will **fix the amounts on the papers without further briefing unless otherwise ordered**.

5. **Administrative, stay-compliant ruling.** This Order is **administrative and stay-compliant** under **Dkt. 99**; it **does not reopen discovery** and **does not waive** any party's other rights, objections, or privileges.

6. **Future procedure.** Any **future request** by Walmart for protection or to use any **different production** must be brought by a **noticed motion under Rule 26(c)(1)** with a **good-faith conferral certification**, **not** by unilateral re-transmission.

## II. Alternative Cure (entered only if the Court elects a short cure in lieu of immediate striking)

If the Court prefers to allow a brief cure, then in place of Paragraph I.1 above, the Court ORDERS:

7. **Seven-day cure; preclusion until cure.** Within **7 days** of this Order, Walmart must:

   (a) file a **Rule 26(g)(1)** certification by **lead counsel**, after a **reasonable inquiry**, certifying that the July 18 set is **complete and correct as of July 18, 2025**;

   (b) **identify the governing category** for the July 18 set (Rule **26(a)(1)** disclosure or **26(e)** supplementation, or Rule **34** response) and **map** the production by category to that rule (and to any specific request, if applicable);

   (c) **re-serve** the set in **native format** with full **metadata** and **Bates** numbering;

   (d) serve a **Rule 26(b)(5)(A) privilege log** for any withheld/redacted items;

   (e) provide a **SHA-256 hash ledger** for each file and a **modification chronology** (who/what/when) for any post-collection alterations; and

   (f) **pay Plaintiff's reasonable out-of-pocket expenses** caused by the defective service and any required re-review, as itemized in Plaintiff's cost declaration.

   **Preclusion remains in effect** unless and until the Court confirms **full compliance** with (a)–(f).

8. **Enforcement.** If Walmart fails to meet any part of Paragraph 7, Walmart shall **SHOW CAUSE** why sanctions up to and including those authorized by **Rule 37(b)(2)(A)(ii)–(vii)** (evidence preclusion, adverse inference, monetary sanctions, or **terminating sanctions**) should not issue.

9. **Compliance declaration.** Within **7 days**, Walmart's **lead counsel** must file a short declaration describing the **Rule 26(g)** review procedures Walmart will use going forward in this case.

SO ORDERED this ___ day of _____, 2025.

HON. BILL DAVIS

UNITED STATES MAGISTRATE JUDGE

EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION