

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | § § | |
| DILIP JANA | § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| *Plaintiff,* | § § | |
| | § | |
| v. | § | |
| | § | EMERGENCY MOTION |
| WALMART, INC., | § | |
| *Defendant.* | § § | |

## PLAINTIFF'S EMERGENCY MOTION FOR IMMEDIATE BINARY RULING STRIKING WALMART'S JULY 18, 2025 PRODUCTION (DKT. 94/106) UNDER RULE 26(g)(2); NOTICE OF INTENT TO SEEK MANDAMUS IF DENIED

Pro se Plaintiff, Dr. Dilip Jana, respectfully moves for an immediate, paper-only ruling on Dkt. 94 and Dkt. 106. Although discovery is stayed (Dkt. 99), Rule 26(g)(2) imposes a ministerial duty that cannot be deferred: *"the court must strike"* any unsigned disclosure, request, or response unless promptly cured after notice. Walmart's July 18, 2025 transmission was served by paralegal link without attorney certification, and despite Plaintiff's written notices on July 21, July 24, and August 4, no Rule 26(g) signature or category identification has ever been supplied. Weeks later, the defect remains uncured. The issue is binary, not discretionary: either Rule 26(g)(2) applies and the set must be stricken, or Rule 37(c)(1) independently bars its use. Immediate enforcement is required to prevent irreparable prejudice as Walmart prepares Rule 72 objections. If the Court declines to rule or denies strike on this undisputed predicate, Plaintiff will seek mandamus under 28 U.S.C. § 1651.

## A. Narrow Question Presented (Classification → Consequence)

The Court should classify the July 18 set on the record as one of four:

(a) a **Rule 26(a)(1)** disclosure; (b) a **Rule 26(e)** supplementation; (c) a **Rule 34** response; or (d) a **non-Rule "courtesy"** transmission. Plaintiff and the Court are not obligated to guess; Walmart declined to identify the governing basis despite repeated written requests and docket notices (Dkts. 84, 87, 96, 101).

- If (a)–(c), **Rule 26(g)** applies; after notice with no **prompt** attorney signature, the Court **must strike**.
- If (d), **Rule 37(c)(1)** independently **precludes any use** "on a motion, at a hearing, or at trial" because the set was not disclosed under Rule 26(a)(1) or properly supplemented under Rule 26(e). Either way, use is barred; if (a)–(c), the paper itself must be stricken.

## B. Immediate Need for Emergency Administrative Relief

- On **August 15, 2025 at 9:52 a.m. CDT**, Plaintiff filed **Dkt. 106**: *Motion for Immediate Decision on Dkt. 94*.
- **One hour later**, on **August 15, 2025 at 11:04 a.m. CDT**, the Magistrate Judge Hon. Bill Davis entered **Dkt. 107**: *Order and Report & Recommendation*—denying Walmart's Motion to Strike (Dkt. 32), granting Plaintiff's Motion for Leave (Dkt. 33), and **recommending** that Walmart's Motion to Dismiss (Dkt. 22) be **denied**, with **objections, if any, due within 14 days**.

---

**Plaintiff's Emergency Motion for Immediate Binary Ruling on Dkt 94, 106**  Page 2 of 12
*Jana v. Walmart, Inc.*

This sequence creates two imminent risks while **discovery remains stayed (Dkt. 99)**:

1. **Rule 72 objections window.** Walmart may file **Rule 72 objections by August 29, 2025** and attempt to **use** the **uncertified, unclassified** July 18 set (or other undisclosed documents) to influence the district judge's *de novo* review. Once those references are embedded in the objections record, the prejudice and docket confusion are **not fully curable**—especially during a stay.

2. **Answer posture.** Upon district-judge action on the R&R, Walmart's **Rule 12(a)(4)(A)** Answer clock will run; it can then try to **use** the same uncertified set in its **Answer** or other contemporaneous filings.

A brief, stay-compliant **binary order now** preserves the status quo, **upholds the Federal Rules**, and prevents **irreparable prejudice**.

### C. Not a Motion to Compel — Clarification

This motion is not a motion to compel discovery responses under Local Rule CV-7(h) or the Order Governing Proceedings (Dkt. 50). It seeks enforcement of Rule 26(g)(2)'s certification requirement, which is self-executing and binary. Unlike Dkt. 75 (motion to compel), this motion requires no chambers teleconference or discovery hearing.

### D. Good Faith Conferral (CV-7(i))

In good faith compliance with Local Rule CV-7(i), Plaintiff conferred with Walmart's counsel by email on the morning of August 18, 2025. Plaintiff first requested confirmation of a litigation hold on the June 9 and July 18 transmissions, including all counsel- and Walmart-hosted repositories. Plaintiff then proposed a narrow stipulation that, pending resolution of Dkt. 94/106, Walmart would refrain from citing, paraphrasing, or otherwise using the June 9 or July 18 sets in any Rule 72 objections, Answer, or contemporaneous filing. Plaintiff set a 2:00 p.m. CDT deadline for response and offered to confer further the same day. Copies of these conferral emails are attached as **Exhibits A-1 and A-2.** Despite Plaintiff's explicit preservation and stipulation requests with a 2:00 p.m. CDT deadline on August 18, 2025 (see Exs. A-1 & A-2), Walmart provided no response. Silence in the face of a preservation and conferral request confirms refusal, making immediate Court intervention essential.

### E. Record Predicate (Undisputed)

- **Unsigned, unclassified July 18 set.** A paralegal emailed a password-protected link on July 18 labeled "Supplemental production" with **no attorney Rule 26(g)** signature and **no** identification whether it was 26(a)(1), 26(e), or Rule 34. See Dkt. 106-1; Jana Decl. (Ex. A-1).
- **Repeated notice; no prompt cure.** Plaintiff called out the defect and requested category identification on **July 21**, **July 24**, and **August 4, 2025** (Dkts. **87**, **96**, **101**). No attorney signature was **promptly** supplied.
- **No pending Rule 34; zero-document initial disclosures.** Plaintiff withdrew Rule 34 RFPs on July 11 (Dkt. 78). Walmart produced **zero** documents in its 26(a)(1)(A)(ii) initial disclosures; Plaintiff preserved that defect (Dkts. 62, 70).

- **Stay posture.** Dkt. 99 stayed discovery and contemplated streamlined, on-the-papers management.

### F. Rule 26(g)(2): Mandatory Strike

Rule 26(g)(2) is categorical: "Other parties have no duty to act on an unsigned disclosure, request, response, or objection, and the **court must strike** it unless a signature is **promptly** supplied after the omission is called to the attorney's or party's attention." Notices on **July 21, July 24, and August 4** established the predicate; no prompt cure followed. Weeks-late certification at the point of use is not "prompt." The July 18 set must be **stricken**.

### G. Rule 37(c)(1): Independent Use Bar (Even if Labeled "Courtesy")

Even if Walmart now claims July 18 was a "courtesy" dump outside Rule 26(g), **Rule 37(c)(1)** still bars **use** of undisclosed/unsupplemented material "on a motion, at a hearing, or at trial," absent a showing of harmlessness or substantial justification—which is not present on this record (stay in place; repeated notices; ongoing prejudice)

### H. Protective Order Mechanics & Public-Domain Carve-Out

The Protective Order protects only what was designated at production (or properly cured). The July 18 set arrived with no contemporaneous legends, no designation log, and no cure; any "CONFIDENTIAL" markings embedded in the stricken set should be **vacated** as to that set. Any item duplicating materials already on the public docket is non-confidential under the **public-domain carve-out**.

---

## I. Dkt. 99 Compliance; Why Deciding Now Avoids Prejudice

Deciding Dkt. 94, 106 on the papers is **stay-compliant**: it enforces existing rules, reopens no discovery, and curbs motion churn. With the Magistrate Judge's R&R entered on August 15, 2025 (Dkt. 107), Walmart's **Rule 72** objections window and Answer posture create imminent risk of **record contamination** if the July 18 set is used. A short paper ruling now avoids emergency clean-up.

## J. Findings to Foreclose Workarounds

1. **Not harmless/justified** (Rule 37(c)(1)): on this record, failure is neither harmless nor substantially justified.
2. **No prompt cure** (Rule 26(g)(2)): no attorney signature promptly supplied after **7/21, 7/24, 8/4** notice.
3. **"Courtesy" label is no safe harbor**: Rule 37(c)(1) still bars use.
4. **"Already made known" not satisfied**: emailing a link does not satisfy Rule 26(e) or erase Rule 26(g) or Rule 37(c)(1).
5. **Derivative use = use**: quoting/paraphrasing July 18 content is equally barred.
6. **Affidavits are not a substitute**: the Court should disregard any affidavit about July 18 unless natives + SHA-256 hashes + platform version/audit logs are lodged and a Rule 26(g)(1) certification identifies the governing category.

## K. June 9–July 18 Recurring Uncertified Transmissions and the Appearance of Unequal Enforcement—Why Immediate Rule 26(g)(2) Enforcement Is Necessary Now; Preservation of Supervisory Relief

**June 9 episode.** On June 9, 2025, while Walmart's second protective-order motion (Dkt. 63) was being briefed, Walmart transmitted an unsolicited document batch without identifying any governing discovery category and without an attorney Rule 26(g) signature. The next day, June 10, Plaintiff notified defense counsel of the missing certification and requested clarification, including: "Was a Rule 26(g) certification served with the June 9, 2025 production? If not, please explain why." (Dkt. 65-3, PageID 1018). Walmart first invoked that June 9 set in its Reply (Dkt. 65) as a "supplemental disclosure," and the Court then granted Walmart's second motion for protective order (Dkt. 66). Plaintiff does not seek reconsideration of Dkt. 66. The narrower, forward-looking point is that despite Plaintiff's contemporaneous notice (Dkt. 65-3, PageID 1018), the mandatory consequence of Rule 26(g)(2)—that "the court must strike" an unsigned disclosure/request/response unless a signature is promptly supplied—was not addressed as to the June 9 transmission; no prompt signature ever issued. That allowed an uncertified, unclassified production to enter the case's orbit by inertia.

**July 18 continuation of the pattern.** The same defect recurred on July 18, 2025: a paralegal emailed a passworded link to a "Supplemental production" without an attorney Rule 26(g) signature and without identifying whether the set was a Rule 26(a)(1) disclosure, a Rule 26(e) supplementation, or a Rule 34 response. Plaintiff docketed notices on July 17, July 21, July 28, and August 4, 2025 (Dkts. 84, 87, 96, 101) calling out the missing signature and requesting category identification; no prompt signature followed. As of August 17, 2025—nearly a month after service—no ruling has issued applying Rule 26(g)(2)'s "must strike" command to the July 18 set.

**Comparative docket timing.** By contrast, the Court acted within roughly 24 hours to strike Plaintiff's Motion to Compel and for in camera review (Dkt. 75) as "premature" in Dkt. 79, after Walmart labeled it "premature" in Dkt. 76. Plaintiff maintains Dkt. 75 was ripe when filed; in any event, these orders show the Court resolves threshold discovery-management issues by short written rulings on the papers when appropriate. There is no procedural impediment to deciding Dkt. 94 the same way now.

**Appearance.** Plaintiff respects the Court's prior rulings, including the denial of recusal (see, e.g., Dkts. 83, 98), and does not re-urge recusal here. That said, 28 U.S.C. § 455(a) obliges the judiciary to avoid even the *appearance* of unequal enforcement. A short, even-handed, stay-compliant order now applying Rule 26(g)(2) to the July 18 transmission will dispel any reasonable question and reduce the motion churn the Court has already noted (Dkt. 99).

## L. Irreparable Harm if Relief Is Denied

Irreparable prejudice arises on two independent fronts.

**First, spoliation and loss of forensic record.** On August 6, 2025, Plaintiff formally notified Walmart's counsel of forensic anomalies in the July 18, 2025 production, including metadata showing that multiple attachments—five .eml files and a Word document—were uniformly modified on October 20, 2024, long after litigation was reasonably foreseeable. Plaintiff demanded a sworn explanation, identification of personnel involved, and disclosure of chain-of-custody and audit logs. See **Dkt. 101, Ex. A-1**. Walmart has never responded. Silence in the face of a sworn-demand deadline confirms refusal. Meanwhile, the underlying forensic record remains at risk of destruction: repository

links expire, audit logs in systems like Microsoft 365 and Box/ShareFile operate on short retention windows, and without preservation now, critical evidence of access, modification, and chain-of-custody will be permanently lost. Once these logs and versions are gone, the evidentiary taint cannot be cured.

**Second, contamination of the Rule 72 record.** Walmart has already cited its July 18 set in briefing (e.g., Dkts. 85, 88, 102, 103), despite the absence of any Rule 26(g) certification. Unless this Court acts immediately, Walmart will be able to embed those same uncertified materials into Rule 72 objections due August 29, 2025. Once incorporated into the appellate record, the prejudice cannot be undone on appeal, because the district judge's de novo review will have been influenced by documents the Rules categorically bar. This is precisely the kind of irreparable harm that warrants emergency intervention to protect both the evidentiary record and the integrity of appellate review.

Together, Walmart's refusal to respond to Plaintiff's August 6 demand and the looming risk of record contamination establish irreparable harm. Immediate enforcement of Rule 26(g)(2)'s mandatory "must strike" command is required to prevent permanent prejudice.

## M. Preservation of Supervisory Relief (28 U.S.C. § 1651)

Because Rule 26(g)(2) uses mandatory language ("must strike"), Plaintiff respectfully requests explicit findings on (i) classification, (ii) notice dates, and (iii) "promptness," to permit effective supervisory review if necessary. Mandamus is available where a district court fails to exercise a purely ministerial duty imposed by the Federal Rules, particularly when the rule itself is mandatory. *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943) (mandamus may be used to compel a court

to exercise its authority when it is its duty to do so). Plaintiff therefore provides notice of intent to seek mandamus under 28 U.S.C. § 1651 should the Court decline to decide Dkt. 94/106 on the papers or deny strike on this undisputed predicate.

## N. Relief Requested

Because this emergency motion is narrow, non-discretionary, and based on an undisputed record, Plaintiff respectfully requests that the Court resolve it within three business days of filing. In any event, to preserve the integrity of the Rule 72 objections record, the Court should resolve Dkt. 94, 106 no later than August 26, 2025. If the Court does not issue a merits ruling by that date, Plaintiff alternatively requests an interim administrative order prohibiting Walmart from citing, paraphrasing, attaching, or otherwise relying on its July 18, 2025 transmission (or the June 9, 2025 transmission) in any Rule 72 objections, Answer to Complaint (Dkt 13), or contemporaneous filing, pending final resolution of Dkt. 94 and Dkt. 106. Failure to enter such an order would cause irreparable prejudice by contaminating the Rule 72 objections record with materials that Rule 26(g)(2) and Rule 37(c)(1) independently bar.

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. STRIKE the July 18, 2025 transmission ("July 18 set") in full under Rule 26(g)(2);
2. PRECLUDE any reliance on, citation to, paraphrase of, or attachment from the stricken set in this case (motions, hearings, discovery, trial), with Rule 37(c)(1) as an independent use bar;

3. VACATE any "CONFIDENTIAL" legends purporting to cover materials within the stricken set; duplicates of items already on the public docket remain non-confidential under the Protective Order's public-domain carve-out;

4. Clarify that this is an administrative, stay-compliant ruling that reopens no discovery and waives no other rights; and

5. Requested Timeline for Ruling and Interim Relief

Dated: August 18, 2025

                                              Respectfully Submitted,

*/s/ Dilip Kumar Jana*
DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On August 18, 2025, a true and correct copy of the foregoing was served upon the following through the Court's CM/ECF system:

| | | |
|---|---|---|
| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.

Dated: August 18, 2025

Respectfully Submitted

Dilip Kumar Jana

Dilip Jana, pro se Plaintiff
Tel: 318-243-9743
EMail: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002