# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| | § | |
| DILIP JANA | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| WALMART, INC., | § | |
| *Defendant.* | § | **EMERGENCY MOTION** |

---

**PLAINTIFF'S EMERGENCY MOTION TO PLACE WALMART'S JULY 18, 2025 PRODUCTION IN THE PUBLIC DOMAIN ABSENT PROMPT RULING ON DKT. 90, DKT 94 AND DKT. 108**

---

NOW COMES Pro Se Plaintiff, Dr. Dilip Jana, and respectfully moves this Honorable Court as follows: unless the Court promptly rules on Plaintiff's pending motions at Dkt. 90, 94, 106, and 108—all arising from Walmart's July 18, 2025 uncertified production—Plaintiff will execute his constitutional right to place that production into the public domain.

### CAARA's Purpose and the Public Interest

This case is believed to be the first litigation brought under the **Criminal Antitrust Anti-Retaliation Act of 2020 ("CAARA")**, a statute enacted by the Congress and signed into law by President Donald Trump in December 2020 to protect employees who report antitrust violations, corruption, fraud, and misconduct at some of America's largest corporations. The legislative intent was unmistakable:

Congress recognized that without robust protection, whistleblowers would be silenced by fear of retaliation, and misconduct would remain hidden from regulators and the public.

The Complaint (Dkt 13) states with clarity:

> "224. The U.S. Congress passed CAARA in the wake of furor over the incredible power of large technology companies and the manner in which they wield that power. CAARA represents an important, though limited, step forward for employee rights since individuals seeking to do the right thing by the American people ought to be protected from the malicious retaliatory impulses their employers may have. Without these brave individuals who risk their livelihoods by speaking out, many illegal and dangerous actions would be simply swept under the rug. Dr. Jana believes improvements could be made to CAARA, all of which would encourage more reporting to government officials or internal supervisors regarding conduct that harms the American people. In the ever-changing fast-paced modern marketplace, regulatory officials need more information in order to ensure that markets remain competitive, which is good for the American economy and American people."

Yet in this case, rather than honoring CAARA's mandate, **Walmart has engaged in discovery misconduct**—including its July 18, 2025 production, which was served without the Rule 26(g) certification required by law and which bears forensic anomalies evidencing fabrication and spoliation. Instead of protecting the whistleblower, this litigation has been marred by procedural stonewalling, retaliatory tactics, and judicial silence.

CAARA's purpose was to protect whistleblowers *in the public interest*, ensuring that evidence of corporate fraud reaches regulators, Congress, and ultimately the American people. But here, the Court's refusal thus far to strike Walmart's uncertified document dump has effectively sanctioned fraud-on-the-court, dissuaded other whistleblowers from coming forward, and undermined the public-interest objectives that animated CAARA.

Plaintiff is the first known whistleblower to bring a case under CAARA in any U.S. District Court since its enactment in December 2020. Congress and the President intended this law to protect those

who expose corporate fraud and antitrust violations. Yet this Court's inaction—its failure to enforce Rule 26(g) and its mischaracterization of Plaintiff's sanctions motion—has nullified that legislative intent.

For these reasons, and consistent with CAARA's public-interest mandate, Plaintiff respectfully submits that if this Court continues to remain silent, he must place the July 18, 2025 production in the public domain, ensuring that Congress, regulators, and the American people may review the evidence. Only prompt judicial intervention can restore the proper functioning of Rule 26(g), protect whistleblowers as Congress intended, and preserve the integrity of federal proceedings.

## I. INTRODUCTION

This case now stands at a constitutional crossroads. On July 23, 2025, Plaintiff filed Dkt. 90, an Emergency Motion for Leave to Transmit Defendant Walmart's July 18, 2025 production ("July 18 Dump") to federal law enforcement. That production was served without the mandatory certification required by Rule 26(g) (see Ex. A-1, Dkt. 90; see also Dkt. 94).

On July 24, 2025, Plaintiff filed Dkt. 94: Motion to Strike Walmart's July 18, 2025 Production and For Sanctions for Violation of Protective Order. On August 15, 2025, Plaintiff filed Dkt. 106, Motion for Immediate Decision on Dkt. 94. On August 18, 2025, Plaintiff filed Dkt. 108, Emergency Motion for Immediate Binary Ruling Striking Walmart's July 18, 2025 Production (Dkt. 94/106) Under Rule 26(g)(2); Notice of Intent to Seek Mandamus if Denied.

All remain pending. More than a month has elapsed since Walmart's uncertified July 18 Dump was produced. Walmart continues to rely upon it. No certification has been filed. The Court has remained

silent.

Rule 26(g)(2) is not discretionary: *"The court must strike an unsigned disclosure, request, response, or objection unless a signature is promptly supplied after the omission is called to the attorney's or party's attention."* FED. R. CIV. P. 26(g)(2). Silence in the face of an uncorrected violation ratifies fraud.

Accordingly, Plaintiff respectfully moves this Court to (1) issue an immediate binary ruling on Dkt. 90, 94, 106, and 108; or (2) if the Court declines to rule and instead remains silent, acknowledge Plaintiff's First Amendment constitutional right to place the July 18 Dump in the public domain, where federal law enforcement, regulators, US Congress, and the American people may review it without obstruction.

## II. RULE 26(g) MANDATES STRIKING THE JULY 18 DUMP

Rule 26(g)(2) is explicit: ***"The court must strike*** *an unsigned disclosure, request, response, or objection unless a signature is promptly supplied."*

Here, Defendant's July 18 Dump was served without signature, certification, or Rule 26(g) compliance. Plaintiff immediately objected by letter on July 21 and July 24, 2025, then filed Dkt. 90 and Dkt. 108. Over one month has passed. Walmart has not corrected the violation.

The mandate is absolute: the July 18 Dump must be stricken.

## III. THE COURT'S INACTION REINFORCES AN APPEARANCE OF IMPROPRIETY

The Court has remained silent on Dkt. 90, 94, 106, and 108—while issuing instantaneous denials of Plaintiff's Motion to Compel and In Camera Review (Dkt 75), Rule 72 objections in one-sentence orders (Dkts. 91, 92, 93). This creates the appearance of selective justice. As the Supreme Court has warned, "Such a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties. But, to perform its high function in the best way, "justice must satisfy the appearance of justice." *Offutt v. United States,* 348 U. S. 11, 348 U. S. 14" See In re Murchison, 349 U.S. 133, 136 (1955).

Permitting Walmart's July 18 Dump to sit uncertified, unruled, and shielded from scrutiny undermines not only Plaintiff's rights but the integrity of federal judicial proceedings themselves.

## IV. WALMART'S JULY 18 PRODUCTION ESTABLISHES SPOLIATION AND FABRICATION

Plaintiff submits the **Sworn Affidavit of Dilip Jana** (attached as Exhibit A-1).

As set forth in the Affidavit:

- Plaintiff holds a Ph.D. in Nuclear and Particle Physics, contributed to the 2012 discovery of the Higgs boson, and served as **Director of Data Science at Walmart, Inc.**
- Walmart itself credited Plaintiff in its **February 2023 Annual Review**, stating: *"the work that you steered for **Walmart forensics team**… also known as the anomaly detection work, which in FY23 delivered finance-verified more than $250 million in GMV… the end of January."* That work is now **patent-pending** (*U.S. Patent Application No. US20240346287A1*).

- Plaintiff is therefore uniquely qualified to evaluate the authenticity and integrity of digital evidence.

**Forensic Findings (Exhibits 1–5, attached to Affidavit):**

- The parent file **WM-JANA_0000260.EML** contains **no Received headers or authentication results**—a condition impossible for any genuine Outlook/Exchange email.
- All six attachments—including five .eml messages and one Word document—carry a **uniform Content-Disposition modification-date of October 20, 2024**, more than one year after the internal email dates in October 2023.
- The Word document **Recommendation.docx** shows **106 revisions** and last modification by **Adrian Milbourne**, contradicting Walmart's claim of native transmission.
- Size discrepancies between MIME-declared and actual attachment sizes further confirm alteration.

**Exhibits:**

- **Ex. 1** – Header absence and size discrepancy (Exhibit_ReceivedZero.pdf).
- **Ex. 2** – Forensic part-by-part analysis of attachments (all mod-dated 20 Oct 2024).
- **Ex. 3** – Header Presence Summary (parent EML Received=False; attached EMLs Received=True).
- **Ex. 4** – Attachment metadata table (hashes, dates, anomalies).
- **Ex. 5** – DOCX revision history (106 edits, LastModifiedBy Adrian Milbourne).

This sworn forensic record establishes deliberate **tampering, spoliation, and fabrication**. Under Rule 26(g)(2), Rule 37(b) and (e), and the Court's inherent authority, Walmart's July 18 production cannot remain on the record.

## V. PLAINTIFF'S CONSTITUTIONAL RIGHT TO PLACE FRAUD IN THE PUBLIC DOMAIN

The First Amendment protects not only speech but the right to petition government for redress of grievances. When judicial silence obstructs the reporting of corporate fraud to federal authorities, Plaintiff retains the constitutional right—and indeed the civic duty—to disclose such evidence to the public.

**This Court is now on notice:** silence is not neutrality. Silence blesses fraud. If the Court declines to rule promptly, Plaintiff will ensure that Walmart's July 18 Dump does not remain hidden.

**The Rules, the Constitution, and the public interest demand no less.**

## VI. RELIEF REQUESTED

For the reasons stated above, Plaintiff respectfully requests that this Court:

1. Order Walmart to provide a Rule 26(g)–compliant certification of its July 18, 2025 production within seven (7) days.
2. Approve and grant the relief sought in Plaintiff's pending pleadings at Dkt. 90, Dkt. 94, Dkt. 106, and Dkt. 108, each of which arises from Walmart's July 18, 2025 uncertified production.
3. Grant such other and further relief as the Court deems just and proper.

4. Acknowledge that, absent such ruling, Plaintiff will exercise his constitutional right to place the July 18 Dump in the public domain, where federal law enforcement, regulators, and US Congress may review it without obstruction.

Dated: August 22, 2025

Respectfully Submitted,

*[signature: Dilip Kumar Jana]*

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On August 22, 2025, a true and correct copy of the foregoing was served upon the following through the Court's CM/ECF system:

| | | |
|---|---|---|
| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.

Dated: August 22, 2025

Respectfully Submitted

*/s/ Dilip Kumar Jana*

Dilip Jana, pro se Plaintiff
Tel: 318-243-9743
EMail: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002