# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **DILIP JANA** | § | |
| | § | |
| v. | § | NO. 4:24-CV-00698-SDJ-BD |
| | § | |
| **WALMART, INC.** | § | |

## ORDER

Despite a stay of discovery, *see* Dkt. 99, pro se plaintiff Dilip Jana has filed numerous discovery-related motions and notices. *See* Dkts. 100, 101, 105, 106, 108, 109. This order addresses those and other filings.

## DISCUSSION

### I. Hearing

A hearing before me is set at 3:00 p.m. on October 6, 2025, at the United States Courthouse, Courtroom 108, 7940 Preston Road, Plano, Texas 75024. The parties should be prepared to discuss the following motions and notices: Dkts. 72, 94, 95, 106, 108, 109.

### II. Motions Seeking Leave to Transmit Production to the FBI

Jana moved, among other things, for leave to transmit defendant Walmart, Inc.'s July 18, 2025, production to the Federal Bureau of Investigation ("FBI"). Dkt. 90. Although a protective order, Dkt. 67, limits the disclosure of some materials produced in discovery, Walmart does not oppose the motion to the extent it seeks transmission of the production to the FBI. *See* Dkt. 102. The motion will be granted to the extent of Walmart's nonopposition. Jana may not disclose the materials to the public or any other entity. If Jana wants to challenge any confidentiality designations made under the protective order, he may do so in accordance with the procedure outlined in Part IV of that order. Dkt. 67 at 4.

Jana separately moved to grant his motion as unopposed. Dkt. 105. That motion will be dismissed as moot.

### III. Unauthorized Sealing

Jana filed an attachment to his motion under seal without court approval. Dkt. 90-3. "Judicial records belong to the American people; they are public, not private, documents." *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). For that reason, "sealing information placed in the judicial record" is "heavily disfavor[ed]." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022). There are, of course, good reasons to seal some court documents—such as when public disclosure of "sensitive information . . . could endanger lives or threaten national security." *Le*, 990 F.3d at 417. But before ordering a document sealed, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).

If Jana wants the attachment sealed, he must move for that relief as specified in Local Rule CV-5(a)(7). Any motion to seal must give the court sufficient information to "undertake a case-by-case, document-by-document, line-by-line balancing" of the interests it must consider. *Le*, 990 F.3d at 419 (quotation marks omitted). If Jana does not file a motion to seal, or if the motion is not well taken under the authorities cited above, the court will order the attachment unsealed. Alternatively, if Jana determines that sealing the exhibit is not necessary or would not be appropriate under the governing legal standard, he should so inform the court.

### CONCLUSION

It is **ORDERED** that:

1) the parties appear at a hearing at **3:00 p.m. on October 6, 2025,** at the United States Courthouse, Courtroom 108, 7940 Preston Road, Plano, Texas 75024. They should be prepared to discuss Jana's motions:
   a. for discovery sanctions, Dkt. 72;
   b. to strike Walmart's response, Dkt. 95;
   c. to strike and for discovery sanctions, Dkts. 94; *see* Dkts. 106, 108; and
   d. to publish Walmart's discovery production, Dkt. 109;

2) the motion for leave to transmit Walmart's July 18, 2025 production to the FBI, Dkt. 90, is **GRANTED**;

3) the motion for a ruling, Dkt. 105, is **DISMISSED** as moot; and

4) within 14 days, Jana move to seal the attachment to his motion, Dkt. 90-3. If he fails to do so, the attachment will be unsealed.

So **ORDERED** and **SIGNED** this 26th day of August, 2025.

_____
Bill Davis
United States Magistrate Judge