# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | § | |
| | § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| DILIP JANA | § | |
|    *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WALMART, INC.,** | § | |
|    *Defendant*. | § | |



AUG 2 8 2025

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

### NOTICE OF OBJECTION TO ADMISSIBILITY OF WALMART'S JULY 18, 2025 PRODUCTION, EVIDENCE OF SPOLIATION AND FRAUD

*PRO SE* Plaintiff, Dr. Dilip Jana, respectfully submits this Notice of Objection to preserve the record regarding Walmart's July 18, 2025 production ("July 18 Dump"), specifically the file WM-JANA_0000260.pdf ("Exhibit 3").

### Declaration Regarding Exhibit 3's Status Under Protective Order (Dkt 67)

Exhibit 3 (WM-JANA_0000260.pdf) was produced by Walmart on July 18, 2025 as part of its "Supplemental Production" - the July 18 Dump. At the time, a Protective Order (Dkt. 67) was in effect. However, Walmart did not designate Exhibit 3 as "Confidential" under that Protective Order.

Under Federal Rule of Civil Procedure 26(c)(1), the burden rests entirely on the producing party to make a contemporaneous showing of good cause and to designate specific documents at the time of production. Because Walmart failed to mark Exhibit 3, it is not subject to the Protective Order and is properly treated as a public, non-restricted document. Courts have consistently held that retroactive or blanket attempts to impose confidentiality are legally ineffective and contrary to Rule 26(c)'s narrow construction.

Accordingly, Exhibit 3 stands outside the scope of the Protective Order, and Plaintiff preserves this declaration to prevent any later ambiguity or retroactive claim of protection.

As detailed in the attached sworn affidavit (Exhibit A), Plaintiff's in-memory forensic analysis demonstrates that Exhibit 3:

1. Bears metadata anomalies — including "Tesseract" OCR software as the Producer and July 7–16, 2025 creation dates, inconsistent with Walmart's claim that the email reflects an October 4, 2023 communication.

2. Contains inconsistent signature panels — side-by-side comparison of Wendy Bowman's signature block across Exhibits 1, 2, and 3 shows material differences. Outlook signature panels are static; they cannot vary unless regenerated or altered.

3. Represents fabricated evidence — all three Exhibits purport to be the same email, yet the differences in metadata and rendering confirm alteration and spoliation.

This Notice is filed to place the Court on record that Plaintiff objects to the admissibility of Exhibit 3 and the July 18 production as a whole, under Fed. R. Civ. P. 26(g)(2), 37(c)(1), and 37(e), and under Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944) (fraud on the court).

Plaintiff expressly reserves all rights to seek appropriate sanctions on the basis of Walmart's fabrication of evidence and this Court's ongoing duty to strike an uncertified production.

### I. July 18 Dump Including Exhibit 3 Is Not a Discovery Document

The July 18 Dump was served by paralegal transmission without certificate of service and without reference to any discovery category.

Exhibit 3 is not a Rule 26(a)(1) Initial Disclosure (Walmart produced zero documents in April 2025), not a Rule 26(e) supplement (which presupposes a prior disclosure), and not a Rule 34 response (Plaintiff had withdrawn all requests by July 11, 2025).

As such, Exhibit 3 is not part of discovery at all and is inadmissible.

### II. July 18 Dump Including Exhibit 3 Bears No Attorney Certification

Rule 26(g)(1) requires that every disclosure or response must be signed by an attorney of record, certifying completeness and good faith.

Rule 26(g)(2) is categorical:

> *"the court must strike an unsigned disclosure, request, or response unless it is signed promptly after the omission is called to the attorney's attention."*

Exhibit 3 was transmitted without attorney signature and remains unsigned. It must be stricken as a matter of law.

### III. Forensic Findings Demonstrating Fabrication

Plaintiff has conducted forensic analysis of Exhibits 1, 2, and 3, each of which purports to be the same October 4, 2023 "termination recommendation" email authored by Wendy Bowman (HR People Partner).

## A. *Cryptographic Hash Values*

- Exhibit 1 (OSHA, Feb. 22, 2024):
  cff3911b3e46377e200fc80b180b26ef87e1eeccf2823849cd60cb177e107e05
- Exhibit 2 (OALJ, Jun. 14, 2024):
  b79cb25d35d417c9d6beb8041c0b328d6c0a17b590a11bfc047654dd6af20668
- Exhibit 3 (Court, Jul. 18, 2025):
  fcbb174ff6931732aae626c6e466542ba1c416243daf9cfbd4c289f310827795

**These distinct values prove that the three files are not preserved copies of the same document, but separate versions.**

## B. *Metadata of Exhibit 3*

Extracted metadata confirms Exhibit 3 was not a contemporaneous Outlook or Adobe file but a reconstruction generated nearly 22 months after the fact:(Exhibit A-1)

  **"producer": "Tesseract v5.2.0.20220712",**

  **"creationDate": "D:20250716182801-05'00'"**

Exhibit 3 was created on **July 16, 2025 at 6:28 PM CST**, using **Tesseract OCR software**. This proves Exhibit 3 is a re-generated, OCR copy, not an original 2023 email.

## C. Signature Block Manipulation: Independent Proof of Fabrication

While altering the October 4, 2023 termination email (Exhibits 1, 2, and 3), Walmart overlooked a detail it never expected would be scrutinized: the static **Outlook signature block** of Wendy Bowman. This signature block—automatically appended to every email Bowman sends—should never change across versions of the same email. Yet Walmart produced **three conflicting versions** of the exact same email in three different federal forums (OSHA, OALJ and This Court):

- **Exhibit 1** – OSHA Production (Feb. 22, 2024)

  Signature block shows faint font, light "Walmart ✳," thin typeface.

# Wendy Bowman | HR People Partner
# Walmart ✳ Walmart US Transformation

- **Exhibit 2** – OALJ Filing (Jun. 14, 2024)
  Signature block shows bold font, clear "Walmart ✳," heavier print.

# **Wendy Bowman |** HR People Partner
# Walmart    Walmart US Transformation

- **Exhibit 3 – Federal Court Production (Jul. 18, 2025)**

  Signature block is **corrupted by OCR: blurred letters**

# **Wendy Bowman |** HR People Partner
# Walmart ✳ Walmart US Transformation

Signature blocks are static artifacts in Microsoft Outlook. They do not evolve, change fonts, or spontaneously morph into copyright symbols across different reproductions of the same email. The divergence across Exhibits 1–3 is **independent proof of fabrication**: these emails were not preserved but rather re-generated for litigation.

Walmart's manipulation of a witness's signature panel—submitted in three separate federal jurisdictions (OSHA, OALJ, and District Court)—is a federal crime. It implicates **18 U.S.C. § 1519 (falsification of records in federal proceedings)** and **18 U.S.C. § 1512(c) (obstruction of justice)**.

Signature blocks are static artifacts in Microsoft Outlook. They do not evolve, change fonts, or spontaneously morph into copyright symbols across different reproductions of the same email. The divergence across Exhibits 1–3 is **independent proof of fabrication**: these emails were not preserved but rather re-generated for litigation.

Walmart's manipulation of a witness's signature panel—submitted in three separate federal jurisdictions (OSHA, OALJ, and District Court)—is a federal crime. It implicates **18 U.S.C. § 1519 (falsification of records in federal proceedings)** and **18 U.S.C. § 1512(c) (obstruction of justice)**. **These facts confirm the fraud beyond dispute.**

## IV. Header Timestamp Discrepancies

All three Exhibits purport to be the same October 4, 2023 email authored by Wendy Bowman. Yet the header timestamps diverge:

| Exhibit | Header Timestamp | Venue |
|---------|------------------|-------|
| Exhibit 1 | October 4, 2023 — 11:07 PM | OSHA (Feb. 22, 2024 production) |
| Exhibit 2 | October 4, 2023 — 6:08 PM | OALJ (Jun. 14, 2024 filing) |
| Exhibit 3 | October 4, 2023 — 11:07 PM | July 18, 2025 dump |

Outlook email headers are fixed at the time of sending and do not change retroactively. The fact that the same October 4, 2023 email has been produced with **two different timestamps (6:08 PM and 11:07 PM)** in three separate federal proceedings proves that these are not preserved originals. Instead, they are **altered iterations of the same document, reconstructed to fit Walmart's litigation narrative.**

This inconsistency is not a formatting quirk — it is a hallmark of document manipulation. Because Walmart has now presented multiple, mutually inconsistent versions of a key termination email, Exhibit 3 and the entire July 18 Dump must be deemed **inadmissible, unreliable, and evidence of spoliation.**

**Exhibit 1 and Exhibit 3 have the same sent time, however there are visible differences.**

**Termination recommend...msg file Exhibit 1 converted into editable Recommendation.docx**, forensic analysis shows Recommendation.docx was edited for 106 times.(See Dkt 109, Ex A-1, Ex A-2)

 **Sent on:**  Wednesday, October 4, 2023 11:07:31 PM  | Exhibit 1 – Feb 22, 2024 |

**Sent:**  10/4/2023 11:07:31 PM  | Exhibit 3 – July 18,2025 |

**Exhibit 1 – February 22 2024**



⟨⟩ Share    ⊖ Copy link    ↓ Download    •••    ◁ Termination recommend....msg    ⊞ Info    |

| | |
|---|---|
| **From:** | Wendy Bowman   Wendy.Bowman@walmart.com |
| **Sent on:** | Wednesday, October 4, 2023 11:07:31 PM |
| **To:** | Lori Chumbler   Lori.Chumbler@walmartlegal.com |
| **CC:** | Monica Hall   Monica.Hall@walmart.com  ; Shawn Cohen   Shawn.Cohen@walmart.com |
| **Subject:** | ▓▓▓▓▓▓▓▓▓ |
| **Attachments:** | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |

**Exhibit 3 – July 18, 2025**

| | |
|---|---|
| From: | Wendy Bowman [Wendy.Bowman@walmart.com] |
| Sent: | 10/4/2023 11:07:31 PM |
| To: | Lori Chumbler [Lori.Chumbler@walmartlegal.com] |
| CC: | Monica Hall [Monica.Hall@walmart.com]; Shawn Cohen [Shawn.Cohen@walmart.com] |
| Subject: | Attorney/Client Privilege |
| Attachments: | [Retaliation] [Unrealistic Expectation]: Trace; [Unethical]: Sign off for POC; [Retaliation and Discrimination]: WFP; [ Retaliation ][Changing roles and responsibilities] WFP; Sandeep Golkonda - Concerns Raised; Recommendation.docx |

> **.msg file transformed to editable .docx**

**Exhibit 1 – Feb 22 2024**

████████████████ the latest developments with Dilip Jana. ███ ███████████ █████████

accountability/separation for performance, and disparaging, disruptive and dismissive behavior causing a toxic work environment. Recommendation for accountability is attached, but has escalated to "separation" due to the latest developments.

**Exhibit 3 – July 18 2025**

We would like to discuss the latest developments with Dilip Jana. Wondering if these accusations should be added to the existing ethics case, or a separate case opened as well? Would also like to discuss accountability/separation for performance, and disparaging, disruptive and dismissive behavior causing a toxic work environment. Recommendation for accountability is attached, but has escalated to "separation" due to the latest developments.

## IV. Conclusion: Spoliation and Fraud

Exhibits 1, 2, and 3 all purport to be the same October 4, 2023 email but contain irreconcilable discrepancies in formatting, metadata, body and signature blocks.

Exhibit 3 in particular is fabricated: generated in July 2025 with OCR, not preserved from 2023.

This constitutes spoliation of evidence and fraud on the court. *See Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944).

Plaintiff further affirms that Exhibit 3 (WM-JANA_0000260.pdf) carries no confidentiality designation and falls outside the scope of the Protective Order (Dkt. 67). Accordingly, Plaintiff submits it without restriction.

Dated: August 28, 2025

Respectfully Submitted,

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On August 28, 2025, a true and correct copy of the foregoing was served upon the following through

the Court's CM/ECF system:

| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
|---|---|---|
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.

Dated: August 28, 2025

Respectfully Submitted

Dilip Jana, pro se Plaintiff
Tel: 318-243-9743
EMail: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002