IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DILIP JANA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| | § | |
| WALMART INC., | § | |
| | § | |
| Defendant. | § | |

**WALMART'S OBJECTIONS TO REPORT AND RECOMMENDATION ON WALMART'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule CV-72(c), Defendant Walmart Inc. ("Walmart") respectfully submits the following objections to United States Magistrate Judge Bill Davis's Order and Report and Recommendation (Dkt. No. 107, the "Report") in connection with Walmart's Motion to Dismiss (Dkt. No. 22, the "Motion").

**INTRODUCTION**

The Court should decline to adopt the Report because it evaluates Plaintiff's Second Amended Complaint (the "Complaint") through a lens more akin to state-court notice pleading than the plausibility standard required under Federal Rule of Civil Procedure 8. In recommending the denial of the Motion, the Report offers an erroneous degree of leniency to Plaintiff, excusing him from alleging facts vital to delineate the Sarbanes-Oxley Act ("SOX") and the Criminal Antitrust Anti-Retaliation Act ("CAARA") from general anti-retaliation statutes. These statutes are tethered to specific criminal conduct—the Complaint should be, too.

The Report's treatment of Plaintiff's SOX claim illustrates its overrelaxation of applicable pleading requirements. Plaintiff alleges that he blew the whistle on Walmart's alleged "shareholder fraud," but the Complaint includes zero factual allegations about any representations made by

Walmart to its shareholders (which is the defining feature of shareholder fraud). Yet the Report nonetheless finds the Complaint sufficient to survive dismissal because it includes general allegations of corporate misconduct, even though those allegations are entirely unrelated to the conduct punishable under SOX. Plaintiff's confused accusations are not the kind that SOX and CAARA are intended to protect. In protecting reasonable-but-mistaken beliefs, the statutes seek to avoid discouraging employees from speaking up out of fear of a legal nuance that exculpates the employer. But here, the Complaint makes clear that Plaintiff's accusations were not mistaken because of technicalities in the securities or antitrust laws; they were mistaken because Plaintiff did not bother to look up, ask anyone about, or otherwise clarify the crimes that he accused Walmart of.

To be clear, the Motion does not raise any factual disputes. On the contrary, the Court should grant the Motion because the Complaint's factual allegations, even if taken as true, could not lead any reasonable person to accuse Walmart of either shareholder fraud or an antitrust violation. Accordingly, Walmart objects to the Report, and the Court should decline to follow it, instead dismissing both of Plaintiff's claims with prejudice.

**OBJECTIONS**

**I.      The Report erred in concluding that the Complaint states a claim under SOX.**

The Complaint does not state a plausible claim for relief under SOX because it lacks factual allegations about conduct that a reasonable person could interpret as shareholder fraud. The Report credits Plaintiff for pleading facts suggesting that Infogain was an ineffective vendor, that Plaintiff's supervisors rubberstamped Infogain contracts, and, most bizarrely, that one of Plaintiff's supervisors may have been bribed by Infogain because she visited India. *See* Report at 9–10. But none of these allegations concern representations to Walmart's shareholders, so they cannot give

rise to a reasonable belief that Walmart intended to deceive its shareholders. *See* Motion at 19–23. Thus, Walmart objects to the Report's finding that the Complaint states a claim under SOX.

    1.    <u>The Report misapprehends the factual matter required to allege a reasonable belief under SOX.</u>

As the Court knows, SOX is not a general fraud statute—it governs six enumerated categories of illegal conduct: (1) mail fraud, (2) wire fraud, (3) bank fraud, (4) securities fraud, (5) violations of SEC rules or regulations, and (6) violations of Federal law relating to fraud against shareholders. *See Allen v. Admin. Rev. Bd.*, 514 F.3d 468, 475 (5th Cir. 2008). Here, the Motion argued, and the Report apparently concurred, that the Complaint can conceivably implicate only the sixth category, shareholder fraud. *See* Motion at 19; Report at 9–10 (discussing Plaintiff's belief that "Walmart was defrauding its shareholders" and no other SOX-enumerated category).

To state the obvious, the "shareholder" in shareholder fraud is crucial: "[T]he specific shareholder fraud contemplated by SOX is that in which a public company—either acting on its own or acting through its contractors—makes material misrepresentations about its financial picture in order to deceive its shareholders." *Brown v. Colonial Sav. F.A.*, No. 4:16-CV-884-A, 2017 WL 1080937, at *3 (N.D. Tex. Mar. 21, 2017) (quoting *Gibney v. Evolution Mktg. Rsch., LLC*, 25 F.Supp.3d 741 (E.D. Pa. 2014)). Accordingly, where, as here, a complaint includes "allegations of fraud . . . too far removed from potentially harming the shareholders of a public company," the plaintiff has not adequately alleged protected activity under SOX. *Id.* at *4.

Relatedly, a separate, fundamental aspect of the shareholder fraud proscribed by SOX is scienter. "In cases involving the sixth 'catch-all' category, [the Fifth Circuit requires] that the employee must reasonably believe that his or her employer acted with a mental state embracing intent to deceive, manipulate, or defraud its shareholders." *Allen*, 514 F.3d at 480. Thus, to survive dismissal, the Complaint must allege facts from which a reasonable person could believe that

Walmart tried to conceal the purported Infogain issue or otherwise attempted to deceive its shareholders. *Accord id.* at 482 (affirming ARB's dismissal of SOX whistleblower complaint because plaintiff failed to meet burden to show reasonable belief employer acted with scienter).

In light of the above, the Report erred by concluding that, because the Fifth Circuit has not expressly held that a SOX complaint's factual allegations must "approximate" every element of shareholder fraud, *see* Report at 8–9 (discussing *Allen*), the Complaint need not include allegations that plausibly suggest (1) a nexus between the complained-of misconduct and shareholders; or (2) Walmart's scienter toward shareholders. Accordingly, the Court should evaluate whether Plaintiff alleged any reasonable basis to support his conclusion that the alleged misconduct he reported constituted shareholder fraud. For the reasons below, the Court should find that he has not.

    2.    <u>The Court should dismiss the SOX claim because the Complaint fails to allege facts supporting Plaintiff's belief that Walmart committed shareholder fraud.</u>

The Complaint's factual allegations relate to Plaintiff's supervisors' approval of Infogain's work despite Infogain failing to deliver as-promised results. The Report highlights Plaintiff's allegations that Mehra "expressed her preference for Infogain" to win the bid, that "Bay created a scoring system that was designed to help Infogain" win the bid, that after "Infogain's bid was selected, Mehra flew to India, where Infogain was located," and that, after Mehra's India trip, Infogain charged Walmart beyond its initial bid and "underperformed or outright failed to provide a product that could have saved Walmart billions of dollars." Report at 9. This contrived story alleges **Walmart as the victim** of embezzlement and a kick-back scheme, which is not the dynamic for which SOX affords whistleblower protection. *See Brown*, 2017 WL 1080937, at *3 (noting that fraud "committed against the public company" is "a scenario not covered by SOX" (quoting *Gibney*, 25 F.Supp.3d at 747–48)). Indeed, the Complaint lacks any allegation that Walmart conveyed information about Infogain to its shareholders, much less that Walmart

represented to them that Infogain would deliver results "sav[ing] Walmart billions of dollars," *see* Report at 9.

For similar reasons, the Complaint fails to allege facts supporting Plaintiff's belief that Walmart acted with scienter. It is not sufficient that any character in Plaintiff's story acts with an intent to deceive—as relevant here, only such intent by Walmart toward its shareholders is relevant. Instead, and construed most liberally, the Complaint alleges scienter by Plaintiff's colleagues toward Walmart. The Report addresses this issue only in a single parenthetical, referencing Plaintiff's "allegations regarding alleged deceptive activity by Walmart managers." Report at 8 (citing Complaint at 15–16). But that citation misses the mark, as it does not support that Plaintiff had a reasonable belief a "Walmart manager" had any intent to deceive Walmart's shareholders, which is necessary to allege protected activity under SOX. *See Allen*, 514 F.3d at 480.

The Report also erroneously relies on the Complaint's allegations that "the Compliance Vice President at Walmart found Jana's asserted violations credible" and that "Walmart managers at the very least took Jana's allegations seriously by opening, and then escalating, an investigation." Report at 7 (citing Complaint at 18–19, 23). The Report also credits Plaintiff's allegations that Walmart fired his supervisors as supporting the reasonableness of Plaintiff's reports, even though the alleged terminations took place months after Plaintiff made the reports. Report at 6–7; *see also* Complaint at 72. These observations are temporally inapposite. Objective reasonability is determined "based on the knowledge available to a reasonable person in the same factual circumstances with the same training and experience as the aggrieved employee." *Allen*, 514 F.3d at 477. Here, neither Plaintiff nor the reasonable person with which he is compared would have known what Walmart's response to Plaintiff's reports would be at the time they were made. Accordingly, standing alone and without any supporting indicia of shareholder fraud, Walmart's

alleged reaction to Plaintiff's complaints is legally insufficient for a jury to find that Plaintiff's belief in Walmart's criminal conduct was objectively reasonable.

Finally, the Report contends that the basis for Plaintiff's belief that Walmart committed shareholder fraud "is grounded in factual disputes that cannot be resolved at this stage." Report at 9. But the Motion does not rely on any factual disputes, especially considering Plaintiff's allegations are accepted as true in evaluating a motion to dismiss. Instead, the Motion demonstrates that, even if accepted as true, Plaintiff's allegations would not provide a basis for any reasonable person to conclude Walmart committed shareholder fraud. This is because the Complaint describes conduct that does not remotely approach the specific fraud proscribed by SOX, where a company "makes material misrepresentations about its financial picture in order to deceive its shareholders." *Brown*, 2017 WL 1080937, at *3.

Walmart recognizes that Plaintiff is pro se and that the lack of certain formalities in the Complaint may be relaxed on that basis. But Plaintiff's pro se status cannot justify the Report's approach to core factual allegations that must be present to tether the Complaint to SOX. The Complaint describes, at best, that Plaintiff believed his supervisor engaged in a kick-back scheme with a third-party vendor. But that narrative includes no nexus to Walmart's shareholders, and the Complaint provides no factual basis for why a reasonable person would believe otherwise. Accordingly, Walmart objects to the Report's finding that the Complaint states a SOX claim, requests that the Court decline to adopt the Report, and requests that the Court grant the Motion, dismissing Plaintiff's SOX claim with prejudice.

**II.     The Report ignores the absence of any factual allegations in the Complaint to justify Plaintiff's mistaken belief that Walmart violated an antitrust law.**

If the Complaint's allegations supporting Plaintiff's belief in shareholder fraud are lacking, then the allegations supporting his belief in an antitrust violation are totally barren. As to this

claim, the Report generally concludes that "the allegations in the [C]omplaint are sufficient to survive Walmart's motion to dismiss," but the Report makes no reference to any allegation supporting that Plaintiff's confused accusations of "bid-rigging" and "procurement fraud" were objectively reasonable ones to make. *See* Report at 10–11. Walmart thus objects to the Report's determination that the Complaint states a claim under CAARA.

Walmart appreciates that CAARA is a relatively new statute. *See* Report at 10. That said, CAARA utilizes the same standard for proving a violation that Section 806 of SOX does, *see* Motion at 16, and CAARA replicates the "reasonable belief" element that exists in SOX. *Compare* 18 U.S.C. § 1514A *with* 15 U.S.C § 7a-3. Accordingly, the Complaint must plead facts plausibly suggesting that Plaintiff's belief that Walmart violated an antitrust law was reasonable. *Cf. Estabrook v. Admin. Rev. Bd.*, 814 Fed.Appx 870, 873 n.1 (5th Cir. 2020) (noting inclusion of "reasonably believes" in statute supplies the objective and subjective reasonableness test).

As far as Walmart can discern from the Complaint, Plaintiff's sole basis for his conclusions that Walmart committed "bid rigging" or "procurement fraud" is that he perceived misconduct in Walmart's selection of bids and procurement of third-party data science services. *See* Complaint at 17–19. Of course, the antitrust laws do not come into play merely because misconduct is alleged in the context of bidding or procurement. *See* Motion at 23–24. And the Complaint lacks any factual allegation that otherwise suggests Plaintiff's mistaken accusations were informed by anything other than plain ignorance of what the antitrust laws prohibit. *See* Complaint at 19 (incorrectly describing a purportedly unfair bidding process as "a textbook style of procurement fraud"). In sum, the Complaint pleads no facts that could enable any reasonable person to identify a nexus between Walmart's allegedly biased selection of Infogain and the anticompetitive conduct prohibited under the antitrust laws. The Court should decline to adopt the Report on this basis.

**III.    The Report erred by declining to recommend dismissal based on Walmart's affirmative defense.**

Walmart objects to the Report's recommendation regarding Walmart's affirmative defense. First, the Report's characterization of Plaintiff's factual allegations as "Walmart assign[ing] [Plaintiff] an impossible task to provoke his termination and terminat[ing] him shortly after his whistleblowing," Report at 12, is inconsistent with the Complaint, which does not make those allegations with such specificity, *see generally* Complaint.  Second, the Report's delineation between whether Walmart "could have" or "would have" terminated Plaintiff in the absence of his purported protected activity, *see* Report at 12, is inapposite because the attachments to the Complaint demonstrate that Walmart **did** terminate Plaintiff based on "toxic" behavior—not based on his mistaken and unreasonable "whistleblowing," *see* Complaint, Ex. 2.  Relatedly, the Report's invocation of pretext is inapplicable because the email attached to the Complaint was (mistakenly) thought to be privileged at the time it was sent, so the sender had no reason to believe it would be disclosed and, thus, no reason to conceal the justification behind Plaintiff's termination.  *See* Complaint, Ex. 2 (subject line reading "Attorney/Client Privilege").

## CONCLUSION

The provisions of SOX and CAARA at issue here exist to prohibit retaliation against those who report potential instances of specific crimes.  Their aims are to encourage employees to speak up when the indicia of those specific crimes are present.  Here, the Complaint generally alleges conduct that Plaintiff believed was suspicious, but it wholly fails to plead any indicia of either shareholder fraud or an antitrust violation that would enable a reasonable person to conclude either of those crimes occurred.  Accordingly, Walmart respectfully requests that the Court decline to adopt the Report, grant Walmart's Motion, and dismiss Plaintiff's Complaint in its entirety and with prejudice.

Dated:  August 29, 2025

Respectfully submitted,

*/s/ Peter S. Wahby*
**Peter S. Wahby**
Texas Bar No. 24011171
peter.wahby@gtlaw.com
**Morgan E. Jones**
Texas Bar No. 24132301
morgan.jones@gtlaw.com
**Holmes H. Hampton**
Texas Bar No. 24144019
holmes.hampton@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Ave., Suite 5200
Dallas, Texas 75201
Telephone: 214.665.3600

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon all parties of record via the Court's e-filing system on August 29, 2025.

*/s/ Holmes H. Hampton*
Holmes H. Hampton
