# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | § § | |
| DILIP JANA | § § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| *Plaintiff,* | § § | |
| v. | § § | |
| WALMART, INC., | § § | |
| *Defendant.* | § | |

**FILED SEP 12 2025 CLERK, U.S. DISTRICT COURT TEXAS EASTERN**

### PLAINTIFF'S RESPONSE TO OVERRULE DEFENDANT'S OBJECTIONS AND TO ADOPT THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DKT 107

Plaintiff Dr. Dilip Jana respectfully moves the Court to overrule Defendant Walmart Inc.'s objections directed at the Magistrate Judge's ruling on Defendant Walmart's Motion to Dismiss [Dkt 22] and to adopt the Report and Recommendation ("R&R") on this issue. The objections simply **rehash** arguments previously raised and rejected and, in any event, the record—including time-coded HR and Global Ethics recordings, Global Ethics routing/closure, and contemporaneous SOW/access-control warnings—indisputably demonstrates protected activity under SOX §1514A and CAARA and Walmart failed to substantiate in a clear and convincing way that it would have terminated Plaintiff regardless of his whistleblowing activities (49 U. S. C. §42121 (b)(2)(B)(ii) and (Murray v USE, 601 U. S. No. 22-660 (2024)))

I. **Walmart's objection is an improper re-hash and should be rejected under Templet**

The Magistrate Judge correctly recommended denial of Walmart's motion to dismiss because (1) the Complaint plausibly alleges whistleblower protected activity and contributing-factor causation, and (2) material factual disputes cannot be resolved at Rule 12. Walmart's objections do not identify legal error; they repeat theories the R&R has already rejected. That is not the function of objections. An objection is not "**the proper vehicle for rehashing** … arguments that could have been offered or raised earlier." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). **The Court should overrule the objection on that basis alone.**

Even if the Court entertains Walmart's recycled points, the present record shows: (i) video/audio transcripts of Plaintiff's disclosures to HR Vice President Shawn Cohen (Exs. X-3, X-4, X-5); (ii) in-person and Zoom escalations to Global Ethics (Exs. X-13, X-11, X-12); (iii) Global Ethics' closure (Ex. X-15); and (iv) SOW/access-control warnings confirming SOX books-and-records/internal-controls concerns (Exs. X-7, R-1). That is paradigmatic **protected activity**. Walmart's reliance on the contested "toxic behavior" narrative—further undermined by the Rule 26(g) defect and alteration/spoliation showings in Dkts. 109 and 111—does not, and cannot, satisfy its **clear-and-convincing** "same-decision" burden; the objection should be overruled and the Report adopted.

II. **The record independently confirms SOX-protected activity**

Plaintiff's disclosures raised **books-and-records** and **internal-controls** threats that SOX targets:

1. Low-ball POC → immediate add-ons (Ex. X-4 0:42–1:42; 8:38–9:29; 9:29–9:53) predictably distort expense recognition, project ROI, and procurement KPIs, compromising accurate books and accounting controls.
2. SOW gap/back-dating risk and vendor work post-POC without visible SOW (Exs. X-7, R-1) undermine approval trails, period accruals, and evidence reliability; leaving system access in place after scope expiration (Ex. X-7).
3. Management override/steering (e.g., VP statement favoring Infogain during evaluation, Ex. X-4 11:04–12:04) undercuts procurement independence and taints the reliability of transactional support in the accounting file.

Reporting these risks to HR with authority and Global Ethics/Legal Investigations is squarely SOX-protected activity.

## III. The record also confirms CAARA-protected activity

Plaintiff specifically reported bid-rigging, bid suppression, and misrepresentation of POC cost to secure selection—classic antitrust concerns—first to HR VP Cohen, then to Global Ethics (Exs. X-3, X-4, X-5, X-11, X-12, X-13). CAARA protects such disclosures to supervisors with authority (and to federal authorities) on a reasonable-belief standard. Plaintiff's allegations at Complaint ¶¶65–69, 81–83 squarely plead these disclosures.

## IV. Plaintiff's complaints were objectively reasonable—and Walmart's own conduct proves it

At Rule 12, Plaintiff need not prove a violation or recite elements with legal precision; he must plausibly allege a reasonable belief. The SOX legislative history recognizes that corporate action taken in response to an employee's disclosure supports the reasonableness of the employee's belief. *Leznik v. Nektar Therapeutics, Inc.*, 2006-SOX-00093, at 10 & n.50 (ALJ Nov. 16, 2007).

Here, Walmart opened a compliance investigation in response to Plaintiff's reports (Compl. ¶¶65–69, 81–83; Exs. X-11, X-12, X-15). Global Ethics/Legal Investigations were "privy," routed the matter, and later issued a closure email. That corporate response itself supports objective reasonableness. Plaintiff further alleges that within months of his termination, VP Ridhi Mehra's decade-long employment ended despite record profits—corroborative context that the concerns were serious and compliance-grade (Compl. ¶¶65–69, 81–83). Walmart's post-hoc claim of Plaintiff's "legal deficiency" is internally inconsistent with its pre-termination decision to investigate.

## IV. The Magistrate correctly found material fact disputes preclude dismissal

The R&R properly concluded that material disputes exist—disputes that cannot be resolved against Plaintiff at Rule 12. Walmart's approach—withholding core discovery (**no production under Rule 26(a)(1) initial disclosures; no production to RFP 34**) while insisting the Complaint lacks facts—does not erase those disputes; it confirms them.

## VI. Burden framework confirms Walmart's objection is misdirected

Under **Murray v. UBS** (U.S. 2024), once Plaintiff plausibly alleges protected activity and contributing-factor causation, **Walmart** bears the later burden to prove—by **clear and convincing evidence**—that it would have taken the **same** action anyway. That merits-stage defense cannot be imported into Rule 12 to defeat plausibility, and certainly not to recast specific, time-stamped disclosures as mere "workplace disagreements."

## VII. EVIDENTIARY FOUNDATION

Plaintiff authenticates Exs. **X-3, X-4, X-5, X-11, X-12, J-4** (recordings/transcripts) by **28 U.S.C. § 1746 declaration**, identifying **file names, Central-Time timestamps, Public Versions** are identical in content except for limited PII redactions (audio identical). Statements by Walmart officers/employees (Cohen, Stewart, Hall) are **party admissions** under **FRE 801(d)(2)**. Plaintiff's statements are offered for **notice to management** and **state of mind** (fear/urgency), not for their truth. Emails (Exs. **X-7, X-15**) are business records and/or offered for **effect on the listener/notice**. The pre-award draft SOW (Ex. **R-1**) is authenticated by Plaintiff and used to show **existence/timing** and **inconsistencies** in SOW documentation.

### VIII. Response to Walmart's Section III

*("The Report erred by declining to recommend dismissal based on Walmart's affirmative defense")*

*"First, the Report's characterization of Plaintiff's factual allegations as "Walmart assign[ing] [Plaintiff] an **impossible task** to provoke his termination and terminat[ing] him shortly after his whistleblowing," Report at 12, is inconsistent with the Complaint, which does not make those allegations with such specificity, see generally Complaint."* (emphasis added)

That is wrong: see for example Dkt 13 ¶¶117–144. The Complaint lays out, step-by-step, a **data-availability impossibility** known to management, repeatedly documented, and followed by retaliatory "late" labels and termination—**exactly what the R&R summarized**.

**Impossible Task (incorporated by reference):** Plaintiff incorporates the Declaration of Dr. Jana re: "Impossible Task"—No Data + Sept. 25 Zoom (Ex. J-4 A) and J-4, X-4T, establishing that the assigned WFP deliverable lacked (i) a business owner/consumer, (ii) datasets acknowledged unavailable by Data Foundations, and (iii) any present commitment to collaborate—rendering the assignment undeliverable and confirming the Report's characterization.

## Why this defeats Walmart's objection

These pleaded facts—names, dates, emails/quotes, meetings, roles (Data Science vs. Data Engineering)—are the definition of specificity. They plausibly allege that (1) data necessary to perform did not exist, (2) Plaintiff told management and the data-engineering chain repeatedly, (3) Adrian insisted on delivery anyway, labeled the work "Late" despite the conditioned deadline, and (4) terminated Plaintiff immediately after Jeremy's spreadsheet confirmed the gap. The Report's shorthand—"assigning Plaintiff an impossible task to provoke termination"—is a fair, accurate characterization of these particulars. Walmart's contrary reading is a fact dispute that cannot be resolved at Rule 12. The Court should overrule Walmart's objection and adopt the R&R.

*"Second, the Report's delineation between whether Walmart "could have" or "would have" terminated Plaintiff in the absence of his purported protected activity, see Report at 12, is inapposite because the attachments to the Complaint demonstrate that Walmart did terminate Plaintiff based on "toxic" behavior—not based on his mistaken and unreasonable "whistleblowing," see Complaint, Ex. 2."*

**Walmart's "could vs. would" objection fails; Exhibit 2 cannot carry any affirmative defense**

Walmart repeats an argument the Magistrate already rejected. See Templet v. HydroChem, 367 F.3d 473, 478–79 (5th Cir. 2004) (objections are not a vehicle to re-hash prior arguments). In any event, its reliance on **Complaint Ex. 2** is legally and factually untenable.

A. Attachment ≠ admission or truth.

Walmart asserts the "attachments to the Complaint demonstrate" termination for "toxicity." Not so. Plaintiff attached Ex. 2 to show manipulation/alteration—not to adopt its contents as true. See Compl. ¶190 ("…Walmart and its attorneys will knowingly and willfully make materially false, fraudulent statements/representation and alter documents…."). An exhibit to a pleading is not a concession; statements within Walmart's internal email are disputed party statements that go to pretext, not automatic truth. Plaintiff's use of Ex. 2 is to prove spoliation/fabrication (see Dkts. 109 and 111), not to endorse Walmart's narrative.

B. Walmart disclaimed Exhibit 2 under oath—then reversed course.

Asked directly in Interrogatory No. 2 (Apr. 28, 2025) whether Ex. 2 was the same unaltered document as Ex. 1 (Dkt. 72-1 at 7), Walmart refused to answer and objected that the information sought was "neither relevant to the parties' claims or defenses" and "bears no discernable relevance to Walmart's defenses." Having represented under oath that Ex. 2 is not relevant to its defenses, Walmart cannot now pivot and rely on Ex. 2 as its defense in Dkt. 112. At minimum, that inconsistency is a party admission undermining credibility; the Court may also treat the about-face as estoppel by inconsistent position and disregard Walmart's new reliance on Ex. 2.

**C. Fraudulent use of Exhibit 2 extinguishes any "would-have" defense.**

Plaintiff included Ex. 2 to expose evidence spoliation and fraud, and **Dkts. 109 and 111** document conflicting versions and metadata anomalies (including from the **uncertified July 18 dump**). Walmart now tries to weaponize that very exhibit as a merits defense. That confirms it has no meritorious "would have terminated anyway" defense under 49 U.S.C. § 42121(b)(2)(B)(ii). *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) (fraud on the court is "a wrong against the institutions"); a record tainted by alteration cannot defeat pretext at Rule 12.

**Bottom line.** The Report properly distinguished "could have" from "would have": the latter is Walmart's later-stage, clear-and-convincing burden (*Murray v. UBS*). A contested, altered Exhibit 2 cannot prove it now. The objection should be overruled and the Report adopted.

**Conclusion.** The record—Plaintiff's detailed disclosures to HR and Global Ethics (Exs. X-3, X-4, X-5, X-11, X-12, X-15), his SOW/access-control warnings (Exs. X-7, R-1), and the Sept. 25 Zoom confirming an ownerless, data-less assignment (Exs. J-4, J-4T)—establishes protected **whistleblower** activity under SOX and CAARA. Walmart's reliance on the disputed "toxic behavior" email (Compl. Ex. 2) and its uncertified July 18 production cannot overcome this showing and, in any event, does not satisfy Walmart's **clear-and-convincing** burden under *Murray v. UBS*. At a minimum, the substantial factual disputes identified above preclude dismissal; accordingly, the Court should overrule Walmart's objections and adopt the Report and Recommendation.

Dated: September 12, 2025

Respectfully Submitted,

*signature*

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

# CERTIFICATE OF SERVICE

On September 12, 2025, a true and correct copy of the foregoing was served upon the following through the Court's CM/ECF system:

| | | |
|---|---|---|
| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.

Dated: September 12, 2025

Respectfully Submitted

*signature*

Dilip Jana, pro se Plaintiff
Tel: 318-243-9743
EMail: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002