# Exhibit A

**Walmart's Initial Disclosure (Re-Submitted for Record Clarity)**

This exhibit reproduces Walmart's Initial Disclosures that were previously filed in the Court's record as **Dkt. 70-1 (PageID 1069–1073).**

During the October 6, 2025 hearing, Plaintiff directed the Court's attention to this document, noting that Walmart's initial disclosures contained

- No copy/documents
- no Rule 26(a)(1)(A)(ii) document identification,
- no description by category and location, and
- no Rule 26(g) certification that the disclosure was complete and correct as of the time it was made.

When referencing this portion of the binder, the Court indicated difficulty locating the initial disclosures under the "Initial Discl." tab. Accordingly, Plaintiff re-submits this same document here—without alteration—for convenience and to ensure the record clearly reflects the materials discussed in open court.

This document already exists in the public docket (Dkt. 70-1); this submission merely duplicates that filing for clarity and ease of reference as this document is at the **center of the discovery disputes.**

Case 4:24-cv-00698-SDJ-BD    Document 79-1    Filed 07/01/25    Page 2 of 6 PageID #:
1069

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| DILIP JANA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| | § | |
| WALMART INC., | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT WALMART INC.'S INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and the Court's Order Governing

Proceedings [ECF No. 50], Defendant Walmart Inc. ("Walmart") makes the following initial

disclosures. Walmart's investigation remains ongoing, and Walmart will supplement these

disclosures as required by the Order Governing Proceedings and the Federal Rules of Civil

Procedure.[1]

Walmart's disclosures are made without waiving (a) the right to object to any discovery

requests or to the admissibility of any evidence on the grounds of privilege, work product

immunity, relevance, materiality, hearsay, or any other ground in the action or in any other action,

(b) the right to object to the use of any information provided in or derived from these disclosures

for any purpose, in whole or in part, in this action or any other action, and (c) any available

defenses.

---

[1] Walmart's disclosure of any information or documents are not a concession or admission that such information,
documents, or their contents are relevant, authentic, or admissible. Walmart reserves the right to: (i) challenge or
otherwise object to any documents or information submitted by it, or by any other party, on any basis whatsoever,
including on grounds of competency, relevance, materiality, authenticity, or admissibility, and (ii) conduct further
discovery into the subject matter of any information or documents disclosed by Walmart or any other party, and does
not waive any objection that may otherwise be made to such documents or information.

Case 4:24-cv-00698-SDJ-BD    Document 118-1    Filed 10/07/25    Page 3 of 6 PageID #:
Case 4:24-cv-00698-SDJ-BD    Document 79-1    Filed 07/01/25    Page 3 of 6 PageID #:
1070

I.    **Rule 26(a)(1)(A)(i): "[T]he name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."**

| Name | Contact Information | Information Subject(s) |
|---|---|---|
| Dilip Jana | 800 Fairlawn St. Allen, TX 75002 318-243-9743 | Plaintiff Dilip Jana ("Plaintiff") has knowledge about the allegations made in his pleadings. |
| Bernard Noel | Department of Labor-OSHA Office of Whistleblower Protection Program 525 S. Griffin St., Ste. 602 Dallas, TX 75202 | Bernard Noel was the investigator responsible for the initial investigation of Plaintiff's retaliation complaint and may have information relevant to the claims and allegations in this proceeding. |
| Corporate Representative of Walmart, Inc. | c/o Peter S. Wahby Greenberg Traurig, LLP 2200 Ross Ave., Ste. 5200 Dallas, TX 75201 214.665.3600 | Walmart's corporate representative will have knowledge of Walmart's policies, rules, and guidelines related to employee conduct, employee termination, and other pertinent operating procedures. |
| Adrian Milbourne | c/o Peter S. Wahby Greenberg Traurig, LLP 2200 Ross Ave., Ste. 5200 Dallas, TX 75201 214.665.3600 | Adrian Milbourne was one of Plaintiff's supervisors at Walmart and will have personal knowledge of the events and conduct at issue in Plaintiff's pleadings. |
| Wendy Bowman | c/o Peter S. Wahby Greenberg Traurig, LLP 2200 Ross Ave., Ste. 5200 Dallas, TX 75201 214.665.3600 | Wendy Bowman will have personal knowledge of the procedure followed and reasons for Plaintiff's termination from Walmart. |

II.    **Rule 26(a)(1)(A)(ii): "[A] copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."**

Walmart will produce copies of all required, non-privileged materials in accordance with

the Court's Order Governing Proceedings [ECF No. 50] upon the Court's entry of a protective

order.[2] Such documents include (i) the parties' disclosures, discovery, and filings from the related

---

[2] Currently pending before the Court is Walmart's Motion for Entry of Protective Order [ECF No. 51] that requests

Case 4:24-cv-00698-SDJ-BD    Document 118-1    Filed 10/07/25    Page 4 of 6 PageID #:
Case 4:24-cv-00698-SDJ-BD    Document 72-1    Filed 07/01/25    Page 4 of 6 PageID #:
1071

OALJ and NLRB administrative proceedings, (ii) Walmart's personnel files and other records related to the termination of Plaintiff's employment, (iii) correspondence between Walmart and Plaintiff related to the termination of Plaintiff's employment, and (iv) Walmart's policies, rules, and guidelines related to permissible employee conduct and grounds for employee termination.

Walmart reserves the right to rely upon any documents identified or disclosed by any party or non-party within this action as part of any initial or supplemental disclosure, or through the course of discovery, including in any answer to any interrogatory, any request for admission, and/or identified in any document produced in response to any request for production or subpoena. Walmart may also rely upon the testimony, statements, and/or deposition exhibits of witnesses identified by the parties in their respective disclosures or in discovery.

**III.    Rule 26(a)(1)(A)(iii): "[A] computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 24 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."**

Walmart has not made any affirmative claim for relief, so no damages calculation from Walmart is necessary.

**IV.    Rule 26(a)(1)(A)(iv): "[F]or inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."**

Walmart has not identified any applicable insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in this action. If such policy is identified or otherwise becomes applicable, Walmart will promptly supplement these disclosures and provide all necessary information to comply with the Federal Rules of Civil Procedure.

**V.    Additional Disclosures Required by the Order Governing Proceedings**

---

the entry of Judge Jordan's standard protective order.

DEFENDANT'S INITIAL DISCLOSURES – Page 3

Case 4:24-cv-00698-SDJ-BD   Document 118-1   Filed 10/07/25   Page 5 of 6 PageID #:
Case 4:24-cv-00698-SDJ-BD   Document 79-1   Filed 07/01/25   Page 5 of 6 PageID #:
1072
1022

1.  **The correct names of the parties to the action.**

    Walmart believes the parties are correctly named.

2.  **The name and, if known, address and telephone number of any potential parties to the action.**

    Walmart is not currently aware of any potential parties to this proceeding.

3.  **The name and, if known, the address and telephone number of persons having knowledge of facts relevant to the claim or defense of any party, a brief characterization of their connection to the case and a fair summary of the substance of the information known by such person. This may be combined with the list of persons required under Rule 26(a)(1)(A)(i) so two lists are not needed.**

    Walmart incorporates the list of persons identified in response to Rule 26(a)(1)(A)(i)

above.

4.  **The authorizations described in Local Rule CV-34.**

    Local Rule CV-34 does not require any authorizations by Walmart, because Walmart's

physical or mental condition and lost earnings, lost earning capacity, or back pay are not at issue.

5.  **A copy of all documents, electronically stored information, witness statements, and tangible things in the possession, custody, or control of the disclosing party that are relevant to the claim or defense of any party. This may be combined with disclosures under Rule 26(a)(1)(A)(ii) so duplication is avoided. In cases involving a disproportionate burden of disclosure of a large number of documents on one party, the parties may agree on prior inspection to reduce the need for copy. Parties are encouraged to agree upon provision of information by electronic means.**

    Walmart incorporates its Rule 26(a)(1)(A)(ii) disclosure response above.

Dated: April 7, 2025

Respectfully submitted,

*/s/ Peter S. Wahby*
**Peter S. Wahby**
Texas Bar No. 24011171
peter.wahby@gtlaw.com
**Morgan E. Jones**
Texas Bar No. 24132301
morgan.jones@gtlaw.com

**Holmes H. Hampton**
Texas Bar No. 24144019
holmes.hampton@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Ave., Suite 5200
Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the following party via the Court's e-filing system on April 7, 2025:

Dilip Jana
800 Fairlawn Street
Allen, Texas 75002
janadilip@gmail.com

*/s/ Morgan E. Jones*
Morgan E. Jones