# Exhibit B

### Walmart's Handout during October 6, 2025 Hearing

This exhibit is the summary chart provided by Walmart's counsel to the Court and to Plaintiff during the October 6, 2025 hearing.

The document purports to summarize "Plaintiff's Discovery Issues" and Walmart's corresponding responses (referencing Dkts. 72, 94, 95, 106, 108, and 109). It was handed to Plaintiff in open court by defense counsel and was reviewed during the hearing discussion.

Plaintiff includes this document as **Exhibit B** to preserve the record of what Walmart presented to the Court on October 6, 2025.

No changes have been made to the document.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

DILIP JANA,

      Plaintiff,

v.

WALMART INC.,

      Defendant.

Action No. 4:24-CV-00698-BD

## SUMMARY OF PLAINTIFF'S DISCOVERY ISSUES

| Plaintiff's Argument | Walmart's Response | Related Docket Number(s) |
|---|---|---|
| Discrepancies between Exhibit 1 and Exhibit 2 to the Complaint (Dkt. No. 13) show that Walmart forged or altered an October 4, 2023, email from Wendy Bowman when Walmart produced the email in the administrative proceedings below. | • The formatting differences Plaintiff highlights are explained by the distinct methods used to produce the email in the administrative proceedings below.<br>• The timestamp appears differently in the two versions of the email but reflects the same time.<br>• There is no attachment titled "Termination Recommend…." That is the file name for the email as it was saved on Walmart's document sharing platform.<br>• No evidence suggests that there exists a version of the email with different **substantive** content.<br>• Walmart produced the at-issue email in native format, which includes substantive content no different than the versions of the email attached to the Complaint. | Dkt Nos. 72, 95, 109 |
| "Forensic anomalies" in Walmart's July 18 production establish spoliation and fraud. | • Discrepancies related to "Date Modified" or "Date Created" are explained by the difference between system metadata and application metadata. *See Teledyne Instruments, Inc. v. Cairns*, No. 6:12-cv-854-Orl-28TBS, 2013 WL 5781274, at *4-6 (M.D. Fla. Oct. 25, 2013).<br>• The other "forensic anomalies" are unexplained by Plaintiff to such an extent that Walmart is unsure how to investigate or respond to them.<br>• Plaintiff's declaration explaining the results of his forensic investigation is a sham declaration and an improper, non-disclosed expert opinion. | Dkt. No. 109 |

| | | |
|---|---|---|
| Walmart's lack of a "Rule 26(g) certification" demonstrates bad faith and fraud upon the court. | • There is no such thing as a separate "Rule 26(g) certification." The Rule states that, "by signing," an initial disclosure, pretrial disclosure, or discovery request or response, the signing attorney certifies that he or she complied with Rule 26(g).<br>• Rule 26(g) does not require any specific certification for document productions.<br>• Walmart's initial disclosures and discovery responses were each signed by lead counsel. | Dkt. Nos. 72, 94, 95, 106, 108, 109 |
| Walmart's lack of substantive responses to Interrogatories Nos. 2–4 constitutes fraud upon the court. | • The at-issue Interrogatories were objectionable to an extent that declining to provide substantive responses was warranted.<br>• In a good faith effort to move this case forward, Walmart has verified supplemental responses to the at-issue Interrogatories ready to serve as soon as the stay on discovery is lifted. | Dkt. Nos. 72 |
| The declaration signed by Adrian Milbourne in support of Walmart's Second Motion for Entry of Protective Order, (Dkt. No. 63, Ex. C), constitutes fraud upon the Court. | • The declaration at-issue concerns confidentiality of documents and has nothing to do with the merits of Plaintiff's claims, much less a "factual narrative regarding Plaintiff's employment." | Dkt. Nos. 72 |
| Walmart's Response to Plaintiff's Motion for Criminal Referral and Sanctions (Dkt. No. 88) should be struck because Walmart requested it be excused from the obligation to response to Plaintiff's motions. | • Walmart's Motion to Excuse Responses (Dkt. No. 85) requested the Court excuse Walmart from the **obligation** (*i.e.*, the default rule that a party's failure to respond a motion renders the party unopposed to the motion) to respond to Plaintiff's filings.<br>• Nothing in Walmart's Motion to Excuse Responses (Dkt. No. 85) can be construed as a waiver of its **right** to file responses to Plaintiff's motions. | Dkt. Nos. 95, 106 |
| Walmart's document productions are procedurally improper. | • No Federal Rule prohibits the transmittal of document productions via paralegal.<br>• A "cover letter" is not required either.<br>• Walmart's confidentiality designations are stamped on the images of the documents where applicable.<br>• Walmart served its initial disclosures and responses to Plaintiff's discovery requests on time. That document productions pursuant to those disclosures and responses came later is not improper.<br>• Walmart's initial disclosures did not need to provide a "description by category and location" of documents because Walmart produced copies of documents instead. *See* FED. R. CIV. P. (a)(1)(A)(ii).<br>• Walmart will continue to supplement such productions once the discovery stay is lifted. | Dkt. Nos. 94, 95, 106, 108 |
| Walmart did not serve a privilege log but was required to do so. | • A privilege log is inapplicable to supplemental document productions made | Dkt. Nos. 95, 106 |

| | | |
|---|---|---|
| | pursuant to Walmart's initial disclosures because there is no "withholding" involved.<br>• Walmart would have continued to prepare and eventually serve a privilege log for its production in response to Plaintiff's requests for production, but Plaintiff withdrew his requests for production (Dkt. No. 78).<br>• Walmart redacted the email attached as Exhibit 1 to the Complaint based on privilege in the administrative proceedings below. It then produced an unredacted version after it determined the original privilege designation was a good-faith error. | |
| Plaintiff has a "First Amendment constitutional right" to disclose the at-issue email publicly. | • Documents stamped confidential in Walmart's July 18 production are subject to the Court's protective order, which prohibits public disclosure of documents stamped confidential. | Dkt. No. 109 |