FILED
OCT 15 2025
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | § | |
| | § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| DILIP JANA | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| WALMART, INC., | § | |
| *Defendant.* | § | |

## PLAINTIFF'S UNOPPOSED MOTION (BY COURT ORDER, DKT 99) TO STAY ALL PROCEEDINGS

Plaintiff Dr. Dilip Jana respectfully moves this Court to stay all further proceedings in this matter pending resolution of

(1) Plaintiff's Recusal Motion directed to the District Judge (filed contemporaneously herewith), and

(2) Plaintiff's imminent Petition for Writ of Mandamus to the United States Court of Appeals for the Fifth Circuit.

This stay is necessary to prevent irreparable prejudice and preserve judicial integrity during review of matters directly implicating judicial impartiality, Rule 26(g) enforcement, and the validity of discovery orders affecting the evidentiary record.

## I. PROCEDURAL POSTURE

1. **Discovery Closed:** The Court's Scheduling Order set the discovery deadline for October 13, 2025. That deadline has now passed.

2. **Pending Non-Compliance:** As of October 15, 2025, Defendant Walmart has not filed the "written confirmation" required by the Court's October 7, 2025 Order (Dkt. 117). Plaintiff has filed a Notice of Non-Compliance documenting the violation.

3. **Recusal Motion:** Plaintiff has filed a Motion to Recuse District Judge Hon. Sean D. Jordan under 28 U.S.C. §§ 455(a), (b)(1) and § 144.

4. **Mandamus Filing:** Plaintiff will imminently file a Petition for Writ of Mandamus with the Fifth Circuit, seeking:
   - Vacatur of Dkt. 117 (the "written confirmation" order);
   - Vacatur of Dkt 66, 67, 91, 92, 93
   - Vacatur of Dkt 98
   - Enforcement of Rule 26(g)(2)'s mandatory "must strike" remedy; and
   - Reassignment or recusal to preserve impartiality.

Because both recusal and mandamus proceedings go to the Court's jurisdiction and appearance of neutrality, further proceedings here must be stayed.

## II. LEGAL STANDARD

Federal courts possess inherent power to stay proceedings pending resolution of collateral or appellate matters. Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936).

A stay is warranted when:

(1) the movant is likely to succeed on the merits or raise serious questions;

(2) the movant will suffer irreparable harm absent a stay;

(3) other parties will not be substantially harmed; and

(4) the public interest favors judicial integrity and orderly administration.

See Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

Here, all four factors weigh heavily in favor of a stay.

## III. ARGUMENT

**A. The Court's Jurisdiction and Neutrality Are Under Challenge**

Plaintiff's recusal motion invokes both § 455(a) ("appearance of impartiality") and § 144 ("personal bias or prejudice").

The challenged rulings include Dkts. 91, 92, 93, 98 and 117, which collectively demonstrate a pattern of non-engagement with Rule 26(g) and preferential treatment toward Defendant Walmart.

Until those recusal and mandamus issues are resolved, continued proceedings would present an intolerable risk of partiality, violating Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009).

**B. The Discovery Phase Is Concluded — Continuing Proceedings Serves No Purpose**

Discovery expired on October 13, 2025. Walmart's non-compliance with Dkt. 117 remains unremedied, and the record is frozen.

Any further orders by the Magistrate Judge or District Judge during this interim would exceed their proper scope and risk jurisdictional entanglement while appellate review is pending.

See In re United States, 614 F.3d 661, 664 (7th Cir. 2010) (When a judge's authority to proceed is the subject of a mandamus petition, prudence and respect for the appellate process counsel a stay.).

**C. Irreparable Harm Will Occur Absent a Stay**

If proceedings continue before resolution of recusal and mandamus, Plaintiff faces irreparable prejudice:

- Further rulings could ratify uncertified and tainted discovery contrary to Rule 26(g)(2);
- Plaintiff's forthcoming Appropriate Sanction Motion may be summarily denied by a judge whose impartiality is under review;
- The record could fragment, forcing duplicative or inconsistent filings.

Once an order issues under a cloud of bias, the harm cannot be undone. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 865 (1988).

### D. The Balance of Equities and Public Interest Strongly Favor a Stay

A temporary stay imposes no prejudice on Walmart, whose discovery obligations have been complete since July 2025.

Conversely, the public interest in preserving judicial integrity and ensuring compliance with Rule 26(g)—a rule enacted by the Judicial Conference and approved by Congress under 28 U.S.C. § 2072—decisively outweighs any minor delay.

## IV. REQUESTED RELIEF

Plaintiff respectfully requests that the Court stay all proceedings in this action, including:

1. Any hearings, deadlines, or rulings by the Magistrate Judge or District Judge;
2. Consideration of any pending motions other than the recusal motion itself; and
3. Any post-discovery scheduling modifications or extensions.

The stay should remain in effect until:

(a) the District Judge rules on Plaintiff's Recusal Motion; and

(b) the Fifth Circuit resolves Plaintiff's forthcoming Petition for Writ of Mandamus.

## V. CONCLUSION

Because recusal and mandamus go to the core of this Court's jurisdiction and impartiality, a stay is both procedurally proper and constitutionally necessary. Discovery has closed. Defendant remains in non-compliance with Dkt. 117.

A brief, self-executing stay will preserve judicial resources and ensure that subsequent proceedings occur before a neutral and untainted tribunal.

Dated: October 15, 2025

Respectfully Submitted,

*/s/ Dilip Kumar Jana*

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On October 15, 2025, a true and correct copy of the foregoing was served upon the following through the Court's CM/ECF system:

| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
|---|---|---|
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.

Dated: October 15, 2025

Respectfully Submitted

*/s/ Dilip Kumar Jana*

Dilip Jana, pro se Plaintiff
Tel: 318-243-9743
EMail: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002