

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN THE MATTER OF:<br><br>DILIP JANA<br>*Plaintiff,*<br><br>v.<br><br>WALMART, INC.,<br>*Defendant.* | Civil Action No. 4:24-cv-00698-SDJ-BD |

### PLAINTIFF'S NOTICE OF DEFENDANT WALMART INC'S NON-COMPLIANCE WITH COURT ORDER (DKT. 117)

Plaintiff respectfully places on the record Defendant Walmart Inc.'s failure to comply with the Court's October 7, 2025 Order (Dkt. 117). This Notice does not request relief; it locks the undisputed facts for sanctions and appellate purposes.

**I. What the Court Ordered, What Walmart Promised, and What Walmart Failed to Do**

The Court's question to Walmart during Oct. 6, 2025 hearing:

> THE COURT: "There was zero documents initially. So how could you supplement zero?" (Oct. 6, 2025 Hr'g Tr. 25:14–16) (**Ex. 3**)

**Walmart's non-answer:**

MR. WAHBY: "Yes, Your Honor. Thank you. It's a supplement to the initial disclosure … So here's the disclosure certified in full pursuant to Rule 26(g) … subject to the Court's penalties if anything goes awry." (Tr. 25:17–21) (Ex. 3)

**The Court's directive and Walmart's promise:**

THE COURT: "So you made that representation in open court today that it was certified as required. Would you be willing to just put that in writing and submit that … seven days from now?" (Tr. 25:8–11)

MR. WAHBY: "Yes, Your Honor." (Tr. 25:12) (**Ex. 3**)

**The Order Dkt 117 (Oct. 7):**

*"Defendant Walmart, Inc. must submit written confirmation of it's July 18, 2025, production certification within seven days of the docketing of this order"*

**What happened:**

As of October 15, 2025, no such filing appears on the public docket. Walmart instead sent Plaintiff a private, off-record email purporting to "confirm" compliance. A private email cannot satisfy a court order requiring a docketed submission. Walmart is therefore in open violation of Dkt. 117.

## II. Walmart's April 7, 2025 "Initial Disclosure" Was Facially Invalid and Self-Disqualifying

Walmart's **April 7, 2025 Initial Disclosure** (Ex. 1; Dkt. 70-1, PageID 1069–1073) was defective on its face. It concedes incompleteness:

> "Walmart's investigation remains ongoing, and Walmart will supplement these disclosures **as required** by the Order Governing Proceedings and the Federal Rules of Civil Procedure." (PageID 1069)

It also conditions production on a future event:

> "Walmart will produce copies of all required, non-privileged materials … **upon the Court's entry of a protective order.**" (PageID 1071)

Those statements admit the disclosure was **not complete and correct when made**, violating **Rule 26(g)(1)** and **Rule 26(a)(1)**'s baseline duty.

## Clarification: Why Walmart's "Signature" Was Not a Rule 26(g) Certification

Although Walmart's disclosure bore "/s/ Peter S. Wahby" (PageID 1073), that notation **does not satisfy Rule 26(g)**.

Rule 26(g)(1) requires counsel's signature to **certify** that the disclosure is "complete and correct as of the time it is made." Walmart's filing failed both conditions:

1. **Completeness:** Counsel must affirm after reasonable inquiry that the disclosure is *complete and correct* at signing. Walmart's document expressly states its "investigation remains ongoing."

2. **Intent to certify:** The signature must be made with intent to certify compliance under Rule 26(g), not merely to identify authorship. Walmart's disclosure contains no certification language or statement of completeness.

Because Walmart's disclosure lacked that certification, it remains **uncertified**, and under **Rule 26(g)(2)** the Court **must strike it** unless promptly cured — which never occurred.

**Plaintiff's Filed Statement Confirms the Failure (Dkt. 118)**

Plaintiff's October 6 Statement (Dkt. 118 at PageID 1689-1719) reiterated the same defects:

> "Walmart's purported Initial Disclosures (Apr. 7, 2025) … did not produce a copy of any documents or ESI, did not provide a description by category and location of documents/ESI it may use (no custodians, no repositories, no paths, no Bates ranges, no locations), and provided no Rule 26(g)(1) certification that the disclosure was complete and correct as of the time it is made." (PageID 1695-1696)
>
> "This is a **wholesale failure** of Rule 26(a)(1)(A)(ii) and Rule 26(g)(1). Under Rule 26(g)(2), such an unsigned/uncertified disclosure must be stricken absent prompt correction. Walmart never corrected." (PageID 1696)

**Because the baseline was void, Walmart's later July 18, 2025 dump (Dkt. 96-1 at PageID 1404-1405; Dkt. 118 at PageID 1690-1691) cannot qualify as a valid supplement under Rule 26(e).**

### III. The Hearing Record Confirms a Complete Baseline Failure

At the hearing, Plaintiff reiterated the same defects—and the Court acknowledged them:

> MR. JANA: "And Walmart submitted initial disclosure, it produced zero document, zero location of the files, zero ESI. It's a complete failure." (Tr. 7:4–6) (**Ex. 3**)

> MR. JANA: "Walmart never made a valid Rule 26(a)(1)(A)(ii) disclosure. So there is nothing to supplement under Rule 26(e) because Walmart produced zero documents, zero ESI, zero location." (Tr. 20:12–19) (**Ex. 3**)

The Court recognized Plaintiff's argument and asked Walmart:

> THE COURT: "There was zero documents initially. So how could you supplement zero?" (Tr. 25:14–16) (Ex. 3)

Plaintiff further explained in the same hearing:

> "Because there is no valid baseline disclosure of documents/ESI, the July 18, 2025 dump (served by paralegal, uncertified, and untethered to any discovery category) cannot be a supplement under Rule 26(e)." (Dkt. 118 at PageID 1697) (see also Tr. 21:8–25) (Ex. 3)

## IV. The Governing Law — Non-Discretionary

**Rule 26(e) SUPPLEMENTING DISCLOSURES AND RESPONSES.**

> (1) *In General.* A party **who has made a disclosure under Rule 26(a)** —or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> (A) in a timely manner **if the party learns that in some material respect the disclosure** or response **is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process** or in writing

Rule 26(g)(1):

> "Every disclosure under Rule 26(a)(1)… must be signed by at least one attorney of record… By signing, the attorney certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, the disclosure is complete and correct as of the time it is made."

---

Rule 26(g)(2):

"Other parties have no duty to act on an unsigned disclosure… and the **court must strike it** unless a signature is promptly supplied after the omission is called to the attorney's or party's attention." **(emphasis added)**

A private email to an opposing party is not a Rule 26(g) certification and does not satisfy a court order to submit a filing on the docket.

## V. Even the Court's Leniency Was Ignored

Dkt. 117 adopted an extraordinarily lenient approach—substituting **"written confirmation"** for Rule 26(g)'s signed certification and "*must strike*" remedy. Yet even under that relaxed, **extra-statutory** accommodation, Walmart failed to comply: no docketed submission, no signature by counsel of record, no certification. This is continuing non-compliance.

## VI. Context – Hon. Bill Davis Recusal History

On July 16, 2025, Plaintiff moved to recuse Magistrate Judge Bill Davis (appearance of impropriety in favor of Walmart). The Magistrate denied recusal in Dkt. 98 and, on October 7, 2025, entered Dkt. 117, allowing a **"written confirmation"** procedure that appears nowhere in the Federal Rules of Civil Procedure. Even with that indulgence, Walmart did not file the required confirmation.

## VII. Exhibits

| Ex. | Description | Source / Citation |
|---|---|---|
| 1 | Walmart's Apr 7, 2025 Initial Disclosure (zero documents; "ongoing investigation"; conditional on protective order; no Rule 26(g) certification) | Dkt. 70-1 (PageID 1068–1073) |
| 2 | July 18, 2025 Production (paralegal-served, unsigned, uncertified dump) | Dkt. 96-1 (PageID 1404–1405); Dkt. 118 (PageID 1690–1691) |
| 3 | Oct 6, 2025 Hearing Transcript ("how could you supplement zero?"; "we'll put it in writing") | Filed Oct 7, 2025 (Tr. 7:4–6; 20:12–19; 25:8–21) |
| 4 | Plaintiff's Oct 6 Statement to Court (baseline failure summary) | Dkt. 118 (PageID 1689–1719) |
| 5 | Walmart's private email purporting to "confirm" compliance | Email record (Oct 2025) |

## VIII. Conclusion – Record Locked

**The facts are undisputed:**

- Walmart's April 7 initial disclosure was **facially invalid** (ongoing investigation; conditional on protective order; no documents; no categories/locations; no Rule 26(g) certification).

- The July 18 set was **paralegal-served** and **uncertified**, and cannot be "supplementation" to a null baseline Initial Disclosure as per Rule 26(e).

- The Court asked **"how could you supplement zero?"** (Tr. 25:14–16). **No answer** was given.

- The Court ordered **"written confirmation"** by seven days (Dkt. 117). **No docketed filing** was made.

This Notice establishes **continuing non-compliance** with Rule 26(g) and **Dkt. 117**, preserving the record for sanctions and mandamus review.

Dated: October 15, 2025

Respectfully Submitted,

*[signature: Dilip Kumar Jana]*

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On October 15, 2025, a true and correct copy of the foregoing was served upon the following through the Court's CM/ECF system:

| | | |
|---|---|---|
| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.

Dated: October 15, 2025

Respectfully Submitted

*/s/ Dilip Kumar Jana*

Dilip Jana, pro se Plaintiff
Tel: 318-243-9743
EMail: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002