# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | § | Civil Action No. 4:24-cv-00698-SDJ-BD |
| | § | |
| DILIP JANA | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| WALMART, INC., | § | |
| *Defendant.* | § | |

---

**PLAINTIFF'S CONSOLIDATED NOTICE AND OBJECTION TO ANY IMPLIED OR INFORMAL EXTENSION OF TIME FOR DEFENDANT'S MERITS OPPOSITIONS TO PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT (DKTS. 127, 129); NOTICE OF RELATED STRIKE/REPLY FILINGS (DKTS. 137, 140, 141, 143, 146, 148)**

---

Plaintiff Dr. Dilip Jana, pro se, respectfully files this Notice **for the limited purpose of preserving a clear procedural record and preventing later rewriting of the docket posture**.

This Notice addresses:

(i) the absence of any docketed merits opposition by Walmart to Plaintiff's on-time summary judgment motions (Dkts. 127, 129) more than sixty (60) days after filing;

(ii) Walmart's active procedural litigation to strike/defer merits consideration (Dkt. 137, with reply Dkt. 143), while still filing no merits opposition; and

(iii) Walmart's non-response to Plaintiff's Motion to Strike Walmart's reply (Dkt. 146).

---

This Notice is filed to "lock in" what the docket does (and does not) contain and to request decision on the existing papers consistent with Rule 1 and Local Rule CV-7.

## 1. Dkts. 127 and 129 were filed and served; no docketed merits oppositions have been filed.

On November 3, 2025, Plaintiff filed Dkt. 127 (Plaintiff's "Unopposed Motion (by Court Order Dkt 99) for Summary Judgment on Liability under SOX and CAARA") and Dkt. 129 (Plaintiff's "Second Unopposed (by Court Order Dkt 99) Motion for Summary Judgment for Damages"). The CM/ECF Notices of Electronic Filing reflect service on Walmart's counsel of record.

As of January 5, 2026—more than sixty (60) days after filing—Walmart has not filed any docketed merits opposition addressing Plaintiff's Rule 56 record, engaging Plaintiff's elements-and-evidence presentation, or controverting Plaintiff's record citations in the manner contemplated by Rule 56 motion practice and the Local Rules. Stated plainly: the docket contains no brief by Walmart that joins issue on the merits of Plaintiff's summary judgment motions, and no docketed evidentiary submission presented as a merits opposition to Dkts. 127 and 129.

Plaintiff files this Notice solely to preserve this objective docket fact and to prevent later "recasting" of the record. The passage of time is material. Local Rule CV-7(e) contemplates that summary judgment responses are due within twenty-one (21) days of service, after which the motion is considered submitted for decision. Dkts. 127 and 129 have been pending far beyond that period without a docketed merits opposition. As of January 5, 2026—more than 60 days after filing—Walmart has not filed docketed merits oppositions addressing the summary-judgment record and the elements of Plaintiff's claims in the manner contemplated by Local Rule CV-7 and Rule 56. **Plaintiff files this Notice solely to "lock in" that docket posture.**

## 2. Dkt. 99's effect, and why the absence of merits oppositions is a strategic, prejudicial docket posture that cannot be "fixed later" after 60+ days.

The Court's Dkt. 99 order reflects that Walmart "asked to be excused from responding to [Plaintiff's] pending and future filings unless ordered to respond," and that request was granted. Dkt. 99 also states: "At this time, the parties are not permitted to file responses to each other's briefs." (Dkt. 99.)

Consistent with that docket posture as it existed at the time of filing, Plaintiff captioned Dkt. 127 as "Unopposed (by Court Order Dkt. 99)" and included on the first page a posture heading stating: "No Opposition Permitted; Facts Deemed Admitted." Likewise, Plaintiff captioned Dkt. 129 as "Second Unopposed (by Court Order Dkt. 99)" and included a posture section referencing Dkt. 99 and Local Rule CV-56.

At the same time, Walmart has taken the position (in its own filing) that Plaintiff "misconstru[ed] the Court's excusing Walmart from the obligation to file response briefs … with a bar on Walmart's ability to do so," while still choosing not to file any docketed merits opposition to Dkts. 127 and 129. Thus, regardless of how Dkt. 99 is characterized (**excusal vs. prohibition**), **the objective record fact remains unchanged: no docketed merits oppositions to Dkts. 127 and 129 exist on the docket.**

*Critically*, Walmart's non-participation is not the product of inability, lack of counsel, or lack of resources. Walmart is represented by multiple national counsel and supported by an in-house legal team. The continued absence of any docketed merits opposition more than 60 days after filing therefore reflects a deliberate strategic choice about how Walmart wants to litigate: Walmart has remained capable of filing papers, and it has done so—just not a merits opposition to the Rule 56 record.

Related strike/reply track confirms Walmart is actively litigating procedure while still filing no merits opposition. The docket reflects that Walmart chose to litigate procedurally rather than meet the Rule 56 merits record:

- Walmart filed Dkt. 137 (Rule 56(d) "strike/defer" request), seeking to delay consideration "including the deadline for Walmart's responses."
- Plaintiff filed Dkt. 141 responding to Dkt. 137.
- Plaintiff filed Dkt. 140 striking conclusory Affidavit used to support Dkt 137
  - Walmart did not file any response (See Dkt 148)
- Walmart filed Dkt. 143 as a reply in support of Dkt. 137.
- Plaintiff filed Dkt. 146 seeking to strike Dkt. 143.
- As of January 5, 2026, Walmart has not filed any docketed response opposing Dkt. 146.

Plaintiff includes this sequence solely to preserve the record point that Walmart has actively litigated to avoid merits adjudication, while still leaving the Court with no docketed merits opposition to Dkts. 127 and 129.

And because Dkts. 127 and 129 were filed on November 3, 2025, the passage of more than sixty (60) days matters: at this point, Dkt. 99 cannot be used as a shield to block merits adjudication now, only to later seek an ad hoc reopening of merits-opposition time after prolonged delay. **Plaintiff objects to any later attempt to "cure" this strategic non-participation posture by allowing a late merits opposition after the fact.** Such a post hoc enlargement – after Walmart elected to litigate procedurally while withholding merits briefing – would prejudice Plaintiff and reward gamesmanship. For that reason, Dkt. 99 cannot function as a strategic shield that permits Walmart to

*Jana v. Walmart, Inc.*

block adjudication now and then seek a late merits opposition later after prolonged delay. Any post hoc reopening—after more than 60 days—would prejudice Plaintiff, reward gamesmanship, and effectively grant Walmart a second bite at the apple after Walmart chose its strategy.

This matters acutely because Plaintiff has two recusal motions pending alleging partiality based on the Court's treatment of Walmart's procedural defaults and Rule-based obligations. In that posture, any ad hoc order granting Walmart a "second bite of the apple" to file a late merits opposition – after Walmart strategically chose to litigate procedurally while withholding merits briefing for more than 60 days – would not be a neutral case-management step. It would further reinforce the appearance that the Court is accommodating Walmart through special, extra-textual relief, and would become additional record evidence supporting Plaintiff's pending partiality/recusal allegations.

### 3. Dkt. 137 is not a merits opposition to Dkts. 127 and 129; it is a Rule 56(d) "strike/defer" request, and it sought delay of "the deadline for Walmart's responses."

Instead of filing merits oppositions to Dkts. 127 and 129, Walmart filed Dkt. 137 titled: "Walmart's Rule 56(d) Motion to Strike or, in the Alternative, Defer Consideration of Plaintiff's Motions for Summary Judgment." Dkt. 137 is not a merits opposition responding to Plaintiff's Rule 56 record, evidence citations, and elements. It is a procedural request to strike or defer consideration. And Walmart expressly requested delay "including the deadline for Walmart's responses." (Dkt. 137 at 1, ¶2.)

Instead of filing merits oppositions, Walmart filed Dkt. 137 – styled as a Rule 56(d) motion to "strike" or "defer" consideration of Plaintiff's summary-judgment motions – and asked the Court to delay consideration of Plaintiff's Summary Judgement motions.

Plaintiff files this Notice to preserve the distinction for the record and to make sure it should not be used to justify an after-the-fact merits opposition window following prolonged delay:

- Dkt. 137 is a procedural request to strike/defer;
- it is not a merits opposition engaging the Rule 56 record; and
- it should not be treated as an implied enlargement of time for Walmart to later file merits oppositions after the Local Rule response period has run.

### 4. Dkt. 146 was filed and served; Walmart filed no docketed response.

Defendant filed Dkt. 137. Plaintiff filed his response at Dkt. 141. Defendant then filed its reply at Dkt. 143. Plaintiff's Dkt. 146 is a Motion to Strike Dkt. 143.

Plaintiff includes this short sequence to preserve clarity about what Dkt. 146 is (and is not): it is directed to whether Walmart's reply filing (Dkt. 143) should remain in the record for adjudication of Dkt. 137. On December 17, 2025, Plaintiff filed Dkt. 146 (Motion to Strike Dkt. 143). The CM/ECF Notice of Electronic Filing reflects service on Defendant's counsel of record. As of the date of this Notice, Defendant has filed no docketed response opposing Dkt. 146. Plaintiff files this paragraph solely to lock the docket fact that Walmart filed no response to Dkt. 146 as of the date of filing of this Notice.

### 5. Rule 1 supports prompt resolution without further motion cycles and clarifies the papers for deciding Dkt. 137.

Federal Rule of Civil Procedure 1 requires that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination" of this action.

Here, Dkt. 146 seeks to strike Walmart's reply at Dkt. 143, and Dkt. 142 seeks to strike the affidavit material offered in support of Dkt. 137. Both motions go to the core record the Court would consider in adjudicating Dkt. 137. Walmart has filed no docketed response to Dkt. 142 or Dkt. 146. Prompt resolution of these unopposed strike motions will reduce unnecessary motion practice, clarify the set of papers properly considered on Dkt. 137, and prevent further delay mechanics from orbiting Plaintiff's on-time summary-judgment motions without any docketed merits opposition.

Local Rule CV-7 confirms why this posture warrants prompt paper resolution. CV-7(e) provides a fixed response period—fourteen (14) days for most motions and twenty-one (21) days for summary-judgment motions—after which "the court will consider the submitted motion for decision." Once the response period runs, the motion is procedurally ripe for ruling on the papers. CV-7(d) further provides that failure to oppose a motion "creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Walmart's non-response to Dkt. 142 and Dkt. 146 therefore reinforces that these record-gatekeeping motions—directed to the core materials supporting Dkt. 137—are ready for resolution on the existing papers.

Plaintiff acknowledges Dkt. 99's "excused from responding unless ordered" language. But Plaintiff files this Notice to preserve that: (i) Dkts. 127 and 129 have been pending far beyond the Local Rule response period with no docketed merits oppositions; (ii) Walmart instead litigated procedurally to strike/defer and filed a reply; and (iii) the docket posture should not later be rewritten through post hoc reopening of merits-opposition time after more than 60 days of strategic non-participation.

## REQUEST

### 6. Request for decision on the existing papers; objection to any post hoc enlargement granting Walmart a late merits opposition after 60+ days.

For the limited purposes of docket clarity, Rule 1 administration, and preservation of a clean record for review, Plaintiff respectfully requests that the Court decide Dkts. 127 and 129 on the existing papers. Plaintiff further **_objects_** to any post hoc enlargement of time that would grant Walmart a late merits opposition to Dkts. 127 and 129 after more than sixty (60) days, where Walmart has actively litigated to strike/defer merits consideration while electing not to file any docketed merits opposition.

Dated: 01-06-2026

Respectfully Submitted,

/s/ Dilip Kumar Jana
DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

## CERTIFICATE OF SERVICE

On January 6, 2026, a true and correct copy of the foregoing was served upon the following through the Court's CM/ECF system:

| | | |
|---|---|---|
| Peter S. Wahby | Morgan E. Jones | Holmes H. Hampton |
| Texas Bar No. 24011171 | Texas Bar No. 24132301 | Texas Bar No. 24144019 |
| Peter.wahby@gtlaw.com | Morgan.jones@gtlaw.com | holmes.hampton@gtlaw.com |

GREENBERG TRAURIG LLP
2200 Ross Ave, Suite 5200 Dallas, Texas 75201
Telephone: 214.665.3600
Facsimile: 214.665.3601
ATTORNEYS FOR DEFENDANT WALMART INC.

Respectfully Submitted,

_____
DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002