# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| DILIP JANA<br>*Plaintiff*<br>v.<br> **WALMART, INC.,**<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>Civil Action No. 4:24-cv-00698-SDJ-BD |

---

**[PROPOSED ORDER] Plaintiff's Supplement to Dkt. 138 — Supplemental Memorandum in Further Support of Plaintiff's Motion for Reconsideration of Recusal Denial Order Dkt. 131**

---

Before the Court is "**Plaintiff's Supplement to Dkt. 138 — Supplemental Memorandum in Further Support of Plaintiff's Motion for Reconsideration of Recusal Denial Order Dkt. 131**"

. Having considered the filing, the docket, and the issues presented, the Court **ORDERS** as follows:

1. Plaintiff's filing is **ACCEPTED** as a supplement to Dkt. 138.

2. The Court shall ADDRESS IN WRITING the questions raised in Section III of Plaintiff's supplement.

3. The Court's written ruling shall answer each question in Section III separately and expressly, using "Yes" or "No" as applicable.

4. Where a question in Section III requests identification of the legal basis, reconciliation of record statements, or explanation of the Court's reasoning, the Court's written ruling shall provide that explanation in writing.

5. For clarity, the Court's written ruling shall address the following questions:

    a. Does Local Rule CV-7(f) permit the Court to rule without waiting for a reply or sur-reply, yes or no?

b.  If the answer to Question 1 is yes, does Local Rule CV-7(f) also permit a movant to raise a new merits argument for the first time in reply, yes or no?

c.  If the answer to Question 2 is no, then where a new merits argument is first raised in *reply*, can the Court still grant relief on that new reply-stage argument without giving the opposing party a meaningful opportunity to respond, yes or no? If yes, identify the legal basis in writing.

d.  Was Walmart's June 9, 2025 production first raised in reply in Dkt. 65 and Dkt. 65-3 as a basis supporting entry of the protective order, yes or no?

e.  Did Dkt. 66 then rely on that same reply-stage posture when it stated that Plaintiff's objection was "not well taken" because Walmart had "served its initial disclosures, see Dkt. 65-2 at 2" and because Walmart's privilege log "is in the process of doing so," yes or no?

f.  If the answers to Questions 4 and 5 are yes, did entering Dkt. 66 on that basis violate Plaintiff's Fifth Amendment right to a meaningful opportunity to respond, yes or no? If no, explain in writing how that sequence complied with Local Rule CV-7(f) and due process.

g.  Did Dkt. 131 state that Dkt. 91 "constituted proper engagement with the record under Rule 72(a)," yes or no? If yes, where in Dkt. 91 did the Court actually analyze the objection preserved in Dkt. 77 that Walmart first used reply to characterize its June 9, 2025 "unsolicited, uncertified document dump" as "initial disclosures," and that Dkt. 66 relied on that new reply-stage argument without affording Plaintiff a meaningful opportunity to respond?

h.  Given that Plaintiff objected in Dkt. 62 (May 5, 2025) to any future supplemental initial disclosure after Walmart's April 7, 2025 initial disclosure produced zero documents, and reiterated that same point in Dkt. 64 *before* Dkt. 66 was entered, what exactly was Dkt. 66 protecting when June 9 production was first raised in reply through Dkt. 65 and Dkt. 65-3?

i.  Plaintiff's written objection in Dkt. 62 and 70 shows (Dkt 70-1) Walmart's Initial disclosure contained zero documents, zero ESI, and no category/location disclosure under Rule 26(a)(1)(A)(ii). Can Walmart lawfully supplement a zero-document initial disclosure under Rule 26(e), yes or no? If yes, identify the legal basis in writing

j.  If Walmart could not lawfully supplement zero baseline Initial Disclosure, did the June 9 and July 18 productions, which Walmart claimed their Supplemental Initial Disclosure, belong to any valid discovery category at all, yes or no? If yes, identify the category in writing.

k.  Did Dkt. 66 rely on Walmart's representation in Dkt. 65 that it was "preparing a privilege log and will serve it on Plaintiff as soon as it is complete," yes or no? If yes, how is that reliance reconciled with Walmart's later statement in Dkt. 76 that it "has not yet withheld any responsive documents on the basis of privilege"?

l.  If Dkt. 131's discussion of the July 18, 2025 production is limited to later "written confirmation," what written ruling has ever addressed the antecedent question whether the July 18 production belonged to any valid discovery category at all?

m.  In light of the zero-baseline objection, the reply-stage June 9 issue, the summary Rule 72(a) problem in Dkt. 91, the privilege-log flip-flop (Dkt 66 v 76), and the later written-confirmation workaround, does the Court still conclude that Dkt. 131 fully

addressed the threshold record-governance objections presented in Dkt. 122, Dkt. 138, and this supplement to Dkt. 138? If yes, explain in writing.

n. In light of the judicial oath under 28 U.S.C. § 453 to administer justice impartially and according to law, and in light of Plaintiff's written objections in Dkts. 62, 64, 70, and 77, does the Court conclude that granting Dkt. 66 while Walmart had produced no valid Rule 26(a)(1)(A)(ii) document disclosure, no valid Rule 26(e) supplementation, and no valid discovery category to protect was consistent with that oath, yes or no? If yes, explain in writing.

o. In light of all the foregoing, will the Court reconsider Dkt. 131 and determine whether a reasonable observer, knowing all the circumstances, would question the Court's impartiality under 28 U.S.C. § 455(a)?

6. If the Court is not inclined to correct the errors identified by Plaintiff, confront the threshold issues on the merits, and restore confidence that the Federal Rules are being applied neutrally, then the Court shall consider whether recusal under 28 U.S.C. § 455(a) is required so that these issues may be adjudicated by a judicial officer whose impartiality cannot reasonably be questioned.

**SO ORDERED.**

**SIGNED** this ___ day of _____, 2026.

**HON. SEAN D. JORDAN**

UNITED STATES DISTRICT JUDGE