# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **DILIP JANA**<br>*Plaintiff*<br>v.<br>**WALMART, INC.,**<br>*Defendant.* | §<br>§<br>§<br>§<br>§ | **Civil Action No. 4:24-cv-00698-SDJ-BD**<br><br>**USCA Fifth Circuit Case No. 26-40392** |

**PLAINTIFF-APPELLANT'S NOTICE OF MATERIAL OMISSIONS FROM THE RECORD ON APPEAL AND REQUEST TO VERIFY, CERTIFY, AND TRANSMIT (1) THE COURT'S CM/ECF ENTRY TIMES FOR DKT. 75, DKT. 79, DKT. 177, DKT. 178, AND DKT. 179, AND (2) THE STRICKEN FILINGS DKT. 75, DKT. 166, AND DKT. 172**

Plaintiff-Appellant Dr. Dilip Jana, proceeding pro se, respectfully gives notice, pursuant to Fifth Circuit Rule 30.1 and Federal Rule of Appellate Procedure 10(e), of material omissions identified during his review of the Record on Appeal ("ROA") in Fifth Circuit No. 26-40392. Appellant has already notified the Clerk of the Fifth Circuit of these omissions, as Rule 30.1 requires, and files this notice with this Court to complete that obligation and to request the corresponding correction of the record. Appellant does not seek to add post-judgment evidence, alter any order or judgment, or reopen the merits. He requests only that the appellate record accurately preserve

(1) the official CM/ECF transaction-entry times this Court maintains for five entries already reflected on the docket—Dkt. 75, Dkt. 79, Dkt. 177, Dkt. 178, and Dkt. 179; and

(2) three filings Appellant submitted and this Court struck—Dkt. 75, Dkt. 166, and Dkt. 172—which were not transmitted to the Fifth Circuit and are absent from the ROA.

## I. THE ROA PRESERVES THE DATE, BUT NOT THE OFFICIAL ENTRY TIMES

The ROA contains the district-court docket sheet, which reflects the dates of the relevant entries but not their respective CM/ECF transaction-entry times. As to the three June 22, 2026 entries, the ROA contains Dkt. 177, Dkt. 178, and Dkt. 179; the docket sheet reflects that all three were entered on June 22, 2026, but does not disclose their transaction-entry times. See ROA.16–17.

The Court-generated CM/ECF Notices of Electronic Filing identify the following transaction times on June 22, 2026:

Dkt. 177 — 5:31 PM CDT (Ex. 1);

Dkt. 178 — 5:39 PM CDT (Ex. 2); and

Dkt. 179 — 5:41 PM CDT (Ex. 3).

Copies of the contemporaneous CM/ECF Notices of Electronic Filing are attached as Exhibits 1 through 5 solely to identify the transactions whose official entry metadata Appellant asks the Clerk to verify from the Court's own CM/ECF system. For avoidance of doubt, Appellant relies on the CM/ECF transaction-entry time stated within each Notice of Electronic Filing, not the later time at which an email client may have displayed or received the notification.

The same omission applies to two related entries. The docket sheet reflects the dates but not the CM/ECF transaction-entry times for Dkt. 75, Appellant's motion to compel, for in-camera review, and for sanctions, and for Dkt. 79, the order striking that motion as premature. The Court-generated CM/ECF Notices of Electronic Filing reflect the following transaction times:

Dkt. 75 — July 10, 2025 at 2:45 PM CDT (Ex. 4); and

Dkt. 79 — July 11, 2025 at 4:59 PM CDT (Ex. 5).

## II. THE OMITTED TIMES ARE MATERIAL TO ISSUES PRESENTED ON APPEAL

The omission is material because the sequence and temporal proximity of these three judicial acts bear directly on issues Appellant intends to present in the pending appeal concerning the disposition of his recusal/reconsideration proceedings, the ensuing merits disposition, entry of final judgment, and his request for reassignment in the event of remand.

Dkt. 177 disposed of Appellant's pending challenge to the prior recusal ruling. The Court's CM/ECF system reflects that Dkt. 177 was entered at 5:31 PM CDT. Eight minutes later, at 5:39 PM CDT, Dkt. 178 was entered, rejecting the Magistrate Judge's Report and Recommendation and dismissing Appellant's action with prejudice. Two minutes thereafter, at 5:41 PM CDT, Dkt. 179 was entered as the Final Judgment closing the action.

These three rulings were therefore entered in a 5:31 PM → 5:39 PM → 5:41 PM sequence within ten minutes, after 5:30 PM CDT and after the close of the clerk's ordinary business hours. The recusal motion resolved at Dkt. 177 (Dkt. 138) had been pending since November 24, 2025—approximately seven months—and was denied minutes before the action was dismissed and final judgment was entered. The date-only docket information presently reproduced in the ROA does not disclose this sequence or its temporal proximity.

Appellant does not ask this Court, through this notice, to determine what inference should ultimately be drawn from that chronology. He asks only that the official appellate record accurately preserve the chronology so that the Fifth Circuit may consider its relevance together with the remainder of the

record. The difference between a date-only entry and the actual sequence is substantive, not administrative detail for its own sake.

## III. THE STRICKEN FILINGS DKT. 75, DKT. 166, AND DKT. 172 WERE NOT TRANSMITTED TO THE FIFTH CIRCUIT AND ARE ABSENT FROM THE ROA

By its order at Dkt. 177, this Court struck two of Appellant's filings: Dkt. 166, Appellant's Supplement to Dkt. 138—Supplemental Memorandum in Further Support of Plaintiff's Motion for Reconsideration of Recusal Denial Order Dkt. 131; and Dkt. 172, Appellant's Supplement to Pending Dkts. 138 and 166 Regarding Later Developments Affecting Plaintiff's Motion for Reconsideration of Judge Jordan's Recusal Denial Order Dkt. 131. See Dkt. 177 at 2–3, PageID 4181–82. Dkt. 166 and Dkt. 172 were not transmitted to the Fifth Circuit and are absent from the ROA.

Separately, Appellant's motion to compel Walmart's responses to Interrogatories Nos. 1–4, for in-camera review of Exhibits 1 and 2 of the Complaint (Dkt. 13), and for sanctions (Dkt. 75) was struck as premature by order at Dkt. 79 (Davis, M.J., July 11, 2025). While the order striking the motion (Dkt. 79) appears in the ROA, Dkt. 75 itself—the motion that was struck—was not transmitted to the Fifth Circuit and is absent from the ROA. Like the recusal-supplement filings, Dkt. 75 is a filing Appellant submitted to this Court and that this Court acted upon by striking, and it is part of what occurred below.

Both recusal-supplement filings are directed to Appellant's recusal-reconsideration proceeding (Dkt. 138, addressed to the recusal denial at Dkt. 131). In them, Appellant raised the recusal and reassignment grounds—and later developments bearing on those grounds—that this Court had not addressed on their merits. This Court struck Dkt. 166 and Dkt. 172 as unauthorized supplemental

briefing rather than reaching the substance of what Appellant raised in them. These filings are therefore the record of the recusal and reassignment grounds the district court declined to reach—the very matter Appellant will present on appeal.

Their omission is material. Because Dkt. 75, Dkt. 166, and Dkt. 172 are absent from the ROA, the appellate record does not disclose the content of filings Appellant submitted and this Court struck. These are not post-judgment or newly created materials; they are filings Appellant submitted to this Court and that this Court acted upon by striking them. They are part of what occurred below and belong in the ROA so that the Fifth Circuit may review this Court's disposition of them on a complete record.

## IV. THE REQUEST CONFORMS THE RECORD TO WHAT ACTUALLY OCCURRED

Neither category of omitted information is post-judgment evidence, evidence generated for purposes of appeal, or merits material never before the district court. The transaction-entry times existed contemporaneously in this Court's CM/ECF system when Dkts. 177, 178, and 179 were entered; they are the Court's own metadata documenting when it entered judicial acts already in the ROA. Dkt. 75, Dkt. 166, and Dkt. 172 are filings that were actually before this Court and that this Court adjudicated by striking. Correcting both categories of omission serves the ordinary purpose of conforming the appellate record to what occurred in the district court.

## V. REQUESTED ACTION

Appellant respectfully requests that the Court and its Clerk:

1. verify from the Court's official CM/ECF records the transaction-entry times for Dkt. 75, Dkt. 79, Dkt. 177, Dkt. 178, and Dkt. 179;

2. certify the official entry times reflected in that system—for Dkt. 75, July 10, 2025 at 2:45 PM CDT; for Dkt. 79, July 11, 2025 at 4:59 PM CDT; and for Dkt. 177, Dkt. 178, and Dkt. 179, 5:31 PM CDT, 5:39 PM CDT, and 5:41 PM CDT, respectively, if confirmed;

3. certify and transmit to the United States Court of Appeals for the Fifth Circuit a supplemental record reflecting those official entry times for Dkt. 75, Dkt. 79, Dkt. 177, Dkt. 178, and Dkt. 179, whether through the original CM/ECF Notices of Electronic Filing, a certified CM/ECF transaction report, a Clerk's certification, or another official record sufficient to preserve the same information in the ROA;

4. certify and transmit to the Fifth Circuit a supplemental record that includes Dkt. 75, Dkt. 166, and Dkt. 172, so that those filings are part of the ROA; and

5. notify Appellant and the Fifth Circuit when the supplemental record has been transmitted.

Appellant does not request any modification of the substance of Dkts. 177, 178, or 179, does not ask the Court to reconsider the judgment or the striking of Dkt. 75, Dkt. 166, or Dkt. 172, and does not ask the Court to decide the appellate significance of the chronology or of the stricken filings. If supplementation requires judicial rather than administrative action, Appellant respectfully requests that this filing be presented to the Court for that limited purpose, or that Appellant be advised of any additional procedural step required so that the omissions may be corrected without delay.

Dated: 08-26-2026

Respectfully Submitted,

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002

**CERTIFICATE OF SERVICE**

I certify that on the date this notice is filed, I served it on counsel for Walmart via the Court's CM/ECF system.

Respectfully Submitted,

DILIP JANA, Plaintiff
*Pro Se*
Telephone : 318-243-9743
Email: janadilip@gmail.com
800 Fairlawn St, Allen, TX, 75002