# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **DILIP JANA** | § | **Civil Action No. 4:24-cv-00698-SDJ-BD** |
| *Plaintiff* | § | |
| v. | § | **USCA Fifth Circuit Case No. 26-40392** |
| **WALMART, INC.,** | § | |
| *Defendant.* | § | |

## [PROPOSED] ORDER ON PLAINTIFF'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 62.1

Before the Court is Plaintiff's Motion under Federal Rule of Civil Procedure 62.1. Having considered the motion and the record, the Court ORDERS as follows:

**1. Limited grant and indicative ruling.** The motion is GRANTED IN PART to the extent stated in this Order. The Court will enter separate, motion-specific written dispositions addressing the collateral issues presented in Dkts. 147, 151, 170, and 173. To the extent any requested relief would require modification of Dkt. 179 while Appeal No. 26-40392 remains pending, the Court STATES under Rule 62.1(a)(3) that the motion raises a substantial issue. Plaintiff shall promptly notify the Fifth Circuit clerk under Federal Rule of Appellate Procedure 12.1.

**2. April 7, 2025 initial disclosure.** Within fourteen days of this Order, Walmart shall file a declaration under 28 U.S.C. § 1746 from a person with personal knowledge identifying every document copy transmitted with Walmart's April 7, 2025 initial disclosure and the contemporaneous transmittal record. If no document copies accompanied that initial disclosure, the declaration shall state that fact.

**3.** Within the same fourteen-day period, Walmart shall identify the "verified supplemental responses" referenced in Dkt. 118-2, including the signer, execution date, service date, and transmittal record, or state under oath that no such responses were served.

**4. Chambers-only comparison and declaration.** Within the same fourteen-day period, Walmart shall submit directly to chambers, in the manner directed by chambers, the original October 4, 2023 Wendy Bowman email as stored in her system-of-record mailbox, including its original attachments, together with the available complete native headers, chain-of-custody records, and collection, export, and processing records. Walmart shall also submit a declaration under 28 U.S.C. § 1746 from a qualified custodian or IT declarant with personal knowledge who shall: (a) identify the source materials examined; (b) state whether Walmart stands behind the native-email file included in its admitted July 18, 2025 supplement to its initial disclosure as an unchanged copy of the original mailbox email; and (c) reconcile, by reference to the source records, the identified timestamp, header, hash, .msg/Recommendation.docx, revision-count, and Tesseract differences among the OSHA, OALJ, and federal-court versions. Unless otherwise ordered, the source materials submitted for in-camera review shall not be filed on the public docket.

**5. Scope of verification.** Unsworn descriptions by counsel do not satisfy the personal-knowledge declaration requirements in Paragraphs 2 through 4. This Order does not reopen general merits discovery. Until the verification is completed and the Court enters express findings, neither party may represent as established either that the versions are accurate copies of one unchanged email or that the visible differences prove alteration.

**6. Motion-specific dispositions.** After the required submissions, the Court will enter a separate written disposition for each affected motion. Any denial or deferral shall identify the docket and request affected and state whether the ground is procedural, jurisdictional, or merits-based. Any

merits disposition shall specify the questions decided concerning: (a) the contents of Walmart's April 7, 2025 initial disclosure and the July 18, 2025 supplement's compliance with Rules 26(e) and 26(g); (b) Rule 37(c)(1); (c) eligibility for treatment as Protected Material under Dkts. 66 and 67; (d) whether verified supplemental responses were served; (e) the source and authenticity of the October 4, 2023 Bowman email, including the scope of the Dkt. 72 and Dkt. 109 rulings; and (f) the preserved Rule 60 issues.

**7. No implied findings.** A denial or deferral resolves only the relief expressly identified in the order. Unless the Court makes an express finding, no disposition shall be construed as establishing an underlying fact, authenticating any Bowman-email version, determining Rule 26 or Rule 37 compliance, or adjudicating a preserved Rule 60 issue. The Court makes no present finding whether any version was altered or whether the verified facts establish misconduct or fraud on the court.

IT IS SO ORDERED.

______________________________________

**SEAN D. JORDAN**

**UNITED STATES DISTRICT JUDGE**